UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THE EVOLUTIONARY LEVEL ABOVE HUMAN, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>STEVEN ROBERT HAVEL, et al.,<br><br>    Defendants. | CASE NO. 3:22-CV-395-JD-MGG |

**ORDER**

On June 14, 2022, Defendants Steven Robert Havel and Cathy JoAnn Weaver, proceeding *pro se*, both filed identical motions seeking: (1) a 31-day extension of time to answer the complaint served on June 2, 2022; (2) a court-appointed attorney to represent them in this action; and (3) the ability to serve plaintiff via certified registered mail.[1] [DE 14, DE 15]. For the reasons explained below, the Defendants' motions are granted in part and denied in part.

**A.   Requests in Defendants' Motions [DE 14, DE 15]**

    **1.   Extension of Time to Respond to Plaintiff's Complaint**

First, the Defendants request a 31-day extension of time to answer the complaint, which they state was served on June 2, 2022. An adverse party shall have fourteen days after service of a motion in which to serve and file a response. N.D. Ind. L.R. 7-

---

[1] As Defendants' motions make three requests for relief from the Court, a single motion is improper under N.D. Ind. L.R. 7-1(a). However, the Court will address all of Defendants' requests in this order for efficiency's sake. The parties are ADVISED to comply fully with the Federal Rules of Civil Procedure and the Local Rules for the Northern District of Indiana going forward in this litigation.

1(d)(2)(A). Failure to file a response within the time prescribed may subject the motion to summary ruling. N.D. Ind. L.R. 7-1(d)(4). On June 29, 2022, Plaintiff belatedly filed a response to Defendants' motions indicating that it does not oppose Defendants' request for additional time to respond to the complaint. Therefore, with good cause shown by the Defendants and no objection, Defendants' motion for an extension of time is **GRANTED.** The deadline for the Defendants Havel and Weaver to respond to Plaintiff's complaint is **EXTENDED** from June 23, 2022, to **July 25, 2022**, as requested.

### 2. Court-Appointed Attorney

Second, Defendants Havel and Weaver requested a court-appointed attorney to represent them in this action. Defendants explain that they cannot afford an attorney and "don't want to make filing mistakes and waste the court[']s time by learning to represent" themselves. [DE 14 at ¶2; DE 15 at ¶2]. However, "there is no constitutional or statutory right to court-appointed counsel in federal civil litigation . . ." *Pruitt v. Mote,* 503 F.3d 647, 649 (7th Cir. 2007) (en banc). In some circumstances, the Court may ask an attorney to volunteer to represent indigent parties. The Court considers two factors when considering such a request:

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent [party] made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the [party] appear competent to litigate it himself?

*Pruitt,* 503 F.3d at 654.

Here, Defendants have provided no indication that they have made a reasonable attempt at obtaining counsel on their own. "If . . . the indigent has made no reasonable

2

attempts to secure counsel . . ., the court should deny any [such requests] outright."

*Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992); *see also Pruitt*, 503 F.3d at 654; *Romanelli v. Suliene*, 615 F.3d 847 (7th Cir. 2010); *Bracey v. Grondin*, 712 F.3d 1012, 1016 (7th Cir. 2013). Accordingly, the motion will be denied with leave to refile after Defendants have sent a copy of the complaint to ten attorneys along with a letter requesting that these attorneys represent them. There may be attorneys willing to take this case to fulfill *pro bono* requirements with a law firm or bar association, to gain federal court experience, or simply because they have an interest in the legal issues raised. Defendants will not know until they make some effort to obtain counsel on their own. After waiting a reasonable length of time for responses, if Defendants then ask the court to attempt to recruit a lawyer to represent them for free, they must attach whatever responses they received from these attorneys. Ten copies of the Plaintiff's complaint will be included with this order so that the Defendants may include it in their correspondence with attorneys.

Moreover, as to the second factor, at this early stage, the court cannot adequately evaluate the difficulty of the case or Defendants' ability to litigate on their own behalf. *See Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010)(stating that "the case [is] still in its infancy, thereby making it impossible . . . to make any accurate determination regarding [the party's] abilities" or the difficulty of the case.).

For these reasons, the Court **DENIES** Defendants' motions as to their request for a Court Appointed Attorney. [DE 14, DE 15].

    **3.    Service via Registered Mail**

Defendants' final request in the instant motions is a request to serve Plaintiff via certified registered mail, stating that, due to financial hardship, Defendants are unable to hire a process server. Federal Rule of Civil Procedure 5(a) states which filings must be served on other parties. Moreover, Federal Rule of Civil Procedure 5(b) provides how these filings must be served and does not require use of a process server.

Accordingly, Defendants' motion is **DENIED AS MOOT** as to this request.

**B.    Matters Related to Defendants' Address**

In their filings, Defendants Havel and Weaver also indicate concern that their residential address was included in the complaint and that, because their address is publicly available, they are in the process of moving to a new residence. Defendants are **ADVISED** that they must keep the court apprised of their current contact information. *See* Fed. R. Civ. P. 11; *see also Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004) "[L]itigants . . . bear the burden of filing notice of a change of address . . .."

Defendants are further **ADVISED** that, while proceeding in this action without representation, their contact information will be made public on the Court's docket. Should good cause exist to maintain their contact information under seal, Defendants should file a motion to seal contemporaneous with their submission of their updated contact information. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999). Defendants may also use a post office box to receive filings related to this action if they prefer.

4

Moreover, Defendants are also **ADVISED** that, for no charge, they can acquire electronic read-only access of the docket in this case by registering for a PACER account online at: https://pacer.uscourts.gov/register-account/pacer-case-search-only. Finally, copies of filings are available from the Clerk's Office.

**C.     Conclusion**

For these reasons, the Court:

(1) **GRANTS** Defendants' Motions as to their request for an extension of time to respond to the complaint, extending the deadline to respond to **July 25, 2022** [DE 14, DE 15];

(2) **DENIES** the Defendants' Motions as to their request for court-appointed counsel [DE 14, DE 15]; and

(3) **DENIES AS MOOT** the Defendants' Motions as to their request to serve filings on Plaintiff via certified registered mail. [DE 14, DE 15].

As a final matter, as of the date of this order, despite Defendants' indication that they were served on June 2, 2022, the record does not reflect service upon the Defendants and no address is listed on the docket. Accordingly, the Clerk is **DIRECTED** to mail a copy of this order and ten copies of the complaint [DE 1] to Defendants' last known address.

**SO ORDERED** this 29th day of June 2022.

                                                s/ Michael G. Gotsch, Sr.
                                                Michael G. Gotsch, Sr.
                                                United States Magistrate Judge