UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| The Evolutionary Level Above Human, Inc. d/b/a The Telah Foundation, an Arizona nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>Steven Robert Havel;<br>Cathy JoAnn Weaver;<br>Jason Bartel,<br><br>Defendants. | Civil Action No. 3:22-cv-00395 |

**BRIEF IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO SERVE JASON BARTEL AND FOR APPROVAL OF ALTERNATIVE SERVICE**

Plaintiff, The Evolutionary Level Above Human, Inc. d/b/a The Telah Foundation (the "Foundation") hereby submits this Brief in support of its Motion for Extension of Time to Serve Jason Bartel and for Approval of Alternative Service (the "Motion").

## I. INTRODUCTION

Since filing this matter, Plaintiff, The Evolutionary Level Above Human, Inc. d/b/a The Telah Foundation (the "Foundation" or "Plaintiff") has repeatedly attempted to personally serve Defendant Jason Bartel ("Bartel"). Mr. Bartel, however, has actively evaded service and had his employer thwart the process server's attempts to effect service. As a result, undersigned respectfully requests that this Court authorize service at his place of employment via certified mail, return receipt requested. Service via this method is reasonably calculated to ensure Mr. Bartel has actual notice of the Complaint and has an opportunity to defend himself in this action.

## II.  BACKGROUND

Since filing the Complaint in this action, Plaintiff has diligently and repeatedly sought to serve Mr. Bartel with the Complaint as detailed below and in the signed and notarized affidavits attached hereto as Exhibit A:

- This case was filed May 18, 2022.

- On June 1, 2022 Plaintiff hired process server Nationwide Legal to serve Mr. Bartel at his work in Madison Wisconsin, since no home address was known.

- On June 2, 2022 at roughly 3:17 PM the process server went to Mr. Bartel's employer's address (2458 Pennsylvania Avenue, Madison, WI 53704--Union cab company).  The process server was told by the General Manager that Mr. Bartel would bwe done with his shift at 5:00 PM.  (Exhibit A at ECF 2.)

- The process server returned at 4:50 PM and waited for Mr. Bartel, who was not seen and the process server left a card with the manager.  (Exhibit A at ECF 2.)

- While waiting to hear back from Mr. Bartel, on or about June 3, 2022, Plaintiff asked Nationwide Legal to perform a skip trace to see if they could identify alternative address for Mr. Bartell.

- After not hearing back from Mr. Bartel for a week, the process server was instructed to attempt service again on Mr. Bartel at his place of employment on June 9, 2022. (Exhibit A at ECF 2.)

- On June 9, 2022 at roughly 4:52 PM the process server again tried to serve Mr. Bartel at his employer's address.  The server spoke with a "male dispatcher 40-50 year old brown hair in a pony tail he stated that he was given instructions by subject to ask server to stay away from location and to not return to the place of employment again."  (Exhibit A at ECF 2.)

- After being unable to serve Mr. Bartel at work and performing a skip trace to identify his address, on June 15, 2022, the process server attempted to serve Mr. Bartel at N4019 Forest Dr., Hancock, WI 54943.  (Exhibit A at ECF 3.)

{06651231 / 1}

2

- The process server was told that the address was Mr. Bartel's father's house and that his family has no contact with him and could not provide a location for him. (Exhibit A at ECF 3.)
- On June 22, 2022 the process server was instructed to attempt service at the next location on the skip trace (5600 Tecumseh Ave., Monona, WI 53716).
- The process server attempted service at the Tecumseh location on three consecutive days from July 11–13, 2022. (Exhibit A at ECF 4.)
- Despite repeatedly leaving their card, the Process server was unable to obtain any answer from anyone living at the Tecumseh location or any of the neighbors. (Exhibit A at ECF 4.)
- The process server was instructed also attempt service at the next location on the skip trace: 527 Dunning St., Madison WI, 53704. (Exhibit A at ECF 5.)
- The process server attempted service at the Dunning address on July 11, 2022 at 11:44 AM and was told by the person living at that address that Mr. Bartel did not live there anymore. (Exhibit A at ECF 5.)
- The process server was instructed to attempt service at the next location on the skip trace: 417 Elmside Blvd, Apt. 2, Madison WI 53704. (Exhibit A at ECF 6.)
- The process server attempted service at the Elmside location on July 13, 2022 at 11:12 AM and was informed that Mr. Bartel did not live there. (Exhibit A at ECF 6.)
- The process server was then instructed to attempt to serve Mr. Bartel again at his place of employment, the cab company in Madison, WI.
- The process server returned to the cab company at around 5:15 on July 12, 2022 to attempt service and was told that Mr. Bartel did not work that day. (Exhibit A at ECF 7.)

