UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THE EVOLUTIONARY LEVEL ABOVE HUMAN, INC., <br><br> Plaintiff, <br><br> v. <br><br> STEVEN ROBERT HAVEL, et al., <br><br> Defendants. | CASE NO. 3:22-CV-395-JD-MGG |

**ORDER**

On August 16, 2022, Plaintiff filed its Motion for Extension of Time to Serve Defendant Jason Bartel and for Approval of Alternative Service. [DE 30]. In this motion, Plaintiff explains that its diligent efforts to personally serve Defendant Bartel have been unsuccessful, further indicating that Bartel has been evading service. Accordingly, Plaintiff now requests an additional 30 days to serve Defendant Bartel and that it be authorized to use any extension to attempt service via registered or certified mail.

Under Fed. R. Civ. P. 4(m), defendants must be served within 90 days after the complaint is filed. Here, Plaintiff filed its complaint on May 18, 2022, but has not yet achieved service on Defendant Bartel. The deadline to serve Defendant Bartel was August 16, 2022. However, with good cause shown for untimely service, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). The good cause standard "primarily considers the diligence of the party seeking amendment" of a deadline. *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d

542, 553 (7th Cir. 2005). Good cause exists when a movant shows that "despite [her] diligence the time table could not have reasonably been met." *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995).

      Here, Plaintiff describes multiple attempts to serve Bartel at his place of employment and at various alternative addresses between June 2, 2022, and July 15, 2022, with Plaintiff's process server preparing an affidavit of nonservice August 9, 2022. [DE 31 at 2-4; DE 31-1]. Plaintiff further represents that it appears that Defendant Bartel is evading service and that Bartel's employer told Plaintiff's process server not to return after a fifth attempt to serve Bartel there. Plaintiff has demonstrated diligent attempts to locate and timely serve Bartel, and subsequently, good cause for a requested extension.

      Under Fed. R. Civ. P. 4(e)(1), an individual "may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . ." Based on this, Plaintiff requests authorization to serve Defendant Bartel under Indiana Trial Rule 4.1 and 4.14. Indiana Trial Rule 4.1(A)(1) provides that service "may be made upon an individual . . . by sending a copy of the summons and complaint by registered or certified mail . . . to [an individual's] residence, place of business or employment with return receipt requested and returned showing receipt of the letter . . ." Moreover, Indiana Trial Rule 4.14 provides that the court "may make an appropriate order for service in a manner not provided by these rules or statutes when such service is reasonably calculated to give the defendant actual knowledge of the proceedings and an opportunity to be heard."

Due to the discretionary language of these service rules, the ultimate inquiry before the Court is whether the method to be used is consistent with due process in that it is "reasonably calculated to inform the person to be served that an action has been instituted against him." *Lisnek v. L. Off. of Marco A. Molina*, No. 2:20-CV-20-PPS-JPK, 2020 WL 6938389 (N.D. Ind. Nov. 25, 2020) (internal citations omitted). Here, Plaintiff now seeks to send a copy of the complaint and summons via certified mail—return receipt requested—to Defendant Bartel's place of employment. Plaintiff contends that, given that its process server has determined that Defendant Bartel still works at this employer, such service is reasonably calculated to give Defendant Bartel actual knowledge of the proceedings and an opportunity to be heard.

Accordingly, with good cause shown for the requested extension and given that the alternative method of service is reasonably calculated to inform Defendant Bartel that this action has been instituted against him, Plaintiff's instant motion is **GRANTED**. [DE 30]. The deadline to serve Defendant Bartel is **EXTENDED** to **September 19, 2022,** and Plaintiff may serve Defendant Bartel by sending a copy of the summons and complaint via certified or registered mail, with return receipt requested and returned showing receipt.

**SO ORDERED** this 19th day of August 2022.

s/ Michael G. Gotsch, Sr.  
Michael G. Gotsch, Sr.  
United States Magistrate Judge