UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| The Evolutionary Level Above Human, Inc. d/b/a The Telah Foundation, an Arizona nonprofit corporation,<br><br>      Plaintiff,<br> v.<br><br>Steven Robert Havel,<br>Cathy JoAnn Weaver,<br>Jason Bartel,<br><br>      Defendants. | CAUSE NO. 3:22-CV-395-JD-MGG |

**RESPONSE TO DOC. 39 (MOTION TO APPOINT COUNSEL)**

The Evolutionary Level Above Human, Inc. d/b/a The Telah Foundation (the "Foundation" or "Plaintiff") hereby responds to the Motion to Appoint Counsel (Doc. 39) (the "Motion") that was filed by Stephen Havel ("Mr. Havel") on behalf of Mr. Havel, Cathy Weaver ("Ms. Weaver"), and Jason Bartel ("Mr. Bartel") (collectively, the "Defendants") and request that the Motion be denied.

**I. THE MOTION SHOULD BE DENIED.**

 **A. 28 U.S.C. 1912(e) Factors.**

As the Court previously observed in its Order dated June 29, 2022, (Doc. 17 at 2)

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

*Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

### 1.    The Motion Fails to Establish that Mr. Bartel Has Sought Counsel.

The Motion, citing Exhibits B-E (Doc. 39-1 at 10-27), alleges that the Defendants have sent correspondence seeking legal representation to 20 law firms, and that the two law firms who have responded have both declined.  [Doc. 39 at 1-2, ¶¶ 4-5]  Based on the Motion's representations, Plaintiff will not dispute that Mr. Havel and Ms. Weaver have made reasonable attempts to obtain counsel.

Plaintiff does, however, dispute that Mr. Bartel has made any efforts to seek representation, as evidenced by the fact that Mr. Bartel is not mentioned in the materials that are attached to the Motion.  For example:

1) Exhibit B to the Motion is a receipt from a Unites States Postal Service office in Indiana.  [Doc. 39-1 at 10]  But Mr. Bartel resides in Wisconsin.  [Doc. 35 at 4, ¶ 6 (admitting that "Defendant Jason Bartel is currently residing in Madison, WI.")]

2) Exhibit D to the Motion is a letter that states, "Cathy Weaver & Stephen Havel" on the letterhead, (Doc. 39-1 at 20) and is signed by "Cathy Weaver & Stephen Havel." [Doc. 39-1 at 24]

3) The two letters declining representation, which are attached as Exhibit E to the Motion, are addressed to "Cathy Weaver and Stephen Havel" or "Stephen R. Havel." [Doc. 39-1 at 25-26]

The Motion seeks to lump Mr. Bartel's inaction with the actions of Mr. Havel and Ms. Weaver, but because there has been no showing that Mr. Bartel attempted to secure counsel, much less demonstrated any "reasonable attempts," the Court should deny the Motion with respect to Mr. Bartel.  *See* Doc. 17 at 2-3 (explaining that a request to appoint counsel must be denied outright if the indigent has not made a showing of reasonable attempts to secure counsel) (quoting *Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992)).

**2.      The Motion Does Not Establish Lack of Competency, Only Lack of Interest In Self-Representation.**

The Court must next address "whether the [litigant] appears competent to *litigate* his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). There is no bright line rule for competency, but the Court typically considers "the [litigant]'s literacy, communication skills, educational level, and litigation experience." *Id.*

The Motion does not address whether any of the Defendants are competent, nor did the prior Motions of Mr. Havel and Ms. Weaver address competency, or lack thereof. *See* Doc. 14 and Doc. 15 at 1, ¶ 2 (asserting that Mr. Havel and Ms. Weaver "don't want to make filing mistakes and waste the Court's time by learning"); Doc. 39 at 1, ¶ 2 (alleging the Defendants lack "confidence that [the Defendants] won't miss a deadline").

The Defendants' purported concern that they will miss a deadline is not supported and is rebutted by the record in this matter. For example, Mr. Havel and Ms. Weaver have previously filed Motions that requested the Court to extend the time for each to file an Answer to the Complaint. *See* Doc. 14 at 1, ¶ 1; Doc. 15 at 1, ¶ 1. Furthermore, once the Scheduling Order is entered, the Defendants will have dates certain for the deadlines, which should eliminate any of the Defendants' potential concerns that the Defendants will miss a deadline.

The Motion seeks counsel because the Defendants "have obligations to work," and "don't have the time or energy" to research the Federal Rules of Civil Procedure. [Doc. 39 at 1 at ¶ 2] This statement does not reflect lack of competency, but rather lack of interest. Indeed, the Motion confirms that the Defendants could research the Federal Rules of Civil Procedure but simply lack an interest in doing so. The Court should deny the Defendants' request for the Court to appoint legal counsel to the Defendants because the Defendants do not want to do the work.

The Motion does not reflect a lack of skill, literacy, or misunderstanding of the law. To the contrary, the Motion reflects that Mr. Havel and Ms. Weaver have knowledge of the laws that they are violating. For example, Exhibit D states that at one point Mr. Havel and Ms. Weaver contemplated altering their activities so "that [they] would not infringe" the intellectual property of Plaintiff. [Doc. 39-1 at 23] This is not a situation in which one party is incompetent; this is a situation in which the Defendants know exactly what they are doing and how to represent themselves, as reflected by each submitting an Answer and some asserting Counterclaims.

## II.     **CONCLUSION.**

The Motion reflects the Defendants' continued belief that they may continue to infringe upon the intellectual property rights of Plaintiff with impunity. Indeed, the Motion seeks to have the Court appoint them an attorney who can run interference while they continue their knowing infringement. [*See* Doc. 39-1 at 23 (boasting about selling shirts with Plaintiff's protected mark and circulating copyrighted materials)] The Defendants, however, are not an exception to the rules and the Court should not indulge the Defendants' request for appointed counsel in an action in which the Defendants are capable of representing themselves but do not want to because Defendants would rather engage in other activities.

RESPECTFULLY SUBMITTED this 11th day of October 2022.

      */s/ Isaac S. Crum*
MESSNER REEVES LLP
Isaac S. Crum (AZ Bar #026510)
icrum@messner.com
Daniel L. Marks (AZ Bar #034141) (pro hac vice to be submitted)
dmarks@messner.com
7250 N. 16th Street, Suite 410
Phoenix, Arizona 85020
Telephone: (602) 641-6705
Facsimile: (303) 623-0552

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of October 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the filing to counsel of record. A copy of this filing was also sent via U.S. mail to the following:

Cathy JoAnn Weaver
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

Steven Robert Havel
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

Jason Bartel
N4019 Forest Drive
Hancock, WI 54943
jason_bartel@unioncab.com

                                                                                         */s/ Isaac S. Crum*
                                                                                         Isaac S. Crum