UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THE EVOLUTIONARY LEVEL ABOVE HUMAN, INC., <br><br> Plaintiff, <br><br> v. <br><br> STEVEN ROBERT HAVEL, et al., <br><br> Defendants | CASE NO. 3:22-CV-395-JD-MGG |

## STATUS REPORT FOR DEFENDANT JASON BARTEL

As Defendant Jason Bartel is filing a motion concurrent with Defendant's status report requesting an effect of service for Mark and Sarah King to be named as Plaintiffs and Counterdefendants in the case before this Court Defendant will continue to refer to Plaintiffs and Counterdefendants as Mark and Sarah King until or if the Court denies Defendant's motion for an effect of service for Mark and Sarah King to be named as Plaintiffs.

1. Defendant has recently discovered the contents of litigation cited in paragraph 10 of Plaintiff's complaint and Defendant strongly believes that discovery of the contents of said litigation directly affects the principal factual and legal issues of the case before this Court. Therefore Defendant believes that a length greater than three pages is unavoidable for Defendant's status report. Defendant will file a motion and hopes to be able to add two Court cases from 1999 involving Mark and Sarah King as Exhibits.

This case involves allegations of copyright infringement and conspiracy to commit copyright infringement with intellectual property that Plaintiffs allege the Foundation has all rights to per Paragraph 10 of Mark and Sarah King's complaint.

The litigation cited in paragraph 10 of Plaintiff's complaint states,

This agreement affects only the Parties' rights and interests in the intellectual and tangible property held by the Public Administrator.

The Parties' rights in the above are Mark and Sarah King acting on behalf of the Foundation.

Therefore the Foundation does not own all of the intellectual property rights previously belonging

to the Group as intellectual property that was created by the Group, including audio cassettes cited in paragraph 15 of Plaintiff's complaint, were copyrighted by Plaintiffs on behalf of the Foundation in 1997 and were never held by the Public Administrator and were not included in Mark and Sarah King's settlement with San Diego County in 1999.

In the litigation with San Diego County mentioned in paragraph 10 of Plaintiff's complaint Judge Lisa Guy-Schall ruled,

There Is no evidence, written or otherwise, transferring ownership of Intellectual property rights in the "The Audiotape Library of Heaven's Gate by TI and Do".

The Audiotape Library of Heaven's Gate by Ti and Do are the same audio cassettes cited in

paragraph 15 of Plaintiff's complaint.

Therefore Plaintiffs have committed perjury in paragraphs 8 and 10 of Mark and Sarah King's as Judge Guy-Schall ruled thusly on multiple items of intellectual property previously owned by the Group,

there is no evidence of any writing which explicitly conveyed or transferred ownership of all this intellectual property to the Petitioners.

The Petitioners in the above are Mark and Sarah King on behalf of the Telah Foundation. Plaintiffs therefore also committed perjury in paragraph 12 where Mark and Sarah King claimed,

the Foundation has been the owner of the Property from 1997 to the present.

After the acknowledged end of the Group on March 25, 1997, no legal rights to any of the Group's Property, physical and/or intellectual, were conveyed to Plaintiffs or the Foundation or to any natural and/or legal person or persons until the litigation cited in paragraph 10. The Foundation founded by Mark and Sarah King had no rights to any of the Group's Property prior to August 11, 1999. Therefore all copyrights filed by Plaintiffs in the name of the Foundation in 1997 are invalid and heretofore null and void.

Therefore all of Plaintiff's claims in Plaintiff's civil action are null and void as Mark and Sarah King knowingly used the Foundation to fraudulently copyright the "Audio Works" noted in

paragraph 15 as Plaintiffs could not have been unaware that Mark and Sarah King had no legal transfer of Property from the Group to Plaintiff's Foundation in 1997 as Plaintiffs were working with an attorney or attorneys to Incorporate the Foundation in September of 1997.

