# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| The Evolutionary Level Above Human, Inc. d/b/a The Telah Foundation, an Arizona nonprofit corporation,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>Steven Robert Havel,<br>Cathy JoAnn Weaver,<br>Jason Bartel,<br><br>　　　　　　Defendants. | CAUSE NO. 3:22-CV-395-JD-MGG |

## PLAINTIFF'S STATUS REPORT

The Evolutionary Level Above Human, Inc. d/b/a The Telah Foundation (the "Foundation" or "Plaintiff") hereby provides to the Court its Status Report in accordance with the Court's Order for Written Status Reports (Doc. 36).

**I.　NATURE OF THE CASE.**

Plaintiff is the owner the intellectual property (copyrights and trademarks) of Heaven's Gate. Defendants have infringed on the intellectual property rights of Plaintiff, leading Plaintiff to file this lawsuit and assert in the Complaint causes of action for copyright infringement, contributory infringement, conspiracy to commit copyright infringement, and trademark infringement. (Doc. 1.) Defendants Steven Havel and Cathy Weaver have asserted Counterclaims against Plaintiff seeking to invalidate Plaintiff's intellectual property rights. Defendant Jason Bartel has, without basis or legal support, attempted to assert counterclaims against Plaintiff's principals.

Plaintiff's high likelihood of succeeding on its copyright infringement claims and Defendants' admission of infringement in their Answers (Doc. 20, 26, and 35) along with their Motion to Appoint Counsel (Doc. 39) conclusively establishes that Defendants have

infringed on the intellectual property rights of Plaintiff.  (Doc. 39-1 at 23.)  As a result, and as discussed in Section V, below, Plaintiff is seeking an expedited hearing to resolve this case on the merits pursuant to Fed. Rule Civ. P. 65(a)(2) and will so move the Court within the next two weeks.

**II.     WHETHER ALL PARTIES HAVE BEEN SERVED.**

Defendants have been served and have appeared.

**III.    DISCOVERY.**

With the Court's consent, as discussed in Section V, below, Plaintiff is seeking an expedited hearing to resolve this case on the merits pursuant to Fed. Rule Civ. P. 65(a)(2) and intends to so move the Court within the next two weeks.  If the Court is inclined to grant Plaintiff's request for a consolidated hearing on the merits, Plaintiff believes it can prove its case without the need for any additional discovery.

**IV.     AMENDMENTS TO THE PLEADINGS.**

Plaintiff does not currently anticipate amending its Complaint.

**V.      MOTIONS PENDING AND ANTICIPATED.**

   **A.    Anticipated Motions.**

Plaintiff will be filing a Motion for a Preliminary Injunction that will request the Court to restrain Defendants from copying, reproducing, circulating, and selling Plaintiff's copyrighted works and trademarks and which orders that the unsanctioned distribution of Plaintiff's intellectual property be enjoined.  Pursuant to Fed. R. Civ. P. 65(a)(2), Plaintiff believes that it makes sense to consolidate the hearing on the Motion for Preliminary Injunction with a hearing on the merits and resolve this matter in its entirety.

   **B.    Pending Motions.**

The Motion to Appoint Counsel (Doc. 39) is pending.  Plaintiff submitted its Response on October 11, 2022, and the deadline to file a Reply has passed with no Reply

being filed. Accordingly, the Motion to Appoint Counsel (Doc. 39) is ripe for consideration.

## VI.     DISPOSITIVE MOTION DEADLINE.

As mentioned above, pursuant to Fed. R. Civ. P. 65(a)(2), Plaintiff believes that it makes sense to consolidate the hearing on the to-be-filed Motion for Preliminary Injunction with a hearing on the merits and resolve this matter in its entirety. If the Court is so inclined, no dispositive motion deadline is necessary.

## VII.    PROSPECTS FOR SETTLEMENT.

Plaintiff's counsel has attempted on multiple occasions to communicate with Defendants to broach settlement discussions. Defendants Stephen Havel and Cathy Weaver have declined settlement discussions and have refused to communicate regarding the subject of the litigation. On October 19, 2022, Defendant Jason Bartel told Plaintiff's counsel that Defendant Bartel would be blocking the email addresses of Plaintiff's counsel and that "they will be unblocked only if the Court requires e-mail communication between the Parties."

## VIII.   SUITABILITY FOR REFERENCE TO U.S. MAGISTRATE JUDGE.

The Parties have consented for a United States Magistrate Judge to conduct the proceedings in this case. (*See* Doc. 41.)

RESPECTFULLY SUBMITTED this 24th day of October 2022.

      /s/ Isaac S. Crum
MESSNER REEVES LLP
Isaac S. Crum (AZ Bar #026510)
icrum@messner.com
Daniel L. Marks (AZ Bar #034141)
dmarks@messner.com
7250 N. 16th Street, Suite 410
Phoenix, Arizona 85020
Telephone: (602) 641-6705
Facsimile: (303) 623-0552

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of October 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the filing to counsel of record. A copy of this filing was also sent via U.S. mail to the following:

Cathy JoAnn Weaver
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

Steven Robert Havel
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

Jason Bartel
N4019 Forest Drive
Hancock, WI 54943
jason_bartel@unioncab.com

　　　　　　　　　　　　　　　　　　　　  /s/ Isaac S. Crum
　　　　　　　　　　　　　　　　　　　　Isaac S. Crum