# Exhibit 11

0247


Clerk of the Superior Court

FEB 22 1999

BY: M. GARLAND

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| Estates of )<br><br>JOHN MICHAEL CRAIG, also known as )<br>LOGAN M. LAWSON, aka LOGAN LAHSON, )<br><br>Deceased. )<br>) | Case No. PN022228<br><br>**STATEMENT OF DECISION** |

The above-entitled cause came on regularly for trial on January 11, 1999, in Department A of the above-entitled court, the Honorable Lisa Guy-Schall, Judge, presiding. The matter was tried without a jury and concluded on January 13, 1999. Jillyn Hess-Verdon, Todd Irby, and Clara Mc Alinden, appeared as counsel for petitioner, the Telah Foundation, Inc., and John J. Sansone, County Counsel by Cheryl K. Carter and Lewis P. Zollinger, Senior Deputies, appeared as counsel for respondent, the Public Administrator for the County of San Diego.

Oral and documentary evidence was introduced on behalf of the respective parties, and the cause was argued and submitted for decision. Thereafter, the matter was taken under submission pending this Court's ruling at the hearing on consolidation of all estates set for February 19, 1999.

The Court, at the hearing held on February 19, 1999, granted the Motion to Consolidate to all thirty-nine estates with the intent that the decision herein would apply to all estates.

1       Accordingly, this Court, having considered the evidence and heard the arguments of

2   all counsel and being fully advised, issues the following statement of decision:

3                             **STATEMENT OF FACTS**

4       The parties hereto stipulated to the following facts:

5       On March 26, 1997, 39 individuals associated into a group identified as "Heaven's Gate,"

6   expired in a residence in Rancho Santa Fe, California (Trial Exhibit Numbers 135, 136).

7   Shortly prior to their deaths, on March 24, 1997, they sent a mailing to Mark and Sarah King

8   which included powers of attorneys, documents regarding vehicles, passports, keys, maps,

9   codes to storage units, unsigned letters, videotapes and other items (Trial Exhibit Numbers

10  1-3, 8-27, 33-38, 63, 74-76, 93-106, 132, 133).

11      On March 27, 1997, the San Diego County Sheriff's Department removed some, but not

12  all, of the items in the residence of the decedents.

13      On April 1, 1997, the San Diego County Sheriff's Department removed some, but not all,

14  of the items in two storage units located at Private Storage Systems, 2421 Barnham Drive,

15  Escondido, CA.

16      In April 1997, Petitioners contacted the Public Administrator and requested a meeting.

17  Petitioner met with Susan Jamme and Judith Evans of the Public Administrator's Office and

18  explained what they received from the decedents.

19      On April 23, 1997, the Public Administrator asked Mark and Sarah King to return items

20  of property they had received just prior to the deaths.  They returned two vehicles on

21  May 13, 1997, along with keys and a bill of sale for a third vehicle already in the Public

22  Administrator's possession (Trial Exhibit Number 89).  The Public Administrator for the

23  County of San Diego was subsequently appointed Special Administrator on April 24, 1997

24  (Trial Exhibit Number 135, 136).  In his representative role, the Public Administrator

25  marshaled and took possession of the personal property in the residence and the storage

26  units and also received property that had been removed by the Sheriff's Department from

27  both locations (Trial Exhibit Number 77).

28  ///

1   On September 24, 1997, Petitioners filed a creditor's claim detailing a claim on

2   decedents' assets in the Public Administrator's possession.

3   On December 23, 1997, the Public Administrator obtained an appraisal of the business

4   entity known as Higher Source Contract Enterprises.  The appraisal indicated that the

5   intellectual property owned by Higher Source Contract Enterprises was de minimus as of

6   March 22, 1997 (Trial Exhibit Number 137).  As a result, the Public Administrator petitioned

7   the Court on March 6, 1998, to terminate the special administration (Trial Exhibit Number

8   138).  The petition was granted on May 7, 1998.  Therefore, these 39 estates are being

9   administered pursuant to Summary Probate Proceedings provided for in Probate Code

10  § 7660 et seq. (Trial Exhibit Numbers 139-177).  The Court has directed that a motion be

11  brought to consolidate the 39 estates.

12  The Public Administrator determined that the aggregate value of all 39 decedents'

13  estates would not exceed $50,000.00.  He had received creditor claims for funeral and

14  burial expenses of approximately $100,000.00 (Trial Exhibit Numbers 178-210).

15  On September 22, 24, and October 27, 1997, the Petitioner registered the following

16  copyrights and trademarks:

17  A. The literary work entitled, "How and When Heaven's Gate (The Door to the Physical

18  Kingdom Level Above Human) May Be Entered – An Anthology of Our Materials"

19  B. The audiovisual work entitled, "Last Chance to Evacuate Earth Before It's Recycled,"

20  "Plant About to Be Recycled – Your Only Chance to Survive – Leave With Us"

21  C. The audiovisual work entitled, "Do's Final Exit – Students of Heaven's Gate Expressing

22  Their Thoughts Before Exit"

23  D. The audiovisual work entitled, "Beyond Human – The Last Call"

24  E. The sound recordings entitled, "The Audiotape Library of Heaven's Gate by Ti and

25  Do"

26  F. The audiovisual work entitled, "The C.B.E. (Celestial Being Entity)"

27  G. The fabric design entitled, "Heaven's Gate Away Team Patch"

28  ///

At a later date, the Petitioner filed an application to have the trademark, "HEAVEN'S GATE," registered.

