UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| The Evolutionary Level Above Human, Inc. d/b/a The Telah Foundation, an Arizona nonprofit corporation,<br><br>      Plaintiff,<br> v.<br><br>Steven Robert Havel,<br>Cathy JoAnn Weaver,<br>Jason Bartel,<br><br>      Defendants. | CASE NO. 3:22-CV-395-JD-MGG |

**PLAINTIFF'S RESPONSE TO CATHY WEAVER'S MOTION [DOC. 69]**

The Evolutionary Level Above Human, Inc. d/b/a The Telah Foundation (the "Foundation" or "Plaintiff") hereby responds to Cathy Weaver's ("Ms. Weaver" Motion (Doc. 69) and requests that the Motion be denied because (1) Ms. Weaver's Motion was filed in violation of the automatic bankruptcy stay under 11 U.S.C. § 362 and (2) Ms. Weaver's address is already a matter of public record.

**I. THE MOTION SHOULD BE DENIED.**

Ms. Weaver's Motion requests the Court to strike from the certificate of service to Doc. 66 and Doc. 67, and in Ms. Weaver's Petition for Bankruptcy that was submitted as Doc. 67-1 at 70-129, Ms. Weaver's Carlton Street address. The Court should deny the Motion for the reasons set forth below.

 **A. The Court Should Deny the Motion Because Ms. Weaver Has Violated the Bankruptcy Stay.**

As set forth in Plaintiff's Brief in Support of Motion for Preliminary Injunction, Ms. Weaver petitioned for bankruptcy on October 27, 2022, and therefore the automatic bankruptcy stay under 11 U.S.C. § 362 went into effect. [Doc. 67-1 at 70-129]

It is improper for Ms. Weaver to file in this proceeding any documents, including motions such as Doc. 69, which violate the stay.

The Court should automatically deny the Motion because it was filed in violation of the automatic bankruptcy stay under 11 U.S.C. § 362.

### B.     Ms. Weaver's Address Is Already a Matter of Public Record.

Ms. Weaver's Carlton Street address is already a matter of public record because Ms. Weaver's Petition for Bankruptcy, which was signed by Ms. Weaver under penalty of perjury, identifies her address as being located on Carlton Street.  *See* Doc. 67-1 at 71, 76.  As Ms. Weaver has already made her Carlton Street address a matter of public record, the Court should not strike it from the record.

Moreover, Ms. Weaver obviously knows that it is not improper that her address was listed because she did so herself in the bankruptcy proceeding, and this Court previously informed Ms. Weaver "that, while proceeding in this action without representation, [her] contact information will be made public on the Court's docket."  [Doc. 17 at 4]

## II.    RESPONSE TO ALLEGATION OF "MALICIOUS[] DISCLOS[URE]."

Ms. Weaver's Motion alleges that Ms. Weaver's address was maliciously disclosed "to cause [Ms. Weaver] stress and anxiety."  [Doc. 69 at 1]  That is false.

The certificate of service to Doc. 66 and Doc. 67 listed Ms. Weaver's Carlton Street address because Plaintiff's counsel noticed that the address Ms. Weaver's Bankruptcy Petition was different than the other address that Plaintiff's counsel had on file.  Given the circumstances, it appeared that Ms. Weaver moved addresses without informing the Court and the parties to this proceeding, similar to how Ms. Weaver did not notify the Court that she petitioned for bankruptcy.  To ensure that Ms. Weaver received the filings, Plaintiff's counsel sent to Ms. Weaver via email and by mail at Ms. Weaver's two addresses Doc. 66 and Doc. 67.  There is nothing "malicious" about Plaintiff sending to Ms. Weaver multiple copies of Court filings.

Ms. Weaver's hyperbolic allegations are even more preposterous because (1) the Court advised Ms. Weaver in June 2022 that her contact information would be made public; and (2) Ms. Weaver made the Carlton Street address a matter of public record in October 2022, when Ms. Weaver signed and submitted a Bankruptcy Petition that contained her Carlton Street address. [Doc. 17 at 4; Doc. 67-1 at 71, 76] It is ironic that Ms. Weaver is alleging that the disclosure of her address, which she has already made a public record, is wrongful when Ms. Weaver has and is actively engaging in the intentional and willful infringement of Plaintiff's intellectual property.

It appears that Ms. Weaver, who cannot even participate in this proceeding at this time, has filed the Motion to harass Plaintiff. Plaintiff requests that the Court prohibit Ms. Weaver from making a filing in this proceeding unless and until the bankruptcy stay is lifted.

### III. CONCLUSION.

Plaintiff requests that the Court deny the Motion and enter an Order that prohibits Ms. Weaver from filing in this Court while the stay is pending.

RESPECTFULLY SUBMITTED this 1st day of February 2023.

/s/Isaac S. Crum
MESSNER REEVES LLP
Isaac S. Crum (AZ Bar #026510)
(*Pro Hac Vice*)
icrum@messner.com
Daniel L. Marks (AZ Bar #034141)
(*Pro Hac Vice*)
dmarks@messner.com
7250 N. 16th Street, Suite 410
Phoenix, Arizona 85020
Telephone: (602) 641-6705
Facsimile: (303) 623-0552

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of February 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the filing to the parties listed below.  A copy of this filing was also sent via U.S. mail and email.

Cathy Weaver
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

Jason Bartel
N4019 Forest Drive
Hancock, WI 54943
jason_bartel@unioncab.com

Steven Robert Havel
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

                                          /s/   Mary Willson