UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

-FILED-

FEB - 2 2023

At_____M
Chanda J. Berta, Acting Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

THE EVOLUTIONARY LEVEL ABOVE HUMAN, INC.,

    Plaintiff,

v.

STEVEN ROBERT HAVEL, et al.,

    Defendants.

CASE NO. 3:22-CV-395-MGG

## MOTION TO CANCEL ALL OF THE EVOLUTIONARY LEVEL ABOVE HUMAN, INC.'S, D/B/A THE TELAH FOUNDATION'S, REGISTERED COPYRIGHTS AND TRADEMARK REGISTRATIONS

Defendant Jason Bartel hereby moves the Court for an Order granting the cancellation of all of the Foundation's registered copyrights and trademarks as per Exhibit 11, Statement of Decision by Judge Lisa Guy-Schall which invalidated all of Mark and Sarah King's intellectual property rights to the Group's Property that Plaintiffs registered copyrights and a trademark for on behalf of the Foundation in 1997. Plaintiffs registered copyrights and trademarks are included herein as Exhibit 15.

Defendant is requesting that this Court draft an Order granting the cancellation of the following six copyright registrations of The Evolutionary Level Above Human, Inc.; d/b/a The Telah Foundation:

Title: The Audiotape Library of Heaven's Gate by Ti and Do
Registration number: SRu000298530
Registration date: 10-27-1997

Title: Heaven's Gate Away Team Patch
Registration number: VAu000409525
Registration Date: 9-22-1997

Title: The CBE: Celestial Being Entity
Registration number: VA000877834
Registration date: 9-22-1997

Title: How and when Heaven's Gate ( the door to the physical kingdom level above human ) may be entered: an anthology of our materials
Registration number: TXu000817732
Registration date: 9-22-1997

Title: Last chance to evacuate Earth before it's recycled; Planet about to be recycled–your only chance to survive–leave with us
Registration number: PA0000869628
Registration date: 9-24-1997

Title: Do's final exit: Students of Heaven's Gate expressing their thoughts before exit
Registration number: PA0000867224
Registration date: 9-22-1997

Title: Beyond human–the last call
Registration number: PA0000867224
Registration date: 9-22-97

Defendant Bartel would like to draw the Court's attention to Exhibit 1 of Defendant's defense which states that the Foundation was Incorporated in the State of Arizona on 9-23-1997 and yet four of the Foundation's copyrights were registered on 9-22-1997.

The Foundation has registered four trademarks since 1997, one has been canceled and three are active.

The canceled trademark had registration number 2262312, an application date of 10-27-1997 and was canceled on 4-22-2006 and yet this trademark registration lists a 'Transaction Date' of 7-08-2018. ( Exhibit 15 ). As per Exhibit 11, the February of 1999 Statement of Decision by Judge Lisa Guy-Schall, Plaintiffs had no intellectual property rights to

'the trade name Heaven's Gate' and yet the trademark that Mark and Sarah King registered on 10-27-1997 was not canceled until 4-22-2006. Since that time Plaintiffs have registered three trademarks for the name 'Heaven's Gate'. As Mark and Sarah King were denied the intellectual property rights to the trade name Heaven's Gate in February of 1999 and nowhere in the August of 1999 Settlement Agreement ( Exhibit 12 ) are the intellectual property rights for the trade name and/or trademark 'Heaven's Gate' specifically conveyed to Plaintiffs; therefore, the Foundation's three active trademark registrations are invalid due to there being no written instrument transferring ownership of this intellectual property to Mark and Sarah King nor to Plaintiff's Foundation.

Defendant is requesting that the Court draft an Order canceling the following three trademarks registered by the Foundation:

Registration number: 3816596
Application filed: 6-08-2009

Registration number: 3824482
Application filed: 12-9-2009

Registration number: 5148959
Application filed: 10-27-2015

From Exhibit 11 of Defendant Jason Bartel's Defense,

'Although Petitioners presented evidence of post-mortem registrations of the literary work entitled, "How and When Heaven's Gate (The Door to the Physical Kingdom Level Above Human) May Be Entered - An Anthology of Our Materials;" the audiovisual works entitled, "Last Chance to Evacuate Earth Before It's Recycled," "Plant About to Be Recycled - Your Only Chance to Survive - Leave With US," "Do's Final Exit - Students of Heaven's Gate Expressing Their Thoughts Before Exit," "Beyond Human - The Last Call," "The C.B.E.

(Celestial Being Entity"); the trade name Heaven's Gate; and the sound recordings entitled, 'The Audiotape Library of Heaven's Gate by TI and Do." Nevertheless, there is no evidence of any writing which explicitly conveyed or transferred ownership of all this Intellectual property to the Petitioners'.

