UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

Plaintiff,

v.

STEVEN ROBERT HAVEL, et al.,

Defendants.

CASE NO. 3:22-CV-395-MGG

-FILED-

FEB - 2 2023

Chanda J. Berta, Acting Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

**MOTION TO BLOCK PLAINTIFF'S REQUEST FOR A PRELIMINARY INJUNCTION**

Defendant Jason Bartel hereby moves the Court for an Order to block Plaintiff's request for a preliminary injunction on the grounds that Mark and Sarah King are using the proposed injunction in an attempt to distract the Court from the demonstrable and irrefutable facts of this case. Namely, that per Exhibit 11, Judge Lisa Guy Schall's February of 1999 Statement of Decision Plaintiff's and Plaintiff's Foundation were denied by a California Superior Court Judge all intellectual property rights to all of the intellectual property that was registered for copyrights and a trademark on behalf of the Foundation by Mark King in 1997 .

Defendant can prove with Exhibits 11 and 12 that the entire basis for Plaintiff's lawsuit is fraudulent. Defendant will concurrently be submitting a Motion to Cancel All of the Foundation's registered copyrights and trademark due to Judge Lisa Guy-Schall's Ruling of Decision and Settlement Agreement ( Exhibits 11 and 12 ).

Defendant Jason Bartel is concurrently submitting Exhibit 14 of Plaintiff's DMCA takedown notices in which Plaintiff also fraudulently claims to be the owner of 'The Audiotape Library of Heaven's Gate by Ti and Do'. As these fraudulent DMCA takedown notices each carry a count

of perjury and Plaintiffs have committed perjury numerous times in this lawsuit per Defendant's status report Defendant believes that Defendant Jason Bartel has a strong case to request a Summary Judgment and award of Counterclaims in favor of Defendants and Counterplaintiffs if the Court grants Defendant's Motion to cancel the Foundation copyrights and trademark. Furthermore, Plaintiffs had over two months to respond to Defendant's status report and motions and did not do so nor did Plaintiffs follow through with a request for a proposed expedited hearing. After nearly three months Plaintiffs still have not addressed Defendant's status report and Plaintiff's 1999 Court cases with San Diego County and instead have asked the Court for a preliminary injunction prior to an ordered video hearing.

Defendant strongly feels that this injunction must be blocked due to Plaintiff's numerous and willful deceptions in this case including an attempt to deceive Defendants into an unnecessary teleconference with threats of sanctions from the Court if Defendants did not participate as per Defendant Jason Bartel's Response To Order for Video Motion Hearing with attached Exhibit 13. Defendant believes that Plaintiffs are abusing Mark and Sarah King's Foundation to wage a personal vendetta against Defendants and the preliminary injunction that Plaintiffs seek is not being requested in good faith but rather in a vain attempt to obfuscate Plaintiff's fraudulent and deceptive actions in this lawsuit from the Court. Instead of addressing Plaintiff's own documented deceptions and the legal and factual matters in this case Mark and Sarah King are attempting to malign the characters of the Defendants in Plaintiff's Brief in Support of a Preliminary Injunction. Defendant strongly believes that Plaintiffs are using fear-mongering in Mark and Sarah King's Brief in Support of a Preliminary Injunction as a desperation tactic as Mark and Sarah King have no substantive arguments regarding the factual and legal matters of

this case.

Moreover, Defendant strongly believes that Plaintiffs are attempting to use the Injunction to silence Defendants as Mark and Sarah King do not want the truth about the numerous deceptions that Plaintiffs have engaged in for the past twenty-five years to be brought to light. Plaintiffs are now attempting to elicit sympathy from the Court in Plaintiff's Brief in Support of a Preliminary Injunction due to how much money Mark and Sarah King's Foundation has spent on Plaintiff's lawsuit and yet Mark and Sarah King's lawsuit is based on copyright and trademark registrations for intellectual property that Mark and Sarah King have no rights to per Exhibit 11, Judge Lisa Guy-Schall's 1999 Statement of Decision.

Plaintiff's assertion that 'Defendants' widespread distribution of such powerful materials presents a risk that the events from 1997 will reoccur' is wholly without merit and nothing but sensationalistic fear-mongering on the part of Mark and Sarah King.

