UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| The Evolutionary Level Above Human, Inc. d/b/a The Telah Foundation, an Arizona nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>Steven Robert Havel,<br>Cathy JoAnn Weaver,<br>Jason Bartel,<br><br>Defendants. | CASE NO. 3:22-CV-395-JD-MGG |



-FILED-
FEB - 6 2023
Chanda J. Berta, Acting Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

### BRIEF IN OPPOSITION TO THE PLAINTIFF'S RESPONSE TO CATHY WEAVER'S MOTION [DOC. 69]

**I Cathy Weaver do swear and attest to the following statements in response to the Plaintiffs response to my Motion to Remove my secondary address from all filings and all future filings.**

The Evolutionary Level Above Human, Inc. d/b/a The Telah Foundation (the "Foundation" or "Plaintiff") hereby responds to Cathy Weaver's ("Ms. Weaver" Motion (Doc. 69) and requests that the Motion be denied because (1) Ms. Weaver's Motion was filed in violation of the automatic bankruptcy stay under 11 U.S.C. § 362 and (2) Ms. Weaver's address is already a matter of public record.

**RESPONSE:  I have spoken to both of the Bankruptcy attorneys assigned to my Bankruptcy case and they have assured me that my filing the motion was in fact NOT in violation of the automatic bankruptcy stay. I did not record our phone conversations, but I did include in my last Brief the text that was sent to me in regards to my being able to litigate in my defense in this case.**

1

I. **THE MOTION SHOULD BE DENIED.**

Ms. Weaver's Motion requests the Court to strike from the certificate of service to Doc. 66 and Doc. 67, and in Ms. Weaver's Petition for Bankruptcy that was submitted as Doc. 67-1 at 70-129, Ms. Weaver's Carlton Street address. The Court should deny the Motion for the reasons set forth below.

**RESPONSE: I respectfully ask the Court to not deny my motion.**

A. **The Court Should Deny the Motion Because Ms. Weaver Has Violated the Bankruptcy Stay.**

As set forth in Plaintiff's Brief in Support of Motion for Preliminary Injunction, Ms. Weaver petitioned for bankruptcy on October 27, 2022, and therefore the automatic bankruptcy stay under 11 U.S.C. § 362 went into effect. [Doc. 67-1 at 70-129]

It is improper for Ms. Weaver to file in this proceeding any documents, including motions such as Doc. 69, which violate the stay.

The Court should automatically deny the Motion because it was filed in violation of the automatic bankruptcy stay under 11 U.S.C. § 362.

**RESPONSE: My Bankruptcy attorneys have advised me this is not the case, I have not violated the stay by requesting the motion.**

B. **Ms. Weaver's Address Is Already a Matter of Public Record.**

Ms. Weaver's Carlton Street address is already a matter of public record because Ms. Weaver's Petition for Bankruptcy, which was signed by Ms. Weaver under penalty of perjury, identifies her address as being located on Carlton Street. *See* Doc. 67-1 at 71, 76. As Ms. Weaver has already made her Carlton Street address a matter of public record, the Court should not strike it from the record.

Moreover, Ms. Weaver obviously knows that it is not improper that her address was listed because she did so herself in the bankruptcy proceeding, and this Court previously informed Ms. Weaver "that, while proceeding in this action without representation, [her] contact information will be made public on the Court's docket." [Doc. 17 at 4]

**RESPONSE: With all due respect, this case is far more controversial and disclosing my secondary address on my Bankruptcy filing is not. No one was looking for me to file bankruptcy, searching Pacer for my filings in regards to such, whereas several people online have been following this alleged copyright infringement case very closely. My contact information is a valid address in the form of a UPS post box where I have all my mail forwarded to me and there is no issue with me receiving all documents at that address. My Bankruptcy attorney told me I could not use the post box for filing the bankruptcy so I had to use the address where all my personal belongings are stored and where a family member resides and where I am paying for the rent. It is a temporary address that I was obliged to use because I live in an RV full time and have been "living" in multiple states since these proceedings began. The Plaintiffs are well aware of the YouTube channel where I, Cathy Weaver have broadcast live from our RV and mentioned that we are in several different states. Currently we are in South Carolina, in a couple of weeks we will be in Georgia. The Court allowed me to use a post box and said it was a valid address to have listed and the court has already been informed that I am living mobile since this case began.**

II.     <u>RESPONSE TO ALLEGATION OF "MALICIOUS[] DISCLOS[URE]."</u>

Ms. Weaver's Motion alleges that Ms. Weaver's address was maliciously disclosed "to cause [Ms. Weaver] stress and anxiety." [Doc. 69 at 1] That is false.

