UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THE EVOLUTIONARY LEVEL ABOVE HUMAN, INC., | |
| Plaintiff, | |
| v. | CASE NO. 3:22-CV-395-MGG |
| STEVEN ROBERT HAVEL, CATHY JOANN WEAVER, JASON BARTEL, | |
| Defendants. | |

**ORDER**

On January 23, 2023, Plaintiff filed its Motion for Preliminary Injunction seeking injunctive relief as to Defendants Jason Bartel and Steven Havel. [DE 66]. The Court ordered Defendants to file any response to Plaintiff's motion by February 6, 2023, and afforded Plaintiff until February 13, 2023, to file any reply.

On February 2, 2023, Defendant Jason Bartel filed his response in the form of two motions—a Motion to Cancel All of Evolutionary Level Above Human's Registered Copyrights and Trademark Registrations [DE 71] and a Motion to Block Plaintiff's Request for a Preliminary Injunction [DE 72]. Defendant Steven Havel then filed his response to Plaintiff's Motion for Preliminary Injunction on February 6, 2023. [DE 73]. Defendant Havel also filed a Brief in Opposition of Plaintiffs Filing of a Proposed Order on that date. [DE 75].  However, Defendant Havel's first response [DE 73] is single spaced and nearly fifty-eight pages in contravention of this Court's local rules. *See* N.D. Ind. L.R. 5-4(a); N.D. Ind. L.R. 7-1(e). The format of this response prompted Plaintiff to

file its Expedited Motion to Strike, seeking an order striking pages 13-58 of Defendant Havel's initial response [DE 73] and pages 5-9 of Defendant Havel's second response [DE 75].

Local Rule 5-4 provides that any brief must be double spaced. Moreover, Local Rule 7-1(e) provides that a response brief "ordinarily must not exceed 25 pages." There is an exception to this page limit for "extraordinary and compelling reasons." *See* N.D. Ind. L.R. 7-1(e)(2).  Notably, however, Defendant Havel failed to provide any rationale, let alone an extraordinary and compelling reason, for his oversized brief. Nor does this exception apply to the requirement that briefs be double spaced. Accordingly, Plaintiff's motion to strike is **GRANTED IN PART**. [DE 77]. However, rather than striking the pages delineated by Plaintiff in its motion, the Court instead affords Defendant Havel an opportunity to submit a revised brief that comports with this Court's local rules. Defendant Havel is **ORDERED** to file his revised brief by **February 21, 2023.** Plaintiff is accordingly afforded until **February 28, 2023**, for any reply to Defendant Havel's revised response brief. Plaintiff shall also have fourteen days to respond to Defendant Bartel's two motions [DE 71, DE 72] as provided in the Court's local rules.

Defendants are **REMINDED** that their *pro se* status does not relieve them from compliance with the Federal Rules of Civil Procedure, this Court's local rules, and all orders of this Court. *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).  The Court holds *pro se* parties like Defendants to the same procedural standards applied to parties represented by counsel consistent with the mandate of Fed. R. Civ. P. 1 to secure a just, speedy, and inexpensive

2

resolution of this action. Accordingly, future failure to comply with court orders and rules will not be so generously accommodated and may even result in sanctions. *See* Fed. R. Civ. P. 37(b), 41(b); *Dridi v. Am. Fam. Mut. Ins. Co., S.I.*, 849 F. App'x 161, 163 (7th Cir. 2021) ("Courts have the inherent authority to dismiss actions for a litigant's failure to obey reasonable court orders.").

**SO ORDERED** this 8th day of February 2023.

                                                    s/Michael G. Gotsch, Sr.
                                                    Michael G. Gotsch, Sr.
                                                    United States Magistrate Judge