## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | |
|---|---|
| The Evolutionary Level Above Human, Inc. d/b/a The Telah Foundation, an Arizona nonprofit corporation, <br><br> Plaintiff, <br><br> v. <br><br> Steven Robert Havel, <br> Cathy JoAnn Weaver, <br> Jason Bartel, <br><br> Defendants. | CASE NO. 3:22-CV-395-JD-MGG |

**PLAINTIFF'S RESPONSE TO CATHY WEAVER'S BRIEF IN OPPOSITION TO**

**PLAINTIFFS [SIC] MOTION FOR PRELIMINARY INJUNCTION [Doc. 74]**

The Evolutionary Level Above Human, Inc. d/b/a The Telah Foundation (the "Foundation" or "Plaintiff") hereby responds to Cathy Weaver's *Brief in Opposition to Plaintiffs [Sic] Motion for Preliminary Injunction* (Doc. 74).

### I. ARGUMENT.

#### A. Impact of Voluntary Bankruptcy Petition.

Plaintiff's Motion for Preliminary Injunction (the "Motion") (collectively, Docs. 66, 67, 67-1) did not seek injunctive relief against Ms. Weaver because Ms. Weaver petitioned for bankruptcy, thereby resulting in an automatic stay under 11 U.S.C. § 362(a)(1). *See* 11 U.S.C. § 362(a)(1) ("[A] petition . . . operates as a stay, applicable to all entities, of—(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor . . . ."). Ms. Weaver's opposition appears to violate the automatic stay. Ms. Weaver, however, has avowed and represented to the Court that this case can proceed against her, without the

automatic stay being violated, until there is a monetary award.  [Doc. 74 at 1, 25; Doc. 74-1 at 2]

If the Court agrees with Ms. Weaver that the automatic stay does not prevent this Court from entering injunctive relief against Ms. Weaver, Plaintiff does not object to Ms. Weaver's desire to continue this case, and Plaintiff asks that the Court enter against Ms. Weaver the exact same injunctive relief that was requested in Plaintiff's Motion, without further briefing, because Plaintiff's Motion set forth the basis for injunctive relief against all Defendants and Ms. Weaver has already responded to Plaintiff's Motion.

**B.      Response to Ms. Weaver's Arguments Regarding Injunctive Relief.**

Ms. Weaver's Response does not address the factors that entitle Plaintiff to injunctive relief, aside from alleging that people will not commit suicide if she continues to infringe.  Ms. Weaver does not address any other factors that support granting injunctive relief and the multiple other irreparable harms that will occur because of her and her co-Defendants' unlawful conduct.

Ms. Weaver's Response provides that she was served with a cease and desist in November 2021, yet she posted copyrighted materials after that.  [Doc. 74 at 4 (stating she was served with a cease and desist in November 2021); *id.* at 5 (confirming that she posted Plaintiff's materials, the ownership of which she "disputes" but does not provide a legal basis for the dispute, after November 2021[1])]  Ms. Weaver does not dispute that there is irreparable harm to Plaintiff, although she "respectfully ask[s] the Court what 'irreparable harm' will be suffered by the Plaintiff[] if a Preliminary Injunction is not granted them [sic]?"  [Doc. 13]  Ms. Weaver does not dispute the absence of an adequate remedy at law or Plaintiff's likelihood of success in asserting claims involving the intellectual property of

---

[1]      Ms. Weaver has failed to develop any argument that disputes Plaintiff's ownership. If she did, as her co-Defendants, it would be legally unsound and at odds with multiple court decisions, as Plaintiff will address in Plaintiff's Reply to Mr. Bartel/Response to Mr. Bartel's Motions.

Plaintiff.  Ms. Weaver does not even attempt to argue, nor could she, that there would be a substantial hardship if the Court ordered her to not engage in the unlawful behavior, which should not be committed by her.

## II.     CONCLUSION.

Plaintiff respectfully requests that the Court disregard Ms. Weaver's Response or, if the Court does not believe that the automatic stay will be violated if injunctive relief is entered, enter an Order that: (1) prohibits Ms. Weaver from infringing upon Plaintiff's copyrights, (2) requires Ms. Weaver to deliver copyrighted materials to Plaintiff's counsel, and (3) requires Ms. Weaver and/or various online platforms to take down certain accounts and webpages that contain Plaintiff's copyrighted materials, as further described in the proposed order submitted to the Court on January 23, 2023.

RESPECTFULLY SUBMITTED this 13th day of February 2023.

/s/ Isaac S. Crum
MESSNER REEVES LLP
Isaac S. Crum (AZ Bar #026510)
(*Pro Hac Vice*)
icrum@messner.com
Daniel L. Marks (AZ Bar #034141)
(*Pro Hac Vice*)
dmarks@messner.com
7250 N. 16th Street, Suite 410
Phoenix, Arizona 85020
Telephone: (602) 641-6705
Facsimile: (303) 623-0552

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of February 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the filing to the parties listed below.  A copy of this filing was also sent via U.S. mail and email.

Cathy Weaver
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

Jason Bartel
N4019 Forest Drive
Hancock, WI 54943
jason_bartel@unioncab.com

Steven Robert Havel
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

*/s/ Mary Willson*

{07104567 / 3}