**EXHIBIT LIST TO**
**THE EVOLUTIONARY LEVEL ABOVE HUMAN, INC.**
**D/B/A THE TELAH FOUNDATION'S**
**REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION AGAINST**
**JASON BARTEL / RESPONSE TO JASON BARTEL'S MOTION TO BLOCK**
**REQUEST FOR A PRELIMINARY INJUNCTION [DOC. 72]**

**CASE NO. 3:22-CV-395-JD-MGG**

**THE EVOLUTIONARY LEVEL ABOVE HUMAN, INC. D/B/A THE TELAH**
**FOUNDATION**

**V.**

**STEVEN ROBERT HAVEL, ET AL.**

| EXHIBIT | DATE | TITLE OF DOCUMENT / DESCRIPTION |
|---------|------|-------------------------------|
| **A.** | **February 13, 2023** | **Declaration of Mark King.** |
| **1.** | February 22, 1999 | Statement of Decision that was entered in Superior Court of California, County of San Diego North County Branch Case No. PN02228. |
| **2.** | August 11, 1999 | Order Approving Agreement to Sell Estate Property and to Convey Trust Property to Trust Beneficiaries that was entered in Superior Court of California, County of San Diego North County Branch Case No. PN02228. |
| **3.** | July 9, 1999 | Consent Decree entered in United Stated District Court Northern District of California Case No. CV-98-00892 CRB. |

{07108172 / 1}

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | |
|---|---|
| The Evolutionary Level Above Human, Inc. d/b/a The Telah Foundation, an Arizona nonprofit corporation,<br><br>Plaintiff,<br><br>  v.<br><br>Steven Robert Havel,<br>Cathy JoAnn Weaver,<br>Jason Bartel,<br><br>          Defendants. | CASE NO. 3:22-CV-395-JD-MGG |

## DECLARATION OF MARK KING

I, Mark King, declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the following is true and correct. If called to testify in Court about these matters, I could and would competently testify to the following:

1.  I am over the age of eighteen and am a resident of Maricopa County, Arizona.

2.  I am the President and a director of The Evolutionary Level Above Human, Inc. d/b/a The Telah Foundation (the "Foundation" or "Plaintiff").

3.  I have personal knowledge of the matters stated in this Declaration or have such knowledge as a result of reviewing Plaintiff's business records.

4.  Plaintiff has maintained that it has owned the intellectual property of Heaven's Gate since 1997.

5.  Although there existed for a short period a dispute as to Plaintiff's ownership of the intellectual property of Heaven's Gate, multiple Court Orders have been entered that confirm that the Foundation is the legal owner of all of the intellectual property of Heaven's Gate.

6.     On March 26, 1997, 39 members of Heaven's Gate passed away (the "Decedents").

7.     Before passing, many of the Decedents sent to Mark and Sarah King, the Directors of the Foundation, powers of attorney, codes to storage units, maps, and the intellectual property of Heaven's Gate.   The Decedents conveyed to the Kings the intellectual property, including the master copies of every work that had been created for Heaven's Gate.

8.     Don Billings, a Public Administrator in the County of San Diego and Special Administrator of the decedents' estates, was appointed to administer "Summary Probate Proceedings provided for in [California] Probate Code § 7660 et seq." which were instituted for the decedents, and which were later consolidated into a single proceeding.

9.     The Foundation filed a creditor's claim in connection with the consolidated and jointly administered probate proceedings for the Decedents, and a three-day trial ensued over the ownership of certain property, including the intellectual property being asserted in this case.

10.     In February 1999, the California Superior Court, which handled the probate proceedings, held that the intellectual property was not properly gifted by the decedents, even though there were powers of attorneys provided and a clear intent to convey the property.   A copy of the Superior Court of California's Statement of Decision dated February 22, 1999, is attached hereto as Exhibit 1.

11.     The Foundation vehemently disagreed with this initial ruling by the California Superior Court since it was at odds with evidence presented during the three-day trial and the Foundation appealed.

12.     After the appeal was filed, the Foundation and Mr. Billings, as Public Administrator for the County of San Diego and Personal Representative for the Combined Estates of the Decedents, entered into an agreement with Plaintiff that conveyed to Plaintiff all of the intellectual property rights.

13.     The California Superior Court approved of the agreement.  A copy of the Superior Court of California, County of San Diego North County Branch Order Approving Agreement to Sell Estate Property and to Convey Trust Property to Trust Beneficiaries is attached hereto as Exhibit 2.

14.     The Superior Court of California's August 1999 Order confirmed the conveyance of "Intellectual Property" to Plaintiff.   [Exh. 2 at 11:7-8]

15.     The agreement was binding on "the successors, heirs, administrators, assigns of each of the parties and beneficiaries of their respective estates."  [Exh. 2 at 5:10-12]

16.     In July 1999, the United States District Court for the Northern District of California entered a Consent Decree, a copy of which is attached hereto as Exhibit 3, that states that the Foundation has "exclusive rights and responsibility for ownership and management of the intellectual property of The Class/the Heaven's Gate group (including the numerous other names used by the group), including copyrights and trademarks to books, videotapes, audiotapes, CD's websites, letters, other documents, names and symbols."  [Exh. 3 at 3:6-9, ¶ 8]

17.     The Foundation holds various Copyright Registrations and Trademark Registrations, including those submitted with the Complaint. [Doc. 1-1 (copyright registration for the Audiotape Library of Heaven's Gate); Doc. 1-2 (copyright registration for "Beyond Human – the Last Call"); Doc. 1-3 (trademark registration no. 3,824,482); Doc. 1-4 (trademark registration no. 3,816,596); Doc. 1-5 (trademark registration no. 5,148,959); Doc. 1-6 (copyright registration for "the C.B.E. (Celestial Being Entity)"); Doc. 1-7 (copyright registration for "How and When 'Heaven's Gate' (the Door to the Physical Kingdom Level Above Human) May be Entered – an Anthology of Our Materials")]

18.     Plaintiff has always believed that its copyright registrations are accurate.

/ / /

/ / /

19.     Plaintiff has firmly believed since 1997 that it is the *sole* owner of *all* of the intellectual property of Heaven's Gate.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: ____Feb 13, 2023_____ .

_Mark King_
Mark King (Feb 13, 2023 12:31 MST)
_____
Mark King
President
The Evolutionary Level Above Human, Inc. d/b/a The Telah Foundation, an Arizona nonprofit corporation

# EXHIBIT 1

0247

F I L E D

Clerk of the Superior Court

FEB 22 1999

BY: M. GARLAND

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | | |
|---|---|---|
| Estates of | ) | Case No. PN022228 |
| | ) | |
| JOHN MICHAEL CRAIG, also known as | ) | **STATEMENT OF DECISION** |
| LOGAN M. LAWSON, aka LOGAN LAHSON, | ) | |
| | ) | |
| Deceased. | ) | |
| | ) | |

The above-entitled cause came on regularly for trial on January 11, 1999, in Department A of the above-entitled court, the Honorable Lisa Guy-Schall, Judge, presiding. The matter was tried without a jury and concluded on January 13, 1999. Jillyn Hess-Verdon, Todd Irby, and Clara Mc Alinden, appeared as counsel for petitioner, the Telah Foundation, Inc., and John J. Sansone, County Counsel by Cheryl K. Carter and Lewis P. Zollinger, Senior Deputies, appeared as counsel for respondent, the Public Administrator for the County of San Diego.

