UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| The Evolutionary Level Above Human, Inc. d/b/a The Telah Foundation, an Arizona nonprofit corporation,<br><br>                     Plaintiff,<br>  v.<br><br>Steven Robert Havel,<br>Cathy JoAnn Weaver,<br>Jason Bartel,<br><br>                     Defendants. | CASE NO. 3:22-CV-395-JD-MGG |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO CANCEL ALL OF PLAINTIFF'S REGISTERED COPYRIGHTS AND TRADEMARK REGISTRATIONS [Doc. 71]**

The Evolutionary Level Above Human, Inc. d/b/a The Telah Foundation (the "Foundation" or "Plaintiff") hereby responds to Jason Bartel's ("Mr. Bartel") *Motion to Cancel All of [Plaintiff's] Registered Copyright and Trademark Registrations* (Doc. 71; hereinafter, the "Motion") and requests that the Court deny legally and procedurally deficient the Motion which requests the Court to grant relief for which there is no basis and for which, in part with respect to the Copyright Registrations, the Court does not have authority. This Response is supported by the Additional Materials Facts ("PSOF"), which are being submitted simultaneously herewith because the Motion is akin to a Motion for Summary Judgment.

I.     **BACKGROUND.**

    A.     **Plaintiff Owns All of the Intellectual Property of Heaven's Gate.**

In 1997, Plaintiff was conveyed all of Heaven's Gate intellectual property. [PSOF ¶ 1] Although there existed for a short period a dispute as to Plaintiff's ownership of the

intellectual property of Heaven's Gate, multiple Court Orders that were entered in 1999 confirmed that Plaintiff is the legal owner of all of the intellectual property of Heaven's Gate.  [PSOF ¶ 2]

In July 1999, for example, the United States District Court for the Northern District of California entered a Consent Decree that confirms that Plaintiff has "**exclusive rights** and responsibility for **ownership** and management of the **intellectual property** of The Class/the Heaven's Gate group (including the numerous other names used by the group), including copyrights and trademarks to books, videotapes, audiotapes, CD's websites, letters, other documents, names and symbols."  [PSOF ¶ 3 (emphasis added)]

In August 1999, in an action involving the estates of the members of Heaven's Gate who expired in 1997, the Superior Court of California entered an Order that confirmed the conveyance of "Intellectual Property" to Plaintiff.  [PSOF ¶ 4]

Plaintiff holds various Copyright Registrations and Trademark Registrations, including those submitted with the Complaint.  [PSOF ¶ 5; Doc. 1-1 (copyright registration for the Audiotape Library of Heaven's Gate); Doc. 1-2 (copyright registration for "Beyond Human – the Last Call"); Doc. 1-3 (trademark registration no. 3,824,482); Doc. 1-4 (trademark registration no. 3,816,596); Doc. 1-5 (trademark registration no. 5,148,959); Doc. 1-6 (copyright registration for "the C.B.E. (Celestial Being Entity)"); Doc. 1-7 (copyright registration for "How and When 'Heaven's Gate' (the Door to the Physical Kingdom Level Above Human) May be Entered – an Anthology of Our Materials")]

## II.   MR. BARTEL'S MOTION SHOULD BE DENIED.

### A.   The Court Does Not Have Authority to Cancel Plaintiff's Copyrights.

Courts do not have the power to cancel copyright registrations.  *See Brownstein v. Lindsay*, 742 F.3d 55, 75 (3d Cir. 2014) ("Courts have no authority to cancel copyright registrations because that authority resides exclusively with the Copyright Office."). Accordingly, Mr. Bartel's request that the Court "cancel[] . . . all of [Plaintiff]'s registered copyrights" should be summarily denied.  [Doc. 71 at 1]

**B.     There Is No Basis for the Court to Cancel Plaintiff's Trademarks.**

Mr. Bartel requests cancellation of the following trademarks:

| No. | Application Date | Issuance Date | Description | TM Number | Status |
|---|---|---|---|---|---|
| 1. | 06/08/2009 | 07/13/2010 | Word Mark: Heaven's Gate, for clothing and patches. | 3816596 | Live |
| 2. | 12/09/2009 | 07/27/2010 | Word Mark: HEAVEN'S GATE | 3824482 | Live |
| 3. | 10/27/2016 | 02/28/2017 | The mark consists of "Heaven's" running horizontally with the letter "A" in the middle of a keyhole. "Gate" runs vertically in that keyhole and that letter "A" is shared by both words. | 5148959 | Live |

Mr. Bartel argues that the trademarks identified above are invalid because there is "no written instrument transferring ownership of this intellectual property." [Doc. 71 at 3] Mr. Bartel's argument is contradicted by the documents that he has submitted to the Court.

