UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THE EVOLUTIONARY LEVEL ABOVE HUMAN, INC., <br><br> Plaintiff, <br><br> v. <br><br> STEVEN ROBERT HAVEL, et al., <br><br> Defendants. | -FILED- <br> FEB 21 2023 <br> At_____ M <br> Chanda J. Berta, Acting Clerk <br> U.S. DISTRICT COURT <br> NORTHERN DISTRICT OF INDIANA <br><br> CASE NO. 3:22-CV-395-MGG |

### MOTION TO ADD AN EXHIBIT TO DEFENDANT"S DEFENSE OF A TRIAL BRIEF FROM A 1998/1999 COURT CASE INVOLVING MARK AND SARAH KING AND THE FOUNDATION

Defendant Jason Bartel hereby moves the Court for a Motion granting Defendant's request to add an Exhibit, Exhibit 19, of a trial brief from Mark and Sarah King's 1997 to 1999 Court case with San Diego County. As per page 2 of Exhibit 19,

'A person claiming copyright must either be the author, or must have succeeded to the rights of the author'.

Furthermore,

'Any transfer, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent'.

As Mark and Sarah King have never presented an 'instrument of conveyance' for the intellectual property that Plaintiffs registered copyrights for in the name of the Foundation in 1997, Plaintiffs have no rights in a Court of Law to said intellectual property

that was created by the Group and registered for copyrights in 1997 by Plaintiffs.

Moreover, on page 3 of Exhibit 19,

'State courts have exclusive jurisdiction to probate wills disposing of copyrights', therefore, the 'consent decree' that Plaintiffs obtained in July of 1999 ( Exhibit 18, page 118 ) in the U.S. District Court for the Northern District of California is subject to termination due to the ongoing Probate dispute ( Exhibits 11 and 12 ) between Mark and Sarah King and San Diego County that ended in a Settlement Agreement in August of 1999 ( Exhibit 12 ).

On pages 3 and 4 of Exhibit 19,

'Under the law applicable to copyrights, the thirty-nine decedents owned all of the works now being claimed by the Kings. Unless the Kings can produce some conveyance of ownership from the decedents to them prior to their deaths, the ownership of the property and copyrights in such property must pass to the heirs and legatees by intestate succession'.

The document in Exhibit 19 further demonstrates that Mark and Sarah King had no intellectual property rights to the Group's Property that Plaintiffs registered copyrights for in the name of the Foundation in 1997.

It is indisputable that the California Superior Court had the authority to rule on the estates of the Group's members (Exhibit 19, page 3 ) and that the California Superior Court ruled that Mark and Sarah King had no intellectual property rights to the Foundation's 1997 registered copyrights ( Exhibit 11 ). The Settlement Agreement ( Exhibit 12 ) explicitly stated on page 4, point 7 that, 'This agreement affects only the Parties' rights and interests in the intellectual and tangible property held by the Public Administrator'. As it is not possible for any of the Group's intellectual property that Plaintiffs registered copyrights for in 1997 to have been held by

the Public Administrator of San Diego County from 1997-1999, the Settlement Agreement and any of the terms of the Settlement Agreement ( Exhibit 12 ) do not apply to the intellectual property created by the Group that Mark and Sarah King registered copyrights for in `1997. Therefore, 'The Audiotape Library of Heaven's Gate by Ti and Do' cited in paragraph 15 of Plaintiff's complaint as Copyright Reg. No. SRu00298530 was never part of the Settlement Agreement that Mark and Sarah King claimed was a 'consent decree' in paragraph 10 of Plaintiff's complaint.

'From 1997–1999 the Foundation was involved in litigation with San Diego County (who represented both the County and the estates of members in the Group) over ownership of the Property. That litigation ended with the entry of a consent decree in 1999, which conveyed to the Foundation not only a large amount of physical property, but also all of the intellectual property rights belonging to the Group'.

     Defendant Bartel asserts that the deception in paragraph 10 of Plaintiff's complaint and Mark and Sarah King's numerous other documented deceptions in Plaintiff's complaint ( as per Defendant's Status Report) are not 'inconsistencies' as Mark King claimed in Plaintiff's Proposed Order for a Preliminary Injunction but rather a willful and deliberate deception on the part of Plaintiffs as Plaintiffs are well aware of Judge Guy-Schall's February of 1999 Ruling of Decision ( Exhibit 11 ) and the August of 1999 Settlement Agreement ( Exhibit 12 ) and Mark and Sarah King are also well aware that the 'litigation' with San Diego County did not convey 'all of the intellectual property rights belonging to the Group' to Mark and Sarah King nor to Plaintiff's Foundation.

Jason Bartel
N4019 Forest Dr.
Hancock. WI 54943
jason_bartel@unioncab.com

*Jason Bartel*
2/15/23