# EXHIBIT 19

A 1999 Trial Brief involving Mark and Sarah King's Foundation and San Diego County

F I L E D
KENNETH E. MARTONE
Clerk of the Superior Court

JAN 0 8 1999

By: M. GARLAND Deputy
VISTA BRANCH

JOHN J. SANSONE, COUNTY COUNSEL
DIANE BARDSLEY, Chief Deputy
By Cheryl K. Carter, Deputy
State Bar No. 125540
Attorneys for DON BILLINGS
Public Administrator/Public Guardian
5201-A Ruffin Road
San Diego, CA 92123
Telephone: (619) 694-3500
Fax: (619) 694-3987

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

| | |
|---|---|
| Estate of<br><br>JOHN MICHAEL CRAIG, also known as LOGAN M. LAWSON, aka LOGAN LAHSON,<br><br>Deceased | No. PN022228<br><br>SUPPLEMENTAL BRIEF<br><br>DATE: JANUARY 8, 1999<br>TIME: 8:30 A.M.<br>DEPT: To be assigned<br>JUDGE: To be assigned |

Respondent, hereby files this supplemental brief as to copyrights and duties of a special administrator.

**WITHOUT A WRITING
TRANSFER OF COPYRIGHT
PASSES BY INTESTATE SUCCESSION**

Telah contends that having obtained certificates of registration from the United States Copyright Office gives them ownership of intellectual property in the possession of the Public Administrator (Petitioners' Brief, page 4-5). This is not true.

The federal Copyright Act is set forth at 17 U.S.C § 101 et seq.

1

A copyright in a work protected under this act vests in the author or authors of the work (17 U.S.C. § 201(a)). The authors of a joint work are co-owners of a copyright in the work (17 U.S.C. § 201 (a)). A "joint work" is one prepared by two or more authors with the intention that their contributions be merged into inseparable parts of a unitary whole (17 U.S.C § 101). A person claiming copyright must either be the author, or must have succeeded to the rights of the author (Epoch Producing Corp. v. Killiam Shows, Inc. (2nd Cir. 1975) 522 F2d. 737, citing Nimmer on Copyright, § 5.01).

A copyright is distinct from the material object in which its expressive content is embodied (17 U.S.C. § 202). Transfer of the physical object does not transfer the copyright and vice versa (17 U.S.C. § 202). For example, a painting may be copyrighted and the copyright sold separate from the painting. The copyright entitles its owner to sell copies of the original painting. However, this does not prevent the original painting from itself being sold separately. Owners of the original painting simply cannot make and sell copies without the copyright.

The ownership of a copyright may be transferred in whole or in part by any means of conveyance or by operation of law, and may be bequeathed by will or pass as personal property by the applicable laws of intestate successin (17 U.S.C. § 201(d)(1)). Any transfer, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent (17 U.S.C. § 204 (a)); PMC, Inc. v. Saban Entertainment, Inc. (1996) 45 Cal.App.4th 579 at 592). The writing

requirement serves the same purpose as the statute of frauds for certain other types of instruments (Pamfiloff v. Giant Records, Inc. (N.D. Cal. 1992) 794 F. Supp. 933 at 936). Absent the requisite signed written instrument, physical transfer of a registration certificate cannot work an assignment of the copyright referred to therein (Kingsrow Enters., Inc. v. Metromedia, Inc., (S.D.N.Y. 1975) 397 F. Supp. 879).

State courts have exclusive jurisdiction to probate wills disposing of copyrights Republic Pictures Corp. v. Security First Nat'l Bank of Los Angeles, (9th Cir. 1952) 197 F2d 767; Estate of White, (1948) 84 Cal.App.2d 409; Nimmer on Copyright, § 10.06). In the absence of a will, the intestate succession law of the decedent's domicile determines the disposition of the copyright vested in the decedent at the time of death (17 U.S.C. § 201 (d)(1); Maddux v. Grey, (S.D. Cal. 1930) 43 F.2d 441).

In determining the rights and duties of joint owners of copyright, the courts analogize to applicable rules relating to joint ownership of real property (Nimmer on Copyright, § 6.09). Accordingly, in the absence of a written instrument to the contrary, the relationship between joint owners is said to be that of a tenancy-in-common (Silverman v. Sunrise Pictures Corp., (2nd Cir. 1921) 273 F. 909; Nimmer on Copyright, § 6.09). The prevailing rule under the concept of tenancy-in-common is that upon the death of each joint owner, his or her heirs or legatees acquire his or her respective share of the joint work (Edward B. Marks Corp. v. Wonnell, (S.D.N.Y. 1945) 61 F. Supp. 722; Nimmer on Copyright, § 6.09).

