UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

THE EVOLUTIONARY LEVEL ABOVE HUMAN, INC.,

Plaintiff,

v.

STEVEN ROBERT HAVEL, et al.,

Defendants.

CASE NO. 3:22-CV-395-MGG

-FILED-

FEB 27 2023

Chanda J. Berta, Acting Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

## DEFENDANT"S RESPONSE TO PLAINTIFF"S RESPONSE TO DEFENDANT"S MOTIONS TO ADD EXHIBITS TO THE CASE

Defendant Jason Bartel strongly objects to Plaintiff's attempt to suppress evidence that Defendant has submitted as documents 84-1 and 85-1. Defendant believes that Plaintiffs are employing a delaying tactic that will only serve to unnecessarily prolong this case. Defendant feels that a pattern of delaying tactics have been employed by Plaintiffs when Defendant has presented evidence that proves the numerous deceptions employed by Mark and Sarah King in this case such as when Plaintiffs did not respond to Defendant's status report even though more than two months had elapsed since Defendant had filed Defendant's status report. The evidence in documents 84-1 and 85-1 were recently discovered by Defendant and directly impact the factual and legal matters of this case and Plaintiffs are only delaying the inevitable, if the Court doesn't allow document 85-1 ( as 84-1 will be stricken as Defendant had forgotten to include a signature page ) then Defendant will ask for the same document in Discovery or re-submit the document 85-1 at such a time as the Court deems appropriate.

Defendant strongly believes that the actual reason that Mark and Sarah King do not want document 85-1 to be introduced in this case is because it brings to light the last thing that Plaintiffs were attempting to obscure from this Court, namely that the California Superior Court had 'exclusive jurisdiction' over the disposition of the Group's Property and that Mark and Sarah King obtained the 'consent decree' in Exhibit 18, pages 116-119 based on fraud.

From Exhibit 19, page 3,

'State courts have exclusive jurisdiction to probate wills disposing of copyrights Republic Pictures Corp. v. Security First Nat'l Bank of Los Angeles, (9th Cir. 1952) 197 F2d 767; Estate of White, (1948) 84 Cal.App.2d 409; Nimmer on Copyright, § 10.06). In the absence of a will, the intestate succession law of the decedent's domicile determines the disposition of the copyright vested in the decedent at the time of death (17 U.S.C. § 201 (d) (1) ; Maddux v. Grey, (S.D. Cal. 1930) 43 F.2d 441)'.

Furthermore, document 85-1 solidifies the fact that Plaintiff's 1997 copyright registrations are subject to cancellation.

From Exhibit 19, page 4,

'Unless the Kings can produce some conveyance of ownership from the decedents to them prior to their deaths, the ownership of the property and copyrights in such property must pass to the heirs and legatees by intestate succession. This result cannot be altered by any certificate of registration the Kings may have subsequently obtained. While it is true that a presumption arises upon issuance of a copyright registration certificate, that presumption is rebuttable and evidence that the registration certificate was obtained fraudulently overcomes the presumption (Seiler v.

Lucasfilm Ltd. (9th Cir., 1986) 808 F2d. 1316, footnote 5 at p. 1322; Eckes v. Card Prices Update (2nd Cir., 1984) 736 F2d. 859)'.

Jason Bent

2/24/23