# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | |
|---|---|
| The Evolutionary Level Above Human, Inc. d/b/a The Telah Foundation, an Arizona nonprofit corporation,<br><br>                Plaintiff,<br>   v.<br><br>Steven Robert Havel,<br>Cathy JoAnn Weaver,<br>Jason Bartel,<br><br>                Defendants. | CASE NO. 3:22-CV-395-JD-MGG |

**PLAINTIFF'S MOTION TO STRIKE DOC. 91 AND DOC. 91-1 AND REQUEST FOR SANCTIONS**

The Evolutionary Level Above Human, Inc. d/b/a The Telah Foundation (the "Foundation" or "Plaintiff") hereby requests that the Court strike Steven Havel's *Brief in Opposition of Plaintiff's Reply in Support of Motion for Preliminary Injunction* (Doc. 91) and the submitted therewith (Doc. 91-1) (hereafter referred as the "Surreply") because the Surreply was filed after the extended briefing on the Motion for Preliminary Injunction against Mr. Havel closed, Mr. Havel did not request leave to file his Surreply, Mr. Havel was not granted leave to file his Surreply, and Mr. Havel's Surreply exceeds the page limit for briefs because it is 38 pages of argument (when combining the 24 page Brief and the 14 page, unsigned *Brief in Opposition of Plaintiffs [sic] Filing of a Proposed Order granting Plaintiff's Motion for a Preliminary Injunction* that is attached as Exhibit 4 to/pages 14-27 of Doc. 91-1).  Plaintiff also requests the Court enter sanctions in the form of the reasonable attorneys' fees that were incurred in connection with this Motion to Strike and any other sanction that the Court deems appropriate under the circumstances.

**I.   MR. HAVEL HAS DISREGARDED THE RULES, AGAIN, BY FILING AN UNAUTHORIZED LENGTHY SURREPLY.**

The Local Rules provide for a motion, an opposition, and a reply.  Neither the Local Rules nor the Federal Rules provide the right to file a surreply.  *See* e.g., N.D. Ind. L.R. 7-1(3); *Goltz v. Univ. of Notre Dame du Lac*, 177 F.R.D. 638, 641 (N.D. Ind. 1997) ("[T]he Local Rules provided for only three briefs: an initial brief, a response to that brief, and a reply brief. . . . The Rules did not provide for the filing of a response to the reply brief."). Mr. Havel never requested permission from the Court to file the Surreply.

Even if Mr. Havel's Surreply was permitted under the Rules or by Court Order, the Surreply would otherwise violate the page limit set in N.D. Ind. L.R. 7-1(e)(1) for motions, responses, and replies.  Mr. Havel's Surreply Brief is 24 pages.  [Doc. 91]  Attached to the Surreply as Exhibit 4 is an additional 14 pages of an unsigned and untimely Brief in opposition to the proposed Order that was lodged with the Court on January 23, 2023.  [Doc. 91-1 at 14-27]  *See* Fed. R. Civ. P. 11(a) (requiring each filing "be signed . . . by a party personally if the party is unrepresented).  The Court previously struck Mr. Havel's opposition to the proposed Order, among Mr. Havel's other filings, for non-compliance with the Local Rules.  *See* Doc. 78 (Order granting in part Plaintiff's Motion to Strike that was filed at Doc. 77).  The Surreply in total contains 38 pages of argument.

**II.   THE COURT SHOULD STRIKE DOC. 91 AND DOC. 91-1.**

The Court may "strike . . . from the record" any paper that does not comply with the Local Rules.  N.D. Ind. L.R. 1-3(a)(1).  Plaintiff requests that the Court strike Doc. 91 and Doc. 91-1.

There is no basis for Mr. Havel to have filed with the Court an unauthorized Surreply that is a combined 38 pages of argument.  The Rules do not permit a surreply to be filed.  *See Goltz*, 177 F.R.D. 638, 641 ("[T]he Local Rules provided for only three briefs: an initial brief, a response to that brief, and a reply brief. . . . The Rules did not provide for the filing of a response to the reply brief.").  Nor did Mr. Havel request authorization from the Court

to file the Surreply. *Id.* (explaining that the proper procedure for one seeking to file a response to the reply brief is "to seek leave to file a response to the reply brief"); *id.* at 642 ("Seeking permission is not a mere technicality to be overlooked or indulged by the Court.").

There is no justification for Mr. Havel's filing of the Surreply. The Surreply does not set forth any basis, much less an acceptable basis, for why the Surreply was filed by Mr. Havel. To the contrary, the first paragraph of the Surreeply states "All [Plaintiff] do[es] is repeat lies and barrage me and the Court with the same claims." [Doc. 91 at 1] Mr. Havel's statement that he is dealing with a repeat of the same argument eliminates any justification for the rare occurrence for when a Court might otherwise permit a surreply, such as if a brand new argument is first raised in the reply brief (as opposed to addressing the arguments raised in the response) or new case law that was published after briefing concluded.

Plaintiff will be extremely prejudiced if the Court does not grant the relief requested herein because there should not be further delay or further briefing. Indeed:

1) Mr. Havel's failure to comply with the Rules has already delayed the conclusion of briefing on the Motion for Preliminary Injunction from February 13, 2023, until February 28, 2023. [Doc. 68 at 2; Doc. 78 at 2]

2) Mr. Havel now seeks to raise new arguments that he did not raise in his Amended Response that was due on February 21, 2023, or to reframe and expand arguments he has already raised, but Plaintiff was not able to address those arguments in its Reply because Mr. Havel failed to make those arguments in a timely manner or in accordance with the Rules.

