UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THE EVOLUTIONARY LEVEL ABOVE HUMAN, INC., <br><br> Plaintiff, <br><br> v. <br><br> STEVEN ROBERT HAVEL, CATHY JOANN WEAVER, JASON BARTEL, <br><br> Defendants. | CASE NO. 3:22-CV-395-MGG |

**ORDER**

On March 6, 2023[1], Defendant Steven Havel filed his "Brief in Opposition to Plaintiff's Reply in Support of Motion for Preliminary Injunction." [DE 91]. In effect, Mr. Havel has filed a "surreply," but there is no provision in the Local Rules of this District authorizing the filing of a surreply in connection with a motion for preliminary injunction. *See* N.D. Ind. L.R. 7-1(d); N.D. Ind. L.R. 65-1. Nor did this Court's order allowing Defendants to file responses to Plaintiff's motion for preliminary injunction authorize the filing of any surreply. [*See* DE 68 at 2]. Mr. Havel also failed to seek or obtain permission, or "leave" from this Court prior to filing the instant brief. On March 9, 2023, Plaintiff filed its Motion to Strike Defendant Havel's instant Brief [DE 92]. Plaintiff's Motion to Strike further requests that the Court sanction Defendant Havel by having Mr. Havel pay Plaintiff's attorneys' fees incurred in filing the Motion to Strike, and/or other sanction deemed reasonable under the circumstances.

---

[1] Defendant Havel's response was entered on this Court's docket on March 8, 2023.

The filing of Mr. Havel's brief creates unnecessary confusion and is unfair to the Plaintiff since it has no ability to respond. The Defendants, including Mr. Havel, have been reminded that their *pro se* status does not relieve them from compliance with the Federal Rules of Civil Procedure, this Court's local rules, or this Court's orders. [*See* DE 78 at 2-3]. Notably, the Court reminded Defendant Havel that he is expected to follow these rules after providing Defendant Havel an opportunity to remedy his procedural missteps in his original response to Plaintiff's Motion for Preliminary Injunction. [*See* DE 68]. Accordingly, the Court has no choice but to strike Defendant Havel's instant filing. Plaintiff's Motion to Strike is therefore **GRANTED IN PART** [DE 92], and Defendant Steven Havel's "Brief in Opposition to Plaintiff's Reply in Support of Motion for Preliminary Injunction" is therefore **STRICKEN.** [DE 91]. In accordance with this Court's local rules, Defendant Havel shall until **March 22, 2023**, to respond to Plaintiff's request for sanctions in the form of attorneys' fees incurred in filing the motion to strike. Plaintiff may file any reply in support of a fee award by **March 29, 2023**.

Based on Defendant Havel's purported surreply, it appears that he may have additional arguments he wants the Court to consider before ruling on Plaintiff's Motion for Preliminary Injunction. If Defendant Havel believes a surreply is legitimately justified under the trial rules, he may file a motion as appropriate. However, he must seek permission from the Court prior to filing any additional brief.

This Court has now had to strike multiple filings from Defendants and extend deadlines to accommodate Defendants' procedural missteps on two prior occasions. [*See* DE 53, DE 78]. The Court has made these accommodations to advance the interests

2

of justice while still balancing the mandate to secure a speedy and inexpensive resolution of this matter. However, this Court explicitly warned Defendants that "future failure to comply with court orders and rules will not be so generously accommodated and may even result in sanctions." [DE 78 at 3]. To be clear, this is now Defendants' final warning. The Court will strike any future filings that do not comply with the Federal Rules of Civil Procedure or this Court's Local Rules without further notice. Likewise, the Court will not provide any further accommodations for procedural missteps and such missteps may result in sanction as deemed appropriate.

    **SO ORDERED** this 9th day of March 2023.

                                                s/Michael G. Gotsch, Sr.
                                                Michael G. Gotsch, Sr.
                                                United States Magistrate Judge