UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| The Evolutionary Level Above Human, Inc. d/b/a The Telah Foundation, an Arizona nonprofit corporation,<br><br>                       Plaintiff,<br>     v.<br><br>Steven Robert Havel,<br>Cathy JoAnn Weaver,<br>Jason Bartel,<br><br>                       Defendants. | CASE NO. 3:22-CV-395-JD-MGG |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DOC. 91 AND DOC. 91-1 AND REQUEST FOR SANCTIONS**

The Evolutionary Level Above Human, Inc. d/b/a The Telah Foundation (the "Foundation" or "Plaintiff") hereby submits its Reply in Support of Motion to Strike Doc. 91 and Doc. 91-1 and Request for Sanctions (DE 92). Because the Court has already stricken Docs. 91 and 91-1, this Reply primarily addresses the remaining issue of why the Court should enter sanctions against Defendant Steven Havel and award to Plaintiff its attorneys' fees in connection with the Motion to Strike and Request for Sanctions briefing. [DE 93 (Order striking DE 91 and DE 91-1 and ordering briefing on the issue of sanctions)]

**I.   SANCTIONS SHOULD BE ENTERED AGAINST MR. HAVEL, AS CONFIRMED BY HIS ONGOING REFUSAL TO COMPLY WITH THE COURT'S ORDERS, INCLUDING THE ORDER REGARDING BRIEFING ON SANCTIONS.**

Sanctions should be entered against Mr. Havel for his ongoing failure to follow the Rules, about which he admits having received from the Court, and ongoing expansion of the proceedings.

### A. Mr. Havel Does Not Provide Any Coherent Explanation for Why Sanctions Should Not Be Entered.

"*Havel's Reply to Plaintiff's Motion to Strike Doc. 91 and Doc. 91-1 and Request for Sanctions*" (DE 94) (the "Response") does not provide a coherent basis for why sanctions should not be entered against Mr. Havel because of his ongoing failure to follow the Rules, despite receiving from the Court multiple instructions, reminders, and warnings.

Mr. Havel argues that his failure to follow the Rules was unintentional and alleges that he does not know how search the Rules. [DE at 2, ¶ 1; *id.* at 3, ¶ 4] But Mr. Havel's allegation that he does not know "how to search for the[]" Rules is contradicted by the very next line of text in which Mr. Havel states that he "examined the Civil Rules of Procedure" that the Court sent to him. [DE at 2, ¶¶ 1-2]

Mr. Havel cannot claim ignorance as an excuse. The Court entered multiple Orders reminding Mr. Havel that *pro per* parties are held "to the same procedural standards applied to parties represented by counsel." [DE 78 at 2] *See Shevlin-Carpenter Co. v. State of Minn.*, 218 U.S. 57, 68 (1910) ("[I]nnocence cannot be asserted of an action which violates existing law, and ignorance of the law will not excuse."); *see also* Letter from Thomas Jefferson to Andre Limozin (Dec. 22, 1787), in 12 THE PAPERS OF THOMAS JEFFERSON 451 (Julian P. Boyd ed., 1955) ("[I]gnorance of the law is no excuse in any country. If it were, the laws would lose their effect, because it can always be pretended."). Moreover, (1) the Court has provided to Mr. Havel a copy of the Rules, (2) Mr. Havel has "examined" the Rules, and (3) the specific Rules that Mr. Havel continues to violate have been identified for Mr. Havel.

The falsity of Mr. Havel's feigned ignorance is readily apparent. The Response asserts:

> I didn't know that according to Plaintiffs [sic] I needed to file with the court asking for a special authorization to reply again and that was called a "surreply". I don't even know if what they said about this applies to pro se defendants, as I admit not knowing these laws or even how to search for

them. If Plaintiffs are correct I stand corrected and will not reply again in that way.

