UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

The Evolutionary Level Above Human,
Inc. d/b/a The Telah Foundation, an
Arizona nonprofit corporation,

            Plaintiff,

v.

Steven Robert Havel,
Cathy JoAnn Weaver,
Jason Bartel,

            Defendants.

CASE NO. 3:22-CV-395-JD-MGG



-FILED-
MAR 20 2023
At_____
Chanda J. Berta, Acting Clerk — M
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

**MOTION FOR PERMISSION "LEAVE" TO FILE A BRIEF "SURREPLY" TO PLAINTIFFS REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION AGAINST STEPHEN HAVEL (DOC 90)**

To follow are some of the many new claims and arguments Plaintiff introduced in their REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION AGAINST STEPHEN HAVEL (DOC 90) that I categorically deny.

Plaintiffs have misconstrued many things I said, reordering words and adding their desired interpretations to match what they want to lead the Court to believe I said and did. I request the opportunity to defend myself against these new claims and arguments and reorganized claims.

Some of the new claims Plaintiffs have introduced for the first time in their Reply to my Revised Response to their Motion for a Preliminary Injunction against me, surrounds an event I was a part of on December 17, 2023 in Savannah, Georgia that Plaintiffs knew

1

about because it was livestreamed on my 3spm Youtube channel and announced ahead of the date on my sawyer.heavensgate Facebook page that Plaintiffs and/or their lawyers watch like hawks and that I have evidence Plaintiffs were aware of.  However, Plaintiffs didn't add anything from that event to their January Motion for a Preliminary Injunction. They saved it because they knew the law was in their favor to add it to their Reply to my Revised Response to their Preliminary Injunction Motion and Brief. They knew I would not be able to respond to it lawfully and that if I did they could block whatever I filed and try to get me to incur financial sanctions from the Court because I didn't know how to proceed to ask permission to file a surreply.

1.    **In Doc 90, Section II. A. at ¶ 3 Plaintiffs admit to bringing** "additional evidence" they say "confirm Mr. Havel's commitment to infringing of Plaintiffs intellectual property".

2.    **In Plaintiffs' introduction they state:** "…requests that its Motion for Preliminary Injunction (the "Motion") (collectively, Docs. 66, 67, 67-1) be granted against Steven Havel, who does not dispute engaging in the misconduct that has formed the basis of the lawsuit or provide a coherent basis for why the Court should not award the relief that is requested by Plaintiff"

3.    **Further in Plaintiffs Introduction they piece together a scenario that is confusing and again state that I do** "… not dispute the conduct that has been alleged, proven, and admitted by Mr. Havel"

4.    **Plaintiff changes the facts thus are presenting new arguments by saying,** "…Instead, Mr. Havel alleges that his actions are permissible because Mr. Havel purportedly received copies of Heaven's Gate's audio tapes from someone else, who took the tapes out of a storage locker before San Diego County seized the physical contents of the storage locker". **Plaintiffs know that Rkkody and Oscody took those 486 audio tapes out of storage, not** "someone else".

2

5.     **In section I.A. Plaintiffs state,** "Mr. Havel does not dispute that Plaintiff has a registered copyright over those 486 tapes but argues that he received from Rkkody the 486 tapes "before any Consent Decrees." [Doc.87 at 7-8]"

6.     **Further Plaintiffs try to address the argument that Rkkody didn't OWN or have property rights for the audio tapes he removed from Storage that it can be shown DO and Crew wanted him and others to possess.**

7.     **Plaintiffs argue that Judge Breyer ruled** "…that Telah "ha[s] exclusive rights … for ownership and management of the intellectual property of The Class/the Heaven's Gate group (including the numerous other names used by the group), including copyrights and trademarks to books, videotapes, audiotapes, CD's, websites, letters, other documents, names and symbols." [Doc. 79-1 at 119:6-9, 120:13-19 (emphasis added); see also Exh. 3 to Exh. A of Doc. 81-1 at 33:6-9]"

8.     **Plaintiffs state,** "Mr. Havel later argues that he does not know whether the audio tapes he played were the "486 items in the deposit on the copyright registration" and that his "copyright infringement . . .was unknowing." [Doc. 87 at 12, ¶ G; Doc. 87 at 23].

