**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| The Evolutionary Level Above Human, Inc. d/b/a The Telah Foundation, an Arizona nonprofit corporation,<br><br>               Plaintiff,<br><br>   v.<br><br>Steven Robert Havel,<br>Cathy JoAnn Weaver,<br>Jason Bartel,<br><br>               Defendants. | CASE NO. 3:22-CV-395-JD-MGG |

**PLAINTIFF'S RESPONSE TO STEVEN HAVEL'S "*MOTION FOR PERMISSION 'LEAVE' TO FILE A BRIEF 'SURREPLY' TO PLAINTIFFS [SIC] REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION AGAINST STEPHEN HAVEL (DOC 90)*" (DE 97)**

The Evolutionary Level Above Human, Inc. d/b/a The Telah Foundation (the "Foundation" or "Plaintiff") hereby opposes Steven Havel's "*Motion for Permission 'Leave' To File A Brief 'Surreply' to Plaintiffs [Sic] Reply in Support of Motion for Preliminary Injunction against Stephen Havel (Doc 90)*" (DE 97; hereafter, the "Motion") because it does not set forth a legitimate basis to reopen briefing that closed on February 28, 2023, or any justification to further delay the resolution of Plaintiff's Motion for a Preliminary Injunction, the resolution of which has already been delayed because Mr. Havel's first Response to the Motion for a Preliminary Injunction was stricken. [DE 78 at 2]

Mr. Havel wants to file a surreply because he wants to have the last word. But that is not the way the Rules operate. Under the Rules, the moving party has the final word. *See* e.g., N.D. Ind. L.R. 7-1(3); *Goltz v. Univ. of Notre Dame du Lac*, 177 F.R.D. 638, 641

(N.D. Ind. 1997) ("[T]he Local Rules provided for only three briefs: an initial brief, a response to that brief, and a reply brief."). The Court should not allow Mr. Havel to submit a surreply, which will extend the already delayed briefing schedule, based on Mr. Havel's desire to have the final word.

## I.     THE MOTION DOES NOT PRESENT A LEGITIMATE BASIS FOR A SURREPLY TO BE FILED.

Mr. Havel's gripe is that Plaintiff had an opportunity to address in its Reply the arguments that Mr. Havel raised or attempted to raise and then failed to develop/abandon, in the Revised Brief in Response to Plaintiff's Brief in Support of Motion for a Preliminary Injunction. [DE 87; hereafter, "Amended Response"]

Despite the moving party being entitled to submit a reply to address arguments raised in the response brief and to hammer home the moving party's points, Mr. Havel wants the Court to extend the briefing schedule so that Mr. Havel can have the last word and respond to arguments raised by Plaintiff in its Reply that were in response to the arguments that Mr. Havel raised in his Amended Response.

Below, Plaintiff goes through each of the 24 "new arguments" identified by Mr. Havel and eliminates Mr. Havel's misplaced, and outright absurd, arguments that those provisions entitle him to a surreply.

### A.     Mr. Havel's Identification of "New Arguments" Are Either Within the Scope of the Motion or In Response to an Argument Raised By Mr. Havel.

#### 1.     Additional Evidence of Mr. Havel's Misconduct.

Mr. Havel argues that he is entitled to a surreply because Plaintiff's Reply provided additional evidence of Mr. Havel's infringement. [DE 97 at 2, ¶ 1] Wrong.

Mr. Havel's Response argued that he has "stopped all accused breaches." [DE 87 at 12, ¶ F] In response to Mr. Havel's false statement that he stopped all of his infringements, with the exception of infringing on one of Plaintiff's copyrights, Plaintiff submitted evidence showing Mr. Havel's ongoing infringements and that he made

misrepresentations to the Court.  This was provided directly to contradict the statement in Mr. Havel's Response, and it was acceptable to raise in a Reply, which explicitly addresses Mr. Havel's misstatement that he stopped infringements and then presents evidence of the falsity of Mr. Havel's statement.  [DE 68 at 9, ¶ H]

> ### 2.  Plaintiff's Introduction Properly Stated Mr. Havel Does Not Dispute Engaging in Misconduct.

