UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| The Evolutionary Level Above Human, Inc. d/b/a The Telah Foundation, an Arizona nonprofit corporation,<br><br>                Plaintiff,<br>  v.<br><br>Steven Robert Havel,<br>Cathy JoAnn Weaver,<br>Jason Bartel,<br><br>                Defendants. | CASE NO. 3:22-CV-395-JD-MGG |

**PLAINTIFF'S RESPONSE TO JASON BARTEL'S *MOTION TO ADD EVIDENCE REGARDING THE TRUE AND FACTUAL 'KNOWN PLACE OF BUSINESS' OF THE EVOLUTIONARY LEVEL ABOVE HUMAN, INC.* (DE 102)**

The Evolutionary Level Above Human, Inc. d/b/a The Telah Foundation (the "Foundation" or "Plaintiff") hereby opposes Jason Bartel's "*Motion to Add Evidence Regarding the True and Factual 'Known Place of Business' of the Evolutionary Level Above Human, Inc.*" (DE 102; hereafter, the "Motion") in which he alleges "deceitful behavior" and asks to "pierce the corporate veil to name Mark and Sarah King and Plaintiffs," despite setting forth no basis to pierce the corporate veil and no authority for Mr. Bartel's request to have additional parties sue Mr. Bartel. The Court should deny Mr. Bartel's Motion and requested relief as it is improper.

**I.    MR. BARTEL DOES NOT CITE TO ANY ARIZONA STATUTE THAT PRECLUDES A NON-PROFIT CORPORATION FROM HAVING ITS PLACE OF BUSINESS OR STATUTORY AGENT AT A PO BOX.**

Mr. Bartel alleges that the Court should "name Mark and Sarah King as Plaintiffs in this case as Plaintiffs [sic] are using a mailbox at a UPS store as [Plaintiff]'s Known Place of Business and the address of the [Plaintiff]'s Statutory Agent and therefore there is

no method by which legal documentation can be received by [Plaintiff]'s Statutory Agent, Mark King." [DE 102 at 1-2]

Arizona's statutes require a Non-Profit Corporation that is incorporated in Arizona to have a statutory agent who resides in the state of Arizona. *See*, e.g., A.R.S. § 10-3501(1)-(2)(a) ("Each corporation shall continuously maintain in this state both: 1. A known place of business that may be the address of its statutory agent. 2. A statutory agent who may be either: (a) An individual who resides in this state."). Mr. Bartel fails to cite to any Arizona statute to support his allegations.

Mr. Bartel's allegation that he is unable to serve Plaintiff is nonsensical. Plaintiff is represented by counsel in this litigation, and Mr. Bartel must serve Plaintiff in the manner required by Fed. R. Civ. P. 5(b)(1), which does not require service on the named party or the statutory agent of the named party. *See* Fed. R. Civ. P. 5(b)(1) ("If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party."). Moreover, Arizona law allows service on a Nonprofit Corporation that "fails to appoint or maintain a statutory agent" by serving the Arizona Corporation Commission. *See* A.R.S. § 10-3504(B). Therefore, even though Mr. Bartel must serve Plaintiff through counsel, if Mr. Bartel were ever required to serve Plaintiff with a summons, Mr. Bartel could effectuate personal service of a summons on Plaintiff, even if there is not a physical address for the statutory agent, by serving the Arizona Corporation Commission. *Id.*; Fed. R. Civ. P. 4(h); Fed. R. Civ. P. 4 (e)(1).

Mr. Bartel's request to have the Court add additional plaintiffs to this action based on the allegation that he cannot serve[1] the statutory agent of Plaintiff is unjustifiable, and is not a dispute in controversy, because a Nonprofit Corporation in Arizona that fails to maintain a statutory agent can be served by serving the Arizona Corporation Commission.

---

[1] Mr. Bartel has not identified what materials he would need to serve on Plaintiff's statutory agent, given that Plaintiff is represented by counsel, much less any attempt to do so.

