UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| The Evolutionary Level Above Human, Inc. d/b/a The Telah Foundation, an Arizona nonprofit corporation,<br><br>     Plaintiff,<br> v.<br><br>Steven Robert Havel,<br>Cathy JoAnn Weaver,<br>Jason Bartel,<br><br>     Defendants. | CASE NO. 3:22-CV-395-JD-MGG |

**PLAINTIFF'S EXPEDITED MOTION TO STRIKE DE 105, DE 106, DE 107, DE 108, DE 109, DE 110, AND REQUEST FOR SANCTIONS**

  Plaintiff hereby requests that the Court (1) strike DE 105, 106, and 107 (collectively, the "Unsigned Motions") because the Unsigned Motions were not signed, as required by Fed. R. Civ. P. 11(a) and N.D. Ind. L.R. 5-4(b)(1)(C); (2) strike DE 108 as it is an untimely and inappropriate attempt to continue briefing the Motion for a Preliminary Injunction; (3) strike DE 109, which is Defendant Jason Bartel's ("Mr. Bartel") Motion to Amend, because it fails to comply with N.D. Ind. L.R. 15-1; (4) strike DE 110 because it is untimely and it does not comply with N.D. L.R. 56-1; and (5) sanction Mr. Bartel for his ongoing violations of the Rules.

  Plaintiff is seeking expedited relief with respect to this Motion as a Ruling from the Court on this Motion before the deadlines[1] for Plaintiff to respond to eight different

---

[1] Based on the date Plaintiff received service through the Court's electronic filing system, which is two days after the date of filing, Plaintiff has the following deadlines: (1) June 7, 2023, for the Responses to DE 105 and DE 107; (2) June 21, 2023, for the Response to DE 106 (Motion for Summary Judgment); (3) June 9, 2023, for the Responses to DE 108 and DE 109; and (4) June 24, 2023, for the Response to DE 110 (Motion for Summary Judgment).

Motions that Mr. Bartel has filed, and it could eliminate Plaintiff from needing to brief eight different Motions and could narrow the scope of the proceedings.

I. **THE COURT SHOULD STRIKE DE 105-110.**

    A. **DE 105, DE 106, and DE 107 Do Not Contain Signatures and Should Be Stricken.**

On May 24, 2023, Mr. Bartel filed with the Court the Unsigned Motions that appear in the record at DE 105, 106, and 107. The Unsigned Motions were not signed by Mr. Bartel, which is required by Fed. R. Civ. P. 11(a) and N.D. Ind. L.R. 5-4(b)(1)(C).

The Court should strike from the record DE 105, 106, and 107 because those filings do not contain the required signature. Additionally, striking the Unsigned Motions will eliminate unnecessary confusion and prevent duplicate briefing on the same topics because, after submitting the Unsigned Motions, Mr. Bartel re-submitted the Unsigned Motions with a signature on the final page. *Compare* DE 105, *with* DE 109; *compare* DE 106, *with* DE 110; *compare* DE 107, *with* DE 108.

    B. **DE 108 Should Be Stricken Because It Is Mr. Bartel's Untimely Attempt to Continue Briefing the Motion for Preliminary Injunction and DE 102.**

DE 108, which is Mr. Bartel's "*Motion to Add Evidence Regarding Plaintiff's Disclosure Statement in Order to Identify the True and Legal Name of Mark and Sarah King's Arizona Religious 501(C)(3) Nonprofit Corporation*," is the latest example of Mr. Bartel's ongoing efforts to continue briefing the Motion for a Preliminary Injunction, despite the Court setting February 6, 2023, as the deadline for Mr. Bartel's Response and Plaintiff's filing on February 13, 2023, Plaintiff's responses to Mr. Bartel's two Motions that were filed in response to the Motion for a Preliminary Injunction. *See* DE 68 at 2 (setting February 6, 2023, as deadline for Mr. Bartel to submit a Response to the Motion for a Preliminary Injunction); DE 78 (modifying briefing schedule with respect to Mr. Havel and Mr. Bartel's two Motions that were filed in response to the Motion for a Preliminary Injunction); DE 81; DE 82. The record is littered with Mr. Bartel's efforts to

