UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

THE EVOLUTIONARY LEVEL ABOVE
HUMAN, INC.,

    Plaintiff,

    v.

STEVEN ROBERT HAVEL, et al.,

    Defendants.

CASE NO. 3:22-CV-395-MGG

**ORDER**

On May 22 and 24, 2023, Defendant Jason Bartel, proceeding *pro se*, filed six motions. [DE 105 – DE 110]. Defendant Bartel's motions prompted Plaintiff to file an emergency motion to strike these recent filings. [DE 111]. The Court now issues the following order to address these recent motions as well certain prior motions submitted by Defendant Bartel. This order also sets additional parameters to allow this case to move forward justly and efficiently.

    **1.**    **Mr. Bartel's Motions at Docket Entries 105-107**

To begin, three of Mr. Bartel's recent motions were unsigned. [DE 105-DE 107]. This is not the first time Defendant Bartel has submitted unsigned filings here. [*See* DE 44, DE 45, DE 46, and DE 50]. The Court struck Mr. Bartel's previous unsigned filings and explained that: "Federal Rule of Civil Procedure 11(a) requires that '[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented.'"

Fed. R. Civ. P. 11(a)." [*See* DE 53 at 1]. Accordingly, the Court again **STRIKES** Mr. Bartel's most recent unsigned filings. [DE 105, DE 106, DE 107].

The Court now addresses the rest of Mr. Bartel's recent filings.

### 2. Mr. Bartel's Motion at Docket Entry 108

Mr. Bartel's motion at docket entry 108 is titled "Motion to Add Evidence Regarding Plaintiff's Corporate Disclosure Statement in Order to Identify the True and Legal Name of Mark King and Sarah King's Arizona Religious 501(c)(3) Nonprofit Corporation." In response, Plaintiff contends that the Court should strike this motion because it amounts to either an untimely attempt to continue briefing on Plaintiff's motion for preliminary injunction or an untimely reply brief to Mr. Bartel's prior motion to add evidence. [DE 102].

Admittedly, it is unclear whether Mr. Bartel intends for this motion to be an untimely attempt to file another response to Plaintiff's Motion for Preliminary Injunction, an untimely reply brief in support of one of his prior motions [DE 102], or whether Mr. Bartel intends for this motion to be part of a dispositive summary judgment motion. No matter how this motion is construed, it has not been timely or properly filed. *See* N.D. Ind. L.R. 7-1(d)(3)(B); N.D. Ind. L.R. 56-1. Accordingly, the Court must **STRIKE** Mr. Bartel's motion to add evidence. [DE 108]

### 3. Mr. Bartel's Motion at Docket Entry 109

Mr. Bartel's next motion at docket entry 109 is titled "Motion to Amend Defendant's Counterclaim and Motion to Name Mark and Sarah King as Plaintiffs and Counter Defendants and Effect Service on Plaintiffs and Further Amend Any and All

References to Mark and Sarah King in the Case Before this Court." But Mr. Bartel's motion fails to include his proposed amended counterclaim as an attachment as required by this Court's local rules. N.D. Ind. L.R. 15-1(a). This motion also appears to be similar to, or even duplicative of, Mr. Bartel's prior motion to name Mark and Sarah King as Plaintiffs, which is still pending before this Court. [DE 61]. Accordingly, as the instant motion is procedurally defective and duplicative, the Court must also **STRIKE** it as unnecessary. [DE 109].

### 4. Mr. Bartel's Motion at Docket Entry 110

Finally, Mr. Bartel also filed a motion at docket entry 110 titled "Motion to Cancel All of the TELAH Foundation's 1997 Registered Copyrights and Trademark Registration Number 5148959." Mr. Bartel filed a similar motion on February 2, 2023, which is still pending before this court. [*See* DE 71]. Mr. Bartel indicates that his most recent motion "serves as a replacement" for his earlier-filed motion. [*See* DE 110 at 1]. Accordingly, the Court now **DENIES** Mr. Bartel's prior Motion to Cancel [DE 71] as **MOOT**.

