UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THE EVOLUTIONARY LEVEL ABOVE HUMAN, INC., <br><br> Plaintiff, <br><br> v. <br><br> STEVEN ROBERT HAVEL, et al., <br><br> Defendants. | CASE NO. 3:22-CV-395-MGG |

**ORDER**

On October 14, 2022, the parties consented to the jurisdiction of the undersigned in the above-titled cause of action pursuant to 28 U.S.C. § 636(c). [*See* DE 41]. The parties have since filed dozens of motions disputing how to propel this case forward. The Court held a zoom status conference on June 14, 2023, to discuss the parties' competing concerns so that an appropriate scheduling order can be issued.

Plaintiff appeared at the zoom conference through its attorneys Isaac Crum and Daniel Marks, as well as through its corporate representative Mark King. Defendants Stephen Havel, Cathy Weaver, and Jason Bartel appeared *pro se*. The Court discussed professional conduct and pleading practice concerns with the parties before addressing the status of several pending motions. The Court also set parameters for the conduct of discovery and case management moving forward. Consistent with the parties' discussions at the conference, the Court now enters orders on the motions below as well as a Scheduling Order consistent with Fed. R. Civ. P. 16 and N.D. Ind. L.R. 16-1.

1. **Defendant Cathy Weaver's Motion to Strike [DE 69]**

On January 30, 2023, Ms. Weaver moved to strike her personal address from Plaintiff's Motion and Brief in Support of Preliminary Injunction. As discussed at the status conference, the Court interpreted Ms. Weaver's motion to strike as a motion to redact her personally identifying information ("PII") from these documents. Although Plaintiff previously opposed Ms. Weaver's request [*see* DE 70], Plaintiff represented at the status conference that it no longer objected to Ms. Weaver's motion as so construed. Accordingly, with good cause shown and no objection, Ms. Weaver's reformed motion is **GRANTED**. [DE 69]. The Clerk is **DIRECTED** to **SEAL** Plaintiff's Motion and Brief in Support of Preliminary Injunction [DE 66, DE 67]. Plaintiff is **ORDERED** to refile its motion and brief for preliminary injunction with Ms. Weaver's PII redacted. Plaintiff must refile these documents no later than **June 30, 2023**. The refiled motion and brief will be **DEEMED** filed on January 23, 2023.

2. **Plaintiff's Motion for Preliminary Injunction**

Plaintiff moved for a preliminary injunction on January 23, 2023. Defendants previously opposed Plaintiff's motion. [*See* DE 72, DE 73, DE 74, DE 75, DE 87]. But at the zoom conference, Defendants agreed that a preliminary injunction may be entered as to Plaintiff's registered works—so long as a stipulated injunction order does not require Defendants to admit to the allegations raised by Plaintiff and so long as Plaintiff further provides Defendants with a list of the 486 audio works included in copyright registration SRu298530. [*See* DE 1-1 at 3]. Plaintiff agreed to these stipulations. Accordingly, the Court takes this motion **UNDER ADVISEMENT**. Plaintiff is

**ORDERED** to file a proposed preliminary injunction order that includes a list of the 486 audio works registered under copyright registration SRu298530. Plaintiff's proposed order and list of registered audio works must be **FILED** by **June 30, 2023**. Upon filing of an appropriate proposed order, the Court will enter a stipulated preliminary injunction order and will deny Plaintiff's prior motion for preliminary injunction as moot.

Plaintiff added that, while copyright registration SRu298530 lists a deposit of 486 audio tapes, there are over 1,000 copyrighted audio works in total. *See Brooks-Ngwenya v. Indianapolis Pub. Sch.*, 564 F.3d 804, 806 (7th Cir. 2009) ("Compliance with the registration requirements of 17 U.S.C. § 411(a) is not a condition of copyright protection but is a prerequisite to suing for infringement.") As agreed by the parties, Plaintiff must **FILE** a list of these other works. Plaintiff must file this list by **July 7, 2023**.

### 3.     Motions filed by Defendant Jason Bartel

Mr. Bartel currently has twelve motions pending before the Court. Several motions were addressed during the conference.

First, as discussed at the status conference, the Court must **STRIKE** both Mr. Bartel's Motion for a Proposed Order to Inform the California Superior Court [DE 114] and Mr. Bartel's Motion to Inform the United States District Court. [DE 115]. These motions seek relief that the Court cannot grant and were also filed in contravention of the Court's order from June 6, 2022. [*See* DE 112 at 6].

Next, as observed in prior orders and reiterated at the zoom conference, all motions must be signed. *See* Fed. R. Civ. P. 11. Accordingly, the Court must also **STRIKE** Mr. Bartel's unsigned Motion to Add Evidence Regarding the True Factual

3

'Known Place of Business' of the Evolutionary Level Above Human, Inc. [DE 101] and Mr. Bartel's unsigned Motion to Add an Exhibit to Defendant's Defense of a Trial Brief from a 1998/1999 Court Case [DE 84].

Third, Mr. Bartel has filed several motions that seek to add certain exhibits to the record. [DE 63, DE 79, and DE 85]. Plaintiff responded that it did not oppose these motions to add evidence to the extent that Mr. Bartel is only seeking permission to place these exhibits on the Court's docket. [*See* DE 88 at 1]. Accordingly, Mr. Bartel's Motions to Add Evidence [DE 63, DE 79, and DE 85] are **GRANTED.** As stipulated by Plaintiff, these motions are granted to the extent that such exhibits may remain on the Court's docket, but no further action with respect to these exhibits is required at this time. While these exhibits may be referenced in other filings without the need to refile on the docket, this order should not be construed as a determination on the authenticity or admissibility of these exhibits if used in support of future motions or if used at trial.

Finally, related to his Motion to Add Evidence at Docket Entry 79, Mr. Bartel moved to Add a Statement Regarding Exhibit 18 [DE 86]. Mr. Bartel's statement does not appear to constitute one of the seven pleadings allowed by the Federal Rules. *See* Fed. R. Civ. P. 7(a). Nor does this motion directly seek any sort of relief other than that it be added to the docket. Notably, Court only granted Mr. Bartel's motion regarding exhibit 18 to the extent that such exhibit may be placed on the docket. Thus, the Court must **DENY** Mr. Bartel's Motion to Add a Statement [DE 86]. But as discussed at the zoom conference, Mr. Bartel will be able to file a dispositive motion in accordance with the deadlines set out in the Court's scheduling order below.

**4.      Scheduling Order**

With the parties' agreement in principle to a preliminary injunction order and the Court's resolution of other concerns raised by the parties, the Court may now enter an appropriate scheduling order. Consistent with Fed. R. Civ. P. 16 and N.D. Ind. L.R. 16-1, the Court now enters the following scheduling order to control the progress of this litigation:

1. Pre-Discovery Disclosures. The parties will file the information required by Fed. R. Civ. P. 26(a)(1) by **July 13, 2023**.

2. Amendment of Pleadings. The last date to amend the pleadings without leave of court as to Plaintiff is **August 15, 2023**; as to Defendants is **September 15, 2023**. Thereafter, any amendments to the pleadings must be by motion and leave of court.

3. Discovery Plan.

During the conference, the parties reported that they expect to conduct written discovery. Accordingly, each party may serve a maximum of 25 interrogatories and 25 requests for admission on any other party. Should the parties reach an impasse regarding the handling of electronically stored information ("ESI"), they are encouraged to coordinate an ESI protocol. The parties may find an example of an ESI protocol at https://www.innd.uscourts.gov/judges-info/MGG.

Supplementation under Rule 26(e) is due every **six weeks** until trial.

**The last date for the completion of ALL DISCOVERY is December 14, 2023**. No extension of this discovery deadline will be granted without good cause¹ and the Court's consent pursuant to Fed. R. Civ. P. 16(b)(4).

4. <u>Other Items</u>.

The court views the last months of discovery to be for the purpose of concluding your work, not extending it. Thus, to encourage the speedy resolution of this matter as required by Fed. R. Civ. P. 1, the deadline to file any discovery-related nondispositive motion is **October 16, 2023**. For a motion filed before this deadline, no extension of discovery will be granted without good cause and the court's consent under Fed. R. Civ. P. 16(b)(4). To facilitate a pretrial status conference and a prompt trial date, no motion to extend discovery or to continue other pretrial deadlines will be approved after this nondispositive motion deadline, except for excusable neglect or other extraordinary reasons. Accordingly, after this deadline, good cause alone will <u>not</u> be sufficient to constitute such a reason. The parties are thus advised to complete timely discovery and, if necessary, file any motion to continue pretrial deadlines, motion to compel, or such motions that may impact the schedule well enough in advance of this deadline to permit any necessary briefing and time for the court to rule.

---

¹ Good cause exists when a movant shows that "despite their diligence the time table could not have reasonably been met." *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995). "Courts have a legitimate interest in ensuring that parties abide by scheduling orders to ensure prompt and orderly litigation." *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 851-52 (7th Cir. 2002). A court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In fact, as district courts are required to take a "firm hand" in enforcing scheduling orders in order to "secure the just, speedy, and inexpensive determination of every action," *Campania Mgmt. Co.*, 290 F.3d at 851-52, "more motions seeking modification of scheduling orders are denied than are granted." 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1522.2 (3d ed.)(April 2021 Update).

The timing for filing witness and exhibit disclosures under Fed. R. Civ. P. 26 (a)(3) shall be governed by separate order. Likewise, deadlines related to motions *in limine, Daubert* motions, and motions to quash or strike either witnesses or evidence, will be established at a pretrial status conference.

The deadline to file any dispositive motions, such as a motion seeking summary judgment, is **January 13, 2024**, with any response due 28 days thereafter and any reply due 14 days after the filing of a response, consistent with N.D. Ind. L.R. 56-1(b)-(c).

To promote the speedy and just resolution of this matter, consistent with Fed. R. Civ. P. 1, and Local Rule 16-6(b), the parties are encouraged to engage in direct negotiations and/or alternate dispute resolution. To that end, the parties must name a mediator no later than **June 30, 2023**. If the parties cannot agree upon a mediator, or if none is named, the Court will appoint a mediator to give the parties a chance to engage in alternative dispute resolution. The deadline for the parties to engage in mediation is **December 28, 2023**. Each party or an agent with full authority to settle shall attend any mediation session unless otherwise excused by order of this court.

5. **Final Matters**

The parties and attorneys are **ADMONISHED** to cooperate in good faith and comply with all applicable rules during the discovery process. Failure to litigate this action consistent with the procedures set forth in the Federal Rules of Civil Procedure could result in sanctions up to and including dismissal of all claims.

To that end, the Court reminds the parties and attorneys to take reasonable steps to preserve all electronically stored information (ESI) that is relevant to any claim or

7

defense. This requirement relates back to the point in time when the party reasonably anticipated litigation about these matters.  The parties are encouraged to negotiate a stipulated protective order regarding the confidentiality of discovery materials while this action is pending (if deemed necessary). A protective order template, consistent with Seventh Circuit authority, is available at https://www.innd.uscourts.gov/judges-info/MGG. The Court also **REMINDS** the parties of their obligation to file all discovery requests and responsive material in accordance with Local Rule 26-1(a)(2)(A). The parties are not required to caption discovery materials as a motion, unless the party is seeking to file such material under seal.

     Lastly, with a scheduling order now in place, the Court **DISCHARGES** its prior order prohibiting new filings without permission. As discussed at the zoom conference, except for discovery materials (as discussed above), the parties are reminded that they should file motions judiciously and only when action by the Court is needed.

     **SO ORDERED** this 16th day of June 2023.

                                             s/Michael G. Gotsch, Sr.
                                             Michael G. Gotsch, Sr.
                                             United States Magistrate Judge

**EXPLANATION OF SCHEDULING ORDER:**

This explanation attempts to resolve ambiguities that have arisen in the past concerning the meaning of deadlines and other issues. The scheduling order must be enforced to allow the orderly handling of all the cases on the court's docket. Accordingly, the deadlines will be modified only for good cause shown consistent with Fed. R. Civ. P. 16(b)(4) and § 2.03(g) of this court's Civil Justice Expense and Delay Reduction Plan. This Explanation is meant to assist you in preparing the case within those deadlines, without running afoul of any misinterpretation.

A.   Discovery.
1.   Time limit for discovery requests.  All discovery other than depositions must be initiated at least forty-five days before the discovery deadline. A deposition commenced at least five days before the discovery deadline may continue beyond the discovery deadline. Notices of deposition shall be served on opposing counsel at least fifteen days before the deposition date.

2.   Discovery disputes.  Fed. R. Civ. P. 1 requires that the rules of procedure be construed to secure the just, speedy, and inexpensive determination of every action. Therefore, discovery should be consistent with the needs and importance of the case and be conducted as to minimize the burden of discovery and concentrate on issues genuinely in dispute. You should be able to resolve substantially all discovery disputes without the court's intervention or assistance. Note N.D. Ind. L.R. 37-1, which obligates the parties to confer before enlisting the court's assistance under Fed. R. Civ. P. 26 or 37. To comply with Fed. R. Civ. P. 26(c) and 37(a)(5) in the event a discovery dispute reaches the court, counsel should be prepared to state, in terms of hours expended and hourly rate, the fees and expenses incurred with respect to the discovery issue.

B.   Other matters.

1.   Modification of order; continuances.  Unless otherwise provided by specific order or local rule, continuances (or extensions of time) with respect to the deadlines for amendments, discovery, and dispositive motions will be granted only upon a convincing showing of good cause, upon a request made before the pertinent deadline has expired. *See* Fed. R. Civ. P. 16(b)(4). Lack of diligence or failure to comply with the scheduling order cannot be considered good cause. Absent disabling circumstances, the deadline for completion of discovery will not be extended unless there has been active discovery. Stipulations for extensions alone do not amount to the good cause necessary for a deadline extension. A motion to extend the discovery deadline should set forth (a) a statement of the discovery completed, (b) a specific description of the discovery that remains to be done, (c) a statement of the reason(s) discovery was not completed within the time allowed, and (d) a proposed schedule for the completion of the remaining discovery.

2. <u>Briefing schedules</u>.  The briefing schedule set forth in N.D. Ind. L.R. 7-1 shall apply to all motions, other than motions for summary judgment. Note that Local Rule 7-1 provides for different briefing schedules based on the type of motion filed. If you do not intend to file a response or reply, please inform the courtroom deputy clerk (574-246-8104), to avoid unnecessary delay in ruling on an uncontested matter.

3. <u>Settlement</u>.  The court encourages counsel to pursue the possibility of settlement vigorously during the entire pendency of this action, through and including the end of trial. Private negotiations are the most cost-effective approach to settlement. Civil Justice Expense and Delay Reduction Plan, § 4.01; *see also* N.D. Ind. L.R. 16-6 (prioritizing alternative dispute resolution in case management).

4. <u>Further conferences or hearings</u>.  Hearings on motions will be scheduled as needed. If lengthy discovery has been allowed, interim status conferences may be scheduled to monitor the case's progress and address any issues that may have arisen.