UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF INDIANA

SOUTH BEND DIVISION

| | |
|---|---|
| The Evolutionary Level Above Human, Inc. d/b/a The Telah Foundation, an Arizona nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>Steven Robert Havel,<br><br>Cathy JoAnn Weaver,<br><br>Jason Bartel,<br><br>Defendants. | CASE NO. 3:22-CV-395-JD-MGG<br><br><br>FILED<br>JUL 05 2023 – PM03:13<br>US DISTRICT COURT<br>Northern District of Indiana<br>Chanda J Berta – Clerk |

## BRIEF IN SUPPORT OF DEFENDANTS MOTION TO MODIFY PLAINTIFF'S PROPOSED ORDER FOR A PRELIMINARY INJUNCTION (DE 120)

The Court held a zoom status conference on June 14, 2023. From that conference came the Courts order that included stating that "Defendants agreed that a preliminary injunction may be entered as to Plaintiff's registered works—so long as a stipulated injunction order does not require Defendants to admit to the allegations raised by Plaintiff and so long as Plaintiff further provides Defendants with a list of the 486 audio works included in copyright registration SRu298530. [*See* DE 1-1 at 3]. Plaintiff agreed to these stipulations" (DE 119, paragraph 2)."

1

Plaintiffs then filed [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION, (DE 120), heretofore referred to as PROPOSED ORDER that essentially seeks to go back to most of the same points in Plaintiffs initial Motion for a Preliminary Injunction, abandoning the Court guided "stipulated preliminary injunction" they agreed to in the hearing.

**RESPONSES TO PROPOSED ORDER**

1. I deny most everything Plaintiffs wrote in their PROPOSED ORDER and will address why but to start will focus on the primary reason to Modify their PROPOSED ORDER, that of Plaintiffs ALTERING and CONCEALING and in essence SPOILING the primary EVIDENCE in the entire Lawsuit, the two Lists (DE 120-1, DE 120-2) they were ordered by the Court to produce that provide the details of the content of the 1997 Copyright registration's Deposit of 486 audio tapes and the List of Audio tapes that were never copyrighted at all.

   Both Lists had their detailed descriptions replaced by "Various Discussions" and the audio tapes, as identified by their Lists, that Plaintiffs had no hand in creating, provide a big part of their authenticity. Without authentic lists that can be compared to the various tape logs I possess, there is no way to verify the content of each tape. For all I know they registered audio tapes that are not what TI and DO recorded. Having an accurate tape log is a must to be able to agree not to play some until the copyright issue can be resolved by this suit.

   PLAINTIFFS Altering, Concealing and thus Spoiling Evidence of the accurate descriptions the Creators of those Audio tapes provided is a very serious act of Spoliation of some of the

main and most essential evidence usable to entirely vindicate and provide Relief, as requested in their CounterSuits to all the Defendants in this entire lawsuit.

As I understand it from Black's law Dictionary, "In law, spoliation of evidence is the intentional or negligent withholding, hiding, altering, or destroying of evidence relevant to legal proceedings."

Plaintiffs can be shown to have **Intentionally** altered to hide and withhold a huge part of the evidence of what they registered as copyrighted and what other audio tapes they are some of the guardians of by altering every tapes description to be "Various Discussions" when the Creators of the tapes used very robust descriptions that I have a great deal of authentic factual evidence of.

The Indiana Tax Court, wrote, "Spoliation is a particular discovery abuse that involves the intentional or negligent destruction, mutilation, alteration, or concealment of physical evidence." It is a concept that must exist to prevent the willful destruction of evidence that does not favor a party's case." (NIPSCO. v. Aqua Envtl. Container Corp., 102 N.E.3d 290 (Ind. Ct. App. 2018) (Kirsch, J.)).

Here is a sample of the date and description of the audio tapes that Plaintiffs filed with the Court:

Exhibit 1

Listing of Audio Tapes Contained In SRu00298530

| Identifier | Date | Topic | Runtime |
| --- | --- | --- | --- |

3

| | | | |
|---|---|---|---|
| 001 AB | 07/14/1982 | Various Discussions | 76 min. |
| 002 A | 07/15/1982 | Various Discussions | 20 min. |

This lists continues using the same Topic to tape 486.:

Then in List 2 the un-registered, thus un-copyrighted audio tapes show the same "Various Discussions" as the 486 but start at 487 and go to 1082.

## EVIDENCE OF WHAT THE CREATORS OF THE AUDIO TAPE DESCRIPTIONS LOOKED LIKE BEFORE PLAINTIFFS' ALTERED TO CONCEAL THEIR TRUE DESCRIPTIONS:

The audio tape Descriptions were provided initially by the Creators of all the Audio Tapes, TI and DO and their Students in the Heaven's Gate Group, that they maintained up until they left this world in March of 1997, when they gifted all their Intellectual Property to be disseminated to the world by whoever chose to do so. (See Letters, DE 20-4, Havel's Answer, Exhibit 4).

I can verify as a first hand witness, having been present for the making of over 800 of the audio tapes, that those on the tape crew wrote the date and time and a brief description on each cassette tape. I was part of the tape crew for many years, often partnered with Srrody.

I can testify and can show that of the 929 or so audio tapes I was gifted; 218 or so by Rkkody and 929 that included the 218 from Jhnody, and 4 from Rio (Neody) none of them had a label such as Plaintiffs just used, "Various Discussions," in their Court Ordered List of Registered (alleged) Copyrighted Audio Tapes and in their List of Un-Registered un-

4

copyrighted Audio Tapes. Therefore Mark King and Sarah King tried to follow what DO asked of them but told me Crlody (Jason Bartell) and I couldn't have any because we wouldn't agree to keep them to ourselves despite it was TI and DO's intention to do just that, by many evidences in audio tapes and written Letters and other documents.

Additional evidence of a tape log that includes Descriptions can be found in the log file (Plaintiffs gifted to Jhnody aka Francisco Falcon, that Jhnody sent to me in June of 2020 that included the 929 or so audio tapes) that I posted on my Sawyerhg.wordpress.com blog that Plaintiffs included as Exhibit H (DE 1-8) in their own Complaint (DE 1, at 26,27) where they state:

> "26. For example, on or about July 12, 2021, Defendant Havel posted to his website a log of the Audio Works with the following commentary: …"

> "27. A true and correct copy of this post is attached hereto as Exhibit H."

Here is a sample of that audio tape log Plaintiffs sent to Jhnody that Jhnody sent to Defendant who posted it on his Blog, Sawyerhg.wordpress.com:

TI, DO & Students Audio Tape Library

Classroom Instruction / Tape Log

001 AB

07/14/1982

Building reverence. Practice of silence. Silva Mind Control – off track – change M.O. (Ti & Do). "Tree" – Keep mind at feet of chief – ask to be examined. Object – "greeting" – separation from teachers. Meditation – relaxation vs. stress 76 min.

5

002 A

07/15/1982

Finding retreat – retreat crew – meditation. Keep vibrations higher – Don't listen to voices. 20 min.

003 AB

07/15/1982

Meditation exercise given (silence) – relaxed but keen & alert -Healing cells – Conflict = Decay. Each cell has a brain of it's own – can talk to them & direct them to be healthy. 62 min.

In 1997 and 1998 Rkkody (Charles "Chuck" Humphrey) sent Defendant Havel four CD's Rkkody (with the help of co-defendant Jason Bartell (Crlody)), created that contained most all of the Heaven's Gate Intellectual Property in anyone's possession that included some 218 digitized audio tapes TI and DO had recorded of private meetings, starting in 1982 that Rkkody and Crlody converted from the audio tape cassettes Rkkody retrieved from Storage as instructed for him to do by DO as shown in the Letters to Mark King and Sarah King (Mrc/Srf). Rkkody copied that cassettes and converted each file a digital file with a .rm Real Player format. Included on the CD's was a TapeLog file that the Class had constructed from the labels on each cassette. Each tape was represented by a number and a date and a description and a length. I know this is a fact as it was one of my jobs when I was in the group to manage the tape machine and label the tapes.

Here is a sample of that tape log that was on Rkkody's CD's:

001  07/14/82  Building reverence. Practice of silence. Silva Mind Control-off track-

change M.O.(Ti&Do)."Tree"-Keep mind at feet of chief-ask to be examined. Object-"greeting"-separation from teachers. Meditation-relaxation vs. stress  70 min.

002  07/15/82  Finding retreat-retreat crew-meditation. Keep vibrations higher-Don't listen to voices.   20 min.

Jhnody also has about 80 audio cassettes he will swear were sent to him by Mark King and/or Sarah King years ago. Each of those tapes includes a description label as I just testified to and I have submitted pictures of those cassettes to the Court. (See DE 20-2 Havel's Answer, Exhibit 2). Some examples are:

817  12-14-93 New Soul/Creature. Understanding. Going Out Questions. 105 min. 1 of 2

819  12-15-93 RDD Leaves Class. Strategy for going out in 3's. 16 min.

Defendant claims that Mark King and/or Sarah King as Plaintiffs have doctored those descriptions as a conspiracy to hide the details of what is talked about on those tapes and I ask the Court to Order Plaintiffs to provide the true Descriptions on all those audio tapes.

There are other reasons to have all the proper decriptions/topics, even the very logfile. There are some audio tapes that are listed as, being "missing" or "blank" and/or have dates that don't match the order in which they are numbered (like audio tape 849). I know Dave Goetzinger was partly or almost entirely responsible for the conversion of the audio tapes to digital media, from email communications I had with him from 2008 and thereafter.  He may have made some mistakes in the tape log and file names and dates. Thus we need the complete log file to verify they tapes Plaintiffs have are authentic.

7

## 2. WHY PLAINTIFFS ARE WILLING TO ALTER AND CONCEAL (SPOIL) THE AUDIO TAPE EVIDENCE

It may be important for the Court to have some evidence of Plaintiffs motivation in attempting to Spoil Evidence. I propose four possible motivations why Plaintiffs never informed Defendants of exactly which audio tapes were registered and not registered and for intentionally concealing and altering (spoiling) the true Audio Tape Descriptions.

(1) It is possible tapes were removed and/or the tape logs were Altered (spoiled) to not reveal the true reasons Mark King and Sarah King were sent out of the Group in 1987 by DO. As DO was always open with the entire Group about most issues various students had with him and/or his partner TI (also spelled TE and pronounced "tea"), and sometimes among other students, DO can be heard in many of the audio tapes (mostly beyond the audio tapes Rkkody had given to me and co-defendant Jason Bartell and to others, which appears to be why Plaintiffs started threatening me and others with a lawsuit after JHNODY (Francisco Falcon) sent me the digitized audio tapes that included many of those clips of DO talking about them that were not among Rkkody's batch. Those clips might be embarrassing to Plaintiffs, especially because they have not told that true story to the media (that I ever saw) and have made up their version and probably want to save face with certain friends, family members and/or media contacts or with the public in general. This may go to the heart of their personal vendetta against me, since I was present in the Group to witness their leaving and that aftermath and I have followed up on a number of the email interviews they gave where they portrayed a false narrative about their leaving the Group. I never cared about further embarrassing them. To me it was my job to state the facts as I can back up by DO's words and my observations. They

have given various news agencies interviews over the years, like Gizmodo and Bardo Methodology and others, in which I have published on my blog SawyerHG.wordpress.com critiques of their interviews where I corrected them in the areas I could prove, as I believe it's important to not sow seeds of misinformation into the TI and DO story. I made a point to never play those clips or make blog posts about those clips. I now have evidence of tampering with the Tape Log topics or Descriptions.

(2) Since Mark King and Sarah's King as The Telah Foundation, Plaintiffs, copyright registrations were struck down by Judge Lisa Guy Schall's Decision in 1998, and since they told Judge Richard Breyer that all the Groups copyrights had been transferred to them, when the Group held no copyrights (with that exception of a Creators copyright and the copyrights of Group Member Ollody over the 14 pieces of Art He drew and painted by Olliver Odinwood in 1982).

(3) I have a great deal of Email evidence that I tried to work with Mark King and Sarah King in many ways since 2008 and in some ways, they with me, but on this issue of the audio tapes were never able to see eye to eye and now it's quite clear they hate me so that they might even seek to do me physical harm because of what I know. They appear to be desperate to even threaten me with incarceration which I have legal evidence of. They generally say they don't mind if I talk about my experience as long as I don't play the tapes, because it's by the tapes that they can be proven to be spreading misinformation about TI and DO's teachings.

(4) They don't want to concede that I, who they have looked down on, who wouldn't cooperate with their agenda to keep the audio tapes mostly hidden (for over 20 years, except for a tiny few exceptions) also own the digitized audio tapes Rkkody gave me that

he owned before he gave them to me because he retrieved them from Storage by DO's suggestion as shown in several Letters (DE 20-1 Exhibit 1), and that co-defendant Jason Bartell can testify to since he worked directly with Rkkody.

**DEFENDANTS FURTHER RESPONSES TO PLAINTIFFS PROPOSED ORDER**

3. Re: DE 120 at 1a: "Plaintiff is the owner of (a) a lithographic print titled "The C.B.E. (Celestial Being Entity)" ("VA00877834")";

**Response: This is not a fact. Plaintiffs may possess what they have called, "The C.B.E. lithographic print, but they are not the creators of it and when they copyrighted it in 1997 had no legal jurisdiction to do so, which may be why they didn't check the box on the registration as a work for hire yes, or no and why they didn't inform the Copyright office that the original acrylic painting was drawn and painted by Olliver Odinwood, who was known in the Heaven's Gate Group as Ollody, who copyrighted that picture along with 13 other paintings as illustrations for a movie TI and DO sought to have made called, "The Meeting". Here is the copyright information:**

*Type of Work:   Visual Material

Registration Number / Date:   VAu000041610 / 1982-11-18

Copyright Claimant:   Olliver Odinwood

Date of Creation:  1980

Authorship on Application:   14 full color acrylic ill.: Olliver Odinwood.

Previous Registration:   Motion picture screenplay prev. reg.

Names:   Odinwood, Olliver, 1948-

4. Re: DE 120 at 1b: "(b) A literary work titled "How and When 'Heaven's Gate' (The Door to the Physical Kingdom Level Above Human) May be Entered – an Anthology of Our

Materials" ("Txu00817732");"

**Response: I do not deny that Plaintiffs published this 3rd version of the Book created by DO and Crew, but I object to the copyright they used as it is shown on the Heavengate.com website (that Plaintiffs have been the webmasters of), the copyright the Creators of the Book wanted: Here is the text of that page on the website:**

"© Common Law Copyright

1996 by Heaven's Representatives

Printed in the New Mexico Republic, the united States of America

ALL RIGHTS RESERVED, WITHOUT PREJUDICE,

U.C.C. 1-207, U.C.C. 1-103.6

ISBN: 0-926524-51-8

This book is protected by Common Law copyright. Permission is hereby granted to reproduce this book, or portions thereof, as long as the content is unchanged, i.e., nothing added to it or taken away from it as long as it is for non-commercial purposes.
No part of this publication may be reproduced or transmitted in any form or by any means, now known or to be invented or adapted, for the purpose of financial gain or profit."

**Plus I possess since 1997 a copy of the Blue Book which I understand to be version 1 of the same manuscript and then I was given by Jhnody a genuine Blue Book with embossed gold lettering on it's cover. Thus any usage of that material is justified.**

5. Re: DE 120 at 1c: sound recordings registered under copyright registration no. Sru298530, titled "The Audiotape Library of Heaven's Gate by Ti and Do"

   **Response: Until I am shown exactly which audio tapes are in that deposit, showing the evidence of their true descriptions as shown in the tape log Plaintiffs gave to Jhnody**

11

that I posted on my blog, I don't know what tapes are registered exactly so can not abide by any kind of Preliminary Injunction if I don't know what I am prohibited from using or playing. I have owned legally 214 audio tapes from 1997. They also have a common law copyright on them that was registered: (See Registration Number: SR0000251498 from 5-13-98 by Kathryn Morea d.b.a. Right to Know)

6. Re: DE 120 at 1d: "a collection of audiovisual works titled "Beyond Human – The Last Call" ("PA00667224")

    Response: Jhnody has proven and I've submitted to the Court that he has owned the Original Masters of this Beyond Human Video series since DO sent them to him in 1997 with a letter encouraging him to "give them to the media and whoever he chose". (See DE 20-2 Havel's Answer, Exhibit 2).
    The Group initially put a Creators copyright on them, which I have a picture of the exact tape jacket they used. Plaintiffs have posted this series on Vimeo for years now. They have been available on youtube via at least one channel for perhaps 10 years and Plaintiffs did nothing to challenge that. Mark King told me that you "let it slide" for all those years. I haven't played them on my 3spm youtube channel ever.

7. Re: DE 120 at 1d: "Plaintiff is also the owner of additional sound recordings, including tapes 487-1082 in the "The Audiotape Library of Heaven's Gate by Ti and Do" (the "Unregistered Works") and listed in the attached Exhibit 2. The Registered and Unregistered Works are collectively referred to herein as the "Copyrighted Works".

    Response: The creator of the Audio tapes can claim a copyright over the "unregistered works". According to copyright law possession does not equal having a copyright so trying to label it all "copyrighted works" is an attempt at trickery in my book.

8. Re: DE 120 at 2: Plaintiff is likely to prevail on its copyright infringement claims against Defendants Stephen Havel ("Mr. Havel"), Cathy Weaver ("Ms. Weaver"), and Jason Bartel ("Mr. Bartel") (collectively, "Defendants"). *See also* Doc. 11 at 5. Defendants' Answers, statements under oath, and the overwhelming evidence supports that Defendants have intentionally and willfully infringed on Plaintiff's copyrighted materials.

   **Response: Plaintiffs keep citing Document 11 which does not exist in the Court docket. They have stated as fact that this Court has already ruled that they are likely to win by citing a document that has never been seen by Defendants and does not even appear to exist. I, Stephen Havel, have not intentionally and willfully infringed on the Plaintiffs alleged Copyrighted and Trademarked materials and it is continued slander for the Plaintiffs to keep stating such. Plaintiffs prior to this lawsuit would not provide proof that they had any of the Materials Copyrighted or Trademarked despite mine and Cathy Weavers, repeated attempts to ask them to do so. Defendants Havel and Weaver went to great lengths and personal expense to broker a meeting, that took place in November of 2021, where a legal agreement could be established and yet Plaintiffs still refused to provide proof that they had instructions from the Heavens Gate Group to Copyright or Trademark anything or that the Plaintiffs had in fact done so.**

9. Re: DE 120 at 3: "Plaintiff is likely to suffer irreparable harm and is without an adequate remedy at law because: (a) Plaintiff, which is a not-for-profit corporation, will not be able to continue existing as a business or prosecuting this case without injunctive relief; (b) non-statutory damages are difficult to quantify; (c) the ancillary damages cannot be remedies by damages; and (d) Defendants will not be able to pay an award of damages, as evidenced by Defendants' avowals to this Court and the size of statutory damages that could be entered in

13

accordance with 17 U.S.C. § 504. Further, Defendants have made clear that Defendants are committed to infringing on Plaintiff's copyrights, and do not appear dissuaded by the legal action that has been brought against Defendants in this action or the ramifications of Defendants' infringements. "

**Response: Plaintiffs have provided no proof that they have suffered any harm as a result of any alleged infringement on the part of Defendant. Plaintiffs have provided no proof that they will be unable to continue to run their business without a Preliminary Injunction against Defendant. Quite the opposite Plaintiff has continued to run their business without any interruptions or setbacks due to any alleged infringement. A Preliminary Injunction against Defendant will have no result on their ability to run their operations. Defendant is not infringing on Plaintiffs alleged Copyrights since this action was brought against Defendant and Plaintiffs continued insistence that Defendant is is slander and not true.**

10. Re: DE 120 at 4: "Plaintiff will continue suffering harm absent the entry of an injunction, whereas Defendants will not be harmed by being prohibited from engaging in unlawful activities. Defendants have sought to strip Plaintiff of its control of the property and Plaintiff will not have a remedy against Defendants."

**RESPONSE: Plaintiff has made no effort to prove any harm that will come to them or their business absent an injunction. In fact, according to co-defendant Jason Bartell's research Plaintiffs Foundation and/or their non-profit corporation has not delared any revenue for a number of years, so what harm would anything Defendants do make any difference.**

11. Re; DE 120 at 5: "Public policy, and the Constitution, supports upholding copyright protections and supports protecting Plaintiff's copyrights and entering an injunction against Defendants.

**RESPONSE:** Even though I have voluntarily restrained myself from doing anything with the alleged copyrighted material, in case the copyrights were legally obtained, since I learned about Judge Lisa Guy Schall's Decision in 1999 that state Plaintiffs showed no evidence the Group gave them any materials, except as a gift and even brought up the prospect of fraud to their obtaining copyrights, Plaintiffs have done nothing to show they did obtain their copyrights legally. In Discovery I hope we can settle this once and for all by showing that Plaintiffs can not prove they ever had any documents from the Group to legally transfer any of the Groups Intellectual Property to the Telah Foundation or anyone. Plus Plaintiffs must be required to show their proof that the Group employed them or were employed by Mark King and/or Sarah King to justify claiming the works were "work for hire".

12. Re: DE 120 at 5.1a: "Defendants are restrained from Copying, reproducing, displaying, distributing, performing, or preparing derivative works of any of the Copyrighted Works;
    **RESPONSE:** This is not what was agreed upon in the hearing that we had before Your Honor, derivative works were not discussed, and I do not agree to that.
    If Plaintiffs provide the true descriptions from the Groups Tape Log for both lists of Audio Tapes, and if Plaintiffs provide all their copyrights and if there are some that don't apply like I outlined in this document because, like the CBE was copyrighted to Olliver Odinwood, the Artist before Plaintiffs registered their print copyrighted which was not their right to do in 1997 when all these copyrights were registered, then I would agree to what was stated in the hearing and in the Courts Order that also stipulated that accepting this "stipulated preliminary injunction in no way was an admission of any infringement nor that validates any of the said copyrights and/or trademarks. I will cooperate as I have been all along which the Court has recognized as a show of good faith, that is until these matters can all be settled in Court as we are attempting to do.

However, I would also ask the Court to bar Plaintiffs from registering any new copyrights until these matters are settled. The issues at hand are regarding the copyrights claimed from 1997.

13. Re: DE 120 at 5.2a,b,c,d,e: "Within four (4) calendar days of the date of this Order, Defendants are obligated to collect and deliver to the Foundation's counsel all copies in their possession, custody, or control of:

    a.  Audio tapes and recordings registered with the Copyright office as SRu00298530;
    b.  Audiovisual recordings registered with the Copyright office as PA00667224;
    c.  Literary works registered with the Copyright office as TXu00817732;
    d.  Visual works registered with the Copyright office as VA00877834; and

    the Unregistered Works.

**RESPONSE: This is not what was proposed in the hearing we had before Your Honor. Whatever Intellectual Property I possess are legally mine. Even if Plaintiffs Copyrights were legally obtained that does not mean I can't possess what I was given by individuals who owned those materials before there were any copyrights on them. It just means I can't copy and sell them and I have not sold any of these materials.**

**Additionally, most all the materials were sent to many people by Rkkody and were put on the internet by Jhnody who obtained them from DO directly or from Mark King and Sarah King without a contract or license agreement years ago. These are unreasonable demands. Plaintiffs legally can not require a preliminary injunction regarding Materials they have not registered with the Copyright office and I do not agree to this part of the Plaintiffs Proposed Order For Preliminary Injunction.**

14. Re: DE 120 at 5.3: "Defendants are obligated to remove and delete from the internet any and

all posting that they have control over which contain Plaintiff's Copyrighted Works. This includes, but is not limited to, the following websites: Alphabet Inc. and its subsidiary, Google LLC, Automattic Inc. d/b/a Wordpress, Meta Platforms Inc. f/k/a Facebook, Inc., Twitter, Inc., and Archive.org"

**I am not aware of having any postings of Plaintiffs copyrighted work on any of my social media accounts. The few I had on my channel: 3spm on youtube.com were listed in Plaintiffs Complaint. I tried to go through and mark any potential infringement if by chance I lost this lawsuit, private. On my sawyerhg.wordpress blog any posts there of material from the Heaven's Gate Book came from a number of sources. On the CD's Rkkody gave me in 1997 and 1998 was the complete Heavens Gate website that Rkkody was given directly by DO which is a fact. That website was designed by DO to provide a free download of the text of the entire Book. Jhnody also was sent a copy of the website by DO in 1997 and his 3 ¼" diskettes also contain the entire Book for free download. I have sent many, many people to the Heavensgate.com website Mark King and Sarah King are the current webmasters for, to download the same Book. This was the Groups intention and Mark King and Sarah King have been attempting to take over all the material and keep it away from people that want to share it with others. They want people to only have it for personal use.**

**That also goes for the Beyond Human Video's and other video's and many of the pictures all found on the diskettes Jhnody and Rkkody were given by DO and that they gave to me. And I have abided by not selling any of it so I am completely within my rights to possess and post those items wherever I want. If I were selling them it might be another issue. However selling to restore the cost of production was something DO gave**

instructions to do in the Letters and can be heard in the audio tapes.

Also Judge Breyer ruled in his Consent Decree that Mark King and Sarah King distribute and disseminate all the video's and tapes and books that Rkkody possessed that he left to his daughter Kathryn Morea.

As Judge Gosch informed us at the hearing, he can't rule on what Judge Breyer ruled but I believe it is still a ruling that I hope will be given serious consideration before ruling against Defendants in this case.

15. Re: DE 120 at 5.4: "Defendants are obligated to remove and delete from the internet https://heavensgatealso.com/.

    Response: I did not create nor suggest the provision of the Heavensgatealso.com website. I believe Jhnody, from Venezuela is behind it and he used the code DO sent him to arrive there in March of 1997 with a Letter that gave him the right to use it. DO also sent the code to Rkkody for all three websites with instructions to upload to them, which he did. Also DO sent the code to a Romania ISP but I don't think he ever put it up. This website is completely legal. Jhnody has the diskettes and sent me pictures of the directories that I believe I included in my Answer (See DE 20-2). Plaintiffs have not shown any copyrights over the website code and if they did copyright it, I will challenge that in Court.

16. Re: DE 120 at 5.4: Plaintiff need not post a bond.

    Response: If for some reason Plaintiffs ever get what they are asking for in this Preliminary Injuction, I believe they should have to provide the bond to cover the Courts

**and/or my expenses as I am literally broke and in debt, in large part because of this lawsuit.**

CONCLUSION

I believe Plaintiffs made a big mistake by Altering and Concealing crucial evidence by removing the true descriptions most all the audio files have and I would like to reserve the right to bring this up to the Court again at a later date should it be to my advantage to do so as part of my Defense. I suspect some can be given different types of Santions for doing what they did but I'm really not vindictive so didn't try to ask that of the Court.

Dated: July 5, 2023

July 5, 2023

_Stephen Havel_

Stephen Havel

5776 Grape Rd.

Suite 51

PMB# 121

Mishawaka, IN. 46545

Sawcat575@gmail.com

Defendant