UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| The Evolutionary Level Above Human, Inc.<br><br>Plaintiff,<br>v.<br><br>Steven Robert Havel,<br>Cathy JoAnn Weaver,<br>Jason Bartel,<br><br>Defendants. | CASE NO. 3:22-CV-395-JD-MGG<br><br>FILED<br>JUL 05 2023 – PM03:13<br>US DISTRICT COURT<br>Northern District of Indiana<br>Chanda J Berta – Clerk |

**BRIEF IN SUPPORT OF DEFENDANTS MOTION TO MODIFY PLAINTIFFS [PROPOSED] ORDER FOR A PRELIMINARY INJUNCTION**

I, Cathy Weaver, one of the named Defendants in this lawsuit do swear and attest that the following statements made by myself are true. I do hereby appear to move this Court to modify the Plaintiffs Proposed Order for a Preliminary Injunction against myself and my Co-Defendants in these proceedings. My Brief in support of this motion is contained below along with the Plaintiffs Brief in support of their motion for the Proposed Order of Preliminary Injunction. Plaintiffs have deviated from the agreed upon action in the hearing that was held with this Court and therefor Defendant can no longer agree to a Preliminary Injunction as it stands in Plaintiffs Proposed Order for a Preliminary Injunction.

The Court has considered The Evolutionary Level Above Human, Inc. d/b/a The

Telah Foundation's (the "Foundation" or "Plaintiff") Motion for a Preliminary Injunction (the "Motion") and finds that:

1) Plaintiff is the owner of (a) a lithographic print titled "The C.B.E. (Celestial Being Entity)" ("VA00877834"); (b) A literary work titled "How and When 'Heaven's Gate' (The Door to the Physical Kingdom Level Above Human) May be Entered – an Anthology of Our Materials" ("TXu00817732"); (c) sound recordings registered under copyright registration no. SRu298530, titled "The Audiotape Library of Heaven's Gate by Ti and Do" and listed in the attached Exhibit 1 ("SRu298530"); and (d) a collection of audiovisual works titled "Beyond Human – The Last Call" ("PA00667224") [DE 1-1, DE 1-2, DE 1-6, DE 1- 7] *See also* Doc. 11 at 5. The copyrighted works listed herein are referred to collectively as the "Registered Works". Plaintiff is also the owner of additional sound recordings, including tapes 487-1082 in the "The Audiotape Library of Heaven's Gate by Ti and Do" (the "Unregistered Works") and listed in the attached Exhibit 2. The Registered and Unregistered Works are collectively referred to herein as the "Copyrighted Works".

**RESPONSE: These statements made by the Plaintiffs are not proven facts and it appears the Plaintiffs are attempting to make the Court state that they are. Plaintiffs are still even to this day not disclosing every single thing that they have without instructions from the Heavens Gate Group Copyrighted and Trademarked. How can Defendants agree to a Preliminary Injunction if Plaintiffs do not provide a complete list of their alleged Copyrighted and Trademarked Materials? In the list above they have left out Do's Final Exit, Last Chance to Evacuate Planet Earth Before it is Recycled and Planet Earth About to be Recycled. What else have they**

2

left out that they will bring in at a later day and accuse Defendants of infringing on?

2) Plaintiff is likely to prevail on its copyright infringement claims against Defendants Stephen Havel ("Mr. Havel"), Cathy Weaver ("Ms. Weaver"), and Jason Bartel ("Mr. Bartel") (collectively, "Defendants"). *See also* Doc. 11 at 5. Defendants' Answers, statements under oath, and the overwhelming evidence supports that Defendants have intentionally and willfully infringed on Plaintiff's copyrighted materials.

**RESPONSE: Plaintiffs keep citing Document 11 which does not exist in the Court docket. They have stated as fact that this Court has already ruled that they are likely to win by citing a document that has never been seen by Defendants and does not even appear to exist. I, Cathy Weaver, have not intentionally and willfully infringed on the Plaintiffs alleged Copyrighted and Trademarked materials and it is continued slander for the Plaintiffs to keep stating such. Plaintiffs prior to this lawsuit would not provide proof that they had any of the Materials Copyrighted or Trademarked despite I, Cathy Weaver, repeated attempts to ask them to do so. Defendant went to great lengths and personal expense to broker a meeting, that took place in November of 2021, where a legal agreement could be established and yet Plaintiffs still refused to provide proof that they had instructions from the Heavens Gate Group to Copyright or Trademark anything or that the Plaintiffs had in fact done so.**

3

3) Plaintiff is likely to suffer irreparable harm and is without an adequate remedy at law because: (a) Plaintiff, which is a not-for-profit corporation, will not be able to continue existing as a business or prosecuting this case without injunctive relief; (b) non-statutory damages are difficult to quantify; (c) the ancillary damages cannot be remedies by damages; and (d) Defendants will not be able to pay an award of damages, as evidenced by Defendants' avowals to this Court and the size of statutory damages that could be entered in accordance with 17 U.S.C. § 504. Further, Defendants have made clear that Defendants are committed to infringing on Plaintiff's copyrights, and do not appear dissuaded by the legal action that has been brought against Defendants in this action or the ramifications of Defendants' infringements.

**RESPONSE: Plaintiffs have provided no proof that they have suffered any harm as a result of any alleged infringement on the part of Defendant. Plaintiffs have provided no proof that they will be unable to continue to run their business without a Preliminary Injunction against Defendant. Quite the opposite Plaintiff has continued to run their business without any interruptions or setbacks due to any alleged infringement. A Preliminary Injunction against Defendant will have no result on their ability to run their operations. Defendant is not infringing on Plaintiffs alleged Copyrights since this action was brought against Defendant and Plaintiffs continued insistence that Defendant is is slander and not true.**

4) Plaintiff will continue suffering harm absent the entry of an injunction, whereas Defendants will not be harmed by being prohibited from engaging in unlawful activities. Defendants have sought to strip Plaintiff of its control of the property and Plaintiff will not have a remedy against Defendants.

**RESPONSE: Plaintiff has made no effort to prove any harm that will come to them or their business absent an injunction.**

5) Public policy, and the Constitution, supports upholding copyright protections and supports protecting Plaintiff's copyrights and entering an injunction against Defendants. *See* Article I, Section 8, Clause 8 of the Constitution; *Fitzgerald v. Murray*, 121CV01822TWPTAB, 2021 WL 7502265, at *5 (S.D. Ind. Oct. 20, 2021). There is no countervailing public policy that supports the infringement of another's copyright protections.

**RESPONSE: Defendant, Cathy Weaver, seeks for Your Honor to order the Plaintiffs to prove their LEGAL PROOF of transfer from the Heavens Gate Group so once and for all we can prove they do not have such documentation and therefor frauded the Copyright and Trademark office and the Constitution surely would not support Copyrights and Trademarks gained in such a way.**

Accordingly, the Court **ISSUES A PRELIMINARY INJUNCTION** as follows:
1) Defendants, including Defendants' agents and/or other persons in concert or participation with Defendants, are restrained from:
    a. Copying, reproducing, displaying, distributing, performing, or preparing derivative works of any of the Copyrighted Works; and
    b. Aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Copyrighted Works.

**RESPONSE:** This is not what was agreed upon in the hearing that we had before Your Honor, derivative works were not discussed, and I do not agree to that. I, Cathy Weaver, do agree to what was stated in the hearing. The copying, reproducing, displaying, distributing, or performing any of the Plaintiffs alleged Copyrighted and Trademarked Materials until this matter is settled or judgement is ruled. However as stated above Plaintiffs are not disclosing all of the Materials that they have allegedly Copyrighted and Trademarked. For example, the list of the audio recordings that the plaintiffs have provided has been altered and is incomplete and does not display the titles of the audio works. I would ask Your Honor to please review the hearing where Your Honor stated that the Plaintiffs should provide the titles of the audio works. The Plaintiffs deliberate obscuring of the titles by labelling every single one as Various Discussions is an attempt to hide the true Tape Log that was left behind by the Heavens Gate Group and the exact Tape Log that the Plaintiffs have allegedly Copyrighted.

2) Within four (4) calendar days of the date of this Order, Defendants are obligated to collect and deliver to the Foundation's counsel all copies in their possession, custody, or control of:
   a. Audio tapes and recordings registered with the Copyright office as SRu00298530;
   b. Audiovisual recordings registered with the Copyright office as PA00667224;
   c. Literary works registered with the Copyright office as TXu00817732;
   d. Visual works registered with the Copyright office as VA00877834; and
   e. the Unregistered Works.

> RESPONSE: This is not what was proposed in the hearing we had before Your Honor. I Cathy Weaver, do not have any audio tapes, visual or audio recordings or visual works that the Plaintiffs have allegedly Copyrighted. I do have a copy of the Heavens Gate Anthology book that I received as a gift from Stephen Havel which he received directly from Plaintiffs in or about 2008. How can they require a book that is my personal property be turned over to them? How can they require Materials that they, the Plaintiffs gave directly to Defendant Stephen Havel in or about 2008 with no instruction as to how he could distribute said Materials? These are unreasonable demands and again, none of this was agreed to in the hearing that was held before Your Honor.
> Plaintiffs legally can not require a preliminary injunction regarding Materials they have not registered with the Copyright office and Defendant Cathy Weaver does not agree to this part of the Plaintiffs Proposed Order For Preliminary Injunction.

3) Within four (4) calendar days of the date of this Order, Defendants are obligated to remove and delete from the internet any and all posting that they have control over which contain Plaintiff's Copyrighted Works. This includes, but is not limited to, the following websites: Alphabet Inc. and its subsidiary, Google LLC, Automattic Inc. d/b/a Wordpress, Meta Platforms Inc. f/k/a Facebook, Inc., Twitter, Inc., and Archive.org.

> RESPONSE: I, Cathy Weaver do not have any of the Plaintiffs alleged copyrighted material on any of these websites. In fact, I don't have any account with any of these websites except for Facebook and none of the

**Plaintiffs allegedly Copyrighted or Trademarked material is on my Facebook account and if any is found I agree to remove it to comply with this part of a proposed order for preliminary injunction.**

4) Within four (4) calendar days of the date of this Order, Defendants are obligated to remove and delete from the internet https://heavensgatealso.com/. Defendants are obligated to preserve all data regarding the publishing of https://heavensgatealso.com, internet traffic to https://heavensgatealso.com/, and emails sent to "rep@heavensgatealso.com".

**RESPONSE: I, Cathy Weaver, have no affiliation with this website nor do I have the means to remove or delete this website. Nor does Defendant have the means to preserve this website as once again it is not my website nor did I have anything to do with it being published on the web.**

5) Plaintiff need not post a bond.
**RESPONSE: I do not understand what this means and therefor do not agree or disagree with it or wish to modify it at this time.**

7/5/2023   *Cathy Weaver*

Cathy Weaver
5776 Grape Rd.
Suite 51
PMB# 121
Mishawaka, IN. 46545
Sawcat575@gmail.com
Defendant