UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THE EVOLUTIONARY LEVEL ABOVE HUMAN, INC., | |
| Plaintiff, | |
| v. | CASE NO. 3:22-CV-395-MGG |
| STEVEN ROBERT HAVEL, et al., | |
| Defendants. | |

**ORDER**

On June 14, 2023, the Court held a zoom status conference to discuss several of the parties' motions disputing how to propel this case forward. Among other matters considered at the hearing, the Court asked the parties to address Plaintiff's Motion for Preliminary Injunction filed on January 23, 2023. Based on the parties' generalized agreement, the Court indicated that it was inclined to issue a preliminary injunction with respect to the registered copyrights if Plaintiff could prepare a proposed order containing a list of the works in registration SRu298530.[1] The Court will now address Plaintiff's proposed order and list of works as well as other certain pending motions.

**1.    Plaintiff's Proposed Preliminary Injunction Order and List of Works**

Plaintiff timely filed a proposed preliminary injunction order and list of works on June 30, 2023. Despite the parties' agreement in principle to a preliminary injunction

---

[1] Plaintiff was also directed to provide a list of the unregistered copyrighted works.

at the zoom conference, the proposed preliminary injunction order and list of audio works filed by Plaintiff has resulted in another impasse.

First, Defendants Stephen Havel and Cathy Weaver both filed Motions to Modify Plaintiff's "Proposed" Order for Preliminary Injunction on July 5, 2023. [DE 121, DE 122]. Mr. Havel and Ms. Weaver raise several objections to Plaintiff's proposed order and list of works. Chief among these objections is the format of Plaintiff's list of audio works. Plaintiff's list of audio works contains an identifying number, date created, and runtime. However, the topic listed for each work states "Various Discussions." [*See* DE 120 at 6-26]. Defendants contend that each tape was labelled with a more specific description and, as such, Defendants request that the Court order Plaintiff to provide this specific description, as listed on each tape, before a preliminary injunction is entered.

Next, on July 10, 2023, Defendant Jason Bartel filed his Motion to Amend the Title of Proceedings as a Response to Plaintiff's Redacted Proposed Order for a Preliminary Injunction. [DE 124]. Mr. Bartel's response disputes whether Plaintiff is a legal entity that may file the instant action and contends that this issue must be resolved before a preliminary injunction order may be entered.

The Court wishes to manage the instant dispute in a just and orderly manner. Accordingly, the Court now sets the following deadlines regarding Plaintiff's proposed preliminary injunction order:

- Plaintiff must file any response to the objections raised by all three Defendants by **July 24, 2023**. Any such response from Plaintiff **MUST** address why the topics

   for the audio works were listed as "Various Discussions" rather than the topic descriptions originally listed on the works. In the alternative, Plaintiff may file another list of audio works with the original, detailed descriptions.

- No further replies as to Plaintiff's proposed preliminary injunction order are permitted.

Upon review of the parties' arguments regarding the parameters of a preliminary injunction order, the Court will enter such an order as deemed appropriate.

### 2. Other Motions

During the zoom conference, the Court also granted Ms. Weaver's motion to redact her personal address from Plaintiff's Motion for Preliminary Injunction. [DE 69]. In doing so, the Court sealed Plaintiff's Motion for Preliminary Injunction [DE 66] and Plaintiff's Brief in Support [DE 67] and ordered Plaintiff to file redacted versions of these documents by June 30, 2023.

Plaintiff timely filed these redacted documents on June 29, 2023. [*See* DE 118, DE 119]. With Plaintiff's redacted motion now filed and briefing regarding the parameters of a preliminary injunction order set, the Court **DENIES as MOOT** Plaintiff's initial Motion for Preliminary Injunction. [DE 66]. With this motion now moot, Mr. Bartel's Motion to Block Expedited Hearing and his Motion to Block Plaintiff's Request for a Preliminary Injunction are also **DENIED as MOOT**. [DE 54, DE 72]. Likewise, Mr. Havel's Motion for Permission "Leave" to File a Brief "Surreply" to Plaintiff's Reply in Support of a Motion for Preliminary Injunction is also **DENIED as MOOT**. [DE 97].

3.  **Final Matters**

The parties are **REMINDED** of the Court's prior admonishment to cooperate in good faith and to comply with all applicable rules and court orders. [*See* DE 117 at 7, ¶5].

**SO ORDERED** this 12th day of July 2023.

s/ Michael G. Gotsch, Sr.  
Michael G. Gotsch, Sr.  
United States Magistrate Judge