UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

THE EVOLUTIONARY LEVEL ABOVE HUMAN, INC.,

   Plaintiff,

v,

STEVEN ROBERT HAVEL, et al.,

   Defendants

CASE NO. 3:22-CV-395-JD-MGG



### DEFENDANT JASON BARTEL'S RULE 26(a)(1) INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendant Jason Bartel makes the following initial disclosures to Plaintiff in the above captioned matter. These disclosures are based on information presently known and reasonably available to Defendant and which Defendant reasonably believes Defendant may use in support of Defendant's claims and defenses. Continuing investigation and discovery may cause Defendant to amend these initial disclosures by identifying other potential witnesses, documents and by disclosing other pertinent information.

Defendant reserves the right to supplement these initial pleadings. Defendant objects to any disclosure of information or documents beyond that which is required by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the Northern District of Indiana, or other applicable law, rule or order.

By providing these initial disclosures  Defendant does not represent that Defendant is identifying every document, tangible thing or witness possibly relevant to this action. In

addition, these disclosures are made without Defendant in any way waiving Defendant's right to object to any discovery request or proceeding involving or relating to the subject matter of these disclosures on any grounds, including competency, privilege, relevance and materiality, hearsay, undue burden, confidentiality, or any other appropriate grounds.

Furthermore, these disclosures are not an admission by Defendant regarding any matter. Each and every disclosure set forth below is subject to the above qualifications and limitations.

## DISCLOSURES

**i. The name and, if known, the address and telephone number of each individual likely to have discoverable information —along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

1) Mark King ( aka MRC ), 7402 E Sand Hills Rd. Scottsdale, AZ 85255. rep@heavensgate.com. Mark King has knowledge of the facts and circumstances relevant to this case, including but not limited to, the claims of alleged copyright and trademark infringement pleaded by alleged Plaintiff, 'The Evolutionary Level Above Human, Inc.'

2) Sarah King ( aka SRF ), 7402 E Sand Hills Rd., Scottsdale, AZ 85255. rep@heavensgate.com. Sarah King has knowledge of the facts and circumstances relevant to this case, including but not limited to, the claims of alleged copyright and

trademark infringement pleaded by the alleged Plaintiff, The Evolutionary Level Above Human, Inc.

3) Francisco Falcon ( aka JHN ), Venezuela ( request that address, telephone number and email address be sealed). Francisco Falcon has knowledge of the facts and circumstances relevant to this case. Mr. Falcon has documents and materials, including the Group's intellectual property, that were sent to Mr. Falcon in Venezuela by the Group that arrived on or about March 25, 1997.

4) David W. Goetzinger ( address, email address and telephone number unknown ). Mr. Goetzinger has knowledge of the facts and circumstances relevant to this case. Mr. Goetzinger was an alleged Director and Vice-President of 'The Evolutionary Level Above Human Foundation', an Arizona Nonprofit Corporation from 1/1/2015 until Mr. Goetzinger's alleged removal from those positions in 2021. The Evolutionary Level Above Human Foundation is the owner of the trademark registrations in Plaintiff's Exhibits C and D.

**ii. A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

The following comprises the enumerated documents, data compilations, and other tangible things in the possession, control or custody of the Defendant to which the Defendant may use to supports his claims or defenses in the instant action:

a. The 'Entity Information' from the Arizona Corporation Commission for 'The Evolutionary

3

  Level Above Human Foundation', an Arizona Nonprofit Corporation, which currently has a 'Statutory Agent' named Daniel Marks, a President/CEO and Director named Mark King and a Secretary and Director named Sarah King. The subject of the Discoverable Information in this document from an Arizona State Agency is the true and legal name of an Arizona Nonprofit Corporation with a name similar to the alleged Plaintiff in the case before this Court. The alleged Plaintiff, The Evolutionary Level Above Human, Inc., has a 'corporate representative' named Mark King and is represented by an Attorney named Daniel Marks.

b. The letters written by the Group that were sent in late March of 1997 to Mark King/Sarah King, Chuck Humphrey, Francisco Falcon and the Internet Service Provider that was hosting heavensgate.com. The subject of the Discoverable Information in these documents is the division and dissemination of the Group's intellectual Property and how said property was divided among multiple former members of the Group. The Group's letters to Mark King and Sarah King ( aka MRC and SRF ) state that any intellectual property that was 'retrievable' by Mark King and Sarah King was to be 'divided' and 'disseminated'.

"It is our desire that any items of value that are retrievable by you be divided among those who feel inclined to disseminate our information".

c. An 'entity search' on the Arizona Corporation Commission's website for the alleged Plaintiff, 'The Evolutionary Level Above Human'. The subject of the Discoverable Information in this document from an Arizona State Agency is the alleged Plaintiff, 'The Evolutionary Level Above Human, Inc.' and whether or not alleged Plaintiff is an 'Arizona

Nonprofit Corporation' as per paragraph 4 of Plaintiff's instant complaint. Searching for the alleged Plaintiff, The Evolutionary Level Above Human, Inc. on the Arizona Corporation Commission's website will only reveal results for 'The Evolutionary Level Above Human Foundation, Incorporated in the state of Arizona on September 23, 1997.

d. An 'entity search' on the Arizona Corporation Commission's website for 'The Telah Foundation'. The subject of this Discoverable Information is 'The Telah Foundation' and whether or not 'The Telah Foundation' is an 'Arizona Corporation' as is alleged in Plaintiff's Exhibit E. The search of the Arizona Corporation Commission's website reveals that 'The Telah Foundation' is a 'Trade Name' and not an Arizona Corporation.

e. The 'Trade Name' registration information for 'The Telah Foundation. The subject of this Discoverable Information is 'The Telah Foundation' which was registered as a 'Trade Name' on June 21, 2023, by 'The Evolutionary Level Above Human Foundation' with the Arizona Secretary of State. This registration document claims that 'The Telah Foundation' was first used on 'May 31, 1997' and that 'The Telah Foundation's 'Nature of Business' is 'Domestic Nonprofit Corporation'. The applicant for the 'Trade Name' of 'The Telah Foundation', 'The Evolutionary Level Above Human Foundation', was Incorporated in the state of Arizona on September 23, 1997 as per the document in section 'a' that the disclosing party has in Defendant's possession.

f. Case file contents for case number PN22228, a Probate case in the Superior Court of California, County of San Diego. The subject of the Discoverable Information within these Court documents involves a petition by Mark King and Sarah King on behalf of 'The Telah Foundation' in which the Kings petitioned San Diego County in an attempt to claim

6

ownership of all of the Group's Property.

g. Statement of Decision in case number PN022228 in the California Superior Court, County of San Diego. Subsequent to the closure of this case the '0' was removed in the case number and the current case number of this case is PN22228. The subject of the Discoverable Information in this document is Judge Lisa Guy-Schall's Ruling of Decision that Mark King and Sarah King, on behalf of The Telah Foundation, had no intellectual property rights to any of the Group's Property that the Kings registered copyrights and a trademark for in 1997.

'Although Petitioners presented evidence of post-mortem registrations of the literary work entitled, "How and When Heaven'S Gate (The Door to the Physical Kingdom Level Above Human) May Be Entered - An Anthology of Our Materials;" the audiovisual works entitled, "Last Chance to Evacuate Earth Before It'S Recycled," "Plant About to Be Recycled - Your Only Chance to Survive - Leave With US," "Do'S Final Exit - Students of Heaven's Gate Expressing Their Thoughts Before Exit," "Beyond Human - The Last Call," "The C.B.E. (Celestial Being Entity"); the trade name Heaven's Gate; and the sound recordings entitled, "The Audiotape Library of Heaven's Gate by TI and Do." Nevertheless, there is no evidence of any writing which explicitly conveyed or transferred ownership of all this Intellectual property to the Petitioners'.

h. ORDER APPROVING .AGREEMENT TO SELL ESTATE PROPERTY AND TO CONVEY TRUST PROPERTY TO TRUST BENEFICIARIES in case number PN022228 in the California Superior Court, County of San Diego. The subject of the Discoverable Information within this Court document explains the Settlement Agreement

between San Diego County and Mark King and Sarah King after the Kings appealed the Ruling of Decision in Exhibit 11 of Defendant Bartel's defense in the case before this Court. This Court document clearly states that the Kings were only being sold or conveyed the Group's Property that had been held by San Diego County in the aftermath of the end of the Heaven's Gate Group.

'This agreement affects only the Parties' rights and interests in the intellectual and tangible property held by the Public Administrator'.

i. Contents of Case No. C 98-00892 CRB filed in a U.S. District Court, Northern District of California on March 6, 1998. The subject of the Discoverable Information within this Court document is an allegation of copyright and trademark infringement brought by The Evolutionary Level Above Human Foundation, Inc., Mark King, Sarah King and Wayne Parker ( deceased ). These allegations of copyright and trademark infringement were filed on the Group's intellectual property while Mark King and Sarah King were petitioning San Diego County in a separate Probate case in an attempt to claim ownership of the same Group Property that Mark King and Sarah King claimed was being infringed upon in the case before the U.S District Court, Northern District of California.

j. Supplemental Brief prepared by the San Diego County Counsel for case no. PN022228 in the California Superior Court, County of San Diego. The subject of the Discoverable Information in this Court document is the claims of ownership by Mark King and Sarah King of the Group's intellectual property that the Kings registered for copyrights in 1997. As per San Diego County Counsel John Sansone,

'Under the law applicable to copyrights, the thirty-nine decedents owned all of the works

now being claimed by the Kings. Unless the Kings can produce some conveyance of ownership from the decedents to them prior to their deaths, the ownership of the property and copyrights in such property must pass to the heirs and legatees by intestate succession. This result cannot be altered by any certificate of registration the Kings may have subsequently obtained. While it is true that a presumption arises upon issuance of a copyright registration certificate, that presumption is rebuttable and evidence that the registration certificate was obtained fraudulently overcomes the presumption (Seiler v. Lucasfilm Ltd. (9th Cir., 1986) 808 F2d. 1316, footnote 5 at p. 1322; Eckes v. Card Prices Update (2nd Cir., 1984) 736 F2d. 859).'

**iii. A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Defendant will present evidence of Defendant's pro se costs (equivalent to\ Attorney fees) from all the needed research and other costs, including personal suffering as a result of malicious prosecution, after the claims against Defendant Bartel have been proven to be demonstrably false.

**For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

8

Not Applicable

Jason Bartel
N4051 26th Lane
Redgranite, WI 54970
jason_bartel@unioncab.com

*[signature: Jason Bartel]*
7/10/23

FROM: Jason Bortel
4057 26th Lane
Redgranite, WI 54970

TO: U.S. District Court
Att: Clerk of Court
204 S. Main St.
South Bend, IN 46601

SHIP TO:
204 S MAIN ST
SOUTH BEND IN 46601-2122