# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF INDIANA

## SOUTH BEND DIVISION

|  |  |
|---|---|
| The Evolutionary Level Above Human, Inc. d/b/a The Telah Foundation, an Arizona nonprofit corporation, | CASE NO. 3:22-CV-395-JD-MGG |
| Plaintiff, | |
| v. | |
| Steven Robert Havel, | |
| Cathy JoAnn Weaver, | |
| Jason Bartel, | |
| Defendants. | |



-FILED-

JUL 12 2023

Chenda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

## DEFENDANT STEPHEN HAVEL'S RULE 26(a)(1) INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendant Stephen Havel (aka Sawyer, Swy, Swyody) makes the following Initial Disclosures to Plaintiff in the above captioned matter. These disclosures are based on information presently known and reasonably available to the Defendant and which the Defendant reasonably believes he may use in support of his claims and defenses. Continuing investigation and discovery may cause the Defendant to amend these initial disclosures by identifying other potential witnesses, documents and by disclosing other pertinent information.

1

The Defendant therefore reserves the right to supplement these initial pleadings.

The Defendant objects to any disclosure of information or documents beyond that which is required by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the Northern District of Indiana, or other applicable law, rule or order. By providing these initial disclosures, the Defendant does not represent that he is identifying every document, tangible thing or witness possibly relevant to this action.  In addition, these disclosures are made without the Defendant in any way waiving its right to object to any discovery request or proceeding involving or relating to the subject matter of these disclosures on any grounds, including competency, privilege, relevancy and materiality, hearsay, undue burden, confidentiality, or any other appropriate grounds.

Furthermore, these disclosures are not an admission by the Defendant regarding any matter. Each and every disclosure set forth below is subject to the above qualifications and limitations.

## DISCLOSURES

I.      **Federal Rule of Civil Procedure 26(a)(1)(A)(i): The name and, if known, the address and telephone number of each individual likely to have discoverable information —along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

1) Mark King aka Mrc, Mrcody

Scottsdale, AZ (request that full address and telephone number be sealed)

Rep@Heavensgate.com

Mark King is likely to have knowledge of the facts and circumstances relevant to this action, including, but not limited to, the Claims of alleged Copyright Infringements pled by Mark King ("Plaintiff"), The Evolutionary Level Above Human, Inc. d/b/a The Telah

2

Foundation's Complaint (DE1)

2) Sarah King aka Srf, Srfody

   Scottsdale, AZ (request that full address and telephone number be sealed)

   Rep@Heavensgate.com

   Sarah King has knowledge of the facts and circumstances relevant to this action,

   including, but not limited to, the Claims of alleged Copyright Infringements pled by

   Sarah King ("Plaintiff").

3) Francisco Falcon (aka Juan, Jhn, Jhnody)

   Venezuela (request that full address and telephone number and email be sealed)

   Francisco Falcon has knowledge of the facts and circumstances relevant to this action.

   Francisco Falcon has Documents that show DO (aka Marshall Applewhite) and/or his

   Students heretofore referred to as the Group or Class or Crew, aka Heaven's Gate, sent

   him Packets (that some others on a List, (provided in said Packet), also received

   something similar to) that arrived to him on or thereabouts March 25, 1997. Some of

   what was in Francisco Falcon's packet included:

   -The Seven Original Master Beyond Human – The Last Call Video tapes in SVHS

   format.

   -2 - 3 ½" diskettes containing the **HTML Code and Content** (that included the alleged

   copyrighted CBE Image and the alleged trademarked Heaven's Gate Logo) and many

   other images that were part **of the original Heavensgate.com website** with guidelines to

   use it if need be. (which he found a need for and posted the website as

   **HeavensGateAlso.com**).

   -The "Away Team patch" (Plaintiffs also copyrighted without doing so legally).

- Directions that included maps to the house where the Group Members died.

4) Jason Bartell (co-defendant), (aka Carlan, Crl, Crlody)

(request that full address and telephone number and email be sealed)

Jason Bartell worked with Charles "Chuck" Humphrey (aka Rkkody, Rkk) until his

decease has knowledge of the facts and circumstances relevant to this action.

5) Cathy Weaver (co-defendant)

(request that full address and telephone number and email be sealed)

Cathy Weaver (co-defendant) has knowledge of the facts and circumstances relevant to

this action.

6) Kathryn Morea

(request that full address and telephone number and email be sealed)

Since Kathryn Morea is daughter to Charles "Chuck" Humphrey, (aka Rkkody, Rkk,

Rick Edwards, Right to Know), who inherited his Estate consisting all the Intellectual

Property the Group gave to him and/or  he retrieved from the Storage Room by DO's

instruction to  him, who was sued by Mark King and Sarah King in 1999,  9 days after

Humphrey's death) she has knowledge of the facts and circumstances relevant to this

action.

7) Richard Ford (aka Rio, Neo, Neody)

(request that full address and telephone number and email be sealed)

Richard Ford joined the Group in 1994 and left them voluntarily approx.. 2 weeks before

the Group exited their human bodies and also worked with Ollody (aka Oll, Olliver

Odinwood) and was the first person to find the bodies, has knowledge of the facts and

circumstances relevant to this action. As I understand it, he was given three movie scripts

4

DO and Crew hoped he would be able to bring to a movie production company. The first script, which was written in approximately 1982 or so, which Defendant proofread at that time included some 14 acrylic paintings by Ollody, aka Oll, Olliver Odinwood, (aka legal name: Cabot Van Sinderen), copyrighted which conflicts with the copyright of the CBE Lithographic Image Mark King and Sarah King as the Telah Foundation copyrighted in 1997.

8) Dave Goetzinger

(request that full address and telephone number and email be sealed)

Dave Goetzinger has knowledge of the facts and circumstances relevant to this action.


II.     **Federal Rule of Civil Procedure 26(a)(1)(A)(ii) A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

The following comprises the enumerated documents, data compilations, and other tangible things in the possession, control or custody of the Defendant to which the Defendant may use to supports his claims or defenses in the instant action:

1. **Documents:** Letters Received from DO (aka Marshall Applewhite) and Crew by Mark King and Sarah King (Plaintiffs), addressed to "Mrc/Srf" (aka Mrcody/Srfody, legally, Mark King/Sarah King), signed as from "The Class" or from "Pursers (SNG, SLV, MLL, GLD)", mostly received on March 25, 1997.

**Subject:** Describes The Groups hope Mrc/Srf and others mentioned in the Letters and even "those who are inclined" to "disseminate our information" to the public pertaining to the audio tapes they'd find in storage and all their other Intellectual Property.

Letters gave suggestions on how to handle some their Intellectual Property, other individuals to try to work with, (including 6 other former members and several who were never members and many encouragements to engage the "Dissemination Project".

One example is the Letter to Mrc/Srf that describes the location can codes to get into a storage room that states:

> "It is our desire that any items of value that are retrievable by you be divided among those who feel inclined to disseminate our information"

The "items of value," pertaining to "our information" turned out to be the 1061* audio tapes. (*that number Mark King at first gave for the total number of audio tapes he has in his possession that as of the two Lists (DE 120-1 and DE 120-2) and other evidence has expanded to 1082).

2. **Document** from SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO Case No. PN022228 Dated JANUARY 8, 1999 by JOHN J. SANSONE, COUNTY COUNSEL for DON BILLINGS, Public Administrator / Public Guardian entitled, "SUPPLEMENTAL BRIEF"

**Subject:** This Discoverable Information within this Court document explains that Petitioners' (Telah (Mark King and Sarah King)) did not have the right to copyright any of the Intellectual Property they possessed from the "Class" that they had no part in creating.

Plaintiffs have already claimed this document that co-defendant Jason Bartell submitted as evidence to the Court, was not "authentic," here are the reasons I hope to move the court to require them to provide the authentic document. The brief begins with an opening statement:

> "WITHOUT A WRITING TRANSFER OF COPYRIGHT PASSES BY INTERSTATE SUCCESSION Telah contends that having obtained certificates of registration from the United States Copyright Office gives them ownership of intellectual property in the possession of the Public Administrator (Petitioners' Brief, page 4—5). This is not true."

Attorney Sansone goes on to cite many of the copyright laws and even suggests evidence of fraud to potentially describe the Kings (as Telah) obtaining of copyrights in 1997, which are the same Copyrights and Trademarks Plaintiffs Mark King and Sarah King have used against my free dissemination of the same materials. Here is that example:

> "While it is true that a presumption arises upon issuance of a copyright registration certificate, that presumption is rebuttable and evidence that the registration certificate was obtained fraudulently overcomes the presumption (Seiler v. Lucasfilm Ltd. (9th Cir., 1986) 808 F2d. 111316, footnote 5 at p. 1322; Eckes v. Card Prices Update (2nd Cir.,1984) 736 F2d. 859)."

3. **Document**: Case PNO22228 Feb 22 1999 STATEMENT OF DECISION by Judge Lisa Guy-Schall - Frivilous lawsuit.

**Subject**:  Judge Guy Schall lists a number of copyright laws that go into her decision against Claimants (Telah Foundation, Mark King and Sarah King) petition to obtain any of The Groups Intellectual Property in the deceased house or storage units ruling:

-"Nevertheless, there is no evidence of any writing which explicitly conveyed or transferred ownership of all this Intellectual property to the Petitioners. There was no writing actually Signed by the decedents except the Durable Power of Attorney, which became void upon their deaths."

4. **Document:** Case PN022228 08-11-99 Authentic SETTLEMENT ORDER APPROVING SALE Of ESTATE PROPERTY TO TRUST BENEFICIARIES BY HON. Judge LISA GUY-SCHALL

   **Subject:** Judge Guy-Schall settles to avoid a long drawn out appeal of her Decision, by Mark King and Sarah King. Many families were looking for closure and help with their financial expenses. The Sansone Supplemental Brief shows the appeal was based on about "11" frivolous accusations, like one on how San Diego County Inventoried the Property of the Group.

5. **Document(s):** Olliver Odinwood aka Ollody, legally, Cabot Van Sinderen Copyright in 1992 of 13 Acrylic Paintings.

   **Subject:** These are paintings Olliver Odinwood drew and painted, that included the CBE Lithographic image Plaintiffs copyrighted in 1997 to include what has been termed, the Heaven's Gate Logo (showing the rings of Saturn Olliver Odinwood also painted, with the Keyhole that I witnessed him painting in the Groups business called, Astrologics in Amarillo, Texas where also Mark King worked in the open room next to Ollody (aka Olliver Odinwood) while he made stained glass windows, thus certainly observed Ollody

8

painting and knew he was also responsible for painting at least another 12 paintings that were displayed in Astrologics.

6. **Document**: Docket UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA by Judge Charles R Breyer, THE EVOLUTIONARY LEVEL ABOVE HUMAN FOUNDATION, INC. dba THE TELAH FOUNDATION, MARK KING, SARAH KING and WAYNE PARKER, Plaintiffs V RIGHT TO KNOW; The Executor of the Estate of CHARLES HUMPHREY aka CHUCK HUMPHREY, KATHRYN MOREA LANMINDS and IMPSAT MEXICO, Defendants.

**Subject: Docket Listing** (showing the "**document**" presumed to be the Settlement Agreement):

"07/09/1999      31      CONSENT DECREE BETWEEN PLAINTIFFS AND KATHRYN AND CESAR MOREA by Judge Charles R. Breyer : TELAH will distribute the "How and When Heaven's Gate May Be Entered" book ... Kathryn and Cesar Morea will provide TELAH with copies of the Humphrey verson ... TELAH will have exclusive rights and responsibility for ownership and management of the intellectual property of The Class/the Heaven's Gate group ... (**see document**) (cc: all counsel) ( Date Entered: 7/14/99) [3:98-cv-00892] (mcl, COURT STAFF) (Entered: 07/14/1999)"

Shows the existence of a "**document**" in the Consent Decree that appears to be the "**Settlement Agreement**" referenced by the Court in Judge Breyer's Consent Decree some eleven times in most every point of Judge Breyer's Consent Decree that contains the details of the Courts Decree.

9

This is why Defendant will be asking Plaintiffs for the **"Settlement Agreement"** for CASE CV-98-00892 CRB 07-20-99 **"Settlement Agreement"** (This document may have been under seal). As stated this document contains the details that show exactly what Mark King and Sarah King were ordered to do with the Intellectual Property they obtained from Kathryn Morea in their Settlement.

7. **Email document**: Jason Bartell (aka Crlody, Carlan, Crl) to Sawyer (Sawyerhg@yahoo.com), Defendant Havel, in 2016.

   **Subject**: Shows that Bartell read in a document provided by Kathryn Morea (Defendant in Breyer Case that said Mark King and Sarah King were ordered by Judge Breyer to disseminate or give the materials from the Group they were awarded to "verified former members" of the Group. Since I have a great deal of evidence of having been in the Group, I am a verified former member so everything Mark King and Sarah King received in that Consent Decree should also be provided to me to also disseminate.

8. **Document**: CASE CV-98-00892 CRB 07-20-99 Statement of Decision.

   **Subject**: Shows the details of the Judge Breyer ruling that was in part based on receiving false information from Plaintiffs, The Telah Foundation's Mark King and Sarah King

9. **Document**: CASE CV-98-00892 CRB 07-20-99 Consent Decree.

   **Subject**: Shows some but not all of the details of the Decree in that Plaintiffs The Telah Foundation's Mark King and Sarah King were required to "Distribute" the video tapes from Rkkody and Right to Know in the possession of Rkkody's daughter Kathryn Morea and were to "disseminate" Rkkody's Right to Know CD's that contained some 196 or so

digitized audio tapes, without any specifications as to who to give them to and what they were allowed to do with them and more.

10. **Document**: CASE CV-98-00892 CRB Morea's Answer, including Exhibits.

   **Subject:** shows Kathryn Morea submitted "**Letters**" from DO and his Students to Rkkody before and on March 25, 1997 on his making changes to the Groups 3 websites and receiving from the Group the 1st and/or 2nd version of the Book, "How and When The Door to The Physical Kingdom Level Above Human May Be Entered," noted as the "Humphrey version" and the original master Exit Videos, Last Chance..., Planet About to be Recycled..., DO's Final Exit and Students Exit Statements.

11. **Document**: CASE CV-98-00892 CRB Plaintiffs Complaint.

   **Subject:** shows inaccuracies in some of Plaintiffs statements to that Court they are claiming now.

12. **Email Documents and Chat Room documents** from Cathy Weaver (co-defendant):

   **Subject:** Show Cathy Weaver hadn't met Stephen Havel when Havel received a thumb drive from Francisco Falcon (aka Jhnody) and when Havel started to play audios on his Youtube channel, so didn't infringe on copyrights and actually convinced Havel to stop playing audios on Havel's channel until Havel and Weaver could sit down with Mark King and Sarah King to come up with a Legal Agreement. Cathy Weaver actually brokered the meeting with Mark King and Sarah King at their previous lawyers office in Phoenix, AZ in November of 2021. Thus shows there was no "conspiracy" among Defendants as Plaintiffs' claim in DE 1, Count VI.

13. **Documents – Cease and Desist and Proposed Legal Agreement on Use of the Heaven's Gate Intellectual Property served on Havel and Weaver in person in November of 2021.**

**Subject:** Shows Plaintiffs issued Stephen Havel and Cathy Weaver with a Cease and Desist that did not detail exactly what audio tapes and/or video tapes and/or The Heaven's Gate Book and/or The Exit Videos and/or The CBE Image and/or other Intellectual Material he/they were allegedly infringing on. (Audio tape registration simply says it was for a deposit of 486 audio tapes when Mark King admits to have in his possession "over 1000" or 1061 (since updated number to 1082).

14. **Email and Chat Room Documents**

**Subject:** show Mark King saying there are 1061 audio tapes.

15. **Email documents** from Dave Goetzinger to Stephen Havel (as SawyerHG@yahoo.com), who was never a member of the Group.

**Subject:** Shows how Dave Goetzinger, who was working for Mark King and/or Sarah King with some arrangement was given access to most or all of the audio tapes to digitize them and also worked on the Beyond Human – The Last Call Video Series

16. **Document – Common Law Copyright.**

**Subject:** The copyright wording DO aka Marshall Applewhite, The Group, The Class put on the "Blue" Book, entitled, "How and When 'Heaven's gate' (The Door to The Physical Kingdom Level Above Human) May Be Entered : An Anthology of Our Materials," the First Edition they bound aka self published that can be found on the Book section under Copyright posted on the Heavensgate.com website. Note the ISBN number indicating a published work.

The wording is:

© Common Law Copyright

1996 by Heaven's Representatives

Printed in the New Mexico Republic, the united States of America

ALL RIGHTS RESERVED, WITHOUT PREJUDICE,

U.C.C. 1-207, U.C.C. 1-103.6

ISBN: 0-926524-51-8

This book is protected by Common Law copyright.  Permission is

hereby granted to reproduce this book, or portions thereof, as

long as the content is unchanged, i.e., nothing added to it or

taken away from it as long as it is for non-commercial purposes.

No part of this publication may be reproduced or transmitted in

any form or by any means, now known or to be invented or adapted,

for the purpose of financial gain or profit.

This CD-ROM is protected by Common Law copyright.  Permission is hereby granted to

reproduce this CD-ROM, or portions thereof, as long as the content is unchanged, i.e.,

nothing added to it or taken away from it as long as it is for non-commercial   purposes.

No part of this CD-ROM may be reproduced or transmitted in any form or by any

means, now known or to be invented or adapted, for the purpose of financial gain or

profit.

## 17. Electronic Media – Rkkody's Right to Know CD's

**Subject:** What Rkkody sent to Havel in December 1997 and January 1998, over a year

before the 1999 Consent Decree ordered Kathyrn Morea to give Mark King and Sarah

King the CD's for Mark King and Sarah King to extract Rkkody.com code from and then

13

"disseminate" them which they did not do except in token ways, refusing to give them to me and I believe co-defendant Jason Bartell, who both had them directly from Rkkody. These CD's were Common Law copyrighted by Right to Know using a Common Law copyright exactly as DO used on the "Blue Book" he gave to Rkkody and Jhnody to disseminate and is still shown on the Book section under Copyright, posted on the Heavensgate.com website.

18. **Electronic Media – Thumb Drive containing over 900 digitized audio tapes**

    **Subject:** What Francisco Falcon (aka Jhnody) sent to Havel around June of 2021. How Jhnody received them from Mark King and/or Sarah King.

19. **Audio tape clips of TI and/or DO's Private Classroom Meetings**

    **Subject:** Shows both TI and DO's desire for their Information, including audio tapes to be available to the public.

20. **Audio tape clips of TI and/or DO's Private Classroom Meetings**

    **Subject:** Show the truth about why Mark King (Mrcody) and Sarah King (Srfody) were sent out of the Class in 1987. This may be one reason Mark King and/or Sarah King don't want all those audio tapes to be available to anyone, because they have told a completely different story to a number of Media groups who I have followed up with to tell the truth about since I was present when it happened and present in the audio clips of meetings where DO spoke about them.

21. **Document - Copyright Registration VAu000041610 / 1982-11-18 of 14 pieces of Art drawn as illustrations for The Meeting Screenplay and painted by Olliver Odinwood (aka Ollody, Oll, Oliver)**

    **Subject:** Evidence that one of these paintings is the original painting that was made into a Lithographic Image that Mark King and Sarah King as the Telah Foundation

copyrighted in 1997.)

Note on Plaintiffs copyright registration for the CBE Lithographic Print, (DE1, Exhibit F) they omitted checking the required box on their copyright registration under section 2, under "Name of Author, listed as Total Overcomers Anonymous, a.k.a. T.O.A. labeled as "Was this author's contribution to the work a "work made for hire"? The options listed are to check, Yes or No and neither was checked.

Note in Plaintiffs copyright registration, under section 5 Previous Registration, to the question, "Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office? Yes…. No…. to which Mark King and Sarah King as representatives of The Telah Foundation checked, "No". It is a fact that Mark King and Sarah King knew that Ollody, aka Olliver Odinwood, had painted this CBE Image. They would have also known that Ollody received no compensation for painting this image so didn't do so as a work for hire.

Note in the same Copyright registration, in section 6 Compilation or Derivative Work, Plaintiffs answered "N/A" to the request, "PREEXISTING MATERIAL: (Identify any pre-existing work or works that this work is based on or incorporates. Since Plaintiffs knew this was not the original acryrilic painting, but was a "Lithographic Print" of that original painting and they knew this as a fact, shouldn't they have listed the Original? It is conceivable that Mark King and/or Sarah King did not know if Olliver Odinwood had registered that Painting before, but given how Mark King aka Mrc, Mrcody was in The Group in SAT 3 (The Classes operations department), he would have been privy to know that TI (aka Bonnie Lu Truesdale Nettles) and DO assigned the team to work on the Screenplay for The Meeting, the reason Olliver Odinwood (Ollody) painted 14 Illustrations to accompany the screenplay to shop to Hollywood producer Gary Kirsch

15

who Cddody worked for before joining with TI and DO who knew and had access to

Stanley Kubick, thus may have copyrighted their work in case the project was picked up.

The text of this copyright registration follows:

The Meeting.

*Type of Work:   Visual Material

Registration Number / Date:      VAu000041610 / 1982-11-18

Title:       The Meeting.

Notes:      Cataloged from appl. only.

Copyright Claimant:      Olliver Odinwood

Date of Creation:  1980

Authorship on Application:      14 full color acrylic ill.: Olliver Odinwood.

Previous Registration:    Motion picture screenplay prev. reg.

Copyright Note:   C.O. correspondence.

Names:     Odinwood, Olliver, 1948-

Link to this document:

https://cocatalog.loc.gov/cgi-

bin/Pwebrecon.cgi?v1=1&ti=1,1&SEQ=20221104224454&SAB1=odinwood&BOO

L1=all%20of%20these&FLD1=Keyword%20Anywhere%20%28GKEY%29&GRP1

=OR%20with%20next%20set&SAB2=&BOOL2=as%20a%20phrase&FLD2=Keyw

ord%20Anywhere%20%28GKEY%29&CNT=25&PID=mut28I5LJ3TAOrLjM1ylGu

JDn7O&SID=5

22. **Document - Screenplay Copyright PAu000431560 / 1982-08-25** held by Olliver

Odinwood (aka Ollody, Oll, Oliver, legally Cabot Van Sinderen), and by David Codody

(aka Cddody, Cdd, Fred, legally Fred Mackey who died in the early 2000's) and Daniel

O'Day (aka Dncody, Dnc, legally Richard "dick" Joslyn who died in the early 2000's).

**Subject:** The text of this copyright registration is as follows:

The Meeting : screenplay : based on an original story / by David Codody,...

*Type of Work:   Dramatic Work and Music; or Choreography

Registration Number / Date:      PAu000431560 / 1982-08-25

Title:      The Meeting : screenplay : based on an original story / by David Codody,

Daniel O'Day, Olliver Odinwood.

Description:      2 v.

Notes:      Includes treatment.

Copyright Claimant:      David Codody, Daniel O'Day & Olliver Odinwood

Date of Creation: 1980

Authorship on Application:      David Codody, Daniel O'Day & Ollier Odinwood,

pseuds.

Names:  Codody, David, pseud., 1934-

O'Day, Daniel, pseud., 1948-

Odinwood, Olliver, pseud., 1948-

https://cocatalog.loc.gov/cgi-

bin/Pwebrecon.cgi?v1=2&ti=1,2&SEQ=20221104224439&SAB1=odinwood&BOO

L1=all%20of%20these&FLD1=Keyword%20Anywhere%20%28GKEY%29&GRP1

=OR%20with%20next%20set&SAB2=&BOOL2=as%20a%20phrase&FLD2=Keyw

ord%20Anywhere%20%28GKEY%29&CNT=25&PID=78oIEl4cObq1ofVGrR2M4

Fxot56&SID=5

23. **Email Document**: On Nov. 24, 2021 rep@heavensgate.com (Plaintiffs Mark King and/or

Sarah King) responded to Cathy Weaver (cathysouthwestern@gmail.com), with the

subject "Coming to Agreement," addressed to Cathy and Sawyer, filed with the Court as

DE 26-10) (Weaver's Answer to Plaintiffs Complaint against her, Exhibit 10.

**Subject:**  In this email Plaintiffs refer to the **"master log"** in particular:

-On page 84 of Cathy Weaver's Answer to Plaintiffs Complaint, in Exhibit 10 (DE 26-10

at 5c.), rep@heavensgate.com (Plaintiffs Mark King and/or Sarah King) wrote a

reference to: "...**audio tape # 918 (master log #1039) ("Links returning after 20 days**

**– 4/18/96")...**" that shows these two different tape numbers with a Description referring

to the same Audio Tape.

-On page 85 of Cathy Weaver's Answer to Plaintiffs Complaint, in Exhibit 10 (DE 26-10

at 5d.), rep@heavensgate.com (Plaintiffs Mark King and/or Sarah King) wrote a

reference to: "...**audio tape # 919 (master log #1040) ("What's Going on in the World**

**– 5/4/96")...**" that shows these two different tape numbers with a Description referring to

the same Audio Tape.

All Four Numbers are in Plaintiffs LIST in DE 120-2 and are not listed as duplicates.

Here are the Tape Log from Jhnody (provided to  him via Plaintiffs) compared to the List

of Audio Tapes provided by Plaintiffs via Court Order:

**Jhnody tape log:**

918 AB

04/18/96 – 75 min – LINKS returns after 20 days away

**Note Tape in Plaintiffs Exhibit 2 has a different date:**

918 AB

12/21/94 -  Various Discussions - 1 of 2 - 141 min.

**While Plaintiffs current List Exhibit 2 for the same date as in Jhn's tape log shows a**

**different tape number:**

18

1039 AB

04/18/96 - Various Discussions -  75 min.

**Again, from Jhnody's tape log:**

919 AB

05/04/96 – 63 min – What's going on in the World

**Note Tape with that same number (except for the C) in Plaintiffs Exhibit 2 has a different date:**

919 C

12-21-94 - Various Discussions - 2 of 2

**While Plaintiffs current List Exhibit 2 shows a different tape number and a different date:**

1040 AB

04/19/96 Various Discussions - 90 min.

These quotes from Mark King show there exists a **Master Log** with a different numbering system and when one compares the LISTS provided by Plaintiffs in DE 120-1 and DE 120-2, of the Audio Tapes Plaintiffs have, it reveals MANY discrepancies in the numbers and/or letter identification on some tapes, the dates on some tapes and the length of some tapes and the very existence of some tapes, while all show a completely different Description/Topic from the Description/Topic Plaintiffs included in their submitted Tape Lists (DE 120-1 and DE 120-2) Exhibits as all "Various Discussions" which all compound to showing the tapes logs and perhaps some tapes are **Spoiled Evidence**. This alone calls into great question the authenticity of the two **LISTS and exactly which audio tapes were copyrighted and allegedly infringed upon.**

24. **Document – Audio Tape Log from Rkkody's CD's** he testifies were constructed by

The Class

**Subject:** The log includes 196 audio tapes (listed as numbers 1 to 218 but that some 22 are missing). Because Plaintiffs LIST DE 120-1 shows the alleged 486 Audios that they registered with the copyright office, if 22 or more from that List were absent how can there be 486 in that "Deposit" as stated in the registration.

25. **Document – Audio Tape hand written Tape Log** listing tapes 214 to 365 (with robust descriptions as shown in the other tape logs).

**Subject**: Crlody (aka Jason Bartell (co-defendant)) testifies he received from Rkkody in 1997 or 1998 that brings proof of the Audio Tape Log File on Rkkody's CD's came from The Class and that Plaintiffs Lists (DE 120-1 and DE 120-2) of Audio tapes requested of Plaintiffs by the Court are **Spoiled Evidence** and call into question Plaintiffs entire case.

26. **Document – Audio Tape Log – Plaintiffs Complaint (DE 1-H (Exhibit H))**

**Subject:** Shows what may be a true Listing of approximately 929 Audio Tapes on Havel's Sawyerhg.wordpress.com post of the exact Audio Tape Log Havel received from Jhnody (Francisco Falcon) in June of 2021 and posted.  Jhnody testifies he received this tape log and the listed approximate 929 digitized audio tapes from Mark King and/or Sarah King over a year's time or more, in parts. Most of the first listings in this tape log are identical to the tape log provided on Rkkody's 1997 CD's and the hand written partial tape log I've disclosed having, thus shows the Spoiling of Evidence in the tape LISTS provided by Plaintiffs in DE 120-1 and DE 120-2.


There may be additional documents whose relevance becomes known to the Defendant during discovery or trial.  The Defendant therefore reserves the right to amend or supplement these disclosures if and as appropriate, and further reserves the right to rely on any document

identified by Plaintiff or produced in this case by any party or any third party.

III.    **Federal Rule of Civil Procedure 26(a)(1)(A)(iii): A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

  1.  Defendant will present evidence of its court costs and pro se (equivalent to attorney fees) from all the needed research and other costs, due to lifestyle changes, PO Box, loss of revenue from T Shirt sales, etc.  after the claims against me have been denied or dismissed or settled.

IV.    **Federal Rule of Civil Procedure 26(a)(1)(A)(iiii): For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

  1 . Not Applicable


Dated: July 10,  2023

7-10-2023

Stephen Havel

5776 Grape Rd.

Suite 51

PMB# 121

Mishawaka, IN. 46545

Sawcat575@gmail.com

Defendant