**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

THE EVOLUTIONARY LEVEL ABOVE
HUMAN, INC.,

      Plaintiff,

      v.

STEVEN ROBERT HAVEL, et al.,

      Defendants.

CASE NO. 3:22-CV-395-MGG

**ORDER**

On May 18, 2022, Plaintiff, the Evolutionary Level Above Human, Inc. (also referred to by the parties as "the Foundation") filed the instant copyright infringement action against Defendants Stephen Havel, Cathy Weaver, and Jason Bartel, all of whom are proceeding *pro se*. Mr. Havel and Ms. Weaver filed their answers and counterclaims on July 26, 2022. [DE 20, DE 26]. Mr. Bartel filed his answer and counterclaim on September 9, 2022. [DE 35].

Now pending and ripe before the Court are three motions pertaining to Mr. Bartel's counterclaim. Two of his motions seek to add the corporate Plaintiff's directors, Mark and Sarah King, as parties: (1) Mr. Bartel's Motion to Name Mark and Sarah King as Plaintiffs and Counter Defendants and Effect Service on Plaintiffs [DE 61]; and (2) Mr. Bartel's Motion to Add Evidence Regarding the True and Factual 'Known Place of Business' of the Evolutionary Level Above Human, Inc. [DE 102]. The third motion, Mr.

Bartel's Motion to Amend Counterclaim [DE 62], seeks to update the relief requested if

he obtains a favorable judgment on his counterclaim.

As explained below, Mr. Bartel's motions must be denied at this time.

**I.      Legal Standard**

Rule 15 of the Federal Rules of Civil Procedure governs how and when a party

may amend their pleading to add a party or new claims to a case. *See* Fed. R. Civ. P.

15(a),(c). Under Rule 15, unless a party amends a pleading as a matter of course or as

otherwise ordered, "a party may amend its pleading only with the opposing party's

written consent or the court's leave and the court should freely give leave when justice

so requires." *Johnson v. Cypress Hill*, 641 F.3d 867, 872 (7th Cir. 2011). The Court issued a

Rule 16(b) Scheduling Order on June 16, 2023. This Scheduling Order now allows the

parties to amend their pleadings or add parties without first seeking permission from

the Court, as the Order provides that "[t]he last date to amend pleadings without leave

of court as to . . . Defendants is **September 15, 2023**." [DE 117 at 5 (emphasis in

original)].

Despite the Court's order granting permission to amend without seeking the

Court's leave, Rule 15 also provides that a court may deny a motion to amend a

pleading if there is undue delay, bad faith, dilatory motive, undue prejudice, or futility.

*Guise v. BWM Mortg., LLC*, 377 F.3d 795, 801 (7th Cir. 2004). "[A]n amendment may be

futile when it fails to state a valid theory of liability or could not withstand a motion to

dismiss." *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992) (internal citations omitted);

*see also Gandhi v. Sitara Cap. Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013). "[T]he

decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Brunt v. Serv. Emps. Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002). Thus, although the Court has since given Defendants leave to amend their pleadings until September 15, 2023, the Court will rule on Mr. Bartel's motions as currently filed.

## II.   Discussion

### A.   Motion to Name Mark and Sarah King as Plaintiffs and Counter Defendants [DE 61] and Motion to Add Evidence Regarding the True and Factual 'Known Place of Business' of the Evolutionary Level Above Human, Inc. [DE 102]

Mr. Bartel's first motion, his Motion to Name Mark and Sarah King as Plaintiffs and Counter Defendants ("Motion to Name the Kings"), seeks to add Mark and Sarah King—who are Plaintiff's corporate directors—as parties. Mr. Bartel further asks the Court to effect service on the Kings because he cannot afford to do so. [DE 61 at 2]. In support of this motion, Mr. Bartel explains that the Kings should be named as parties because of their relationship to the Foundation, stating that the Kings "have continuously represented the Foundation from the Foundation's founding to the present" and thus "are the only natural persons responsible for initiating [this] civil action . . . ." [DE 61 at 1].

Yet the Foundation has represented that it is an Arizona 501(c)(3) nonprofit corporation[1]. [DE 1 at 2, ¶ 4]. Corporations are considered distinct and separate legal

---

[1] The Court acknowledges that other motions filed by Mr. Bartel have alleged that the Plaintiff is a not a proper legal or entity or is a misnomer for another nonprofit incorporated in Arizona. [*See* DE 102, DE 124]. For purposes of this order, the Court addresses Mr. Bartel's allegations as presented in the instant motion only.

entities with their own legal identities. *CTS Corp. v. Dynamics Corp. of Am.*, 481 U.S. 69, 89–91, 107 S.Ct. 1637, 95 L.Ed.2d 67 (1987); *see also Robinson v. 1st Am. Steel, LLC*, No. 2:11-CV-309, 2013 WL 2456264, at *1 (N.D. Ind. June 6, 2013). Generally, this separateness—often referred to as the "corporate veil"—shields corporate officers and shareholders from personal liability. *See United States v. Bestfoods*, 524 U.S. 51, 61, 118 S.Ct. 1876, 141 L.Ed.2d 43 (1998).

It is true that a corporation's separate existence may be disregarded in some cases—often referred to as "piercing the corporate veil." But Mr. Bartel's Motion to Name the Kings does not address this concept, nor does he allege any claims against the Kings individually. Instead, in this motion, Mr. Bartel simply states that the Kings must be added because they have been part of the Foundation since its beginning.[2] Without more, the Court cannot find that Mr. Bartel has stated a claim against the Kings in this motion such that it would be futile. *Gandhi*, 721 F.3d at 869. Accordingly, Mr. Bartel's Motion to Add the Kings must be **DENIED**. [DE 61].

But Mr. Bartel does address Plaintiff's corporate identity in relation to the Kings in his later-filed Motion to Add Evidence Regarding the 'True and Factual' Place of Business of TELAH ("Motion to Add Evidence"). [DE 102]. In his Motion to Add Evidence, Mr. Bartel appears to put forth two overarching arguments. He first argues that evidence attached to his motion shows that the Court should pierce the corporate veil and name the Kings as parties. Next, Mr. Bartel also disputes Plaintiff's designation

---

This motion also fails to include a signed proposed amendment as required by this Court's local rules. *See* N.D. Ind. L.R. 15-1. Thus, the Court can only guess as to the specific claims Mr. Bartel seeks to bring against the Kings based on what he has included in his motion.

as The Evolutionary Level Above Human, Inc. d/b/a The Telah Foundation. [DE 102 at 2]. As to this, Mr. Bartel contends that the Telah Foundation is merely a "brand name" such that it cannot initial legal actions or file trademark applications. [*Id.*]. Mr. Bartel further points to certain deficiencies and discrepancies regarding Plaintiff's addresses, contending that this shows that Plaintiff "is not allowed to initiate legal actions, much less remain a Religious Nonprofit Corporation . . . [and] this entire lawsuit was based on fraud from the outset." [DE 102 at 5]. As such, Mr. Bartel contends that Plaintiff is not a proper party to this case such that he is entitled to "[s]ummary Judgment in favor of Defendants as well as awarding of all counterclaims." [DE 102 at 1].

Mr. Bartel expands upon this latter argument in his Motion to Amend the Title of Proceedings as a Response to Plaintiff's Redacted Proposed Order for a Preliminary Injunction. [DE 124]. In that motion, Mr. Bartel further contends that the Evolutionary Level Above Human, Inc. does not exist and therefore cannot own the works at issue. [DE 124 at 4, 7]. Mr. Bartel also contends that the Telah Foundation is not an entity incorporated in Arizona. [*Id.* at 7]. As that motion appears to expand upon this latter argument but is not yet ripe, the Court will address this latter argument, as appropriate, via separate order. Accordingly, this order addresses Mr. Bartel's Motion to Add Evidence to the extent he puts forth arguments to pierce the corporate veil to add the Kings to this case.

At the outset, it is unclear whether Mr. Bartel seeks to amend his counterclaim to add corporate veil claims under Rule 15, whether he seeks summary judgment on these claims under Rule 56, or whether he only seeks to add certain evidence to the Court's

docket, as his motion is captioned. [3] To the extent that Mr. Bartel seeks to amend his

counterclaim to add claims seeking to pierce the corporate veil, or to the extent that he

is seeking summary judgment on such claims, his motion must be denied.

The Court begins by considering the standard for piercing the corporate veil. "In

determining whether to pierce the corporate veil, courts typically apply the law of the

state of incorporation." *MercAsia USA, Ltd. v. Jianqing Zhu*, No. 3:17-CV-718 JD, 2018 WL

3833520, at \*3 (N.D. Ind. Aug. 13, 2018) (internal citations omitted). As stated, Plaintiff

has represented that it is a 501(c)(3) nonprofit organization organized under Arizona

law. [DE 1 at 2, ¶ 4]. Accordingly, Arizona law applies to any claims seeking to pierce

Plaintiff's corporate veil. "Arizona courts will disregard the corporate entity and pierce

the corporate veil if a [party] pleads facts sufficient to show: (1) that the corporation is

the 'alter ego or business conduit of a person'; and (2) that disregarding the

corporation's separate status is 'necessary to prevent injustice or fraud.'" *KeyBank Nat'l*

*Ass'n v. Neumann Dermatology LLC*, No. CV-21-00133-PHX-JJT, 2022 WL 16635372, at \*3

(D. Ariz. Nov. 2, 2022) (internal citations omitted). First, "[t]o show that a corporation is

the alter ego of an individual, a plaintiff must show 'substantial evidence of

intermingling of corporate and personal assets, affairs or funds, or that the corporate

structure was in any way used for other than legitimate corporate purposes.'" *SPUS8*

---

[3] Mr. Bartel is advised that, in accordance with this Court's local rules, motions seeking different relief must be filed separately. *See* N.D. Ind. L.R. 7-1(a). To the extent his motion is seeking to add evidence, summary judgment, or amend the pleadings, these forms of relief should have been requested via separate motions.

*Dakota LP v. KNR Contractors LLC*, No. CV-19-05477-PHX-MTL, 2022 WL 17039204, at *5 (D. Ariz. Nov. 17, 2022) (internal citations omitted).

Mr. Bartel makes several arguments about Plaintiff and the Kings in this motion that appear to contend that Plaintiff's corporate veil should be pierced. Although some arguments are unclear, Mr. Bartel appears to allege that the Kings must be added because the Foundation used a post office box as its business address despite the Arizona Corporation Commission's requirement that a corporation's known place of business must be a physical address within the state of Arizona. [DE 102 at 5, citing DE 102-1 at 3]. With no physical address, Mr. Bartel argues he cannot serve Mark King as the Foundation's statutory agent or identify a principal place of business for the Foundation such that the Kings must be added. [DE 102 at 2, 7]. Mr. Bartel further contends that the Kings have attempted to obscure this issue. [*Id.* at 8]. Viewing this as "deceitful conduct" and "abuse" of the Foundation, Mr. Bartel argues that the Court should pierce the corporate veil and name the Kings as parties. [*Id.* at 8-9].

Despite these arguments[4], the Court cannot find that the facts alleged support a claim to pierce the corporate veil. For instance, he has not alleged any intermingling of corporate and personal assets, affairs, or funds. Nor has he alleged how his arguments show that the Kings have used the corporate form for other than legitimate corporate purposes. *SPUS8 Dakota LP*, 2022 WL 17039204, at *5. His arguments, which fail to cite to legal authority to pierce the corporate veil, are further problematic given that

---

[4] As stated, to the extent that Mr. Bartel is arguing that Plaintiff is not a proper legal entity or that it is not the proper entity to initiate this case, these arguments will be addressed via separate order as appropriate.

"Arizona law provides that the 'corporate status will not be lightly disregarded.'" *See id.* Without more, to the extent that Mr. Bartel is seeking to amend his counterclaim to add claims seeking to pierce the corporate veil and add the Kings as parties, the Court cannot find that Mr. Bartel's arguments in this motion would withstand a motion to dismiss. *Gandhi*, 721 F.3d at 869.

Finally, to the extent that Mr. Bartel's motion also argues that he is entitled to summary judgment, it also wholly disregards the Court's procedural requirements for such motions. *See* N.D. Ind. L.R. 56-1. As discussed in this Court's order from June 6, 2023, a party moving for summary judgment must separately file (1) a motion; (2) a supporting brief; (3) a statement of material facts with numbered paragraphs for each material fact the moving party contends is undisputed which includes (A) a short statement of each fact; and (B) a citation to evidence supporting each fact. N.D. Ind. L.R. 56-1(a). Mr. Bartel's instant motion meets none of the Court's requirements for such a motion. "Judges are not like pigs, hunting for truffles buried in [the record]." *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (internal citation omitted).

For all these reasons, to the extent that Mr. Bartel's Motion to Add Evidence seeks to add new claims or parties under Rule 15 or seeks summary judgment on such claims, it must be **DENIED**. [DE 102]. But to the extent that Mr. Bartel simply seeks to place the documents attached to his motion [DE 102-1] on the Court's docket, it is permissible. While these documents may be referenced in other filings without the need to refile on the docket, this order should not be construed as a determination on the

authenticity or admissibility of these documents if used in support of future motions or if used at trial.

### B. Motion to Amend Counterclaim [DE 62].

Lastly, Mr. Bartel has also moved to amend his counterclaim to change the relief he seeks if he obtains a favorable judgment. Mr. Bartel's counterclaim originally asked the Court to divide the works owned by the Foundation among Defendants. [*See* DE 35]. Mr. Bartel now requests that the Court place the works held by the Foundation into the public domain if he obtains a favorable judgment. [*See* DE 62 at 1]. An adverse party has fourteen days after service of a motion in which to serve and respond. N.D. Ind. L.R. 7-1(d)(3)(A). Failure to file a response within the time prescribed may subject the motion to summary ruling. N.D. Ind. L.R. 7-1(d)(5). As of this date, Plaintiff has neither responded to this Motion nor provided any explanation for the inaction. Consequently, this Court can only assume that this motion is unopposed.

The Court is usually inclined to grant uncontested motions. Likewise, as earlier discussed, leave to amend pleadings has since been granted to the parties. [DE 117 at 5 ("[t]he last date to amend pleadings without leave of court as to . . . Defendants is **September 15, 2023**." DE 117 at 5 (emphasis in original))]. But Mr. Bartel's motion fails to include a proposed amended pleading as required by this Court's local rules. *See* N.D. Ind. L.R. 15-1. With no proposed amended pleading attached to the motion, the Court cannot place an amended counterclaim on the docket. Given this procedural deficiency, and, in light of the Court's Scheduling Order now granting leave to amend, the Court **DENIES AS MOOT** Mr. Bartel's Motion to Amend Counterclaim. [DE 62].

Mr. Bartel may file an amended counterclaim without first seeking permission from the Court so long as it is filed by September 15, 2023.

## III.     Conclusion

Based on the foregoing discussion, Mr. Bartel's motions [DE 61, DE 62, and DE 102] are **DENIED**. Moving forward, Mr. Bartel is again admonished to ensure compliance with the Court's local rules, especially N.D. Ind. L.R. 15-1, N.D. Ind. L.R. 7-1, and N.D. Ind. L.R. 56-1. He is further warned that any future filings that raise or seek to expand upon arguments already presented to the Court or that contain multiple motions within a single filing will not be viewed favorably. Filings containing redundant or immaterial matters may also be struck without further notice under Federal Rule of Civil Procedure 12(f).

**SO ORDERED** this 17th day of July 2023.

s/ Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge