UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| The Evolutionary Level Above Human, ~~Inc~~ Foundation. d/b/a The Telah Foundation, an Arizona nonprofit corporation,<br><br>                Plaintiff,<br><br>    v.<br><br>Ste~~ph~~~~v~~en Robert Havel;<br>Cathy JoAnn Weaver;<br>Jason Bartel,<br><br>                Defendants. | Civil Action No. 3:22-cv-00395 |

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, The Evolutionary Level Above Human, ~~Inc~~Foundation. d/b/a The Telah Foundation (the "Foundation") hereby brings the present action against the named defendants and alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act (15 U.S.C. § 1051, *et seq.*) and the Copyright Act (17 U.S.C. § 101, *et seq.*), and pursuant to 28 U.S.C. §§ 1331 and 1338(a)–(b).

2. This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332, since there is complete diversity. The Foundation is an Arizona nonprofit corporation, no defendant is a citizen of the state of Arizona, and the matter in controversy is over $75,000.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)–(c), and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants is engaged in actions which directly targets and harms the Foundation.

## PARTIES

4. Plaintiff, The Evolutionary Level Above Human Foundation, or The Telah Foundation, ~~Inc.~~ (the "Foundation") is an Arizona ~~501(C)(3), N~~nonprofit ~~C~~corporation with its principal place of business located at P.O. Box 25098, Scottsdale, AZ 85255.

5. Upon information and belief, Defendants Ste~~ph~~ven Robert Havel (a/k/a Sawyer, Swyody, and Swy) and Cathy Joann Weaver are currently believed to be residing at 111 Campbell St. Mishawaka, IN 46544.

6. Upon information and belief, Defendant Jason Bartel (a/k/a Crlody, Carlan, and Crl) is currently residing ~~at~~ in Madison, WI.

7. Ste~~ph~~ven Havel, Cathy Weaver, and Jason Bartel are collectively referred to herein as the Defendants.

## INTRODUCTION

8. In 1994 the directors of the Foundation renewed a long-standing relationship with a group known as "Total Overcomers Anonymous", "TOA", or "Heaven's Gate" (the "Group"). Three years later, in 1997, all the physical property and intellectual property belonging to the Group (collectively the "Property") was transferred to representatives of the Foundation or was placed, to be obtained, from a storage locker in San Diego County.

9. Prior to being able to obtain all of the property in the storage locker, the locker was seized by officials from San Diego County.

10. From 1997–1999 the Foundation was involved in litigation with San Diego County (who represented both the County and the estates of members in the Group) over ownership of the Property. That litigation ended with the entry of a consent decree in 1999, which conveyed to the Foundation not only a large amount of physical property, but also all of the intellectual property rights belonging to the Group.

11. A second lawsuit, filed in 1998 also ended in a 1999 consent decree which likewise confirmed the Foundation's ownership of, *inter alia,* the intellectual property of the Group.

12. The Foundation has been the owner of the Property from 1997 to the present.

13. Included in the Property transferred to the Foundation is a number of audio cassettes, audiovisual works, fabric designs, lithographic prints, and literary works.

14. In particular, the Property transferred included the intellectual property rights to hundreds of audio cassettes and video tapes which the County of San Diego and the estates represented by the County of San Diego, transferred to the Foundation.

15. The hundreds of audio cassettes (hereafter the "Audio Works") were registered (by the Foundation) with the United States Copyright Office on October 27, 1997 as Reg. No. SRu00298530.

16. A true and correct copy of the Audio Works registration is attached hereto as Exhibit A.

17. The video tapes (hereafter the "Video Works") were registered (by the Foundation) with the United States Copyright Office on September 22, 1997 as Reg. Nos. PA0000867224.

18. A true and correct copy of the Video Works registrations are attached hereto as Exhibit B.

19. The Foundation is also the owner of trademarks related to the Group.

20. The Trademarks (hereafter the "Trademarks") were registered (by the Foundation) with the United States Trademark Office on July 27, 2010, July 13, 2010, and February 28, 2017 as Trademark Reg. Nos. 3824482, 3816596 and 5,148,959.

21. A true and correct copy of the Trademarks registrations are attached hereto as Exhibit C–E.

22. The lithographic prints include artwork (hereafter the "Visual Work") which was registered by the Foundation as VA000877834 entitled "The C.B.E. (Celestial Being Entity)."

23. A true and correct copy of the Art Work is attached hereto as Exhibit F.

24. The literary works include a book owned by the Foundation and registered as TXu 000817732 entitled "How and when 'Heaven's gate' (the door to the physical kingdom level above human) may be entered : an anthology of our materials" (the "Literary Work").

25. A true and correct copy of the registration for the Literary Work is attached hereto as Exhibit G.

## DEFENDANTS' UNLAWFUL CONDUCT

26. Defendants have knowingly and willfully ~~have~~ illegally acquired, transported and disseminated copies of the audio tapes and other intellectual property belonging to the Foundation.

27. On or about May 1, 2021 the Foundation first learned that Defendant, Jason Bartel had put the Foundation's registered copyrighted Audio Works and Video Works on a free online file sharing and storage site called "4Shared.com."

28. Over the summer of 2021, the Foundation sent Digital Millennium Copyright Act (DMCA) takedown notices to 4Shared to get those illegally posted Audio and Video Works taken off the site.

29. On or about June 20, 2021 Defendant Bartel announced that more stolen audio tapes were ~~on~~ being sent to him by Co-Defendant Havel and that Defendant Bartel would post those additional tapes for free download on the 4Shared website.

30. On or about June 30, after receiving additional tapes from Co-Defendant Havel, Defendant Bartel put up the entirety of the Audio Works on his Wordpress blog for free download.

31. On or about July 9, 2021, Defendant Bartel announced on Wordpress that 15 gigabytes of the Audio Works and Video Works had been uploaded to either Google Drive or to the 4Shared website and were available for download.

32. The uploading of this material to 4Shared or Google Drive, and the subsequent availability for download, was done without the permission or authorization of the Foundation.

33. On or about July 9, 2021, Defendant Bartel thanked Co-Defendant Havel for assisting him in obtaining the Audio Works and helping him make the Audio Works available for download.

34. Upon information and belief, Defendants Havel and Weaver knowingly intend to infringe the Foundation's copyrights in the Audio Works and to take active steps to continue infringing, despite their knowing infringement.

35. For example, on or about July 12, 2021, Defendant Havel posted to his website a log of the Audio Works with the following commentary:

> So just weeks ago, [a third party] who I had been in contact with on and off for years sent me the digitized audios, all in .mp3 format and I quickly sent them to [Defendant Bartel] and someone else who I know I can trust to be sure to upload them to the internet in mulitple [sic] places so that even if [the Foundation] somehow sue us it will be far too late to keep them from being available to those who want to listen to them.

36. A true and correct copy of this post is attached hereto as Exhibit H.

37. Through use of the DMCA, the Foundation was able to, over a month later, get the materials taken down and on or about August 29, 2021, Defendant Bartel announced on Wordpress that the 4Shared archive of the Audio Works and Video Works had been taken down due to "Copyright Infringement action by the legal owners, the Telah Foundation."

38. On information and belief, in September 2021 Defendant Cathy Weaver met up with Defendant Stephven Havel with the intentions of continuing to engage in copyright infringement and to make the Audio and Video Works available for free download on the internet.

39. On information and belief, in October and November, 2021, at various locations, Defendants Havel and Weaver live streamed discussions on the internet providing instructions to others regarding how individuals could obtain copies of the Audio and Video Works owned by the Foundation.

40. Defendants Havel and Weaver have also repeatedly engaged in public performances of the Audio Works, streaming them directly over their YouTube channel, and advertising this infringement via their twitter account:



41. Upon information and belief, Defendants Havel and Weaver sent copies of the Audio and Video Works to a third-party during the summer and fall of 2021 to make sure they were transferred into another country, in order to prevent the Foundation from enforcing its

Copyrights.

42. Upon information and belief, Defendants Havel and Weaver's decision to provide Co-Defendant Bartel with copies of the Audio and Video Works was also, in part, done to prevent the Foundation from enforcing its Copyrights.

43. Indeed, Defendants Havel and Weaver repeatedly stated in YouTube videos that they continue to want to disseminate the copyrighted material and that the Foundation is "not going to stop us."

44. At the same time Defendant Havel expressly concedes that the Foundation owns the Property at issue in this case.

45. Upon information and belief, Co-Defendants Stephven Havel, Cathy Weaver, and Jason Bartel are all working in a conspiracy to disseminate the Audio Works and/or Video Works in a manner that violates the Foundation's United States copyrights and in a manner designed to thwart the Foundation's ability to assert and enforce its copyrights.

46. Upon information and belief, at the time of filing, each of the Co-Defendants are still engaged in the conspiracy to commit further infringement of the Foundation's copyrights and will continue to illegally copy and disseminate the property of the Foundation in violation of the Foundation's copyrights unless enjoined by this Court.

47. Further, upon information and belief Co-Defendants Stephven Havel and Cathy Weaver have prepared and are preparing a number of derivative works of copyrights owned by the Foundation in violation of the Foundation's copyrights.

48. Upon information and belief, Co-Defendants Stephven Havel and Cathy Weaver have created or are creating an audio book version of a the Literary Work owned by the Foundation.

49. Co-Defendants Stephven Havel and Cathy Weaver are also engaging in public performances of the Literary Work and recording them and disseminating the public performances through Co-Defendants Stephven Havel and Cathy Weaver's YouTube channel: https://www.youtube.com/3spm, and advertising such performances on their twitter account:

{07523968 / 1}

7



50. Over the past few months this behavior has escalated exponentially, with Co-Defendants Stephen Havel and Cathy Weaver posting no fewer than thirteen recordings containing the Foundation's copyrighted Audio Works and other material.

51. This includes the following YouTube videos and Audio Works:

>Tape No. 149 - Broadcast on YouTube 3spm channel on 11/08/2021
>Tape No. 263 - Broadcast on YouTube 3spm channel on 11/08/2021
>Tape No. 004 - Broadcast on YouTube 3spm channel on 11/08/2021
>Tape No. 030 - Broadcast on YouTube 3spm channel on 3/26/22
>Tape No. 161 - Broadcast on YouTube 3spm channel on 4/08/22
>Tape No. 156 - Broadcast on YouTube 3spm channel on 4/12/22
>Tape No. 011 - Broadcast on YouTube 3spm channel on 4/13/22
>Tape No. 054 - Broadcast on YouTube 3spm channel on 4/14/22
>Tape No. 052 - Broadcast on YouTube 3spm channel on 4/17/22
>Tape No. 050 - Broadcast on YouTube 3spm channel on 4/18/22
>Tape No. 200 - Broadcast on YouTube 3spm channel on 4/19/22
>Tape No. 201 - Broadcast on YouTube 3spm channel on 4/20/22
>Tape No. 202 - Broadcast on YouTube 3spm channel on 4/21/22
>Tape No. 203 - Broadcast on YouTube 3spm channel on 4/26/22
>Tape No. 204 - Broadcast on YouTube 3spm channel on 4/27/22

52. In addition, Co-Defendants Stephen Havel and Cathy Weaver have advertised and plan to sell or have sold t-shirts containing the Foundation's Trademarks including the trademarked design and word marks.

53. The sales of material containing the Foundation's Trademarks is likely to cause confusion

that these t-shirts are affiliated with the Foundation.

54. Upon information and belief, Co-Defendants Stephven Havel and Cathy Weaver have created or are creating plush dolls based on images owned by the including "The C.B.E. (Celestial Being Entity)" and routinely use this image in on their YouTube channel and on t-shirts being sold by Co-Defendants Stephven Havel and Cathy Weaver.

55. The creation of such derivative works and use in videos and on t-shirts constitutes copyright infringement of the Foundation's copyrights in its Art Work.

## COUNT I
## INFRINGEMENT OF U.S. COPYRIGHT REGISTRATION NO. SRU00298530

56. The Foundation hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

57. Defendants' conduct infringes upon the Foundation's exclusive rights of reproduction and distribution that are protected under the Copyright Act.

58. The Audio Works, recorded at the U.S. Copyright Office as Copyright Registration No. SRu00298530 are owned by the Foundation and have been owned by the Foundation continuously since 1997.

59. Each Defendant knew or had constructive knowledge that the reproduction and distribution of the Audio Works without the consent of the Foundation constituted copyright infringement.

60. Defendants' conduct was willful within the meaning of the Copyright Act, namely, it was intentional and with indifference to the Foundation's rights.

61. The Foundation has been damaged by Defendants' conduct, including, but not limited to, economic and reputation losses. The Foundation continues to be damaged by such conduct and has no adequate remedy at law to compensate the Foundation for all of the possible damages stemming from the Defendants' conduct.

62. The Foundation hereby reserves the right, pursuant to 17 U.S.C. § 504(c), to elect to recover statutory damages for each infringement, in lieu of seeking recovery of actual damages.

63. As Defendants' infringement was intentional and willful and as Defendants' conduct make this case exceptional, the Foundation is entitled to an award of statutory damages, exemplary damages, attorneys' fees, and the costs of the suit.

64. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause the Foundation great and irreparable injury that cannot fully be compensated or measured in money. The Foundation has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, the Foundation is entitled to injunctive relief prohibiting each Defendant from further infringing the Foundation's copyrights and ordering that each Defendant destroy all copies of Copyrighted Audio Works made in violation of the Foundation's copyrights.

## COUNT II
## INFRINGEMENT OF U.S. COPYRIGHT REGISTRATION NO. PA0000867224

65. The Foundation hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

66. Defendants' conduct infringes upon the Foundation's exclusive rights of reproduction and distribution that are protected under the Copyright Act.

67. The Video Works, recorded at the U.S. Copyright Office as Copyright Registration No. PA0000867224 are owned by the Foundation and have been owned by the Foundation continuously since 1997.

68. Each Defendant knew or had constructive knowledge that the reproduction and distribution of the Video Works without the consent of the Foundation constituted copyright infringement.

69. Defendants' conduct was willful within the meaning of the Copyright Act, namely, it was intentional and with indifference to the Foundation's rights.

70. The Foundation has been damaged by Defendants' conduct, including, but not limited to, economic and reputation losses. The Foundation continues to be damaged by such conduct

and has no adequate remedy at law to compensate the Foundation for all of the possible damages stemming from the Defendants' conduct.

71. The Foundation hereby reserves the right, pursuant to 17 U.S.C. § 504(c), to elect to recover statutory damages for each infringement, in lieu of seeking recovery of actual damages.

72. As Defendants' infringement was intentional and willful and as Defendants' conduct make this case exceptional, the Foundation is entitled to an award of statutory damages, exemplary damages, attorneys' fees, and the costs of the suit.

73. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause the Foundation great and irreparable injury that cannot fully be compensated or measured in money. The Foundation has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, the Foundation is entitled to injunctive relief prohibiting each Defendant from further infringing the Foundation's copyright and ordering that each Defendant destroy all copies of Copyrighted Video Works made in violation of the Foundation's copyrights.

## COUNT III
## INFRINGEMENT OF U.S. COPYRIGHT REGISTRATION NO. TXU000817732

74. The Foundation hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

75. Defendants' conduct infringes upon the Foundation's exclusive rights of creating derivative works that are protected under the Copyright Act.

76. The Literary Work entitled "How and when 'Heaven's Gate' (the door to the physical kingdom level above human) may be entered : an anthology of our materials", recorded at the U.S. Copyright Office as Copyright Registration No. TXu000817732 (the "Literary Work") is owned by the Foundation and has been owned by the Foundation continuously since 1997.

77. Defendants Weaver and Havel know that the creation of a derivative work, such as an audio version, of the Literary Work without the consent of the Foundation constitutes copyright

infringement.

78. Defendants Weaver and Havel know that the public performance and the recording of public performances (and subsequent dissemination of such) of the Literary Work without the consent of the Foundation constitutes copyright infringement.

79. Defendants' conduct in creating a derivative work and publicly performing and distributing copyrighted works is willful within the meaning of the Copyright Act, namely, it was intentional and with indifference to the Foundation's rights.

80. The Foundation has been damaged by Defendants' conduct, including, but not limited to, economic and reputation losses, and the loss of control of its copyrighted material. The Foundation continues to be damaged by such conduct and has no adequate remedy at law to compensate the Foundation for all of the possible damages stemming from the Defendants' conduct.

81. The Foundation hereby reserves the right, pursuant to 17 U.S.C. § 504(c), to elect to recover statutory damages for each infringement, in lieu of seeking recovery of actual damages.

82. As Defendants' infringement was intentional and willful and as Defendants' conduct make this case exceptional, the Foundation is entitled to an award of statutory damages, exemplary damages, attorneys' fees, and the costs of the suit.

83. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause the Foundation great and irreparable injury that cannot fully be compensated or measured in money. The Foundation has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, the Foundation is entitled to injunctive relief prohibiting each Defendant from further infringing the Foundation's copyrights and ordering that each Defendant destroy all copies of Copyrighted Audio Works made in violation of the Foundation's copyrights.

## COUNT IV
## INFRINGEMENT OF U.S. COPYRIGHT REGISTRATION NO. VA000877834

84. The Foundation hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

85. Defendants' conduct infringes upon the Foundation's exclusive rights of creating derivative works that are protected under the Copyright Act.

86. Upon information and belief, Co-Defendants Stephven Havel and Cathy Weaver have created or are creating plush dolls based on images registered as VA000877834 entitled "The C.B.E. (Celestial Being Entity)" (the "Visual Work") which is owned by the Foundation and has been owned by the Foundation continuously since 1997.

87. Defendants Weaver and Havel know that the creation of a derivative work, such as an these commercial dolls, of the Visual Work without the consent of the Foundation constitutes copyright infringement.

88. Defendants' conduct in creating a derivative work is willful within the meaning of the Copyright Act, namely, it was intentional and with indifference to the Foundation's rights.

89. The Foundation has been damaged by Defendants' conduct, including, but not limited to, economic and reputation losses, and the loss of control of its copyrighted material. The Foundation continues to be damaged by such conduct and has no adequate remedy at law to compensate the Foundation for all of the possible damages stemming from the Defendants' conduct.

90. The Foundation hereby reserves the right, pursuant to 17 U.S.C. § 504(c), to elect to recover statutory damages for each infringement, in lieu of seeking recovery of actual damages.

91. As Defendants' infringement was intentional and willful and as Defendants' conduct make this case exceptional, the Foundation is entitled to an award of statutory damages, exemplary damages, attorneys' fees, and the costs of the suit.

92. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause the Foundation great and irreparable injury that cannot fully be

compensated or measured in money. The Foundation has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, the Foundation is entitled to injunctive relief prohibiting each Defendant from further infringing the Foundation's copyrights and ordering that each Defendant destroy all copies of Copyrighted Audio Works made in violation of the Foundation's copyrights.

## COUNT V
## CONTRIBUTORY INFRINGEMENT BY HAVEL AND WEAVER

93. The Foundation hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

94. Defendants' conduct constitutes contributory infringement upon the Foundation's exclusive rights of reproduction and distribution that are protected under the Copyright Act.

95. In particular, with respect to Defendant Bartel's direct infringement, through posting the Foundation's copyrighted material on the 4Shared website, Defendants Havel and Weaver actively induced, caused, and materially contributed to that infringement by sending him stolen copies of the Audio and Video Works that were in the possession of Defendants Havel and Weaver.

96. Defendants Havel and Weaver sent the stolen copies of the Audio and Video Works to Defendant Bartel knowing that he would be copying and redistributing the Foundation's copyrighted material.

97. Defendants Havel and Weaver's conduct was willful within the meaning of the Copyright Act, namely, it was intentional and with indifference to the Foundation's rights.

98. The Foundation has been damaged by Defendants Havel and Weaver's conduct, including, but not limited to, economic and reputation losses. The Foundation continues to be damaged by such conduct and has no adequate remedy at law to compensate the Foundation for all of the possible damages stemming from the Defendants' conduct.

99. The Foundation hereby reserves the right, pursuant to 17 U.S.C. § 504(c), to elect to recover

statutory damages for each infringement, in lieu of seeking recovery of actual damages.

100. As Defendants Havel and Weaver's infringement was intentional and willful and as Defendants Havel and Weaver's conduct make this case exceptional, the Foundation is entitled to an award of statutory damages, exemplary damages, attorneys' fees, and the costs of the suit.

101. The conduct of each Defendants Havel and Weaver is causing and, unless enjoined and restrained by this Court, will continue to cause the Foundation great and irreparable injury that cannot fully be compensated or measured in money. The Foundation has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, the Foundation is entitled to injunctive relief prohibiting Defendants Havel and Weaver from further infringing the Foundation's copyrights and ordering that each Defendant destroy all copies of Copyrighted Audio and Video Works made in violation of the Foundation's copyrights.

## COUNT VI
## CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT

102. The Foundation hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

103. As described above, each Defendant engaged in a concerted action with other Defendants to reproduce and distribute the Foundation's Audio and Video Works by sending each other stolen copies of these works and then uploading these Works to the internet to be downloaded by anyone.

104. By so doing, the Defendants constructively agreed to engage in the unlawful reproduction and distribution of Foundation's copyrighted works.

105. In furtherance of this civil conspiracy, Defendants committed overt tortious and unlawful acts by copying the Works to distribute amongst each other and to distribute over the internet and were willful participants in this joint activity.

106. As a proximate result of this conspiracy, the Foundation has been damaged, as is more

fully alleged in Counts I–IV, above.

## COUNT VII
## FEDERAL TRADEMARK INFRINGEMENT

107. The Foundation hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

108. The Foundation is the owner of all rights in the Trademarks.

109. Defendants Havel and Weaver have used the Trademarks in connection with their YouTube channel and in connection with selling T-Shirts in a manner that is likely to cause confusion, to cause mistake, or to deceive, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

110. The use by Havel and Weaver is unauthorized, is likely to continue, and is likely to cause substantial injury to the public and to the Foundation, and the Foundation is entitled to injunctive relief and its attorneys fees and costs under the Lanham Act.

111. Havel and Weaver's infringement of the Trademarks, as aforesaid has caused and is likely to continue to cause irreparable harm to the Foundation. Unless restrained and enjoined by this Court, Havel and Weaver will persist in their infringement, thereby causing the Foundation further irreparable harm.

112. The Foundation is entitled to, among other relief, injunctive relief and an award of actual damages, Havel and Weaver's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under sections 34, 35, 43 of the Lanham Act, 15 U.S.C. § 1116, 1117, 1125 together with prejudgment and post-judgment interest.

113. The Foundation has no adequate remedy at law.

## DEMAND FOR JURY TRIAL

The Foundation requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, the Foundation prays for judgment against the Defendants, and each of them, as follows:

A. For entry of a preliminary injunctions, temporary restraining orders, and permanent injunctions providing that each Defendant shall be enjoined from directly or indirectly infringing the Foundation's rights in the Video and Audio Works, the Literary Work, and the Visual Work including without limitation by using the internet to reproduce or copy the Video and Audio Works, to distribute the Video and Audio Works, or to make the Video and Audio Works available for distribution to the public, or to publicly perform the Video and Audio Works or the Literary Work, or to create derivative works of the Literary Work or the Visual Work except pursuant to a lawful license or with the express authority of the Foundation. Each Defendant also shall destroy all copies of the Video and Audio Works that Defendant have in their possession, any and derivative of the Literary Work or Visual Work created, and shall destroy all copies of those downloaded audiovisual works transferred onto any physical medium or device in each Defendant's possession, custody, or control;

B. For actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election of the Foundation;

C. For an order of impoundment under 17 U.S.C. §§ 503 and 509(a) impounding all infringing copies of the Foundation's Video and Audio works, Literary Work, Visual Work, or derivatives thereof, photographs or other materials that are in Defendants' possession or under their control;

D. For actual damages and profits of Defendants along with the costs of this action, pursuant to 15 U.S.C. § 1117;

E. A trebling of all damages pursuant to 15 U.S.C. § 1117;

F. A finding that this case is exceptional under 15 U.S.C. § 1117 and an award of attorneys fees;

G. For an order that Defendants are jointly and severally liable to the Foundation in the full amount of the Judgment on the basis of a common law claim for civil conspiracy to commit copyright infringement;

H. For an award of compensatory damages in favor of the Foundation and against Defendants, jointly and severally, in an amount to be determined at trial;

I. For the Foundation's costs;

J. For the Foundation's reasonable attorneys' fees;

K. An award of pre- and post-judgment interest on each and every monetary award; and

L. For such other and further relief as the Court deems proper.

RESPECTFULLY SUBMITTED this 24th day of July 2023~~18th day of May 2022~~.

/s/ Isaac S. Crum
MESSNER REEVES LLP
Isaac S. Crum (AZ Bar #026510)
icrum@messner.com
7250 N. 16th Street, Suite 410
Phoenix, Arizona 85020
Telephone: (602) 641-6705
Facsimile: (303) 623-0552

{07523968 / 1}                              18

**CERTIFICATE OF SERVICE**

     I hereby certify that on the 24th day of July 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the filing to the parties listed below. A copy of this filing will also be sent via U.S. mail and email.

| | |
|---|---|
| Cathy Weaver<br>5776 Grape Road, Ste 51<br>PMB #121<br>Mishawaka, IN 46545<br>sawcat575@gmail.com | Jason Bartel<br>N4051 26th Lane<br>Redgranite, WI 54970-7087<br>jason_bartel@unioncab.com |
| Steven Robert Havel<br>5776 Grape Road, Ste 51<br>PMB #121<br>Mishawaka, IN 46545<br>sawcat575@gmail.com | |

                                      */s/ Mary Willson*

**Index of Exhibits**

| Exhibit | Description |
| --- | --- |
| **Exhibit A** | Audio Works Copyright Registration (SRu00298530) |
| **Exhibit B** | Video Work Copyright Registration (PA00667224) |
| **Exhibit C** | Trademark Registration (Reg. No. 3,824,482) |
| **Exhibit D** | Trademark Registration (Reg. No. 3,816,596) |
| **Exhibit E** | Trademark Registration (Reg. No. 5,148,959) |
| **Exhibit F** | Visual Work Copyright Registration (VA00877834) |
| **Exhibit G** | Literary Work Copyright Registration (TXu00817732) |
| **Exhibit H** | Post from Defendants' website (https://sawyerhg.wordpress.com/category/ufo-cult-2/ ) |