**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

The Evolutionary Level Above Human
Foundation d/b/a The Telah Foundation,

              Plaintiff,

    v.

Stephen Robert Havel,
Cathy JoAnn Weaver,
Jason Bartel,

            Defendants.

CASE NO. 3:22-CV-395-JD-MGG

**PLAINTIFF'S RESPONSES TO DEFENDANT HAVEL'S REQUEST FOR
PRODUCTION OF DOCUMENTS**

Plaintiff The Evolutionary Level Above Human, Inc. ("Plaintiff") submit these objections and responses ("Responses") to the Requests for Production of Documents ("Requests" or "RFPs") propounded by Defendant Stephen Havel ("Defendant").

**PRELIMINARY STATEMENT**

Plaintiff has not completed its investigation of the facts relating to this case and has not completed preparation for trial. The following Responses are based on information known to Plaintiff at this time, after reasonable inquiry and investigation. It is anticipated that discovery and further investigation, legal research, and analysis will supply additional facts, add meaning to known facts, and establish entirely new factual and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the Responses contained herein. These Responses should in no way be to the prejudice of Plaintiff in relation to further discovery, research, analysis, or disclosure of evidence.

Plaintiff reserves the right to amend or supplement these Responses in the event of mistake, oversight, or omission. These Responses are made without prejudice to Plaintiff's right to identify and use other information not disclosed herein or provided in response hereto, including, without limitation, subsequently discovered information and information presently known to Plaintiff but whose specific relevance, significance, or applicability to the subject matter of this lawsuit has not yet been ascertained.

To the extent Plaintiff identifies or agrees to disclose certain information in these Responses, it does so without prejudice to identify, disclose or use at a later date any additional information that may be discovered as a result of any additional investigation, legal research, or discovery.

The inadvertent disclosure of confidential or privileged information in connection with these Reponses by Plaintiff does not constitute a waiver of any applicable privilege, nor should the disclosure of any information be construed to waive any objection to the admission of that information in evidence, including, without limitation, relevancy.

Each Response contained herein is subject to all objections as to competence, relevance, materiality, propriety, admissibility, and any and all other objections that would require the exclusion of any information identified herein or disclosed in response hereto, if any of the information identified herein or disclosed in response hereto were offered into evidence. All such objections and grounds are reserved and may be interposed at the time of trial. In responding to these Requests, Plaintiff does not waive any proper objection to the use or introduction into evidence of its Responses or information identified herein or disclosed in response hereto.

This Preliminary Statement is incorporated by reference into each Response contained herein.

## **GENERAL OBJECTIONS**

Each Response contained herein is subject to the following General Objections. These General Objections form a part of each Response and are set forth here to avoid

duplication and repetition caused by restating them in each Response.  These General Objections may be specifically interposed for the purpose of clarity in Response to an individual Request.  However, the failure to specifically incorporate any General Objections in a particular Response should not be construed as a waiver of the objection.

A.     Plaintiff objects to the Requests to the extent they require Plaintiff to obtain and produce documents from persons over whom it has no control.  Plaintiff responds to, and will produce documents responsive to, the Requests only on behalf of itself.

B.     Plaintiff objects to the Requests to the extent that they are vague, ambiguous, or otherwise lack sufficient precision to permit a Response.

C.     Plaintiff objects to the Requests to the extent that they call for the production of documents that would reveal its trade secrets or other confidential research, development, commercial or proprietary information, or information that may be protected by a right of privacy under either the United States Constitution or any other applicable law.  Plaintiff reserves the right to produce such non-privileged, responsive documents only pursuant to a protective order duly entered by the court appropriately limiting the control, use and disposition of such documents.

D.     Plaintiff objects to the Requests to the extent they seek the production of documents that are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

E.     Plaintiff objects to the Requests to the extent that they seek the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods.

F.     Plaintiff objects to the Requests to the extent that they are overbroad and unduly burdensome.

G.     Plaintiff objects to the Requests to the extent they may be construed to request the production of documents prepared in anticipation of litigation; that constitute or reflect attorney work product; that disclose the mental impressions, conclusions, opinions

{07647513 / 1}

3

or legal theories of any attorneys for Plaintiff; that contain privileged attorney-client communications; or that are otherwise protected from production under applicable privileges, laws or rules.  Plaintiff will not produce any such privileged or protected documents.  Inadvertent production of any such documents shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such documents.  Nor shall such inadvertent production or disclosure waive the right of Plaintiff to object to the use of any such documents during this action or in any other subsequent proceeding.  Plaintiff requests the immediate return of any such inadvertently produced documents.

H.      Plaintiff objects to the Requests to the extent they are ambiguous or excessive as to time frames and thus are overbroad.

I.       Plaintiff objects to the Requests to the extent that they attempt to impose obligations on Plaintiff other than those imposed or authorized by applicable law or rule. Plaintiff further objects to the Requests to the extent that obtaining and compiling responsive documents would impose a vexatious and undue burden on Plaintiff, and thus the Requests are oppressive and/or are merely intended to harass.

J.      Plaintiff objects to the Requests to the extent they seek to have Plaintiff produce confidential, trade secret, privileged, or other information which Plaintiff considers sensitive information without a protective order governing the use and dissemination of such materials.


## RESPONSES TO DEFENDANT HAVEL'S REQUESTS
## FOR PRODUCTION OF DOCUMENTS

**DOCUMENT REQUEST NO. 1:**  Document(s) submitted to Copyright office to prove, as shown in Section 4 of the registration, that Plaintiffs had "obtained ownership of the copyright" as "pursuant to assignments" to legally Transfer from Author, Total Overcomers Anonymous aka T.O.A., to The Telah Foundation the Deposit of 486 Audio

tapes, referred to as "The Audiotape Library of Heaven's Gate by TI and DO as per copyright registration number: SRu 298-530 effective date of Oct 27, 1997.

**RESPONSE:** Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods such as a request to the U.S. Copyright Office. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff.   However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced no later than September 20, 2023, and only upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**DOCUMENT REQUEST NO. 2:** Document submitted to the Copyright office that lists the exact Identities, the date each was made and the description of each tapes content, or if no such document was submitted to the copyright office, then what description were on the label for each of the cassettes submitted to the Copyright office. (I labeled some of the original tapes while in The Group).

**RESPONSE:** Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this

Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods such as a request to the U.S. Copyright Office. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. Additionally, Plaintiff objects to this Request to the extent that it seeks a response under Rule 33 of the Federal Rules of Civil Procedure. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced no later than September 20, 2023, and only upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**DOCUMENT REQUEST NO. 3:** Document(s) submitted to Copyright office to prove, as shown in Section 1 of the registration, that Total Overcomers Anonymous aka T.O.A., Authored the Deposit of 486 Audio tapes, referred to by Plaintiffs as "The Audiotape Library of Heaven's Gate by TI and DO as a "work for hire", and/or Document(s) that legally prove Heaven's Gate employed Plaintiffs in the transfer of Authorship Copyrights (the Creators of said works automatically hold), of this Intellectual Property to Plaintiffs, as per copyright registration number: SRu 298-530 effective date of Oct 27, 1997

**RESPONSE:** Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this

{07647513 / 1}

6

Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods such as a request to the U.S. Copyright Office. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced no later than September 20, 2023, and only upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.


**DOCUMENT REQUEST NO. 4:** Document(s) submitted to Copyright office to prove, as shown in Section 4 of the registration, that Plaintiffs had "obtained ownership of the copyright" as "pursuant to assignments" to legally Transfer from Author Total Overcomers Anonymous aka T.O.A., to The Telah Foundation of Seven (7) ½" VT/D "Beyond Human - The Last Call" Video tapes, as per registration number: PA 867-224 effective date of Sep 22 1997.

**RESPONSE:** Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available,

more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods such as a request to the U.S. Copyright Office. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced no later than September 20, 2023, and only upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**DOCUMENT REQUEST NO. 5:** Document(s) submitted to Copyright office to prove, as shown in Section 1 of the registration, that Total Overcomers Anonymous aka T.O.A., Authored as a "work for hire", Seven (7) ½" VT/D "Beyond Human-The Last Call" Video tapes, and/or Document(s) that legally prove Heaven's Gate employed Plaintiffs in the transfer of Authorship Copyrights (the Creators of said works automatically hold), of this Intellectual Property to Plaintiffs, as per registration number: PA 867-224 effective date of Sep 22 1997.

**RESPONSE:** Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods such as a request to the U.S. Copyright

Office. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced no later than September 20, 2023, and only upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**DOCUMENT REQUEST NO. 6:** Document(s) submitted to Copyright office to prove, as shown in Section 4 of the registration, that Plaintiffs had "obtained ownership of the copyright" as "pursuant to assignments" to legally Transfer from Author Heaven's Representatives to The Telah Foundation the Book Manuscript entitled, "How and When "Heaven's Gate" (The Door to the Physical Kingdom Level Above Human) May Be Entered - An Anthology of Our Materials", as per registration number: TXu 817-732, effective Sept. 22, 1997.

**RESPONSE:** Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods such as a request to the U.S. Copyright Office. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence

in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced no later than September 20, 2023, and only upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**DOCUMENT REQUEST NO. 7:** Document(s) submitted to Copyright office to prove, as shown in Section 1 of the registration, that Heaven's Representatives Authored, as a "work for hire", Book Manuscript Version, aka "Purple Book" entitled, "How and When "Heaven's Gate" (The Door to the Physical Kingdom Level Above Human) May Be Entered - An Anthology of Our Materials,", and/or Document(s) that legally prove Heaven's Gate employed Plaintiffs in the transfer of Authorship Copyrights (the Creators of said works automatically hold), of this Intellectual Property to Plaintiffs, as per registration number: TXu 817-732, effective Sept. 22, 1997.

**RESPONSE:** Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods such as a request to the U.S. Copyright Office. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property,

an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced no later than September 20, 2023, and only upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**DOCUMENT REQUEST NO. 8:** Document(s) from Heaven's Gate that convey to Plaintiffs any Rights to Transfer and/or to Copyright Book Manuscript Version 1 and/or 2 (aka former member Rkkody's version he received from Heaven's Gate, that former Member of Heaven's Gate, Jhnody, (aka Jhn, Juan, legal name of Francisco Falcon) can prove he was gifted and mailed several copies of directly from Heaven's Gate before their Exit of their physical bodies in March of 1997), aka the "Blue Book," entitled, "How and When "Heaven's Gate" (The Door to the Physical Kingdom Level Above Human) May Be Entered - An Anthology of Our Materials," containing: "© Common Law Copyright 1996 by Heaven's Representatives Printed in the New Mexico Republic, the united States of America ALL RIGHTS RESERVED, WITHOUT PREJUDICE, U.C.C. 1-207, U.C.C. 1-103.6 ISBN: 0-926524-51-8 This book is protected by Common Law copyright. Permission is hereby granted to reproduce this book, or portions thereof, as long as the content is unchanged, i.e., nothing added to it or taken away from it as long as it is for non-commercial purposes. No part of this publication may be reproduced or transmitted in any form or by any means, now known or to be invented or adapted, for the purpose of financial gain or profit".

**RESPONSE:** Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents

that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced no later than September 20, 2023, and only upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.


**DOCUMENT REQUEST NO. 9:**  Document(s) submitted to Copyright office to prove, as shown in Section 4 of the registration, that Claimant(s) (Plaintiffs) had "obtained ownership of the copyright" as "pursuant to assignments" to legally Transfer from Author, Total Overcomers Anonymous aka T.O.A., to The Telah Foundation the C.B.E. (Celestial Being Entity) Lithographic Print as per registration number: VA 877-834 with effective date of registration 09-22-97.

**RESPONSE:** Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or

{07647513 / 1}

more practically obtained through other methods such as a request to the U.S. Copyright Office. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced no later than September 20, 2023, and only upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**DOCUMENT REQUEST NO. 10:** Documents: All correspondence, including faxes, emails, documents and in particular All the Letters received from DO (aka Marshall Applewhite) and Students, (signed by "Your Friends" and/or "The Class" and/or "Pursers (SNG, SLV, MLL, GLD)", and/or any other type of signature or without a signature, etc.) by and/or addressed to Mrc/Srf (aka Mrcody/Srfody), and/or addressed to Mark King and/or Sarah King, aka Plaintiffs and/or addressed to any others whose communications have been sent to Plaintiffs, (eg. Chris and Holly), etc.

Reason: For years, (that Defendant has emails and witnesses to document), Plaintiffs, Mark King and/or Sarah King have said they have all these listed forms of communication they received from The Heaven's Gate Creators of all The Intellectual Property, that they contend gave them the rights to all The Creators Intellectual Property in 1997. Some of these Letters have been submitted to all three court cases by Plaintiffs. The documents should include but not be limited to:

a) Letter 1 - (2 pages) from "The Class" to "Mrc/Srf" (Mark King/Sarah King)

Reason: Shows DO's preference for their Intellectual Property, (but in specific in this

{07647513 / 1}

13

Letter stated as referring to the audio tapes and other material in a certain Storage Room), by saying, "It is our desire that any items of value that are retrievable by you be divided among those who feel inclined to disseminate our information. Any of the funds you retrieve can be used towards that end and for the living expenses of those involving themselves with this project."" (The "project" is the Dissemination of their Information, they hoped the 8 would do but "others" also).

b) Letter 2 - (3 pages) from "Pursers (SNG, SLV, MLL, GLD)" dated "Mar. 22, 1997"

Reason: Shows that 4 individuals Mrc/Srf, Osc/Rkk were given funds by DO and The Class to use for the Dissemination Project.

c) Letter 3 - (1 page) from "The Class" addressed to Mrc/Srf (Mark King and Sarah King)

Reason: This Letter shows that, contrary to Mark King and Sarah King's various court filing, others besides them were given cars and cash for the Dissemination Project.

d) Letter 4 - (1 page) addressed to Chris and Holly () presumably sent to Mrc/Srf from "Your friends, June, Steele, Sonny, Nick, Evan, Otis, Geoff"

Reason: Chris and Holly hosted the Heavensgate.com website that DO initially put Rkkody in charge of uploading certain documents to. This shows that Rkkody was given a significant role in service to DO and The Class, contrary to the way Mark King and Sarah King stated in the Judge Breyer lawsuit they filed when Rkkody couldn't defend himself against since he died 9 days before they filed the suit against the Morea's.

**<u>RESPONSE:</u>** Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are more than twenty-five (25) years old and is thus overbroad.  Plaintiff additionally objects to this Request because it seeks documents beyond what is permitted under the Federal Rules, documents that are irrelevant, and documents which are not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above objections, Plaintiff will produce documents evidencing

{07647513 / 1}

ownership of the intellectual property being asserted in this litigation and which are in Plaintiff's possession, custody, or control, no later than September 20, 2023, upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**DOCUMENT REQUEST NO. 11:** Documents: Defendant requests the following documents from Judge Lisa Guy Court Case No. PN022228 that began in 1997 and extended to 1999 the cases conclusion. The case was heard in the SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO. The list of documents all contain vital evidence Defendant needs for their Defense and should include, but not be limited to:

a) The "Supplemental Brief" dated January 8, 1999, written by Cheryl K. Carter, Deputy, with John J. Sansone, County Counsel for Don Billings, Public Administrator / Public Guardian.

Reason: This document establishes much of the basis behind Judge Guy-Schalls Decision that shows Plaintiffs, Telah, Mark King and/or Sarah King, did not present any evidence they had any rights to any of the content of Storage or of the House where The Class were deceased and that their copyrights they presented in the case may have been fraudulently obtained.

b) Petitioner's Supplemental Trial Brief written by The Telah Foundation on January 11, 1999.

Reason: Shows Petitioners attempts at a rebuttal to the Supplemental Brief that is very important to Defendant's Defense.

c) Case Docket

d) Judge Lisa Guy-Schalls Decision Against Petitioners claim of physical and intellectual Property belonging to the Group.

e) Judge Lisa Guy-Schalls Settlement Agreement, Consent Decree

f) Exhibits provided by San Diego County - Inventories from Storage and the House.

{07647513 / 1}

g) Petitioners (Mark King and/or Sarah King (The Telah Foundation, Telah)) Creditor's Claim

h) Petitioners (Mark King and/or Sarah King (The Telah Foundation, Telah)) Creditor's Claim Exhibits

i) Attachment A written by Mark King and/or Sarah King and/or their council.

j) Trial Exhibit Numbers 1-3, 8-27, 33-38, 63, 74-76, 93-106, 132, 133, 137, 139-177, 178-210.

k) Other documents filed by Mark King and/or Sarah King, Telah, etc.

Reason: Though I have some of these documents I want to be sure what I have is authentic. There is a great deal in these documents that are crucial to my defense.

**RESPONSE:** Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced no later than September 20, 2023 upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

{07647513 / 1}

16

**DOCUMENT REQUEST NO. 12:** Document(s): All documents related to Case PN022228 that relate to Olliver Odinwood (aka Ollody, legally, Cabot Van Sinderen's) Copyright Registration No.: VAu000041610 dated 1982-11-18 of 14 Acrylic Paintings he painted that one or more of the Case Exhibits listed as being given to Plaintiffs as part of the Settlement Agreement.

**RESPONSE:** Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

VAu000041610 is not one of the copyrighted works at issue in this litigation. Asking Plaintiffs to comb through 25 years of material for material that may relate to something that is not even at issue in this case and has no bearing to any claim or defense in this case is outside the scope of discovery and outside what is required by the Federal Rules. Plaintiff will not produce any documents responsive to this request.

**DOCUMENT REQUEST NO. 13:** Detailed List and pictures of all 14 Acrylic Paintings painted by Olliver Odinwood (aka Ollody).

Reason: These are paintings Olliver Odinwood drew and painted, that included the C.B.E.

Lithographic image Plaintiffs copyrighted in 1997 but neglected to say whether it was a work for hire nor inform the Copyright office about any past copyright registrations. These documents are crucial to my defense given the C.B.E. Lithographic Print was painted by the true holder of the copyright and also includes the rings of Saturn that are part of the alleged Heaven's Gate Logo Defendant is claimed to have infringed upon copyrights and trademarks of.

**RESPONSE:** Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods such as a request to the U.S. Copyright Office. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Plaintiff objects to this Request to the extent that it seeks a response under Rule 33 of the Federal Rules of Civil Procedure. However, without waiving the foregoing objections, Plaintiff responds as follows:

Paintings by Mr. Odinwood are not part of the copyrighted works at issue in this litigation. Asking Plaintiffs to comb through 25 years of material for material that may relate to something that is not even at issue in this case and has no bearing to any claim or defense in this case is outside the scope of discovery and outside what is required by the Federal Rules. Plaintiff will not produce any documents responsive to this request.

**DOCUMENT REQUEST NO. 14:** Documents: request all documents from Case No. 3:98-cv-00892 UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA presided over by Judge Charles R Breyer, THE EVOLUTIONARY

LEVEL ABOVE HUMAN FOUNDATION, INC. dba THE TELAH FOUNDATION, MARK KING, SARAH KING and WAYNE PARKER, Plaintiffs V RIGHT TO KNOW; The Executor of the Estate of CHARLES HUMPHREY aka CHUCK HUMPHREY, KATHRYN MOREA LANMINDS and IMPSAT MEXICO, Defendants. This should include but not be limited to:

a) Judge Breyer's Settlement Decision

b) Judge Breyer's Consent Decree

c) Judge Breyer's Settlement Agreement referred to a number of times as holding the details of the Settlement in his Consent Decree. (this document seems to have been referenced as "doc" in the Case Docket but perhaps was sealed so needs to be unsealed for the case.

d) Case Docket

e) Plaintiffs Complaint

f) All Plaintiffs Exhibits

g) Kathryn Morea's Answer

h) Kathryn Morea's Exhibits

i) The ADR communications

Reason: Though Defendant has some of these Defendant doesn't know if Plaintiffs would consider them authentic. They all hold a great deal of evidence important to Defendant's case.

**RESPONSE:** Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request

{07647513 / 1}

19

because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced no later than September 20, 2023 upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**DOCUMENT REQUEST NO. 15:** All Emails between Mark King and/or Sarah King in those names or from the Email Address Rep@heavensgate.com to Cathysouthwestern@gmail.com co-defendant Cathy Weaver's email address.

Reason: These emails show that there was no "conspiracy" among Defendants as Plaintiffs' claim in DE 1, Count VI.

**RESPONSE:** Plaintiff objects to this Request to the extent that it seeks the production of documents that are already in Defendant's possession. Plaintiff further objects to this Request because it is excessive as to time frame in that it fails to specify a relevant time frame and is thus overbroad. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive emails are located after a reasonable search of emails (over the 3 years immediately preceding the filing of the Complaint) in Plaintiff's possession, custody, or control, such emails will be produced no later than September 20, 2023.  A selection of responsive emails are attached as part of Exhibit 1, 4–6, 10, and 13

{07647513 / 1}

to Defendant Cathy Weaver's Answer (Dkt. 26-1). Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**DOCUMENT REQUEST NO. 16:** Documents: Cease and Desist and Proposed Legal Agreement on Use of the Heaven's Gate Intellectual Property served on Havel and Weaver in person in November of 2021.

Reason: Shows Plaintiffs issued Stephen Havel and Cathy Weaver with a Cease and Desist that did not detail exactly what audio tapes and/or video tapes and/or The Heaven's Gate Book and/or The Exit Videos and/or The CBE Image and/or other Intellectual Material Defendants were allegedly infringing upon.

**RESPONSE:** Plaintiff objects to this Request to the extent that it seeks the production of documents that are already in Defendants possession. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. However, without waiving the foregoing objections, Plaintiff responds as follows:

A copy of the proposed agreement is attached to Defendant Cathy Weaver's Answer (Dkt. 26-1) as Exhibit 11.

**DOCUMENT REQUEST NO. 17:** Emails between Rep@heavensgate.com and/or Crownl@cox.net (Plaintiffs) and Sawyerhg@yahoo.com (Defendant Stephen Havel).

Reason: shows Mark King and/or Sarah King saying there are 1061 audio tapes and his/their claim they own copyrights on everything-all the Heaven's Gate Intellectual Property which is not true.

**RESPONSE:** Plaintiff objects to this Request to the extent that it seeks the production of documents that are already in Defendant's possession. Plaintiff further objects to this Request because it is excessive as to time frame in that it fails to specify a relevant time frame and is thus overbroad. Plaintiff further objects to this Request because it seeks

{07647513 / 1}

documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive emails are located after a reasonable search of emails (over the 3 years immediately preceding the filing of the Complaint) in Plaintiff's possession, custody, or control, such emails will be produced no later than September 20, 2023. A selection of responsive emails are attached as part of Exhibit 1, 4–6, 10, and 13 to Defendant Cathy Weaver's Answer (Dkt. 26-1). Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**DOCUMENT REQUEST NO. 18:** Email documents between Rep@heavensgate.com and/or Crownl@cox.net and Dave Goetzinger

Reason: Shows how Dave Goetzinger, who was working for Mark King and/or Sarah King with some arrangement was given access to most or all of the audio tapes to digitize them and also worked on the Beyond Human - The Last Call Video Series and contains information important to my defense, like showing that they talked to him about having copyrights but never to me until this case was filed. Plus Dave Goetzinger might know why the audio tapes Lists Plaintiffs presented to the Court were so full of errors of all kinds so can not be considered authentic lists of what was copyrighted.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is vague, ambiguous and overly broad. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request because it is excessive as to time frame in that it fails to specify a relevant time frame and is thus overbroad. Plaintiff further objects to the extent that it seeks confidential and/or proprietary information. Without waiving the foregoing objections, Plaintiff responds as follows:

Emails to a third-party are not part of the copyrighted works at issue in this litigation.

{07647513 / 1}

22

Asking Plaintiffs to comb through an unspecified timeframe of documents and emails to find material sent to a third party which has no bearing to any claim or defense in this case is outside the scope of discovery and outside what is required by the Federal Rules. Plaintiff will not produce any documents responsive to this request.

**DOCUMENT REQUEST NO. 19:** Electronic Media - Content of Rkkody's Right to Know CD's

Reason: Plaintiffs won possession of these CD's in the Judge Breyer Case and were ordered by the Consent Decree to Disseminate them but have refused to do for over 20+ years. I understand that Plaintiffs were ordered by Judge Breyer to send to "verified former Members of the Group" (of which Havel and Bartell are and can prove) with no stipulations as to Havel's and Bartell's use of said Material.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is vague, ambiguous and overly broad. Plaintiff further objects to this Request because it seeks documents or things that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that it seeks confidential and/or proprietary information. However, without waiving the foregoing objections, Plaintiff responds as follows:

The requested CD(s) are already in Defendants' possession. (See Exhibit 1 to Defendant's Answer (Dkt. 20-1)). The requested CD(s) contains the audio files at issue in this case. To the extent they are relevant, Defendants already have copies of the audio files, as evidenced by their posting of said audio files online and playing said audio files in their YouTube videos. To the extent there are any audios which Defendants do not already have in their possession, Plaintiff will not be providing said files to Defendants, since such files are not the subject of any claim or defense in this matter, and Plaintiffs do not desire to facilitate even more infringement.

**DOCUMENT REQUEST NO. 20:** Document - Copyright Registration VAu000041610 / 1982-11-18 of 14 pieces of Art drawn as illustrations for The Meeting Screenplay and painted by Olliver Odinwood (aka Ollody, Oll, Oliver)

**Reason:** Evidence that one of these paintings is the original painting that was made into a Lithographic Image that Mark King and Sarah King as the Telah Foundation copyrighted in 1997.)

**RESPONSE:** Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods such as a request to the U.S. Copyright Office. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. However, without waiving the foregoing objections, Plaintiff responds as follows:

VAu000041610 is not one of the copyrighted works at issue in this litigation. Asking Plaintiffs to comb through 25 years of material for material that may relate to something that is not even at issue in this case and has no bearing to any claim or defense in this case is outside the scope of discovery and outside what is required by the Federal Rules. Plaintiff will not produce any documents responsive to this request.

**DOCUMENT REQUEST NO. 21:** Document- Screenplay Copyright PAu000431560 / 1982-08-25 held by Olliver Odinwood (aka Ollody, Oll, Oliver, legally Cabot Van Sinderen), and by David Cododody (aka Cddody, Cdd, Fred, legally Fred Mackey who died in the early 2000's) and Daniel O'Day (aka Dncody, Dnc, legally Richard "dick" Joslyn who died in the early 2000's).

**Reason:** This is important for Defendant's Defense.

**RESPONSE:** Plaintiff objects to this Request to the extent that it is vague, ambiguous, or

otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods such as a request to the U.S. Copyright Office. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objections, Plaintiff responds as follows:

PAu000431560 is not one of the copyrighted works at issue in this litigation. Asking Plaintiffs to comb through 25 years of material for material that may relate to something that is not even at issue in this case and has no bearing to any claim or defense in this case is outside the scope of discovery and outside what is required by the Federal Rules. Plaintiff will not produce any documents responsive to this request.

**DOCUMENT REQUEST NO. 22:**     Document-Audio Tape "master log" the existence of which is evidenced in point 22 below)

**RESPONSE:** Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response.  Plaintiff has filed multiple logs with the Court and directs Defendants to those documents.

**DOCUMENT REQUEST NO. 23:** Email Document: On Nov. 24, 2021 rep@heavensgate.com (Plaintiffs Mark King and/or Sarah King) responded to Cathy Weaver (cathysouthwestern@gmail.com), with the subject "Coming to Agreement," addressed to Cathy and Sawyer, filed with the Court as DE 26-10) (Weaver's Answer to Plaintiffs Complaint against her, Exhibit 10.

Reason: In this email Plaintiffs refer to the "master log". in particular:

-On page 84 of Cathy Weaver's Answer to Plaintiffs Complaint, in Exhibit 10 (DE 26-10 at 5c.), rep@heavensgate.com (Plaintiffs Mark King and/or Sarah King) wrote a reference

{07647513 / 1}

to: "…audio tape # 918 (master log #1039) ("Links returning after 20 days - 4/18/96")..."
that shows these two different tape numbers with a Description referring to the same Audio
Tape.

**RESPONSE:** Plaintiff objects to this Request to the extent that it is vague, ambiguous, or
otherwise lacks sufficient precision to permit a Response.  To the extent Defendants seek
a copy of the email at Exhibit 10 to Defendant Cathy Weaver's answer, that document is
available at Dkt. 26-1.


**DOCUMENT REQUEST NO. 24:** Document - Audio Tape Log from Rkkody's CD's he
testifies were constructed by The Class which they were awarded to Plaintiffs in Judge
Breyer's Consent Decree in 1999.

Reason: The log includes 196 audio tapes (listed as numbers 1 to 218 but that some 22 are
missing). Because Plaintiffs LIST DE 120-1 shows the alleged 486 Audios that they
registered with the copyright office, if 22 or more from that List were absent how can there
be 486 in that "Deposit" as stated in the registration.

**RESPONSE:** Plaintiff objects to this Request to the extent that it is vague, ambiguous, or
otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this
Request because it seeks documents or things that are irrelevant and/or not reasonably
calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to the
extent that it seeks confidential and/or proprietary information. Plaintiff further objects to
the extent that this request is duplicative of Document Request No. 14. However, without
waiving the foregoing objections, Plaintiff responds as follows:

To the extent that this request is duplicative of Document Request No. 14, Plaintiff
incorporates its response thereto in response to this request. To the extent that Defendant
is requesting another Audio Tape Log, Plaintiff has filed multiple logs with the Court and
directs Defendants to those documents.

**DOCUMENT REQUEST NO. 25:** Documents All Heaven's Gate produced Audio Tape Logs both hand written or digitized or in any format.

**Reason:** This has information important to Defendant's Defense

**RESPONSE:** Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it seeks documents or things that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to the extent that it seeks confidential and/or proprietary information. However, without waiving the foregoing objections, Plaintiff responds as follows:

Plaintiff has filed multiple logs with the Court and directs Defendants to those documents.

**DOCUMENT REQUEST NO. 26:** Emails between Plaintiffs and Francisco Falcon, (aka Juan, Jhnody)

Reason: To show that Plaintiffs sent Francisco Falcon approx.. 80 Audio Tape Cassettes and some 900 digitized audio cassette tapes at different times over the years.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that it is vague, ambiguous and overly broad. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request because it is excessive as to time frame in that it fails to specify a relevant time frame and is thus overbroad. Plaintiff further objects to the extent that it seeks confidential and/or proprietary information. Without waiving the foregoing objections, Plaintiff responds as follows:

Emails to a third-party are not part of the copyrighted works at issue in this litigation. Asking Plaintiffs to comb through an unspecified timeframe of documents and emails to find material sent to a third party which has no bearing to any claim or defense in this case

is outside the scope of discovery and outside what is required by the Federal Rules. Plaintiff will not produce any documents responsive to this request.

DATED this 7th day of September 2023.

**MESSNER REEVES, LLP**

By: _/s/    Otto Hinks_____
    MESSNER REEVES LLP
    Isaac S. Crum (AZ Bar #026510) (Pro Hac Vice)
    icrum@messner.com
    Otto E. Hinks (AZ Bar #032457) (Pro Hac Vice)
    _Attorneys for Plaintiff_

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the September 7, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the filing to the parties listed below.  A copy of this filing will also be sent via U.S. mail and email.

<table>
<tr>
<td>
Cathy Weaver<br>
5776 Grape Road, Ste 51<br>
PMB #121<br>
Mishawaka, IN 46545<br>
sawcat575@gmail.com
</td>
<td>
Jason Bartel<br>
N4051 26th Lane<br>
Redgranite, WI 54970-7087<br>
jason_bartel@unioncab.com
</td>
</tr>
<tr>
<td>
Steven Robert Havel<br>
5776 Grape Road, Ste 51<br>
PMB #121<br>
Mishawaka, IN 46545<br>
sawcat575@gmail.com
</td>
<td></td>
</tr>
</table>

By: _/s/ Amber Gunsolley_