UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| The Evolutionary Level Above Human Foundation d/b/a The Telah Foundation,<br><br>                       Plaintiff,<br>    v.<br><br>Stephen Robert Havel,<br>Cathy JoAnn Weaver,<br>Jason Bartel,<br><br>                       Defendants. | CASE NO. 3:22-CV-395-JD-MGG |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT CATHY WEAVER**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff The Evolutionary Level Above Human Foundation ("Plaintiff") requests that Defendant Cathy Weaver ("Weaver", "Defendant", or "You") answer the following interrogatories separately and fully, in writing, under oath, as required by law, within thirty (30) days of the date of service.

**INSTRUCTIONS**

1. You are to answer each interrogatory separately and under oath.

2. If You object to any interrogatory contained herein, You may state the objection in the manner prescribed by the Federal Rules, but You shall answer the interrogatory subject to the objection which You have stated.

3. If You object to any interrogatory or any portion of an interrogatory on the ground that the answer would reveal the substance of any privileged information, provide all information required by Federal Rule of Civil Procedure 26(b)(5).  If your objection is

{07637196 / 1}

on the ground that the answer would reveal the substance of a privileged communication, include an identification of: (a) the nature of the privilege or protection claimed; (b) the person who made the communication, whether oral or in writing; (c) if the communication was oral, all persons present while the communication was made; (d) if the communication was written, the author, addressees, and any other recipients; (e) the date and place of the communication; and (f) the general subject matter of the communication.

  4. If You are unable to answer fully any interrogatory herein, You must answer to the extent possible, provide an explanation of each reason why a full answer is not possible and provide whatever information is in Your possession, custody or control concerning any unanswered portion.

  5. Whenever appropriate, the singular form of a word shall be interpreted in the plural, or vice versa; verb tenses shall be interpreted to include past, present and future tenses; the terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories any information that might otherwise be construed as outside their scope; and words in the masculine, feminine or neuter form include the others.  Likewise, "each" shall be construed to include "every" and vice versa; "include" and "including" shall mean including without limitation; and "any" shall be construed to include "all" and vice versa.

  6. Any reference to a person, corporation, association, partnership, company or joint venture shall mean that person or entity, any parents, affiliates, divisions, controlled companies, subsidiaries or otherwise related persons and entities, and all of his, her or its current or former agents, representatives, employees, attorneys, accountants, officers, directors, auditors, and consultants or other persons or entities acting or purporting to act on his, her or its behalf.

  7. The obligation to produce information requested herein is of a continuing nature pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.  If You receive or otherwise

become aware of information responsive to any interrogatory after you have served Your responses to these interrogatories, you must promptly supplement your responses to these interrogatories to provide such information, as required by Rule 26(e).

## DEFINITIONS

Except as otherwise specified, all terms used in these interrogatories shall be construed in accordance with the following definitions:

a. "You" refers to Cathy Weaver.

b. The terms "Document" or "Documents" mean all items within the full scope of Federal Rule of Civil Procedure 34, all forms of writings, recordings and photographs defined in Federal Rule of Evidence 1001, and includes any reduction to tangible form, including any written, recorded, photographed or filmed matter and any computer, electronic, magnetic or optical memory or storage, of any communications, information or data of any kind or nature, however produced or reproduced, including originals, drafts and copies. The terms "Document" or "Documents" also include designs, CAD designs, blueprints, renderings, preconstruction drawings, construction drawings, shop drawings, and/or as-built drawings. Each draft, version or non-identical copy of a Document shall constitute a separate Document for purposes responding to these Requests. "Document" also includes any attachments or appendices to any Document. This definition applies to all records in your actual or constructive possession, custody or control (or the actual or constructive possession, custody or control of any of Your representatives, employees, agents, or attorneys), including without limitation all correspondence, letters, e-mails, text and similar messages, pamphlets, client alerts, orders, reports, calendars, daybooks, notes, journals, diaries, records, checks, receipts, invoices, estimates, transcriptions, telephone records, recordings, facsimiles, and facsimile transmittals, memoranda, tabulations, evaluations, summaries, opinions, statistical records, literature, books, periodicals, publications, papers, tapes, flash drives, "floppy" disks, DVDs, CDs, hard drives, data files,

{07637196 / 1}

video and audio recordings of all types, charts, drawings, sketches, photographs, and any information transmitted or stored electronically, by means of computer equipment, or by means of any electronic data processing or storage system, or by and through the Internet or any network (including without limitation storage on shared, off-site and/or "cloud" computer servers), or stored on removable magnetic or optical media.  "Document" and "Documents" includes all copies of a Document that contain any additional writing, marginalia, underlining, notes, deletions, modifications, or any other markings or notations, or are otherwise not identical copies of the original.  The production of electronic data shall include all metadata associated with the electronica files, and shall include the text/OCR ("optical character recognition") of each such Document.  "Document" and "Documents" also include any electronically stored information ("ESI") and means any information that is stored in an electronic medium, including any ESI reflecting or constituting any text message, e-mail, or social media message or post.

  c.  The term "Identify," when used in the context of identifying a Document, means providing a description of the Document, the name of the Document, the author of the Document, the recipient of the Document, and any other information necessary to request the Document in a request for production.  The term "Identify," when used in the context of identifying a Person, means providing the name, address, and telephone number or other known contact information of individual or entity likely to have discoverable information, along with the subject of that information.

  d. The terms "Person" and "Persons" mean any natural person, association, partnership, corporation, joint venture, government entity, organization, trust, institution, proprietorship, or any other entity recognized as having an existence under the laws of any state, the United States, or any other nation.

  e. The term "Relate" or "Relating To" means and includes "concerning," "representing," "evidencing," "reflecting," "referring to," "memorializing," "connected

with," "about," "regarding," "mentioning," "discussing," "constituting," "supporting," "refuting," "pertaining to" or "describing."

  f. The term "Communication" means the transmission of information in any form, including, without limitation, written, oral, or electronic transmissions.

## INTERROGATORIES

**INTERROGATORY NO. 1:** For any response to the Requests for Admissions, served concurrently herewith, that is anything other than an unqualified admission, set forth the bases for your denial including all witnesses and exhibits in support of your denial.

**INTERROGATORY NO. 2:** Identify every YouTube video in which you played a Heaven's Gate audio tape. For each instance identified, provide the following: the date of the video, the title of the video, which Heaven's Gate audio tape you played, and the amount of time you played the identified Heaven's Gate audio tape.

**INTERROGATORY NO. 3:** Identify every website to which You uploaded any content related to Heaven's Gate and for each identified website indicate what Heaven's Gate related content was uploaded and the date it was uploaded.

**INTERROGATORY NO. 4:** For any content related to Heaven's Gate You provided to any other person, identify what Heaven's Gate content was provided, the person to whom that Heaven's Gate content was provided, and the date which that Heaven's Gate content was provided.

DATED this 7th day of September 2023.

                                    **MESSNER REEVES, LLP**

                              By: */s/ Otto E. Hinks*
                                  MESSNER REEVES LLP
                                  Isaac S. Crum (AZ Bar #026510) (Pro Hac Vice)
                                  icrum@messner.com
                                  Otto E. Hinks (AZ Bar #032457) (Pro Hac Vice)
                                  *Attorneys for Plaintiff*

{07637196 / 1}

## **CERTIFICATE OF SERVICE**

I hereby certify that on the September 7th, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the filing to the parties listed below.  A copy of this filing will also be sent via U.S. mail and email.

Cathy Weaver
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

Jason Bartel
N4051 26th Lane
Redgranite, WI 54970-7087
jason_bartel@unioncab.com

Steven Robert Havel
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

By: */s/ Amber Gunsolley*