UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF INDIANA

SOUTH BEND DIVISION

| | |
|---|---|
| The Evolutionary Level Above Human, Inc. d/b/a The Telah Foundation, an Arizona nonprofit corporation,<br><br>　　Plaintiff,<br><br>v.<br><br>Steven Robert Havel,<br><br>Cathy JoAnn Weaver,<br><br>Jason Bartel,<br><br>　　Defendants. | CASE NO. 3:22-CV-395-JD-MGG<br><br>FILED<br>SEP 15 2023 – PM01:26<br>US DISTRICT COURT<br>Northern District of Indiana<br>Chanda J Berta – Clerk |

**BRIEF IN SUPPORT OF MOTION TO ORDER PLAINTIFFS TO PRODUCE HAVEL'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

The following Brief supports the Motion filed by Defendant for this Court to order Plaintiffs to produce Defendant's First Request for Documents.

Plaintiffs have responded to Defendant's Request for Documents with General Objections which Defendant will now address below.

**I. DEFENDANTS OBJECTIONS TO PLAINTIFF'S GENERAL OBJECTIONS**

The following statements shall be applied to Plaintiff's General Objections and Specific Objections to Defendant's Requested Documents 1-26.

Defendant clearly, concisely, and precisely stated Defendants Requests. Defendant stated multiple Reasons for Requests. Where there may be some confusion, please see specifics in the Defendants Objections to Plaintiffs Objections to specific Document Requests below.

Document Requests were made because of their relevance to Defendants Defense. Plaintiff has 30 days to provide the Requested Documents which is more than ample time to produce Defendants Requested Documents. In the amount of time Plaintiffs took to formulate their objections, Plaintiffs could have just supplied the Requested Documents. Plaintiffs have operated multiple businesses including The Telah Foundation over the past 25 years which indicates to Defendants that they would have records, filing systems available at hand. Plaintiffs will not have to comb through years of material to produce the Requested Documents.

Plaintiffs appear to be attempting to delay the Discovery Process which leads Defendant to believe that they do not actually have a legal transfer of property from the Heaven's Gate Group for any of the Heaven's Gate Intellectual Property. If Plaintiffs did in fact have proof of legal transfer of Heaven's Gate Intellectual Property and Assignments, etc. why not produce it here so we can end this matter once and for all.

These documents are not easily obtainable from the Copyright Office and require a fee which Defendant does not have the resources for. If Defendant procured such documents then Plaintiffs would question the means of procurement and the authenticity of the documents. If Plaintiffs provide Defendant's Requested Documents then Plaintiff can not question the authenticity of the Requested Documents and further delay this Discovery Process.

Defendant's Requested Documents are relevant to this case and will add admissible evidence to this case.

Previous litigation decided against the Plaintiff and only upon Notice of Appeal did the Court reach a Settlement Agreement to avoid lawsuits from the Heaven's Gate Members families and which also required the Plaintiffs to pay for the Property and pay the Courts Attorney fees and Court costs.

Plaintiff has stated that they will only provide Defendants Requested Documents with an agreed upon or Court Ordered Protective Order. Defendant is opposed to a Protective Order because Plaintiffs have not proven that by providing Defendants Requested Documents would reveal confidential or proprietary information, etc.

Here concludes Defendant Stephen Havel's General Objections to Plaintiffs General Objections to Defendants Requested Documents 1-26.

## II. DEFENDANTS OBJECTIONS TO PLAINTIFF'S GENERAL OBJECTIONS

A.  Plaintiff objects to the Requests to the extent they require Plaintiff to obtain and produce documents from persons over whom it has no control. Plaintiff responds to, and will produce documents responsive to, the Requests only on behalf of itself.

RESPONSE: According to Plaintiffs prior Court Case No. Case PN022228 presided over by Judge Lisa Guy-Schall, Plaintiffs (then Petitioners) in their Exhibit Index produced letters from The Heaven's Gate Group to Rio D'Angelo (aka Neody) and Wayne Parker (aka Oscody), so Defendants know Plaintiffs have copies of these letters in their possession.

B.  Plaintiff objects to the Requests to the extent that they are vague, ambiguous, or otherwise lack sufficient precision to permit a Response.

RESPONSE: Defendant clearly, concisely, and precisely stated his Requests. Defendant stated multiple Reasons for Requests.

3

C.  Plaintiff objects to the Requests to the extent that they call for the production of documents that would reveal its trade secrets or other confidential research, development, commercial or proprietary information, or information that may be protected by a right of privacy under either the United States Constitution or any other applicable law. Plaintiff reserves the right to produce such non-privileged, responsive documents only pursuant to a protective order duly entered by the court appropriately limiting the control, use and disposition of such documents.

**RESPONSE: Plaintiffs have not proved that the request of any of these documents would reveal any of the above. Defendant opposes Plaintiffs request for a protective order.**

D.  Plaintiff objects to the Requests to the extent they seek the production of documents that are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE: Defendant clearly stated how each requested document was relevant and would lead to significant discovery of admissible evidence.**

E.  Plaintiff objects to the Requests to the extent that they seek the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods.

**RESPONSE: Defendant has procured Court documents that Plaintiffs have questioned the authenticity of, hence the reason Defendant wants Plaintiffs to provide the documents.**

F.  Plaintiff objects to the Requests to the extent that they are overbroad and unduly burdensome.

**RESPONSE: Defendants requests are not overbroad and unduly burdensome.**

G.	Plaintiff objects to the Requests to the extent they may be construed to request the production of documents prepared in anticipation of litigation; that constitute or reflect attorney work product; that disclose the mental impressions, conclusions, opinions or legal theories of any attorneys for Plaintiff; that contain privileged attorney-client communications; or that are otherwise protected from production under applicable privileges, laws or rules.  Plaintiff will not produce any such privileged or protected documents.  Inadvertent production of any such documents shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such documents.  Nor shall such inadvertent production or disclosure waive the right of Plaintiff to object to the use of any such documents during this action or in any other subsequent proceeding.  Plaintiff requests the immediate return of any such inadvertently produced documents.
**RESPONSE: Defendant has not inadvertently procured such documents.**

H.	Plaintiff objects to the Requests to the extent they are ambiguous or excessive as to time frames and thus are overbroad.
**RESPONSE: Defendant has not asked for any documents that are not immediately available to Plaintiffs and therefore would not take an excessive time to produce.**

I. Plaintiff objects to the Requests to the extent that they attempt to impose obligations on Plaintiff other than those imposed or authorized by applicable law or rule.  Plaintiff further objects to the Requests to the extent that obtaining and compiling responsive documents would impose a vexatious and undue burden on Plaintiff, and thus the Requests are oppressive and/or are merely intended to harass.
**RESPONSE: Defendant has not asked for any documents that are not immediately available to Plaintiffs and therefore would not be a vexatious and undue burden on Plaintiff. Defendant requested documents to prove Defendants Defense therefore they are not oppressive nor intended to harass.**

J. Plaintiff objects to the Requests to the extent they seek to have Plaintiff produce confidential, trade secret, privileged, or other information which Plaintiff considers sensitive information without a protective order governing the use and dissemination of such materials.

RESPONSE: Plaintiffs have not proved that the request of any of these documents would violate the above. Defendant opposes Plaintiffs request for a protective order.

## III. DEFENDANT'S SPECIFIC OBJECTIONS TO PLAINTIFF'S OBJECTIONS

**1. Document Request No. 1:**

Plaintiffs are delaying the Court intentionally because they do not have a Signed legal transfer of property from the Heaven's Gate Group.

Plaintiffs have produced numerous copyright and trademark applications from 25 years ago therefore Plaintiffs should be able to produce legal Transfers or Assignments from the Heaven's Gate Group.

Previous litigation decided against the Plaintiff and only upon Notice of Appeal did the Court reach a Settlement Agreement to avoid lawsuits from the Heaven's Gate Members families and which also required the Plaintiffs to pay for the Property and pay the Courts Attorney fees and Court costs.

**2. Document Request No. 2:**

Defendant will clarify the request. Defendant requests the List of Audio Tapes submitted to the copyright office. Date recorded, detailed descriptions and play time of the 486 copyrighted Audio Tapes. Defendant understands a list was previously submitted in this

case but Plaintiffs changed the descriptions to read, "Various Discussions". Defendant's request does not present an excessive time frame as Plaintiffs had provided to Jhnody (aka Francisco Falcon) a detailed tape log with detailed descriptions in 2020-2021.

3. Document Request No. 3:

Refer to Defendants General Objection above.

4. Document Request No. 4:

Refer to Defendants General Objection above.

5. Document Request No. 5:

Defendant knows that Mark King and Sarah King had nothing to do with the authorship of this video series. Mark King and Sarah King were not part of the Group during the filming of this video tapes series. Defendant was on the Video Crew and is shown in the Video's.

6. Document Request No. 6:

Refer to Defendants General Objection above.

7. Document Request No. 7:

Refer to Defendants General Objection above.

8. Document Request No. 8:

Plaintiff stated in the meeting Defendants had with Mark King and Sarah King in

November of 2021 that they received from the Court whatever Rkkody had received from the Heaven's Gate Group (that included a number of copies of this Blue Book) and Defendant is asking for "what they got" that gave them rights to what Rkkody had.

9. Document Request No. 9:

Refer to Defendants General Objection above.

10. Document Request No. 10:

Plaintiffs have stated that they received communications no one else had received from The Group regarding their intentions for what was to be done with their intellectual property. If Plaintiffs had received such, it could actually prove their case, that the Group intended them to copyright their Materials in the manner that Plaintiffs did.

11. Document Request No. 11:

Refer to Defendants General Objection above.

12. Document Request No. 12:

These requests are relevant to Defendant's Defense because one of the acryilic paintings Defendant believes are among the 14 paintings by Ollody, aka Olliver Odinwood that he copyrighted in 1982 included the C.B.E. Painting that someone made into a Lithographic Print that Mark King and Sarah King copyrighted and another of those paintings were of the Rings of Saturn that is part of the Heaven's Gate Logo Plaintiffs are suing me for using both of.

13. Document Request No. 13:

Plaintiffs have stated in their Complaint that any use or making of any derivatives of the C.B.E. and Heaven's Gate Logo would also be a copyright and/or trademark infringement thus Defendant needs to know exactly what Paintings were included in Olliver Odinwoods copyright in 1982.

14. Document Request No. 14:

Refer to Defendants General Objection above.

15. Document Request No. 15:

Defendant Requested these documents from Plaintiffs so that they are authenticated. Refer to Defendants General Objection above.

16. Document Request No. 16:

Defendant Requested these documents from Plaintiffs so that they are authenticated. Refer to Defendants General Objection above.

17. Document Request No. 17:

Defendant Requested these documents from Plaintiffs so that they are authenticated. Refer to Defendants General Objection above.

18. Document Request No. 18:

Some of these emails can prove my Laches and Delay defense.

Dave Goetzinger was named Vice President of The Telah Foundation in the 1990's while I have email proof that they did not have a relationship with him until around 2007 and 2008 and he was likely the person who digitized most all of the audio tapes and thus was responsible for the amended tape logs.

19. Document Request No. 19:

To further clarify Defendant's request, Defendant requests a list of the content on the Rkkody CD's Plaintiffs received from Judge Breyer's Consent Decree to authenticate the contents of said CD's.

20. Document Request No. 20:

These requests are relevant to Defendant's Defense because one of the acryilic paintings Defendant believes are among the 14 paintings by Ollody, aka Olliver Odinwood that he copyrighted in 1982 included the C.B.E. Painting that someone made into a Lithographic Print that Mark King and Sarah King copyrighted and another of those paintings were of the Rings of Saturn that is part of the Heaven's Gate Logo Plaintiffs are suing me for using both of.

Plaintiffs have stated in their Complaint that any use or making of any derivatives of the C.B.E. and Heaven's Gate Logo would also be a copyright and/or trademark infringement thus Defendant needs to know exactly what Paintings were included in Olliver Odinwoods copyright in 1982.

10

Defendant at a future date and time may produce a derivative of The Meeting Screenplay.

21. Document Request No. 21:

This proves that there were existing copyrights that the Plaintiffs said they took over, but there is no documentation to support that claim. Plaintiffs have stated that everything is copyrighted so Defendant needs to see what is copyrighted and what is not copyrighted so going forward Defendant doesn't infringe on any alleged legitimate copyrights.

22. Document Request No. 22:

Plaintiff has not filed an accurate tape log with the Court with detailed descriptions as provided by the Heaven's Gate Group with the Audio Tapes.

23. Document Request No. 23:

Defendant requests this document for authentication.

24. Document Request No. 24 (audio tape log from Rkkody's CD's):

Plaintiffs have not proven that this is confidential and/or proprietary information. The Two Tape Logs that Plaintiffs have filed with the Courts do not contain detailed descriptions of the audio tapes and are therefore inadequate.

25. Document Request No. 25:

The Two Tape Logs that Plaintiffs have filed with this Court are not the Heaven's Gate Groups hand written and/or digitized logs produced by The Group.

26. Document Request No. 26:

Francisco Falcon (aka Jhnody) has provided some of those emails to Defendant but for authentication purposes Defendant seeks them from Plaintiffs.

Dated: September 14, 2023

*Stephen Havel*

Stephen Havel

5776 Grape Rd.

Suite 51

PMB# 121

Mishawaka, IN. 46545

Sawcat575@gmail.com

Defendant