UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| The Evolutionary Level Above Human Foundation d/b/a The Telah Foundation,<br><br>                Plaintiff,<br>    v.<br><br>Stephen Robert Havel,<br>Cathy JoAnn Weaver,<br>Jason Bartel,<br><br>                Defendants. | CASE NO. 3:22-CV-395-JD-MGG |

**PLAINTIFF'S RESPONSE TO DEFENDANT HAVEL'S MOTION TO ORDER PLAINTIFFS TO PRODUCE HAVEL'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

      The Evolutionary Level Above Human Foundation, d/b/a The Telah Foundation (the "Foundation" or "Plaintiff") hereby responds to Steven Havel's ("Defendant Havel") "Motion to Order Plaintiffs to Produce Havel's First Request for Production of Documents" and brief in support thereof (the "Motion") [DE 151 and 152] and requests that the Motion be denied.

      This Motion along with Defendant Havel's other recent filings and those submitted by Defendant Bartel are nothing more than a continuation of Defendants vexatious litigation tactics. Despite numerous warnings from the Court to cooperate in good faith and comply with all applicable rules, Defendants have instead chosen to file numerous frivolous motions regarding issues that could have easily been resolved through communication with Plaintiff's counsel. The instant Motion is a prime example and it should be summarily denied. Further, Plaintiff seeks an order from the Court limiting the scope of discovery requested by Defendant Havel as well as limiting the method by which

{07715804 / 1}

1

audio and video files are produced. Additionally, Plaintiff requests that a protective order be entered before any documents are produced by any of the parties.[1]

I. **FACTS**

    A. **Plaintiff's Objections and Responses to Defendant Havel's First Requests for Production**

Contrary to Defendant Havel's assertions, Plaintiff has not flatly refused to produce documents, but rather, Plaintiff has indicated that it will not produce certain responsive documents without a protective order in place in light of Defendants' willful and ongoing infringement of Plaintiff's intellectual property. Plaintiff timely responded and objected to Defendant Havel's document requests and indicated that it would produce responsive documents to requests 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 14, 15, and 17 by September 20, 2023, but only upon entry of an agreed-upon or Court ordered protective order. [DE 142]. Instead of attempting to work cooperatively to submit a stipulated protective order, Defendant Havel has taken the unreasonable stance that a protective order is not needed in this case. [DE 152 at 3].

In response to some of Defendant Havel's requests, Plaintiff indicated where, in the current record, the requested document had already been provided (requests 16, 22, 23, 24, 25). [DE 142 at 21, 25, 26, 27]. Plaintiff also indicated that it stood on its objections and would not produce documents responsive to requests 12, 13, 18, 19, 20, 21, 26, primarily because each of these requests are directed at information that is outside the scope of discovery and outside what is required by the Federal Rules. [*Id.* at 17, 18, 22, 23, 24, 25, 27, 28].

---

[1] Plaintiff is aware of Local Rule 7-1(a) which provides that "Motions must be filed separately," however, in the interest of economy, Plaintiff responds to the points raised in Defendant Havel's Motion and requests the corresponding relief it seeks. If the Court would prefer, Plaintiff could split its response into several motions, but this approach seemed less efficient than the one employed in this response.

{07715804 / 1}

### B. Defendant Havel's Motion to Compel and Subsequent Filings

Defendant Havel's document requests, where comprehensible, apparently seek documents for the purposes of authentication [*see* DE 152 at 2, 4, 9, 10, 11, 12]; seek non-relevant litigation documents from cases in which a final order has already been entered [*see* DE 135 at 7, 8, 9, 10]; and seek documents based on Defendant Havel's threadbare assertion that the requested documents allegedly have information important to his defense [*see Id.* at 9, 10, 12, 13]. Given Defendant Havel's position on the entry of a protective order in this case, as far as Plaintiff can tell, many of the requests are directed at obtaining additional, unfettered access to Plaintiff's intellectual property and confidential information that is unrelated to any claim or defense in this case. Further, given the breadth and number of Defendant Havel's requests, the requests also appear to be for the purpose of harassing and burdening Plaintiff. For example, in addition to the initial twenty-six (26) document requests that are currently unnecessarily under dispute, Defendant Havel recently issued a second set of sixty (60) document requests on September 15, 2023. [DE 154], which mostly appear to request documents from previously finalized court proceedings regarding ownership of the Heaven's Gate intellectual property and are largely repetitive of Defendant Havel's first set of discovery requests.

## II. LEGAL STANDARD
### A. Discovery Disputes

"This Court has broad discretion when deciding whether to compel discovery and may deny or limit discovery to protect a party from oppression or undue burden." *Sims v. New Penn Fin. LLC*, No. 3:15-CV-263-MGG, 2017 WL 3297779, at *3 (N.D. Ind. Aug. 2, 2017) (citing Fed. R. Civ. P. 26(c); *Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1171 (7th Cir. 1998); *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495-96 (7th Cir. 1996)). Fed. R. Civ. P. 26 (b)(1) permits discovery into:

{07715804 / 1}

any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Under Fed. R. Civ. P. 37(a)(1), a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Local Rule 37-1(a) specifically requires that:

> (a) party filing any discovery motion must file a separate certification that the party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action. The certification must include:
> (1) the date, time, and place of any conference or attempted conference; and
> (2) the names of the parties participating in the conference.

Although Local Rule 37-1(b) provides that "[t]he court may deny any motion described in subdivision (a)—except those motions brought by or against a person appearing pro se— if the required certification is not filed," this Court has admonished the parties "to cooperate in good faith and comply with all applicable rules during the discovery process." [DE 117 at 7]. In the same Order, the Court also encouraged the parties "to negotiate a stipulated protective order regarding the confidentiality of discovery materials while this action is pending." [*Id.* at 8].

### B.  Protective Order

When good cause exists, parties may "keep their trade secrets (or some other properly demarcated category of legitimately confidential information) out of the public record, provided the judge ... satisfies himself that the parties know what a trade secret is and are acting in good faith in deciding which parts of the record are trade secrets." *Citizens*

{07715804 / 1}

4

*First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). When reviewing a proposed protective order, a court must ensure that:

> (1) the information sought to be protected falls within a legitimate category of confidential information, (2) the information or category sought to be protected is properly described or demarcated, (3) the parties know the defining elements of the applicable category of confidentiality and will act in good faith in deciding which information qualifies thereunder, and (4) the protective order explicitly allows any party and any interested member of the public to challenge the sealing of particular documents.

*Pierson v. Indianapolis Power & Light Co.*, 205 F.R.D. 646, 647 (S.D. Ind. 2002) (citing *Citizens,* 178 F.3d at 946).

The protective order template provided by the Court [DE 117 at 8], available at https://www.innd.uscourts.gov/judges-info/MGG, provides various protections for Confidential Information, including, for example, the following: "Protected Material shall be maintained in confidence by the persons to whom it is furnished and may be disclosed by such persons only to other persons entitled to have access to the Protected Material under the provisions of this Order"; and "Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons for any purpose whatsoever other than in this litigation, including any appeal thereof."

### III.    ARGUMENT
####    A.    Defendant Havel's Motion Should be Denied

Defendant Havel's Motion asks for a sweeping order compelling production of documents without providing any detail as to why specific requests are relevant (other than baldly asserting that they are needed for his defense), all while asserting that a protective order is not appropriate in this case. [*See* DE 152 at 2]. As described above, and in greater detail in section III. C. below, Plaintiff is not opposed to producing certain responsive documents, however, given Defendant Havel's history of admitted infringing behavior that has even continued post initiation of this lawsuit [*See, e.g.,* DE 121-1 at 5; DE 67 at 11–

{07715804 / 1}

5

13], Plaintiff strongly believes that producing documents without a protective order in place will simply lead to additional infringing acts and/or inappropriate sharing of Plaintiff's confidential information by Defendants. The Motion should be denied, and as discussed below, a protective order should be entered, at which point the parties can produce documents subject to appropriate safeguards.

Further, this Court has repeatedly cautioned Defendants to comply with the Federal Rules of Civil Procedure and this Court's Local Rules, as well as to cooperate in good faith during the discovery process. [*See, e.g.*, DE 130 at 10; DE 125 at 4; DE 117 at 7; DE 93 at 3; DE 78 at 2–3]. Although Local Rule 37-1(b) prevents this Court from denying Defendant Havel's Motion based solely on his failure to comply with the requirements of Rule 37, his flagrant and continued disregard for the applicable rules should be a paramount consideration for the Court when considering his request. Defendant Havel has unnecessarily involved the Court in a discovery dispute that could have been reasonably settled had he taken the effort to work cooperatively with Plaintiff's counsel, and accordingly, his Motion should be denied.

To the extent that Defendant Havel's requests seek to have Plaintiff "authenticate" certain documents already in Defendant Havel's possession, Plaintiff would note that there are other procedural mechanisms that Defendant Havel could employ that would be less burdensome on Plaintiff. For example, Local Rule 26-1(c) does not limit the number of Requests for Admission "that relate to the authenticity of a document." Instead of taking the reasonable approach of issuing Requests for Admissions to establish authenticity, Defendant Havel's over-broad requests appear to be for the purpose of harassing and burdening Plaintiff. This is yet another reason that Defendant Havel's Motion should be denied.

### B. The Scope of Defendant Havel's Requests Should be Limited

Pursuant to Fed. R. Civ. P. 26 (b)(1) Plaintiff requests that the Court hold that Plaintiff does not have to produce documents in response to Defendant Havel's requests 12, 13, 18, 19, 20, 21, 26, because each of these requests are directed at information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. [DE 142 at 17, 18, 22, 23, 24, 25, 27, 28]. Defendant Havel's discovery requests 12, 13, 20, and 21 request copyrighted material that is not at issue in this case. [*Id.* at 17, 18, 24, 25]. Defendant Havel's discovery requests 18 and 26 request email communications between Plaintiff and two third-parties that are not related to the asserted copyrights, or any claims or defenses of this case. [*Id.* at 22, 23, 27, 28]. All of this requested material is outside the scope of permissible discovery and Plaintiff should not have to produce anything in response to these requests.

Defendant Havel's discovery request 19 requests the "Content of Rkkody's Right to Know CD's." [*Id.* at 23]. As explained in Plaintiff's objections, "The requested CD(s) are already in Defendants' possession. (See Exhibit 1 to Defendant's Answer (Dkt. 20-1)). The requested CD(s) contains the audio files at issue in this case. To the extent they are relevant, Defendants already have copies of the audio files, as evidenced by their posting of said audio files online and playing said audio files in their YouTube videos. To the extent there are any audios which Defendants do not already have in their possession, Plaintiff will not be providing said files to Defendants, since such files are not the subject of any claim or defense in this matter, and Plaintiffs do not desire to facilitate even more infringement." [*Id.*] As the requested information would not add anything regarding the asserted copyrights, and could potentially lead to additional infringement, this request is not proportional to the needs of the case, and the Court should hold that Plaintiff does not have to produce the requested information. Fed. R. Civ. P. 26 (b)(1).

Further, to the extent that any of Defendants' discovery requests require the production of audio or video files, Plaintiff requests that Defendants be required to travel to Phoenix in order to listen or view such information in an environment where Plaintiff can be assured that Defendants will not be able to copy or transmit said information. Absent these precautions, given Defendants continued and willful infringement [*See, e.g.,* DE 121-1 at 5; DE 67 at 11–13], Plaintiff has no other way of ensuring that production of audio and video files won't immediately result in additional acts of infringement.

C.  **Good Cause Exists to Enter a Protective Order in this Case**

Although Plaintiff had hoped that the parties would work cooperatively to negotiate a stipulated protective order, as encouraged by the Court [DE 117 at 8], Defendant Havel's Motion makes it clear that he will not willingly agree to any reasonable protections regarding Plaintiff's documents. Defendant Havel's opposition to a protective order is telling, as it is no secret that he wishes to disseminate Plaintiff's intellectual property, confidential and proprietary information with impunity. [*Id.*] Having a protective order in place would provide some mechanism for Plaintiff to prevent that from happening to documents that are produced as part of this litigation, and to limit further damage caused to Plaintiff by Defendants infringement. Accordingly, good cause exists for Plaintiff to keep its properly demarcated category of legitimately confidential information out of the public record. *Citizens*, 178 F.3d at 946.

Attached as **Exhibit A** is a proposed protective order based on the protective order template provided by the Court. **Exhibit B** is a redline of the protective order template, showing what changes Plaintiff made in arriving at the proposed protective order. Plaintiff believes that proposed protective order satisfies the requirements as set forth in *Citizens*. Specifically, Plaintiff has included a carefully drafted definition of materials to be protected that is consistent with the Seventh Circuit's description of what is protectable. *Id.*; *see also* *Deaton v. United Student Aid Funds, Inc.*, No. 3:18-CV-656-JD-MGG, 2019 WL

{07715804 / 1}

13215294, at *2 (N.D. Ind. Mar. 18, 2019). Accordingly, Plaintiff respectfully requests entry of the proposed protective order.

## IV. **CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests that the Court: (1) Enter an Order denying Defendant Havel's Motion to Order Plaintiffs to Produce Havel's First Request for Production of Documents [DE 151]; (2) Enter an Order holding that Plaintiff does not have to produce documents in response to Defendant Havel's requests 12, 13, 18, 19, 20, 21, 26; (3) Enter an Order requiring that Defendants travel to Phoenix in order to listen or view any produced audio or video files in an environment where Plaintiff can be assured that Defendants will not be able to copy or transmit said information; and (4) Enter the proposed protective order attached hereto as Exhibit A.

DATED this 29th day of September 2023.

**MESSNER REEVES, LLP**

By: /s/   Otto E. Hinks
MESSNER REEVES LLP
Isaac S. Crum (AZ Bar #026510) (Pro Hac Vice)
icrum@messner.com
Otto E. Hinks (AZ Bar #032457) (Pro Hac Vice)
*Attorneys for Plaintiff*

{07715804 / 1}

# CERTIFICATE OF SERVICE

I hereby certify that on the 29th of September 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the filing to the parties listed below. A copy of this filing will also be sent via U.S. mail and email.

Cathy Weaver
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

Jason Bartel
N4051 26th Lane
Redgranite, WI 54970-7087
jason_bartel@unioncab.com

Steven Robert Havel
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

By: /s/ *Stephanie L. Coulter*
   Stephanie L. Coulter

{07715804 / 1}