# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF INDIANA SOUTH

## BEND DIVISION

FILED

OCT 06 2023 – PM03:52

US DISTRICT COURT

Northern District of Indiana

Chanda J Berta – Clerk

The Evolutionary Level Above Human
Foundation d/b/a The Telah Foundation,

CASE NO. 3:22  -CV-395-JD-MGG

            Plaintiff,

v.

Stephen Robert Havel,
Cathy JoAnn Weaver,
Jason Bartel,

            Defendants.

## DEFENDANT STEPHEN HAVEL'S RESPONSES

## TO PLAINTIFF'S FIRST SET OF

## INTERROGATORIES

Defendant Stephen Havel responds to Plaintiff's First Set of

Interrogatories as follows:

1

## **GENERAL STATEMENT**

Defendant's responses are based upon information presently available to it following a reasonable inquiry.  Discovery is still ongoing, however, and Defendant reserves the right to amend, supplement or change its objections and responses if and when additional information becomes available.

## **GENERAL OBJECTIONS**

1.  Defendant objects to all discovery requests to the extent they are overbroad,  vague, ambiguous, unduly burdensome, and irrelevant to the subject matter of this litigation and/or not reasonably calculated to lead to the discovery of admissible evidence.

2.  Defendant objects to all discovery requests to the extent they call for information which is part of the public record, or which is otherwise equally available to all parties, or to which the propounding party has greater access as unduly burdensome, oppressive, at less cost and unreasonable.

3.  Defendant objects to Plaintiff's Interrogatories to the extent they are served for harassment, oppression, or delay.

4. Each of the foregoing objections is hereby incorporated in each and every one of the following responses, whether or not they are specifically identified.

5. None of the objections or response contained herein is an admission concerning the existence of any documents or materials, the relevance or admissibility of any documents, materials, or information, or the truth or accuracy of any statement or characterization contained in Plaintiff's First Set of Interrogatories. Defendants written responses are made without waiving: (a) the right to object, on the grounds of competency, privilege, relevancy, materiality, or other proper grounds to the use of the information provided herein, in whole or in part, in any subsequent proceeding in this action or any other action; (b) the right to object on any and all grounds at any time, to other discovery requests involving or relating to the subject matter of these requests; and (c) the right to revise, correct, add, or clarify any of the responses provided herein.

6. Defendant objects to any interrogatory that seeks information that is already in the Plaintiff's possession.

7. Defendant objects to Plaintiff's interrogatories to the extent that they purport to require Defendant to provide contact information for individuals that are unknown to Defendant.

8. Defendant objects to Plaintiff's term "any content related to Heaven's Gate" on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, not defining "any content related to Heaven's Gate" Plaintiff is asking for information outside of the scope of Discovery as it pertains to this lawsuit.

9. Defendant objects to all Interrogatories on the grounds that no date range is defined and therefore it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, not defining a date range Plaintiff is asking for information outside of the scope of Discovery as it pertains to this lawsuit.

## OBJECTIONS TO DEFINITIONS

1. Defendant objects to Definition c. "identify" on the grounds that the definition calls for information, in the form of residential addresses and telephone numbers, that would unreasonably invade the privacy of persons not a party to this

litigation. Furthermore, Defendant is not privy to such personal information or even the legal name and identity of such persons.

## RESPONSE TO STANDARD INTERROGATORIES

**INTERROGATORY NO. 1:** For any response to the Requests for Admissions, served concurrently herewith, that is anything other than an unqualified admission, set forth the bases or your denial including all witnesses and exhibits in support of your denial.

## BASIS FOR DENIAL ADMISSION NO. 4:

Here are the basis for Defendant's denials in bold:

(a.) I deny there was any mention or implication of "a third party".

**Basis for Denial: In fact, in that quote I did include, "Jhnody" as someone who had circulated tapes, which Plaintiffs replaced with the words in brackets "[a third party]," shown here in the exact transcript Youtube provided for the livestream;**

**"3:47:34**

**material from circulating because we're all carl orti and myself**

**3:47:39**

**kathy and juan odi and other people**

**3:47:45**

are circulating the tapes".

Note that by Plaintiffs omitting from the quote my reference to Jhnody ("juan odi") at that position, once again, as Plaintiffs continuously do, appear to be attempting to falsify this quote to somehow use it in future Admissions and/or to avoid bringing attention to the very important facts that Jhnody, aka Francisco Falcon is the source of Defendants possession of some 930 digitized audio tapes that Mark King and/or Sarah King actually sent him over a number of months over the course of about a year's time, without any legal agreement of what he could or could not do with them which was before Jhnody sent them to me and I sent them to Crlody [co-defendant Bartel] in around June of 2021 knowing well that I had been circulating the ones I had been gifted by Rkkody in 1997 and 1998, so they could also be circulated, as Jhnody is willing to testify to under oath.

I also contend that Plaintiffs knew I had been "circulating tapes" for over 10 years, in which time they never informed me they had any copyrights or trademarks so at this time for all I knew they were blowing smoke to have issued me a Cease and Desist in November of 2021 claiming to have "everything copyrighted" which we now know was not true.

(b.)  I deny that it was accurate for me to include Cathy as someone who was "circulating the tapes".

**Basis for Denial:  It was not accurate for me to say because I had no knowledge that Cathy shared tapes with anyone, thus it was a hypothetical statement, except for how Cathy was by then participating in my Youtube.com 3spm livestreams, where even before knowing Cathy I had been playing some audio tapes and talking about their content as early as 2016. Incidentally it was Mark King and/or Sarah King who months before I met Cathy or even communicated with her had sent Cathy links to several of the first audio tapes with no legal documents or notification that they were copyrighted by the Telah Foundation.**

2. **<u>BASIS FOR DENIAL ADMISSION NO. 5</u>**

(a.) I deny the implication that "telling the truth" meant playing audio tapes or providing any of the alleged illegally copyrighted or assumed copyrighted material from the Heaven's Gate Group.

**Basis for Denial: By that time I had ceased playing any audio tapes on the channel or in any social media situation in case some of them really were legally copyrighted and have not played any since then.**

### 3. **BASIS FOR DENIAL ADMISSION NO. 6**

I deny, I was referring to "sharing the Heaven's Gate audio tapes" by saying we're going to share the information.

> **Basis for Denial: I stopped sharing the Heaven's Gate audio tapes after this lawsuit was filed against me in case some of the audio tapes were legally copyrighted and to show the Court, if ordered I would do so.**

### 4. **BASIS FOR DENIAL ADMISSION NO. 7:**

I can not deny nor admit to recalling these statements, therefore I deny them.

**Basis for Denial: As per the Federal Rules of Civil Procedure - "Rule 36. Requests for Admission, section (a) Scope and Procedure, paragraph (1) Scope. A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents**

**The subject of this Admission is not "for purposes of the pending action only". The pending action is all about copyright infringement and this Requested Admission has**

nothing remotely to do with alleged copyright infringement nor to any "facts or opinions" related to the alleged copyright infringement.

This request for admission is purely for harassment and Plaintiffs should be sanctioned for attempting to slander Defendants with what they are suggesting in it.

## 5. BASIS FOR DENIAL ADMISSION NO. 8:

I can not deny nor admit to what this Admission Requests so I deny it.

Basis for Denial: This request is not "for purposes of the pending action only" According to Rule 36. Requests for Admission, section (a) Scope and Procedure, paragraph (1) Scope. A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents.

The pending action is all about copyright infringement and this Requested Admission has nothing remotely to do with alleged copyright infringement nor to any "facts or opinions" related to alleged copyright infringement.

This request for admission is purely for harassment and Plaintiffs should be sanctioned for what they are suggesting in it.

9

However, since these documents are becoming part of a public record, some may think I don't want to answer this admission because of Plaintiffs claim of talk of suicide. Because of the event of the Heaven's Gate Members laying down their physical bodies by their own choice, Defendant often has to address the application of that word, "suicide" to which I always say in every livestream is that I (as did the Group) hold a Position Against Suicide, both kinds, Human suicide (leaving this world because of depression of some sort or in revenge) and against Soul Suicide as was described by the Group on the Heavensgate.com website Mark King and Sarah King are the webmasters of. Our bodies are essential to growth, to learn lessons life offers us. I have many times that I can document helping people to not commit suicide.

6. **BASIS FOR DENIAL ADMISSION NO. 10**:

1) I Deny I received "Plaintiff's copyrighted audio tapes from Mr. Falcon".

   **Basis for Denial: The reasons for this denial is as follows:**

   (a.) At that time in June of 2021 when I received digitized audio tapes from Mr. Falcon, I had no knowledge from Plaintiffs that they had any copyright registrations for any audio tapes.

(b.) As we all learned from the Court ordered hearing, Mark King and Sarah King have not been telling the truth about what audio tapes they copyrighted. That is why the Judge ordered them to produce two Lists, one for the alleged 486 audio tapes they had a copyright registration for and one for the other audio tapes they did not have a copyright registration for while claiming erroneously that they had the Creators copyright for while they were not the Creators of them.

(c.) Furthermore, my Defense and Counter Claim will present considerable evidence to the Court that even the copyright registrations they obtained in 1997 were an act of fraud since they have no legal documents from the Heaven's Gate Group authorizing them to copyright anything.

(d.) When Plaintiffs supplied the two Lists they said they created new lists in which they tampered with evidence of the genuine content The Group gave with their boxes of audio tapes in storage that I know about because Rkkody had some of those handwritten lists.

(e.) Plaintiffs have kept their copyright registrations a big mystery for over 20 years because they knew their copyright registrations were worthless and referred to as fraudulently obtained by the attorney team working for San Diego County on the Estates of the deceased Group Members.

I Deny that I shared copyrighted digitized audio tapes with Mr. Bartell.

**Basis for Denial: The reasons for this denial would include my denial in paragraph number 1 above, with the addition of:**

**(a.) Defendant has possessed over 200 digitized (in .rm (Real Player) format) audio tapes since 1997, over 20 years prior to that livestream that were shared with me by Rkkody directly on CD's that had a Common Law Copyright to Heaven's Representatives on them, which was the copyright and name DO and his Class put on their Book that can still be seen on the copyright page of their Book posted on HeavensGate.com website under the Book tab.**

**(b.) The 900+ digitized audio tapes Jhnody (Mr. Falcon) sent me that I sent to co-defendant Bartel in about June of 2021, seemed to have consisted of those same digitized tapes from Rkkody, but in an .mp3 format that belonged to Rkkody that he sent me in 1997, plus some 700+ others. Even if Plaintiffs copyright registration was proven to have been obtained legally which there is no evidence in support of, that copyright was for only 486 audio tapes, leaving some 414+ which were never registered as copyrighted.**

12

7. **<u>BASIS FOR DENIAL ADMISSION NO. 11</u>**:

I Deny, with a Court order that I wouldn't stop an alleged copyright infringement of disseminating particular parts of the Heaven's Gate Intellectual Property Plaintiffs have in their possession.

> **Basis for Denial: If the Court determines that Plaintiffs copyrights are legal and thus orders me not to disseminate particular items of that Intellectual Property, I will continue to cease disseminating it, except for in a way that I hope the Court would help me determine what would be considered to be Fair Use, since I do nothing for money and it's strictly for educational purposes.**

> **I will always have my memories from being present for some 90% of TI and DO's talking and writings and my memories are not able to be called a copyright infringement as best I understand.**

> **However, this has become a religious discrimination case because all the Intellectual Property provided by TI, DO and Their Class that they left behind and/or published in various books Plaintiffs do not own, unless they bought them, so are like the Bible to those who believe in TI and DO. In the U.S. we are supposed to be free to practice our Religion and Plaintiffs are**

violating that right by hording over 1000 audio tapes for over two decades when DO clearly wanted them to be provided to anyone who wanted them freely.

**PLAINTIFF INTERROGATORY NO. 2:** Identify every YouTube video in which you played a Heaven's Gate audio tape. For each instance identified, provide the following: the date of the video, the title of the video, which Heaven's Gate audio tape you played, and the amount of time you played the identified Heaven's Gate audio tape.

**DEFENDANT'S ANSWER TO PLAINTIFF INTERROGATORY NO. 2:**

1.) As per Rule 26(b)(1) Discovery Scope (Exhibit 1):

(a.) - Regardless of how many Heaven's Gate audio tapes Defendant may or may not have played on Defendant's Youtube Channel since it's inception in 2007, Plaintiffs already included 13 (thirteen) in their Complaint, making any alleged playing of others **not relevant to Plaintiffs Claim as Count I details in** DE 131, Plaintiff's Amended Complaint, Paragraphs 50-51 as follows:

50. Over the past few months this behavior has escalated exponentially, with Co-Defendants Stephen Havel and Cathy Weaver posting no fewer than

thirteen recordings containing the Foundation's copyrighted Audio Works and
other material.

51. This includes the following YouTube videos and Audio Works:

Tape No. 149 - Broadcast on YouTube 3spm channel on 11/08/2021 *Played
Nov 21, 2021

Tape No. 263 - Broadcast on YouTube 3spm channel on 11/08/2021

Tape No. 004 - Broadcast on YouTube 3spm channel on 11/08/2021

Tape No. 030 - Broadcast on YouTube 3spm channel on 3/26/22

Tape No. 161 - Broadcast on YouTube 3spm channel on 4/08/22

Tape No. 156 - Broadcast on YouTube 3spm channel on 4/12/22

Tape No. 011 - Broadcast on YouTube 3spm channel on 4/13/22

Tape No. 054 - Broadcast on YouTube 3spm channel on 4/14/22

Tape No. 052 - Broadcast on YouTube 3spm channel on 4/17/22

Tape No. 050 - Broadcast on YouTube 3spm channel on 4/18/22

Tape No. 200 - Broadcast on YouTube 3spm channel on 4/19/22

Tape No. 201 - Broadcast on YouTube 3spm channel on 4/20/22

Tape No. 202 - Broadcast on YouTube 3spm channel on 4/21/22

Tape No. 203 - Broadcast on YouTube 3spm channel on 4/26/22

Tape No. 204 - Broadcast on YouTube 3spm channel on 4/27/22

(Note: Havel's Youtube channel never belonged to co-defendant Cathy Weaver. Havel was the only operator of the Channel for playing these tapes)

(b.) Plaintiff has **relative access (**Rule 26(b)(1)) to the listing of those video tape titles and dates in their own Complaint as shown above in Paragraph (1)(a.). For the requested "amount of time" Defendant played them, Plaintiff also has access to how long each of those tapes are in their various log files and Lists they provided to this Court and from Plaintiffs DE 1 and DE 131 Exhibit H – Havel's posting of the logfile Plaintiffs sent to Francisco Falcon (aka Jhnody) that Jhnody sent to Defendant nearly a year before Defendant was sued and thus learned of any copyrights). In most cases Defendant admits to having played them to their full length often mixed in with hours of commentary before and/or after the playing of the tape.

(c.) It does not serve Plaintiffs to know whether any other audio tapes were played on Havel's Youtube Channel besides the ones Plaintiff listed as it would not be **important to resolving the issues as per** Rule 26(b)(1)

surrounding Defendant's publicly playing audio tapes. This is especially true because when Defendant learned of the Complaint, in respect for the Court and to show Defendant's honesty, Defendant ceased playing audio tapes and removed them from the channel's public view until the copyright registrations could be verified as legally obtained.

(d.) Since this is a case of alleged copyright infringement Defendant had the right to play any of the audio tapes Defendant possesses, having been gifted them as Plaintiffs were gifted them.

(e.) Note the dates Plaintiff listed when Defendant played these audio tapes were BEFORE the date Plaintiff supplied to Defendant the copyright registrations on May 18th 2022 when Plaintiff served Defendant with their Complaint (DE 1). This is important because there is no dispute that I own the Material from the Heaven's Gate Group, Rkkody, Jhnody and Rio D'Angelo (Neody), and Plaintiffs Mark King and Sarah King gave to me, that were all known to have the Groups desired Common Law Copyright on them encouraging anyone to copy them in part or entirely as long as their information remained unchanged and not added to and was not become commercial, and because it can be proven The Group gave and hoped their audios, video's and written material

would be given to all who wanted to disseminate their information which is what Defendant has been doing since the early 2000's, mostly by word of mouth from Defendant's vast experience with The Group for 19 years.

**PLAINTIFF INTERROGATORY NO. 3:** Identify every website to which You uploaded any content related to Heaven's Gate and for each identified website indicate what Heaven's Gate related content was uploaded and the date it was uploaded.

**DEFENDANT'S ANSWER TO PLAINTIFF INTERROGATORY NO. 3:**

1.) This interrogatory is "overbroad", "burdensome" and not "relevant" to Plaintiffs 7 Counts in their Claim (DE 1, DE 131) against Defendant and according to Rule 26(b) – Exhibit 1, for the following reasons:

(a.) I've provided 30+ years of Heaven's Gate Content to many media groups and reporters in Print, TV, Radio and Internet Content. Here are some examples. Defendant was in the Heaven's Gate Group for 19 years from 1975 to 1994 and can be heard on many of the audio tapes as Swyody and on a number of Video Tapes as Sawyer, well known by TI and DO and Mark King and Sarah King (Mrcody and Srfody), who were in the Group for 12 years, and I was given significant tasks to disseminate TI and DO's

18

Information to many media groups (main stream and alternative) and directly to the public in public meetings and in radio and TV shows especially in 1994. I was featured on CBS's 60 Minutes, interviewed by Leslie Stahl,  broadcast on Easter Sunday of April of 1997. I was on Larry King that same month and on Good Morning America. I was in Documentaries by the BBC, National Geographic Channel, CNN, HBO Max, ABC's 2020, Inside Edition and others and on Podcasts that circulated to millions of people literally. In all those interviews I provided degrees of Heaven's Gate content from my memory but also from many writings I put together and sent via emails and posted on blogs consisting of Common Law Copyrighted Information from the Blue Book (version 1 of the Heaven's Gate Book that I own because it was gifted to me by Jhnody) and from Mark and Sarah Kings publish of the Purple Book (version 3) that The Heaven's Gate Group left behind for all people to have available to them freely by many proves.

(b.) Additionally, Defendant has owned Heaven's Gate Content from the Heaven's Gate Group through the efforts of: Rkkody and Jhnody (who we have significant proof were given a great deal of Heaven's Gate Content directly from DO) as well as from Rio D'Angelo (Neody), and even from Plaintiffs Mark King and Sarah King themselves in the form of cases of Purple Books (with no instructions on what to do or not do with them, but that I did not sell, but gave away over the years) for over 30 years and has

been sharing that content the entire time by uploading in various ways in messages to many websites which can be proven by many proves to be the intention of TI, DO and Their Group to do.

**INTERROGATORY NO. 4:** For any content related to Heaven's Gate You provided to any other person, identify what Heaven's Gate content was provided, the person to whom that Heaven's Gate content was provided, and the date which that Heaven's Gate content was provided.

**DEFENDANT'S ANSWER TO INTERROGATORY NO. 4:**

1.) This interrogatory is "overbroad", "burdensome" and not "relevant" to Plaintiffs 7 Counts in their Claim (DE 1, DE 131) against Defendant and according to Rule 26(b) – Exhibit 1, for the following reasons:

  (a.) Defendant was in the Heaven's Gate Group for 19 years from 1975 to 1994 and can be heard on many of the audio tapes as Swyody and on a number of Video Tapes as Sawyer, well known by TI and DO and Mark King and Sarah King (Mrcody and Srfody), who were in the Group for 12 years, and was given significant tasks to disseminate TI and DO's Information to many media groups (main stream and alternative) and directly to the public

in public meetings and in radio and TV shows especially in 1994. I was featured on CBS's 60 Minutes, interviewed by Leslie Stahl, broadcast on Easter Sunday of April of 1997. I was on Larry King that same month and on Good Morning America. I was in Documentaries by the BBC, National Geographic Channel, CNN, HBO Max, ABC's 2020, Inside Edition and others and on Podcasts that circulated to millions of people literally. In all those interviews I provided degrees of Heaven's Gate content from my memory but also from many writings I put together and sent via emails and posted on blogs consisting of Common Law Copyrighted Information from the Blue Book (version 1 of the Heaven's Gate Book that I own because it was gifted to me by Jhnody) and from Mark and Sarah Kings publish of the Purple Book (version 3) that The Heaven's Gate Group left behind for all people to have available to them freely by many proves.

(b.) Additionally, Defendant has owned Heaven's Gate Content from the Heaven's Gate Group through the efforts of: Rkkody and Jhnody (who we have significant proof were given a great deal of Heaven's Gate Content directly from DO) as well as from Rio D'Angelo (Neody), and even from Plaintiffs Mark King and Sarah King themselves in the form of cases of Purple Book (with no instructions on what to do with them, but that I did not sell but gave away) for over 20 years and has been sharing that content the entire time by uploading in various ways in messages to many websites

21

which can be proven by many proves to be the intention of TI, DO and Their Group to do.

(c.) In all the many ways I gave Heaven's Gate Content to people throughout over 30 years (which Mark King and Sarah King knew much about and told co-defendant Cathy Weaver and Defendant they "let it slide" and never informed me of having copyrights and trademarks, except to say or write that they had "everything copyrighted," which I always knew was not true and that was demonstrated in the Court Hearing some months ago concerning uncopyrighted audio tapes 487 to 1061/1082), and I never kept any records of who I gave what to and when. I never knew whether I was given real or fake names. I guess my Book would be considered Heaven's Gate Content since it came from my personal experiences in the Group but even with that, I never keep track of who I send my Books to as I was never interested in starting a group or putting together a mailing list or writing a newsletter as I also knew most people wanted to remain anonymous because of the controversy surrounding the entire TI and DO story and I always respected that anonymity.

(d.) I was never hiding what I was doing from Mark King and/or Sarah King. They knew of my blog for over a decade. I continued to send people who

wanted to buy the Heaven's Gate Book (the Purple Book Plaintiffs paid for the publish of with Heaven's Gate provided money as stated in Mark and Sarah Kings (Mrc/Srf) letter from Purser to use it for) to the Heaven's Gate website to write to rep@heavensgate.com to buy that book and I still do that and didn't record their names either.

DATED October 6, 2023

Stephen Havel

5776 Grape Rd.

Suite 51

PMB# 121

Mishawaka, IN. 46545

Sawcat575@gmail.com

Defendant

Exhibit 1:

In The Federal Rules of Civil Procedure Rule 26(b)(1) Discovery Scope and Limits:
Unless otherwise limited by court order, the scope of discovery is as follows: Parties
may obtain discovery regarding any nonprivileged matter **that is relevant to any
party's claim or defense and proportional to the needs of the case,** considering
the importance of the issues at stake in the action, the amount in controversy, the
parties' **relative access to relevant information**, the parties' resources, **the
importance of the discovery in resolving the issues, and whether the burden or
expense of the proposed discovery outweighs its likely benefit.** Information
within this scope of discovery need not be admissible in evidence to be
discoverable.