UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF INDIANA SOUTH

BEND DIVISION

| | |
|---|---|
| The Evolutionary Level Above Human Foundation d/b/a The Telah Foundation,<br><br>Plaintiff,<br>v.<br><br>Stephen Robert Havel,<br>Cathy JoAnn Weaver,<br>Jason Bartel,<br><br>Defendants. | CASE NO. 3:22 -CV-395-JD-MGG<br><br>FILED<br>OCT 06 2023 - PM03:52<br>US DISTRICT COURT<br>Northern District of Indiana<br>Chanda J Berta - Clerk |

## RESPONDENT STEPHEN HAVEL'S RESPONSES AND OBJECTIONS TO COMPLAINT COUNSEL'S FIRST SET OF REQUESTS FOR ADMISSION

It should be noted that this responding party has not fully completed investigation of the facts relating to this case and has not fully completed discovery in this action and has not completed preparation for trial. All of the answers contained herein are based upon such information and documents which are

1

presently available to or specifically known to this responding party and disclose only those contentions which presently occur to such responding party.

It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to known facts, as well as establishing entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, change in, and variations from the contentions herein set forth. The answers contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently know which should in no way be to the prejudice of defendant in relation to further discovery, research and /or analysis.

Respondent Stephen Havel responds and objects to Complaint Counsel's Request for Admission as set forth below. The following responses are made solely for the purposes of this action. Each response is subject to all objections as to relevance, materiality, and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court.

No incidental or implied admissions are intended by these responses. The fact that Respondent has objected or responded to any Request shall not be deemed an admission that Respondent accepts or admits the existence of any facts set forth or assumed by such Request or that such objection or response constitutes admissible evidence. The fact that Respondent has responded to part or all of any Request is not intended to and shall not be construed to be a waiver by Respondent of any part of any objection to any Request.

The responses and objections are made on the basis of information and documents currently available to and located by Respondent upon reasonable investigation. Respondent expressly reserves the right to modify, revise, supplement, or amend their responses as they deem appropriate.

The responding party has based these responses on the assumption that in propounding these requests for admission, the propounding party does not seek materials protected against discovery by (a) constitutional or statutory right of privacy: (b) materials which are irrelevant to the subject matter of this litigation.

## **GENERAL OBJECTIONS**

1. Respondent objects to the Requests to the extent they seek information or documents that cannot be located by Respondent after reasonably diligent inquiry, are readily available from public sources or are available to complaint Counsel from another source or by other means that are more convenient, more appropriate, less burdensome, or less expensive.

2. Respondent objects to the Requests to the extent they seek legal conclusions and/or would require Respondent to reach a legal conclusion in order to prepare a response.

3. Respondent objects to the Requests to the extent they are argumentative, prejudicial, improper, vague, and/or ambiguous.

4. Respondent objects to the Requests to the extent that they are not reasonably calculated to lead to admissible evidence. Instead, it was filed for the

purpose of harassing, oppressing, and embarrassing the Respondent by seeking discovery of a matter that has zero relevance to this lawsuit.

5. Respondent objects to the terms to the extent that certain terms imply legal conclusions. For example, the terms "operate" and "copyrighted audio tapes."

6. Respondent objects to the Requests to the extent they are overly broad, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

## RESPONSES

**REQUEST FOR ADMISSION NO. 1:** Admit that You are also known as Sawyer.

**RESPONSE:**

Respondent admits.

**REQUEST FOR ADMISSION NO. 2:** Admit that You operate a YouTube channel called 3spm.

**RESPONSE:**

Respondent admits.

**REQUEST FOR ADMISSION NO. 3:** Admit that Your YouTube channel has over two thousand subscribers.

4

**RESPONSE:**

Respondent admits.

**REQUEST FOR ADMISSION NO. 4:** Admit that on May 1, 2022, in a video posted to Your YouTube channel you stated the following:

"And, uh, and technically, um, they could hold me accountable for that, so I'm not going to say how many, I'm not gonna even try to guess, 'cus I don't remember. Uh, but, um,

'cus I can take the fifth that it would tend to incriminate me. So I'll do that, uh, even thought they could probably hear this tape and say, 'oh you say that.' So, I dunno. If that gets used against me, that's the way it goes. They're still not going to get any money from me and it's not going to stop the material from circulating, because we're all, [Bartel] and myself, Cathy, and [a third party], and other people are circulating the tapes."

**RESPONSE:**

1.) Respondent admits before this lawsuit was filed and before Respondent was informed of Plaintiffs alleged copyrights Respondent was "circulating" digitized audio "tapes" Respondent owned, having been gifted with over 200 digitized audio tapes created by TI and DO, by Rkkody in 1997 and 1998 that Respondent has proof of the mailing of. Rkkody legally retrieved them from Heaven's Gate Storage Room. By at least 3 proves, The Class

5

gave Rkkody the task of using the truck to take to storage to retrieve all of the content but that plan never happened. Respondent knew by many proves that DO wanted everyone to have access to the audio tapes to disseminate and listen to for free and Respondent never made one penny from giving them to anyone.

2.) Respondent admits that Respondent said "other people" are circulating the tapes but it was a general statement because Respondent knew Respondent had given some to some people and that Rkkody had given some to some people including Respondent and Respondent had heard others were giving them to people and that there would probably be others to continue giving them to others. Respondent had reasons to believe Rkkody hadn't told Mark King and/or Sarah King all the people and/or institutions he sent digitized audio tapes to.

(3.) Respondent denies there was any mention or implication of "a third party".

> In fact, in that quote Respondent did include, "Jhnody" as someone who had circulated tapes, which Plaintiffs replaced with the words in brackets "[a third party]," shown here in the exact transcript Youtube provided for the livestream;
>
> > "3:47:34
> >
> > material from circulating because we're all carl orti and myself
> >
> > 3:47:39
> >
> > kathy and juan odi and other people
> >
> > 3:47:45

6

are circulating the tapes".

Note that by Plaintiffs omitting from the quote Respondent's reference to Jhnody ("juan odi") at that position, once again, as Plaintiffs continuously do, appear to be attempting to falsify this quote to somehow use it in future Admissions and/or to avoid bringing attention to the very important facts that Jhnody, aka Francisco Falcon is the source of Defendants possession of some 930 digitized audio tapes that Mark King and/or Sarah King actually sent him over a number of months over the course of about a year's time, without any legal agreement of what he could or could not do with them which was before Jhnody sent them to Respondent and Respondent sent them to Crlody [co-defendant Bartel] in around June of 2021 knowing well that Respondent had been circulating the ones Respondent had been gifted by Rkkody in 1997 and 1998, so they could also be circulated, as Jhnody is willing to testify to under oath.

Respondent also contends that Plaintiffs knew I Respondent had been "circulating tapes" for over 10 years, in which time they never informed Respondent they had any copyrights or trademarks so at this time for all Respondent knew they were blowing smoke to have issued Respondent a Cease and Desist in November of 2021 claiming to have "everything copyrighted" which we now know was not true.

(4.) Respondent denies that it was accurate to include Cathy as someone who was "circulating the tapes".

7

Basis for Denial: It was not accurate for Respondent to say because Respondent had no knowledge that Cathy shared tapes with anyone, thus it was a hypothetical statement, except for how Cathy was by then participating in Respondent's Youtube.com 3spm livestreams, where even before knowing Cathy Respondent had been playing some audio tapes and talking about their content as early as 2007. Incidentally it was Mark King and/or Sarah King who months before Respondent met Cathy or even communicated with her had sent Cathy links to several of the first audio tapes with no legal documents or notification that they were copyrighted by the Telah Foundation.

**REQUEST FOR ADMISSION NO. 5:** Admit that on October 7, 2022, during a live stream on Your YouTube channel, You stated the following in reference to this lawsuit: "maybe we'll lose, but that won't stop me and Cathy [Weaver] and [Mr. Bartel] from telling the truth."

**RESPONSE:**

1.) Respondent admits that was said in reference to this lawsuit.

2.) Respondent denies the implication that "telling the truth" meant playing audio tapes or providing to others any of the alleged illegally copyrighted or assumed copyrighted material from the Heaven's Gate Group.

8

By that time Respondent had ceased playing any audio tapes on the channel or in any social media situation in case some of them really were legally copyrighted and Respondent has not played any audio tapes since this lawsuit began.

**REQUEST FOR ADMISSION NO. 6:** Admit that on October 7, 2022, during a live stream on Your YouTube channel, You stated the following in reference to sharing the Heaven's Gate audio tapes: "Well, yeah, we're going to share the information one way or the other –."

**RESPONSE:**

1.) Respondent denies referring to "sharing the Heaven's Gate audio tapes" by saying we're going to share the information.

Respondent stopped sharing the Heaven's Gate audio tapes after this lawsuit was filed against Respondent in case some of the audio tapes were legally copyrighted and to show the Court, if ordered Respondent would do so.

2.) Respondent admits saying Respondent would share the information but Respondent has the information embedded in Respondent's brain and that is demonstrated by many livestreams since this lawsuit was brought against Respondent.

9

**REQUEST FOR ADMISSION NO. 7:** Admit that on February 16, 2023, during a live stream on Your YouTube channel, the following dialogue exchange occurred between You and Cathy Weaver:

Ms. Weaver: "Breaking the bonds, maybe I need to exit."

You: "I didn't say it in that way, but I was thinking those things."

**RESPONSE:**

Respondent can not deny nor admit to this Admission, therefore Respondent denies.

Basis for Denial: As per the Federal Rules of Civil Procedure - Rule 36. Requests for Admission, section (a) Scope and Procedure, paragraph (1) Scope. A party may serve on any other party a written request to admit, **for purposes of the pending action only**, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents.

The subject of this Admission is not "for purposes of the pending action only". The pending action is all about copyright infringement and this Requested Admission has nothing remotely to do with alleged copyright infringement nor to any "facts or opinions" related to the alleged copyright infringement.

This request for admission is purely for harassment and Plaintiffs should be sanctioned for attempting to slander Defendants with what they are suggesting in it.

10

**REQUEST FOR ADMISSION NO. 8:** Admit that when You refer to "exiting" in the context of the dialogue exchange between You and Ms. Weaver quoted in Request for Admission No. 7, You mean suicide.

**RESPONSE:**

Respondent can not deny nor admit to what this admission requests so Respondent denies. This request is not "for purposes of the pending action only" According to Rule 36. Requests for Admission, section (a) Scope and Procedure, paragraph (1) Scope. A party may serve on any other party a written request to admit, **for purposes of the pending action only**, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents.

The pending action is all about copyright infringement and this Requested Admission has nothing remotely to do with alleged copyright infringement nor to any "facts or opinions" related to alleged copyright infringement.

This request for admission is purely for harassment and Plaintiffs should be sanctioned for attempting to slander Defendants by what they are suggesting in it.

However, since these documents are becoming part of a public record, some may think Respondent doesn't want to answer this admission because of Plaintiffs claim of talk of suicide. Because of the event of the Heaven's Gate Members laying down their physical

11

bodies by their own choice, Respondent often has to address the application of that word, "suicide" to which Respondent always states in almost every livestream is that Respondent (as did the Group) hold a **Position Against Suicide**, both kinds, Human suicide (leaving this world because of depression of some sort or in revenge) and against Soul Suicide as was described by the Group on the Heavensgate.com website Mark King and Sarah King are the webmasters of.

Our bodies are essential to growth, to learn lessons life offers us. Respondent has many times that Respondent can document helped people to not commit suicide.

**REQUEST FOR ADMISSION NO. 9:** Admit that on March 26, 2023, You participated in a livestream on Your YouTube channel with Jason Bartel, Cathy Weaver, and Francisco Falcon.

**RESPONSE:**

Respondent admits.

**REQUEST FOR ADMISSION NO. 10:** Admit that during the March 26, 2023, livestream regarding You receiving Plaintiff's copyrighted audio tapes from Mr. Falcon and then sharing with Mr. Bartel, you stated the following to Mr. Bartel: "I thank you for putting them up online."

12

**RESPONSE:**

1) Respondent denies receiving "Plaintiff's copyrighted audio tapes from Mr. Falcon".

   The reasons for this denial is as follows:

   (a.) At that time in June of 2021 when Respondent received digitized audio tapes from Mr. Falcon, Respondent had no knowledge from Plaintiffs that they had any copyright registrations for any audio tapes.

   (b.) As we all learned from the Court ordered hearing, Mark King and Sarah King have not been telling the truth about what audio tapes they copyrighted. That is why this Court ordered them to produce two Lists, one for the alleged 486 audio tapes they had a copyright registration for and one for the other audio tapes they did not have a copyright registration for while claiming erroneously that they had the Creators copyright for while they were not the Creators of them.

   (c.) Furthermore, Respondent's Defense and Counter Claim will present considerable evidence to the Court that even the copyright registrations they obtained in 1997 were an act of fraud since they have no legal documents from the Heaven's Gate Group authorizing them to copyright anything.

   (d.) When Plaintiffs supplied the two Lists they said they created new lists in which they tampered with evidence of the genuine content The Group gave with their boxes of audio tapes in storage that Respondent knows about because Rkkody had some of those handwritten lists.

13

(e.) Plaintiffs have kept their copyright registrations a big mystery for over 20 years because they knew their copyright registrations were worthless and referred to as fraudulently obtained by the attorney team working for San Diego County on the Estates of the deceased Group Members.

2) Respondent denies that Respondent shared copyrighted digitized audio tapes with Mr. Bartell.

The reasons for this denial would include Respondent's denial in paragraph number 1 above, with the addition of:

(a.) Respondent has possessed over 200 digitized (in .rm (Real Player) format) audio tapes since 1997, over 20 years prior to that livestream that were shared with Respondent by Rkkody directly on CD's that had a Common Law Copyright to Heaven's Representatives on them, which was the copyright and name DO and his Class put on their Book that can still be seen on the copyright page of their Book posted on HeavensGate.com website under the Book tab.

(b.) The 900+ digitized audio tapes Jhnody (Mr. Falcon) sent Respondent that Respondent sent to co-defendant Bartel in about June of 2021, seemed to have consisted of those same digitized tapes from Rkkody, but in an .mp3 format that belonged to Rkkody that he sent Respondent in 1997, plus some 700+ others. Even if Plaintiffs copyright registration was proven to have been obtained legally which

there is no evidence in support of, that copyright was for only 486 audio tapes, leaving some 414+ which were never registered as copyrighted.

3. Respondent admits, to thanking Crlody (Mr. Bartel) with that statement but the context was Respondent was recounting when Jhnody gave Respondent that thumb drive in approximately June of 2021 almost a year before Plaintiffs sued Respondent on May 18, 2022, that was when Respondent sent a thumb drive to Crlody (Bartel). Nothing Respondent shared ever had any money associated with it in any way. Since Respondent had digitized tapes from Rkkody since 1997 that had a Common Law Copyright to copy them and share them as long as it wasn't for commercial usage, which Respondent was not making one penny on sharing when Respondent did, to Respondent sharing what Respondent got from Jhnody was not infringing on any copyrights as Plaintiffs as said would never even tell Respondent of their copyrights for over 2 decades among thousands of opportunities.

**REQUEST FOR ADMISSION NO. 11:** Admit that you have no intention of abiding by a court order requiring you to stop infringing and disseminating Plaintiff's intellectual property.

15

**RESPONSE:**

Respondent denies with a Court order that Respondent wouldn't stop the alleged Infringement of disseminating particular parts of the Heaven's Gate Intellectual Property Plaintiffs have in their possession.

If the Court determines that Plaintiffs copyrights are legal and thus orders Respondent not to disseminate particular items of that Intellectual Property, Respondent will continue to cease disseminating it, except for in a way that Respondent hopes the Court would help determine what would be considered to be Fair Use, since Respondent does nothing for money and it's strictly for educational purposes. Respondent will always have memories from being present for some 90% of TI and DO's talking and writings and memories are not able to be called a copyright infringement as best Respondent understands.

However, this has become a religious discrimination case because all the Intellectual Property provided by TI, DO and Their Class that they left behind and/or published in various books Plaintiffs do not own, unless they bought them, so are like the Bible to those who believe in TI and DO. In the U.S. we are supposed to be free to practice our Religion and Plaintiffs are violating that right by hording over 1000 audio tapes for over two decades when DO clearly wanted them to be provided to anyone who wanted them freely.

DATED October 6, 2023

*/s/ Stephen Havel*

Stephen Havel

5776 Grape Rd.

Suite 51

PMB# 121

Mishawaka, IN. 46545

Sawcat575@gmail.com

Defendant