UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA SOUTH
BEND DIVISION

| | |
|---|---|
| The Evolutionary Level Above Human Foundation d/b/a The Telah Foundation,<br><br>    Plaintiff,<br>v.<br><br>Stephen Robert Havel,<br>Cathy JoAnn Weaver,<br>Jason Bartel,<br><br>    Defendants. | CASE NO. 3:22-CV-395-JD-MGG<br><br>FILED<br>OCT 06 2023 – PM03:52<br>US DISTRICT COURT<br>Northern District of Indiana<br>Chanda J Berta – Clerk |

## RESPONDENT CATHY WEAVER'S RESPONSES AND OBJECTIONS TO COMPLAINT COUNSEL'S FIRST SET OF REQUESTS FOR ADMISSION

It should be noted that this responding party has not fully completed investigation of the facts relating to this case and has not fully completed discovery in this action and has not completed preparation for trial. All of the answers contained herein are based upon such information and documents which are presently available to or specifically known to this responding party and disclose only those contentions which presently occur to such responding party.

It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to known facts, as well as establishing entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, change in, and variations from the contentions herein set forth. The answers

1

contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently know which should in no way be to the prejudice of defendant in relation to further discovery, research and /or analysis.

Respondent Cathy Weaver responds and objects to Complaint Counsel's Request for Admission as set forth below. The following responses are made solely for the purposes of this action. Each response is subject to all objections as to relevance, materiality, and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court.

No incidental or implied admissions are intended by these responses. The fact that Respondent has objected or responded to any Request shall not be deemed an admission that Respondent accepts or admits the existence of any facts set forth or assumed by such Request or that such objection or response constitutes admissible evidence. The fact that Respondent has responded to part or all of any Request is not intended to and shall not be construed to be a waiver by Respondent of any part of any objection to any Request.
The responses and objections are made on the basis of information and documents currently available to and located by Respondent upon reasonable investigation. Respondent expressly reserves the right to modify, revise, supplement, or amend their responses as they deem appropriate.

The responding party has based these responses on the assumption that in propounding these requests for admission, the propounding party does not seek materials protected against discovery by (a) constitutional or statutory right of privacy: (b) materials which are irrelevant to the subject matter of this litigation.

## **GENERAL OBJECTIONS**

2

1. Respondent objects to the Requests to the extent they seek information or documents that cannot be located by Respondent after reasonably diligent inquiry, are readily available from public sources or are available to complaint Counsel from another source or by other means that are more convenient, more appropriate, less burdensome, or less expensive.

2. Respondent objects to the Requests to the extent they seek legal conclusions and/or would require Respondent to reach a legal conclusion in order to prepare a response.

3. Respondent objects to the Requests to the extent they are argumentative, prejudicial, improper, vague, and/or ambiguous.

4. Respondent objects to the Requests to the extent that they are not reasonably calculated to lead to admissible evidence. Instead, it was filed for the purpose of harassing, oppressing, and embarrassing the Respondent by seeking discovery of a matter that has zero relevance to this lawsuit.

5. Respondent objects to the terms to the extent that certain terms imply legal conclusions. For example, the terms "operate" and "copyrighted audio tapes."

6. Respondent objects to the Requests to the extent they are overly broad, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

## RESPONSES

**REQUEST FOR ADMISSION NO. 1:** Admit that You participate in the operation of a YouTube channel called 3spm.

**RESPONSE:**

Respondent objects to the term "operation". The YouTube channel called 3spm has been operated by Stephen Havel since January 2007 and up to the current date. Respondent began appearing on live streams and in uploaded videos beginning October 28th, 2021. Respondent admits to uploading less than 5 videos to the 3spm channel and none of those videos contained any of the Plaintiffs alleged copyrighted material and therefore do not pertain to this lawsuit.

**REQUEST FOR ADMISSION NO. 2:** Admit that on April 8, 2022, in a video posted to the 3spm YouTube channel you stated the following in reference to the Heaven's Gate audio tapes :

"Go ahead and email us . . . email us if you don't know where the tapes are . . . please email us and we'll direct you to them."

**RESPONSE:**

Respondent admits to stating the above on April 8, 2022, however Respondent asks the Court to recognize that statement was made before this lawsuit was brought against respondent and respondent did not provide actual audio tapes to anyone who may have emailed respondent asking for them. Since this statement was made before this lawsuit

4

Plaintiffs had still not provided any proof of their alleged copyrights on any of the Heavens Gate Intellectual Property.

**REQUEST FOR ADMISSION NO. 3:** Admit that on October 7, 2022, during a live stream on the 3spm YouTube channel, You stated the following in reference to this lawsuit: "Once it's done and whatever the outcome is, if its not favorable, we're out of here… And they won't be able to touch us."

**RESPONSE:** Respondent objects to the Request to the extent it is overly broad, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, Respondent objects to the Request to the extent that it is argumentative, prejudicial, improper, vague, and/or ambiguous.

**REQUEST FOR ADMISSION NO. 4:** Admit that on October 7, 2022, during a live stream on the 3spm YouTube channel, You stated the following in reference to sharing the Heaven's Gate audio tapes:
"We're gonna share the fucking information. I know I shouldn't say that…"

**RESPONSE:** Respondent admits stating the above however would like the Court to recognize that Plaintiff is deliberately misleading the Court by stating Respondent stated the above in reference to the audio tapes. Respondent stated the above in reference to the information left behind by the Heavens Gate group. The information can be shared without infringing on the Plaintiffs alleged copyrights or trademarks by Respondent speaking on what the group believed and practiced.

5

**REQUEST FOR ADMISSION NO. 5:** Admit that on February 16, 2023, during a live stream on the 3spm YouTube channel, the following dialogue exchange occurred between You and Stephen Havel:

You: "Breaking the bonds, maybe I need to exit."

Mr. Havel: "I didn't say it in that way, but I was thinking those things."

**RESPONSE:** Respondent objects to the Request to the extent it is overly broad, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Instead, it was filed for the purpose of harassing, oppressing, and embarrassing the Respondent by seeking discovery of a matter that has zero relevance to this lawsuit. Furthermore, Respondent objects to the Request to the extent that it is argumentative, prejudicial, improper, vague, and/or ambiguous.

**REQUEST FOR ADMISSION NO. 6:** Admit that when You refer to "exiting" in the context of the dialogue exchange between You and Mr. Havel quoted in Request for Admission No. 5, You mean suicide.

**RESPONSE:** Respondent objects to the Request to the extent it is overly broad, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Instead, it was filed for the purpose of harassing, oppressing, and embarrassing the Respondent by seeking discovery of a matter that has zero relevance to this lawsuit. Furthermore, Respondent objects to the Request to the extent that it is argumentative, prejudicial, improper, vague, and/or ambiguous.

**REQUEST FOR ADMISSION NO. 7:** Admit that on March 26, 2023, You participated in a livestream on the 3spm YouTube channel with Stephen Havel, Jason Bartel, and Francisco Falcon.

**RESPONSE:** Respondent admits.

**REQUEST FOR ADMISSION NO. 8:** Admit that during the March 26, 2023, livestream regarding Mr. Havel receiving Plaintiff's copyrighted audio tapes from Mr. Falcon, you stated the following to Mr. Falcon:
"A lot of people on the chat want to thank you for making – giving – giving Sawyer, uh, the tapes."

**RESPONSE:** Respondent admits to stating the above however would like the Court to recognize that Plaintiff is misleading the Court by stating Respondent stated the above in reference to the "Plaintiff's copyrighted audio tapes". Respondents defense is that the audio tapes were fraudulently copyrighted with no legal transfer of them from the Heavens Gate group to the Plaintiffs for the purpose of copyrighting them. Furthermore, Plaintiffs have only allegedly copyrighted 486 of the audios and the remainder are not copyrighted and therefore do not pertain to this admission or this lawsuit.

**REQUEST FOR ADMISSION NO. 9:** Admit that you have no intention of abiding by a court order requiring you to stop infringing and disseminating Plaintiff's intellectual property.

**RESPONSE:** Respondent DENIES and objects to the Request to the extent it is overly broad, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Instead, it was filed for the purpose of harassing, oppressing, and embarrassing the Respondent by seeking discovery of a matter that has zero relevance to this lawsuit. Furthermore, Respondent objects to the Request to the extent that it is argumentative, prejudicial, improper, vague, and/or ambiguous. Respondent has never stated they would not abide by the Courts orders or judgement.

DATED October 6th, 2023

*Cathy Weaver*
Cathy Weaver

5776 Grape Rd.

Suite 51

PMB# 121

Mishawaka, IN. 46545

Sawcat575@gmail.com

Defendant