UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF INDIANA SOUTH

BEND DIVISION

| | |
|---|---|
| The Evolutionary Level Above Human Foundation d/b/a The Telah Foundation,<br><br>                Plaintiff,<br>v.<br><br>Stephen Robert Havel,<br>Cathy JoAnn Weaver,<br>Jason Bartel,<br><br>                Defendants. | CASE NO. 3:22-CV-395-JD-MGG<br><br>FILED<br>OCT 06 2023 – PM03:53<br>US DISTRICT COURT<br>Northern District of Indiana<br>Chanda J Berta – Clerk |

**DEFENDANT CATHY WEAVER'S RESPONSES TO**

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant Cathy Weaver responds to Plaintiff's First Set of

Interrogatories as follows:

1

## GENERAL STATEMENT

Defendant's responses are based upon information presently available to it following a reasonable inquiry. Discovery is still ongoing, however, and Defendant reserves the right to amend, supplement or change its objections and responses if and when additional information becomes available.

## GENERAL OBJECTIONS

1. Defendant objects to all discovery requests to the extent they are overbroad, vague, ambiguous, unduly burdensome, and irrelevant to the subject matter of this litigation and/or not reasonably calculated to lead to the discovery of admissible evidence.

2. Defendant objects to all discovery requests to the extent they call for information which is part of the public record, or which is otherwise equally available to all parties, or to which the propounding party has greater access as unduly burdensome, oppressive, at less cost and unreasonable.

3. Defendant objects to Plaintiff's Interrogatories to the extent they are served for harassment, oppression, or delay.

4. Each of the foregoing objections is hereby incorporated in each and every one of the following responses, whether or not they are specifically identified.

5. None of the objections or response contained herein is an admission concerning the existence of any documents or materials, the relevance or admissibility of any documents, materials, or information, or the truth or accuracy of any statement or characterization contained in Plaintiff's First Set of Interrogatories. Defendants written responses are made without waiving: (a) the right to object, on the grounds of competency, privilege, relevancy, materiality, or other proper grounds to the use of the information provided herein, in whole or in part, in any subsequent proceeding in this action or any other action; (b) the right to object on any and all grounds at any time, to other discovery requests involving or relating to the subject matter of these requests; and (c) the right to revise, correct, add, or clarify any of the responses provided herein.

6. Defendant objects to any interrogatory that seeks information that is already in the Plaintiff's possession.

7. Defendant objects to Plaintiff's interrogatories to the extent that they purport to require Defendant to provide contact information for individuals that are unknown to Defendant.

8. Defendant objects to Plaintiff's term "any content related to Heaven's Gate" on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, not defining "any content

related to Heaven's Gate" Plaintiff is asking for information outside of the scope of Discovery as it pertains to this lawsuit.

9. Defendant objects to all Interrogatories on the grounds that no date range is defined and therefore it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, not defining a date range Plaintiff is asking for information outside of the scope of Discovery as it pertains to this lawsuit.

## OBJECTIONS TO DEFINITIONS

1. Defendant objects to Definition c. "identify" on the grounds that the definition calls for information, in the form of residential addresses and telephone numbers, that would unreasonably invade the privacy of persons not a party to this litigation. Furthermore, Defendant is not privy to such personal information or even the legal name and identity of such persons.

## RESPONSE TO STANDARD INTERROGATORIES

**INTERROGATORY NO. 1:** For any response to the Requests for Admissions, served concurrently herewith, that is anything other than an unqualified admission, set forth the bases for your denial including all witnesses and exhibits in support of your denial.

4

## RESPONSE TO INTERROGATORY NO. 1.

**BASIS FOR OBJECTION TO ADMISSION NO. 1:**

Respondent objects to the term "operation". The YouTube channel called 3spm has been operated by Stephen Havel since January 2007 and up to the current date. Respondent began appearing on live streams and in uploaded videos beginning October 28th, 2021. Respondent admits to uploading less than 5 videos to the 3spm channel and none of those videos contained any of the Plaintiffs alleged copyrighted material and therefore do not pertain to this lawsuit.

**BASIS FOR OBJECTION TO ADMISSION NO. 2**

Respondent admits to stating the above on April 8, 2022, however Respondent asks the Court to recognize that statement was made before this lawsuit was brought against respondent and respondent did not provide actual audio tapes to anyone who may have emailed respondent asking for them. Since this statement was made before this lawsuit Plaintiffs had still not provided any proof of their alleged copyrights on any of the Heavens Gate Intellectual Property.

**BASIS FOR OBJECTION TO ADMISSION NO. 3**

Respondent objects to the Request to the extent it is overly broad, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, Respondent objects to the Request to the extent that it is argumentative, prejudicial, improper, vague, and/or ambiguous.

5

## BASIS FOR OBJECTION TO ADMISSION NO. 4

Respondent admits stating the above however would like the Court to recognize that Plaintiff is deliberately misleading the Court by stating Respondent stated the above in reference to the audio tapes. Respondent stated the above in reference to the information left behind by the Heavens Gate group. The information can be shared without infringing on the Plaintiffs alleged copyrights or trademarks by Respondent speaking on what the group believed and practiced.

## BASIS FOR OBJECTION TO ADMISSION NO. 5

Respondent objects to the Request to the extent it is overly broad, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Instead, it was filed for the purpose of harassing, oppressing, and embarrassing the Respondent by seeking discovery of a matter that has zero relevance to this lawsuit. Furthermore, Respondent objects to the Request to the extent that it is argumentative, prejudicial, improper, vague, and/or ambiguous.

## BASIS FOR OBJECTION TO ADMISSION NO. 6

Respondent objects to the Request to the extent it is overly broad, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Instead, it was filed

for the purpose of harassing, oppressing, and embarrassing the Respondent by seeking discovery of a matter that has zero relevance to this lawsuit. Furthermore, Respondent objects to the Request to the extent that it is argumentative, prejudicial, improper, vague, and/or ambiguous.

## BASIS FOR OBJECTION TO ADMISSION NO. 8

Respondent admits to stating the above however would like the Court to recognize that Plaintiff is misleading the Court by stating Respondent stated the above in reference to the "Plaintiff's copyrighted audio tapes". Respondents defense is that the audio tapes were fraudulently copyrighted with no legal transfer of them from the Heavens Gate group to the Plaintiffs for the purpose of copyrighting them. Furthermore, Plaintiffs have only allegedly copyrighted 486 of the audios and the remainder are not copyrighted and therefore do not pertain to this admission or this lawsuit.

## BASIS FOR OBJECTION TO ADMISSION NO. 9

Respondent DENIES and objects to the Request to the extent it is overly broad, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Instead, it was filed for the purpose of harassing, oppressing, and embarrassing the Respondent by seeking discovery of a matter that has zero relevance to this lawsuit. Furthermore, Respondent objects to the Request to the extent that it is argumentative, prejudicial, improper, vague, and/or ambiguous. Respondent has never stated they would not abide by the Courts orders or judgement.

**INTERROGATORY NO. 2:** Identify every YouTube video in which you played a Heaven's Gate audio tape. For each instance identified, provide the following: the date of the video, the title of the video, which Heaven's Gate audio tape you played, and the amount of time you played the identified Heaven's Gate audio tape.

### RESPONSE TO INTERROGATORY NO. 2.

**RESPONSE:** Defendant Cathy Weaver did not play any Heaven's Gate audio tape during any YouTube video or broadcasted Live Stream. Defendant Cathy Weaver was present while co-defendant Stephen Havel played no fewer than 13 digitized audio tapes that Plaintiff has already listed in their Complaint.

**INTERROGATORY NO. 3:** Identify every website to which You uploaded any content related to Heaven's Gate and for each identified website indicate what Heaven's Gate related content was uploaded and the date it was uploaded.

### RESPONSE TO INTERROGATORY NO. 3.

**RESPONSE:** Respondent has not uploaded any Heaven's Gate content as it pertains to this lawsuit to any websites or anywhere else on the internet.

**INTERROGATORY NO. 4:** For any content related to Heaven's Gate You provided to any other person, identify what Heaven's Gate content was provided, the person to whom that Heaven's Gate content was provided, and the date which that Heaven's Gate content was provided.

## **RESPONSE TO INTERROGATORY NO. 4.**

**RESPONSE:**

Defendant objects to Plaintiff's Interrogatory no. 4 to the extent that it purports to require Defendant to provide contact information for individuals that are unknown to Defendant and who are not a party to this lawsuit. Defendant objects to Plaintiff's term "any content related to Heaven's Gate" on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, not defining "any content related to Heaven's Gate" Plaintiff is asking for information outside of the scope of Discovery as it pertains to this lawsuit.

Defendant objects to Interrogatory no. 4 on the grounds that no date range is defined and therefore it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, not defining a date range Plaintiff is asking for information outside of the scope of Discovery as it pertains to this lawsuit.

Defendant objects to Definition c. "identify" on the grounds that the definition calls for information, in the form of residential addresses and telephone numbers, that would unreasonably invade the privacy of persons not a party to this litigation. Furthermore, Defendant is not privy to such personal information or even the legal name and identity of such persons.

Dated October 6, 2023

9

Dated October 6, 2023

*Cathy Weaver*

Cathy Weaver

5776 Grape Rd.

Suite 51

PMB# 121

Mishawaka, IN. 46545

Sawcat575@gmail.com

Defendant