**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| The Evolutionary Level Above Human Foundation d/b/a The Telah Foundation, <br><br> an Arizona nonprofit corporation, <br><br>       Plaintiff, <br><br>     v. <br><br> Steven Robert Havel; <br> Cathy JoAnn Weaver; <br> Jason Bartel, <br><br>       Defendants. | Civil Action No. 3:22-cv-00395 |

**PLAINTIFF'S RESPONSES TO DEFENDANT HAVEL'S SECOND REQUEST FOR**

**PRODUCTION OF DOCUMENTS**

    Plaintiff The Evolutionary Level Above Human Foundation d/b/a/ The Telah Foundation ("Plaintiff") submit these objections and responses ("Responses") to the Second Request for Production of Documents ("Requests") propounded by Defendant Stephen Havel ("Defendant Havel").

**PRELIMINARY STATEMENT**

    Plaintiff has not completed its investigation of the facts relating to this case and has not completed preparation for trial. The following Responses are based on information known to Plaintiff at this time, after reasonable inquiry and investigation. It is anticipated that discovery and further investigation, legal research, and analysis will supply additional facts, add meaning to known facts, and establish entirely new factual and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the Responses contained herein. These Responses should in no way be to the prejudice of Plaintiff in relation to further discovery, research, analysis, or disclosure of evidence.

    Plaintiff reserves the right to amend or supplement these Responses in the event of mistake, oversight, or omission. These Responses are made without prejudice to Plaintiff's right to identify and use

{07693820 / 3}

other information not disclosed herein or provided in response hereto, including, without limitation, subsequently discovered information and information presently known to Plaintiff but whose specific relevance, significance, or applicability to the subject matter of this lawsuit has not yet been ascertained.

To the extent Plaintiff identifies or agrees to disclose certain information in these Responses, it does so without prejudice to identify, disclose or use at a later date any additional information that may be discovered as a result of any additional investigation, legal research, or discovery.

The inadvertent disclosure of confidential or privileged information in connection with these Reponses by Plaintiff does not constitute a waiver of any applicable privilege, nor should the disclosure of any information be construed to waive any objection to the admission of that information in evidence, including, without limitation, relevancy.

Each Response contained herein is subject to all objections as to competence, relevance, materiality, propriety, admissibility, and any and all other objections that would require the exclusion of any information identified herein or disclosed in response hereto, if any of the information identified herein or disclosed in response hereto were offered into evidence. All such objections and grounds are reserved and may be interposed at the time of trial. In responding to these Requests, Plaintiff does not waive any proper objection to the use or introduction into evidence of its Responses or information identified herein or disclosed in response hereto.

This Preliminary Statement is incorporated by reference into each Response contained herein.

## GENERAL OBJECTIONS

Each Response contained herein is subject to the following General Objections. These General Objections form a part of each Response and are set forth here to avoid duplication and repetition caused by restating them in each Response. These General Objections may be specifically interposed for the purpose of clarity in Response to an individual Request. However, the failure to specifically incorporate any General Objections in a particular Response should not be construed as a waiver of the objection.

A.     Plaintiff objects to the Requests to the extent they require Plaintiff to obtain and produce documents from persons over whom it has no control.  Plaintiff responds to, and will produce documents responsive to, the Requests only on behalf of itself.

{07693820 / 3}

B.      Plaintiff objects to the Requests to the extent that they are vague, ambiguous, or otherwise lack sufficient precision to permit a Response.

C.      Plaintiff objects to the Requests to the extent that they call for the production of documents that would reveal its trade secrets or other confidential research, development, commercial or proprietary information, or information that may be protected by a right of privacy under either the United States Constitution or any other applicable law.  Plaintiff reserves the right to produce such non-privileged, responsive documents only pursuant to a protective order duly entered by the court appropriately limiting the control, use and disposition of such documents.

D.      Plaintiff objects to the Requests to the extent they seek the production of documents that are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

E.      Plaintiff objects to the Requests to the extent that they seek the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods.

F.      Plaintiff objects to the Requests to the extent that they are overbroad and unduly burdensome.

G.      Plaintiff objects to the Requests to the extent they may be construed to request the production of documents prepared in anticipation of litigation; that constitute or reflect attorney work product; that disclose the mental impressions, conclusions, opinions or legal theories of any attorneys for Plaintiff; that contain privileged attorney-client communications; or that are otherwise protected from production under applicable privileges, laws or rules.  Plaintiff will not produce any such privileged or protected documents. Inadvertent production of any such documents shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such documents.  Nor shall such inadvertent production or disclosure waive the right of Plaintiff to object to the use of any such documents during this action or in any other subsequent proceeding.  Plaintiff requests the immediate return of any such inadvertently produced documents.

{07693820 / 3}

H.      Plaintiff objects to the Requests to the extent they are ambiguous or excessive as to time frames and thus are overbroad.

I.      Plaintiff objects to the Requests to the extent that they attempt to impose obligations on Plaintiff other than those imposed or authorized by applicable law or rule.  Plaintiff further objects to the Requests to the extent that obtaining and compiling responsive documents would impose a vexatious and undue burden on Plaintiff, and thus the Requests are oppressive and/or are merely intended to harass.

J.      Plaintiff objects to the Requests to the extent they seek to have Plaintiff produce confidential, trade secret, privileged, or other information which Plaintiff considers sensitive information without a protective order governing the use and dissemination of such materials.

## RESPONSES TO DEFENDANT HAVEL'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

**2nd SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1[1]:** CASE NO. PN022228 JOINT TRIAL READINESS CONFERENCE REPORT, Section E. Exhibit Index.

Reason, this report contains the following Exhibits filed by Petitioners that can be valuable in Defendants Defense.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible

---

[1] Defendant Havel did not follow the typical convention of continuing the numbering from his first set of production requests, accordingly, Plaintiff specifically denotes these requests as the "2nd Set" in order to differentiate them from Defendant Havel's first set of requests.

{07693820 / 3}

evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing, and Plaintiff reserves the right to supplement this Response at a later time.

**2ⁿᵈ SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**

CASE NO.: PN022228 filed 04/21/98 14:59 $188.00 PETITION BY CLAIMANT TO DETERMINE OWNERSHIP OF ESTATE PROPERTY, FOR ORDER AUTHORIZING AND DIRECTING REPRESENTATIVE TO TRANSFER ESTATE PROPERTY TO PETITIONER AND PAYMENT OF PETITIONER'S ATTORNEY FEES (ROA 72 Case File Contents 3-3 Pages 6-247 that includes Exhibits A through G).

Reason: Shows the Statutory Durable Power of Attorney files for approx 19 of the Members of the Group who the Group determined might have a check coming to them. They were expired at the death of the person who filed out the form so would have only been used if one or more of these didn't die thus did not serve as a legal document for use to copyright and/or trademark any of the Material left behind by the Group Members.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible

{07693820 / 3}

evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

### 2nd SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:

CASE NO.: PN022228 PETITIONER'S SUPPLEMENTAL TRIAL BRIEF DATE: January 11, 1999.

Reason: Shows how Petitioners presented mistruths to the Court to obtain the Groups Material which they are still doing.

### RESPONSE:

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order.

Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**2ⁿᵈ SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:**

CASE NO.: PN022228 PETITIONER, THE TELAH FOUNDATION'S OPPOSITION TO PUBLIC ADMINISTRATOR'S MOTION IN LIMINE NO. 6 TO EXCLUDE PETITIONER'S EXHIBIT #134-HOW AND WHEN HEAVEN'S GATE MAY BE ENTERED Signed thereabouts 01-05-99 and filed January 11, 1999 (ROA 74 Case File Contents 2-3 pages 45-47)

Reasons: This shows that Mark King and Sarah King wanted to show the Groups intention by submitting the entire book into the case. It also shows that they admit others besides themselves received Material.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing, and Plaintiff reserves the right to supplement this Response at a later time.

7

{07693820 / 3}

**2nd SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**

CASE NO.: PN022228 TRIAL BRIEF filed by Petitioners filed on 01-08-99.  (ROA 74 Case File Contents 2-3 page 64 of)

Reason: Shows Plaintiffs (then Petitioners) case of what was the Groups intention. This document also shows that Plaintiffs believed if San Diego County didn't provide them with the Groups Intellectual Property it would be a Religious Discrimination case which is part of Defendant Havel's Defense to also show the Court and a Jury.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**2nd SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**

105. CASE NO.: PN022228 TRIAL BRIEF filed by Petitioners filed on 01-08-99. (ROA 74 Case File Contents 2-3 see page 64)

{07693820 / 3}

Reason: Shows Plaintiffs (then Petitioners) case of what was the Groups intention that if they actually believed wouldn't be suing anyone for doing as they said they wanted to do with the Materials. This document also shows that Plaintiffs believed if San Diego County didn't provide them with the Groups Intellectual Property it would be a Religious Discrimination case which is part of Defendants Havel's Defense to also show the Court and a Jury.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**2nd SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:**

Petitioners Exhibit No. 6 Marshall Herf Applewhite - Order to Proceed Summarily

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus

{07693820 / 3}

overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

## 2nd SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:

Petitioners Exhibit No. 42 David Cabot Van Sinderen - Order to Proceed Summarily

## RESPONSE:

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

{07693820 / 3}

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**2nd SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:**

Petitioners Exhibit No. 45 Creditor's Claim against the estate of Marshall Herf Applewhite.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**2nd SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:**

Petitioners Exhibit No. 75 Creditor's Claim against the estate of David Cabot Van Sinderen

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive

11

as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

## 2nd SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:

Petitioners Exhibit No. 99 E-mail from Mark and Sarah King to Heaven's Gate dated December 16, 1996 received from Public Administrator's Office on August 14, 1998

## RESPONSE:

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an

{07693820 / 3}

issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

## 2nd SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:

Petitioners Exhibit No. 99 Handwritten notes in wallet of David Van Sinderen

## RESPONSE:

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

## 2nd SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13:

Petitioners Exhibit No. 92 Envelope containing the Federal Express sender's copy receipts of packages sent to 12 other individuals and two sender's copy receipts for packages sent to Mark and Sarah

13

King.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**2nd SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13-1[2]:**

Petitioners Exhibit No. 74 Undated, unsigned letter in which the recipients are identified as Sam, Fifi, Tawni & Tony in which the senders are identified as Logan & June.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents

---

[2] Defendant Havel's Second Request for Production of Documents [DE 154] has two requests numbered as "13." Accordingly, Plaintiff is denoting the second one as "13-1" in order to differentiate the two.

{07693820 / 3}

that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

## 2nd SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:

Petitioners Exhibit No. 62 State of Arizona Certificate of Trade Name pertaining to the TELAH Foundation dated January 15,1998.

## RESPONSE:

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

{07693820 / 3}

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**2nd SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15:**

Petitioners Exhibit No. 61 Letter dated January 12, 1998 from Mark King to the Secretary of State.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**2nd SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16:**

Petitioners Exhibit No. 57 E-mail transcript dated January 15, 1997 from Soren Codea.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive

16

as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**2nd SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 17:**

Petitioners Exhibit No. 54 E-mail transcript dated October 22, 1996 from Francisco J. Falcon

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

{07693820 / 3}

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**2ⁿᵈ SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 18:**

Petitioners Exhibit No. 53 E-mail transcript dated September 25, 1996 from Francisco J. Falcon

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**2ⁿᵈ SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 19:**

Petitioners Exhibit No. 52 E-mail transcript dated December 9, 1996 from "Mrc/Srf"

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive

{07693820 / 3}

as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**2nd SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 20:**

Petitioners Exhibit No. 51 E-mail transcript dated October 22, 1996 from "Mrc/Srf"

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

{07693820 / 3}

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**2nd SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 21:**

Petitioners Exhibit No. 37 Printed information sheet identifying those people who also received packages from the decedents on or about March 26, 1997.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**2nd SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 22:**

Petitioners Exhibit No. 38 Handwritten letter dated 3/22, in which the recipients are identified as "MRC/SRF" and the senders are identified as "Your Friends"

{07693820 / 3}

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**2nd SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 23:**

Petitioners Exhibit No. 39 E-mail transcript from Chuck Humphrey to "rep@heavensgate.com" dated June 19,1996

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks

{07693820 / 3}

documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**2nd SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 24:**

Petitioners Exhibit No. 40 E-mail transcript in which the senders are identified as Mrc/Srf and the recipients are identified as Mll/Jwn, dated December 16, 1996.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

{07693820 / 3}

**2nd SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 25:**

Petitioners Exhibit No. 41 Printed letter in which the recipients are identified as "MRC/SRF" and the senders are identified as "MLL/GLD," the contents of which is concerning income and expense information for TELAH services.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**2nd SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 26:**

Petitioners Exhibit No. 42 E-mail transcript dated October 21, 1996 from "Mrc/Srf

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents

{07693820 / 3}

that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**2ⁿᵈ SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 27:**

Petitioners Exhibit No. 43 E-mail transcript dated October 25, 1996 from "Mrc/Srf

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order.

{07693820 / 3}

Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**2ⁿᵈ SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 28:**

Petitioners Exhibit No. 44 E-mail transcript dated October 28, 1996 from "Mrc/Srf

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**2ⁿᵈ SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 29:**

Petitioners Exhibit No. 45 E-mail transcript dated October 29, 1996 from "Mrc/Srf

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents

25

that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**2ⁿᵈ SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 30:**

Petitioners Exhibit No. 46 E-mail transcript dated October 30, 1996 from "Mrc/Srf

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order.

26

{07693820 / 3}

Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**2nd SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 31:**

Petitioners Exhibit No. 47 E-mail transcript dated November 5, 1996 from"Mrc/Srf

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**2nd SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 32:**

Petitioners Exhibit No. 48 E-mail transcript dated November 6, 1996 from"Mrc/Srf

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents

{07693820 / 3}

that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**2nd SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 33:**

Petitioners Exhibit No. 49 E-mail transcript dated November 12, 1996 from "Mrc/Srf34.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order.

{07693820 / 3}

Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**2ⁿᵈ SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 34:**

Petitioners Exhibit No. 50 E-mail transcript dated November 18, 1996 from "Mrc/Srf

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**2ⁿᵈ SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 35:**

Petitioners Exhibit No. 31 Four page tabulated document entitled 'Changes Made to Heaven's Gate Book.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus

overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

## 2nd SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 36:

Petitioners Exhibit No. 32 Three page document entitled "3rd Edition of Heaven's Gate"

## RESPONSE:

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

{07693820 / 3}

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**2nd SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 37:**

Petitioners Exhibit No. 31 Four page tabulated document entitled "Changes Made Heaven's Gate Book"

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**2nd SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 38:**

Petitioners Exhibit No. 30 Printed page entitled "Revised Editions of Heaven's Gate"

{07693820 / 3}

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**2ⁿᵈ SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 39:**

Petitioners Exhibit No. 28 Undated handwritten note to Mark and Sarah King who are identified as "MRC/SRF," the senders of which are identified as 'EVN/JWR." (Defendants Note: It seems there is a typo here as there was no Classmember with the short name of JWR. It would seem this was referring to JWN, which is Jwnody)

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff,

{07693820 / 3}

and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

## 2nd SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 40:

Petitioners Exhibit No. 29 Undated handwritten two page note to Wayne Parker, who is identified as "OSC," the contents of which refer to the material necessary to make a book for the Library of Congress.

## RESPONSE:

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order.

33

Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**2ⁿᵈ SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 41:**

Petitioners Exhibit No. 4 Undated letter, the recipients of which are identified as Chris and Holly and the senders of which are identified as "June, Steele, Sonny, Nick, Evan, Otis, and Geoff.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**2ⁿᵈ SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 42:**

Petitioners Exhibit No. 5 Undated letter in which the recipient, Wayne Parker, is identified as OSCODY, and the senders are identified as "The Class"

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive

34

as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

## 2nd SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 43:

Petitioners Exhibit No. 6 Undated letter in which the recipient, Rio DiAngelo, is identified as NEO, and the senders are identified as "The Class"

## RESPONSE:

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an

issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

## 2nd SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 44:

Petitioners Exhibit No. 7 Letter dated March 24, 1997, in which the recipients, Floyd and Lorraine Snelson, are identified as FLX/ ABL, and the senders are identified as "The Class"

## RESPONSE:

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

{07693820 / 3}

**2nd SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 45:**

Petitioners Exhibit No. 1 Undated letter in which the recipients, Mark and Sarah King, are identified as MRC and SRF, and the senders are identified as "The Class"

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**2nd SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 46:**

Petitioners Exhibit No. 2 Letter dated March 22, 1997, in which the recipients, Mark and Sarah King, are identified as MRC and SRF, and the senders are identified as "Pursers" (SNG, SL V, MLL, GLD)

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus

{07693820 / 3}

overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**2nd SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 47:**

03-26-98 CASE NO. PN 022228 DECLARATION OF KIMBERLY A. DONOVAN IN SUPPORT OF OPPOSITION TO PETITION TO TERMINATE SPECIAL ADMINISTRATION (See roa 73 case file contents 1-3 pages 364-389)

Reason: Shows how Mark King and Sarah King accused Chuck Humphrey of stealing the Materials DO gave him and accused him of commercializing the Material when there is a large amount of evidence to the contrary.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks

documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**2nd SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 48:**

PETITION BY CLAIMANT TO DETERMINE OWNERSHIP OF ESTATE PROPERTY, FOR ORDER AUTHORIZING AND DIRECTING REPRESENTATIVE TO TRANSFER ESTATE PROPERTY TO PETITIONER AND PAYMENT OF PETITIONER'S ATTORNEY FEES filed 04/21/98.

Reason: A number of Claims made by Petitioners that show they either exaggerated or misled or were dishonest about a number of issues they presented to the Court that strengthens Defendants defense.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

{07693820 / 3}

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**2nd SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 49:**

03/26/98 CASE NO.: PN022228 OPPOSITION TO PETITION TO TERMINATE SPECIAL ADMINISTRATION (Probate Code §8546) filed 03/26/98. See roa 73 case file contents 1-3 pages 327-333)

Reason: To show that having the Material from the Class is a religious freedom issue according to Mark King and Sarah King.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

{07693820 / 3}

**2ⁿᵈ SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 50:**

Case No. PN022228 OBJECTION TO PETITION TO DETERMINE OWNERSHIP OF ESTATE PROPERTY, FOR ORDER AUTHORIZING AND DIRECTING REPRESENTATIVE TO TRANSFER ESTATE PROPERTY TO PETITIONER AND PAYMENT OF PETITIONER'S ATTORNEY'S FEES (PROBATE CODE §9860) JULY 17, 1998 (pages 173-179 of ROA 74 Case File Contents 2-3)

Reason: This document shows the power of attorneys in California were terminated upon decedents deaths. It also shows petitioners Mark King and Sarah King had no documents to show to acquire copyright registrations to transfer from TOA their common law copyrights to Telah Foundation and showed no documents to back up their Transfer statement in the copyright registrations as "pursuant to assignments". Attorneys, Cheryl Carter and the others asked if they used those powers of attorney as the "assignments" which was not legal to do.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

{07693820 / 3}

**2nd SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 51:**

07-17-98 CASE NO.:PN022228 VERIFIED SUPPLEMENT- DECLARATION OF MARK KING (pages 182 and 183 of ROA 74 Case File Contents 2-3)

Reason: Shows how Mark King misled the Court to try to retrieve the Materials left by the Group in storage and then when they bought those materials continued to insist only the Kings should have them when that was clearly against the wishes of the Decedents.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**2nd SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 52:**

CASE NO.: PN022228 TRIAL BRIEF filed by Petitioners filed on 01-08-99. (see page 64 of ROA 74 Case File Contents 2-3)

Reason: Shows Plaintiffs (then Petitioners) case of what was the Groups intention This document also shows that Plaintiffs believed if San Diego County didn't provide them with the Groups Intellectual

{07693820 / 3}

Property it would be a Religious Discrimination case which is part of Defendants Defense to also show the Court and a Jury.

List of the contents of one of the items listed in San Diego Counties Exhibit 1 as:

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**2nd SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 53:**

CTN. FRAMED AND UNFRAMED ARTWORK/SIGNS

Reason: Plaintiffs have claimed copyright and/or ownership over all of David Cabot van Sinderen, aka Olliver Odinwood's, Ollody)'s artwork for The Meeting Script and in particular have a copyright for the CBE one of those 14 paintings and/or the Lithographic Print that is one of the counts in their complaint against Defendant, Defendant believes it necessary to see the entirety of what Plaintiffs received from the Court case in the Settlement that appears to be identified by this line item in Exhibit 1.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**2ⁿᵈ SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 54:**

Envelope with original documents: Orig: Copyright screenplay The Meeting. Orig: Copyright artwork for screenplay.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks

44

documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**2ⁿᵈ SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 55:**

Bills of sale by authors of The Meeting to Group Member.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

{07693820 / 3}

**2nd SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 56:**

No. PNO22228. Notice of lodgment in support of supplemental brief. Date January 8, 1999.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**2nd SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 57:**

No. PNO22228 Supplemental Brief. Date January 8, 1999.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the

46

extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**2nd SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 58:**

Legal document from the Group to Plaintiffs stating their transfer of Telah Services to Plaintiff.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

{07693820 / 3}

**2ⁿᵈ SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 59:**

Document from IRS to Plaintiffs stating the renaming of Telah Services to The Telah Foundation that Plaintiffs say in an interview they received directly from an "IRS panel in Washington".

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

**2ⁿᵈ SET REQUEST FOR PRODUCTION OF DOCUMENTS NO. 60:**

Fed Ex Packages and their contents that Plaintiffs have stated they and only they received from the Heavens Gate Group detailing alleged transfer and instructions of what to do with in regards to dissemination of the Heavens Gate Groups Intellectual Property.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a Response. Plaintiff further objects to this Request because it is excessive as to time frame in that it requests a search for documents that are twenty-five (25) years old and is thus

{07693820 / 3}

overbroad. Plaintiff further objects to this Request to the extent that it seeks the production of documents that are publicly available, more readily and more appropriately collected from sources other than Plaintiff, and/or more practically obtained through other methods. Plaintiff further objects to this Request to the extent that it is duplicative of previous requests. Plaintiff further objects to this Request because it seeks documents that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence in that any such document(s) relate to ownership of the Heaven's Gate intellectual property, an issue which has previously been litigated and decided in favor of Plaintiff. However, without waiving the foregoing objections, Plaintiff responds as follows:

To the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order. Investigation and discovery are continuing and Plaintiff reserves the right to supplement this Response at a later time.

RESPECTFULLY SUBMITTED this 11th day of October 2023.

> */s/ Otto E. Hinks*
> MESSNER REEVES LLP
> Isaac S. Crum (AZ Bar #026510) (Pro Hac Vice)
> icrum@messner.com
> Otto E. Hinks (AZ Bar #032457) (Pro Hac Vice)
> ohinks@messner.com
> *Attorneys for Plaintiff*

{07693820 / 3}

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 11th of October 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the filing to the parties listed below.  A copy of this filing will also be sent via U.S. mail and email.

Cathy Weaver
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

Jason Bartel
N4051 26th Lane
Redgranite, WI 54970-7087
jason_bartel@unioncab.com

Steven Robert Havel
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

By: /s/   Amber Gunsolley
     Amber Gunsolley

{07693820 / 3}