UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| The Evolutionary Level Above Human Foundation d/b/a The Telah Foundation,<br><br>  Plaintiff,<br>   v.<br><br>Stephen Robert Havel,<br>Cathy JoAnn Weaver,<br>Jason Bartel,<br><br>  Defendants. | Civil Action No. 3:22-CV-00395 |

**PLAINTIFF'S REPSONSE TO DEFENDANT BARTEL'S MOTION TO STRIKE PLAINTIFF'S REDACTED PROPOSED ORDER FOR A PRELIMINARY INJUNCTION**

The Evolutionary Level Above Human Foundation d/b/a The Telah Foundation (the "Foundation" or "Plaintiff") by and through their attorneys, hereby submits its response to Defendant Jason Bartel's ("Defendant Bartel") Motion to strike Plaintiff's Redacted Proposed Order for a Preliminary Injunction. ("Motion") [DE 162].

I. **FACTS**

Defendant Bartel's latest Motion appears to be duplicative of his previous motions regarding Plaintiff's name, in that it seeks to strike a filing based on the fact that Plaintiff inadvertently labeled itself as "Inc." as opposed to "Foundation" in its initial Complaint. [DE 162; DE 157 – Defendant Bartel's Motion to Strike Plaintiff's Amended Corporate Disclosure Statement; DE 149 – Defendant Bartel's Motion to Strike Plaintiff's First Amended Complaint; *see also* DE 124 – Defendant Bartel's Motion to Amend the Title of Proceedings]. As previously explained in Plaintiff's previous responses, this minor misnomer has no bearing on the actual issues of the case, and further, Plaintiff corrected

{07721682 / 2}

1

this inadvertent misnomer when it filed its First Amended Complaint [DE 132] and its Amended Corporate Disclosure Statement [DE 155].

## II. ARGUMENT

### A. Defendant Bartel's Arguments are Unsupported by Law

It is telling that Defendant Bartel's Motion cites to no relevant authority in support of his request to strike Plaintiff's Redacted Proposed Order for a Preliminary Injunction. Although difficult to discern exactly, the main thrust of Defendant Bartel's Motion appears to be that Plaintiff's filings that occurred before Plaintiff amended its Complaint and Corporate Disclosure Statement should be stricken because they were "filed on behalf of an alleged legal entity that alleged Plaintiff's Attorneys, Otto E. Hinks and Isaac S. Crum, have no longer agreed to represent in this Court." [DE 162 at 1]. However, it is simple logic that Plaintiff's amendment would relate back to the date of the original Complaint and would act to amend all previous filings. Such logic is supported by law. *See, e.g., RooR Int'l BV v. Munster Hookah, Inc.*, No. 2:19CV77-PPS/JPK, 2020 WL 64655, at *1 (N.D. Ind. Jan. 7, 2020) (citing *Eison v. McCoy*, 146 F.3d 468, 471-72 (7th Cir. 1998); *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993)) ("Where the proper [party] is already before the court and the effect of an amendment is merely to correct the name, no 'relation back' issue arises.").

In *RooR*, this Court addressed the frequent misspelling of a corporate defendant's name. *Id.* The Court found that there could be "no real or reasonable confusion about the party named in the lawsuit." *Id.* The Court directed the clerk to correct the docket to reflect the correct spelling of the corporate defendant and further provided that "[m]isspellings of the name in any previous filings are to be deemed corrected by interlineation *nunc pro tunc*." *Id.* at *2. The Seventh Circuit has also recognized that a "plaintiff may usually amend his complaint under Rule 15(c) … to correct a misnomer of plaintiff where the proper party plaintiff is in court." *Worthington*, 8 F.3d at 1256.

{07721682 / 2}

2

Here, there is no reasonable confusion about whether the proper plaintiff is in court. Plaintiff corrected a minor misnomer and has repeatedly shown that its initial inadvertent mistake and the subsequent correction are not material to any of the issues in this case. [*See* DE 131 at 5–6; DE 158 at 1; DE 163 at 2]. Further, Plaintiff's amendments relate back to its original Complaint and act to amend all relevant filings. *See, e.g., RooR*, 2020 WL 64655. Accordingly, Defendant Bartel's Motion is unsupported by law and should be denied.

### B.  Request for Sanctions

Plaintiff requests that the Court sanction Defendant Bartel by (1) ordering him to pay for Plaintiff's attorneys' fees incurred in connection with the briefing on this Motion; (2) ordering that Defendant Bartel is prohibited from any new filings without first seeking permission from the Court; and/or (3) any other sanction that the Court deems reasonable under the circumstances.

Pursuant to Federal Rule of Civil Procedure 11, sanctions may be imposed on a party for "making arguments or filing claims that are frivolous, legally unreasonable, without factual foundation, or asserted for an improper purpose." *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir.1998).  A frivolous argument or claim is one that is "baseless and made without a reasonable and competent inquiry." *Id.* Although a court should consider a litigants' *pro se* status when determining whether arguments warrant sanctions, the Rule 11 standard is the same for unrepresented parties and sanctions are appropriate for any frivolous arguments or claims. *See Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir.1990) (affirming sanctions and the award of attorneys' fees levied against a *pro se* litigant). Further, this Court has repeatedly reminded Defendants "that their *pro se* status does not relieve them from compliance with the Federal Rules of Civil Procedure, this Court's local rules, and all orders of this Court." [DE 78 at 2].

{07721682 / 2}

Here, Defendant Bartel's serial arguments regarding Plaintiff's minor misnomer are all unsupported by law and are thus legally unreasonable. [DE 162; DE 157; DE 149; *see also* DE 124]. Defendant Bartel has now filed at least three motions relating to Plaintiff's minor naming mistake since the time that it has already been corrected. If Defendant Bartel had made reasonable and competent inquiry into any of his various arguments regarding Plaintiff's amendment from "Inc." to "Foundation," he would have easily discovered that they are all unsupported by law and are thus frivolous. Accordingly, Plaintiff respectfully requests that the Court sanction Defendant Bartel for his continued filings of frivolous arguments.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Defendant Bartel's Motion to Strike be denied and that Plaintiff's request for sanctions be granted.

DATED this 16th day of October 2023.

**MESSNER REEVES, LLP**

By: /s/ Otto E. Hinks
MESSNER REEVES LLP
Isaac S. Crum (AZ Bar #026510) (Pro Hac Vice)
icrum@messner.com
Otto E. Hinks (AZ Bar #032457) (Pro Hac Vice)
ohinks@messner.com
*Attorneys for Plaintiff*

{07721682 / 2}

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th of October 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the filing to the parties listed below.  A copy of this filing will also be sent via U.S. mail and email.

Cathy Weaver
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

Jason Bartel
N4051 26th Lane
Redgranite, WI 54970-7087
jason_bartel@unioncab.com

Steven Robert Havel
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

By: */s/ Amber Gunsolley*
Amber Gunsolley

{07721682 / 2}