UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| The Evolutionary Level Above Human Foundation d/b/a The Telah Foundation,<br><br>Plaintiff,<br>v.<br><br>Stephen Robert Havel,<br>Cathy JoAnn Weaver,<br>Jason Bartel,<br><br>Defendants. | Civil Action No. 3:22-CV-00395 |

**PLAINTIFF'S REPSONSE TO DEFENDANT BARTEL'S EMERGENCY MOTION FOR REQUIRED JOINDER OF PARTIES**

The Evolutionary Level Above Human Foundation d/b/a The Telah Foundation (the "Foundation" or "Plaintiff") by and through their attorneys, hereby submits its response to Defendant Jason Bartel's ("Defendant Bartel") Emergency Motion for Required Joinder of Parties ("Motion"). [DE 171].

I.   **INTRODUCTION**

While difficult to discern the sometimes incoherent and rambling arguments set forth in the Motion, it appears that Defendant Bartel does nothing more than repeat his previously argued points regarding Plaintiff inadvertently including "Inc." instead of "Foundation" as part of its name in the initially filed Complaint. This minor misnomer has been corrected and repeatedly addressed by Plaintiff and has no bearing on the actual issues of this case. Yet, Defendant Bartel again advances meritless arguments that are wholly unsupported by law. Based on the very exhibits that Defendant Bartel includes as part of his Motion, it is evident that the correct Plaintiff is before the Court. Had

{07758426 / 1}

1

Defendant Bartel put forth a minimum amount of effort to perform a reasonable and competent inquiry into his legal arguments, he would have readily discovered that they are baseless and without merit, and as such, are frivolous. Accordingly, the Motion should be denied, and the Court should sanction Defendant Bartel for his continued advancement of frivolous arguments.

It also appears that Defendant Bartel is requesting, for at least the third time, that Mark and Sarah King be included as individual plaintiffs and counter-defendants. [*See* DE 171 at 1, 8–10; DE 102; DE 61]. The Court has already denied Defendant Bartel's previous attempts to add the Kings individually and found that the facts alleged by Defendant Bartel failed to support a claim to pierce the corporate veil. [DE 130 at 4 (denying DE 61), and at 7 (denying DE 102)]. The instant Motion does not include any additional new arguments regarding piercing the corporate veil and Defendant Bartel's request to add the Kings must, like his previous attempts, be denied. [*Id.* at 7 (summarizing the allegations put forth in DE 102)].

## II.   FACTS

Plaintiff, The Evolutionary Level Above Human Foundation, is an Arizona nonprofit corporation that was incorporated on September 23, 1997. [DE 171-1 at 2]; *see also* publicly available documentation from the Arizona Corporation Commission's website: https://ecorp.azcc.gov/BusinessSearch/BusinessInfo?entityNumber=08194851. Plaintiff is listed as "Active" and "In Good Standing," and has been so for over twenty-five years. *Id.* In the initially filed Complaint [DE 1], Plaintiff inadvertently replaced "Foundation" in its name with "Inc." This minor misnomer was fixed in Plaintiff's First Amended Complaint [DE 132].

Defendant Bartel has latched onto this minor mistake and has filed numerous motions, including the present Motion, seeking various forms of relief based on Plaintiff's now corrected misnomer. [DE 171; DE 162 – Defendant Bartel's Motion to

{07758426 / 1}

2

Strike Plaintiff's Redacted Proposed Order for a Preliminary Injunction; DE 157 – Defendant Bartel's Motion to Strike Plaintiff's Amended Corporate Disclosure Statement; DE 149 – Defendant Bartel's Motion to Strike Plaintiff's First Amended Complaint; *see also* DE 124 – Defendant Bartel's Motion to Amend the Title of Proceedings]. As provided in Plaintiff's previous responses, and as provided below, all of Defendant Bartel's arguments are meritless because they are unsupported by law.

### III. ARGUMENT

#### A. Defendant Bartel's Arguments are Unsupported by Law

Although many of the arguments presented in the Motion are unclear, it appears that Defendant Bartel, pursuant to Federal Rule of Civil Procedure 19, seeks the required joinder of The Evolutionary Level Above Human Foundation, Inc. and Mark and Sarah King because "a legal entity has yet to be named as Plaintiff in the case before this Court." [DE 171 at 4]. Defendant Bartel's main argument appears to be that "Alleged Plaintiff's Attorneys no longer claimed that alleged Plaintiff is an Incorporated entity in alleged Plaintiff's First Amended Complaint as the term 'Inc.' is not used to describe the alleged entity, The Evolutionary Level Above Human Foundation d/b/a The Telah Foundation, an Arizona nonprofit corporation." [*Id.* at 2]. Further, Defendant Bartel asserts that the currently named Plaintiff, The Evolutionary Level Above Human Foundation is not a legal corporate entity, and thus lacks the capacity to sue in this Court. [*Id.* at 1, 3, 4, 7].

Defendant Bartel's arguments are blatantly incorrect. There is no entity called "The Evolutionary Level Above Human Foundation, Inc." Plaintiff has explained *ad nauseam* that it mistakenly replaced "Foundation" with "Inc." in its initial filings. This inadvertent misnomer has since been corrected. [DE 132]. As is shown in the very exhibits included in Defendant Bartel's Motion, Plaintiff's correct name, as approved by the Arizona Corporation Commission, is THE EVOLUTIONARY LEVEL ABOVE

{07758426 / 1}

3

HUMAN FOUNDATION. [DE 171-1 at 2, 7, 12]. Contrary to Defendant Bartel's assertions, there is absolutely no requirement that the name of an Arizona nonprofit corporation include "Inc." *See* Ariz. Rev. Stat. Ann. § 10-3401. In fact, it is evident that the Arizona Corporation Commission approved of Plaintiff's name and formation on September 23, 1997. [*Id.* at 2]; *see also* https://ecorp.azcc.gov/BusinessSearch/BusinessInfo?entityNumber=08194851. Accordingly, all of Defendant Bartel's arguments in support of joining the non-existent The Evolutionary Level Above Human Foundation, Inc. are completely unsupported by law or fact. Further, as a duly incorporated Arizona nonprofit corporation, pursuant to Arizona law[1], Plaintiff has the power to "[s]ue and be sued, complain and defend in its corporate name." Ariz. Rev. Stat. Ann. § 10-3302. Thus, Plaintiff is a legal corporate entity with the capacity to sue and be sued in this Court.

Regarding Defendant Bartel's request to join the Kings, beyond his clearly erroneous arguments regarding the requirement of "Inc." in Plaintiff's name, Defendant Bartel fails to include any additional new arguments regarding piercing the corporate veil compared to his previous filings on this same issue. [*See e.g.*, DE 130 at 7 (summarizing the allegations put forth in DE 102)]. Accordingly, the Court should deny Defendant Bartel's request to add the Kings as it has previously done. [*Id.* at 8]. To the extent that the arguments set forth on page 8 of the Motion could be construed as allegations that the Kings have intermingled corporate and personal assets or funds, or that the Kings have used the corporate form for other than legitimate corporate purposes, Defendant Bartel fails to advance a cogent argument in support of this position. [DE 171 at 8]. Nor does Defendant Bartel cite any legal authority in support of any such proposition. [*Id.*]. Given that "Arizona law provides that the corporate status will not be lightly disregarded,"

---

[1] Fed. R. Civ. P. 17(b)(2): "Capacity to sue or be sued is determined as follows: …(2) for a corporation, by the law under which it was organized."
{07758426 / 1}

4

without providing more, Defendant Bartel's request to add the Kings must fail. *SPUS8 Dakota LP v. KNR Contractors LLC*, No. CV-19-05477-PHX-MTL, 2022 WL 17039204, at *5 (D. Ariz. Nov. 17, 2022) (internal citations omitted); *see also* [DE 130 at 8]. Should Defendant Bartel seek to expand any arguments on this front in a reply brief, if any, then Plaintiff reserves the right to seek permission from the Court to file a surreply.

Finally, although Plaintiff disputes their relevance, Defendant Bartel's arguments regarding Plaintiff's listed statutory agent are ultimately moot. On October 11, 2023, Plaintiff submitted a change of statutory agent request to the Arizona Corporation Commission changing its statutory agent from Mr. Marks to Mr. Crum. This submission was just recently approved. https://ecorp.azcc.gov/BusinessSearch/BusinessInfo?entityNumber=08194851 (showing that Mr. Crum is currently listed as Plaintiff's statutory agent).

### B. Request for Sanctions

Plaintiff repeats its request for the Court to sanction Defendant Bartel based on his persistent filing of frivolous arguments all related to Plaintiff's now corrected minor misnomer. [DE 170 at 4]. Had Defendant Bartel made any type of reasonable and competent inquiry into his various arguments regarding the requirement of an Arizona nonprofit corporation to include "Inc." in its name, then he would have readily discovered the frivolity of his arguments given that there is no such requirement. *See* Ariz. Rev. Stat. Ann. § 10-3401. Likewise, had Defendant Bartel put forth minimal effort in inquiring whether Plaintiff has capacity to sue in this Court he would have seen that his arguments on this issue are equally frivolous, given that they are completely unsupported by law. Ariz. Rev. Stat. Ann. § 10-3302. Indeed, the effort needed to locate the Arizona statutes cited above is minimal as they are publicly available and are easily found on the internet. *See* https://www.azleg.gov/arsDetail/?title=10, Arizona Revised Statutes, Title 10 – Corporations and Associations.

{07758426 / 1}

Given that none of Defendant Bartel's arguments are supported by law, Plaintiff requests again that Defendant Bartel (1) be ordered to pay for Plaintiff's attorneys' fees incurred in connection with the briefing on this Motion (in addition to Plaintiff's previously filed response [DE 170]); (2) be prohibited from any new filings without first seeking permission from the Court; and/or (3) be sanctioned according to any other sanction that the Court deems reasonable under the circumstances. *See, e.g., Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir.1998) (finding that pursuant to Federal Rule of Civil Procedure 11, sanctions may be imposed on a party for "making arguments or filing claims that are frivolous, legally unreasonable, without factual foundation, or asserted for an improper purpose."); *see also* [DE 130 at 10 (Defendant Bartel "is further warned that any future filings that raise or seek to expand upon arguments already presented to the Court or that contain multiple motions within a single filing will not be viewed favorably.")].

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Defendant Bartel's Emergency Motion for Required Joinder of Parties be denied and that Plaintiff's request for sanctions be granted.

{07758426 / 1}

DATED this 31st day of October 2023.

                                            **MESSNER REEVES, LLP**

                                        By: */s/ Otto E. Hinks*
                                              MESSNER REEVES LLP
                                              Isaac S. Crum (AZ Bar #026510) (Pro Hac Vice)
                                              icrum@messner.com
                                              Otto E. Hinks (AZ Bar #032457) (Pro Hac Vice)
                                              ohinks@messner.com
                                              *Attorneys for Plaintiff*

{07758426 / 1}

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st of October 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the filing to the parties listed below.  A copy of this filing will also be sent via U.S. mail and email.

Cathy Weaver
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

Jason Bartel
N4051 26th Lane
Redgranite, WI 54970-7087
jason_bartel@unioncab.com

Steven Robert Havel
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

By: /s/  Amber Gunsolley
     Amber Gunsolley

{07758426 / 1}