UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| The Evolutionary Level Above Human Foundation d/b/a The Telah Foundation, an Arizona nonprofit corporation, <br><br> Plaintiff, <br><br> v. <br><br> Steven Robert Havel; <br> Cathy JoAnn Weaver; <br> Jason Bartel, <br><br> Defendants. | Civil Action No. 3:22-cv-00395 |

**PLAINTIFF'S RESPONSES TO DEFENDANT HAVEL'S MOTION TO COMPEL PLAINTIFF TO PRODUCE HAVEL'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

The Evolutionary Level Above Human Foundation, d/b/a The Telah Foundation (the "Foundation" or "Plaintiff") hereby responds to Steven Havel's ("Defendant Havel") "Motion to Compel Plaintiffs to Produce Havel's Second Request for Production of Documents" and brief in support thereof (the "Motion") [DE 172, 173] and requests that the Motion be denied.

Defendant Havel's vexatious litigation tactics continue. In his latest Motion, he makes clear that his Second Requests for Production of Documents [DE 154] were served primarily to authenticate documents that are already in his possession. [DE 173 at 1]. In Plaintiff's response to Defendant Havel's first motion to compel, Plaintiff indicated that there was a way for Defendant Havel to authenticate documents that would be much less burdensome on Plaintiff. [DE 161 at 6]. Local Rule 26-1(c) does not limit the number of Requests for Admission "that relate to the authenticity of a document." Yet, instead of taking the reasonable approach of issuing Requests for Admissions to establish authenticity, Defendant Havel chose to issue sixty (60) additional document requests on top of his initial twenty-six (26) requests.

1

[DE 154]. Accordingly, Defendant Havel's latest document requests appear to be primarily for harassing and burdening Plaintiff.

Plaintiff indicated in its responses and objections to each one of the requests in Defendant Havel's Second Request for Production that although it objected on numerous grounds to each request, "[t]o the extent any responsive documents exist and are in Plaintiff's possession, custody, or control, such documents will be produced upon the entry of an agreed-upon or Court ordered protective order." [DE 169 at 4–49]. Plaintiff requested a Court ordered protective order in its response to Defendant Havel's first motion to compel production. [DE 161 at 8–9; DE 161-1]. In this current Motion, Defendant Havel repeats his previously made objections to a protective order [DE 152 at 3; DE 173 at 2–3], and in response thereto Plaintiff reasserts its previous arguments supporting the entry of a protective order. [DE 161 at 4–5, 8–9]. Plaintiff would add that Defendant Havel acknowledges that he is requesting documents that were sealed in a previous litigation. [DE 173 at 4, 14]. This acknowledgment only bolsters Plaintiff's request for some form of protection for its confidential information. Indeed, sealed documents is one of the proposed categories of documents that Plaintiff seeks to protect as confidential through entry of a protective order. [DE 161-1 at 3 ("The following may be designated 'Confidential,' provided the information was maintained as confidential and the party has a legitimate interest in maintaining its confidentiality: … c. Non-public court documents pertaining to Plaintiff that were sealed and have remained sealed.")].

Finally, Defendant Havel's current Motion to compel is not timely and should be denied on this basis alone. In the Scheduling Order, this Court provided that it "views the last months of discovery to be for the purpose of concluding your work, not extending it. Thus, to encourage the speedy resolution of this matter as required by Fed. R. Civ. P. 1, the deadline to file any discovery-related nondispositive motion is **October 16, 2023**." [DE 117 at 6]. The instant Motion was filed on October 30, 2023, two weeks past the deadline set by the Court (the Motion was signed, dated, and mailed on October 25, 2023, but regardless, even if the Court were to afford the Motion this earlier date, it is still untimely).

{07792983 / 1}

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court: (1) Enter an Order denying Defendant Havel's Motion to Compel Plaintiff to Produce Havel's Second Request for Production of Documents [DE 172]; and (2) Enter the previously submitted proposed protective order [DE 161-1]. As provided in Plaintiff's objections and responses to Defendant Havel's Second Request for Production, upon entry of a protective order, Plaintiff will produce documents responsive to Defendant Havel's requests to the extent any responsive documents exist and are in Plaintiff's possession, custody, or control. [DE 169 at 4–49].

RESPECTFULLY SUBMITTED this 13th day of November 2023.

 /s/     Otto E. Hinks
MESSNER REEVES LLP
Isaac S. Crum (AZ Bar #026510) (Pro Hac Vice)
icrum@messner.com
Otto E. Hinks (AZ Bar #032457) (Pro Hac Vice)
ohinks@messner.com
*Attorneys for Plaintiff*

{07792983 / 1}

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th of November 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the filing to the parties listed below. A copy of this filing will also be sent via U.S. mail and email.

| | |
|---|---|
| Cathy Weaver<br>5776 Grape Road, Ste 51<br>PMB #121<br>Mishawaka, IN 46545<br>sawcat575@gmail.com | Jason Bartel<br>N4051 26th Lane<br>Redgranite, WI 54970-7087<br>jason_bartel@unioncab.com |
| Steven Robert Havel<br>5776 Grape Road, Ste 51<br>PMB #121<br>Mishawaka, IN 46545<br>sawcat575@gmail.com | |

By: /s/  Amber Gunsolley
     Amber Gunsolley

{07792983 / 1}