UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| The Evolutionary Level Above Human, Inc.<br><br>Plaintiff,<br>v.<br><br>Steven Robert Havel,<br>Cathy JoAnn Weaver,<br>Jason Bartel,<br><br>Defendants. | CASE NO. 3:22-CV-395-JD-MGG |



-FILED-
NOV 20 2023
At_____ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

# HAVEL'S MOTION TO REQUEST A CONTINUANCE

# OF THE DEADLINES FOR DISCOVERY

In accordance with the Courts Discovery Scheduling Order (DE 114 at 4) Defendant Stephen Havel believes there is "good cause" for the Court to consider issuing an order for a Continuance (Extension) of the Discovery Deadlines set forth in the Courts Order.

Pursuant with the guidelines provided by this Courts Discovery Scheduling Order:

"A motion to extend the discovery deadline should set forth (a) a statement of the discovery completed, (b) a specific description of the discovery that remains to be done, (c) a statement of the reason(s) discovery was not completed within the time allowed, and (d) a proposed schedule for the completion of the remaining discovery."

Heretofore are Defendants attempts to provide the Court with the information requested to extend Discovery:

1. **Re: (a) a statement of the discovery completed**



(1)

Defendant doesn't know if any Discovery has been "completed" because Defendant has not received anything from Plaintiffs for the following Requests:

    a. Defendant has filed his First Requests for Production of Documents from Plaintiff Plaintiff responded saying some Requests would not be provided while some others would only be provided with a Protective Order. To expedite, knowing this pattern with Plaintiffs Defendant filed a Motion to Compel producing the documents and Plaintiffs responded and Defendant responded to Plaintiffs response.

    b. Defendant has filed his Second Requests for Production of Documents from Plaintiff Plaintiff responded saying some Requests would be provided only with a Protective Order. Again Defendant filed a Motion to Compel and Plaintiff responded and Defendant may or may not respond.

    c. Defendant has filed his Requests for Admissions from Plaintiffs (on the same day as this Extension Request)

    d. Defendant has filed his Requests for Interrogatories from Plaintiffs (on the same day with this Extension Request)

    e. Defendant had made an Initial Disclosure to Plaintiffs but even that is not completed because Defendant has just learned in the last few days of a new document pertaining to Plaintiffs registering a new copyright of some audio tapes with a new Author that was never an Author, so provides a great deal of admissible evidence to Defendant's Defense and Counter Claim that Defendant believes Plaintiff is required to divulge as a report the Court Ordered (DE 114 at 3) as "Supplementation under Rule 26(e) is due every **six weeks** until trial " but that Defendant never received.

    f. Defendant has provided responses to Plaintiffs First Requests for Admissions

    g. Defendant has provided responses to Plaintiffs First Requests for Interrogatories

2. **re: (b) a specific description of the discovery that remains to be done**

   a. Defendant has filed his Requests for Admissions from Plaintiffs (on the same day as this Extension Request) so will await Plaintiffs responses.

   b. Defendant has filed his Requests for Interrogatories from Plaintiffs (on the same day with this Extension Request) so will await Plaintiffs responses.

   c. Defendant's First Requests for Production of Documents needs the Court to compel Plaintiff to provide Documents.

   d. Defendant's Second Requests for Production of Documents needs the Court to compel Plaintiff to provide Documents.

3. **re: (c) a statement of the reason(s) discovery was not completed within the time allowed**

   a. When the Court set up the Discovery Deadlines, the timing seemed to be partially based on Plaintiffs and Defendants arriving at a "stipulated preliminary injunction" partially based on Plaintiffs supplying two court ordered lists of the 486 audio tape files Plaintiffs had a registered copyrights for and a second list of another 600+ audio tape files Plaintiffs did not have a registered copyrights for. When Plaintiffs produced Lists with many errors in them and using a made up general description of "various discussions" (when Defendants knew the originals had detailed descriptions and noted when there were missing or damaged tapes) it was clear Plaintiffs were once again not providing genuine evidence of the audio tapes they have. Accordingly Defendant no longer could go along with the tentative agreement for a stipulated injunction. Dealing with all those back and forth filings took us into July.

   b. Next Defendant worked hard on meeting the deadline for his Initial Disclosure of July 13, 2023.

c. Next Defendant worked on filing a very needed Amended Answer, Defense and Counter Claim to meet the deadline for non-dispositive motions of October 16, 2023 and that wasn't filed until September 29, 2023.

d. Defendant was simultaneously beginning to compile his Requests for Documents, Admissions and Interrogatories but Defendant must work 10 hours a day, 5-7 days a week to go less into debt each month and yet still worked day and night and all day on that one or two days off to meet Court deadlines and to spend a huge amount of time learning how to be his own lawyer and not make big mistakes.

e. Then when Defendant filed the First Request for Documents it was met with Plaintiff's total resistance, so I didn't know what else to do but file a motion to compel Plaintiffs to provide at least some of the documents that were mostly all in the public domain, but I needed authentication of to use for my case. Months back, Plaintiffs had struck the inclusion of a document needed as evidence in my Defense and Counter Claim. Plus Defendant didn't want to use up my Admissions as I didn't know that authentication of documents wouldn't be counted (according to Plaintiffs) as part of my quota of 25 Admission Requests.

f. Motions to compel, that I have now filed two of, take a lot of work and time to try to address all Plaintiffs largely boiler plate objections to providing documents and then responding to Plaintiffs responses.

4. **re: (d) a proposed schedule for the completion of the remaining discovery.**

Considering Defendant is submitting Admissions and Interrogatories today and Considering that Plaintiffs have 30 days to respond and given the way Plaintiffs will probably come up with reasons to not respond to many or most or all of the Requests so may need to once again be compelled to comply, that would take additional motions to get the Courts help for them to cooperate with Discovery, that would add a second 30 days for their responses and another

30 days for my responses, if need be, (though hopefully could all take less than the 30 days for each of their and my responses) that time period would add up to a 90 day extension.

However, this is hoping Plaintiffs demand for a "protective order" on a few documents, (as most are in the Courts database that is public domain already would be able to take place simultaneously within that same 90 day extension.

Dated: NOV. 15, 2023

*Stephen Havel*

Stephen Havel

5776 Grape Rd.

Suite 51

PMB# 121

Mishawaka, IN. 46545

Sawcat575@gmail.com

Defendant

