UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF INDIANA

SOUTH BEND DIVISION

| | |
|---|---|
| The Evolutionary Level Above Human Foundation d/b/a The Telah Foundation,<br><br>　　　　Plaintiff,<br>v.<br><br>Stephen Robert Havel,<br>Cathy JoAnn Weaver,<br>Jason Bartel,<br><br>　　　　Defendants. | CASE NO. 3:22 -CV-395-JD-MGG<br><br> |

**DEFENDANT HAVEL'S FIRST SET OF INTERROGATORIES TO PLAINTIFF**

**MARK KING AND SARAH KING AS OFFICERS IN THE TELAH FOUNDATION**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Stephen Havel ("Havel") requests that Plaintiff The Evolutionary Level Above Human Foundation answer the following interrogatories separately and fully, in writing, under oath, as required by law, within thirty (30) days of the date of service.

1

## INSTRUCTIONS

1. You, (heretofore defined as Mark King and/or Sarah King as the Officers of The Evolutionary Level Above Human Foundation dba The Telah Foundation) are to answer each interrogatory separately and under oath.

2. If You object to any interrogatory contained herein, You may state the objection in the manner prescribed by the Federal Rules, but You shall answer the interrogatory subject to the objection which You have stated.

3. If You object to any interrogatory or any portion of an interrogatory on the ground that the answer would reveal the substance of any privileged information, provide all information required by Federal Rule of Civil Procedure 26(b)(5). If your objection is on the ground that the answer would reveal the substance of a privileged communication, include an identification of: (a) the nature of the privilege or protection claimed; (b) the person who made the communication, whether oral or in writing; (c) if the communication was oral, all persons present while the communication was made; (d) if the communication was written, the author, addressees, and any other recipients; (e) the date and place of the communication; and (f) the general subject matter of the communication.

4. If You are unable to answer fully any interrogatory herein, You must answer to the extent possible, provide an explanation of each reason why a full answer is not possible and provide whatever information is in Your possession, custody or control concerning any unanswered portion.

5. Whenever appropriate, the singular form of a word shall be interpreted in the plural, or vice versa; verb tenses shall be interpreted to include past, present and future tenses; the terms

"and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories any information that might otherwise be construed as outside their scope; and words in the masculine, feminine or neuter form include the others. Likewise, "each" shall be construed to include "every" and vice versa; "include" and "including" shall mean including without limitation; and "any" shall be construed to include "all" and vice versa.

6. Any reference to a person, corporation, association, partnership, company or joint venture shall mean that person or entity, any parents, affiliates, divisions, controlled companies, subsidiaries or otherwise related persons and entities, and all of his, her or its current or former agents, representatives, employees, attorneys, accountants, officers, directors, auditors, and consultants or other persons or entities acting or purporting to act on his, her or its behalf.

7. The obligation to produce information requested herein is of a continuing nature pursuant to Rule 26(e) of the Federal Rules of Civil Procedure. If You receive or otherwise become aware of information responsive to any interrogatory after you have served Your responses to these interrogatories, you must promptly supplement your responses to these interrogatories to provide such information, as required by Rule 26(e).

## DEFINITIONS

Except as otherwise specified, all terms used in these interrogatories shall be construed in accordance with the following definitions:

a. "You" refers to Plaintiffs Mark King and/or Sarah King

b.      The terms "Document" or "Documents" mean all items within the full scope of Federal Rule of Civil Procedure 34, all forms of writings, recordings and photographs defined in Federal Rule of Evidence 1001, and includes any reduction to tangible form, including any written, recorded, photographed or filmed matter and any computer, electronic, magnetic or optical memory or storage, of any communications, information or data of any kind or nature, however produced or reproduced, including originals, drafts and copies. The terms "Document" or "Documents" also include designs, CAD designs, blueprints, renderings, preconstruction drawings, construction drawings, shop drawings, and/or as-built drawings. Each draft, version or non-identical copy of a Document shall constitute a separate Document for purposes responding to these Requests.  "Document" also includes any attachments or appendices to any Document.  This definition applies to all records in your actual or constructive possession, custody or control (or the actual or constructive possession, custody or control of any of Your representatives, employees, agents, or attorneys), including without limitation all correspondence, letters, e-mails, text and similar messages, pamphlets, client alerts, orders, reports, calendars, daybooks, notes, journals, diaries, records, checks, receipts, invoices, estimates, transcriptions, telephone records, recordings, facsimiles, and facsimile transmittals, memoranda, tabulations, evaluations, summaries, opinions, statistical records, literature, books, periodicals, publications, papers, tapes, flash drives, "floppy" disks, DVDs, CDs, hard drives, data files, video and audio recordings of all types, charts, drawings, sketches, photographs, and any information transmitted or stored electronically, by means of computer equipment, or by means of any electronic data processing or storage system, or by and through the Internet or any network (including without limitation storage on shared, off-site and/or "cloud" computer

servers), or stored on removable magnetic or optical media. "Document" and "Documents" includes all copies of a Document that contain any additional writing, marginalia, underlining, notes, deletions, modifications, or any other markings or notations, or are otherwise not identical copies of the original. The production of electronic data shall include all metadata associated with the electronica files, and shall include the text/OCR ("optical character recognition") of each such Document. "Document" and "Documents" also include any electronically stored information ("ESI") and means any information that is stored in an electronic medium, including any ESI reflecting or constituting any text message, e-mail, or social media message or post.

c.  The term "Identify," when used in the context of identifying a Document, means providing a description of the Document, the name of the Document, the author of the Document, the recipient of the Document, and any other information necessary to request the Document in a request for production. The term "Identify," when used in the context of identifying a Person, means providing the name, address, and telephone number or other known contact information of individual or entity likely to have discoverable information, along with the subject of that information.

d.  The terms "Person" and "Persons" mean any natural person, association, partnership, corporation, joint venture, government entity, organization, trust, institution, proprietorship, or any other entity recognized as having an existence under the laws of any state, the United States, or any other nation.

e.  The term "Relate" or "Relating To" means and includes "concerning," "representing," "evidencing," "reflecting," "referring to," "memorializing," "connected with," "about,"

"regarding," "mentioning," "discussing," "constituting," "supporting," "refuting," "pertaining to" or "describing."

f.  The term "Communication" means the transmission of information in any form, including, without limitation, written, oral, or electronic transmissions.

g.  The term or phrase "Group" or "The Class" or DO's Class refers to the most current organizational name of Heaven's Gate.

h.  The name TI (pronounced "tea" or "tee") refers to Bonnie Lu Truesdale Nettles, the Co-Founder and co-Teacher from 1975 to 1985 (when her body died), of what became known as Heaven's Gate.

i.  The name DO (pronounced "doe" or "dough" refers to Marshall Herf Applewhite, the Co-Founder and Co-Teacher with TI and as of June of 1985 the sole remaining Teacher of the Heaven's Gate Group

## INTERROGATORIES

### INTERROGATORY NO. 1:

State the name(s), business address(es) and job title(s) or capacity(ies) of the officer(s), employee(s) or agent(s) answering or providing any information used to answer each Interrogatory.

### INTERROGATORY NO. 2:

State the correct legal name of your organization.

**INTERROGATORY NO. 3:**

State any other names which your organization uses to identify itself, whether such names are registered with any official, and the date and place of such registration.

**INTERROGATORY NO. 4:**

State the form of your organization, the date and place the organization was organized and registered and/or licensed to do business.

**INTERROGATORY NO. 5:**

State the name, title, address and job description of each director, partner, shareholder, employee, officer, and manager who authorized, approved, or was aware of this lawsuit.

**INTERROGATORY NO. 6:** For any response to the Defendant's First Requests for Admissions, served concurrently herewith, that is anything other than an unqualified admission, set forth the bases for your denial including all witnesses and exhibits in support of your denial.

**INTERROGATORY NO. 7:** In regards to your Complaint (DE 1 and Amended Complaint DE 132) Paragraph 11: "A second lawsuit, filed in 1998 also ended in a 1999 consent decree which likewise confirmed the Foundation's ownership of, inter alia, the intellectual property of the Group," which was presumably referring to Plaintiffs Case # 3:98-cv-00892-CRB, presided over by Judge Richard Breyer; **Defendant Requests you provide the full content of the "Settlement Agreement"** that was referenced in most every part of Judge Breyer's Consent Decree that

provides the details regarding Plaintiffs (Telah's) handling of the Heaven's Gate Intellectual Property defined, that is information directly related to Plaintiffs Claims against Defendants.

Here are the **examples** from the Consent Decree of the importance of this "Settlement Agreement" that will provide Admissible Evidence for Defendant's Defense and Counter Claims:

1) "Pursuant to a **Settlement Agreement**, The Evolutionary Level Above Human Foundation, Inc. dba The Telah Foundation ("TELAH"), Mark King, Sarah King…"

2) "Distribution" of the Heaven's Gate Book, 'How and When "Heaven's Gate" (The Door to the Physical Kingdom Level Above Human) May Be Entered' final version, initial version, and Humphrey version as set forth in the **Settlement Agreement**."

(*Note: the full correct name of the Heaven's Gate Book wasn't correctly written in this Consent Decree. The correct name is: 'How and When "Heaven's Gate" (The Door to the Physical Kingdom Level Above Human) May Be Entered')

3. The "new Videotape CD from the CD's created by Humphrey containing copies of videotapes created by The Class, as set forth in the **Settlement Agreement**. The new Videotape CD will be provided to TELAH, which will make copies of the it and distribute it as set forth in the **Settlement Agreement**."

4. **Example:** "Disseminate" the "two CD set of CD's created by Humphrey containing copies of audiotapes of classroom sessions by The Class ("the Audiotape CD Set"). From this copy,

8

TELAH will make a new revised Audiotape CD Set and will disseminate it as set forth in the **Settlement Agreement**."

5. **Example:** the provision to the public of "the heavensgate.com website in the manner set forth by The Class, as indicated in the diskettes left by The Class, except as set forth in the **Settlement Agreement.**

6. **Example:** "As set forth in the **Settlement Agreement**, once a month for a period of 3 months from the date the heavensgate.com website becomes operable, TELAH will send The Moreas redacted copies of all viable e-mail messages received at the heavensgate.com website and all responses sent to those messages. Other than the changes specifically set forth in the **Settlement Agreement**, no other changes shall be made to the heavensgate.com website."

7. **Example:** "TELAH agrees to **send out copies** of the "Do's Final Exit," "Students of Heaven's Gate Expressing Their Thoughts Before Exit," "Last Chance to Evacuate Earth Before It's Recycled," "Planet About to be Recycled - Your Only Chance to Survive - Leave With Us" **videotapes** in their possession at no charge or for the cost of shipping, at TELAH'S discretion, **to anyone who requests them as set forth in the heavensgate.com website** contained in the diskettes left by The Class.

## INTERROGATORY NO. 8:

For each of the 7 Examples listed in Interrogatory No. 7, when you distributed or disseminated the Heaven's Gate Intellectual Property, describe any instructions (legal or otherwise) you provided with the Intellectual Property about what they could or could not do with that Intellectual Property.

**INTERROGATORY NO. 9:** Regarding Judge Breyer's Consent Decree referenced in Interrogatory No. 7, where he wrote, "8. TELAH will have exclusive rights and responsibility for ownership and management of the intellectual property of The Class/the Heaven's Gate group (including the numerous other names used by the group), including copyrights and trademarks to books, videotapes, audiotapes, CD'S, websites, letters, other documents, names and symbols";

**List all the Heaven's Gate Group's specific "copyrights and trademarks to videotapes, audiotapes, CD'S, websites, letters, other documents, names and symbols", to include their copyright and/or trademark registration information containing the authors name, dates and registration numbers and exactly what was copyrighted and/or trademarked and the wording the Group used on each specific item registered and/or trademarked.**

**INTERROGATORY NO. 10:** Regarding and in addition to the List Requested in Interrogatory No. 8; **List each description of each item referred to in the Consent Decree as "Intellectual Property"** that Judge Richard Breyer gave you "exclusive rights and responsibility for ownership and management of".

**INTERROGATORY NO. 11:**

**List the Names (including yourselves) of all those you know of who received some of the same Intellectual Property** directly from DO's Class around March 25, 1997 and what they received.

The primary names on the List should be from the document DO's Class sent to at least 8 individuals in their packets entitled, "LIST OF THOSE WHO RECEIVED SIMILAR PACKETS."

Besides what Mark King and Sarah King received in their packets, at least 6 (six) other former members of the Class named as Jhnody (aka Jhn, Francisco Falcon), Rkkody (aka Rkk, Charles Chuck Humphrey), Neody (aka Neo, Rio D'Angelo), Oscody (aka Osc, Wayne Parker), Flxody and Ablody (aka Flx, Lorraine Snelson and Floyd Snelson) also received Intellectual Property directly from the Group (all as gifts) years before Judge Breyer's 1999 Consent Decree.

**INTERROGATORY NO. 12:**

List all the Heaven's Gate Intellectual Property, including Art Work, you have registered or applied for registrations of copyrights and/or trademarks for.

**INTERROGATORY NO. 13:**

List the other Former Members of the Group that you informed Judge Richard Breyer's Court about who the Group had sent their Intellectual Property to.

**INTERROGATORY NO. 14:**

Did you inform Judge Richard Breyer of your ongoing case to make claim to the Heaven's Gate Intellectual Property that was in the possession of San Diego County.

**INTERROGATORY NO. 15:**

When you started the lawsuit against Right to Know, Rkkody's DBA, and Rkkody's Daughter Kathryn Morea and her husband to obtain the Intellectual Property Rkkody left to his daughter Kathryn when he died, did you inform San Diego County that you had started another lawsuit to try to win parts of the same body of Intellectual Property in contention in both cases?

**INTERROGATORY NO. 16:** Because you were ordered to Distribute the Heaven's Gate Book and to create a new CD with the Video Tapes on them to Distribute and to Disseminate the Audio Tapes off of Rkkody's CD to people, **explain why you would never provide any of the audio tapes to Defendant Havel and Co-Defendant Bartel?**

**INTERROGATORY NO. 17:**

Why are you suing Defendant for playing some of the Groups Audio Tapes on Defendant's non-profit Youtube channel 3SPM when Defendant has been playing them for many years?

**INTERROGATORY NO. 18:**

**Did you submit any of the Powers of Attorney** (the Group left you and explained in a Letter to you were to potentially help you to cash checks due to certain students), (that Judge Lisa Guy Schall said in her Statement of Decision, in California expired upon the death of the person who gave you the Power of Attorney) **to the Copyright Office to help obtain any of your Telah Foundation or other associated named Copyrights and/or Trademarks?**

**INTERROGATORY NO. 19:**

12

Why did you tell Judge Richard Breyer you received transfers of the Groups copyrights and intellectual property and the Court in this current case, when you received no transfers or assignments or legal method of a legal transfer or assignment of the Groups copyrights or trademarks.

**INTERROGATORY NO. 20:**

In your Complaint (DE 1 and amended complaint DE 134) you stated in paragraph 13:

"13. Included in the Property transferred to the Foundation is a number of audio cassettes, audiovisual works, fabric designs, lithographic prints, and literary works." List the exact number of each of these categories of works.

**INTERROGATORY NO. 21:**

Referring to the new copyright registration SRu001552631 you filed in a sneaky fashion with the copyright office on July 7, 2023, explain and provide evidence for the following statements in the registration as listed below:

1) **Provide all your evidence that Steven Terry McCarter**, known in the Heaven's Gate Group as Srrody, who was among the 39 deceased members of the Group **authored the listed audio tapes numbers 487 to 497** when his voice isn't even heard on much of these audio tapes and even if his voice was heard in some of them, it was heard as a Student asking his Teacher, DO (aka Marshall Herf Applewhite), the only true Author of these tapes brief questions.

2) Explain how Steven Terry McCarter is listed in the registration as having been born in 1956 and was listed as not having died by the omission of the year of his decease in 1997 as there is a great amount of evidence of and Plaintiffs know well.

3) Provide the detailed list of all the "Rights and Permissions" you possess or have on file with Attorney: Rowan Smith, Messner Reeves LLP, 7250 N 16th Street, Suite 410, Phoenix, AZ, 85020, United States, rsmith@messner.com that were referenced in this registration.

4) Provide all your reasoning and legal basis for using a "claimant name" of: "The Evolutionary Above Human Foundation d.b.a. The Telah Foundation" (removing the word "Level") in the registration that is different from the name of the institution used to file this lawsuit over the same body of audio tapes (as illustrated by Plaintiffs provision of two lists of audio tapes to the Court that you claim to have either registered or unregistered copyright for) and other materials alleged copyright and/or trademark infringements by Defendants.

5) Explain why you have filed this copyright registration on July 7, 2023 less than a month after the zoom hearing Judge Gosch held with Plaintiffs and Defendants, where Plaintiffs were caught in the hearing saying Plaintiffs not only had a registered copyright for 486 audio tapes but also had the copyright the Creators of the audio tapes automatically held, on the additional audio tapes Plaintiffs stated in that hearing numbered "over 1000" audio tapes.

6) Explain how you hold the copyrights on any of these unregistered audio tapes The Group (TI and/or DO had recorded).

7) Explain how many physical audio tape cassettes exist when there is considerable evidence of your stating at one time there were 1061 and another time 1082.

8) Explain how the two logfiles you provided the Court that included an alleged 486 registered audio tapes and the other list 487-1082 of unregistered audio tapes didn't actually refer to the physical amount of audio tapes in either list because some were absent to begin with.

.

9) Explain how you aim to "represent" TI and DO's Information (as you do by maintaining the website and email at: rep@heavensgate.com and by giving away the Book and have a vimeo channel for the Beyond Human Video tape series) that the group clearly wished to remain publicly available (as they started the website that contains their book before leaving without your help in 1996) with evidence of their intention for it all to become publicly available by their Book's posting of the Common Law Copyright and the fact that they did not register any copyrights and evidenced by dozens of proves in writing and in audio's and video's they hoped all the former members and others would disseminate their information to others who wanted it, which is exactly what Defendants Havel and Bartell and Rkkody and others including co-defendant Cathy Weaver want (or wanted to do) and even wanted to do so with you, which you try to keep them from doing.

10) According to this registration data below in the section: "Regarding group registration" Explain how you have met the Requirements detailed as:

"(1) All the works must be unpublished"; when they were posted on a public freedom of information website years ago (as you referenced in Plaintiffs First Request for Admissions from co-Defendant Bartel) and these same digitized audio tapes were posted on another website for nearly a year.

"4) all the works must be created by the same author or the same joint authors" when none of them were created by the listed author and there were no joint authors";

"5) the authorship claimed in each work must be the same"; when the authorship claimed wasn't the author of any of the 10 listed works.

"6) the author and claimant for each work must be the same person or organization" when the author is listed as Steven Terry McCarter who is deceased and the Claimant is listed as: The Evolutionary Above Human Foundation d.b.a. The Telah Foundation that didn't exist in 1990 when these works were created. Also Mark King and Sarah

16

King who are behind this registration, though were in the Group from 1975 to 1987 had no part in the creation of these audio tapes which Defendant Havel is witness to.

11. Explain the details you gave for the response to the Transfer clause of this registration as: "by operation of law,". What laws were given to justify this Transfer. Were any legal documents provided from Steven Terry McCarter?

**Here is the copyright registration data I have referred to in this Interrogatory Request:**

"Type of Work:     Sound Recording

Registration Number / Date:     SRu001552631 / 2023-07-07

Application Title:   Tape 487 and 9 Other Unpublished Works.

Title:  Tape 487 and 9 Other Unpublished Works.

Description:  Electronic file (eService)

Copyright Claimant:      The Evolutionary Above Human Foundation d.b.a. The Telah Foundation, Transfer: by operation of law. Address: 4757 E. Greenway Road, #103, Phoenix, AZ, 85032, United States.

Date of Creation:    1990

Authorship on Application:     Steven Terry McCarter, 1956- ; Citizenship: United States. Authorship: Sound Recordings.

Rights and Permissions:   Rowan Smith, Messner Reeves LLP, 7250 N 16th Street, Suite 410, Phoenix, AZ, 85020, United States, rsmith@messner.com

Copyright Note:    C.O. correspondence.

Regarding group registration: A group of unpublished works may be registered in the same administrative class under 202.4(c) if the following requirements have been met: 1) All the works must be unpublished; 2) the group may include up to ten works; 3) a title must be provided for each work; 4) all the works must be created by the same author or the same joint authors; 5) the authorship claimed in each work must be the same; and 6) the author and claimant for each work must be the same person or organization.

Contents:

Tape 487.
Tape 488.
Tape 489-490.
Tape 491.
Tape 492.
Tape 493.
Tape 494.
Tape 495.
Tape 496.
Tape 497-498.


Names:      McCarter, Steven Terry
            Evolutionary Above Human Foundation
            Telah Foundation"


Dated: *NOV. 15, 2023*

*[signature: Stephen Havel]*

Stephen Havel

5776 Grape Rd.

Suite 51

PMB# 121

Mishawaka, IN. 46545

Sawcat575@gmail.com

Defendant



FROM:

S. Havel
5776 Grape Rd.
Ste 51 PMB #121
Mishawaka, IN 46545

TO:

US District Court
Robert Grant Federal
courthouse
204 S. Main St.
South Bend, IN 46601