UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| The Evolutionary Level Above Human Foundation d/b/a The Telah Foundation,<br><br>     Plaintiff,<br><br> v.<br><br>Stephen Robert Havel,<br>Cathy JoAnn Weaver,<br>Jason Bartel,<br><br>     Defendants. | Civil Action No. 3:22-CV-00395 |

**PLAINTIFF'S REPSONSE TO DEFENDANT HAVEL'S MOTION FOR A PRELIMINARY INJUNCTION**

 The Evolutionary Level Above Human Foundation d/b/a The Telah Foundation (the "Foundation" or "Plaintiff") by and through their attorneys, hereby submits its response to Defendant Stephen Havel's ("Defendant Havel") Motion for Preliminary Injunction and the brief in support thereof. ("Motion") [DE 179; DE 180].

 Defendant Havel falls well short of meeting the required showing for a preliminary injunction. A party seeking a preliminary injunction must first show "that: (1) absent preliminary injunctive relief, [the party] will suffer irreparable harm in the interim prior to a final resolution; (2) there is no adequate remedy at law; and (3) [the party] has a reasonable likelihood of success on the merits." *Turnell v. CentiMark Corp.*, 796 F.3d 656, 661–62 (7th Cir. 2015).

 In terms of irreparable harm, Defendant Havel seems to indicate that he will have to "spend even dozens to hundreds of more hours to defend himself and to prepare for trial and the loss of thousands of dollars more in lost income and expenses related to this

{07848384 / 2}

1

lawsuit" because Plaintiff has added copyrights to the case. [DE 180 at 3]. However, Plaintiff has not added any copyrights to this case, nor can Defendant Havel point to any pleadings showing as much. Plaintiff's act of simply seeking copyright registrations for works that are not involved in this case has no impact on Defendant Havel vis-à-vis the issues of this case. Accordingly, any potential harm suffered by Defendant Havel (Plaintiff maintains that there is absolutely no harm) is unrelated to this case and is improperly raised as part of this litigation.

Regarding Defendant Havel's reasonable likelihood of success on the merits, once his conjecture and misreading of the law is disregarded, it is evident that Defendant Havel's arguments regarding Plaintiff's ownership rights to the Heaven's Gate intellectual property are not grounded in reality. [*Id.* at 8–14]. Plaintiff has repeatedly refuted Defendants' arguments regarding ownership and have shown that its ownership rights cannot be relitigated pursuant to principles of res judicata. [*See* DE 81 at 2–7]. Yet, Defendants continue to seek overbroad discovery related to previously litigated cases and continue to assert that they have a reasonable likelihood of success, all premised on their misunderstanding of the relevant law. [*See* DE 180 at 3–4]. Simply put, Defendant Havel has completely failed to show that he will be successful on the merits of his arguments.

Further, Defendant Havel's Motion appears to be premised on his misconstruing existing records at the U.S. Copyright Office. For example, the Copyright Office inadvertently omitted a portion of Plaintiff's name in its most recent registration. This omission was brought to the Copyright Office's attention and has since been corrected. Yet, according to Defendant Havel, this is an example of Plaintiff "trying to hide behind the corporate veil" by removing the word 'Level' from its name. [DE 180 at 6]. Again, once Defendant Havel's conjecture is removed, there is nothing really left.

Despite the above, Plaintiff would agree to delay applying for any new copyright or trademark registrations until this lawsuit is resolved, provided that there are no

{07848384 / 2}

extensions to the existing Scheduling Order. Plaintiff would agree to the above in the spirit of cooperation and in an effort to arrive at a "just, speedy, and inexpensive determination" of this proceeding. Fed. R. Civ. P. 1. By agreeing to delay its intellectual property filings, Plaintiff in no way waives any of its rights or defenses.

## CONCLUSION

If the Court keeps the existing Scheduling Order [DE 117], then Plaintiff will agree to delay applying for any new copyright or trademark registrations until this lawsuit is resolved, thereby mooting Defendant Havel's request for entry of a preliminary injunction. Should the Court grant Defendants request to extend the discovery deadlines, then Plaintiff respectfully requests that Defendant Havel's Motion be denied for failing to meet the required showing for injunctive relief.

DATED this 4th day of December 2023.

        **MESSNER REEVES, LLP**

        By: _/s/   Otto E. Hinks_
        MESSNER REEVES LLP
        Isaac S. Crum (AZ Bar #026510) (Pro Hac Vice)
        icrum@messner.com
        Otto E. Hinks (AZ Bar #032457) (Pro Hac Vice)
        ohinks@messner.com
        *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th of December 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the filing to the parties listed below. A copy of this filing will also be sent via U.S. mail and email.

Cathy Weaver
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

Jason Bartel
N4051 26th Lane
Redgranite, WI 54970-7087
jason_bartel@unioncab.com

Steven Robert Havel
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

By: */s/ Amber Gunsolley*
Amber Gunsolley

{07848384 / 2}