UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| The Evolutionary Level Above Human Foundation d/b/a The Telah Foundation,<br><br>          Plaintiff,<br>   v.<br><br>Stephen Robert Havel,<br>Cathy JoAnn Weaver,<br>Jason Bartel,<br><br>          Defendants. | Civil Action No. 3:22-CV-00395 |

**PLAINTIFF'S REPSONSE TO DEFENDANT HAVEL'S AND DEFENDANT WEAVER'S MOTIONS TO REQUEST A CONTINUANCE OF THE DEADLINES FOR DISCOVERY AND PLAINTIFF'S REQUEST FOR PROTECTIVE ORDER FINDING THAT NO RESPONSE IS REQUIRED TO DEFENDANTS' UNTIMELY DISCOVERY REQUESTS**

The Evolutionary Level Above Human Foundation d/b/a The Telah Foundation (the "Foundation" or "Plaintiff") by and through their attorneys, hereby submits its response to Defendant Stephen Havel's ("Defendant Havel") and Defendant Cathy JoAnn Weaver's ("Defendant Weaver") Motions to Request a Continuance of the Deadlines for Discovery ("Motions"). [DE 181; DE 182]. Additionally, pursuant to Fed. R. Civ. P. 26(c), Plaintiff requests a protective order from the Court providing that Plaintiff is not required to respond to Defendants' untimely discovery requests [DE 176; DE 177; DE 178; DE 183; DE 184; DE 185; and DE 186].[1]

---

[1] Plaintiff is aware of Local Rule 7-1(a) which provides that "Motions must be filed separately," however, in the interest of economy, Plaintiff responds to the points raised in the Motions requesting an extension of the discovery deadline and addresses the untimely discovery requests that were simultaneously propounded by Defendants. If the Court would prefer, Plaintiff could split its response into several motions, but this approach seemed less efficient than the one employed in this response.

1

{07848409 / 2}

I.  **Defendants' Request to Extend the Discovery Deadline Should be Denied Because the Request is Untimely and Defendants Fail to Show Good Cause.**

The Court's Scheduling Order set October 16, 2023, as the deadline to file any discovery-related nondispositive motions. [DE 117 at 6]. The Court explicitly provided that "no motion to extend discovery or to continue other pretrial deadlines will be approved after this nondispositive motion deadline, except for excusable neglect or other extraordinary reasons." [*Id.*] "Accordingly, after this deadline, good cause alone will <u>not</u> be sufficient to constitute such a reason." [*Id.* (emphasis in original)]. Further, in its "Explanation of Scheduling Order," the Court states that "[u]nless otherwise provided by specific order or local rule, continuances (or extensions of time) with respect to the deadlines for amendments, discovery, and dispositive motions will be granted only upon a convincing showing of good cause, <u>upon a request made before the pertinent deadline has expired</u>." [*Id.* at 9 (emphasis added)].

Here, Defendants Havel and Weaver filed the instant Motions on November 20, 2023, (signed and mailed on November 15, 2023). [DE 181; DE 182]. The Motions were filed over a month past the pertinent deadline, and accordingly, "good cause alone will not be sufficient to constitute" a reason to extend the discovery deadlines. [DE 117 at 6]. The reasons provided by Defendants Havel and Weaver for requesting an extension are not even close to the "excusable neglect or other extraordinary reasons" required. Their main argument appears to be that they were busy and had to work full-time jobs in addition to litigating this case. [DE 181 at 3–4; DE 182 at 2–3]. Accordingly, Defendants' request to extend the discovery deadline should be denied.

Even if Defendants had submitted the Motions by the pertinent deadline, their reasons fall well short of providing a convincing showing of good cause. Good cause exists when a movant shows that "despite their diligence the time table could not have reasonably been met." *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995). The reasons provided by Defendants Havel and Weaver fail to demonstrate that they could

2

{07848409 / 2}

not have reasonably met the discovery deadlines despite their diligent efforts because the primary reason boils down to Defendants being busy. [DE 181 at 4 ("Defendant must work 10 hours a day, 5-7 days a week to go less into debt each month and yet still worked day and night and all day on that one or two days off to meet Court deadlines and to spend a huge amount of time learning how to be his own lawyer and not make big mistakes"); DE 182 at 3 ("Unlike Plaintiffs who can afford lawyers co-Defendant Havel and Defendant must maintain full time jobs with a 60 hour work week, which makes one exhausted each day. The pattern so far is to work on this lawsuit here and there daily but then when a filing deadline comes up take days off to finish up documents.")]. Claiming to be busy does not qualify as good cause. *See Martin v. Fort Wayne Police Dep't*, No. 1:11 CV 347, 2014 WL 1047801, at *14 n.16 (N.D. Ind. Mar. 18, 2014) (finding that a pro se plaintiff's "busy litigation schedule" was an insufficient reason to deny the defendant's motion to strike the plaintiff's untimely discovery requests); *see also Gonzalez v. Ingersoll Milling Mach. Co.,* 133 F.3d 1025, 1030–31 (7th Cir.1998) (denying a request for extension of time premised upon counsel's busy trial schedule).

Based on the foregoing, Plaintiff respectfully requests that the Court deny the Motions and maintain the existing deadlines. Plaintiff has diligently pursued its case despite Defendants' numerous frivolous motions and already extensive discovery requests. Allowing such additional activities by Defendants will only prejudice Plaintiff and discourage the "just, speedy, and inexpensive determination" of this proceeding. Fed. R. Civ. P. 1; *see also* [DE 117 at 6].

## II. Plaintiff is Not Required to Respond to Defendants' Untimely Discovery Requests.

The Court's Scheduling Order provides that the "**last date for the completion of ALL DISCOVERY is December 14, 2023**." [DE 117 at 6 (emphasis in original)]. In its "Explanation of Scheduling Order," the Court states that "[a]ll discovery other than

3

{07848409 / 2}

depositions <u>must be initiated at least forty-five days before the discovery deadline</u>. [*Id.* at 9 (emphasis added)]. Forty-five days before the existing discovery deadline was October 30, 2023.

Defendant Bartel propounded a First Set of Interrogatories [DE 176], a First Set of Requests for Admission [DE 177], and Requests for Production of Documents [DE 178]. Each of these discovery requests were signed and mailed to the Clerk of Court on November 16, 2023. Defendant Havel propounded a First Set of Requests for Admission [183], and a First Set of Interrogatories [DE 186]. Each of these discovery requests were signed and mailed to the Clerk of Court on November 15, 2023. Defendant Weaver propounded a First Set of Requests for Admission [184], and a First Set of Interrogatories [DE 185]. Each of these discovery requests were signed and mailed to the Clerk of Court on November 15, 2023. All of the above discovery requests were filed on November 20, 2023, however, Plaintiff did not receive service of these discovery requests through the ECF system until the morning of November 21, 2023.

It is readily apparent the Defendants failed to initiate their above discovery requests on or before the Court mandated deadline of October 30, 2023, and that no response from Plaintiff is required. *Shadle v. First Fin. Bank, N.A.*, No. 1:09-CV-37, 2009 WL 3787006, at *2 (N.D. Ind. Nov. 10, 2009) (denying a pro se plaintiff's motion to compel because he "served his discovery request 'so late in the discovery period that [defendant's] refusal to respond was justified.'") (quoting *Sallis v. Aurora Health Care*, No. 07C1091, 2009 WL 398138, at *2 (E.D. Wis. Feb.18, 2009)); *see also Westbrook v. Archey,* No. 1:05–CV–00057, 2006 WL 545008, at *1 (N.D. Ind. Mar.3, 2006) (holding that defendants had no obligation to answer interrogatories served on the eve of the discovery deadline by *pro se* plaintiff).

Further, and as additional evidence of Defendants' lack of diligence, if the Court were to consider the earliest possible date associated with the untimely discovery requests

4

(November 15, 2023)—and to be clear, doing so would be highly prejudicial to Plaintiff as these requests were not served through the ECF system until November 21, 2023—and, if the Court were to disregard its own instructions regarding the forty-five day requirement, even then, Defendants still failed to timely propound their discovery requests because Plaintiff's response date would be after the close of discovery. *Shroyer v. Vaughn,* No. 1:00–CV–256, 2002 WL 32144316, at *1 (N.D. Ind. July 10, 2002) (denying discovery as untimely where it was served by *pro se* plaintiff just before the discovery deadline and called for responses after the close of discovery). Accordingly, Plaintiff requests an order holding that it is not required to respond to Defendants' untimely discovery requests.

### III.   Conclusion

Based on the foregoing, Plaintiff respectfully requests that the Court: (1) deny Defendant Havel's and Defendant Weaver's Motions to Request a Continuance of the Deadlines for Discovery [DE 181; DE 182]; and (2) enter a protective order holding that Plaintiff is not required to respond to Defendants' untimely discovery requests [DE 176; DE 177; DE 178; DE 183; DE 184; DE 185; and DE 186].

DATED this 4th day of December 2023.

**MESSNER REEVES, LLP**

By: */s/   Otto E. Hinks*
MESSNER REEVES LLP
Isaac S. Crum (AZ Bar #026510) (Pro Hac Vice)
icrum@messner.com
Otto E. Hinks (AZ Bar #032457) (Pro Hac Vice)
ohinks@messner.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th of December 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the filing to the parties listed below. A copy of this filing will also be sent via U.S. mail and email.

Cathy Weaver
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

Jason Bartel
N4051 26th Lane
Redgranite, WI 54970-7087
jason_bartel@unioncab.com

Steven Robert Havel
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

By: /s/ Amber Gunsolley
Amber Gunsolley