UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THE EVOLUTIONARY LEVEL ABOVE HUMAN, INC., | |
| Plaintiff, | |
| v. | CASE NO. 3:22-CV-395-MGG |
| STEPHEN ROBERT HAVEL, et al., | |
| Defendants. | |

**ORDER**

After addressing many of the parties' initial disputes in this case during a status conference on June 14, 2023, the Court entered its Rule 16(b) Scheduling Order on June 16, 2023. The Court's Scheduling Order set various case management and discovery-related deadlines, including: a discovery-related nondispositive motion deadline of October 16, 2023; an overall discovery deadline of December 14, 2023, and a dispositive motion deadline of January 16, 2024.[1] Since the date of the Court's Scheduling Order—and despite the Court's admonition that the parties should file motions judiciously [DE 117 at 8]—the parties have filed a flurry of motions. Given the volume of motions filed, many remain pending before the Court as the discovery deadline approaches.

On November 20, 2023, Defendants Steven Havel and Cathy Weaver requested a 90-day extension of the upcoming deadlines. Plaintiff has opposed any extension of the

---

[1] The Court's Scheduling Order originally set January 13, 2024, as the deadline for dispositive motions, which is a Saturday. As the following Monday is also a federal holiday, the parties' deadline to file dispositive motions is Tuesday, January 16, 2024. *See* Fed. R. Civ. P. 6(a)(1)(C).

remaining case management deadlines, contending that Defendants have not provided good cause to justify any extension. Plaintiff also argues that the timing of these extension requests—both filed after the Court's nondispositive motion deadline of October 16, 2023—requires a showing of excusable neglect, which Defendants failed to do. Plaintiff is correct that Defendants' discovery requests and extension motions were filed after the October 16, 2023, deadline for discovery-related nondispositive motions. That said, the large number of motions filed—many of which seek rulings on a variety of substantive and discovery-related issues, and thus, remain pending [*see, e.g.* DEs 118, 121, 122, 124, 149, 157, 162, 171, and 179]—has also contributed to the delay. The Court anticipates that it will rule on all pending motions in the coming weeks—by late January 2024—but due to the volume and scope of relief sought in these motions, the Court cannot rule prior to the upcoming discovery deadline of December 14, 2023.

To allow the Court to rule on the parties' pending motions, the interests of justice require the Court to **TOLL** the upcoming discovery and dispositive motion deadlines. These deadlines are tolled as of the date of this order. The toll will be lifted once the Court enters its rulings on the pending motions in this case, and the parties will thus have one week to complete remaining discovery and 40 days to file dispositive motions. In the interest of clarity, dates certain for these deadlines to be prescribed in the Court's forthcoming orders. After the toll is lifted, motions to extend the discovery and dispositive motion deadlines will be entertained only if the parties show good faith negotiation and due diligence amongst themselves prior to requesting the extension from the Court.

As the Court has decided to toll, rather than extend, the remaining case management deadlines, Mr. Havel and Ms. Weaver's motions to extend these deadlines by 90 days are now **DENIED as MOOT**. [DE 181, DE 182]. Finally, to facilitate the Court's anticipated timeline to rule on the pending motions, the parties are **PROHIBITED** from filing any other motions without the Court's permission until further order.

**SO ORDERED** this 7th day of December 2023.

s/Michael G. Gotsch, Sr.  
Michael G. Gotsch, Sr.  
United States Magistrate Judge