UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THE EVOLUTIONARY LEVEL ABOVE HUMAN, INC., | |
| Plaintiff, | |
| v. | CASE NO. 3:22-CV-395-MGG |
| STEPHEN ROBERT HAVEL, et al., | |
| Defendants. | |

**OPINION and ORDER**

Plaintiff filed this case on May 18, 2022, alleging that *pro se* Defendants Steven Havel, Cathy Weaver, and Jason Bartel have infringed Plaintiff's intellectual property rights. The case has been litigious from the start, and over a dozen motions—filed continuously since July—are currently pending before the Court. Many of these motions were filed by Mr. Bartel, making this the Court's fourth order addressing his rounds of motions.[1] His instant motions make two primary arguments—that Plaintiff is not a legal entity or the proper entity to file this case, and that, because of this, the Court must join the Plaintiff's corporate directors, Mark and Sarah King, as Plaintiffs. Mr. Bartel maintains that these issues are critical to the case and must be decided first "before the case can proceed." [DE 124 at 1]. Of course, the Court need not rule on

---

[1] Mr. Bartel has filed numerous motions since he appeared in this case on September 9, 2022. His continuous motion practice has required the Court to issue at least two orders devoted exclusively to his filings [*see* DE 112, addressing Mr. Bartel's motions docketed at DEs 105, 106, 107, 108, 109, and 110; and DE 130, addressing Mr. Bartel's motions docketed DEs 61, 62, and 102]. The Court has also devoted a portion of at least one order to another round of his filings. [*See* DE 117 at 3-4, addressing Mr. Bartel's filings docketed at DEs 63, 79, 84, 85, 86, 101, 114, and 115]. The Court has struck several of his motions due to their failure to comply with the Federal Rules of Civil Procedure and/or the Court's local rules.

motions in the order requested by a party. But here it makes sense to rule on Mr. Bartel's latest round of motions first, as Plaintiff's responses to each motion prompted Mr. Bartel to file the next, turning this case into a proverbial game of "Whack-A-Mole." The Court now addresses each motion in turn.

**1.    Motion to Amend the Title of Proceedings as a Response to Plaintiff's Redacted Proposed Order for a Preliminary Injunction [DE 124]**

The Court begins with Mr. Bartel's Motion to Amend the Title of Proceedings as a Response to Plaintiff's Redacted Proposed Order for a Preliminary Injunction filed on July 10, 2023. [DE 124]. Mr. Bartel initially appears to request certain substantive rulings; specifically, a determination as to whether Plaintiff is a legal entity and, if not, whether it is a corporate misnomer of "an extant legal entity" such that there is a proper plaintiff to be identified. [DE 124 at 1]. Mr. Bartel then explains that the named Plaintiff here "The Evolutionary Level Above Human, Inc."—cannot be the owner of the copyrights and trademarks at issue. In support, Mr. Bartel points to the trademark and copyright registrations presented here, which list "the Telah Foundation" and "the Evolutionary Level Above Human Foundation." Mr. Bartel also maintains that there is no record of any Arizona nonprofit corporation by the name of "The Evolutionary Level Above Human, Inc." According to Mr. Bartel, because the Evolutionary Level Above Human, Inc. is not the owner of the trademarks and copyrights at issue (and is a "non-existent entity"), it cannot be the proper Plaintiff to bring this case. [DE 124 at 4].

Despite this, Mr. Bartel argues next that Plaintiff's name here is "sufficiently close to the true name of 'The Evolutionary Level Above Human Foundation, Inc.'" such that that it is "reasonably clear" that this is simply an immaterial misnomer. [DE

124 at 6]. Thus, although Mr. Bartel initially appeared to request substantive determinations from the Court on this issue, he then appears to concede this issue's immateriality. This interpretation is bolstered by Mr. Bartel's relief requested—only a technical request for an order to amend the case caption or title of the proceedings to show that the Evolutionary Level Above Human Foundation, Inc. is the Plaintiff.

The Federal Rules say little regarding case captions. For instance, Federal Rule of Civil Procedure 10(a) provides that "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all parties . . .." Federal Rule of Civil Procedure 7(b)(2) only provides that "[t]he rules governing captions and other matters of form in pleadings apply to motions and other papers." Finally, Local Rule 7-1 only mentions case captions in the context of the general rule that motions be filed separately: "[m]otions must be filed separately, but alternative motions may be filed in a single paper if each is named in the title following the caption."

Mr. Bartel does not cite to any legal authority to support his motion, and very few courts have addressed a request seeking only to amend a caption like this. *See Hoemke v. Macy's W. Stores LLC*, No. CV-20-01317-PHX-DWL, 2020 WL 5229194, at *1 (D. Ariz. Sept. 2, 2020)(citing to *Hoffman v. Halden*, 268 F.2d 280, 202 (9th Cir. 1958), overruled on other grounds by *Cohen v. Norris*, 300 F.2d 24 (9th Cir. 1962)). Courts have noted that "the caption of an action is only the handle to identify it" and that "the caption is chiefly for the court's administrative convenience." *See Hoemke*, 2020 WL 5229194, at *1; *see also Eberhard v. Old Republic Nat'l Title Ins. Co.*, No. 1:11 CV 834, 2013

3

WL 12293449, at *5 (N.D. Ohio Sept. 13. 2013). Indeed, "it is well established that, in the context of federal court captions, the caption itself is normally not determinative of the identity of the parties or of the pleader's statement of claim." *France v. Touro Coll.*, No. 14 CV 4613(NGG)(CLP), 2016 WL 1105400, *5 (E.D.N.Y. Feb. 16, 2016), report and recommendation adopted sub nom. *Ueth France v. Touro Coll.*, No. 14CV4613NGGCLP, 2016 WL 1117459 (E.D.N.Y. Mar. 21, 2016)(internal citations omitted); *see also* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1321 (4th ed. 2021). Therefore, a Court's order to amend a caption "should be based on factors such as promoting clarity and avoiding confusion." *Hoemke*, 2020 WL 5229194, at *1. In that vein, motions to amend a case caption when a party has been misnamed or its name is misspelled are generally granted. *Id.* at *2

Plaintiff has responded to Mr. Bartel's motion by explaining that it will file an amended complaint to "cure[] this error" with its corrected name. [DE 131 at 6]. Plaintiff's amended complaint filed on July 24, 2023, now lists itself as "The Evolutionary Level Above Human Foundation d/b/a The Telah Foundation." [DE 132]. Therefore, with Plaintiff correcting its name via an amended complaint, the Court finds that amending the case caption will help promote clarity and avoid further confusion such that Mr. Bartel's motions should be granted. *Hoemke*, 2020 WL 5229194, at *1.[2]

---

[2] On a related note, Mr. Bartel makes much of the fact that the Court's case captions do not include Plaintiff's "d/b/a" reference, contending that this must mean that the Court is refusing to acknowledge it or has otherwise reached a substantive determination as to Plaintiff's d/b/a. But as discussed in this opinion, a case caption is not determinative of a party's identity or other substance in the pleadings. Thus, Mr. Bartel's further request that the Court bar Plaintiff from including any d/b/a reference in the caption of its own filings is denied.

**2.     Mr. Bartel's Motions in Response to Plaintiff's Amended Complaint [DEs 139, 149, and 157]**

While Plaintiff's amended complaint may have addressed Mr. Bartel's concerns about the case caption, it prompted him to file more motions with other objections. Before filing those objections, however, Mr. Bartel filed his answer to the amended complaint on August 15, 2023, along with a Motion for Extension of Time to respond to the Amended Complaint. His extension motion requested a one-day extension of the deadline of the responsive pleading deadline so that his answer would be deemed timely filed.[3] Plaintiff does not oppose the motion. [*See* DE 140]. Accordingly, Mr. Bartel's extension motion is granted, and Mr. Bartel's answer filed on August 15, 2023, is deemed timely. [DE 136, DE 139].

Despite answering the amended complaint, Mr. Bartel also moved to strike it on September 13, 2023. Mr. Bartel contends that the Court must strike the amended complaint because Plaintiff's attorney never filed an amended corporate disclosure statement correcting the Plaintiff's corporate name. According to Mr. Bartel, this can only mean that "any claims made on behalf of 'The Evolutionary Level Above Human Foundation d/b/a The Telah Foundation' are without merit" because this is not the entity named in Plaintiff's corporate disclosure statement. [DE 149].

Mr. Bartel cites no authority in support of his motion, but the Court can only assume that Mr. Bartel filed it under Federal Rule of Civil Procedure 12(f), which

---

[3] The Court observes that Mr. Bartel asks for only a one-day extension of his deadline to file his answer, suggesting that Mr. Bartel's deadline was August 14, 2023 — 21 days after Plaintiff filed its amended complaint. But a party only has 14 days to file its response to an amended pleading. *See* Fed. R. Civ. P. 15(a)(3). Despite this, given Plaintiff's lack of objection to Mr. Bartel's motion (or to the timeliness of the other Defendants' answers), the Court will not deny the motion.

5

permits the court to "strike from a pleading an insufficient defense or redundant, immaterial, impertinent, or scandalous matter." At the outset, the Court observes that motions to strike must be filed "within 21 days after being served with the pleading." Fed. R. Civ. 12(f)(2). Here, Plaintiff filed its amended complaint on July 24, 2023, and Mr. Bartel filed this motion on September 13, 2023—51 days later.

Even putting the motions' untimeliness aside, however, its substance is also problematic. Mr. Bartel states that the amended complaint must be stricken because the corporate disclosure statement was never updated to list Plaintiff's correct name, but he never explains why Plaintiff's amended complaint hinges on its corporate disclosure statement. Such undeveloped arguments are considered waived. *See United States v. Parkhurst*, 865 F.3d 509, 524 (7th Cir. 2017). The Court's own review, however, shows that at least one court considering a similar argument declined to strike a pleading based on concerns with a corporate disclosure statement. *See Lath v. BMS CAT*, No. 16-CV-534-LM, 2018 WL 3468700, at *2 (D.N.H. July 17, 2018) (denying the plaintiff's motion to strike and observing that its "problem . . . is that he has identified no authority for the proposition that an error or omission in a Rule 7.1 disclosure would give the court grounds to strike a document such as [the defendant's] proposed second amended answer.") Finally, even if the motion had been filed timely and presented developed, supported arguments, it is now moot based on Plaintiff's filing of an amended corporate disclosure statement on September 21, 2023.[4]

---

[4] The Court observes, however, that while the amended corporate disclosure complies with the requirements set out in Fed. R. Civ. P. 7.1, it does not comply fully with the additional requirements set out in this Court's General Order 2023-06. *See* General Orders, UNITED STATES DISTRICT COURT NORTHERN

6

Undeterred, however, Mr. Bartel moved to strike Plaintiff's amended corporate disclosure statement. In this motion, Mr. Bartel contends that there are two issues with the amended corporate disclosure statement: its untimeliness and its failure include the term "inc." [DE 157 at 2]. As to the disclosure's timeliness, Mr. Bartel explains that, despite Federal Rule of Civil Procedure 7.1(b)'s requirement that supplemental statements be filed "promptly," the amended corporate disclosure was not filed until nearly two months after Plaintiff filed its amended complaint. Next, Mr. Bartel contends that Plaintiff's failure to include the term "inc." as part of Plaintiff's name in the amended disclosure amounts to an acknowledgement that Plaintiff "is not an incorporated entity and therefore 'The Evolutionary Level Above Human Foundation d/b/a The Telah Foundation' is not a corporation with the capacity to sue in this Court." [DE 157 at 1]. He also contends that the amended corporate disclosure is "fraudulent" because it "was not filed on behalf of 'nongovernmental corporate party or a nongovernmental corporation' as per Federal Rule of Civil Procedure 7.1(a)(1)."[5] [*Id.* at 2].

Like his other motions, Mr. Bartel reaches these precipitous legal conclusions without any citing any authority in support. As Mr. Bartel has now done this

---

DISTRICT OF INDIANA, https://www.innd.uscourts.gov/usdc-general-orders (last visited June 12, 2023). But as will be discussed *supra*, this is not a basis to strike the current amended disclosure or otherwise find that Plaintiff has filed fraudulently.

[5] Mr. Bartel concludes by maintaining that the discovery requests filed by Plaintiff prior to amending its corporate disclosure are "frivolous and without merit" because they "made on behalf of an alleged legal entity for a which a [c]orporate [d]isclosure [s]tatement was not filed with the Court." However, as he does not specifically request this relief in his motion (and requesting multiple types of relief within one motion runs afoul of N.D. Ind. L.R. 7-1(a)), the Court will not address this request.

repeatedly, and after being warned several times, the Court would be well within its authority to strike his motion on that basis alone. *See, e.g.*, *Cleveland v. Porca Co.*, 38 F.3d 289, 297 (7th Cir. 1994). But considering Mr. Bartel's insistence – albeit completely unsupported – on asserting these issues, the Court will now address the substance of these arguments. [6]

The Court first addresses Mr. Bartel's arguments about the timeliness of an amended corporate disclosure statement. Few courts have addressed this issue specifically, but those that have addressed it have not sanctioned a party for a belated filing. For instance, one district court in another circuit addressed a party's five-month delay in disclosing new information from what had been included in its initial corporate disclosure. See *Online Res. Corp. v. Joao Bock Transaction Sys., LLC*, No. 8:13CV231, 2015 WL 12698383, at *3 n.3 (D. Neb. Mar. 2, 2015). Though the court found the delay "perplexing[,]" it found that the "omissions do not amount to a violation of an attorney's duties to the court that require an extreme sanction." *Id.* Another court in this circuit found that a party's failure to timely file a corporate disclosure statement with its notice of removal did not warrant sanctions. See *City of Galesburg v. Aecom USA, Inc.*, No. 415CV04077SLDJEH, 2016 WL 1170902, at *2 (C.D. Ill. Mar. 24, 2016)(observing that the rule "reveals no reason" why an untimely corporate disclosure warrants sanctions). Likewise, this Court frequently sees untimely, or otherwise insufficient corporate

---

[6] In doing so, the Court again assumes that Mr. Bartel has filed his motion under Fed. R. Civ. P. 12(f) even though Plaintiff's corporate disclosure statement is not a pleading contemplated by Fed. R. Civ. P. 7. "While Rule 12(f) does not explicitly authorize a motion to strike documents other than pleadings, courts routinely entertain such motions." *City of Sterling Heights Gen. Employees' Ret. Sys. v. Hospira, Inc.*, No. 11 C 8332, 2013 WL 566805, at *11 (N.D. Ill. Feb. 13, 2013) (collecting cases).

8

disclosures filed by parties. Akin to the courts cited above, this Court addresses this issue by ordering a supplemental statement rather than striking an insufficient disclosure or sanctioning a party. *See, e.g.*, *Circle Logistics Inc. v. First Brands Grp. LLC*, No. 123CV00104HABSLC, 2023 WL 3171605, at *2 (N.D. Ind. Mar. 15, 2023). Thus, while it would have been judicious for Plaintiff to file an amended corporate disclosure contemporaneously with its amended complaint, the Court declines to strike the disclosure or otherwise sanction Plaintiff for this reason.

Next, Mr. Bartel contends that Plaintiff's failure to include "inc." in its amended disclosure is Plaintiff's admission that it is not an incorporated entity and thus, is not a corporation with the capacity to sue in this court. At the outset, the argument appears to rest on a misunderstanding of the purpose of corporate disclosure statements. Corporate disclosure statements "are intended to provide judges with information to determine if any financial interests require the judge to disqualify him or herself from the case." *Scheibler v. Highmark Blue Shield,* 243 F. App'x 691, 694 (3d Cir. 2007). A corporate disclosure statement is not meant to be considered a party's admission for any purpose. *See* General Orders, UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF INDIANA, https://www.innd.uscourts.gov/usdc-general-orders. Thus, the Court declines to treat the filing as any sort of admission or substantive pleading.

Next, to the extent that Mr. Bartel is arguing an unincorporated entity does not have the capacity to bring suit, this argument fails to recognize the various types of business entities recognized by law. A corporation—which is the type of corporate entity typically designated by "incorporated," or its abbreviation "inc."—is just one

9

type of business entity recognized by law. All business entities are subject to suit. *See, e.g.,* Fed. R. Civ. P. 4(h) ("Unless federal law provides otherwise . . . a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name . . ."). Thus, it is not clear why Mr. Bartel argues that Plaintiff would not be able to file suit if it were not a corporation.

Finally, Mr. Bartel also contends that the amended disclosure is "fraudulent" because it was not filed by an entity contemplated by Federal Rule of Civil Procedure 7.1(a)(1), and that previous filings are also frivolous for that reason. Mr. Bartel's contention that Plaintiff is not the type of entity contemplated by Rule 7.1 is incorrect for the reasons discussed above. And as to his contention that other filings are without merit due to deficiencies with the disclosure, as discussed above, courts routinely find that a defective disclosure has no bearing on other filings and is instead addressed through orders for supplemental disclosures. *See, e.g., Circle Logistics Inc.*, 2023 WL 3171605, at *2; and *Lath*, 2018 WL 3468700, at *2. Thus, while it may—at most—be "perplexing" that Plaintiff has made errors in its name in both its original complaint and in its disclosure statements, the Court declines to strike the disclosure or otherwise sanction Plaintiff at this time. *Online Res. Corp.*, 2015 WL 12698383, at *3 n.3.

**4.      Mr. Bartel's Emergency Motion for Required Joinder of Parties [DE 171]**

Having discussed the various issues raised in Mr. Bartel's motions, the Court is left to address Mr. Bartel's Emergency Motion for Required Joinder of Parties filed on October 17, 2023. Through this motion, Mr. Bartel initially rehashes his arguments regarding Plaintiff's corporate disclosure statements and contends that, because

10

Plaintiff is not a "legal entity with the capacity to sue" in this case, Mr. Bartel is unable to serve discovery requests or file counterclaims. Accordingly, Mr. Bartel asks that the Court join Plaintiff's corporate directors, Mark King and Sarah King ("the Kings") under Fed. R. Civ. P. 19 so that he can serve them with his discovery requests and counterclaims.

Like his prior motions, he makes these assertions without citation to legal authority. Mr. Bartel's initial arguments—that Plaintiff is not a legal entity or that Plaintiff does not have capacity to file suit—have already been addressed by the Court's analysis ruling on his other motions raising these issues. Had Mr. Bartel demonstrated some patience, the Court would have been able to address these preliminary arguments without Mr. Bartel having to raise them again in his emergency motion.

Like his other assertions that have been addressed above, Mr. Bartel fails to provide any analysis or legal authority under Federal Rule of Civil Procedure 19 to support his argument that the Kings must be joined as parties. This Court has already addressed—and denied—his prior request to add the Kings in its order entered on July 17, 2023. With no basis in law and no legal authority to support this duplicative motion, the Court must again deny it.

5.  **Conclusion**

Based on the foregoing, the Court now:

- **GRANTS** Mr. Bartel's Motion to Amend the Title of Proceedings to the extent he requests an amendment to the Court's case caption. [DE 124]. The Clerk is **DIRECTED** to update the Court's docket to show that the name of Plaintiff is

11

> The Evolutionary Level Above Human Foundation d/b/a The Telah Foundation (as reflected in its amended complaint);

- **GRANTS** Mr. Bartel's Motion for Extension of Time [DE 139]; and **DEEMS** Mr. Bartel's answer to Plaintiff's amended complaint timely filed;

- **DENIES** Mr. Bartel's other motions [DE 149, DE 157, and DE 171]; and

- **ORDERS** Plaintiff to file a supplemental corporate disclosure statement that complies with the requirements of General Order 2023-06 by **March 22, 2024**.

**6.      Additional Matters**

This is now the Court's fourth order addressing Mr. Bartel's numerous motions. The frequency and substance of Mr. Bartel's motions concern the Court for several reasons. First, Mr. Bartel has chosen to file numerous, repetitive motions despite the Court's prior orders specifically advising the parties to file motions judiciously and warning the parties that motions that repeat or expand upon arguments already presented to the Court would not be viewed favorably. [DE 130 at 10; DE 117 at 8]. The Court's prior orders also specifically admonished Mr. Bartel for behaviors exhibited in the instant motions. [*See* DE 125 at 4 (admonishing the parties to cooperate in good faith and to comply with the court's orders); DE 117 at 7-8 (same); and DE 112 at 6 (admonishing the parties to keep their arguments limited to facts and law and to refrain from impugning on the opposing party's motivation).]

Even if the Court had not previously reprimanded Mr. Bartel for his recent motion practice, the instant motions would be problematic under Federal Rule of Civil Procedure 11(b). Mr. Bartel's signature on his motions represents that the motion "is not

being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b). Despite Rule 11's mandate, Mr. Bartel has filed multiple motions raising duplicative, unsupported arguments. Mr. Bartel has done this without even affording the Court time an opportunity to address his arguments before he raises it again. What's more, he has done so with a vituperative tone that accuses Plaintiff of filing a frivolous lawsuit when he himself has raised meritless arguments. His motions amount to no more than nitpicking any perceived error made by Plaintiff to claim that it warrants striking or sanctions—despite his and co-defendants' own claims that they are concerned with making mistakes as *pro se* parties or that Plaintiff is attempting to trap them or cause them to make mistakes.

Compliance with the court's orders and the federal rules is expected and failure to do so may result in sanctions. *See* Fed. R. Civ. P. 37(b), 41(b); *Dridi v. Am. Fam. Mut. Ins. Co., S.I.*, 849 F. App'x 161, 163 (7th Cir. 2021) ("Courts have the inherent authority to dismiss actions for a litigant's failure to obey reasonable court orders."). Likewise, "[c]ourts have ample authority to cub abusive filing practices by imposing a range of restrictions." *Chapman v. Exec. Comm. of U.S. Dist. Ct. for N. Dist. of Illinois*, 324 F. App'x 500, 502 (7th Cir. 2009). Based on this, the Court has no choice but to consider sanctioning Mr. Bartel for his motion practice and failure to comply with the Court's orders. Accordingly, Defendant Jason Bartel is now **ORDERED to SHOW CAUSE** why

the motions addressed in this order have not violated this Court's prior orders and Federal Rule of Civil Procedure 11(b). He must **FILE** a written response by **March 22, 2024**, showing cause why he should not be sanctioned by being ordered to pay Plaintiff's costs and attorneys' fees incurred in responding to the repetitive and baseless motions addressed in this order and/or by restricting his ability to file any further motions in this case without first seeking leave of court. Should Mr. Bartel file anything that is not directly in response to this order, it will be stricken without further notice.

    **SO ORDERED** this 21st day of February 2024.

                                                      s/Michael G. Gotsch, Sr.
                                                      Michael G. Gotsch, Sr.
                                                      United States Magistrate Judge