UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

THE EVOLUTIONARY LEVEL ABOVE
HUMAN FOUNDATION, INC.,

  Plaintiff,

  v.

STEVEN ROBERT HAVEL, et al.,

  Defendants.

CASE NO. 3:22-CV-395-MGG

FILED MAR 21 2024

**DEFENDANT BARTEL'S RESPONSE TO THE COURT'S 2/21/2023 OPINION AND ORDER**

Defendant Jason Bartel hereby responds to the Court's 2/21/2024 Opinion and Order. In order to show cause as to why the Court should not sanction Defendant Bartel for violating Rule 11(b) and previous Court Orders, Defendant raises the following facts and arguments.

Defendant made a mistake in believing that 'The Evolutionary Level Above Human, Inc.' was merely a 'corporate misnomer' as well as making other mistakes in interpretation and judgment that in part led to Defendant filing Motions that have displeased the Court. Defendant will present facts and evidence in support of Defendant's assertion that the contentions in Defendant's prior Motions do have merit and are germane to this case. Defendant did not file these Motions with the intent to harass Plaintiff or delay the Court's Proceedings. Defendant filed these Motions in an attempt to establish before the Court the true name of Plaintiff and the entity type of Plaintiff. However, Defendant acknowledges that Defendant's intent and the results of that intent has not been one and the same. Defendant is again well aware of the irony of filing Motions with the intent to expedite the process of the case when doing so has had the completely opposite effect.

1

Defendant understands that Pro Se litigants are held to the same standard as Attorneys and Defendant will endeavor to not violate Court Orders and the Federal Rules Of Civil Procedure, however, Defendant readily admits to not being very good at any of this and being way out of Defendant's depth in attempting to fight a corporate lawsuit on Defendant's own with no legal advice.

Defendant will refrain from speaking of Plaintiff's intent and will speak in terms of facts and evidence. Defendant again attempted to obtain legal Counsel in the summer of 2023 in order to avoid Defendant's procedural errors that would again result in admonishment from the Court, however, Defendant was unsuccessful in obtaining Counsel. Defendant does not want to file another Motion without Counsel and/or legal advice. Defendant will again attempt to seek Counsel as Defendant has the evidence to disprove the allegations of infringement but has no training and experience in the world of corporate lawsuits nor has Defendant ever been involved in any type of lawsuit.

As this is not the first time that the Court has admonished Defendant, Defendant is prepared for, but by no means looking forward to, a sanction from the Court restricting Defendant's ability to file future Motions without leave from the Court.

Defendant has had new understandings since July of 2023 that Defendant believes will add credence to Defendant's contentions in Defendant's previous Motions. For example, Defendant has been confused by Plaintiff's use of the term 'Arizona nonprofit corporation' multiple times in the lawsuit. Only after reading the Court's 2/21/2024 Opinion and Order does Defendant understand that the term 'Arizona nonprofit corporation' could describe an unincorporated entity organized in the state of Arizona such as a Limited Liability Partnership or

Trust Entity among multiple other unincorporated entities. Also, new evidence has emerged including a July of 2023 copyright registration by Plaintiff for audio tapes created by the Heaven's Gate Group ( Exhibit 49 ). Defendant believes that this evidence can be used to support some of Defendant's contentions in Defendant's prior Motions.

Defendant is being accused of infringing on Plaintiff's alleged Property, therefore, Defendant has been filing Motions for close to a year now in an attempt to establish the type of legal entity that the Plaintiff is and the legal name of Plaintiff in order to mount an appropriate defense to the allegations of infringement. Defendant acknowledges that the strategy, presentation and method of attempting to establish the legal name of Plaintiff has displeased the Court as per multiple Court Orders regarding Defendant's Motion filing issues.

Defendant will demonstrate that Defendant's intent in filing said Motions was to establish the legal name of, and therefore, the Original Incorporation Date of Plaintiff. The Original Incorporation Date of Plaintiff can then be used to confirm or deny Plaintiff's ownership of the copyright and trademark registrations in Plaintiff's Exhibits A through G. Defendant will also address the specifics of particular Motions that were mentioned in the Court's 2/21/2024 Opinion and Order. Defendant believes that the facts and evidence that will be presented will demonstrate that Defendant was attempting to get to some of the truths of this case rather than violating Rule 11(b) by trying to harass Plaintiff and increase the costs of litigation.

Defendant is aware that as of the Court's 2/27/2024 Opinion and Order the Court has now recognized 'The Evolutionary Level Above Human Foundation, Inc.' as the Plaintiff in this case. Defendant would like to thank the Court for Amending the Title Of Proceedings as now there can be no question as to the legal name of Plaintiff and the legal entity type

of Plaintiff.

By establishing the legal name of Plaintiff an Incorporation date for Plaintiff in the state of Arizona can eventually be agreed upon by the Court and all Parties involved in this case. This was the intent behind Defendant's Motion to Amend The Title Of Proceedings as Defendant knew that the initial Plaintiff, 'The Evolutionary Level Above Human, Inc.' is not the true name of an entity Incorporated in the state of Arizona as per the publicly available entity data from the Arizona Corporation Commission.

As the Court has now corrected the true name of Plaintiff to 'The Evolutionary Level Above Human Foundation, Inc.', Defendant asserts that Plaintiff is a Nonprofit Corporation Incorporated in the state of Arizona on September 23, 1997. ( Exhibit 1, page 1 ). Plaintiff has two Officers and Directors, President/CEO and Director Mark King and Secretary and Director Sarah King. Plaintiff's 'Known Place Of Business' is Attention: Isaac S. Crum 7250 N 16th Street, Suite 410, Phoenix, AZ 85020. ( Exhibit 53, page 1 )

Subsequent to Defendant filing a Motion To Amend The Title Of Proceedings Plaintiff filed a First Amended Complaint which Defendant interpreted as a response to Defendant's Motion To Amend The Title Of Proceedings. The First Amended Complaint did correct the name of Plaintiff by adding the word 'Foundation' to the name of Plaintiff, however, Plaintiff also amended the type of entity that Plaintiff is by removing the term 'Inc.' from the Title Of Proceedings. More specifically, Plaintiff amended paragraph 4 of the complaint where the Parties are introduced.

Paragraph 4 of the instant complaint reads,

'Plaintiff, The Evolutionary Level Above Human, or Telah Foundation, Inc. ( the "Foundation" ) is an Arizona 501(C)(3) Nonprofit Corporation'

Paragraph 4 of the First Amended Complaint reads,

'Plaintiff, The Evolutionary Level Above Human Foundation, or The Telah Foundation ( the "Foundation" ) is an Arizona nonprofit corporation'

Plaintiff stated that Plaintiff is 'Inc.' in the Title Of Proceedings of the instant complaint and Corporate Disclosure Statement, both filed on May 18, 2022. Plaintiff no longer stated that Plaintiff is 'Inc.' in the First Amended Complaint filed on July 24, 2023 and in the Amended Corporate Disclosure Statement filed on September 21, 2023.

Defendant is currently unaware of any Court cases in which the correction of a 'corporate misnomer' resulted in a Plaintiff changing from an entity that is 'Inc.' into an unincorporated legal entity. Defendant is also unaware of any Court cases in which a Plaintiff filed a lawsuit using an incorrect name and a Defendant requested that the 'corporate misnomer' be corrected, however, Defendant is still researching cases involving corporate misnomers.

Due to the fact that Plaintiff was attempting to change Plaintiff from an Incorporated entity into an unspecified unincorporated entity without filing an accompanying Amended Corporate Disclosure Statement, Defendant filed a Motion To Strike Plaintiff's First Amended Complaint and any other Court filings by Plaintiff on behalf of the alleged unincorporated entity, 'The Evolutionary Level Above Human Foundation d/b/a The Telah Foundation, an Arizona nonprofit corporation'.

The 'second lawsuit' mentioned in paragraph 11 of Plaintiff's complaint identifies a Plaintiff as,

> 'The Evolutionary Level Above Human Foundation, Inc.' ( Exhibit 18 in Defendant's MOTION TO ADD AN EXHIBIT OF A 1998/1999 FEDERAL COURT CASE INVOLVING MARK AND SARAH KING, page 1, § 11 )

The corporate Plaintiff in Exhibit 18 is further described as,

> 'Plaintiff TELAH is a non-profit corporation organized and existing under the laws of the State of Arizona' ( Exhibit 18, page 1, § 26, page 2, § 1, case no. CV-98-00892 CRB ENE, The Evolutionary Level Above Human Foundation, Inc. dba The Telah Foundation et al v Right To Know ).

Therefore, The Evolutionary Level Above Human Foundation, Inc. was identified as a a 'non-profit corporation organized and existing under the laws of the State of Arizona' in a Court case cited by Plaintiff in paragraph 11 of Plaintiff's complaint. Plaintiff claimed in paragraph 11 that Case No. CV-98-00892,

> 'confirmed the Foundation's ownership of, inter alia, the intellectual property of the Group'

However, Plaintiff filed this lawsuit on May 18, 2022 on behalf of The Evolutionary Level Above Human, Inc. which is not a Plaintiff from the Court case in Exhibit 18 and which is in fact a non-existent corporation/entity. Plaintiff filed an Amended Corporate Disclosure Statement on September 21, 2023 on behalf of an unspecified, unincorporated entity with the same name as The Evolutionary Level Above Human Foundation, Inc. but which is allegedly not 'Inc.'

Defendant is now aware, as per page 9, paragraph 3 and page 10, paragraph 1 of the Court's 2/21/2023 Opinion and Order, that other legal entities besides corporations have the capacity to sue in this Court. However, Plaintiff is not an unincorporated business entity but is in fact an entity Incorporated in the state of Arizona. Therefore, Plaintiff should have included the designation 'Inc.' in the First Amended Complaint and Amended Corporate Disclosure Statement as Plaintiff is in fact an Arizona Nonprofit Corporation, The Evolutionary Level Above Human Foundation, Inc.

As Plaintiff filed a First Amended Complaint and other filings under the name of an alleged entity that was no longer 'Inc.' and no longer an 'Arizona 501(C)(3) Nonprofit Corporation', Defendant believed that Plaintiff was attempting to bring a different Party into the case other than the initial Plaintiff, The Evolutionary Level Above Human, Inc. Defendant interpreted these actions as a violation of Rule 7.1(b) as the alleged new 'party' did not,

'(2) promptly file a supplemental statement if any required information changes'

Defendant's primary goal in filing a Motion To Strike The Amended Corporate Disclosure Statement was to highlight the fact that Plaintiff was no longer stating that Plaintiff is 'Inc.' rather than to have the Court impose any sanctions on Plaintiff.

Defendant filed a Motion For A Joinder Of Parties to bring Mark King and Sarah King into this case due in part to the fact that neither of the alleged entities in the Corporate Disclosure Statement and Amended Corporate Disclosure Statement are legal entities incorporated or organized in the state of Arizona. Until the Court's 2/27/2024 Opinion and Order Plaintiff had not been properly identified in the Court as The Evolutionary Level Above Human Foundation, Inc.

7

Plaintiff, The Evolutionary Level Above Human Foundation, Inc., was not a 'Petitioner' in the Probate Case in the California Superior Court, Case No. PN022228, introduced by Defendant in Defendant's Status Report as Exhibits 11 and 12. Plaintiff later introduced Case No. PN022228 into the case before this Court [ DE 81-1 ]. As per Exhibit 11, page 1, § 19-20, a 'Petitioner' in Case No. PN22228 was,

'The Telah Foundation, Inc.'

The initial and other two 'Petitioners' in Case No. PN022228 were Mark King and Sarah King. ( Exhibit 11, page 2, § 7, 16-19 ). Furthermore, the 'Trust Agreement' in Case No. PN02228 was between the Public Administrator of San Diego County and,

'TELAH FOUNDATION by and through Mark King and Sarah King'

( Exhibit 12, page 5 § 17-18 and page 8 § 23 ).

In the case before this Court Plaintiff has stated in the Corporate Disclosure Statement and Amended Corporate Disclosure Statement that 'The Telah Foundation' is the 'd/b/a' of Plaintiff and the Court has recognized Plaintiff as The Evolutionary Level Above Human Foundation, Inc., not 'The Telah Foundation' or 'The Telah Foundation, Inc.

The Courts have been unified in Ruling that dbas/trade names are not legal entities unto themselves but are merely an alternate name for a legal entity such as a corporation. Defendant is unaware of any Court cases in which a 'd/b/a' was recognized as an Incorporated entity that may use the designation 'Inc.'. Nor is Defendant aware of any Court cases in which a 'd/b/a' was Ruled to be the owner of property including the intellectual property in a copyright and/or trademark registration.

Pinkerton's, Inc. v. Superior Court ( Schrieber ) ( 1996 ) states,

'As the First District Court of Appeal recently noted, 'the designation [DBA] means 'doing business as' but is merely descriptive of the person or corporation who does business under some other name. Doing business under another name does not create an entity distinct from the person operating the business'. ( Exhibit 50, page 6, paragraph 2 )

Pinkerton's Inc. v. Superior Court ( Schrieber ) ( 1996 ) goes on to cite numerous cases that corroborate the conclusion that use of a 'DBA' or 'trade name' does not create a legal entity distinct from a person or corporation that uses the DBA,

'The cases from other jurisdictions have reached the same conclusion. One federal court aptly explained, "the significance [of the term 'doing business as'] is, thus, much like that given to other phrases in common use in the law for slightly different purposes, 'alias' ... 'a/k/a' or 'also known as' ...." (Southern Ins. Company v. Consumer Ins. Agcy., Inc. (E.D.La. 1977) 442 F. Supp. 30, 31; see also Wood Mfg. Co., Inc. v. Schultz (W.D.Ark. 1985) 613 F. Supp. 878, 884, fn. 7 [" 'Doing business under another name does not create an entity distinct from the person operating the business. The individual who does business as a sole proprietor under one or several names remains one person, personally liable for all his obligations. So also with a corporation which uses more than one name.' "]; American Exp. v. Beryle (1991) 202 Ga.App 358, 360 [414 S.E.2d 499, 501] ["The use of d/b/a or 'doing business as' to associate a tradename with the corporation using it does not create a legal entity separate from the corporation but is merely **[49 Cal. App. 4th 1349]** descriptive of the corporation."]; Krawfish

...

Kitchen Restaurant, Inc. v. Ardoin (La.Ct.App. 1981) 396 So. 2d 990, 993 [" ' "The designation 'd/b/a' means 'doing business as' but is merely descriptive of the person or corporation who does business under some other name. Doing business under another name does not create an entity distinct from the person operating the business." ' "]

( Exhibit 50, page 6, paragraph 3 )

      As 'd/b/a The Telah Foundation' is not a separate legal entity and is 'merely descriptive of the corporation', the legal entity in the case before this Court is Plaintiff, The Evolutionary Level Above Human Foundation, Inc. and not 'The Telah Foundation'. As 'The Telah Foundation' is merely a trade name/alias/fictitious name of Plaintiff, The Telah Foundation cannot have made any type of business transactions or engaged in any other activities or transactions prior to the Incorporation of Plaintiff, The Evolutionary Level Above Human Foundation, Inc. Nor can 'The Telah Foundation' own any property in 'The Telah Foundation's' name as per the multiple, cited Court Rulings that have concluded that a 'dba' is not a 'legal entity'. Defendant is unaware of any non-legal entities that a Court has recognized to be an owner of property.

      Exhibit 51 is the creditor's claim from Case No. PN022228. This creditors' claim was signed and dated September 19, 1997 by 'President Mark King' of 'The Telah Foundation'. The Telah Foundation is identified as a 'corporation' on this creditor's claim. As Plaintiff, The Evolutionary Level Above Human Foundation, Inc., was Incorporated in the state of Arizona on September 23, 1997 ( Exhibit 1, page 1 ) and has a different legal name from 'The Telah Foundation', Plaintiff could not have been the same entity that filed the creditor's claim that was signed by "President Mark King' on September 19, 1997. Therefore, Plaintiff was not a 'Petitioner' in Case No. PN022228. Plaintiff, The Evolutionary Level Above Human Foundation,

Inc. was not the entity that entered into a trust agreement with the Public Administrator of San Diego County as again that agreement was with,

'TELAH Foundation by and through Mark King and Sarah King' (Exhibit 12, page 5 § 17 )

Furthermore, the July of 2023 copyright registration by Plaintiff identifies 'The Telah Foundation' as the 'd/b/a' of Plaintiff, The Evolutionary Level Above Human Foundation,

**Copyright Claimant:** The Evolutionary Level Above Human Foundation d.b.a. The Telah Foundation,

( Exhibit 49 )

Moreover, 'The Telah Foundation' was registered as a 'trade name' with the Arizona Secretary of State by Plaintiff on June 21, 2023 ( Exhibit 52 ). Plaintiff, The Evolutionary Level Above Human Foundation is identified as an 'Arizona Corporation' on the trade name registration for The Telah Foundation.

Defendant can find no record of a 'dba certificate' for 'The Telah Foundation' registered in Maricopa County, Arizona, therefore, to the best of Defendant's knowledge prior to June 21, 2023 The Telah Foundation was nothing more than an unregistered dba/trade name.

The evidence and multiple Court Rulings indicate that 'The Telah Foundation' is not a legal entity and therefore The Telah Foundation cannot be a Party to the case before this Court. To the best of Defendant's knowledge Mark King and Sarah King are legal entities. Therefore, Defendant asserts that Defendant's Emergency Motion For A Joinder Of Parties was

not baseless due to the fact that Plaintiff, The Evolutionary Level Above Human Foundation, Inc. was not the alleged entity that entered into a 'Trust Agreement' with the Public Administrator of San Diego County in Case No. PN022228 in the California Superior Court, County of San Diego.

Thus Plaintiff, The Evolutionary Level Above Human Foundation, Inc. is not the owner of the Group's Property that was conveyed and sold in the trust agreement in Case No PN022228 to 'TELAH Foundation by and through Mark King and Sarah King'. Furthermore, Plaintiff, although being named in the Title Of Proceedings, was not represented by Counsel in Case No. CV-98-00892 in the U.S. District Court, Northern District of California, the case that allegedly,

'Confirmed the Foundation's ownership of, inter alia, the intellectual property of the Group' (paragraph 11 of instant complaint )

On page 12 of Case No. CV-98-00892 Attorneys David J Miclean and Kimberly A. Donovan signed a Court document to represent an alleged entity with a different name than Plaintiff. Mr.Miclean and Miss Donovan signed to represent,

'The Evolutionary Level Above Heaven Foundation, Inc.'

Mr. Miclean and Miss Donovan also signed to represent,

'Mark King, Sarah King and Wayne Parker' ( Exhibit 18 in Defendant's MOTION TO ADD AN EXHIBIT OF A 1998/1999 FEDERAL COURT CASE INVOLVING MARK AND SARAH KING, page 12 )

Wayne Parker is deceased since the year 2000 and The Evolutionary Level Above Heaven Foundation, Inc. is a non-existent entity to the best of Defendant's knowledge. Therefore, as 'The Telah Foundation' and 'The Evolutionary Level Above Heaven Foundation' are non-existent as legal entities, the only living, legal entities that were represented in Case No. PN022228 and Case No. CV-98-00892 are Mark King and Sarah King.

Therefore, Defendant asserts that it is difficult to 'accord complete relief among existing parties' as per Rule 19 without enjoining Mark King and Sarah King as no other extant legal entities were 'Petitioner' or 'Plaintiff' in the Court cases that Plaintiff claims,

'conveyed to the Foundation.....all of the intellectual property rights belonging to the Group' ( Paragraph 10 of instant complaint )

And,

'Confirmed the Foundation's ownership of, inter alia, the intellectual property of the Group' ( paragraph 11 of instant complaint )

Defendant believes that the above stated facts and contentions demonstrate that Defendant did not file the Emergency Motion For A Joinder Of Parties or any of the Motions that have displeased the Court in violation of Rule 11(b). Defendant believes that Defendant has demonstrated that Defendant has evidentiary support for many of Defendant's contentions in Defendant's Motions, however, Defendant admittedly lacked patience and should have waited for the Court to Rule on the Motion To Amend The Title Of Proceedings before making any more Court filings.

As stated previously Defendant is very apprehensive about filing any more Motions or any Court filings for that matter without legal Counsel and/or advice. If Defendant does not retain Counsel Defendant will endeavor to be as judicious and selective as possible in potentially filing any future Motions.

Respectfully Submitted,
Jason Bartel
N4051 26th LN.
Redgranite, WI 54970

March 18, 2024

*[signature]*