UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| The Evolutionary Level Above Human, Inc.<br><br>Plaintiff,<br>v.<br><br>Stephen Robert Havel,<br>Cathy JoAnn Weaver,<br>Jason Bartel,<br><br>Defendants. | CASE NO. 3:22-CV-395 |

## HAVEL'S OBJECTION TO PLAINTIFF'S NOTICE OF PENDING MOTION AND REQUEST FOR SUMMARY JUDGMENT BRIEFING SCHEDULE [DE 201]

Defendant Stephen Havel respectfully submits this objection to Plaintiff's "Notice of Pending Motion and Request for Summary Judgment Briefing Schedule" (DE 201).

**1) Under Federal Rule of Civil Procedure 56(d), Summary Judgment is inappropriate where a party has not had a full opportunity to conduct Discovery and gather material facts.**

Defendants' have put before the Court many issues relating to Discovery that remain unresolved. As referenced in Plaintiff's own notice, there have been disputes and delays in the Discovery process. Scheduling a Summary Judgment Briefing before these matters are settled could result in decisions based on an incomplete factual record. Until this matter is fully resolved, scheduling a Summary Judgment Briefing is improper and may prejudice the Defendants' ability to respond fully and fairly.

1

Per this Courts order (DE 189) Discovery was placed on toll pending the Courts response to a Joint Status Report ordering (DE 195) Havel to confer with Plaintiffs' counsel over disputed evidence requests and a protective order. That Status Report was filed by Defendant Havel and Plaintiffs Counsel Mr. Isaac Crum from their informal emails and zoom meetings.

However, exactly what would be included in the Protective Order has yet to be determined. Plaintiffs' council, Mr. Crum at first wanted Defendant to determine what was to be protected, while I am not the person who wants anything protected, as there are no trade secrets or other parts to protect. The Court determined that the Plaintiff provided Protective Order was over broad as pertaining to most everything that is "non-public" at this time. This simply shows the tip of the iceberg in Plaintiff providing any cooperation in Havel's rights to a timely Discovery.

Plaintiffs' most recent filing seems determined to thwart the Discovery process and not allow Defendants to gather the evidence necessary for Defendants' defense:

-There has been at least three times documented in this court's case file record where Plaintiffs' sought to deny Defendants their rights to have Discovery.

-Plaintiffs doctored evidence by creating audio tape lists that removed descriptions the Group had put on their own tape logs.

-Plaintiffs' listed tapes they copyrighted that never existed.

-Plaintiffs' have also created new audio file copyrights listing the author that was not the author.

Setting a briefing schedule under these circumstances would unfairly burden the Defendant, particularly considering the complexity of the legal and factual issues at stake, the Defendant's pro se status, and the need to preserve all arguments and defenses for any resolution.

2) Defendant Havel has a robust defense that includes Religious Discrimination, Fair Use, Laches and Delay and has very well substantiated Counter Claims and to develop them all Havel needs a complete Discovery period that Plaintiffs aren't allowed to delay past deadlines.

For instance of one prime example of the need for Discovery cooperation from Plaintiffs involves a document that exists from one of the Consent Decree's under Judge Richard Breyer, from the 1999 case referred to many times in that Consent Decree as the "Settlement Agreement" that appears to be sealed that Defendant has evidence orders these same Plaintiffs' to give "verified former members" of the Group, of which Havel (aka Sawyer or Swyody in many of the Groups Audios and Videos) is well documented to be – all the Intellectual Property as defined in that Consent Decree. When Havel informally met with Plaintiffs attorney Mr. Isaac Crum, as shown in the filed Status Report, Mr. Crum stated that he/they didn't have that document or that perhaps it was "destroyed", a rather strange thing to say.

Delaying and interfering with Discovery is a very serious offense.

Incidentally, none of Havel's (or other co-Defendants) use of the Groups Intellectual Property (that Havel and co-defendant Jason Bartel rightfully own since 1997), has been used for profit and won't be because the only copyright example the Group had - for their book was a Common Law Copyright that Plaintiffs changed to their own copyright.

3) Since Plaintiffs led their request for a Summary Judgement Briefing by saying Havel was in "violation of the Courts rules", I want to briefly explain what happened, as the Court may not have completely read the entire case history. Plaintiffs state:

"In March 2024, Parties also met and conferred regarding discovery issues Defendant Havel had raised in violation of the Court's rules and, in part, after the non-dispositive motion deadline. [See DE 195 at 5, 6—7.]" (DE 201 at 1)

Previously in communications with Judge Gotsch, in response to my fear of being tricked while working directly with Plaintiff's lawyers, (as I by then already had evidence of), I understood that as an inexperienced Pro Se Defendant any communications regarding Discovery would go through the court. Yet I didn't know how that might work and didn't know how to find out as I can't afford a lawyer to guide me. I didn't understand the deadlines as there was one for non-dispositive motions and yet exceptions for extraordinary circumstances that by the final deadline of December 2023 could apply to "Compel" Plaintiffs in my Production of Document Requests. Plaintiffs had by then already questioned the inclusion and authenticity of relevant documents from their previous cases. Plaintiffs Complaint relied on their Consent Decrees from those two cases and there were a number of relevant key pieces to those cases I intended to refer, to further prove my Defense and Counter Claims.

WHEREFORE, Defendant Stephen Havel respectfully requests that the Court deny Plaintiff's request to set a Summary Judgment Briefing Schedule at this time and defer any such schedule until after resolution of all the outstanding discovery issues.

Dated: *Stephen Havel 5-27-25*

Stephen Havel
5776 Grape Rd.
Suite 51
PMB# 121
Mishawaka, IN. 46545
Sawcat575@gmail.com
Defendant.

4