UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

THE EVOLUTIONARY LEVEL ABOVE
HUMAN FOUNDATION,

    Plaintiff,

    v.                                      CASE NO. 3:22-CV-395-DRL-SJF

STEPHEN ROBERT HAVEL, et al.,

    Defendants.

**ORDER**

On July 16, 2025, the Court set this matter for a zoom video hearing on August 26, 2025, at 2:00 p.m. (eastern), to resolve remain discovery disputes—disputes which largely stemmed from Defendant Stephen Havel's discovery motions. The Court's order provided that "[t]he parties must be prepared to address and resolve pending discovery matters . . . and to set to new deadline(s) pertaining to the completion of remaining discovery and to file dispositive motions." [DE 204 at 1-2.]

The Court held the zoom video hearing on August 26, 2025, as scheduled. Plaintiff appeared through counsel Isaac Crum from Messner Reeves LLP. Defendants Stephen Havel, Cathy Weaver, and Jason Bartel each appeared *pro se*. The following order summarizes discussions and rulings from this hearing.

    **1.**    **Discovery Matters Addressed**

The Court began by addressing remaining discovery disputes, starting with Mr. Havel's Requests for Production of Documents ("RFPs") filed on August 9, 2023. [DE

135]. The Court addressed this request via four groupings: (1) Requests to Authenticate Documents (RFP Nos. 14, 15, 17, 19, and 23, *see* DE 135 at 9-13); (2) Copies of Certain Legal Records (RFP Nos. 12, 13, 20, and 21, *see* DE 135 at 9-12); (3) Non-Legal Documents & Correspondence with Third Parties (RFP Nos. 18, 22, 25, and 26, *see* DE 135 at 11-14); and (4) Documents Responsive to Requests that Plaintiff wants to Disclose Via a Protective Order (RFP Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 14 –as well as 24, which is duplicative of 14, *see* DE 135).

The Court confirmed with the parties that Category One (Authentication Issues) has been resolved. After hearing from the parties, the Court affirmed the prior denial of the RFPs covered by Categories Two and Three (RFP Nos 12, 13, 20, and 21; 18, 22, 25, and 26). As to Category Four, after further discussions, the parties managed to reach an agreement as to the use of a discovery protective order before Plaintiff discloses certain documents responsive to these requests. The Court discussed demarcations of confidential information so that the scope of a protective order complies with Seventh Circuit precedent. The Court proposed, and the parties agreed, to categories of information to be designated as confidential as follows:

- Communications between Telah Foundation directors/officers regarding: **[discrete list of applicable topics; to be completed by Plaintiff];**
- Communications received by Telah Foundation directors/officers (Mark and Sarah King) from Heaven's Gate members regarding: **[discrete list of applicable topics; to be completed by Plaintiff];**

2

- Lists summarizing contents of copyrighted works not being asserted in this case that have been kept confidential and secret from the public; and
- Sealed court records.

Plaintiff will prepare a draft protective order for the parties' consideration using these categories of information to be protected as confidential. Plaintiff shall also use the Court's protective order template, which the parties may obtain at: https://www.innd.uscourts.gov/content/magistrate-judge-scott-j-frankel.

The Court also specifically addressed one portion of Mr. Havel's RFP No. 14, where Mr. Havel requested production of Plaintiff's settlement agreement resulting in the consent decree in THE EVOLUTIONARY LEVEL ABOVE HUMAN FOUNDATION, INC. dba THE TELAH FOUNDATION, MARK KING, SARAH KING and WAYNE PARKER, Plaintiffs V RIGHT TO KNOW; The Executor of the Estate of CHARLES HUMPHREY aka CHUCK HUMPHREY, KATHRYN MOREA LANMINDS and IMPSAT MEXICO, Defendants, Case No. 3:98-cv-00892. Plaintiff's counsel confirmed on the record that Plaintiff no longer possesses the underlying settlement agreement from this case.

Finally, Defendant Cathy Weaver notified Plaintiff and the Court that four discovery requests served by her and Defendant Havel on November 20, 2023, had gone without response. [*See* DEs 183-186]. Two of the discovery requests were interrogatories directed to nonparties Mark and Sarah King [*See* DEs 185, 186]. As discussed at the hearing, nonparties are not obligated to respond to interrogatories. *See Ellison v. Runyan*, 147 F.R.D. 186, 188 (S.D. Ind. 1993)(" Interrogatories under Fed. R.

3

Civ. P. 33 may be used to obtain information only from other parties, not non-parties.") The other two requests, however, were directed at Plaintiff, and thus, require a response. [*see* DEs 183-184]. The Court tolled the discovery deadline two weeks after these requests had been served [*see* DE 189 at 2-3], so the Court will afford Plaintiff an opportunity to respond now that other discovery matters have been resolved.[1]

### 2.    Case Management Deadlines Set

With the above discovery issues addressed, the Court set the following deadlines for completion of the outstanding discovery and for filing dispositive motions:

- The deadline for the parties to file a stipulated protective order as outlined in this order is **September 9, 2025**;

- The deadline for Plaintiff to respond to Defendants' unanswered discovery requests is also **September 9, 2025**;

- The deadline for completion of remaining outstanding discovery (i.e., for Plaintiff to produce discovery to Defendant Havel under the parties' stipulated protective order) is **September 26, 2025**; and

- The deadline for the parties to file any dispositive motions is **October 31, 2025**.

The Court advised that the discovery period is limited to completion of remaining outstanding discovery and that any new discovery requests propounded would be considered untimely.

---

[1] The Court asked Defendant Jason Bartel if he had any matters to address during the hearing. Mr. Bartel raised issues unrelated to discovery. The Court advised that such matters were not properly before the Court.

Consistent with the admonishments included in the Court's prior orders [*see* DEs 205, 195, 189, 130, 125, 117, 112], the parties are again **ADMONISHED** to diligently complete remaining discovery, to cooperate in good faith, and to ensure compliance with federal and local rules.

**SO ORDERED** this 27th day of August 2025.

s/Scott J. Frankel
Scott J. Frankel
United States Magistrate Judge
