UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| The Evolutionary Level Above Human Foundation d/b/a The Telah Foundation,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>Stephen Robert Havel,<br>Cathy JoAnn Weaver,<br>Jason Bartel,<br><br>　　　　　　Defendants. | CASE NO. 3:22-CV-395-JD-MGG |

**PLAINTIFF'S RESPONSES TO DEFENDANT WEAVER'S**

**REQUESTS FOR ADMISSION**

Plaintiff The Evolutionary Level Above Human, Inc. ("Plaintiff") submit these objections and responses ("Responses") to the Requests for Admission ("Requests" or "RFAs") propounded by Defendant Cathy JoAnn Weaver ("Defendant") (ECF No. 184).

**GENERAL OBJECTION**

Plaintiff objects to the Requests as they are all clearly untimely and in violation of the Court's Scheduling Order (ECF 117). The close of discovery was set by this Court as December 14, 2023. (ECF 117 at 6.) The Court made clear in the Scheduling Order that:

> A. Discovery.
> 1. Time limit for discovery requests. All discovery other than depositions must be initiated at least forty-five days before the discovery deadline. A deposition commenced at least five days before the discovery deadline may continue beyond the discovery deadline. Notices of deposition shall be served on opposing counsel at least fifteen days before the deposition date.

*See* ECF 117 at 9.

As a result, the last date to serve any discovery requests was 45 days before December 14, 2023 which calculates to Monday, October 30, 2023. The Requests for

1

Admission at issue were served a full 21 days later, on November 20, 2023. As such they are untimely and in violation of the Court's Scheduling Order.

The law in the Court regarding such untimely served discovery is clear. *See Shadle v. First Fin. Bank, N.A.,* No. 1:09–cv–37, 2009 WL 3787006, at *2 (N.D.Ind. Nov.10, 2009) (citing several cases from this circuit holding that defendants had no obligation to answer discovery from pro se plaintiff on the eve of deadline, and concluding even pro se plaintiffs should have known that they need to serve discovery requests at least thirty days prior to the close of discovery). *See also Westbrook v. Archey,* No. 1:05–CV–00057, 2006 WL 545008, at *1 (N.D.Ind. Mar.3, 2006) (holding that defendants had no obligation to answer interrogatories served on the eve of the discovery deadline by *pro se* plaintiff); *Shroyer v. Vaughn,* No. 1:00–CV–256, 2002 WL 32144316, at *1 (N.D.Ind. July 10, 2002) (denying discovery as untimely where it was served by *pro se* plaintiff just before the discovery deadline and called for responses after the close of discovery).

As in *Westbrook, Shroyer, and Shadle,* Mr. Havel's service of discovery at a date which called for responses after the close of discovery and after the time set by the Court were clearly untimely and do not require any response by Plaintiff. *Id.*

**RESPONSES TO DEFENDANT WEAVER'S REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:** Admit that it was the desire of DO's Class that anyone with the desire take part in the Dissemination Project (aka "getting this information out," as publicly described in particular in the document, '"Away Team" from Deep Space Surfaces Before Departure', written by DO's Student Jwnody, found in the Heaven's Gate Book, 'How and When "Heaven's Gate" (The Door to the Physical Kingdom Level Above Human) May Be Entered' and posted on the Website Heavensgate.com

**RESPONSE TO REQUEST FOR ADMSSION NO. 1:**

Denied.

2

**REQUEST FOR ADMISSION NO. 2:** Admit that in Court Case No. PN022228 in the document you filed as DECLARATION OF MARK KING, Mark King wrote, "It is my understanding of the decedents' beliefs that their religious and philosophical beliefs culminated on their 'exit' and their belief system was for the process leading up to that event, and as such is not something to be followed by others."

**RESPONSE TO REQUEST FOR ADMSSION NO. 2:**

Plaintiffs have been unable to locate a copy of this document and on that basis deny this request.

**REQUEST FOR ADMISSION NO. 3:**

Admit Jwnody authored a document in The Classes Heaven's Gate Book entitled, "Away Team" from Deep Space Surfaces Before Departure dated April 8, 1996 that contains a segment that reads:

> "Every soul, that was a part of a deposit, at any time during this civilization, is back to make their choices once again. Some of these may be younger, perhaps second- or first trimester, souls. Although they may not even have a chance to get to know us before our departure, we do recognize them, because they "recognize the enemy." They see through the lies and no longer want to be a part of this world. And so it is our task to give them a chance to leave this place by getting this information out."

**RESPONSE TO REQUEST FOR ADMSSION NO. 3:**

Plaintiff admits that the quoted paragraph appears in the cited document.

**REQUEST FOR ADMISSION NO. 4:** Re: the content of Request for Admission NO. 3: Admit because Jwnody wrote "Although they may not even have a chance to get to know us before our departure," she was anticipating a time before and/or AFTER her/their departure.

**RESPONSE TO REQUEST FOR ADMSSION NO. 4:**

Plaintiff objects to this request as calling for speculation.

3

**REQUEST FOR ADMISSION NO. 5:** Re: the content of Request for Admission NO. 2: Admit by Jwnody referring to individuals "getting this information out" AFTER her/their Departure as described in Admission NO. 3, she is indicating they would need to have their physical body as that is the only way people could be "getting this information out".

**RESPONSE TO REQUEST FOR ADMSSION NO. 5:**

Plaintiff objects to this request as calling for speculation.

**REQUEST FOR ADMISSION NO. 6:** Re: the content of Request for Admission NO. 2: Admit Jwnody's use of the word "information" is referring to any or all of the Heaven's Gate Intellectual Property they left behind.

**RESPONSE TO REQUEST FOR ADMSSION NO. 6:**

Plaintiff objects to this request as calling for speculation.

**REQUEST FOR ADMISSION NO. 7:** Re: the content of Request for Admission NO. 2,3,4,5 and 6: Admit there are a number of examples of The Class expressing the same idea of; "Getting Our Information Out" by writing about their "desire" for some to; "disseminate our information" and/or to participate in the "dissemination Project" that was not ever limited to Mark King and/or Sarah King and/or any other former members of the Class, nor limited to their website, book, video's but included their Audio Tapes.

**RESPONSE TO REQUEST FOR ADMSSION NO. 7:**

Denied.

**REQUEST FOR ADMISSION NO. 8:** Admit that DO and The Class, the Creators of all the Intellectual Property never meant for Mark King and Sarah King to be the only former members and/or people to disseminate the Groups Information.

**RESPONSE TO REQUEST FOR ADMSSION NO. 8:**

4

Denied.

**REQUEST FOR ADMISSION NO. 9:** Admit that in addition to Mrcody (aka Mark King) and Srfody (aka Sarah King)'s receipt of packets containing at least one Letter from the Group and an assortment of the Groups Intellectual Property on or about March 25, 1997, as few as 5 additional Former Members, (Rkkody (aka Charles "Chuck" Humphrey), Neody (aka Rio D' Angelo), Flxody (aka Lorraine Snelson), Ablody (aka Floyd Snelson) and Jhnody (aka Francisco Falcon) and listed by the Group as a Current Member named Oscody (aka Wayne Parker) also received at least one Letter directly from the Group in their Packets and an assortment of Intellectual Property the Group hoped they would share with anyone interested.

**RESPONSE TO REQUEST FOR ADMSSION NO. 9:**

Plaintiff admits that a number of people received letters from "the Group". Plaintiff, objects to the remainder of this request as calling for speculation.

**REQUEST FOR ADMISSION NO. 10:** Admit that DO and his Class never gave you any legal permission to copyright any of their audio/visual Intellectual Property.

**RESPONSE TO REQUEST FOR ADMSSION NO. 10:**

Denied.

**REQUEST FOR ADMISSION NO. 11:** Admit that from 1997 to when this lawsuit was filed in May of 2022 you cannot prove you ever informed Defendant Havel that you had copyrights on the Groups audio tapes and video tapes.

**RESPONSE TO REQUEST FOR ADMSSION NO. 11:**

Denied. Defendant Havel was informed many times about his infringement of Plaintiffs IP. Indeed, prior to this lawsuit in an email dated December 1, 2021, Mr. Havel stated that he "will defy [Plaintiff's requests to cease his infringement] and lose his channel, but then

5

[Mr. Havel] will start another channel…" Mr. Havel also stated in that email "But I will not stop. I'd rather die."

**REQUEST FOR ADMISSION NO. 12:** Admit that Mark King and/or Sarah King knew that Defendant Havel, aka (Sawyer, Swyody, Swy) had communication with Dave Goetzinger.

**RESPONSE TO REQUEST FOR ADMSSION NO. 12:**

Denied.

**REQUEST FOR ADMISSION NO. 13:** Admit that Rkkody was given by DO's Class via Letter(s) the primary task of updating the heavensgate.com website.

**RESPONSE TO REQUEST FOR ADMSSION NO. 13:**

Plaintiff admits "Rkkody" was given this task and that he completed the task he was given on 3/27/1997.

**REQUEST FOR ADMISSION NO. 14:** Admit that you have no evidence that Cathy Weaver ever infringed on any of your copyrights.

**RESPONSE TO REQUEST FOR ADMSSION NO. 14:**

Denied.

**REQUEST FOR ADMISSION NO. 15:** Admit that Defendant Stephen Havel's use of the Older Member Image painted and copyrighted in 1982 by Ollody (aka Olliver Odinwood, legally David Cabot Van Sinderen) on T shirts wasn't from the Lithographic Print you said you were gifted and called the Celestial Being Entity, aka C.B.E. Lithographic Print you copyrighted in 1997.

**RESPONSE TO REQUEST FOR ADMSSION NO. 15:**

Denied. Plaintiff is the owner of all of the intellectual property, including the intellectual

property refenced in this request and all versions of the CBE.

**REQUEST FOR ADMISSION NO. 16:** Admit your primary task re: Heaven's Gate's Intellectual Property was to be a "distributor" that Plaintiff Sarah King revealed in Case No. PNO22228 in Judge Lisa Guy-Schall's STATEMENT OF DECISION filed on Febrnary 22, 1999 in the section entitled, "FINDING OF FACT AND DECISION" in Paragraph 3 by stating:

> "Sarah King testified that, "How and When Heaven's Gate (The Door to the Physical Kingdom Level Above Human) May Be Entered - An Anthology of Our Materials," Last Chance to Evacuate Earth Before It's Recycled," Plant About to Be Recycled - Your Only Chance to Survive - Leave With US," "Do's Final Exit - Students of Heaven's Gate Expressing Their Thoughts Before Exit," and "Beyond Human - The Last Call," were all given to the petitioners by the group for the express purpose of distributing copies and receiving returned copies. Thus, she and her husband, Mark, were agents or distributors, but no more."

**RESPONSE TO REQUEST FOR ADMSSION NO. 16:**
Plaintiff admits that the quoted words are found in the cited document. Plaintiff denies that Sarah and Mark King were solely "distributors" as substantiated in the August 11, 1999 Order in PN022228.

**REQUEST FOR ADMISSION NO. 17:** Admit that this exact quote below is from the primary Letter you, Mrc and Srf ( aka Mark King and Sarah King) received on March 25, 1997 via a FedX packet, from The Class that described DO and his Classes "desire" for what they hoped would be done with the "items of value" you (and any of the others on the list) would find in the two storage room units #241 and #147 located at Private Storage Systems, 2421 Barham, Escondido, CA:

7

> "It is our desire that any items of value that are retrievable by you be divided among those who feel inclined to disseminate our information. Any of the funds you retrieve can be used towards that end and for the living expenses of those involving themselves with this project."

**RESPONSE TO REQUEST FOR ADMSSION NO. 17:**

Plaintiff admits the quote is in the cited document.

**REQUEST FOR ADMISSION NO. 18:** Re: REQUEST FOR ADMISSION NO. 17: Admit there were no "funds" retrieved from either of these two storage rooms

**RESPONSE TO REQUEST FOR ADMSSION NO. 18:**

Admitted.

**REQUEST FOR ADMISSION NO. 19:** Re: REQUEST FOR ADMISSION NO. 18: Admit that the contents of Storage included the following items listed by San Diego County in your Case No. PN022228 in Judge Lisa Guy-Schall's:

> "ORDER APPROVING AGREEMENT TO SELL ESTATE PROPERTY AND TO CONVEY TRUST PROPERTY TO TRUST BENEFICIARIES LIST OF TRUST ASSETS BEING CONVEYED TO TRUST BENEFICIARY TELAH FOUNDATION
>
> Blue Bag Containing Floppy Disks; Sheriffs Evidence List, Item #131
> Blue Bag Containing Papers, Small Black Binder; Sheriffs Evidence List, Item #132
> Black Attache Case Containing Misc. Papers, Office Items; Sheriffs Evidence List, Item #133
> Green Attache Containing Floppy Disks; Sheriffs Evidence List, Item #134
> Black Organizer Containing Papers and Floppy Disks; Sheriffs Evidence List, Item #135
> Black Briefcase Containing Floppy Disks, Toolkit, Hard Disk, CDROM, Personal Organizer;
> Sheriffs Evidence List, Item #136

8

Dark Gray Briefcase Containing Floppy Disks; Sheriffs Evidence List, Item #137
Black Attache Containing Papers and Floppy Disks; Sheriffs Evidence List, Item #138
Blue Garment Bag Containing Pillow Cases, Misc. Items; Sheriffs Evidence List, Item #139
Tool Kit in Black Canying Case; Sheriffs Evidence List, Item #140
Box Containing 4 Video Tapes (TV Interview Tapes); Sheriffs Evidence List, Item #141
Black Box Containing Video Tapes (Planet About To Be Recycled); Sheriffs Evidence List, Item #142
Box Containing Video Tapes (Beyond Human); Sheriffs Evidence List, Item #143
Box Containing Video Tapes (Planet About To Be Recycled); Sheriffs Evidence List, Item #144
Box Containing Video Tapes (Beyond Human); Sheriffs Evidence List, Item #145
Box Containing Video Tapes (Last Chance to Evacuate Edrth); Sheriffs Evidence List, Item #146
Box Containing Video Tapes (Last Chance to Evacuate Earth); Sheriffs Evidence List, Item #147
Box Containing Video Tapes (Beyond Human); Sheriffs Evidence List, Item #148
Box Containing Video Tapes (Last Chance to Evacuate Earth); Sheriffs Evidence List, Item #149
Box Containing Video Tapes (Last Chance to Evacuate Earth); Sheriffs Evidence List, Item #150
Box Containing Video Tapes (Last Chance to Evacuate Earth); Sheriffs Evidence List, Item #151
Box Containing Video Tapes (Last Chance to Evacuate Earth); Sheriffs Evidence List, Item #152
Box Containing Video Tapes (Planet About to Be Recycled); Sheriffs Evidence List, Item #153
Box Containing Video Tapes (Planet About to Be Recycled); Sheriffs Evidence List, Item #154
Box Containing Video Tapes (Beyond Human) and Audio Cassettes; Sheriffs Evidence List, Item #155
Box Containing Video Tapes (Beyond Human); Sheriffs Evidence List, Item #156
Box Containing Video Tapes (Unlabeled); Sheriffs Evidence List, Item #157
Box Containing Video Tapes (Session Tapes-Beyond Human) and Audio Cassettes; Sheriffs Evidence List, Item #158
Box Containing Video Tapes (All But 4-Planet About to Be RecycledOther 4 are Beyond Human)
; Sheriffs Evidence List, Item #159

Box Containing Video Tapes (Last Chance to Evacuate Earth); Sheriffs Evidence List, Item #160
Box Containing Video Tapes (Various Titles-Master Tapes Beyond Human Series); Sheriffs
Evidence List, Item # 161
Box Containing Audio Cassettes; Sheriffs Evidence List, Item #162
Box Containing Audio Cassettes; Sheriffs Evidence List, Item #163
Box Containing Audio Cassettes; Sheriffs Evidence List, Item # 164
Box Containing Audio Cassettes; Sheriffs Evidence List, Item #165
Box Containing Papers, Spiral Notebooks; Sheriffs evidence List, Item #166
Box Containing Papers; Sheriffs Evidence List, Item #167
Box Containing Misc. Computer Manuals, Disks; Sheriffs Evidence List, Item #168
Box Containing Papers Entitled "95 Statement by an ET Presently Incarnate"; Sheriffs Evidence
List, Item # 169
Accordion Folder Containing Misc. Papers; Sheriffs Evidence List, Item #170
Box Containing Heaven's Gate Manuals; Sheriffs Evidence List, Item #171
Box Containing Heaven's Gate Manuals; Sheriffs Evidence List, Item #172
Box Containing Heaven's Gate Manuals; Sheriffs Evidence List, Item #173
Box Containing Heaven's Gate Manuals, Papers and Floppy Disks; Sheriffs Evidence List, Item #174
Box Containing Loose Papers; Sheriffs Evidence List, Item #175
Box Containing Notebooks, Papers and Floppy Disks; Sheriffs Evidence List, Item #176
Red Crate Containing Floppy Disks; Sheriffs Evidence List, Item #177
Plastic Box Containing Heaven's Gate Manuals; Sheriffs Evidence List, Item #178
Plastic Box Containing Heaven's Gate Manuals; Sheriffs Evidence List, Item #179
Pink Wallet with Discs
Cardboard Box Containing Mailers
Blue Nylon Bag Containing Misc. Clippings Docs
Black Bag Containing Misc. Docs
Green Nylon Bag Containing Discs
Computer Hard Drive IBM 50858185170
Computer Hard Drive Server No I.D.
Green Nylon Bag Containing Discs
Computer Hard Drive No I.D.
Cardboard Box Containing Discs
Manilla Envelope Containing Photos
Purple Wallet Containing Discs
Cardboard Box Containing Bag with Discs
Disc File Holder
Cardboard Box Misc. Docs

10

Heaven's Gate Away Team Patches"

**RESPONSE TO REQUEST FOR ADMSSION NO. 19:**

Plaintiff admits that this appears to be a subset of the list of items identified in PN022228, but without sufficient knowledge as to the exact contents of the storage unit since it was seized by the County of San Diego and, thus is unable to respond to this request.

**REQUEST FOR ADMISSION NO. 20:** Re: REQUEST FOR ADMISSION NO. 17, 18 and 19: Admit the list in Admission No. 19 of what was in Storage includes Intellectual Property (like the "Heaven's Gate Away Team Patches") that could be considered some of the "items of value" that DO's Class Letter to you was referring to, that could generate "funds" that "can be used towards that end [dissemination] and for the living expenses of those involving themselves with this project," (speaking of "those who are inclined to disseminate our Information.)"

**RESPONSE TO REQUEST FOR ADMSSION NO. 20:**

Plaintiff admits that the referenced patches were part of the storage room contents. Plaintiff is without sufficient knowledge as to what was considered "items of value", thus is unable to respond to this request.

**REQUEST FOR ADMISSION NO. 21:** Re: REQUEST FOR ADMISSION NO. 17, 18, 19 and 20: Admit you presented to the Judge Breyer Court and the Judge Lisa Guy Schall Court statements that accused Rkkody (aka Charles Chuck Humphrey, "third party") of doing things against The Classes wishes by his attempting to sell T shirts, mugs, mouse pads, Away Team Patches, etc. (with Ollody's image art) to support his being able to afford to give away CD's (part of the Classes dissemination project) containing much of the Groups Intellectual Property on them.

**RESPONSE TO REQUEST FOR ADMSSION NO. 21:**

Plaintiff admits its counsel informed the Court in connection with the probate proceeding

11

that:

> "The TELAH Foundation became aware of commercial misappropriation of intellectual property associated with the religion of The Evolutionary Level Above Human. Specifically, Mr. Chuck Humphrey had made revisions to the religious group's website and was selling T-shirts, coffee mugs, mouse pads and other paraphernalia in an obvious effort to exploit the Heaven's Gate organization, name and ideas. This was directly contrary to the beliefs and purposes of The TELAH Foundation, as expressed to [counsel for the TELAH Foundation] by Mark King. Sarah King and Wayne Parker. The TELAH Foundation instead believed that the organization's intellectual property should be maintained in exactly the manner that the deceased persons requested and specified, and always should be treated with dignity and respect."

**REQUEST FOR ADMISSION NO. 22:** Admit these three paragraphs, 52, 53 and 54 from Plaintiffs document 67-1 filed 01/23/23 is true:

> 52. The revenue generated through Plaintiffs operations is de minimis. Plaintiff has been able to maintain its existence because its Plaintiffs directors have contributed funds so that Plaintiff can pay the de minimis expenses associated with Plaintiffs operations.
> 53. The legal expenses associated with Plaintiff pursuing its claims against Defendants are not considered typical operating expenses. Plaintiffs legal expenses have already greatly exceeded Plaintiffs business operations. The cost of filing this action ($402) has exceeded the amount of annual income that Plaintiff earned in 2021. The cost of serving Defendants, one of whom evaded service (Mr. Bartel), was significant.
> 54. The expenses that Plaintiff has incurred in connection with its important and necessary legal action of Defendants are not sustainable for Plaintiff, which is a not-for profit and does not generate a stream of revenue. "

**RESPONSE TO REQUEST FOR ADMSSION NO. 22:**

Admitted.

**REQUEST FOR ADMISSION NO. 23:** Admit that The Evolutionary Level Above Human Foundation d/b/a The Telah Foundation or any other name Plaintiffs have used or are using to date regarding the substance of this lawsuit has filed with the IRS $0.00 in revenue from 2016 to 2020.

**RESPONSE TO REQUEST FOR ADMSSION NO. 23:**

Admitted.

DATED this 9th day of September 2025.

                                    **MESSNER REEVES, LLP**

                              By: */s/ Isaac S. Crum*
                                  MESSNER REEVES LLP
                                  Isaac S. Crum (Pro Hac Vice)
                                  icrum@messner.com
                                  *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the September 9, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the filing to the parties listed below. A copy of this filing will also be sent via U.S. mail and email.

Cathy Weaver
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

Jason Bartel
N4051 26th Lane
Redgranite, WI 54970-7087
jason_bartel@unioncab.com

Steven Robert Havel
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

By: /s/    *Isaac S. Crum*