- The process server returned on July 13, 2022 at 5:15 PM and was told he had left for the day, and again informed that the best time to get Mr. Bartels was around 5, but no start time could be provided. (Exhibit A at ECF 7.)
- The process server returned the next day to attempt service, and again was unsuccessful, reporting: "Subject is evading. I was told by the dispatch operator to 'leave and go away'. Will be unable to serve subject at this location, staff is very uncooperative." (Exhibit A at ECF 7.)
- On or about July 19, 2022, Plaintiff requested that the process server prepare affidavits of non-service so that Plaintiff could request that the Court approve an alternative method of service on Mr. Bartel.
- Plaintiff received the final affidavit of non-service on August 9, 2022 and is filing this motion a week later.

### III.   ARGUMENT

As detailed above, Plaintiff has attempted without success to serve Mr. Bartel personally with the Complaint and Summons at both his home addresses and at his place of business. Plaintiff has exhausted all addresses for personal service and, in the words of the process server, Mr. Bartel is "evading service" and his place of employment is assisting in his evasion. While Plaintiff would have liked to effect personal service, Fed. R. Civ. P. 4(e)(1) also provides for service under Indiana state law. As a result, Plaintiff respectfully requests leave to serve Mr. Bartel under Indiana Trial Rule 4.1 and 4.14, which allows for service by mail and service under special order of court.

Specifically, Plaintiff seeks leave to serve Mr. Bartel in the method specified by Indiana Trial Rule 4.1(A)(1), i.e., by "sending a copy of the summons and complaint by registered or certified mail . . [to his] place of business or employment with return receipt requested." Indiana Trial Rule 4.1. That is, to send a copy of the Complaint and Summons—return receipt requested—to Mr. Bartel's known place of employment, the Madison cab company, Union Cab, located at 2458 Pennsylvania Avenue, Madison, WI 53704. Plaintiffs are seeking leave of the Court to serve

via this method because it is authorized under Indiana Trial Rule 4.1 and, thus, appropriate under Federal Rule of Civil Procdeure 4(e)(1). Furthermore, the Court has discretion to permit service via Court order under Indiana Trial Rule 4.14[1] and given that the process server has determined Mr. Bartel still works at Union Cab, it "is reasonably calculated to inform the person to be served that an action has been instituted against him," consistent with due process. *Lisnek v. L. Off. of Marco A. Molina*, No. 2:20-CV-20-PPS-JPK, 2020 WL 6938389, at *1 (N.D. Ind. Nov. 25, 2020).

Plaintiff also requests that the Court grant an extension of an additional 30 days to effect service by the means identified above. Good cause exists for the extension because Plaintiff has diligently attempted to serve Mr. Bartel as explained above and Mr. Bartel is evading service. "Good cause means a valid reason for delay, such as the defendant's evading service." *Coleman v. Milwaukee Bd. of Sch. Directors*, 290 F.3d 932, 934 (7th Cir. 2002); *Geiger v. Allen*, 850 F.2d 330, 333 (7th Cir.1988); *Petrucelli v. Bohringer & Ratzinger, GMBH*, 46 F.3d 1298, 1305–06 (3d Cir.1995); *Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir.1991).

## IV.  CONCLUSION

Plaintiff respectfully requests the Court authorize service by mail to Mr. Bartel's place of employment with return receipt requested and an additional 30 days to effect service.

RESPECTFULLY SUBMITTED this 16th day of August 2022.

                                        /s/ Isaac S. Crum
                                        MESSNER REEVES LLP

---

[1] Plaintiff is seeking prior leave of the Court for the reasons articulated in *Wisconsin Laborers Health Fund v. Superior Sewer & Water, Inc.*: "As an initial matter, plaintiffs should have sought permission from the court before they used an alternative method of service. . . It simply makes sense to seek court approval in advance, to avoid situations like this one in which the plaintiff has already attempted alternative service and moved for default, only to be told by the court that service was improper. That is a waste of both counsel's and the court's resources." No. 21-CV-193-JDP, 2021 WL 6333911, at *1 (W.D. Wis. Sept. 7, 2021).

          Isaac S. Crum (AZ Bar #026510)
          icrum@messner.com
          7250 N. 16th Street, Suite 410
          Phoenix, Arizona 85020
          Telephone: (602) 641-6705
          Facsimile: (303) 623-0552

## CERTIFICATE OF SERVICE

      I hereby certify that on the 16th day of August 2022, I electronically file the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the filing to counsel of record.  A copy of this filing was also sent via mail to the following:

>Cathy JoAnn Weaver
>5776 Grape Road, Ste 51
>PMB #121
>Mishawaka, IN 46545
>
>Steven Robert Havel
>5776 Grape Road, Ste 51
>PMB #121
>Mishawaka, IN 46545

      /s/  Isaac S. Crum
      Isaac S. Crum