Mark and Sarah King have been aware at least since Judge Guy-Schall's August 11, 1999 ruling that neither Plaintiffs nor the Foundation were conveyed any intellectual property rights on the Group's intellectual property that Plaintiffs copyrighted in 1997 on behalf of the Foundation and yet Mark and Sarah King initiated this civil action against Defendant Jason Bartel, Defendant Steven Havel and Defendant Cathy Weaver.

Plaintiffs obscured this deception from the U.S. Copyright Office by stating that the intellectual property of the Group copyrighted by Plaintiff's Foundation was created for the Group as a 'work for hire'. Mark and Sarah King have provided no proof that the Foundation's fraudulently copyrighted intellectual property were created as works for hire as Mark and Sarah King have not stated who created the works for hire for the Group nor have Plaintiffs provided any written proof of an employer/employee or employer/independent contractor relationship in the creation of any works for hire registered by Plaintiff's Foundation with the U.S. Copyright Office in 1997.

These actions lead Defendant to seriously question the circumstances under which Plaintiff's Foundation has registered Trademarks as well as the circumstances surrounding Plaintiff's obtaining Religious tax-exempt status for the Nonprofit Foundation. Defendant hopes that in the future a U.S.Government Agency or Agencies as well as the Arizona Attorney General's Office will be interested in the activities of a tax-exempt Religious Nonprofit Corporation that has

filed fraudulent copyright registrations and taken actions like filing the civil action resulting in this case based on said fraudulent copyright registrations.

2. Defendant Jason Bartel is filing a motion concurrent with Defendant's status report requesting that the Court effect service for Mark and Sarah King to be named as Plaintiffs and Counterdefendants in the case before this Court.

3. In Discovery Defendant will request all copyright and trademark applications for The Evolutionary Level Above Human, Inc. d/b/a the Telah Foundation, all Corporate and noncorporate filings involving The Evolutionary Level Above Human, Inc. d/b/a the Telah foundation, all legal documents associated with the litigation with San Diego County cited in paragraphs 10 and 11 of Plaintiff's complaint, a list of the specific audio cassettes cited in paragraph 15 of Mark and Sarah King's complaint and any written documents that demonstrate that the Group ( aka Total Overcomers Anonymous, TOA and Heaven's Representatives on Plaintiff's copyright applications on behalf of the Foundation ) was an 'employer for hire' when the intellectual property copyrighted by Mark and Sarah King on behalf of the Foundation was created. Defendant will also request the list of all of the copyright strikes that Mark and Sarah King have executed in the name of the Foundation and all legal actions that Mark and Sarah King have taken in the name of the Foundation and any and all documentation relating to The Evolutionary Level Above Human, Inc. d/b/a/ the Telah Foundation including but not limited to any licensing agreements that the Foundation has had with ABC, HBOMAX, the producers of the movie Holy Smoke or any other licensing agreements that have been made with the

Foundation as well as any information on former officers of the Foundation and former officers' duties at the Foundation and if necessary calling former officers of the Foundation as witnesses In the case before this Court.

Defendant leaves the time of Discovery to the discretion of the Court. Defendant requests that personal information about Plaintiffs or Defendants be deemed irrelevant to the case and not be allowed to be part of Discovery to avoid wasting the Court's time with character issues rather than legal and factual issues. Defendant requests that Plaintiffs may not inspect any of Defendant's personal devices including cell phones and computers nor any notebooks or ledgers.

4. Defendant requests that amendments to pleadings be allowed up until the trial but not after a jury is chosen.

5. Defendant is filing two motions concurrent with Defendant's status report. One motion requests that Mark and Sarah King be named as Plaintiffs in the case before this Court and requests that the Court effect service on Mark and Sarah King and file an affidavit of service for Mark and Sarah King. The second motion requests that Jason Bartel amend Counterplaintiffs counterclaim against Mark and Sarah King. No briefings related to any pending motions have occurred or are expected to occur.

6. Defendant concedes to the discretion of the Court for any deadlines for the filing of dispositive motions.

7. Defendant Jason Bartel will not mediate with Plaintiffs Mark and Sarah King or make any

alternative resolution efforts with Mark and Sarah King .

8. Defendant Jason Bartel has mailed in the Court's consent form.