The Public Administrator marshaled a Certificate of Trade Name Registration for Higher Source Contract Enterprises (Trial Exhibit Number 211), and an application for Registration for Trade Name for Telah Services (Trial Exhibit Number 212), which are in the name of decedent Logan Lahson, aka John Craig.   In addition, he marshaled a Certificate of Copyright Registration for Artwork for a screenplay entitled, "The Meeting," in the name of decedent Olliver Odinwood and a Certificate of Copyright Registration for a motion picture screenplay entitled, "The Meeting," in the name of individual decedent David Codody, a pseudonym (Trial Exhibit Number 59, 60).   These certificates were recovered from the decedent's residence.

Items on Exhibits 1 and 2 attached to this Statement of Decision are a comprehensive listing of property at issue.  Exhibit 1 is a listing of gifts made in view of impending death. Items listed in Exhibit 2 were controverted by the parties.   Intellectual property listed throughout Exhibits 1 and 2 were controverted by the parties.

### FINDINGS OF FACT AND DECISION

1.     This Court finds that no gift was made of items listed on Exhibit 2.  This finding is based upon the following facts:

The items on Exhibit 2 were in the possession of the decedents upon their deaths, either in their residence, or on their person.

The decedents themselves wrote a letter to Sam, Fifi, Tawny and Tony (Sam referring to Sam Koutchesfahani, their landlord), stating on page one of Trial Exhibit No. 74:

"The test for you now is that our task here on earth is over and its time for us to go home – to return to the Kingdom of Heaven from where we came",

and on page two:

"The authorities may want to confiscate or hold for estate purpose TV's, bunks and other equipment that belongs to us. As far as we're concerned we would like for you to have what is left in the house if the authorities will allow it."

- 4 -

According to Trial Exhibit 1, the decedents asked Mark and Sarah King to mail this letter to Sam, stating in an undated letter to MRC/SRF, on page one:

> "It is likely that the items currently in the residence will not be easily available to you – so we did mention to our landlord, Sam, who might have better luck with the authorities in claiming some of those items, since he owns the house, that he could have whatever valuables are there..."

A gift is defined as a transfer of personal property made voluntarily and without consideration (Probate Code § 5700). Here it is clear no pre-mortem transfer ever occurred because the decedents intended Sam Koutchesfahani to have the contents of the residence after their deaths. Thus, decedents retained control and possession of personal property in Exhibit 2. A donor must intend to confer a present right on a donee, the delivery, however, must be a gift in presenti, not for the purpose of making a future disposal of it under the directions of the donor" (*Hart v. Ketchum* (1898) 121 Cal 426, 428).

2.      Regarding the Gifts in View of Impending Death listed in Exhibit 1, the respondents have the right to recover said gifts, sell them, apply the proceeds to pay creditor's claims and return unused proceeds to petitioner, if any.

This Court bases its decision on the following findings of facts:

All items in Exhibit 1 are gifts made in view of impending deaths. Don Billings, Public Administrator for the County of San Diego and Personal Representative herein, testified that the aggregate value of these estates is approximately $50,000.00. Creditor's claims have been filed for funeral expenses of approximately $100,000.00 An appraisal of the intellectual property owned by Higher Source Contract Enterprises stated its value was de minimus as of March 22, 1997. Therefore, the estates are insolvent, and creditor's claims exceed their value.

A gift in view of impending death is subject to rights of the creditors of the giver (Probate Code § 5704). Since the personal representative has insufficient assets to pay creditors, the property in Exhibit 1 is subject to recovery by the personal representative herein (Probate Code § 9652).

///

1    since the "primary object is to enable the trustee to reduce that asset to possession

2    and administer it for the benefit of creditors under the direction and supervision of the

3    probate court" (*Goldstein v. Prien* (1956) 143 Cal.App.2d 123, 127), this Court will not require

4    the Public Administrator to file another action when the same parties, issues and facts are

5    presently before this Court.  Petitioners' request to the contrary is without merit, unduly

6    harmful to the creditors, and invites a multiplicity of suits.

7        3.    Regarding the ownership of intellectual property, this Court determines that

8    the estates own all intellectual property interests together with the tangible assets from

9    which those interests are derived.  This determination is based upon the following findings

10   of fact:

11       Although Petitioners presented evidence of post-mortem registrations of the literary

12   work entitled, "How and When Heaven's Gate (The Door to the Physical Kingdom Level

13   Above Human) May Be Entered – An Anthology of Our Materials;" the audiovisual works

14   entitled, "Last Chance to Evacuate Earth Before It's Recycled," "Plant About to Be Recycled –

15   Your Only Chance to Survive – Leave With Us," "Do's Final Exit – Students of Heaven's Gate

16   Expressing Their Thoughts Before Exit," "Beyond Human – The Last Call," "The C.B.E. (Celestial

17   Being Entity"); the trade name Heaven's Gate; and the sound recordings entitled, "The

18   Audiotape Library of Heaven's Gate by Ti and Do."  Nevertheless, there is no evidence of any

19   writing which explicitly conveyed or transferred ownership of all this intellectual property

20   to the Petitioners.  There was no writing actually signed by the decedents except the

21   Durable Power of Attorney, which became void upon their deaths.

22       Sarah King testified that, "How and When Heaven's Gate (The Door to the Physical

23   Kingdom Level Above Human) May Be Entered – An Anthology of Our Materials," Last

24   Chance to Evacuate Earth Before It's Recycled," Plant About to Be Recycled – Your Only

25   Chance to Survive – Leave With Us," "Do's Final Exit – Students of Heaven's Gate Expressing

26   Their Thoughts Before Exit," and "Beyond Human – The Last Call," were all given to the

27   petitioners by the group for the express purpose of distributing copies and receiving

28   ///

returned copies.  Thus, she and her husband, Mark, were agents or distributors, but no more.

Two "Heaven's Gate Away Team" patches were mailed in identical mailings to the Petitioners and others according to Rio Di Angelo.  There is no evidence that by these mailings the Petitioners also received the intellectual property rights to the patches.  Therefore, there is no evidence that a pre-mortem transfer of the intellectual property rights occurred.

As for the painting, "C.B.E.," it was delivered to Petitioners in February of 1977, with words of gratitude, according to Sarah King.  Yet, there is no evidence that decedents gave intellectual property rights in the painting to the Petitioners as well.

There is no evidence, written or otherwise, transferring ownership of intellectual property rights in the "The Audiotape Library of Heaven's Gate by Ti and Do."

Any transfer of ownership of intellectual property, other than by operation of law, is invalid unless an instrument of conveyance, or a note or memorandum of the transfer is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent (17 U.S.C. § 204 (a)).  Furthermore, it is well settled that a copyright is distinct from the material object in which its expressive content is embodied (17 U.S.C. § 202).  Transfer of the physical object does not transfer the copyright and vice versa (17 U.S.C. § 202).

Since there is no written instrument transferring ownership of the intellectual property to the petitioners, the estates own all intellectual property as tenants in common.

4. The Petitioners' request for attorneys' fees I denied.

Generally, attorney fees are not awarded unless specifically provided for by statute (Code of Civil Procedure § 2021).  Probate Code § 9860 does not provide for payment of attorney fees and the Petitioners cite this Court to none.

To the extent Petitioners may be requesting attorney's fees based upon a fiduciary duty which was owed to them by the Public Administrator which was allegedly breached, this Court makes the following observations:

The Public Administrators powers and duties were set forth in the order appointing him as special administrator [Exhibit No. 135]. This order did not include the powers of a general person representative or the right to commence, maintain, or defend suits and other legal proceedings (Probate Code § 8544). A special administrator appointed to perform a particular act has no duty to take any other action to protect the estate (Probate Code § 8544 (d)). Furthermore, in the performance of those duties imposed upon him, the Public Administrator treated the Petitioners no differently than any other claimants similarly situated.

5.    The Public Administrator's request for an award of sanctions against the Petitioners pursuant to Code of Civil Procedure § 128.5 is granted.

This award is based upon the following findings of fact:

The essential facts of this case are not, and have not been, in material dispute. Thirty-nine individuals died leaving property subject to estate administration. The estates are insolvent, the creditor's claims for burial and funeral expenses exceed the value of these estates by a margin of two to one. Ownership rights to a substantial portion of the property in the estates was never transferred to the Petitioners. That which was transferred was a gift in view of impending death. Either way, property in the estates was indisputably subject to creditors' claims and the Petitioner's claim to the contrary was without merit.

Petitioners filed this action actually asking for relief that no trial court could grant. A trial court cannot make a will for a decedent. The decedents' alleged intent could not take the place of statutory formalities and alleged wishes could not control and direct disposition of a decedent's property without the law to give them substance. No evidence of pre-mortem transfer of the items in Exhibit 2 was offered. No evidence was offered contesting the value of the estates or the propriety of the creditors' claims. Except for three bills of sale and thirty-nine Powers of Attorney, no signed writing of any kind was offered into evidence. For these reasons, this action was frivolous and without merit.

///

1   Prosecution of a frivolous action may in itself be evidence from which a finding of
2   subjective bad-faith can be made, for purposes of award of sanction (*West Coast*
3   *Development v. Reed* (1992) 2 Cal.App.4th 693, 702).

4   By having to defend this frivolous action, the estates now have even fewer assets
5   available to pay toward the creditors' priority claims.  An award of sanctions remedies
6   some of the inequity resulting to the creditors.

7   Judgment is hereby ordered as follows:

8   1.   All right, title and possession of property listed on Exhibit 2 is vested in the
9   Estates of John M. Craig, Dana Abreo, Marshall Herf Applewhite, Robert John Arancio,
10  Raymond Alan Bowers, La Donna Ann Brugato, Margaret Jane Bull, Cheryl Elaine Butcher,
11  Betty Eldrie Deal, Erika Ernst, Julie A. La Montagne, Jacqueline O. Leonard, Jeffery Howard
12  Lewis, David Geoffrey Moore, Gail Renee Maeder, Steven Terry McCarter, Joel Peter
13  McCormick, Yvonne McCuddy-Hill, Nancy Diane Nelson, Norma Jeanne Nelson, Thomas Alva
14  Nichols, Lindley Ayerhurt Pease, Susan Elizabeth Paup, Margaret Ella Richter, Judith Ann
15  Rowland, Michael Barr Sandoe, Brian Alan Schaaf, David Cabot Van Sinderen, Joyce Angela
16  Skalla, Gary Jordan St. Louis, Susan Frances Strom, Denise Thurman, Gordon Thomas Welch,
17  Alphonzo Foster, Lucy Pesho, Michael Carrier, Darwin Johnson, Lawrence Gale, and Suzanne
18  Cooke.

19  2.   All right, title and possession of all property listed on Exhibit 1 is vested in Don
20  Billings, Public Administrator for the County of San Diego, as Personal Representative for
21  Estates of John M. Craig, Dana Abreo, Marshall Herf Applewhite, Robert John Arancio,
22  Raymond Alan Bowers, La Donna Ann Brugato, Margaret Jane Bull, Cheryl Elaine Butcher,
23  Betty Eldrie Deal, Erika Ernst, Julie A. La Montagne, Jacqueline O. Leonard, Jeffery Howard
24  Lewis, David Geoffrey Moore, Gail Renee Maeder, Steven Terry McCarter, Joel Peter
25  McCormick, Yvonne McCuddy-Hill, Nancy Diane Nelson, Norma Jeanne Nelson, Thomas Alva
26  Nichols, Lindley Ayerhurt Pease, Susan Elizabeth Paup, Margaret Ella Richter, Judith Ann
27  Rowland, Michael Barr Sandoe, Brian Alan Schaaf, David Cabot Van Sinderen, Joyce Angela
28  Skalla, Gary Jordan St. Louis, Susan Frances Strom, Denise Thurman, Gordon Thomas Welch,

Alphonzo Foster, Lucy Pesho, Michael Carrier, Darwin Johnson, Lawrence Gale, Suzanne Cooke, as trustee for petitioner Telah Foundation.  Said trustee shall sell all valuable property listed on Exhibit 1, liquidating said property to cash and apply said cash to payment of approved creditors' claims filed against the aforesaid estates.  Any amount in excess of claims shall be returned to Telah Foundation.

3.      All right, title and possession of all intellectual property is vested in the Estates of John M. Craig, Dana Abreo, Marshall Herf Applewhite, Robert John Arancio, Raymond Alan Bowers, La Donna Ann Brugato, Margaret Jane Bull, Cheryl Elaine Butcher, Betty Eldrie Deal, Erika Ernst, Julie A. La Montagne, Jacqueline O. Leonard, Jeffery Howard Lewis, David Geoffrey Moore, Gail Renee Maeder, Steven Terry McCarter, Joel Peter McCormick, Yvonne McCuddy-Hill, Nancy Diane Nelson, Norma Jeanne Nelson, Thomas Alva Nichols, Lindley Ayerhurt Pease, Susan Elizabeth Paup, Margaret Ella Richter, Judith Ann Rowland, Michael Barr Sandoe, Brian Alan Schaaf, David Cabot Van Sinderen, Joyce Angela Skalla, Gary Jordan St. Louis, Susan Frances Strom, Denise Thurman, Gordon Thomas Welch, Alphonzo Foster, Lucy Pesho, Michael Carrier, Darwin Johnson, Lawrence Gale, Suzanne Cooke.

4.      Petitioners shall bear their own attorneys' fees and costs.

5.      Petitioners are sanctioned and directed to pay attorneys' fees and costs of the Public Administrator.

DATED: 2/22/99

_____
LISA GUY-SCHALL
JUDGE OF THE SUPERIOR COURT

- 10 -

# Exhibit 12

1  JILLYN HESS-VERDON, (SBN: 146626)
   TODD D. IRBY, (SBN: 153485)
2  HESS-VERDON & ASSOCIATES
   1301 Dove Street, Suite 670
3  Newport Beach, California 92660
   Attorneys for The TELAH FOUNDATION
4  Telephone: (949) 474-5460
   Fax: (949) 474-5470

F I L E D
Clerk of the Superior Court

AUG 1 1 1999

BY: M. GARLAND

5

6

7

8              SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

9                          NORTH COUNTY BRANCH

10 Estates of                          )  No.   PN022228
                                       )
11 JOHN MICHAEL CRAIG, also known as   )  ORDER APPROVING AGREEMENT TO
   LOGAN M. LAWSON, aka LOGAN LAHSON,  )  SELL ESTATE PROPERTY AND TO
12 DANA ABREO, MARSHALL HERF           )  CONVEY TRUST PROPERTY TO
   APPLEWHITE, ROBERT JOHN ARANCIO,    )  TRUST BENEFICIARIES
13 RAYMOND ALAN BOWERS, LA DONNA ANN   )
   BRUGATO, MARGARET JANE BULL,        )
14 CHERYL ELAINE BUTCHER, BETTY        )  JUDGE: HON. LISA GUY-SCHALL
   ELDRIE DEAL, ERIKA ERNST, JULIE     )  DEPT:  28
15 A. LA MONTAGNE, JACQUELINE O.       )
   LEONARD, JEFFERY HOWARD LEWIS,      )
16 DAVID GEOFFREY MOORE, GAIL RENEE    )
   MAEDER, STEVEN TERRY MCCARTER,      )
17 JOEL PETER MCCORMICK, YVONNE        )
   MCCUDDY-HILL, NANCY DIANE NELSON,   )
18 NORMA JEANNE NELSON, THOMAS ALVA    )
   NICHOLS, LINDLEY AYERHURT PEASE,    )
19 SUSAN ELIZABETH PAUP, MARGARET      )
   ELLA RICHTER, JUDITH ANN ROWLAND,   )
20 MICHAEL BARR SANDOE, BRIAN ALAN     )
   SCHAAF, DAVID CABOT VAN SINDEREN,   )
21 JOYCE ANGELA SKALLA, GARY JORDAN    )
   ST. LOUIS, SUSAN FRANCES STROM,     )
22 DENISE THURMAN, GORDON THOMAS       )
   WELCH, ALPHONZO FOSTER, LUCY        )
23 PESHO, MICHAEL CARRIER, DARWIN      )
   JOHNSON, LAWRENCE GALE, and         )
24 SUZANNE COOKE,                      )
                                       )
25 _____Deceased____)

26

27

28                              1

                    Order Approving Settlement Agreement

1

2      The PROPOSED AGREEMENT TO SELL ESTATE PROPERTY AND TO CONVEY

3  TRUST PROPERTY TO TRUST BENEFICIARIES, (hereinafter, the

4  "Agreement") filed by Don Billings, the Public Administrator, County

5  of San Diego, administrator of the Estates of John M. Craig, Dana

6  Abreo, Marshall Herf Applewhite, Robert John Arancio, Raymond Alan

7  Bowers, La Donna Ann Brugato, Margaret Jane Bull, Cheryl Elaine

8  Butcher, Betty Eldrie Deal, Erika Ernst, Julie A. La Montagne,

9  Jacqueline O. Leonard, Jeffery Howard Lewis, David Geoffrey Moore,

10  Gail Renee Maeder, Steven Terry McCarter, Joel Peter McCormick,

11  Yvonne McCuddy-Hill, Nancy Diane Nelson, Norma Jeanne Nelson,

12  Thomas Alva Nichols, Lindley Ayerhurt Pease, Susan Elizabeth Paup,

13  Margaret Ella Richter, Judith Ann Rowland, Michael Barr Sandoe,

14  Brian Alan Schaaf, David Cabot Van Sinderen, Joyce Angela Skalla,

15  Gary Jordan St. Louis, Susan Frances Strom, Denise Thurman, Gordon

16  Thomas Welch, Alphonzo Foster, Lucy Pesho, Michael Carrier, Darwin

17  Johnson, Lawrence Gale, Suzanne Cooke, came on regularly for

18  hearing on August 6, 1999 at 1:30 p.m., in Department 28, of the

19  above-entitled Court, the Honorable Judge Lisa Guy-Schall

20  presiding.   The Public Administrator was represented by his

21  attorney, John J. Sansone, County Counsel, by Cheryl K. Carter,

22  Senior Deputy.   The TELAH FOUNDATION was represented by its

23  attorneys Jillyn Hess-Verdon, and Todd D. Irby; no other

24  appearances were made.

25      Upon satisfactory proof being made to the Court, the Court

26  finds:

27

28  _____
                              2

Order Approving Settlement Agreement

1    1.   Notice of the Time and Place of the Hearing on the

2  Agreement has been given in the manner prescribed by law;

3    2.   Notice of the Agreement and the Parties' request for

4  its approval was made in the manner prescribed by law; and

5    3.   All of the allegations contained in the Agreement are

6  true.

7    IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the

8  execution of the agreement which provides the following:

9                          RECITALS

10   (1)   The parties herein are Respondent, Don Billings, Public

11 Administrator for the County of San Diego and Personal

12 Representative for the following Estates: John M. Craig, Dana

13 Abreo, Marshall Herf Applewhite, Robert John Arancio, Raymond Alan

14 Bowers, La Donna Ann Brugato, Margaret Jane Bull, Cheryl Elaine

15 Butcher, Betty Eldrie Deal, Erika Ernst, Julie A. La Montagne,

16 Jacqueline O. Leonard, Jeffery Howard Lewis, David Geoffrey Moore,

17 Gail Renee Maeder, Steven Terry McCarter, Joel Peter McCormick,

18 Yvonne McCuddy-Hill, Nancy Diane Nelson, Norma Jeanne Nelson,

19 Thomas Alva Nichols, Lindley Ayerhurt Pease, Susan Elizabeth Paup,

20 Margaret Ella Richter, Judith Ann Rowland, Michael Barr Sandoe,

21 Brian Alan Schaaf, David Cabot Van Sinderen, Joyce Angela Skalla,

22 Gary Jordan St. Louis, Susan Frances Strom, Denise Thurman, Gordon

23 Thomas Welch, Alphonzo Foster, Lucy Pesho, Michael Carrier, Darwin

24 Johnson, Lawrence Gale, and Suzanne Cooke; and Petitioners, Mark

25 King and Sarah King, on behalf of the TELAH FOUNDATION.

26   (2)   A controversy exists between the Parties as to the

27

28 ─────────────────────────────────────────────────────────
                              3

                  Order Approving Settlement Agreement

ownership of certain property which was litigated in Superior Court

Case #PN022228.

(3)   On February 22, 1999 Judge Lisa Guy-Schall rendered a Statement of Decision in Superior Court Case #PN022228 determining that all right, title and possession of property listed on Exhibit Two (referenced therein) is vested in the aforestated Estates; that all right, title, and possession of the property listed on Exhibit One (referenced therein) is vested in Don Billings as Trustee for The TELAH FOUNDATION, and that all valuable property would be liquidated to cash and applied to the payment of approved creditors' claims filed against the aforesaid Estates, with any excess proceeds of Exhibit One items returning to the TELAH FOUNDATION; and that all intellectual property involved in the dispute is vested in the aforesaid Estates.

(4)   Further, attorneys' fees and costs of the Public Administrator were awarded and ordered by the court to be paid by the TELAH FOUNDATION.

(5)   The Parties have considered their competing claims, the dispute, and the appellate rights in Superior Court Case #PN022228 associated thereto.

(6)   The TELAH FOUNDATION filed a Notice of Appeal to preserve its rights to appeal the Statement of Decision by Judge Guy-Schall in its entirety.

(7)   This agreement affects only the Parties' rights and interests in the intellectual and tangible property held by the Public Administrator.

Order Approving Settlement Agreement

1   (8)  The Parties further agree that this agreement is in the

2   best interests of the Parties and heirs as it will provide

3   protection as to certain items of property from sale for commercial

4   purposes; provides some cash; and allows remaining items of

5   property to be subject to estate administration (by releasing

6   issues as to ownership of the property from the appellate process).

7

8                               AGREEMENT

9   IT IS HEREBY AGREED as follows:

10   (1)  The Parties agree this Agreement shall be binding on all

11   the successors, heirs, administrators, assigns of each of the

12   parties and beneficiaries of their respective estates.

13   (2)  Don Billings, Public Administrator, and trustee for TELAH

14   FOUNDATION for certain property determined to be gifts made in view

15   of impending death by the decedents herein (Exhibit One of

16   Statement of Decision referenced therein), hereby agrees to

17   transfer and convey to TELAH FOUNDATION by and through Mark King

18   and Sarah King all right, title and possession of the following

19   property, including any intellectual property rights, in exchange

20   for the TELAH FOUNDATION's promise to release and waive all rights

21   of appeal pertaining to all other items of property of the

22   aforesaid estates in the possession of the Public Administrator,

23   thereby permitting the Public Administrator to liquidate said

24   property without delay.  In addition, the TELAH FOUNDATION promises

25   to safeguard, archive and control these items thereby agreeing to

26   not sell them.  Finally, the TELAH FOUNDATION waives the right to

27

28   _____
                               5

                    Order Approving Settlement Agreement

1   any proceeds from the liquidation of items retained by the Public

2   Administrator.   Accordingly, Don Billings conveys to the TELAH

3   FOUNDATION all right, title and possession of the following:

4                    LIST OF TRUST ASSETS BEING
                  CONVEYED TO TRUST BENEFICIARY
5                        TELAH FOUNDATION

6   Blue Bag Containing Floppy Disks; Sheriff's Evidence List, Item
    #131
7   Blue Bag Containing Papers, Small Black Binder; Sheriff's Evidence
    List, Item #132
8   Black Attache Case Containing Misc. Papers, Office Items; Sheriff's
    Evidence List, Item #133
9   Green Attache Containing Floppy Disks; Sheriff's Evidence List,
    Item #134
10  Black Organizer Containing Papers and Floppy Disks; Sheriff's
    Evidence List, Item #135
11  Black Briefcase Containing Floppy Disks, Toolkit, Hard Disk, CD-
    ROM, Personal Organizer; Sheriff's Evidence List, Item #136
12  Dark Gray Briefcase Containing Floppy Disks; Sheriff's Evidence
    List, Item #137
13  Black Attache Containing Papers and Floppy Disks; Sheriff's
    Evidence List, Item #138
14  Blue Garment Bag Containing Pillow Cases, Misc. Items; Sheriff's
    Evidence List, Item #139
15  Tool Kit in Black Carrying Case; Sheriff's Evidence List, Item #140
    Box Containing 4 Video Tapes (TV Interview Tapes); Sheriff's
16  Evidence List, Item #141
    Black Box Containing Video Tapes (Planet About To Be Recycled);
17  Sheriff's Evidence List, Item #142
    Box Containing Video Tapes (Beyond Human); Sheriff's Evidence List,
18  Item #143
    Box Containing Video Tapes (Planet About To Be Recycled); Sheriff's
19  Evidence List, Item #144
    Box Containing Video Tapes (Beyond Human); Sheriff's Evidence List,
20  Item #145
    Box Containing Video Tapes (Last Chance to Evacuate Earth);
21  Sheriff's Evidence List, Item #146
    Box Containing Video Tapes (Last Chance to Evacuate Earth);
22  Sheriff's Evidence List, Item #147
    Box Containing Video Tapes (Beyond Human); Sheriff's Evidence List,
23  Item #148
    Box Containing Video Tapes (Last Chance to Evacuate Earth);
24  Sheriff's Evidence List, Item #149
    Box Containing Video Tapes (Last Chance to Evacuate Earth);
25  Sheriff's Evidence List, Item #150
    Box Containing Video Tapes (Last Chance to Evacuate Earth);
26  Sheriff's Evidence List, Item #151
    Box Containing Video Tapes (Last Chance to Evacuate Earth);

27

28  _____
                           6

            Order Approving Settlement Agreement

1  Sheriff's Evidence List, Item #152
   Box Containing Video Tapes (Planet About to Be Recycled); Sheriff's
2  Evidence List, Item #153
   Box Containing Video Tapes (Planet About to Be Recycled); Sheriff's
3  Evidence List, Item #154
   Box Containing Video Tapes (Beyond Human) and Audio Cassettes;
4  Sheriff's Evidence List, Item #155
   Box Containing Video Tapes (Beyond Human); Sheriff's Evidence List,
5  Item #156
   Box Containing Video Tapes (Unlabeled); Sheriff's Evidence List,
6  Item #157
   Box Containing Video Tapes (Session Tapes-Beyond Human) and Audio
7  Cassettes; Sheriff's Evidence List, Item #158
   Box Containing Video Tapes (All But 4-Planet About to Be Recycled-
8  Other 4 are Beyond Human); Sheriff's Evidence List, Item #159
   Box Containing Video Tapes (Last Chance to Evacuate Earth);
9  Sheriff's Evidence List, Item #160
   Box Containing Video Tapes (Various Titles-Master Tapes Beyond
10 Human Series); Sheriff's Evidence List, Item #161
   Box Containing Audio Cassettes; Sheriff's Evidence List, Item #162
11 Box Containing Audio Cassettes; Sheriff's Evidence List, Item #163
   Box Containing Audio Cassettes; Sheriff's Evidence List, Item #164
12 Box Containing Audio Cassettes; Sheriff's Evidence List, Item #165
   Box Containing Papers, Spiral Notebooks; Sheriff's evidence List,
13 Item #166
   Box Containing Papers; Sheriff's Evidence List, Item #167
14 Box Containing Misc. Computer Manuals, Disks; Sheriff's Evidence
   List, Item #168
15 Box Containing Papers Entitled "95 Statement by an ET Presently
   Incarnate"; Sheriff's Evidence List, Item #169
16 Accordion Folder Containing Misc. Papers; Sheriff's Evidence List,
   Item #170
17 Box Containing Heaven's Gate Manuals; Sheriff's Evidence List, Item
   #171
18 Box Containing Heaven's Gate Manuals; Sheriff's Evidence List, Item
   #172
19 Box Containing Heaven's Gate Manuals; Sheriff's Evidence List, Item
   #173
20 Box Containing Heaven's Gate Manuals, Papers and Floppy Disks;
   Sheriff's Evidence List, Item #174
21 Box Containing Loose Papers; Sheriff's Evidence List, Item #175
   Box Containing Notebooks, Papers and Floppy Disks; Sheriff's
22 Evidence List, Item #176
   Red Crate Containing Floppy Disks; Sheriff's Evidence List, Item
23 #177
   Plastic Box Containing Heaven's Gate Manuals; Sheriff's Evidence
24 List, Item #178
   Plastic Box Containing Heaven's Gate Manuals; Sheriff's Evidence
25 List, Item #179
   Pink Wallet with Discs
26 Cardboard Box Containing Mailers
   Blue Nylon Bag Containing Misc.   Clippings Docs
27

28 _____
                              7

                 Order Approving Settlement Agreement

```
 1   Black Bag Containing Misc.  Docs
     Green Nylon Bag Containing Discs
 2   Computer Hard Drive IBM 50858185170
     Computer Hard Drive Server No I.D.
 3   Green Nylon Bag Containing Discs
     Computer Hard Drive No I.D.
 4   Cardboard Box Containing Discs
     Manilla Envelope Containing Photos
 5   Purple Wallet Containing Discs
     Cardboard Box Containing Bag with Discs
 6   Disc File Holder
     Cardboard Box Misc. Docs
 7   Heaven's Gate Away Team Patches

 8       (3)  Don  Billings,  Public  Administrator,  as  Personal

 9   Representative of the Estates of: John M. Craig, Dana Abreo,

10   Marshall Herf Applewhite, Robert John Arancio, Raymond Alan Bowers,

11   La Donna Ann Brugato, Margaret Jane Bull, Cheryl Elaine Butcher,

12   Betty Eldrie Deal, Erika Ernst, Julie A. La Montagne, Jacqueline O.

13   Leonard, Jeffery Howard Lewis, David Geoffrey Moore, Gail Renee

14   Maeder, Steven Terry McCarter, Joel Peter McCormick, Yvonne

15   McCuddy-Hill, Nancy Diane Nelson, Norma Jeanne Nelson, Thomas Alva

16   Nichols, Lindley Ayerhurt Pease, Susan Elizabeth Paup, Margaret

17   Ella Richter, Judith Ann Rowland, Michael Barr Sandoe, Brian Alan

18   Schaaf, David Cabot Van Sinderen, Joyce Angela Skalla, Gary Jordan

19   St. Louis, Susan Frances Strom, Denise Thurman, Gordon Thomas

20   Welch, Alphonzo Foster, Lucy Pesho, Michael Carrier, Darwin

21   Johnson, Lawrence Gale, and Suzanne Cooke, and as Trustee for the

22   TELAH FOUNDATION, agrees to sell the following property to the

23   TELAH FOUNDATION, by and through Mark King and Sarah King for the

24   sum of $2,000.00 thereby transferring all right, title and

25   possession:

26               TRUST AND ESTATE  PROPERTY  SOLD
                     TO TELAH FOUNDATION
27

28   ─────────────────────────────8─────────────────────────────

                   Order Approving Settlement Agreement
```

```
 1  Business Records in box marked "PURSER"
    Y/M Wide Band Wedding Ring
 2  Yellow Metal Ring
    Blk. Bag w/misc. clothing and papers
 3  State of Arizona Certificate of Trade Name Higher Source Contract
    Enterprises Regis 12/11/95; Exp. 12/11/2000; Trade Name #151844
 4  on behalf of Logan Lahson
    Form SS-4 Application for Employer ID# John M. Craig DBA Logan
 5  Lahson
    1 Ctn. Framed and Unframed Artwork/Signs
 6  1 Envelope w/orig. Documents; orig. Copyright Screenplay THE
    MEETING, orig. Copyright Artwork for Screenplay and 2 Bills of
 7  Sale by Authors of THE MEETING to group member
    3 Drawer File Cabinet, 2 Drawer File Cabinet
 8  Application for Trade Name for Telah Services and Attachments
    2-Drawer Filing Cabinet; Sheriff's Evidence List, Item #41
 9  Notebook Computer; Sheriff's Evidence List, Item #43
    Mouse; Sheriff's Evidence List, Item #43.01
10  Desktop Computer CPU; Sheriff's Evidence List, Item #44
    Keyboard; Sheriff's Evidence List, Item #44.01
11  Monitor; Sheriff's Evidence List, Item #44.02
    Mouse; Sheriff's Evidence List Item #44.03
12  Data Transfer A/B Switch Box; Sheriff's Evidence List, Item #45
    Notebook Computer; Sheriff's Evidence List, Item #46
13  Mouse; Sheriff's Evidence List, Item #46.01
    Notebook Computer; Sheriff's Evidence List, Item #47
14  Mouse; Sheriff's Evidence List, Item #47.01
    Notebook Computer; Sheriff's Evidence List, Item #48
15  Mouse; Sheriff's Evidence List, Item #48.01
    Mini Tower CPU 386SX; Sheriff's Evidence List, Item #49
16  Keyboard; Sheriff's Evidence List, Item #49.01
    Monitor; Sheriff's Evidence List, Item #49.02
17  Mouse; Sheriff's Evidence List, Item #49.03
    Desktop CPU; Sheriff's Evidence List, Item #50
18  Keyboard; Sheriff's Evidence List, Item #50.01
    Monitor; Sheriff's Evidence List, Item #50.02
19  Mouse; Sheriff's Evidence List, Item #50.03
    Tower Computer; Sheriff's Evidence List, Item #51
20  Keyboard; Sheriff's Evidence List, Item #51.01
    Monitor ; Sheriff's Evidence List, Item #51.02
21  Mouse; Sheriff's Evidence List, Item #51.03
    Stereo Speakers; Sheriff's Evidence List, Item #51.04
22  Fax/Modem; Sheriff's Evidence List, Item #51.05
    Notebook Computer; Sheriff's Evidence List, Item #52
23  Monitor; Sheriff's Evidence List, Item #52.01
    Mouse; Sheriff's Evidence List, Item #52.03
24  Printer; Sheriff's Evidence List, Item #53
    Desktop CPU Case; Sheriff's Evidence List, Item #54
25  Keyboard; Sheriff's Evidence List, Item #54.01
    Mouse; Sheriff's Evidence List, Item #54.03
26  Monitor; Sheriff's Evidence List, Item #54.02
    2-Drawer Filing Cabinet; Sheriff's Evidence List, Item #55
27
28
```

Order Approving Settlement Agreement

3-Drawer Filing Cabinet; Sheriff's Evidence List, Item #56
Books from Bookshelf (3 boxes); Sheriff's Evidence List, Item #57
Papers; Sheriff's Evidence List, Item #58
Misc. Floppy Disks; Sheriff's Evidence List, Item #59
4-Drawer Filing Cabinet; Sheriff's Evidence List, Item #60
2-Drawer Filing Cabinet; Sheriff's Evidence List, Item #61
Video Cassettes; Sheriff's Evidence List, Item #64
Black Plastic Box Containing Patches; Sheriff's Evidence List, Item #65
3 Papers, Different Titles; Sheriff's Evidence List, Item #66
2 Manuals "How and When Heaven's Gate May Be Entered"; Sheriff's Evidence List, Item #67
2-Drawer Filing Cabinet; Sheriff's Evidence List, Item #68
Gray Plastic File Box; Sheriff's Evidence List, Item #69
Brown Plastic File Box; Sheriff's Evidence List, Item #70
Gray Plastic File Box; Sheriff's Evidence List, Item #71
Misc. Loose Papers, Envelopes and Binders; Sheriff's Evidence List, Item #72
Blue Plastic Box; Sheriff's Evidence List, Item #73
Blue Plastic Box; Sheriff's Evidence List, Item #74
VHS Tapes; Sheriff's Evidence List, Item #195
VHS Tapes; Sheriff's Evidence List, Item #196
VHS Tapes; Sheriff's Evidence List, Item #197
Box Containing Misc. Items; Sheriff's Evidence List, Item #198
Box Containing Cassettes; Sheriff's Evidence List, Item #199
Computer Disks; Sheriff's Evidence List, Item #200
VHS Tapes; Sheriff's Evidence List, Item #201
Empty VHS Cases; Sheriff's Evidence List, Item #202
VHS Tapes; Sheriff's Evidence List, Item #203
Clipboard and Three Ring Binder "Checkout" and Roster; Sheriff's Evidence List, Item #40
"Why We Must Leave At This Time" and "Earth Exit Statement"; Sheriff's Evidence List, Item #58
Computer Disks; Sheriff's Evidence List, Item #62
Two Cassettes (Audio Only); Sheriff's Evidence List, Item #63
File of Disks; Sheriff's Evidence List, Item #77
Manila Envelope Containing Documents; Sheriff's Evidence List, Item #188
Manila Envelope Containing Five (5) White Envelopes (Travel Documents); Sheriff's Evidence List, Item #189
Bank Bag with Calculator; Gas Receipts and Notebook
Computer Mini-Tower
Ctn. W/Computer (Insight)
Tower Computer Marked as "SERVER" on Tape; Sheriff's Evidence List, Item #113
Minitower Computer; Sheriff's Evidence List, Item #114
Monitor; Sheriff's Evidence List, Item #115
Box Containing Monitor, Keyboard and Mouse; Sheriff's Evidence List, Item #116
Box Containing Monitor; Sheriff's Evidence List, Item #117
Box Containing Computer, Keyboard, Ethernet Adapter, Mouse, 28.2 Fax/Modem, Powerstrip, and Manuals; Sheriff's Evidence List, Item

10

Order Approving Settlement Agreement

1  #118
Computer; Sheriff's Evidence List, Item #119
2  Monitor; Sheriff's Evidence List, Item #120
Box Containing Monitor, Keyboard, Mouse; Sheriff's Evidence List,
3  Item #121
Box Containing Monitor; Sheriff's Evidence List, Item #122
4  Box Containing Computer, Mouse Manuals and Cable; Sheriff's
Evidence List, Item #123
5  Black Carrying Case Containing Notebook Computer, Mouse,
Cigarette Lighter Adapter; Sheriff's Evidence List, Item #124
6  Box Containing Assorted Computer Accessories and Floppy Disks;
Sheriff's Evidence List, Item #130
7  Box Containing Sony Monitor 1055228 and Keyboard
Any other Intellectual Property
8  Any Shrouds

9      (4)  The TELAH FOUNDATION agrees to protect, safeguard,

10  archive and control all items received in this agreement and not

11  sell them.

12      (5)  The Public Administrator agrees not to advertise in any

13  manner the liquidation of the items of these estates as "Heaven's

14  Gate" liquidations.  The Public Administrator shall not be held

15  responsible for representations made by the media, but will make

16  every effort to follow the policy of the Public Administrator's

17  Office in providing notices of any liquidations of the items of

18  these estates.

19      (6)  TELAH FOUNDATION agrees to dismiss with prejudice its

20  Notice of Appeal filed April 21, 1999 as to all property issues

21  except the Court's order that The TELAH FOUNDATION pay the Public

22  Administrator's attorney's fees and costs.  Said dismissal must

23  be filed within seven (7) court days after receipt of court order

24  approving this agreement.

25      (7)  Upon filing of above-referenced Dismissal, the Parties

26  shall perform the remaining terms of this agreement including but

27

28

11

Order Approving Settlement Agreement

1  not limited to, the delivery of said items to THE TELAH

2  FOUNDATION, and the payment of said sum to the Public

3  Administrator, within seven (7) court days after the filing of

4  the above-referenced Dismissal.

5       (8)   This agreement, its terms, and any and all

6  negotiations, communications, and/or representations leading

7  thereto, shall be barred from admissibility for any purpose in

8  the remaining appellate process.

9       is approved by this Court as to its form and its content,

10  and the Parties may execute its terms forthwith.

11

12  IT IS SO ORDERED:

13             8/10/99

14  Dated:

15                      LISA GUY-SCHALL
                        JUDGE OF THE SUPERIOR COURT

16

17

18

19

20

21

22

23

24

25

26

27

28

---

12

**Order Approving Settlement Agreement**