Furthermore, per Exhibit 11,

'There is no evidence, written or otherwise, transferring ownership of Intellectual property rights in the "The Audiotape Library of Heaven's Gate by TI and Do." Any transfer of ownership of intellectual property, other than by operation of law, is invalid unless an instrument of conveyance, or a note or memorandum of the transfer is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent (17 U.S.C. § 204 (a)). Furthermore, It is well settled that a copyright Is distinct from the material object In which Its expressive content is embodied (17 U.S.C. § 202). Transfer of the physical obJect does not transfer the copyright and vice versa (17 U.S.C. § 202). Since there Is no written Instrument transferring ownership of the Intellectual property to the petitioners, the estates own all Intellectual property as tenants in common'.

Moreover, per Exhibit 11

'Two "Heaven's Gate Away Team" patches were mailed In Identical mailings to the Petitioners and others according to Rio DI Angelo. There Is no evidence that by these mailings the Petitioners also received the intellectual property rights to the patches. Therefore, there Is no evidence that a pre-monem transfer of the intellectual property rights occurred. As for the painting, "C.B.E.," it was delivered to Petitioners In February of 1977 (

sic ), with words of gratitude, according to Sarah King. Yet, there is no evidence that decedents gave Intellectual property rights in the painting to the Petitioners as well.

Note: The statement 'it was delivered to Petitioners in February of 1977...' appears to be a typo from the original document that was meant to read 1997 instead of 1977.

Lastly, per Exhibit 11,

Since there is no written Instrument transferring ownership of the intellectual property to the petitioners, the estates own all intellectual property as tenants in common'.

As per Exhibit 12 Mark and Sarah King were only transferred intellectual property rights in Plaintiff's Settlement Agreement with San Diego County for the property that had been held by the Public Administrator of San Diego County.

'This agreement affects only the Parties' rights and interests in the intellectual and tangible property held by the Public Administrator'. As the Group's Property was held by the Public Administrator from the Property's seizure in 1997 until the August of 1999 Settlement Agreement it is not possible for any of the trust property conveyed to Mark and Sarah King on behalf of the Foundation in 1999 to have been the same intellectual property that in 1997 Plaintiffs registered copyrights and a trademark for.

Furthermore, Plaintiffs committed fraud on Plaintiff's copyright application using the 'work for hire' designation to register copyrights on the Group's intellectual property. If Mark and Sarah King had any proof that the Foundation's registered copyrights were 'works for hire' Plaintiffs would have presented documentation during Mark and Sarah King's litigation with San Diego County. No proof of an employer/employee relationship

such as taxes withheld from a paycheck or an offer of employee benefits were presented to the California Superior Court from 1997-1999. No proof of an employer/independent contractor relationship such as a written contract was presented to the California Superior Court from 1997-1999. Despite Defendant Jason Bartel addressing the issue of the 'work for hire' designation for the Foundation's registered copyrights in Defendant's status report Mark and Sarah King did not respond to, much less present any evidence in this Court to address Defendant's status report and the 'work for hire' designation despite having ample time to do so. Instead of addressing these legal and factual issues of the case Plaintiffs chose to draft an Order for a Preliminary Injunction which was based on fear-mongering and character assassination of Defendants.

In paragraphs 13, 14 and 15 of Mark and Sarah King's complaint Plaintiffs attempted to deceive this Court into believing that the trust property conveyed to Mark and Sarah King in the Settlement Agreement ( Exhibit 12 ) was the same Group Property that Plaintiffs copyrighted on October 27, 1997, 'The Audiotape Library of Heaven's Gate by Ti and Do'.

Plaintiffs have had well over twenty-three years to inform the US copyright office that Mark and Sarah King's Foundation had no intellectual property rights to the Foundation's 1997 registered copyrights and trademark. Instead of doing so Mark and Sarah King chose to abuse the Federal Court System by filing this lawsuit with deceptive and malicious intent. Plaintiffs also threatened another individual with legal action in 2018 for alleged use of the Group's logo and trade name that Plaintiffs registered a trademark for initially in 1997 (Exhibit 16 ) All of the above along with the fact that Plaintiffs executed numerous DMCA takedown

requests ( Exhibit 14 ) based on the Foundation's fraudulent copyright registrations demonstrate clear abuse of the US copyright and legal systems and Defendant prays that this Court will cancel all of the Foundation's copyright and trademark registrations. If this request for the cancellation of all of the Foundation's copyright registrations and trademark registrations is granted Defendant believes that subsequent to said ruling Defendant Jason Bartel has a strong case for a request of this Court for a Summary Judgment in favor of Defendants as well as award of all Counterclaims to Counterplaintiffs. Defendant Jason Bartel would like to remind the Court that Plaintiffs are claiming hundreds of thousands to millions of dollars in damages for eight T-shirts that Defendant Havel and Defendant Weaver sold at cost and for Defendant Bartel placing audio tapes created by the Group on free-file sharing sites. Mark and Sarah King have known since at least 1999 that all of the Foundation's copyright and trademark registrations are invalid and yet Plaintiffs have chosen to bring this Case before this Court.

Jason Bartel
N4019 Forest Dr.
Hancock. WI 54943
jason_bartel@unioncab.com

*Jason Bartel*

1/29/23