As per Exhibit 6 Defendant Jason Bartel had audio tapes produced by the Group on Defendant's 4shared account from 2009 until 2021 when Plaintiffs had the site shut down based on fraudulent DMCA takedown notices ( Exhibit 14 ) and has had a blog distributing the Group's writings and other information since 2018 ( Exhibit 17). Meanwhile, Mark and Sarah King have been keeping heavensgate.com online since 1998 which contains the following, 'During a brief window of time, some may wish to follow us. If they do, it will not be easy. The requirement is to not only believe who the Representatives are, but to do as they and we did. You must leave everything of your humanness behind. This includes the ultimate sacrifice and demonstration of faith–the shedding of your human body. If you should choose to do this, logisitically it is preferred that you make this exit somewhere in the area of the West or

Southwest of the United States–but if this is not possible–it is not required'.

As the Court can see Plaintiff's have been maintaining a website for almost twenty-five years that arguably contains the most controversial statement made by the Group and yet there has been no 'risk that the events from 1997 will reoccur'. Despite this fact Plaintiff's expect the Court to believe that if Defendant Jason Bartel is allowed to put some more of the Group's intellectual property on free-file sharing sites as Defendant has done for at least 14 years that that action will somehow lead to 'the events of 1997 to reoccur'. This assertion is again nothing more than a last ditch attempt by Mark and Sarah King to distract the Court from the fact that Plaintiffs were denied all intellectual property rights to the Group's Property in February of 1999. Any allegations of copyright infringement in Mark and Sarah King's Brief in Support of Preliminary Injunction are wholly without merit as once again Defendant Jason Bartel has conclusively proven with Exhibits 11 and 12 and the Court cases therein that Plaintiffs were denied all intellectual property rights to the Group's Property in a California Superior Court in February of 1999 thereby invalidating the Foundation's 1997 copyright and trademark registrations.The Foundation has no registered copyrights after 1997 and the Foundation's initial trademark registration in 1997 was invalidated in 1999

Prior to beginning to uncover Mark and Sarah King's numerous deceptions in this case Defendant Bartel believed that Defendant's life was going to be economically ruined by this lawsuit. Defendant spent months avoiding process servers in the hope that Plaintiffs would give up on Defendant Jason Bartel and focus Plaintiff's vindictiveness on Defendant Cathy Weaver and Defendant Steven Havel as Defendants Weaver and Havel were served shortly after this lawsuit was filed. Defendant Bartel has acknowledged to

Defendants Weaver and Havel that Defendant Bartel was attempting to take the coward's way out of this lawsuit by avoiding service and Defendant Bartel has apologized to Defendants Weaver and Havel for Defendant Bartel's cowardice.

Defendant Jason Bartel's life has been greatly disrupted by this lawsuit and Defendant had to manage numerous embarrassments such as process servers regularly showing up at Defendant's place of employment. Thankfully Defendant's co-workers were understanding of the situation, however, Defendant Bartel spent much of the previous summer feeling as if Defendant was being hunted like a criminal. This lawsuit has caused untold stress in Defendant Bartel's life and in Defendant's relationships and Defendant Jason Bartel is thoroughly disgusted with Mark and Sarah King's attempts to play the victim in Plaintiff's most action in this Court. Plaintiffs initiated this lawsuit based on fraud purely for the purpose of inflicting stress and punishment on Defendants and the Brief in Support of a Preliminary Injunction is merely the latest attempt by Mark and Sarah King to abuse the Court System in order for Plaintiffs to cause stress and harm to Defendants. Plaintiffs are semi-retired and living comfortably in suburban Scottsdale, Arizona while Defendants Havel and Weaver have moved into an RV after Defendant Weaver's home address was published as part of this case. Defendant Bartel is currently working two jobs and doing volunteer work and this lawsuit does nothing except to thoroughly disrupt Defendant's existence and cause many sleepless nights. Defendant Bartel, Defendant Weaver and Defendant Havel have all suffered greatly during the past several months due to the malicious and deceptive actions of Mark and Sarah King and Plaintiff's lawsuit that is based on fraud and lies.

Moreover, Plaintiffs have again tried to confuse the issue of how Mark and Sarah King's

Foundation acquired the intellectual property rights to much of the Group's Property. In Mark and Sarah King's Brief In Support of Preliminary Injunction Plaintiffs claim that 'Plaintiff, which is a not-for-profit organization, acquired the intellectual property rights related to these works and trademarks in or around 1999', The works in question include the 'audio works' also known as 'The Audiotape Library of Heaven's Gate by Ti and Do' by Plaintiff's own admission in this lawsuit. As Defendant Bartel has repeatedly documented, Mark and Sarah King were denied all intellectual property rights to 'The Audiotape Library of Heaven's Gate by Ti and Do' by Judge Lisa Guy-Svhall in Judge Guy-Schall's February of 1999 Ruling of Decision. In Judge Guy-Schall's August of 1999 Settlement Agreement with Plaintiffs Judge Guy-Schall explicitly stated that 'This agreement affects only the Parties' rights and interests in the intellectual and tangible property held by the Public Administrator'. It is indisputable that 'The Audiotape Library of Heaven's Gate by Ti and Do' was never held by the Public Administrator of San Diego County as the Group's Property was held by San Diego County authorities from the Property's seizure in 1997 until August of 1999 when some of that Trust Property was conveyed to Mark and Sarah King. As Mark King registered a copyright for 'The Audiotape Library of Heaven's Gate by Ti and Do' on October 27, 1997 it is not possible that those particular 'Audio works' were ever held by the Public Administrator of San Diego County. Furthermore, Plaintiffs were denied any rights to the trade name Heaven's Gate in the following from Judge Guy-Schall's Ruling of Decision, 'Although Petitioners presented evidence of post-mortem registrations of the literary work entitled, "How and When Heaven'S Gate (The Door to the Physical Kingdom Level Above Human) May Be Entered - An Anthology of Our Materials;" the audiovisual works entitled, "Last Chance to Evacuate Earth Before It'S Recycled," "Plant About to Be Recycled -

Your Only Chance to Survive - Leave With US," "Do'S Final Exit - Students of Heaven's Gate Expressing Their Thoughts Before Exit," "Beyond Human - The Last Call," "The C.B.E. (Celestial Being Entity"); the trade name Heaven's Gate; and the sound recordings entitled, "The Audiotape Library of Heaven's Gate by TI and Do." Nevertheless, there is no evidence of any writing which explicitly conveyed or transferred ownership of all this Intellectual property to the Petitioners'.

Defendant Jason Bartel can find nothing in Judge Guy-Schall's subsequent Settlement Agreement with Mark and Sarah King that specifically conveyed any intellectual property rights to Plaintiffs for the trade name Heaven's Gate.

Defendant would like to remind the Court that even though Plaintiffs cited the litigation with San Diego County in Mark and Sarah King's complaint Plaintiffs did not submit any of said litigation to this Court and Defendants brought those Court actions into this Court. Plaintiffs committed perjury when Mark and Sarah King claimed that the litigation with San Diego County conveyed all of the Group's intellectual property to Plaintiff's Foundation. As per Exhibit 12 only the Group's property held by the San Diego County Public Administrator was conveyed to Mark and Sarah King's Foundation.

Plaintiffs deliberately tried to mislead the Court into believing that the intellectual Property conveyed to the Foundation in the 1999 trust agreement was the same intellectual property that was copyrighted and trademarked in the name of the Foundation by Mark King in 1997. Defendant believes that Plaintiffs have no respect for the Federal Court system nor for the truth and Defendant respectfully requests that the Court deny Mark and Sarah King's request for a Preliminary Injunction as said Injunction has no bearing on the factual and legal aspects

of this case.

Although Defendant does not like to be silenced, in the interest of not alienating the Court Defendant has turned Defendant's blog, crlody.wordpress.com, off as of January 27, 2023 and will not allow access to the blog until such time as this Case concludes. Defendant would like to state that Defendant has always questioned the validity of Plaintiff's copyright and trademark registrations but has never been able to afford an Intellectual Property Attorney and that is why Defendant has never challenged Mark and Sarah King in a Court of Law. Defendant has had the Group's audio tapes online since 2009 ( Exhibit 6 ) and yet Plaintiffs claimed in this lawsuit that Mark and Sarah King initially became aware in 2021 that the audio tapes were on the site 4shared. Defendant finds that to be a highly dubious claim considering how often Plaintiffs are monitoring Defendant's online activities.

Jason Bartel
N4019 Forest Dr.
Hancock. WI 54943
jason_bartel@unioncab.com

*Jason Bartel*
1/29/23