The certificate of service to Doc. 66 and Doc. 67 listed Ms. Weaver's Carlton Street address because Plaintiff's counsel noticed that the address Ms. Weaver's Bankruptcy Petition was different than the other address that Plaintiff's counsel had on file. Given the circumstances, it appeared that Ms. Weaver moved addresses without informing the Court and the parties to this proceeding, similar to how Ms. Weaver did not notify the Court that she petitioned for bankruptcy. To ensure that Ms. Weaver received the filings, Plaintiff's counsel sent to Ms. Weaver via email and by mail at Ms. Weaver's two addresses Doc. 66 and Doc. 67. There is nothing "malicious" about Plaintiff sending to Ms. Weaver multiple copies of Court filings.

**RESPONSE: As stated above I have not moved addresses without informing the Court. I did so in my request for my address to be updated to the valid post box. I also informed the Court that I would be living mobile. The Carlton address was going to be where all of my belongings are stored until this case is completed and now I have to move all of my belongings at great financial cost to me so no one goes to that address and attempts anything. I pay the rent on that property and it can be used in a Bankruptcy filing as my address, however any mail that goes to that address will not be received by me because I am not physically present at that address. That is why I set up a post box address. The Plaintiffs do not need to send me multiple case filings at multiple addresses, in fact they have begun emailing all of their filings to both myself and my co-defendants. It is clear that they disclosed this address solely to inflict harm upon myself and my family member who does reside at that address and is extremely vulnerable to harassment that may come as a result of that address being disclosed. Again, I was not advised by the Bankruptcy attorneys that my Bankruptcy filing needed to be disclosed to this Court. If I had been advised of such I would have done so immediately. I am not an attorney, I do not have hours and hours to research the laws and I relied on my attorneys to give me correct information**

in regards to my Bankruptcy filing. If I had been allowed to I would have used the post box office but the attorneys told me the Bankruptcy court would not accept it and since I am paying rent and my belongings are stored at the secondary address I was advised to use that address. Plaintiffs are twisting everything to make me sound like I have been trying to hide information from this Court and that is just not true. They have consistently lied and twisted almost everything I have said and done in this suit to try and support the false allegations they have brought against me.

Ms. Weaver's hyperbolic allegations are even more preposterous because (1) the Court advised Ms. Weaver in June 2022 that her contact information would be made public; and (2) Ms. Weaver made the Carlton Street address a matter of public record in October 2022, when Ms. Weaver signed and submitted a Bankruptcy Petition that contained her Carlton Street address. [Doc. 17 at 4; Doc. 67-1 at 71, 76] It is ironic that Ms. Weaver is alleging that the disclosure of her address, which she has already made a public record, is wrongful when Ms. Weaver has and is actively engaging in the intentional and willful infringement of Plaintiff's intellectual property.

**RESPONSE:** My Bankruptcy case was not being searched by the people who are following this case. This case has garnered more attention whereas my Bankruptcy case has not. Plaintiffs seem to have intentionally brought my Bankruptcy filing into this case to try and twist it to their nefarious means. I have been open and honest about all of my actions and will continue to do so until the day I die. It is patently false for the Plaintiffs to state that I am actively engaging in infringing on their ill gotten copyrights when I have not done so since this case began in late May of 2022. I challenge the Plaintiffs to prove that I have engaged in infringement past June 1st, of 2022.

It appears that Ms. Weaver, who cannot even participate in this proceeding at this time, has filed the Motion to harass Plaintiff. Plaintiff requests that the Court prohibit Ms. Weaver from making a filing in this proceeding unless and until the bankruptcy stay is lifted.

**RESPONSE: My Bankruptcy attorneys have advised me that the statement that I can not participate in this proceeding is false and a tactic by the Plaintiffs to silence me. I respectfully ask the Court to allow me to continue to defend myself against the Plaintiffs numerous false accusations against me. The Bankruptcy stay does not affect me litigating on my behalf in this case as my bankruptcy attorneys have advised me.**

III.  **CONCLUSION.**

Plaintiff requests that the Court deny the Motion and enter an Order that prohibits Ms. Weaver from filing in this Court while the stay is pending.

> **RESPONSE: Defendant respectfully requests for the reasons stated above and the reasons stated in my motion for the address to be removed from the record that the Court not deny my Motion. I respectfully ask that the Court not prohibit me from filing in this case so I can continue to defend myself and also proceed on to the Discovery process where it will be shown that the Plaintiffs were not given any Assignments nor Transfers of property physical or intellectual property, nor did they have a Work For Hire status with the Group as they fraudulently claimed on their copyright and trademark applications.**

*Cathy Weaver 2/3/23*

Cathy Weaver
5776 Grape Rd.
Suite 51
PMB# 121
Mishawaka, IN. 46545
Sawcat575@gmail.com
Defendant.