Oral and documentary evidence was introduced on behalf of the respective parties, and the cause was argued and submitted for decision. Thereafter, the matter was taken under submission pending this Court's ruling at the hearing on consolidation of all estates set for February 19, 1999.

The Court, at the hearing held on February 19, 1999, granted the Motion to Consolidate to all thirty-nine estates with the intent that the decision herein would apply to all estates.

Accordingly, this Court, having considered the evidence and heard the arguments of all counsel and being fully advised, issues the following statement of decision:

### STATEMENT OF FACTS

The parties hereto stipulated to the following facts:

On March 26, 1997, 39 individuals associated into a group identified as "Heaven's Gate," expired in a residence in Rancho Santa Fe, California (Trial Exhibit Numbers 135, 136). Shortly prior to their deaths, on March 24, 1997, they sent a mailing to Mark and Sarah King which included powers of attorneys, documents regarding vehicles, passports, keys, maps, codes to storage units, unsigned letters, videotapes and other items (Trial Exhibit Numbers 1-3, 8-27, 33-38, 63, 74-76, 93-106, 132, 133).

On March 27, 1997, the San Diego County Sheriff's Department removed some, but not all, of the items in the residence of the decedents.

On April 1, 1997, the San Diego County Sheriff's Department removed some, but not all, of the items in two storage units located at Private Storage Systems, 2421 Barnham Drive, Escondido, CA.

In April 1997, Petitioners contacted the Public Administrator and requested a meeting. Petitioner met with Susan Jamme and Judith Evans of the Public Administrator's Office and explained what they received from the decedents.

On April 23, 1997, the Public Administrator asked Mark and Sarah King to return items of property they had received just prior to the deaths.  They returned two vehicles on May 13, 1997, along with keys and a bill of sale for a third vehicle already in the Public Administrator's possession (Trial Exhibit Number 89).  The Public Administrator for the County of San Diego was subsequently appointed Special Administrator on April 24, 1997 (Trial Exhibit Number 135, 136).  In his representative role, the Public Administrator marshaled and took possession of the personal property in the residence and the storage units and also received property that had been removed by the Sheriff's Department from both locations (Trial Exhibit Number 77).

///

On September 24, 1997, Petitioners filed a creditor's claim detailing a claim on decedents' assets in the Public Administrator's possession.

On December 23, 1997, the Public Administrator obtained an appraisal of the business entity known as Higher Source Contract Enterprises.  The appraisal indicated that the intellectual property owned by Higher Source Contract Enterprises was de minimus as of March 22, 1997 (Trial Exhibit Number 137).  As a result, the Public Administrator petitioned the Court on March 6, 1998, to terminate the special administration (Trial Exhibit Number 138).  The petition was granted on May 7, 1998.  Therefore, these 39 estates are being administered pursuant to Summary Probate Proceedings provided for in Probate Code § 7660 et seq. (Trial Exhibit Numbers 139-177).  The Court has directed that a motion be brought to consolidate the 39 estates.

The Public Administrator determined that the aggregate value of all 39 decedents' estates would not exceed $50,000.00.  He had received creditor claims for funeral and burial expenses of approximately $100,000.00 (Trial Exhibit Numbers 178-210).

On September 22, 24, and October 27, 1997, the Petitioner registered the following copyrights and trademarks:

A. The literary work entitled, "How and When Heaven's Gate (The Door to the Physical Kingdom Level Above Human) May Be Entered – An Anthology of Our Materials"

B. The audiovisual work entitled, "Last Chance to Evacuate Earth Before It's Recycled," "Plant About to Be Recycled – Your Only Chance to Survive – Leave With Us"

C. The audiovisual work entitled, "Do's Final Exit – Students of Heaven's Gate Expressing Their Thoughts Before Exit"

D. The audiovisual work entitled, "Beyond Human – The Last Call"

E. The sound recordings entitled, "The Audiotape Library of Heaven's Gate by TI and Do"

F. The audiovisual work entitled, "The C.B.E. (Celestial Being Entity)"

G. The fabric design entitled, "Heaven's Gate Away Team Patch"

///

- 3 -

1      At a later date, the Petitioner filed an application to have the trademark, "HEAVEN'S

2    GATE," registered.

3      The Public Administrator marshaled a Certificate of Trade Name Registration for Higher

4    Source Contract Enterprises (Trial Exhibit Number 211), and an application for Registration

5    for Trade Name for Telah Services (Trial Exhibit Number 212), which are in the name of

6    decedent Logan Lahson, aka John Craig.  In addition, he marshaled a Certificate of

7    Copyright Registration for Artwork for a screenplay entitled, "The Meeting," in the name of

8    decedent Olliver Odinwood and a Certificate of Copyright Registration for a motion picture

9    screenplay entitled, "The Meeting," in the name of individual decedent David CDody, a

10   pseudonym (Trial Exhibit Number 59, 60).  These certificates were recovered from the

11   decedent's residence.

12      Items on Exhibits 1 and 2 attached to this Statement of Decision are a comprehensive

13   listing of property at issue.  Exhibit 1 is a listing of gifts made in view of impending death.

14   Items listed in Exhibit 2 were controverted by the parties.  Intellectual property listed

15   throughout Exhibits 1 and 2 were controverted by the parties.

16                    **FINDINGS OF FACT AND DECISION**

17    1.     This Court finds that no gift was made of items listed on Exhibit 2.  This finding

18   is based upon the following facts:

19      The items on Exhibit 2 were in the possession of the decedents upon their deaths,

20   either in their residence, or on their person.

21      The decedents themselves wrote a letter to Sam, Fifi, Tawny and Tony (Sam referring

22   to Sam Koutchesfahani, their landlord), stating on page one of Trial Exhibit No. 74:

23      "The test for you now is that our task here on earth is over and its time for us to go
      home – to return to the Kingdom of Heaven from where we came",

24

25   and on page two:

26

27      "The authorities may want to confiscate or hold for estate purpose TV's, bunks and
      other equipment that belongs to us.  As far as we're concerned we would like for you to
      have what is left in the house if the authorities will allow it."

28

According to Trial Exhibit 1, the decedents asked Mark and Sarah King to mail this letter to Sam, stating in an undated letter to MRC/SRF, on page one:

"It is likely that the items currently in the residence will not be easily available to you – so we did mention to our landlord, Sam, who might have better luck with the authorities in claiming some of those items, since he owns the house, that he could have whatever valuables are there..."

A gift is defined as a transfer of personal property made voluntarily and without consideration (Probate Code § 5700). Here it is clear no pre-mortem transfer ever occurred because the decedents intended Sam Koutchesfahani to have the contents of the residence after their deaths. Thus, decedents retained control and possession of personal property in Exhibit 2. A donor must intend to confer a present right on a donee, the delivery, however, must be a gift in presenti, not for the purpose of making a future disposal of it under the directions of the donor" (*Hart v. Ketchum* (1898) 121 Cal 426, 428).

2.  Regarding the Gifts in View of Impending Death listed in Exhibit 1, the respondents have the right to recover said gifts, sell them, apply the proceeds to pay creditor's claims and return unused proceeds to petitioner, if any.

This Court bases its decision on the following findings of facts:

All items in Exhibit 1 are gifts made in view of impending deaths. Don Billings, Public Administrator for the County of San Diego and Personal Representative herein, testified that the aggregate value of these estates is approximately $50,000.00. Creditor's claims have been filed for funeral expenses of approximately $100,000.00 An appraisal of the intellectual property owned by Higher Source Contract Enterprises stated its value was de minimus as of March 22, 1997. Therefore, the estates are insolvent, and creditor's claims exceed their value.

A gift in view of impending death is subject to rights of the creditors of the giver (Probate Code § 5704). Since the personal representative has insufficient assets to pay creditors, the property in Exhibit 1 is subject to recovery by the personal representative herein (Probate Code § 9652).

///

Since the "primary object is to enable the trustee to reduce that asset to possession and administer it for the benefit of creditors under the direction and supervision of the probate court" (*Goldstein v. Prien* (1956) 143 Cal.App.2d 123, 127), this Court will not require the Public Administrator to file another action when the same parties, issues and facts are presently before this Court.  Petitioners' request to the contrary is without merit, unduly harmful to the creditors, and invites a multiplicity of suits.

3.     Regarding the ownership of intellectual property, this Court determines that the estates own all intellectual property interests together with the tangible assets from which those interests are derived.  This determination is based upon the following findings of fact:

Although Petitioners presented evidence of post-mortem registrations of the literary work entitled, "How and When Heaven's Gate (The Door to the Physical Kingdom Level Above Human) May Be Entered – An Anthology of Our Materials;" the audiovisual works entitled, "Last Chance to Evacuate Earth Before It's Recycled," "Plant About to Be Recycled – Your Only Chance to Survive – Leave With Us," "Do's Final Exit – Students of Heaven's Gate Expressing Their Thoughts Before Exit," "Beyond Human – The Last Call," "The C.B.E. (Celestial Being Entity"); the trade name Heaven's Gate; and the sound recordings entitled, "The Audiotape Library of Heaven's Gate by Ti and Do."  Nevertheless, there is no evidence of any writing which explicitly conveyed or transferred ownership of all this intellectual property to the Petitioners.  There was no writing actually signed by the decedents except the Durable Power of Attorney, which became void upon their deaths.

Sarah King testified that, "How and When Heaven's Gate (The Door to the Physical Kingdom Level Above Human) May Be Entered – An Anthology of Our Materials," Last Chance to Evacuate Earth Before It's Recycled," Plant About to Be Recycled – Your Only Chance to Survive – Leave With Us," "Do's Final Exit – Students of Heaven's Gate Expressing Their Thoughts Before Exit," and "Beyond Human – The Last Call," were all given to the petitioners by the group for the express purpose of distributing copies and receiving

///

- 6 -

returned copies. Thus, she and her husband, Mark, were agents or distributors, but no more.

Two "Heaven's Gate Away Team" patches were mailed in identical mailings to the Petitioners and others according to Rio Di Angelo. There is no evidence that by these mailings the Petitioners also received the intellectual property rights to the patches. Therefore, there is no evidence that a pre-mortem transfer of the intellectual property rights occurred.

As for the painting, "C.B.E." it was delivered to Petitioners in February of 1977, with words of gratitude, according to Sarah King. Yet, there is no evidence that decedents gave intellectual property rights in the painting to the Petitioners as well.

There is no evidence, written or otherwise, transferring ownership of intellectual property rights in the "The Audiotape Library of Heaven's Gate by Ti and Do."

Any transfer of ownership of intellectual property, other than by operation of law, is invalid unless an instrument of conveyance, or a note or memorandum of the transfer is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent (17 U.S.C. § 204 (a)). Furthermore, it is well settled that a copyright is distinct from the material object in which its expressive content is embodied (17 U.S.C. § 202). Transfer of the physical object does not transfer the copyright and vice versa (17 U.S.C. § 202).

Since there is no written instrument transferring ownership of the intellectual property to the petitioners, the estates own all intellectual property as tenants in common.

4. The Petitioners' request for attorneys' fees I denied.

Generally, attorney fees are not awarded unless specifically provided for by statute (Code of Civil Procedure § 2021). Probate Code § 9860 does not provide for payment of attorney fees and the Petitioners cite this Court to none.

To the extent Petitioners may be requesting attorney's fees based upon a fiduciary duty which was owed to them by the Public Administrator which was allegedly breached, this Court makes the following observations:

-7-

1    The Public Administrators powers and duties were set forth in the order appointing

2    him as special administrator [Exhibit No. 135]. This order did not include the powers of a

3    general person representative or the right to commence, maintain, or defend suits and

4    other legal proceedings (Probate Code § 8544). A special administrator appointed to

5    perform a particular act has no duty to take any other action to protect the estate

6    (Probate Code § 8544 (d)). Furthermore, in the performance of those duties imposed upon

7    him, the Public Administrator treated the Petitioners no differently than any other

8    claimants similarly situated.

9    5.    The Public Administrator's request for an award of sanctions against the

10   Petitioners pursuant to Code of Civil Procedure § 128.5 is granted.

11   This award is based upon the following findings of fact:

12   The essential facts of this case are not, and have not been, in material dispute. Thirty-

13   nine individuals died leaving property subject to estate administration. The estates are

14   insolvent, the creditor's claims for burial and funeral expenses exceed the value of these

15   estates by a margin of two to one. Ownership rights to a substantial portion of the

16   property in the estates was never transferred to the Petitioners. That which was

17   transferred was a gift in view of impending death. Either way, property in the estates was

18   indisputably subject to creditors' claims and the Petitioner's claim to the contrary was

19   without merit.

20   Petitioners filed this action actually asking for relief that no trial court could grant. A

21   trial court cannot make a will for a decedent. The decedents' alleged intent could not take

22   the place of statutory formalities and alleged wishes could not control and direct

23   disposition of a decedent's property without the law to give them substance. No evidence

24   of pre-mortem transfer of the items in Exhibit 2 was offered. No evidence was offered

25   contesting the value of the estates or the propriety of the creditors' claims. Except for

26   three bills of sale and thirty-nine Powers of Attorney, no signed writing of any kind was

27   offered into evidence. For these reasons, this action was frivolous and without merit.

28   ///

1  Prosecution of a frivolous action may in itself be evidence from which a finding of

2  subjective bad-faith can be made, for purposes of award of sanction (*West Coast*

3  *Development v. Reed* (1992) 2 Cal.App.4th 693, 702).

4  By having to defend this frivolous action, the estates now have even fewer assets

5  available to pay toward the creditors' priority claims.  An award of sanctions remedies

6  some of the inequity resulting to the creditors.

7  Judgment is hereby ordered as follows:

8  1.  All right, title and possession of property listed on Exhibit 2 is vested in the

9  Estates of John M. Craig, Dana Abreo, Marshall Herf Applewhite, Robert John Arancio,

10  Raymond Alan Bowers, La Donna Ann Brugato, Margaret Jane Bull, Cheryl Elaine Butcher,

11  Betty Eldrie Deal, Erika Ernst, Julie A. La Montagne, Jacqueline O. Leonard, Jeffery Howard

12  Lewis, David Geoffrey Moore, Gail Renee Maeder, Steven Terry McCarter, Joel Peter

13  McCormick, Yvonne McCuddy-Hill, Nancy Diane Nelson, Norma Jeanne Nelson, Thomas Alva

14  Nichols, Lindley Ayerhurt Pease, Susan Elizabeth Paup, Margaret Ella Richter, Judith Ann

15  Rowland, Michael Barr Sandoe, Brian Alan Schaaf, David Cabot Van Sinderen, Joyce Angela

16  Skalla, Gary Jordan St. Louis, Susan Frances Strom, Denise Thurman, Gordon Thomas Welch,

17  Alphonzo Foster, Lucy Pesho, Michael Carrier, Darwin Johnson, Lawrence Gale, and Suzanne

18  Cooke.

19  2.  All right, title and possession of all property listed on Exhibit 1 is vested in Don

20  Billings, Public Administrator for the County of San Diego, as Personal Representative for

21  Estates of John M. Craig, Dana Abreo, Marshall Herf Applewhite, Robert John Arancio,

22  Raymond Alan Bowers, La Donna Ann Brugato, Margaret Jane Bull, Cheryl Elaine Butcher,

23  Betty Eldrie Deal, Erika Ernst, Julie A. La Montagne, Jacqueline O. Leonard, Jeffery Howard

24  Lewis, David Geoffrey Moore, Gail Renee Maeder, Steven Terry McCarter, Joel Peter

25  McCormick, Yvonne McCuddy-Hill, Nancy Diane Nelson, Norma Jeanne Nelson, Thomas Alva

26  Nichols, Lindley Ayerhurt Pease, Susan Elizabeth Paup, Margaret Ella Richter, Judith Ann

27  Rowland, Michael Barr Sandoe, Brian Alan Schaaf, David Cabot Van Sinderen, Joyce Angela

28  Skalla, Gary Jordan St. Louis, Susan Frances Strom, Denise Thurman, Gordon Thomas Welch,

Alphonzo Foster, Lucy Pesho, Michael Carrier, Darwin Johnson, Lawrence Gale, Suzanne Cooke, as trustee for petitioner Telah Foundation. Said trustee shall sell all valuable property listed on Exhibit 1, liquidating said property to cash and apply said cash to payment of approved creditors' claims filed against the aforesaid estates. Any amount in excess of claims shall be returned to Telah Foundation.

3.      All right, title and possession of all intellectual property is vested in the Estates of John M. Craig, Dana Abreo, Marshall Herf Applewhite, Robert John Arancio, Raymond Alan Bowers, La Donna Ann Brugato, Margaret Jane Bull, Cheryl Elaine Butcher, Betty Eldrie Deal, Erika Ernst, Julie A. La Montagne, Jacqueline O. Leonard, Jeffery Howard Lewis, David Geoffrey Moore, Gail Renee Maeder, Steven Terry McCarter, Joel Peter McCormick, Yvonne McCuddy-Hill, Nancy Diane Nelson, Norma Jeanne Nelson, Thomas Alva Nichols, Lindley Ayerhurt Pease, Susan Elizabeth Paup, Margaret Ella Richter, Judith Ann Rowland, Michael Barr Sandoe, Brian Alan Schaaf, David Cabot Van Sinderen, Joyce Angela Skalla, Gary Jordan St. Louis, Susan Frances Strom, Denise Thurman, Gordon Thomas Welch, Alphonzo Foster, Lucy Pesho, Michael Carrier, Darwin Johnson, Lawrence Gale, Suzanne Cooke.

4.      Petitioners shall bear their own attorneys' fees and costs.

5.      Petitioners are sanctioned and directed to pay attorneys' fees and costs of the Public Administrator.

DATED: 2/22/99

LISA GUY-SCHALL
JUDGE OF THE SUPERIOR COURT

EXHIBIT 2

```
 1   JILLYN HESS-VERDON, (SBN: 146626)
     TODD D. IRBY, (SBN: 153485)
 2   HESS-VERDON & ASSOCIATES
     1301 Dove Street, Suite 670
 3   Newport Beach, California 92660
     Attorneys for The TELAH FOUNDATION
 4   Telephone: (949) 474-5460
     Fax: (949) 474-5470
 5
 6
 7
 8           SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
 9                        NORTH COUNTY BRANCH
10   Estates of                        )  No.   PN022228
                                        )
11   JOHN MICHAEL CRAIG, also known as  )  ORDER APPROVING AGREEMENT TO
     LOGAN M. LAWSON, aka LOGAN LAHSON, )  SELL ESTATE PROPERTY AND TO
12   DANA ABREO, MARSHALL HERF          )  CONVEY TRUST PROPERTY TO
     APPLEWHITE, ROBERT JOHN ARANCIO,   )  TRUST BENEFICIARIES
13   RAYMOND ALAN BOWERS, LA DONNA ANN  )
     BRUGATO, MARGARET JANE BULL,       )
14   CHERYL ELAINE BUTCHER, BETTY       )  JUDGE: HON. LISA GUY-SCHALL
     ELDRIE DEAL, ERIKA ERNST, JULIE    )  DEPT:  28
15   A. LA MONTAGNE, JACQUELINE O.      )
     LEONARD, JEFFERY HOWARD LEWIS,     )
16   DAVID GEOFFREY MOORE, GAIL RENEE   )
     MAEDER, STEVEN TERRY MCCARTER,     )
17   JOEL PETER MCCORMICK, YVONNE       )
     MCCUDDY-HILL, NANCY DIANE NELSON,  )
18   NORMA JEANNE NELSON, THOMAS ALVA   )
     NICHOLS, LINDLEY AYERHURT PEASE,   )
19   SUSAN ELIZABETH PAUP, MARGARET     )
     ELLA RICHTER, JUDITH ANN ROWLAND,  )
20   MICHAEL BARR SANDOE, BRIAN ALAN    )
     SCHAAF, DAVID CABOT VAN SINDEREN,  )
21   JOYCE ANGELA SKALLA, GARY JORDAN   )
     ST. LOUIS, SUSAN FRANCES STROM,    )
22   DENISE THURMAN, GORDON THOMAS      )
     WELCH, ALPHONZO FOSTER, LUCY       )
23   PESHO, MICHAEL CARRIER, DARWIN     )
     JOHNSON, LAWRENCE GALE, and        )
24   SUZANNE COOKE,                     )
                                        )
25                          Deceased    )
26
27
                                   1
28
```

FILED
Clerk of the Superior Court

AUG 1 1 1999

BY: M. GARLAND

Order Approving Settlement Agreement

1

2       The PROPOSED AGREEMENT TO SELL ESTATE PROPERTY AND TO CONVEY

3  TRUST PROPERTY TO TRUST BENEFICIARIES, (hereinafter, the

4  "Agreement") filed by Don Billings, the Public Administrator, County

5  of San Diego, administrator of the Estates of John M. Craig, Dana

6  Abreo, Marshall Herf Applewhite, Robert John Arancio, Raymond Alan

7  Bowers, La Donna Ann Brugato, Margaret Jane Bull, Cheryl Elaine

8  Butcher, Betty Eldrie Deal, Erika Ernst, Julie A. La Montagne,

9  Jacqueline O. Leonard, Jeffery Howard Lewis, David Geoffrey Moore,

10  Gail Renee Maeder, Steven Terry McCarter, Joel Peter McCormick,

11  Yvonne McCuddy-Hill, Nancy Diane Nelson, Norma Jeanne Nelson,

12  Thomas Alva Nichols, Lindley Ayerhurt Pease, Susan Elizabeth Paup,

13  Margaret Ella Richter, Judith Ann Rowland, Michael Barr Sandoe,

14  Brian Alan Schaaf, David Cabot Van Sinderen, Joyce Angela Skalla,

15  Gary Jordan St. Louis, Susan Frances Strom, Denise Thurman, Gordon

16  Thomas Welch, Alphonzo Foster, Lucy Pesho, Michael Carrier, Darwin

17  Johnson, Lawrence Gale, Suzanne Cooke, came on regularly for

18  hearing on August 6, 1999 at 1:30 p.m., in Department 28, of the

19  above-entitled Court, the Honorable Judge Lisa Guy-Schall

20  presiding.   The Public Administrator was represented by his

21  attorney, John J. Sansone, County Counsel, by Cheryl K. Carter,

22  Senior Deputy.   The TELAH FOUNDATION was represented by its

23  attorneys Jillyn Hess-Verdon, and Todd D. Irby; no other

24  appearances were made.

25       Upon satisfactory proof being made to the Court, the Court

26  finds:

27

28

2

---

Order Approving Settlement Agreement

1.   Notice of the Time and Place of the Hearing on the Agreement has been given in the manner prescribed by law;

2.   Notice of the Agreement and the Parties' request for its approval was made in the manner prescribed by law; and

3.   All of the allegations contained in the Agreement are true.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the execution of the agreement which provides the following:

<u>RECITALS</u>

(1)   The parties herein are Respondent, Don Billings, Public Administrator for the County of San Diego and Personal Representative for the following Estates: John M. Craig, Dana Abreo, Marshall Herf Applewhite, Robert John Arancio, Raymond Alan Bowers, La Donna Ann Brugato, Margaret Jane Bull; Cheryl Elaine Butcher, Betty Eldrie Deal, Erika Ernst, Julie A. La Montagne, Jacqueline O. Leonard, Jeffery Howard Lewis, David Geoffrey Moore, Gail Renee Maeder, Steven Terry McCarter, Joel Peter McCormick, Yvonne McCuddy-Hill, Nancy Diane Nelson, Norma Jeanne Nelson, Thomas Alva Nichols, Lindley Ayerhurt Pease, Susan Elizabeth Paup, Margaret Ella Richter, Judith Ann Rowland, Michael Barr Sandoe, Brian Alan Schaaf, David Cabot Van Sinderen, Joyce Angela Skalla, Gary Jordan St. Louis, Susan Frances Strom, Denise Thurman, Gordon Thomas Welch, Alphonzo Foster, Lucy Pesho, Michael Carrier, Darwin Johnson, Lawrence Gale, and Suzanne Cooke; and Petitioners, Mark King and Sarah King, on behalf of the TELAH FOUNDATION.

(2)   A controversy exists between the Parties as to the

---

3

1  ownership of certain property which was litigated in Superior Court
2  Case #PN022228.

3      (3)  On February 22, 1999 Judge Lisa Guy-Schall rendered a
4  Statement of Decision in Superior Court Case #PN022228 determining
5  that all right, title and possession of property listed on Exhibit
6  Two (referenced therein) is vested in the aforestated Estates; that
7  all right, title, and possession of the property listed on Exhibit
8  One (referenced therein) is vested in Don Billings as Trustee for
9  The TELAH FOUNDATION, and that all valuable property would be
10  liquidated to cash and applied to the payment of approved
11  creditors' claims filed against the aforesaid Estates, with any
12  excess proceeds of Exhibit One items returning to the TELAH
13  FOUNDATION; and that all intellectual property involved in the
14  dispute is vested in the aforesaid Estates.

15      (4)  Further, attorneys' fees and costs of the Public
16  Administrator were awarded and ordered by the court to be paid by
17  the TELAH FOUNDATION.

18      (5)  The Parties have considered their competing claims, the
19  dispute, and the appellate rights in Superior Court Case #PN022228
20  associated thereto.

21      (6)  The TELAH FOUNDATION filed a Notice of Appeal to preserve
22  its rights to appeal the Statement of Decision by Judge Guy-Schall
23  in its entirety.

24      (7)  This agreement affects only the Parties' rights and
25  interests in the intellectual and tangible property held by the
26  Public Administrator.

27

28  _____ 4 _____

Order Approving Settlement Agreement

1    (8)   The Parties further agree that this agreement is in the

2  best interests of the Parties and heirs as it will provide

3  protection as to certain items of property from sale for commercial

4  purposes; provides some cash; and allows remaining items of

5  property to be subject to estate administration (by releasing

6  issues as to ownership of the property from the appellate process).

7

8                              AGREEMENT

9    IT IS HEREBY AGREED as follows:

10    (1)   The Parties agree this Agreement shall be binding on all

11  the successors, heirs, administrators, assigns of each of the

12  parties and beneficiaries of their respective estates.

13    (2)   Don Billings, Public Administrator, and trustee for TELAH

14  FOUNDATION for certain property determined to be gifts made in view

15  of impending death by the decedents herein (Exhibit One of

16  Statement of Decision referenced therein), hereby agrees to

17  transfer and convey to TELAH FOUNDATION by and through Mark King

18  and Sarah King all right, title and possession of the following

19  property, including any intellectual property rights, in exchange

20  for the TELAH FOUNDATION's promise to release and waive all rights

21  of appeal pertaining to all other items of property of the

22  aforesaid estates in the possession of the Public Administrator,

23  thereby permitting the Public Administrator to liquidate said

24  property without delay.   In addition, the TELAH FOUNDATION promises

25  to safeguard, archive and control these items thereby agreeing to

26  not sell them.   Finally, the TELAH FOUNDATION waives the right to

27

28  _____ 5 _____

1  any proceeds from the liquidation of items retained by the Public

2  Administrator.   Accordingly, Don Billings conveys to the TELAH

3  FOUNDATION all right, title and possession of the following:

4  LIST OF TRUST ASSETS BEING
   CONVEYED TO TRUST BENEFICIARY
5  TELAH FOUNDATION

6  Blue Bag Containing Floppy Disks; Sheriff's Evidence List, Item #131

7  Blue Bag Containing Papers, Small Black Binder; Sheriff's Evidence List, Item #132

8  Black Attache Case Containing Misc. Papers, Office Items; Sheriff's Evidence List, Item #133

9  Green Attache Containing Floppy Disks; Sheriff's Evidence List, Item #134

10 Black Organizer Containing Papers and Floppy Disks; Sheriff's Evidence List, Item #135

11 Black Briefcase Containing Floppy Disks, Toolkit, Hard Disk, CD-ROM, Personal Organizer; Sheriff's Evidence List, Item #136

12 Dark Gray Briefcase Containing Floppy Disks; Sheriff's Evidence List, Item #137

13 Black Attache Containing Papers and Floppy Disks; Sheriff's Evidence List, Item #138

14 Blue Garment Bag Containing Pillow Cases, Misc. Items; Sheriff's Evidence List, Item #139

15 Tool Kit in Black Carrying Case; Sheriff's Evidence List, Item #140

16 Box Containing 4 Video Tapes (TV Interview Tapes); Sheriff's Evidence List, Item #141

17 Black Box Containing Video Tapes (Planet About To Be Recycled); Sheriff's Evidence List, Item #142

18 Box Containing Video Tapes (Beyond Human); Sheriff's Evidence List, Item #143

19 Box Containing Video Tapes (Planet About To Be Recycled); Sheriff's Evidence List, Item #144

20 Box Containing Video Tapes (Beyond Human); Sheriff's Evidence List, Item #145

21 Box Containing Video Tapes (Last Chance to Evacuate Earth); Sheriff's Evidence List, Item #146

22 Box Containing Video Tapes (Last Chance to Evacuate Earth); Sheriff's Evidence List, Item #147

23 Box Containing Video Tapes (Beyond Human); Sheriff's Evidence List, Item #148

24 Box Containing Video Tapes (Last Chance to Evacuate Earth); Sheriff's Evidence List, Item #149

25 Box Containing Video Tapes (Last Chance to Evacuate Earth); Sheriff's Evidence List, Item #150

26 Box Containing Video Tapes (Last Chance to Evacuate Earth); Sheriff's Evidence List, Item #151

27 Box Containing Video Tapes (Last Chance to Evacuate Earth);

28

Order Approving Settlement Agreement

1  Sheriff's Evidence List, Item #152
   Box Containing Video Tapes (Planet About to Be Recycled); Sheriff's
2  Evidence List, Item #153
   Box Containing Video Tapes (Planet About to Be Recycled); Sheriff's
3  Evidence List, Item #154
   Box Containing Video Tapes (Beyond Human) and Audio Cassettes;
4  Sheriff's Evidence List, Item #155
   Box Containing Video Tapes (Beyond Human); Sheriff's Evidence List,
5  Item #156
   Box Containing Video Tapes (Unlabeled); Sheriff's Evidence List,
6  Item #157
   Box Containing Video Tapes (Session Tapes-Beyond Human) and Audio
7  Cassettes; Sheriff's Evidence List, Item #158
   Box Containing Video Tapes (All But 4-Planet About to Be Recycled-
8  Other 4 are Beyond Human); Sheriff's Evidence List, Item #159
   Box Containing Video Tapes (Last Chance to Evacuate Earth);
9  Sheriff's Evidence List, Item #160
   Box Containing Video Tapes (Various Titles-Master Tapes Beyond
10 Human Series); Sheriff's Evidence List, Item #161
   Box Containing Audio Cassettes; Sheriff's Evidence List, Item #162
11 Box Containing Audio Cassettes; Sheriff's Evidence List, Item #163
   Box Containing Audio Cassettes; Sheriff's Evidence List, Item #164
12 Box Containing Audio Cassettes; Sheriff's Evidence List, Item #165
   Box Containing Papers, Spiral Notebooks; Sheriff's evidence List,
13 Item #166
   Box Containing Papers; Sheriff's Evidence List, Item #167
14 Box Containing Misc. Computer Manuals, Disks; Sheriff's Evidence
   List, Item #168
15 Box Containing Papers Entitled "95 Statement by an ET Presently
   Incarnate"; Sheriff's Evidence List, Item #169
16 Accordion Folder Containing Misc. Papers; Sheriff's Evidence List,
   Item #170
17 Box Containing Heaven's Gate Manuals; Sheriff's Evidence List, Item
   #171
18 Box Containing Heaven's Gate Manuals; Sheriff's Evidence List, Item
   #172
19 Box Containing Heaven's Gate Manuals; Sheriff's Evidence List, Item
   #173
20 Box Containing Heaven's Gate Manuals, Papers and Floppy Disks;
   Sheriff's Evidence List, Item #174
21 Box Containing Loose Papers; Sheriff's Evidence List, Item #175
   Box Containing Notebooks, Papers and Floppy Disks; Sheriff's
22 Evidence List, Item #176
   Red Crate Containing Floppy Disks; Sheriff's Evidence List, Item
23 #177
   Plastic Box Containing Heaven's Gate Manuals; Sheriff's Evidence
24 List, Item #178
   Plastic Box Containing Heaven's Gate Manuals; Sheriff's Evidence
25 List, Item #179
   Pink Wallet with Discs
26 Cardboard Box Containing Mailers
   Blue Nylon Bag Containing Misc. Clippings Docs
27

28                                        7

                        Order Approving Settlement Agreement

1  Black Bag Containing Misc.  Docs
   Green Nylon Bag Containing Discs
2  Computer Hard Drive IBM 50858185170
   Computer Hard Drive Server No I.D.
3  Green Nylon Bag Containing Discs
   Computer Hard Drive No I.D.
4  Cardboard Box Containing Discs
   Manilla Envelope Containing Photos
5  Purple Wallet Containing Discs
   Cardboard Box Containing Bag with Discs
6  Disc File Holder
   Cardboard Box Misc. Docs
7  Heaven's Gate Away Team Patches

8      (3)  Don   Billings,   Public   Administrator,   as   Personal

9  Representative  of  the  Estates  of:  John  M.  Craig,  Dana  Abreo,

10 Marshall  Herf  Applewhite,  Robert  John  Arancio,  Raymond  Alan  Bowers,

11 La  Donna  Ann  Brugato,  Margaret  Jane  Bull,  Cheryl  Elaine  Butcher,

12 Betty  Eldrie  Deal,  Erika  Ernst,  Julie  A.  La  Montagne,  Jacqueline  O.

13 Leonard,  Jeffery  Howard  Lewis,  David  Geoffrey  Moore,  Gail  Renee

14 Maeder,  Steven  Terry  McCarter,  Joel  Peter  McCormick,  Yvonne

15 McCuddy-Hill,  Nancy  Diane  Nelson,  Norma  Jeanne  Nelson,  Thomas  Alva

16 Nichols,  Lindley  Ayerhurt  Pease,  Susan  Elizabeth  Paup,  Margaret

17 Ella  Richter,  Judith  Ann  Rowland,  Michael  Barr  Sandoe,  Brian  Alan

18 Schaaf,  David  Cabot  Van  Sinderen,  Joyce  Angela  Skalla,  Gary  Jordan

19 St.  Louis,  Susan  Frances  Strom,  Denise  Thurman,  Gordon  Thomas

20 Welch,  Alphonzo  Foster,  Lucy  Pesho,  Michael  Carrier,  Darwin

21 Johnson,  Lawrence  Gale,  and  Suzanne  Cooke,  and  as  Trustee  for  the

22 TELAH  FOUNDATION,  agrees  to  sell  the  following  property  to  the

23 TELAH  FOUNDATION,  by  and  through  Mark  King  and  Sarah  King  for  the

24 sum  of  $2,000.00  thereby  transferring  all  right,  title  and

25 possession:

26                 TRUST AND ESTATE PROPERTY SOLD
                      TO TELAH FOUNDATION
27

28 ─────────────────────── 8 ───────────────────────

Order Approving Settlement Agreement

Business Records in box marked "PURSER"
Y/M Wide Band Wedding Ring
Yellow Metal Ring
Blk. Bag w/misc. clothing and papers
State of Arizona Certificate of Trade Name Higher Source Contract
Enterprises Regis 12/11/95; Exp. 12/11/2000; Trade Name #151844
on behalf of Logan Lahson
Form SS-4 Application for Employer ID# John M. Craig DBA Logan
Lahson
1 Ctn. Framed and Unframed Artwork/Signs
1 Envelope w/orig. Documents; orig. Copyright Screenplay THE
MEETING, orig. Copyright Artwork for Screenplay and 2 Bills of
Sale by Authors of THE MEETING to group member
3 Drawer File Cabinet, 2 Drawer File Cabinet
Application for Trade Name for Telah Services and Attachments
2-Drawer Filing Cabinet; Sheriff's Evidence List, Item #41
Notebook Computer; Sheriff's Evidence List, Item #43
Mouse; Sheriff's Evidence List, Item #43.01
Desktop Computer CPU; Sheriff's Evidence List, Item #44
Keyboard; Sheriff's Evidence List, Item #44.01
Monitor; Sheriff's Evidence List, Item #44.02
Mouse; Sheriff's Evidence List Item #44.03
Data Transfer A/B Switch Box; Sheriff's Evidence List, Item #45
Notebook Computer; Sheriff's Evidence List, Item #46
Mouse; Sheriff's Evidence List, Item #46.01
Notebook Computer; Sheriff's Evidence List, Item #47
Mouse; Sheriff's Evidence List, Item #47.01
Notebook Computer; Sheriff's Evidence List, Item #48
Mouse; Sheriff's Evidence List, Item #48.01
Mini Tower CPU 386SX; Sheriff's Evidence List, Item #49
Keyboard; Sheriff's Evidence List, Item #49.01
Monitor; Sheriff's Evidence List, Item #49.02
Mouse; Sheriff's Evidence List, Item #49.03
Desktop CPU; Sheriff's Evidence List, Item #50
Keyboard; Sheriff's Evidence List, Item #50.01
Monitor; Sheriff's Evidence List, Item #50.02
Mouse; Sheriff's Evidence List, Item #50.03
Tower Computer; Sheriff's Evidence List, Item #51
Keyboard; Sheriff's Evidence List, Item #51.01
Monitor ; Sheriff's Evidence List, Item #51.02
Mouse; Sheriff's Evidence List, Item #51.03
Stereo Speakers; Sheriff's Evidence List, Item #51.04
Fax/Modem; Sheriff's Evidence List, Item #51.05
Notebook Computer; Sheriff's Evidence List, Item #52
Monitor; Sheriff's Evidence List, Item #52.01
Mouse; Sheriff's Evidence List, Item #52.03
Printer; Sheriff's Evidence List, Item #53
Desktop CPU Case; Sheriff's Evidence List, Item #54
Keyboard; Sheriff's Evidence List, Item #54.01
Mouse; Sheriff's Evidence List, Item #54.03
Monitor; Sheriff's Evidence List, Item #54.02
2-Drawer Filing Cabinet; Sheriff's Evidence List, Item #55

9

Order Approving Settlement Agreement

```
 1   3-Drawer Filing Cabinet; Sheriff's Evidence List, Item #56
     Books from Bookshelf (3 boxes); Sheriff's Evidence List, Item #57
 2   Papers; Sheriff's Evidence List, Item #58
     Misc.  Floppy Disks; Sheriff's Evidence List, Item #59
 3   4-Drawer Filing Cabinet; Sheriff's Evidence List, Item #60
     2-Drawer Filing Cabinet; Sheriff's Evidence List, Item #61
 4   Video Cassettes; Sheriff's Evidence List, Item #64
     Black Plastic Box Containing Patches; Sheriff's Evidence List,
 5   Item #65
     3 Papers, Different Titles; Sheriff's Evidence List, Item #66
 6   2 Manuals "How and When Heaven's Gate May Be Entered"; Sheriff's
     Evidence List, Item #67
 7   2-Drawer Filing Cabinet; Sheriff's Evidence List, Item #68
     Gray Plastic File Box; Sheriff's Evidence List, Item #69
 8   Brown Plastic File Box; Sheriff's Evidence List, Item #70
     Gray Plastic File Box; Sheriff's Evidence List, Item #71
 9   Misc.  Loose Papers, Envelopes and Binders; Sheriff's Evidence
     List, Item #72
10   Blue Plastic Box; Sheriff's Evidence List, Item #73
     Blue Plastic Box; Sheriff's Evidence List, Item #74
11   VHS Tapes; Sheriff's Evidence List, Item #195
     VHS Tapes; Sheriff's Evidence List, Item #196
12   VHS Tapes; Sheriff's Evidence List, Item #197
     Box Containing Misc.  Items; Sheriff's Evidence List, Item #198
13   Box Containing Cassettes; Sheriff's Evidence List, Item #199
     Computer Disks; Sheriff's Evidence List, Item #200
14   VHS Tapes; Sheriff's Evidence List, Item #201
     Empty VHS Cases; Sheriff's Evidence List, Item #202
15   VHS Tapes; Sheriff's Evidence List, Item #203
     Clipboard and Three Ring Binder "Checkout" and Roster; Sheriff's
16   Evidence List, Item #40
     "Why We Must Leave At This Time" and "Earth Exit Statement";
17   Sheriff's Evidence List, Item #58
     Computer Disks; Sheriff's Evidence List, Item #62
18   Two Cassettes (Audio Only); Sheriff's Evidence List, Item #63
     File of Disks; Sheriff's Evidence List, Item #77
19   Manila Envelope Containing Documents; Sheriff's Evidence List,
     Item #188
20   Manila Envelope Containing Five (5) White Envelopes (Travel
     Documents); Sheriff's Evidence List, Item #189
21   Bank Bag with Calculator; Gas Receipts and Notebook
     Computer Mini-Tower
22   Ctn. W/Computer (Insight)
     Tower Computer Marked as "SERVER" on Tape; Sheriff's Evidence
23   List, Item #113
     Minitower Computer; Sheriff's Evidence List, Item #114
24   Monitor; Sheriff's Evidence List, Item #115
     Box Containing Monitor, Keyboard and Mouse; Sheriff's Evidence
25   List, Item #116
     Box Containing Monitor; Sheriff's Evidence List, Item #117
26   Box Containing Computer, Keyboard, Ethernet Adapter, Mouse, 28.2
     Fax/Modem, Powerstrip, and Manuals; Sheriff's Evidence List, Item
27

28                              10
```

---

Order Approving Settlement Agreement

```
1   #118
    Computer; Sheriff's Evidence List, Item #119
2   Monitor; Sheriff's Evidence List, Item #120
    Box Containing Monitor, Keyboard, Mouse; Sheriff's Evidence List,
3   Item #121
    Box Containing Monitor; Sheriff's Evidence List, Item #122
4   Box Containing Computer, Mouse Manuals and Cable; Sheriff's
    Evidence List, Item #123
5   Black Carrying Case Containing Notebook Computer, Mouse,
    Cigarette Lighter Adapter; Sheriff's Evidence List, Item #124
6   Box Containing Assorted Computer Accessories and Floppy Disks;
    Sheriff's Evidence List, Item #130
7   Box Containing Sony Monitor 1055228 and Keyboard
    Any other Intellectual Property
8   Any Shrouds
```

9       (4)   The TELAH FOUNDATION agrees to protect, safeguard,

10  archive and control all items received in this agreement and not

11  sell them.

12      (5)   The Public Administrator agrees not to advertise in any

13  manner the liquidation of the items of these estates as "Heaven's

14  Gate" liquidations.   The Public Administrator shall not be held

15  responsible for representations made by the media, but will make

16  every effort to follow the policy of the Public Administrator's

17  Office in providing notices of any liquidations of the items of

18  these estates.

19      (6)   TELAH FOUNDATION agrees to dismiss with prejudice its

20  Notice of Appeal filed April 21, 1999 as to all property issues

21  except the Court's order that The TELAH FOUNDATION pay the Public

22  Administrator's attorney's fees and costs.   Said dismissal must

23  be filed within seven (7) court days after receipt of court order

24  approving this agreement.

25      (7)   Upon filing of above-referenced Dismissal, the Parties

26  shall perform the remaining terms of this agreement including but

27

28                                 11

Order Approving Settlement Agreement

1   not limited to, the delivery of said items to THE TELAH
2   FOUNDATION, and the payment of said sum to the Public
3   Administrator, within seven (7) court days after the filing of
4   the above-referenced Dismissal.

5       (8)   This agreement, its terms, and any and all
6   negotiations, communications, and/or representations leading
7   thereto, shall be barred from admissibility for any purpose in
8   the remaining appellate process.

9       is approved by this Court as to its form and its content,
10  and the Parties may execute its terms forthwith.

11

12  IT IS SO ORDERED:

13

14  Dated: AUG 1 1 1999          LISA GUY-SCHALL

15                               LISA GUY-SCHALL
                                 JUDGE OF THE SUPERIOR COURT
16

17

18

19

20

21

22

23

24

25

26

27

28                              12

Order Approving Settlement Agreement

EXHIBIT 3

RECEIVED

JUL -9 1999

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED

JUL -9 1999

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  DAVID J. MICLEAN (SB# 115098)
   KIMBERLY A. DONOVAN (SB# 160729)
2  ROPERS, MAJESKI, KOHN & BENTLEY
   1001 Marshall Street
3  Redwood City, California 94063
   Telephone: (650) 364-8200
4  Facsimile: (650) 367-0997

5  Attorneys for Plaintiffs
6  THE EVOLUTIONARY LEVEL ABOVE HUMAN FOUNDATION,
   INC., MARK KING, SARAH KING and WAYNE PARKER

7

8

9                UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11

12 THE EVOLUTIONARY LEVEL ABOVE          CASE NO.: CV-98-00892 CRB ENE
   HUMAN FOUNDATION, INC. dba THE
13 TELAH FOUNDATION, MARK KING,
   SARAH KING and WAYNE PARKER,
14
                Plaintiffs,            CONSENT DECREE BETWEEN
15                                     PLAINTIFFS AND KATHRYN AND
        v.                             CESAR MOREA
16
   RIGHT TO KNOW; The Executor of the Estate
17 of CHARLES HUMPHREY aka CHUCK
   HUMPHREY, KATHRYN MOREA,
18 LANMINDS and IMPSAT MEXICO,

19              Defendants.

20

21       Pursuant to a Settlement Agreement, The Evolutionary Level Above Human Foundation,

22 Inc. dba The Telah Foundation ("TELAH"), Mark King, Sarah King, Wayne Parker, Kathryn Morea

23 and Cesar Morea (all collectively referred to as "The Parties") hereby agree to be enjoined and to be

24 required to act as follows:

25       1.      TELAH will distribute the "How and When Heaven's Gate May Be Entered" book,

26 final version, initial version, and Humphrey version, as set forth in the Settlement Agreement.

27 Kathryn and Cesar Morea (jointly referred to as "The Moreas") will provide TELAH with copies of

28 the Humphrey version, except up to 5 personal copies, for this purpose.

LAW OFFICES
Ropers, Majeski, Kohn &
Bentley
A Professional Corporation
1001 Marshall Street
Redwood City, CA 94063
(650) 364-8200

-1-

2.      TELAH will provide copies of the heavensgate.com website on disk to The Moreas, who will then prepare a new Videotape CD from the CD's created by Humphrey containing copies of videotapes created by The Class, as set forth in the Settlement Agreement.  The new Videotape CD will be provided to TELAH, which will make copies of the it and distribute it as set forth in the Settlement Agreement.

3.      The Moreas will provide TELAH with one copy of the two CD set of CD's created by Humphrey containing copies of audiotapes of classroom sessions by The Class ("the Audiotape CD Set").  From this copy, TELAH will make a new revised Audiotape CD Set and will disseminate it as set forth in the Settlement Agreement.

4.      The rkkody.com website shall be taken down completely and all e-mail capabilities are to be disabled.  Morea will sign documents and assist as necessary to enable TELAH to do this.  Morea will not maintain a website containing materials of The Class/Heaven's Gate, nor will she assist others in doing so.

5.      TELAH will bring up the heavensgate.com website in the manner set forth by The Class, as indicated in the diskettes left by The Class, except as set forth in the Settlement Agreement. TELAH will be responsible for paying all costs to bring up and maintain the heavensgate.com website and will have ownership of the domain name and site.  TELAH will be responsible for evaluating and responding to e-mail received by heavensgate.com as it deems appropriate.  As set forth in the Settlement Agreement, once a month for a period of 3 months from the date the heavensgate.com website becomes operable, TELAH will send The Moreas redacted copies of all viable e-mail messages received at the heavensgate.com website and all responses sent to those messages.  Other than the changes specifically set forth in the Settlement Agreement, no other changes shall be made to the heavensgate.com website.

6.      TELAH agrees to send out copies of the "Do's Final Exit," "Students of Heaven's Gate Expressing Their Thoughts Before Exit," "Last Chance to Evacuate Earth Before It's Recycled," "Planet About to be Recycled - Your Only Chance to Survive - Leave With Us" videotapes in their possession at no charge or for the cost of shipping, at TELAH's discretion, to anyone who requests them as set forth in the heavensgate.com website contained in the diskettes left

LAW OFFICES
Ropers, Majeski, Kohn &
Bentley
A Professional Corporation
1001 Marshall Street
Redwood City, CA  94063
(650) 364-8200

-2-

1  by The Class.

2      7.      The Moreas presently have control over the Right To Know name and postal box.

3  The Moreas can use the Right To Know name and postal box as they wish, so long as such use is

4  consistent with the provisions contained in this Agreement.  On that basis, TELAH will dismiss The

5  Action against Right To Know.

6      8.      TELAH will have exclusive rights and responsibility for ownership and management

7  of the intellectual property of The Class/the Heaven's Gate group (including the numerous other

8  names used by the group), including copyrights and trademarks to books, videotapes, audiotapes,

9  CD's, websites, letters, other documents, names and symbols.

10      9.      The Moreas have made certain representations and agreements with respect to the

11  Heaven's Gate material in their possession, as set forth in the Settlement Agreement.  With respect to

12  the Heaven's Gate material with The Moreas are entitled to maintain in their possession under the

13  Settlement Agreement, The Moreas agree not to copy, distribute or disseminate any of this material

14  or show or give it to anyone other than themselves.  The Moreas agree this material is to be

15  maintained and used only as set forth in the Settlement Agreement.  Should The Moreas locate any

16  additional material  which they are not entitled to maintain under the provisions of this Consent

17  Decree and the Settlement, Agreement they will promptly send that material to TELAH.

18      15.      The Parties hereby submit to the jurisdiction of the United States District Court,

19  Northern District of California, for purposes of enforcement of Decree.  The Parties agree to execute

20  any and all documents necessary to effectuate the provisions of the Settlement Agreement.

21  Dated:    7-1-99

22                                          _____

23                                          TELAH, by its President, Mark King

24  Dated:    7-1-99

25                                          _____

26                                          MARK KING

27  Dated:    7-1-99

28                                          _____

                                            SARAH KING

LAW OFFICES
Ropers, Majeski, Kohn &
Bentley
A Professional Corporation
1001 Marshall Street
Redwood City, CA  94063
(650) 364-8200

-3-

1  Dated: 7/1/99

2  _____
WAYNE PARKER

3  Dated: 6/21/99

4  _____
KATHRYN MOREA

5

6  Dated: 6-21-99-

7  _____
CESAR MOREA

8

9  Dated: 7/6/99

Approved as to Form and Content

10

11  _____
KIMBERLY A. DONOVAN

12  Attorney for TELAH, Mark King, Sarah King
and Wayne Parker

13  It is so ordered.

14

15  Dated: 9-9-99

16

17

18  _____

19         CHARLES R. BREYER
JUDGE, UNITED STATES DISTRICT COURT

20

21

22

23

24

25

26

27

28

LAW OFFICES
Ropers, Majeski, Kohn &
Bentley
A Professional Corporation
1001 Marshall Street
Redwood City, CA  94063
(650) 364-8200

-4-