The California Superior Court entered an Order that specifically confirmed that Telah has "**all** right, title and possession to the following property, **including any intellectual property rights**," to the Heaven's Gate Patch and "**[a]ny** other Intellectual Property." [PSOF ¶ 4 (emphasis added); Exh. 2 to Exh. A at 5:16-19, 8:7 (emphasis added)]

The Federal District Court in the Northern District of California entered an Order that confirms that Plaintiff has "**exclusive rights** and responsibility for **ownership** and management of the **intellectual property** of The Class/the Heaven's Gate group (including the numerous other names used by the group), including copyrights and trademarks to books, videotapes, audiotapes, CD's websites, letters, other documents, **names** and symbols."  [PSOF ¶ 3 (emphasis added)]

Plaintiff is the rightful legal owner of the trademarks that Mr. Bartel requests this Court to cancel, despite not having any legal basis.  Moreover, Plaintiff has submitted evidence of its registrations, which are prima facie evidence of each mark's validity.  *See* 15 U.S.C. § 1115(a).  There is no basis for Mr. Bartel to argue to the Court that there is "no written instrument transferring ownership" when Mr. Bartel has provided to the Court written instruments confirming Plaintiff's ownership.  [Doc. 63-1 at 12-24; Doc. 79-1 at 119:6-9]

### C. The Motion Is an Improper Motion for Summary Judgment that Should Be Denied, Even If the Law Supported Mr. Bartel's Position.

Although not appropriately titled, the relief requested in the Motion makes clear that the Motion is for summary judgment on Mr. Bartel's counterclaims seeking to cancel Plaintiff's trademark rights and copyrights.[1]  *See* Doc. 71 at 7 ("Defendant prays that this Court will cancel all of the Foundation's copyright and trademark registrations.  If this request . . . is granted . . . Defendant Jason Bartel has a strong case for a request of this Court for a Summary Judgment in favor of Defendants . . . ."); *see* Doc. 35 (Bartel's Answer and Counterclaim) at 54.

Although Mr. Bartel's Motion seeking summary judgment can be denied because Mr. Bartel failed to follow this Court's Local Rules on summary judgment procedure by

---

[1]   Although, as already pointed out by Plaintiff, Bartel's asserted counterclaim was improperly made against Mark and Sarah King, rather than Plaintiff, who is the owner of the intellectual property being asserted in this case.  *See* Doc. 35 at 54; Doc. 38.

failing to include a supporting brief, statement of material facts, *see* N.D. Ind. L.R. 56-1, Plaintiff requests that the Court consider the Motion, despite Mr. Bartel's procedural violations, and deny it on the merits.

### III. <u>CONCLUSION</u>.

Plaintiff requests that the Court deny Mr. Bartel's Motion, with prejudice.

RESPECTFULLY SUBMITTED this 13th day of February 2023.

                                   */s/ Isaac S. Crum*
                                   MESSNER REEVES LLP
                                   Isaac S. Crum (AZ Bar #026510)
                                   (*Pro Hac Vice*)
                                   icrum@messner.com
                                   Daniel L. Marks (AZ Bar #034141)
                                   (*Pro Hac Vice*)
                                   dmarks@messner.com
                                   7250 N. 16th Street, Suite 410
                                   Phoenix, Arizona 85020
                                   Telephone: (602) 641-6705
                                   Facsimile: (303) 623-0552

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 13th day of February 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the filing to the parties listed below.  A copy of this filing was also sent via U.S. mail and email.

Cathy Weaver
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

Jason Bartel
N4019 Forest Drive
Hancock, WI 54943
jason_bartel@unioncab.com

Steven Robert Havel
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

                                              */s/ Mary Willson*