Under the law applicable to copyrights, the thirty-nine decedents

3

owned all of the works now being claimed by the Kings. Unless the Kings can produce some conveyance of ownership from the decedents to them prior to their deaths, the ownership of the property and copyrights in such property must pass to the heirs and legatees by intestate succession. This result cannot be altered by any certificate of registration the Kings may have subsequently obtained. While it is true that a presumption arises upon issuance of a copyright registration certificate, that presumption is rebuttable and evidence that the registration certificate was obtained fraudulently overcomes the presumption (Seiler v. Lucasfilm Ltd. (9th Cir., 1986) 808 F2d. 1316, footnote 5 at p. 1322; Eckes v. Card Prices Update (2nd Cir., 1984) 736 F2d. 859).

## THE PUBLIC ADMINISTRATOR'S DUTIES WERE PRESCRIBED BY PROBATE COURT

TELAH argues that the PUBLIC ADMINISTRATOR breached statutorily mandated duties and then cites Probate Code § 8544 but misstates the citation. Probate Code § 8544 actually provides:

> (a) *Except to the extent the order appointing a special administrator prescribes terms, the special administrator has the power to do all of the following without further order of the court.*
>
> (b) ...
>
> (c) *Except where the powers, duties, and obligations of a general personal representative are granted under Section 8545, the special administrator is not a proper party to an action on a claim against the decedent.*
>
> (d) *A special administrator appointed to perform a particular act had no duty to take any other action*

4

    *to protect the estate.* (emphasis added)

The court did <u>not</u> grant the powers, duties and obligations of a general personal representative, nor did the court grant powers to commence, maintain or defend suits and other legal proceedings. The PUBLIC ADMINISTRATOR had no duty to take any other action other than that set forth in the Order Appointing Special Administrator.

## THE PUBLIC ADMINISTRATOR DID NOT BREACH DUTIES

TELAH cites eleven (11) instances of alleged breaches of duty. They complain about the format of inventory lists, they make groundless charges that the PUBLIC ADMINISTRATOR "wrongfully" disseminated information - what information, when, by whom. All this despite the statute which provides that he had no duty to take other action to protect the estate (Probate Code § 8544 (a) supra). TELAH manufactures breaches for failure to respond to Creditor Claims or other claims, when the PUBLIC ADMINISTRATOR had no <u>power</u> to do so. TELAH does not inform the court however that their own filing of a Creditor Claim is <u>inconsistent with their filing of a Probate Code 9860 petition</u> as Probate Code § 9000 "Claim defined" (b) states in part:

> (b) "Claim" does not include a dispute regarding title of a decedent to specific property alleged to be included in the decedent's estate.

TELAH cannot have it both ways. Are they a creditor, or owner of specific property? And if they are creditors, they had a right to petition to become general personal representatives themselves (Probate Code § 8461). TELAH sat on its remedies.

As to paying claims, that is exactly what the PUBLIC ADMINISTRATOR is trying to do, pay legitimate priority claims for funeral and burial expenses. Allegations as to lack of communication, collection of revenue, failure to account, failure to consider decedents' intentions, are unsubstantiated. Clearly, the PUBLIC ADMINISTRATOR had no duty to bring an expensive frivolous 9860 petition, the statute reads in the disjunctive (personal representative or interested party) and is discretionary. Again TELAH sat on its remedies. In addition a prudent fiduciary does not place insolvent estates in the position of litigating expensive claims regarding assets that have been appraised at nil value. (Probate Code § 9600 (b)).

Further, to attempt to raise this action to some type of first amendment claim, offering as a cite Molko V. Holy Spirit Association (1988) 46 Cal.3d 1092, is clearly untenable. This dispute over title to property, in no way rises to the facts of Molko which involves charges of deprogramming abuses, and false imprisonment among other facts.

Its long been the rule that all the circumstances of an estate must be considered (Estate of Bryan (1929) 99 Cal.App.133, 116). The PUBLIC ADMINISTRATOR is a neutral stakeholder (Estate of Miller (1968) 259 Cal.App.2d 536, 545), who must hold estate assets ultimately for distribution to heirs, (Estate of Muhammad (1971) 16 Cal.App.3d 726, 732).

## CONCLUSION

Neither TELAH's post-mortem registration of copyrights nor their

claim to post-mortem ownership of the four (4) items of intellectual property found in the residence can be supported by law nor are they entitled to attorney fees based on any theory.

DATED: 1/7/99

Respectfully submitted,

JOHN J. SANSONE, County Counsel
DIANE BARDSLEY, Chief Deputy

By: *Cheryl K. Carter*
CHERYL K. CARTER, Senior Deputy
Attorneys for the Public Administrator/
Public Guardian of the County of San Diego