3) Mr. Havel's filing of an unauthorized Surreply prevents Plaintiff from addressing these new and/or expanded arguments because Mr. Havel did not raise those previously and/or did not develop those arguments.

4) This is now the second time within approximately one month that Plaintiff has needed to file a Motion to Strike because of Mr. Havel's knowing disregard of the Rules.

Mr. Havel has already had two opportunities to brief the Motion for an Injunction and should not be given a third. There has already been significant briefing on the Motion for Preliminary Injunction, and there is not a need for Mr. Havel to continue the briefing and expanding the proceeding by submitting additional, unauthorized materials to the Court. *See* Doc. 78 at 2-3 ("The Court holds *pro se* parties like Defendants to the same procedural standards applied to parties represented by counsel consistent with the mandate of Fed. R. Civ. P. 1 to secure a just, speedy, and inexpensive resolution of this action."); *United States v. Hodgekins*, 805 F. Supp. 653, 657 (N.D. Ind. 1992) ("Judicial economy requires that the briefing on this motion stop at some point. Both parties have had an adequate opportunity to make their arguments, and the court will not entertain further briefing."). This is especially true when Plaintiff will not have an opportunity to address Mr. Havel's new arguments. Additional briefing will not eliminate the prejudice. Plaintiff should not have the resolution of its Motion delayed further because of Mr. Havel's ongoing disregard of the Rules and Court's Orders. Nor should Plaintiff need to incur attorneys' fees to address the untimely, improper, and overlimit arguments that Mr. Havel now raises but failed to raise in his 24-page Amended Response. [Doc. 87] The Court has already reminded Mr. Havel that there should be a "just, speedy, and inexpensive resolution of this action," and further briefing that is made necessary because of Mr. Havel's disregard of the Rules and Court Orders would be contrary to that directive.

### III. **<u>REQUEST FOR SANCTIONS</u>.**

Plaintiff requests the Court sanction Mr. Havel by (i) ordering Mr. Havel to pay for the attorneys' fees incurred in connection with the briefing on this Motion to Strike and/or (ii) any other sanction that the Court is reasonable under the circumstances.

There is no basis for Mr. Havel's ongoing and intentional disregard of the Rules. Indeed:

1) Mr. Havel is aware of the page limits applicable to filings because on February 8, 2023, the Court struck Mr. Havel's oversized brief that was 56 pages long and single spaced. [Doc. 78]

2) Mr. Havel is undoubtedly aware that each filing must be signed by the filing party. *See*, e.g., Doc. 53 (Order striking four documents filed by Mr. Bartel for failing to include a signature).

3) Mr. Havel is aware of the deadlines associated with the briefing on the Motion for Preliminary Injunction. The Court set a briefing schedule after Plaintiff filed its Motion for Preliminary Injunction and ordered that any response be filed by February 6, 2023. [Doc. 68 at 2] After the Court struck Mr. Havel's various responsive materials, the Court provided Mr. Havel a second opportunity and set a revised briefing schedule for Mr. Havel that Mr. Havel is now disregarding. [Doc. 78 at 2] There is no basis for Mr. Havel to file on March 7, 2023, an opposition to the proposed Order that Plaintiff lodged with the Court on January 23, 2023, to which a response was originally due on February 6, 2023, and then extended to February 21, 2023, because the Court generously provided Mr. Havel an opportunity to cure the significant defects in Mr. Havel's original responsive filings to the Motion for Preliminary Injunction. [Doc. 68 at 2; Doc. 78 at 2] Despite the Court's Orders, and the opportunities to cure, Mr. Havel continues to expand the proceedings, violate the Rules, and delay this matter. *See United States v. Hodgekins*, 805 F. Supp. 653, 656 (N.D. Ind. 1992) ("[A]ny order stating that a paper is 'due' by a date certain means that the paper must be filed with the clerk's office by the close of business on that date.").

Mr. Havel continues to disregard the Federal Rules of Civil Procedure, the Local Rules, and this Court's Orders. Mr. Havel's conscious disregard has caused Plaintiff to

incur unnecessary attorneys' fees in addressing Mr. Havel's violations and has burdened the Court with unnecessary filings. Unfortunately, despite warning, it appears that the Court must enter an award of sanctions against Mr. Havel to stop Mr. Havel from his ongoing refusal to comply with the Rules.

IV.     **CONCLUSION.**

Plaintiff requests that the Court strike Doc. 91 and Doc. 91-1 and award Plaintiff its reasonable attorneys' fees associated with this Motion in an amount to be determined by the Court in a Fee Application, plus any other sanction that the Court believes is necessary given Mr. Havel's ongoing misconduct.

RESPECTFULLY SUBMITTED this 8th day of March 2023.

 /s/ Isaac S. Crum
MESSNER REEVES LLP
Isaac S. Crum (AZ Bar #026510) (*Pro Hac Vice*)
icrum@messner.com
Daniel L. Marks (AZ Bar #034141) (*Pro Hac Vice*)
dmarks@messner.com
7250 N. 16th Street, Suite 410
Phoenix, Arizona 85020
Telephone: (602) 641-6705
Facsimile: (303) 623-0552

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of March 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the filing to the parties listed below. A copy of this filing was also sent via U.S. mail and email.

Cathy Weaver
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

Jason Bartel
N4019 Forest Drive
Hancock, WI 54943
jason_bartel@unioncab.com

Steven Robert Havel
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

                                             */s/ Mary Willson*