[DE 94 at 2, ¶ 1 (emphasis removed)]  **But exactly <u>one week prior</u> to Mr. Havel making this unsupported allegation in his Response the Court explained that Mr. Havel's Surreply was not authorized and had the Surreply stricken from the record**.  [DE 93 at 1-2]  Nor is Mr. Havel's statement that he would not file another surreply supported. The Response, as explained below, is yet another attempt for Mr. Havel to file a surreply that comes one week after the first was stricken.

There is no justification, much less one explained by Mr. Havel, for why he continues to disregard the Rules and expand the proceedings.

> **B.     The Response, Which Is the Latest in a String of Violations, Is Yet Another Disregard of the Rules and the Court's Orders.**

Mr. Havel's Response is the latest iteration of Mr. Havel's intentional disregard of the Rules and this Court's instructions, despite the Court providing to Mr. Havel a final warning that the Court would end its leniency and enter sanctions for future violations. [DE 93 at 3 ("To be clear, this is now Defendants' <u>final</u> warning. The Court will strike any future filings that do not comply with the Federal Rules of Civil Procedure or this Court's Local Rules without further notice. Likewise, **the Court <u>will not</u> provide any further accommodations for procedural missteps and such missteps may result in <u>sanction</u> as deemed appropriate**.") (emphasis added)]

The Court ordered Mr. Havel to respond only "to Plaintiff's request for sanctions in the form of attorneys' fees incurred in filing the motion to strike."  [DE 93 at 2] Mr. Havel did not do so.

Instead of following the narrow Order, Mr. Havel filed a 16-page brief of which possibly a total of one page addresses his failure to have followed the Rules.  A most generous reading of the Response would suggest that only the following passages relate to why Mr. Havel violated the Rules, as opposed to whether sanctions should be entered:

1)  DE 94 at page 2, Section I(1) at the final three sentences.

2) DE 94 at page 2, Section I(2).

3) DE 94 at page 3, Section I(3)-(4).

4) DE 94 at page 16, Section 3.

The remaining portions of the Response consist of Mr. Havel continuing the briefing on the Motion for a Preliminary Injunction, even though the briefing concluded on February 28, 2023, per the Court's revised briefing schedule on Plaintiff's Motion for the Preliminary Injunction against Mr. Havel. [DE 90]  For example:

1) DE 94 at 14: "I, Steven Havel do in fact dispute that there is irreparable harm."

2) DE 94 at 15, ¶ 9:  Mr. Havel asserts, without support, in response to case law cited in Plaintiff's Reply that a failure to respond to an argument is a concession of the points, that "Failure to respond is not a concession.  I am fatigued with many hours of going through this every time Plaintiffs [sic] file the same and new accusations that are without merit while never showing the documents of transference of copyrights or trademarks they [sic] say have from the Group to them."

The list goes on and on, with Mr. Havel attempting to either raise arguments that he did not raise previously or continuing to argue points that have been raised (and contradicted in the Reply).

Mr. Havel's ongoing briefing, and second filing of an unauthorized surreply within one week of the Court striking the first unauthorized surreply, is **directly contrary to the Court's Order dated March 9, 2023**, which contained what was at a minimum the third warning that the Court has issued directly to Mr. Havel for his noncompliance and ordered him to respond to the issue of whether he should be sanctioned based on his other noncompliance.  [DE 52, Order dated October 28, 2022, at 1-2 (directing Mr. Havel that he cannot act as an attorney representing others in the action and warning that "any future motions filed in this manner will be **STRICKEN**"); DE 78, Order dated February 28, 2023, at 3 (warning about sanctions, including dismissal); DE 93, Order dated March 9, 2023, at

3 (providing "final warning")]   The Court instructed Mr. Havel "If Defendant Havel believes a surreply is legitimately justified under the trial rules, he may file a motion as appropriate." [DE 93 at 2]  Mr. Havel did not file a Motion for Leave to File a Surreply. Instead, Mr. Havel filed another surreply without first filing a Motion to identify a basis for why he should be permitted to file a surreply and before receiving the Court's permission to file a surreply.

### C. The Court Should Sanction Mr. Havel for His Violations.

Plaintiff's Motion for Sanctions went through why sanctions were necessary, including but not limited to Mr. Havel's consistent violation of the Court's Orders and the Rules, despite repeated warnings from the Court.

Mr. Havel failed to provide any coherent basis for why the Court should not sanction Mr. Havel for his violations.  *Bratton v. Roadway Package Sys., Inc.,* 77 F.3d 168, 173 n. 1 (7th Cir. 1996) (finding waiver when a party "failed to develop the argument in any meaningful manner").  Accordingly, Mr. Havel has waived any argument in opposition to Plaintiff's request for sanctions because Mr. Havel did not oppose the request for sanctions, even though the Court directed Mr. Havel "to respond to Plaintiff's request for sanctions in the form of attorneys' fees incurred in filing the motion to strike." *See Dye v. City of Bloomington, Indiana*, 580 F. Supp. 3d 560, 569 (S.D. Ind. 2022) ("Plaintiffs did not respond to Defendants' argument, so any opposing argument is waived.").

Plaintiff requests that the Court hold Mr. Havel accountable for his ongoing refusal to comply with the Court's Rules that the Court has provided to Mr. Havel, but he ignores. There is no justification or excuse for Mr. Havel's ongoing actions.  Nor should the Court shoulder the burden of coming up with an argument that was not raised by Mr. Havel for why Mr. Havel, who felt compelled to file with the Court a second surreply that is 16 pages in length but did not address the issue of sanctions, should not be sanctioned.  *See Bezingue v. Steuben Lakes Reg'l Waste Dist.*, 507 F. Supp. 3d 1021, 1044 (N.D. Ind. 2020) (explaining that it is not the Court's "duty to research and construct legal arguments

available to a party" (quoting *Head Start Family Educ. Program, Inc. v. Cooperative Educ. Serv. Agency 11*, 46 F. 3d 629, 635 (7th Cir. 1995))).

### 1. The Court Should Award Plaintiff Its Reasonable Fees in an Amount to Be Determined in a Fee Application.

Plaintiff requests that the Court award Plaintiff the reasonable attorneys' fees in connection with its Motion to Strike (DE 92) and with this Reply. If the Court grants this request, Plaintiff can submit a Fee Application within 10 business days, with the standard briefing schedule under N.D. Ind. L.R. 7-1(d)(3) to be followed for the Response, if any, and Reply.

### 2. The Court Should Order Mr. Havel Pay the Fee Award By a Date Certain.

In furtherance of an Order awarding fees, the Court Order should require that Mr. Havel pay the fee award within one month of it being entered or have default judgment entered against him because a fee award alone will not punish Mr. Havel or dissuade him from engaging in misconduct.

Mr. Havel has represented to the Court that he is a pauper.[1] *See* DE 49 at 6, ¶ 3(a)(1) (Mr. Havel avowing that he was "without savings and live[s] on a fixed social security income and ha[s] significant debt."). Mr. Havel's social security income, of course, cannot be garnished. *See* 42 U.S.C. § 407.

An Order requiring Mr. Havel to pay the fee award by a date certain is necessary to ensure that the granting of sanctions is actually a sanction to Mr. Havel. Without an Order directing Mr. Havel to pay the fees by a date certain, Mr. Havel would likely not pay, and

---

[1] Although evidence has been presented to the Court that Mr. Havel has earned money from appearing at events at which Plaintiff's copyrighted materials are played. *See* DE 90 at 9-10 and DE 91-1 at 2-3, ¶¶ 9-15, 20 and 16-24 (evidence of Mr. Havel and Ms. Weaver being paid to participate in an event where Plaintiff's copyrighted materials, such as the Final Exit Video, were played for approximately one and one-half hours); DE 94 at 13 (Mr. Havel not denying his participation in the playing of the Final Exit Video and confirming that he made money from the event).

the collection of a fee award would be complex and expensive because of Mr. Havel's transient lifestyle in which he and Ms. Weaver are on the road and driving between and living in multiple states.  Mr. Havel has also made statements that he will go on the run if there is an unfavorable decision.  [DE 67 at 12-13 (Mr. Havel and Ms. Waver discussing that if the outcome is "not favorable, we're out of here"); DE 67-1 at 13-14, ¶ 39, and 33 (same); DE 91 (stricken) at 14 ("[I]f your honor rules that I can't talk about my own personal experiences then I may have to move somewhere where they don't have those kinds of laws.").

To ensure that Mr. Havel is actually sanctioned for violations and ongoing expansion of the proceedings, the Court should enter an Order requiring that Mr. Havel pay the fee award by a date certain or have default judgment entered against him.  *See* DE 78, Order dated February 28, 2023, at 3 (warning about sanctions, including dismissal).

## II. THE COURT SHOULD DISREGARD AND STRIKE THE MAJORITY OF THE RESPONSE.

Plaintiff requests that the Court disregard and strike the Response beginning at page 3, Section I, ¶ 5 until page 16 at Section III.  This is what Mr. Havel alleges were "brand new that [he] hope[s] [he] [is] able to reply to on the record."  [DE 94 at 3, ¶ 5]

The Court instructed Mr. Havel "If Defendant Havel believes a surreply is legitimately justified under the trial rules, he may file a motion as appropriate."  [DE 93 at 2]  Mr. Havel filing of a second surreply in the form of a Response to a Motion for Sanctions is not a Motion for Leave to File a Surreply.  *See* N.D. Ind. L.R. 7-1(a) ("Motions must be filed separately, but alternative motions may be filed in a single paper if each is named in the title following the caption.").

Mr. Havel's desire to file a Surreply to address allegedly "new arguments," which are nothing more than arguments that Plaintiff raised properly in the Reply to the Motion for a Preliminary Injunction in response to the arguments raised in Mr. Havel's Amended Response, is not relevant to the limited issue of whether sanctions should be entered by the

Court.  Mr. Havel's Response confirms that Plaintiff's Reply responded to the arguments that were raised or not addressed in Mr. Havel's Response.  *See*, e.g., DE 94 at 3, ¶ 5 ("Plaintiffs [sic] complaints against me in their [sic] Motion for a Preliminary Injunction were largely filled with the same evidence of my playing audios they brought up in Doc 1, the initial Complaint . . . ."); *id.* at 5, ¶ e ("Plaintiffs [sic] try to address the argument . . . .").

### III.  CONCLUSION.

Plaintiff requests that the Court award Plaintiff the fees that Plaintiff has incurred in connection with briefing the Motion to Strike and enter an Order that requires Mr. Havel pay the award by a date certain or else default judgment will be entered against him.

The Court has been very lenient and patient with Mr. Havel, but despite the Court constantly redirecting Mr. Havel when he violates the Court's Orders and the Rules, Mr. Havel continues to do so.  Sanctions are necessary given Mr. Havel's repeated and ongoing refusal to abide by the Rules and the Court's Orders.

RESPECTFULLY SUBMITTED this 17th day of March 2023.

        */s/ Isaac Crum*
MESSNER REEVES LLP
Isaac S. Crum (AZ Bar #026510)
(*Pro Hac Vice*)
icrum@messner.com
Daniel L. Marks (AZ Bar #034141)
(*Pro Hac Vice*)
dmarks@messner.com
7250 N. 16th Street, Suite 410
Phoenix, Arizona 85020
Telephone: (602) 641-6705
Facsimile: (303) 623-0552

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of March 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the filing to the parties listed below. A copy of this filing will also be sent via U.S. mail and email.

Cathy Weaver
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

Jason Bartel
N4019 Forest Drive
Hancock, WI 54943
jason_bartel@unioncab.com

Steven Robert Havel
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

                                              */s/ Mary Willson*