9.     **Plaintiffs present new argument of "liability" that has nothing to do with alleged infringement:** "This highly implausible assertion is also highly irrelevant. "Copyright infringement is a strict liability offense." Design Basics, LLC v. Big C Lumber Co. Inc., No. 3:16-CV-53-HAB, 2019 WL 3285958, at *9 (N.D. Ind. July 22, 2019). As such, Mr. Havel's claimed ignorance is no defense to liability. Id."

10.    **In section E. Plaintiffs make a new Claim by misquoting me by writing,** "Mr. Havel states that "I stopped all accused breaches," with the exception of using the C.B.E. Copyright. [Doc. 87 at 12, ¶ F]"

11.    Plaintiffs accuse me of introducing new arguments. I would like time to address how I deserve to state my defense to the many unfounded accusations. In fact it is quite apparent that Plaintiffs could have filed many of the allegations they have made here in their original motion and brief for a Preliminary Injunction against me but they chose to

hold off so they could do so here knowing I wouldn't be allowed to respond and knowing that I would have a hard time holding back from responding and they would be able to try to nab me and charge me with sanctions for responding.

12. **Plaintiffs make a new Claim that brings into question whether Rkkody sent me audio tapes by stating in doc 90 – Section I.A that;** "Plaintiff Is the Owner of ALL of Heaven's Gate's Intellectual Property, Including Whatever Materials "Rkkody" Allegedly Took From a Storage Facility. Mr. Havel alleges that he received from "Rkkody" audio tapes of Heaven's Gate, which consisted of "th[e] same Intellectual Property" that "w[as] also gifted" to "Mark and Sarah King," who are the directors of Plaintiff. [Doc. 87 at 6, ¶ G] Mr. Havel alleges that these 486 audio tapes were taken out of a storage locker in San Diego County by "Rkkody and Oscody," who returned the originals to Mr. King and Mrs. King. [Doc. 87 at 7]"

13. **Here is a new Claim I would like to respond to that was not in the Motion or Brief for a Preliminary Injunction yet was brought up in doc 90 at I. H.:**"The Lawsuit Has Not Curtailed Mr. Havel's Unlawful Conduct. Mr. Havel states that "I stopped all accused breaches," with the exception of using the C.B.E. Copyright. [Doc. 87 at 12, ¶ F] This is false. For example, on December 17, 2022, Mr. Havel was paid to perform at a "Heaven's Gate Re-Examined" event at a venue in Georgia called the "Lodge of Sorrows," during which time he played "the Final Exit Video." [Declaration of Mark King, attached hereto as Exh. A, at ¶¶ 10, 12; Exh. 3 to Exh. A] Plaintiff is the owner of "the Final Exit Video." [Declaration of Mark King, attached hereto as Exh. A, at 11; Doc. 81-1 at 27:16; id. at 28:7] The "Heaven's Gate Re-Examined" event was live streamed on December 17, 2022, on the 3spm YouTube channel belonging to Mr. Havel that he and Ms. Weaver operate. [Declaration of Mark King, attached hereto as Exh. A, at ¶ 13] The Final Exit Video played for approximately one and one-half hours. [Id. at ¶ 14; Exhibits 5-6 to Exh. A] "

4

14. **Further new Claim regarding the event we livestreamed, Plaintiffs stated still in section I.H of doc 90:** "In the December 17, 2022, live stream's comment section, Mr. Havel responded to a comment that stated "what a great event…jealous of all who attended" by saying "we are hoping to do more all over the country. This feels like the right thing to do." [Declaration of Mark King, attached hereto as Exh. A, at ¶ 15] Ms. Weaver, through her username "cathysouthwestern," also replied that "We are in talks to have another one coming up next May, it will be in Chicago this time!" [Id. at ¶ 16] In the December 17, 2022, live stream's comment section, Mr. Havel wrote, in part, "Wish we would have livestreamed starting at the museum earlier in the day when we had a little meeting around the Heavens Gate part of the museum with DO's voice playing and his face showing from a Beyond Human tape in the background the entire time." [Id. at ¶ 17] Beyond Human is a copyrighted work owned by Plaintiff. [id. at ¶ 18; see Doc. 1-2] Mr. Havel and Ms. Weaver were both paid for participating in the "Heaven's Gate ReExamined" event on December 17, 2021. [Declaration of Mark King, attached hereto as Exh. A, at ¶¶ 20-21; Exh. 8 to Exh. A]"

15. **Plaintiffs say in doc 90 section II.A. a really odd new accusation:** "Mr. Havel Does Not Argue Against the Court Entering Injunctive Relief."

16. **Plaintiffs state in doc 90 section II.A. another really odd new accusation writing,** "Mr. Havel does not dispute that there is irreparable harm to Plaintiff, the absence of an adequate remedy at law, Plaintiff's likelihood of success in asserting claims involving the intellectual property of which Plaintiff is the owner. Mr. Havel does not even attempt to argue, nor could he, that there would be a substantial hardship if the Court ordered him to not engage in the unlawful behavior, which should not be committed by him."

17. **More from doc 90 section A states references to new Exhibits that again are very odd and inaccurate:** "In this Reply, Plaintiff has provided additional evidence to the Court of comments that Mr. Havel made since the time that the Motion for a

5

Preliminary Injunction was filed that confirm Mr. Havel's commitment to infringing on Plaintiff's intellectual property.

18. **Plaintiffs state a new accusation that has nothing to do with alleged infringements:** "Plaintiff has also submitted proof of Mr. Havel and Ms. Weaver being paid by others to infringe on Plaintiff's intellectual property and that Mr. Havel and Ms. Weaver "are in talks to have another" event in May 2023. [Declaration of Mark King, attached as Exh. A, at ¶¶ 10-21]"

19. **Plaintiff's state in doc 90 section II.A. a new Claim:** "Mr. Havel's expressed intent to continue infringing and his past and ongoing misconduct confirm that it is necessary for this Court to enter injunctive relief against Mr. Havel as nothing short of a Court Order, and possibly not even a Court Order, will cause Mr. Havel to stop his unlawful conduct."

20. **Plaintiffs introduce new alleged evidence they chose not to include in their original complaint in doc 90 section II. B. writing:** Mr. Havel's Response Confirms His Infringement. Mr. Havel's Response does not dispute his prior infringement. *See Eli Lilly & Co. v. Apotex, Inc.*, 430 F. Supp. 3d 560, 565 (S.D. Ind. 2019), *aff'd,* 837 Fed. Appx. 780 (Fed. Cir. 2020) (failing to respond to an argument is a concession on those points).

21. **Plaintiffs state new absurd claim saying in doc 90 section II.C.:** "The Proposed Order Is Not Challenged. Mr. Havel has not challenged the proposed Order that Plaintiff submitted to the Court. Mr. Havel's failure to challenge the Order confirms that he does not take issue with the Court granting the relief that Plaintiff has requested, if the Court finds that Plaintiff is entitled to injunctive relief. See Dye v. City of Bloomington, Indiana, 580 F. Supp. 3d 560, 569 (S.D. Ind. 2022) ("Plaintiffs did not respond to Defendants' argument, so any opposing argument is waived.")."

22. **This statement shows the introduction of two new arguments by including Rkkody in this statement writing in Plaintiffs doc 90 Section I.A.:** "Plaintiff Is the

Owner of ALL of Heaven's Gate's Intellectual Property, Including Whatever Materials "Rkkody" Allegedly Took From a Storage Facility."

23.    In Plaintiffs doc 90 Section I.B. they for the first time are developing an argument, I hope to have the opportunity to reply to, by their saying,  "Laches is Inapplicable" and that I did not develop my argument.

24.    In Plaintiffs Section I C. they for the first time address a new argument by saying I didn't develop my argument for Fair Use of materials we both have in our possession since 1997.


I Stephen Havel attest and swear that the statements I've made are true.


3-17-2023        *Stephen Havel*

Stephen Havel

5776 Grape Rd

Ste. 51 PMB # 121

Mishawaka, IN. 46545

Sawcat575@gmail.com

7

Document 2 of 2
to File please