Mr. Havel next takes issue the introduction of Plaintiff's Reply that states that Mr. Havel does not dispute engaging in the misconduct.  [DE 97 at 2, ¶ 2]  Mr. Havel does not provide any argument for why he is entitled to file a surreply because Plaintiff made an observation to the Court that Mr. Havel's Response did not dispute Mr. Havel's misconduct.  Therefore, any such argument is waived.  *Bratton v. Roadway Package Sys., Inc.*, 77 F.3d 168, 173 n. 1 (7th Cir. 1996) (finding waiver when a party "failed to develop the argument in any meaningful manner").  Regardless, it is appropriate for Plaintiff's Reply to address the Response's arguments and lack of arguments.

> ### 3.  Allegation that "In Plaintiffs [sic] Introduction they piece together a scenario that is confusing and again state that I do '… not dispute the conduct that has been alleged . . .'"  [DE 97 at 2, ¶ 3]

Mr. Havel alleges that Plaintiff's Reply was "confusing," but does not provide any basis for why this entitles Mr. Havel to file a surreply.  Accordingly, Mr. Havel has waived any argument by failing to develop it.  *Bratton*, 77 F.3d 168, 173 n. 1.  Waiver aside, a "confusing" introduction, is not grounds for Mr. Havel to submit a surreply.

> ### 4.  Allegation that "Plaintiff changes the facts . . . by" Addressing Mr. Havel's Arguments. [DE 97 at 2, ¶ 4]

Mr. Havel next asserts that he is entitled to file a surreply because Plaintiff addressed Mr. Havel's arguments.  [DE 97 at 2, ¶ 4]  A reply brief's response to arguments raised in a responsive brief is permissible and not grounds for Mr. Havel to file a surreply.

5. **Allegation that "Plaintiffs [sic] state, 'Mr. Havel does not dispute that plaintiff has a registered copyright over those 486 tapes but argues that he received from Rkkody the 486 tapes 'before any Consent Degrees.'" [DE 97 at 3, ¶ 5]**

The Reply's restatement of the position that Mr. Havel took in his Amended Response is not grounds for Mr. Havel to file a surreply. Mr. Havel's Amended Response made an argument regarding Rkkody, and Plaintiff addressed it in Plaintiff's Reply. Mr. Havel fails to provide any argument for why this would entitle Mr. Havel to file a surreply.

6. **Allegation that "Plaintiffs [sic] try to address the argument that Rkkody didn't OWN or have property rights for the audio tapes he removed from Storage . . . ." [DE 97 at 3, ¶ 6]**

The Reply's restatement of the position that Mr. Havel took in his Amended Response is not grounds for Mr. Havel to file a surreply. Mr. Havel's Amended Response made an argument regarding Rkkody, and Plaintiff addressed it in Plaintiff's Reply. Mr. Havel fails to provide any argument for why this would entitle Mr. Havel to file a surreply. The moving party is obviously entitled to address in its reply the arguments raised in the response.

7. **Allegation that "Plaintiffs [sic] argue that Judge Breyer ruled" that Plaintiff Owns All of the Intellectual Property of Heaven's Gate. [DE 97 at 3, ¶ 7]**

The Reply continued the argument that Plaintiff is the sole owner of the intellectual property of Heaven's Gate. [*Compare* DE 67 at 2, *with* DE 90 at 2-3] Moreover, Plaintiff cited to Court Orders confirming Plaintiff's ownership because Mr. Havel appeared to argue that some of the intellectual property was owned, or stolen, by "Rkkody" or Chuck Humphrey and that Plaintiff could therefore not own the stolen property. [DE 87 at 14, ¶ N] Plaintiff cited to the Consent Decree in a case involving Mr. Humphrey's estate, and daughter, that confirmed that Plaintiff is the sole owner of Heaven's Gate's intellectual property. [DE 90 at 3] It is proper for Plaintiff to address in its Reply the arguments that Mr. Havel attempted to make in his Amended Response.

8.  **Allegation that "Plaintiffs [sic] state, 'Mr. Havel later argues'" His Infringement Was Unknowing.  [DE 97 at 3, ¶ 8]**

Mr. Havel's Amended Response alleged that his infringement was unknowing, and Plaintiff's Reply addressed that allegation.  Plaintiff was entitled to address in its Reply the arguments made in Mr. Havel's Amended Response.  This does not entitle Mr. Havel to continue briefing.  *See United States v. Hodgekins*, 805 F. Supp. 653, 657 (N.D. Ind. 1992) ("Judicial economy requires that the briefing on this motion stop at some point.  Both parties have had an adequate opportunity to make their arguments, and the court will not entertain further briefing.").

9.  **Allegation that "Plaintiffs [sic] present new argument of 'liability' that has nothing to do with alleged infringement" because Plaintiff Identified Case Law that Copyright Infringement Is a Strict Liability Offense.  [DE 97 at 3, ¶ 9]**

Mr. Havel takes issue with Plaintiff providing to the Court applicable case law that copyright infringement is a strict liability offense in response to the Amended Response's allegation that Mr. Havel's infringement was "unknowing."  [DE 97 at 3, ¶ 9; *compare* DE 87 at 12, ¶ G and DE 87 at 23, *with* DE 90 at 4]  The moving party is entitled to submit a reply that addresses the arguments made in a response brief, and the Reply providing to the Court applicable case law in response to Mr. Havel's implausible statement that he did not know of Plaintiff's ownership of the intellectual property is acceptable and not grounds for Mr. Havel to file a surreply.

10.  **Allegation that "Plaintiffs [sic] make a new Claim by misquoting me . . . ."  [DE 97 at 3, ¶ 10]**

Mr. Havel alleges that Plaintiff "misquoted" Mr. Havel by reciting in the Reply the position taken by Mr. Havel in his Amended Response: that he stopped infringements other than continuing to use Plaintiff's C.B.E. copyright.  But that is the position that Mr. Havel took in his Amended Response at DE 87 at 12, ¶ F, and it is not grounds for Mr. Havel to file a surreply.  Nor does Mr. Havel provide any basis for why the Court should allow him

to continue briefing.  Therefore, the Court should deem Mr. Havel's failure to develop this "argument" as a waiver.

Further, the Court is able to "ascertain from a reading of the initial, response, and reply brief[]" what Mr. Havel stated.  *United States v. Hodgekins*, 805 F. Supp. 653, 656 (N.D. Ind. 1992).

> **11.  Allegation that "Plaintiffs [sic] accuse me of introducing new arguments.  I would like time to address how I deserve to state my defense to the many unfounded accusations."  [DE 97 at 3-4, ¶ 11]**

Mr. Havel alleges that he is entitled to file a surreply because "Plaintiffs [sic] accuse [Mr. Havel] of introducing new arguments." [DE 97 at 3, ¶ 11]  Mr. Havel does not develop this "argument" or cite to any portion of the record in which Plaintiff has "accused" Mr. Havel of raising new arguments.  Accordingly, the Court should find this argument as waived.  Moreover, even assuming the truth of Mr. Havel's unsupported statement, there is no basis for Mr. Havel to be able to file a surreply because Plaintiff has alleged Mr. Havel has raised new arguments.

> **12.  Allegation that "Plaintiffs [sic] make a new Claim that brings into question whether Rkkody sent me audio tapes . . . ."  [DE 97 at 4, ¶ 12]**

Mr. Havel takes issue that Plaintiff's Reply addressed the allegation within Mr. Havel's Amended Response that he was sent audiotapes from "Rkkody." [DE 97 at 4, ¶ 12; *see* DE 87 at 5, ¶ B]  But Plaintiff was entitled to address in its Reply the arguments and statements made in Mr. Havel's Amended Response.  One function of a reply brief is to address the arguments raised the responsive brief, and that is exactly what Plaintiff did.

Notwithstanding the above, Mr. Havel does not develop this argument, and the Court should deem it waived.

/ / /

/ / /

/ / /

13.     **Allegation that Plaintiff's Evidence Contradicting Mr. Havel's Misrepresentation that He Has Stopped All Infringements.  [DE 97 at 4, ¶ 13]**

In response to Mr. Havel's misrepresentation that he "stopped all accused breaches" after the lawsuit began, with the exception of Plaintiff's C.B.E. Copyright, DE 87 at 12, ¶ F, Plaintiff submitted evidence of Mr. Havel infringing after the lawsuit, including Mr. Havel playing at a commercial event, Plaintiff's copyrighted materials, DE 90 at 9-10. Plaintiff properly addressed in its Reply the misrepresentation that Mr. Havel made to the Court.

Mr. Havel does not provide any argument for why he is entitled to file a surreply because Plaintiff's Reply addressed a demonstrably false statement made by Mr. Havel in his Amended Response.  Accordingly, the Court should deem this request waived because Mr. Havel failed to develop any argument.  *Bratton*, 77 F.3d 168, 173 n. 1.

14.     **Allegation that Plaintiff's Evidence Contradicting Mr. Havel's Statement that He Stopped Infringements.  [DE 97 at 5, ¶ 14]**

In response to Mr. Havel's misrepresentation that he "stopped all accused breaches" after the lawsuit began, with the exception of Plaintiff's C.B.E.  Copyright, DE 87 at 12, ¶ F, Plaintiff submitted evidence of Mr. Havel infringing after the lawsuit, DE 90 at 9-10, including Mr. Havel playing Plaintiff's copyrighted materials at a commercial event as well as Mr. Havel's statements that he intends to engage in future events.

This is not a new argument.  Plaintiff argued in its Motion for a Preliminary Injunction that Mr. Havel continued to infringe on Plaintiff's intellectual property rights and that an injunction was necessary.  [DE 67]  In Mr. Havel's Amended Response, he misrepresented that he has not infringed since the lawsuit began and that he "ha[s] self imposed a type of injunction over [him]self."  [DE 87 at 5, ¶ B; *id.* at 12, ¶ F]  In Plaintiff's Reply, Plaintiff properly presented evidence that contradicted Mr. Havel's misrepresentation, including *Mr. Havel's own statements confirming that he will engage in future infringements for commercial purposes*.

Mr. Havel does not develop any argument for why he should be entitled to file a surreply for Plaintiff addressing in its Reply the misrepresentations made in Mr. Havel's Amended Response.  As such, the Court should find that Mr. Havel has waived any argument.

> **15.    Allegation that "Plaintiffs [sic] say . . . a really odd new accusation: 'Mr. Havel Does Not Argue Against the Court Entering Injunctive Relief."  [DE 97 at 5, ¶ 15]**

Mr. Havel takes issue that the Reply observed that Mr. Havel's Amended Response did not argue against the Court entering injunctive relief.  [DE 97 at 5, ¶ 15]  It is acceptable for a reply brief to address the arguments raised in a responsive brief or that are not addressed in the responsive brief.  Plaintiff's observation of Mr. Havel's briefing failures does not entitle Mr. Havel to have what would be a third opportunity to brief the issues.

> **16.    Allegation that "Plaintiffs [sic] state in doc 90 . . . another really odd new accusation" that Mr. Havel Does Not Dispute Irreparable Harm to Plaintiff or the Absence of Substantial Hardship to Mr. Havel If the Court Granted the Injunction.  [DE 97 at 5, ¶ 16]**

Mr. Havel dislikes that Plaintiff's Reply pointed out that Mr. Havel's Amended Response did not dispute the absence of irreparable harm to Plaintiff or the absence of substantial hardship to Mr. Havel if the Court granted the injunction.  [DE 97 at 5, ¶ 16]  It is proper for a reply brief to identify that the responsive brief does not address an argument. Mr. Havel appears to want a third bite at the apple to address arguments that he did not bother to address, which resulted in the waiver of any opposition.  *Dye v. City of Bloomington, Indiana*, 580 F. Supp. 3d 560, 569 (S.D. Ind. 2022) ("Plaintiffs did not respond to Defendants' argument, so any opposing argument is waived."); *Eli Lilly & Co. v. Apotex, Inc.*, 430 F. Supp. 3d 560, 565 (S.D. Ind. 2019), *aff'd,* 837 Fed. Appx. 780 (Fed. Cir. 2020) (failing to respond to an argument is a concession on those points).  The Court should not permit Mr. Havel to file yet another brief to address arguments that he did not bother to address previously.

**17.    Allegation that Exhibits Confirming Mr. Havel's Ongoing Infringement "are very odd and inaccurate."  [DE 97 at 5-6, ¶ 17]**

Mr. Havel states that Plaintiff's Reply references exhibits that reflect Mr. Havel's commitment to infringing that are "very odd and inaccurate."  [DE 97 at 5-6, ¶ 17] Although Mr. Havel failed to develop any argument for why he should be granted leave to file a surreply, and the Court should deem any argument waived on that basis, the exhibits that reflect Mr. Havel's infringement were identified in response to Mr. Havel's misrepresentation that he "stopped all accused breaches" after the lawsuit began, with the exception of Plaintiff's C.B.E. Copyright, DE 87 at 12, ¶ F.

Plaintiff in its Motion identified that Mr. Havel has continued to infringe.  Yet, Mr. Havel denied continued infringement following the lawsuit, with the exception of the C.B.E. Copyright.  Accordingly, Plaintiff's Reply provided evidence to contradict the misrepresentation made in Mr. Havel's Amended Response.  This was appropriate and does not provide any basis for Mr. Havel to file a surreply.

**18.    Allegation that Mr. Havel Being Paid to Infringe on Plaintiff's Copyrights.  [DE 97 at 6, ¶ 18]**

Mr. Havel takes issue that the Reply presented evidence of Mr. Havel's ongoing infringements, including that Mr. Havel was paid to commercially exploit Plaintiff's intellectual property.  [DE 97 at 6, ¶ 18]  But Mr. Havel fails to develop an argument for why Plaintiff's presentation of evidence reflecting Mr. Havel's exploitation for profit of Plaintiff's intellectual property entitles Mr. Havel to file a surreply, and the Court should deem it waived.

Notwithstanding Mr. Havel's waiver, Plaintiff submitted evidence of Mr. Havel's ongoing infringements to contradict Mr. Havel's misrepresentation that he "stopped all accused breaches" after the lawsuit began, with the exception of Plaintiff's C.B.E. Copyright.  [DE 87 at 12, ¶ F]  Plaintiff's Reply properly responded to the Amended Response's positions and misrepresentations.

**19.      Allegation that "Plaintiff's [sic] state . . . a new Claim" that "Mr. Havel's expressed intent to continue infringing . . . confirm that it is necessary for this Court to enter injunctive relief . . . ." [DE 97 at 6, ¶ 19]**

Mr. Havel takes issue with Plaintiff's Reply requesting injunctive relief, even though it was requested in Plaintiff's Motion for Injunctive Relief.  It is obviously acceptable for Plaintiff's Reply to request the same relief (injunctive relief) that was requested in Plaintiff's Motion.  Mr. Havel fails to provide any argument for why he should be granted permission to file a surreply to address the Reply requesting the same relief that was requested in Plaintiff's Motion.  The Court should find this nonsensical "argument" waived.

**20.      Allegation that "Plaintiffs [sic] introduce new alleged evidence" that "Mr. Havel's Response Confirms His Infringement."  [DE 97 at 6, ¶ 20]**

Plaintiff's Reply pointing out that Mr. Havel's Amended Response failed to dispute any of the infringements that were identified, with significant evidence to support those infringements, it not "new alleged evidence."  To the contrary, it is permissible for the moving party in its reply brief to identify the arguments that the non-moving party failed to address in its responsive brief.

**21.      Allegation that "Plantiffs [sic] state new absurd claim saying . . . '[t]he Proposed Order Is Not Challenged."  [DE 97 at 6, ¶ 21]**

Mr. Havel takes issue with the Reply pointing out that Mr. Havel's Amended Response did not address the proposed Order.  There is nothing improper about a reply brief identifying that the non-moving failed to oppose the form of relief that is requested.  Nor does it form a basis for the Court to permit Mr. Havel to file a surreply.

/ / /

/ / /

/ / /

/ / /

22. **Allegation that Plaintiff Introduced "two new arguments by including Rkkody in" Plaintiff's Statement that Plaintiff Is the Owner of All of Heaven's Gate Intellectual Property, Including Materials Taken by RKkody.  [DE 97 at 6-7, ¶ 22]**

Mr. Havel alleges that Plaintiff introduced "two new arguments" by stating that Plaintiff is the owner of all of the intellectual property of Heaven's Gate, including materials allegedly taken by Rkkody.  [DE 97 at 6-7, ¶ 22]  Mr. Havel is wrong.

Plaintiff's Motion clearly states that Plaintiff is the owner of all of the intellectual property of Heaven's Gate.  [DE 67 at 2]  Mr. Havel's Amended Response argued that Plaintiff could not be the owner of tapes taken by Rkkody.  [DE 87 at 6, ¶ G]  Plaintiff's Reply appropriately addressed Mr. Havel's argument regarding Rkkody and explained, again, that Plaintiff is the owner of all of the intellectual property of Heaven's Gate.  Mr. Havel is not entitled to file a surreply because the Reply addressed the arguments raised in Mr. Havel's Amended Response.

23. **Allegation that Mr. Havel "hope[s] to have the opportunity to reply to [Plaintiff] saying" that Mr. Havel Did Not Develop His Laches Argument.  [DE 97 at 7, ¶ 23]**

Mr. Havel takes issue with Plaintiff's Reply addressing Mr. Havel's laches "argument" and the case law reflecting that laches is inapplicable.  [DE 97 at 7, ¶ 23]  It was proper for Plaintiff's Reply to address the arguments that were attempted to be raised in Mr. Havel's Amended Response, and to identify when an argument was not developed. Mr. Havel is not entitled to file a surreply because Plaintiff properly submitted a Reply that addressed the points that were attempted to be raised in Mr. Havel's Amended Response.

24. **Mr. Havel Did Not Develop His Fair Use Argument.  [DE 97 at 7, ¶ 24]**

Mr. Havel asserts that Plaintiff "for the first time address a new argument by saying I didn't develop my argument for Fair Use of materials."  [DE 97 at 7, ¶ 24]  Plaintiff raised this in response to Mr. Havel stating he engaged in "fair use," without any development of

the argument.  [*Compare* DE 87 at 12, ¶ E, *with* DE 90 at 5-6, ¶ C]  Plaintiff, obviously, could not have raised in its Motion, before Mr. Havel filed his Response that failed to develop the fair use argument, that Mr. Havel's forthcoming Response, which was stricken, and then the Amended Response would fail to develop an argument that is not supported by any legal basis.

## II.     CONCLUSION.

The Court should deny Mr. Havel's request to continue the briefing.  There is no legitimate basis for Mr. Havel to file a surreply.  Mr. Havel only seeks to file a surreply so that he can have the last word.  But that is not a basis to deviate from the Rules that permit only a motion, a response, and a reply.

"Judicial economy requires that the briefing on this motion stop at some point.  Both parties have had an adequate opportunity to make their arguments, and the court" should "not entertain further briefing."  *United States v. Hodgekins*, 805 F. Supp. 653, 656 (N.D. Ind. 1992).

RESPECTFULLY SUBMITTED this 1st day of April 2023.

> /s/ Isaac S. Crum
> MESSNER REEVES LLP
> Isaac S. Crum (AZ Bar #026510)
> (*Pro Hac Vice*)
> icrum@messner.com
> Daniel L. Marks (AZ Bar #034141)
> (*Pro Hac Vice*)
> dmarks@messner.com
> 7250 N. 16th Street, Suite 410
> Phoenix, Arizona 85020
> Telephone: (602) 641-6705
> Facsimile: (303) 623-0552

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of April 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the filing to the parties listed below.  A copy of this filing will also be sent via U.S. mail and email.

Cathy Weaver
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

Jason Bartel
N4019 Forest Drive
Hancock, WI 54943
jason_bartel@unioncab.com

Steven Robert Havel
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

*/s/ Mary Willson*