**II.   NOBODY IS "MISLED" BASED ON THE CAPITALIZATION OF THE WORDS NONPROFIT CORPORATION.**

Mr. Bartel alleges that Plaintiff is "trying to mislead [Mr. Bartel]" because Plaintiff is a "**N**onprofit **C**orporation" and paragraph two of the Complaint did not capitalize those words when referencing the Plaintiff.  [DE 102 at 3 (Emphasis added)]  Despite Mr. Bartel alleging that Plaintiff is attempting to mislead Mr. Bartel, Mr. Bartel does not assert that he is misled.  Nor does it appear that Mr. Bartel has any confusion as to the identify of Plaintiff, given that Mr. Bartel has submitted multiple filings in this case that demonstrate he knows the identification of the parties.  Further, Mr. Bartel has made numerous requests, including in the Motion, that the Court name as additional Plaintiffs Mark and Sarah King, who are the directors of Plaintiff.

**III.   PLAINTIFF IS NOT PROHIBITED FROM BRINGING THIS ACTION.**

Mr. Bartel argues that Plaintiff "is not allowed to initiate legal actions as the statutory agent, Mark King, does not have a physical address where Mark King can" be served.  [102 at 5]  Mr. Bartel does not cite to any Arizona statute, or any law, that prohibits Plaintiff from bringing this action.  Moreover, as set forth above, Plaintiff is to be served through counsel, in accordance with Fed. R. Civ. P. 5(b)(1).

**IV.   PLAINTIFF CHANGING ITS ADDRESS DOES NOT INVALIDATE A TRADEMARK.**

Mr. Bartel alleges the address listed on the USPTO for Plaintiff's trademark that has been assigned serial number 86800264 is not the same address that is listed on Plaintiff's 2015 Annual Report and alleges that "Plaintiff . . . committed perjury on Plaintiff's 10-27-2015 trademark application." [DE 102 at 4-5]

Mr. Bartel is wrong, and it appears that his misunderstanding is based on the document that is attached as Exhibit 21 to Mr. Bartel's Motion.  Exhibit 21 to the Motion is not a copy of the trademark application, and it was not accessed from the United States Patent and Trademark Office's website.

Attached hereto as Exhibit 1 is a redacted copy[2] of the trademark application for what has been assigned serial number 86800264 that was accessed from the United States Patent and Trademark Office.  The address set forth in the application (4757 E. Greenway Rd. #107B-178, Phoenix, AZ 85032) is the same address stated in the 2015 annual report.  *Compare* Exhibit 1, *with* DE 102-1 at 9-11.

Plaintiff setting forth an accurate address in its trademark application does not later become "perjury" because at a later date Plaintiff changed its address with the Arizona Corporation Commission.

V.  **GENERAL DENIAL OF ANY ARGUMENTS THAT WERE NOT DEVELOPED.**

Plaintiff has addressed Mr. Bartel's arguments, which are not clearly articulated, as Plaintiff understands them.  Plaintiff denies any additional arguments that Mr. Bartel intended to raise, if any, but failed to develop and should be deemed waived.  *Bratton v. Roadway Package Sys., Inc.,* 77 F.3d 168, 173 n. 1 (7th Cir.1996) (finding waiver when a party "failed to develop the argument in any meaningful manner").

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2]   Phone numbers have been redacted.

## VI. CONCLUSION.

Plaintiff requests that the Court deny Mr. Bartel's Motion.

RESPECTFULLY SUBMITTED this 12th day of May 2023.

                                      *Isaac S. Crum*
MESSNER REEVES LLP
Isaac S. Crum (AZ Bar #026510)
(*Pro Hac Vice*)
icrum@messner.com
Daniel L. Marks (AZ Bar #034141)
(*Pro Hac Vice*)
dmarks@messner.com
7250 N. 16th Street, Suite 410
Phoenix, Arizona 85020
Telephone: (602) 641-6705
Facsimile: (303) 623-0552

## CERTIFICATE OF SERVICE

      I hereby certify that on the 12th day of May 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the filing to the parties listed below. A copy of this filing will also be sent via U.S. mail and email.

Cathy Weaver
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

Jason Bartel
N4019 Forest Drive
Hancock, WI 54943
jason_bartel@unioncab.com

Steven Robert Havel
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

                                          */s/ Mary Willson*