"add evidence," even though briefing has concluded with respect to Mr. Bartel in February 2023, and Mr. Bartel knowing that it is improper to continue briefing a Motion beyond the schedule, as evidenced by the Court striking Mr. Havel's attempts to do so.  *See*, e.g., DE 79, 84, 85, 86, 101, 102 (Motions to add evidence); DE 93 (striking Mr. Havel's surreply and making "clear" that it was "Defendants' final warning" and that "the Court will not provide any further accommodations for procedural missteps and such missteps may result in sanctions as deemed appropriate").  The Court should strike Mr. Bartel's latest attempt to continue briefing the Motion for a Preliminary Injunction.  *Compare* DE 72 at 1 ("Defendant can prove . . . that the entire basis for Plaintiff's lawsuit is fraudulent."), *with* DE 108 at 8 ("The main activities of the Foundation in the Foundation's twenty-five years plus history seem to involve fraudulently registering copyrights and trademarks, making false claims of ownership of all of the Group's Property and initiating legal actions like the case before this Court in order to attempt to manipulate the legal system and 'legitimize' Mark King and Sarah King's numerous false claims regarding the Group's Property and the Foundation's alleged sole ownership thereof.").

DE 108 could also be considered as an untimely Reply to the briefing on DE 102, which was Mr. Bartel's "*Motion to Add Evidence Regarding the True and Factual 'Known Place of Business' of the Evolutionary Level Above Human, Inc.*"  *Compare* DE 102 at 9 ("Defendant prays that the Court will pierce the corporate veil and name Mark and Sarah King as Plaintiffs in this case . . . ."), *with* DE 108 at 6 ("Defendant Bartel believes that there is no doubt that the corporate veil must be pierced and that Mark King and Sarah King must be named as Plaintiffs in the case . . . .").  Plaintiff submitted its response on May 12, 2023.  [DE 103]  Mr. Bartel was served by mail and e-mail.  At latest, Mr. Bartel's deadline was May 22, 2023.  *See* Fed. R. Civ. P. 6(d); N.D. L.R. 7-1(d)(3)(B).  But DE 108 was not filed until May 24, 2023.

Judicial economy requires briefing to stop at some point.  *United States v. Hodgekins*, 805 F. Supp. 653, 657 (N.D. Ind. 1992) ("Judicial economy requires that the

briefing on this motion stop at some point.  Both parties have had an adequate opportunity to make their arguments, and the court will not entertain further briefing.").  Despite that, and the Rules setting forth the deadlines, Mr. Bartel continues to brief the Motion for a Preliminary Injunction and file substantially similar Motions that request the same or a substantially similar form of relief.  The Court should strike DE 108 because it is an untimely and inappropriate for Mr. Bartel to continue briefing the Motion for a Preliminary Injunction.

        **C.**      **Mr. Bartel's Motion to Amend [DE 109] Should Be Stricken Because It Does Not Comply With N.D. Ind. L.R. 15-1.**

The Court should strike DE 109, which is Mr. Bartel's "*Motion to Amend Defendant"s [sic] Counterclaim and Motion to Name Mark and Sarah King as Plaintiffs and Counterdefendants and Effect Service on Plaintiffs and Further Amend Any and All References to Mark and Sarah King In the Case Before This Court*," because it does not contain "the original signed proposed amendment as an attachment," as required by N.D. Ind. L.R. 15-1(a).

Mr. Bartel is held to the same standards as a party that is represented by counsel, and the Court should strike DE 109.  [DE 78 at 2 (citing *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006)); DE 93 at 2 ("The Defendants . . . have been reminded that their *pro se* status does not relieve them from compliance with the Federal Rules of Civil Procedure, this Court's local rules, or this Court's orders.").]  Requiring Mr. Bartel to include the original signed proposed amendment as an attachment to a Motion to Amend, as required by the Rules, is particularly important and necessary because it will aid Plaintiff and its counsel in understanding the causes of action, if any, that Mr. Bartel seeks to assert as a Counterclaim and against whom he seeks to assert a counterclaim.

**D.     DE 110 Should Be Stricken Because It Is an Untimely Reply to DE 71 and Does Not Comply With N.D. L.R. 56-1.**

**1.     DE 110 Is Untimely.**

DE 110, which is Mr. Bartel's *Motion to Cancel All of the Telah Foundation's 1997 Registered Copyrights and Trademark Registration Number 5148959*, is an essentially untimely reply to DE 71, which is Mr. Bartel's *Motion to Cancel All of The Evolutionary Level Above Human, Inc.'s d/b/a the Telah Foundation's, [sic] Registered Copyrights and Trademark Registrations*.  Indeed, DE 110 seeks to cancel the same registrations as DE 71, and it appears to be Mr. Bartel's attempt to have the final word after Mr. Bartel failed to file a Reply to the Response that was filed on February 13, 2023.  *Compare* DE 71 at 1-3, *with* DE 110 at 7-9; DE 82.

DE 71, which was a Motion for Summary Judgment filed in violation in N.D. L.R. 56-1, was fully briefed on February 13, 2023, and Mr. Bartel did not file a Reply.  [DE 82]  Mr. Bartel has now submitted what is essentially an untimely Reply that seeks that relief that was requested in DE 71, despite March 2, 2023, being the deadline to submit a Reply.

The Court should strike DE 110 because it is an untimely Reply to DE 71 and requests the same or similar relief as DE 71.  Mr. Bartel filing a barrage of motions that request the same form of relief is contrary to public policy for there to be a "just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.

**2.     DE 110 Does Not Comply With N.D. L.R. 56-1.**

DE 110 should also be stricken because Mr. Bartel has failed to comply with N.D. L.R. 56-1.  Although DE 110 is not appropriately titled, the relief requested in the Motion makes clear that it seeks summary judgment on Mr. Bartel's counterclaims to cancel Plaintiff's trademark rights and copyrights.  *See* DE 110 at 5 ("Defendants will be entitled forthwith to a favorable Summary Judgment as well as awarding all counterclaims as per the discretion of the Court.").  DE 110 does not comply with N.D. L.R. 56-1, just as DE 71 did not comply with that Local Rule, because it does not include a supporting brief or a

statement of facts. Plaintiff already defended Mr. Bartel's first Motion for Summary Judgment that was filed in violation of the Rules, and Plaintiff should not be required to respond to yet another misplaced Motion for Summary Judgment that Mr. Bartel filed in violation of the Rules.

## II. REQUEST FOR SANCTIONS.

Plaintiff requests the Court sanction Mr. Bartel by (i) ordering Mr. Bartel to pay for the attorneys' fees incurred in connection with the briefing on this Motion to Strike and/or (ii) any other sanction that the Court deems is reasonable under the circumstances.

Mr. Bartel's violations of the Rules and the Court's Orders has become routine. For example, despite the Court already striking four of Mr. Bartel's filings that were submitted without signature, Mr. Bartel has filed four more unsigned Motions. [DE 53 (striking DE 44, 45, 46, 50); DE 101, 105-107] Mr. Bartel continues to violate other Rules, such as filing multiple Motions for Summary Judgment without a statement of facts, continuing to submit Motions that request the same form of relief, and more.

Despite many warnings, Mr. Bartel and his co-Defendants continue to violate the Rules and the Court's Orders, which has resulted in Plaintiff incurring additional expenses. These ongoing violations have burdened the Court with unnecessary filings and has caused Plaintiff to incur unnecessary attorneys' fees in addressing Mr. Bartel's violations and duplicitous Motions that re-raise the same arguments. Unlike Mr. Bartel, Plaintiff is incurring attorneys' fees each time it must address Mr. Bartel's deluge of Motions.

Accordingly, Plaintiff requests sanctions against Mr. Bartel for his ongoing failures to comply with the Court's Rules and Orders.

## III. CONCLUSION.

Plaintiff requests that the Court strike DE 105, DE 106, DE 107, DE 108, DE 109, DE 110, and enter sanctions against Mr. Bartel, such as Plaintiff's reasonable attorneys' fees associated with this Motion in an amount to be determined by the Court in a Fee

Application, plus any additional sanctions that the Court deems reasonable and necessary to stop Mr. Bartel's ongoing misconduct and expansion of the proceedings.

RESPECTFULLY SUBMITTED this 2nd day of June 2023.

/s/ Isaac Crum
MESSNER REEVES LLP
Isaac S. Crum (AZ Bar #026510) (*Pro Hac Vice*)
icrum@messner.com
Daniel L. Marks (AZ Bar #034141) (*Pro Hac Vice*)
dmarks@messner.com
7250 N. 16th Street, Suite 410
Phoenix, Arizona 85020
Telephone: (602) 641-6705
Facsimile: (303) 623-0552

## CERTIFICATE OF SERVICE

      I hereby certify that on the 2nd day of June 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the filing to the parties listed below. A copy of this filing will also be sent via U.S. mail and email.

Cathy Weaver
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

Jason Bartel
N4019 Forest Drive
Hancock, WI 54943
jason_bartel@unioncab.com

Steven Robert Havel
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

                                                            /s/ Mary Willson