In his more recent motion, Mr. Bartel contends that he has found additional evidence that "should leave no doubt to the Court that Plaintiff's entire lawsuit has been based on fraud and that Defendants will be entitled forthwith to a favorable Summary Judgment as well as awarding of all counterclaims as per the discretion of the Court." [DE 110 at 5]. Although Mr. Bartel seeks summary judgment in his motion, his motion disregards the Court's procedural requirements for such motions. *See* N.D. Ind. L.R. 56-1. A party moving for summary judgment must separately file (1) a motion; (2) a

supporting brief; (3) a statement of material facts with numbered paragraphs for each material fact the moving party contends is undisputed which includes (A) a short statement of each fact; and (B) a citation to evidence supporting each fact. N.D. Ind. L.R. 56-1(a). Mr. Bartel's instant motion meets none of these requirements. Accordingly, the Court must also **STRIKE** Mr. Bartel's Motion to Cancel Copyrights and Trademark for nonconformance with this Court's local rules [DE 110].

### 5. Additional Matters

With the Court's order striking Mr. Bartel's recent filings, Plaintiff's emergency motion to strike these filings is **DENIED as MOOT**. [DE 111]. Yet this flurry of recent filings raises several issues that concern the Court regarding the procedural status of this case.

First, Plaintiff has filed a Motion for Preliminary Injunction, which became fully ripe on April 8, 2023, after the time for *pro se* Defendant Stephen Havel to file any reply in support of his motion for leave to file a surreply passed. In response to Plaintiff's motion for a preliminary injunction, the Defendants have reported that, while they challenge both the validity and scope of the instant copyright and trademark registrations as well as the timeliness of this action, they admit that Plaintiff has presented copies of these registrations in the instant complaint. [*See* Defendant Havel's Answer at DE 20 at 7-9, ¶¶15-25, 58; *pro se* Defendant Cathy Weaver's Answer at DE 26 at 5-7, ¶¶ 16-25; and Defendant Bartel's Answer at DE 35, 9-12, ¶¶17-26]. Defendants also report that they have ceased engaging in the alleged infringing activity since this action was filed or that strikes have been placed in their online sharing accounts to

prevent distribution of the asserted works. [*See, e.g.,* DE 20 at 21, ¶¶ 46, 60, 64; Defendant Havel's Amended Response to Plaintiff's Motion for Preliminary Injunction at DE 87 at 23; DE 26 at 13, ¶ 48; Defendant Weaver's Response to Plaintiff's Motion for Preliminary Injunction at DE 74 at 5; and DE 35, ¶ 28]. Finally, Defendant Bartel's motions before the Court as well as the other Defendants' responses to Plaintiff's Motion for Preliminary Injunction suggest that no additional discovery is needed (or only certain limited discovery). Likewise, all parties report that they already have certain documents or filings needed to prove their positions.

This Court is mindful of its mandate "to secure the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1. Given the number of pending motions and the parties' positions thus far, the Court now **SETS** a status conference for **Wednesday, June 14, 2023, at 1:00 P.M. (EDT)** to be held via Zoom. Connection information will be provided to the parties by email. To facilitate distribution of this zoom information, the *pro se* Defendants are **ORDERED** to submit their email addresses to the Court's chambers inbox no later than **Friday, June 9, 2023**.

To allow the Court to meet its mandate under Rule 1, the parties must come prepared to discuss: (1) the possibility of the parties' agreement to a stipulated preliminary injunction to avoid the need for a hearing or the need to advance the trial on the merits with a hearing on Plaintiff's instant motion for preliminary injunction; (2) what additional discovery is needed for the parties' positions; (3) whether summary judgment motions are appropriate as represented in certain filings; and (4) a briefing schedule for such motions.

5

Given the vituperative tone used in many filings before the Court, the parties are admonished to limit their statements to the facts and law at issue without impugning the motivation or tactics of the opposing party. Inserting unsupported accusations of fraud or misconduct into filings is neither good advocacy nor persuasive argument, and no such comments will be tolerated during the Court's upcoming Zoom conference. The parties should stick to the law and the facts and leave innuendo and accusations out.

Finally, the increasing number of filings over the last few months has prevented the Court from being able to timely rule on the parties' motions. Thus, the parties are **PROHIBITED** from filing any other motions without the Court's permission until further order.

**SO ORDERED** this 6th day of June 2023.

s/ Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge