Exhibit B

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

**The Evolutionary Level Above Human Foundation d/b/a The Telah Foundation,**

      **Plaintiff,**

**v.**

**Stephen Robert Havel,**
**Cathy JoAnn Weaver,**
**Jason Bartel,**

      **Defendants.**

**CASE NO. 3:22-CV-395-JD-MGG**

### [PROPOSED] PROTECTIVE ORDER

Defendant Havel a party to this action has moved that the Court enter the following Protective Order. The Court has determined that the terms set forth herein are appropriate to protect the respective interests of the parties. Accordingly, it is ORDERED:

**I.  Scope.**

This Protective Order ("Order") shall govern the production of documents by Plaintiffs (As "Producing Parties") they filed they would provide to Defendant Havel ("Receiving Party") with this action of a Stipulated Protective Order.

Plaintiff indicated they would provide certain Discovery with a Protective Order as outlined by Judge Frankel in DE 208:

{07710045 / 1}

"(4) Documents Responsive to Requests that Plaintiff wants to Disclose Via a Protective Order (RFP Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 14 –as well as 24, which is duplicative of 14, *see* DE 135", which are some of the document requests from HAVEL'S REQUEST FOR PRODUCTION OF DOCUMENTS).

## II. Protected Material.

Materials designated as Confidential are referred to herein as "Protected Material." The parties may not designate as Protected Material any material which is available to the public.

### A.    Confidential Information.

The following may be designated "Confidential," provided the information was maintained as confidential and the party has a legitimate interest in maintaining its confidentiality:

1.  Communications between Telah Foundation directors/officers regarding:

a.  RFP#12  Document(s): All documents related to Case PN022228 that relate to Olliver Odinwood (aka Ollody, legally, Cabot Van Sinderen's) Copyright Registration No.: VAu000041610 dated 1982-11-18 of 14 Acrylic Paintings he painted that one or more of the Case Exhibits listed as being given to Plaintiffs as part of the Settlement Agreement.

b.  RFP #13.      Detailed List and pictures of all 14 Acrylic Paintings painted by Olliver Odinwood (aka Ollody).

{07710045 / 1}1

Reason: These are paintings Olliver Odinwood drew and painted, that included the C.B.E. Lithographic image Plaintiffs copyrighted in 1997 but neglected to say whether it was a work for hire nor inform the Copyright office about any past copyright registrations.  These documents are crucial to my defense given the C.B.E. Lithographic Print was painted by the true holder of the copyright and also includes the rings of Saturn that are part of the alleged Heaven's Gate Logo Defendant is claimed to have infringed upon copyrights and trademarks of.

**(Defendant has new evidence to add to the reason Defendant needs these documents)**

2.  Communications received by Telah Foundation directors/officers (Mark and Sarah King) from Heaven's Gate members regarding:

    a.  RFP #1.   Document(s) submitted to Copyright office to prove, as shown in Section 4 of the registration, that Plaintiffs had "obtained ownership of the copyright" as "pursuant to assignments" to legally Transfer from Author, Total Overcomers Anonymous aka T.O.A., to The Telah Foundation the Deposit of 486 Audio tapes, referred to as "The Audiotape Library of Heaven's Gate by TI and DO as per copyright registration number: SRu 298-530 effective date of Oct 27, 1997.

    b.  RFP #2.   Document submitted to the Copyright office that lists the exact Identities, the date each was made and the description of each tapes content, or if no such document was submitted to the copyright office, then what description were on the label for each of the cassettes submitted to the Copyright office. (I labeled some of the original tapes while in The Group).

c. RFP #3.    Document(s) submitted to Copyright office to prove, as shown in Section 1 of the registration, that Total Overcomers Anonymous aka T.O.A., Authored the Deposit of 486 Audio tapes, referred to by Plaintiffs as "The Audiotape Library of Heaven's Gate by TI and DO as a "work for hire",  and/or Document(s) that legally prove Heaven's Gate employed Plaintiffs in the transfer of Authorship Copyrights (the Creators of said works automatically hold), of this Intellectual Property to Plaintiffs, as per copyright registration number: SRu 298-530 effective date of Oct 27, 1997

d. RFP #4.    Document(s) submitted to Copyright office to prove, as shown in Section 4 of the registration, that Plaintiffs had "obtained ownership of the copyright" as "pursuant to assignments" to legally Transfer from Author Total Overcomers Anonymous aka T.O.A., to The Telah Foundation of Seven (7) ½" VT/D "Beyond Human – The Last Call" Video tapes, as per registration number: PA 867-224 effective date of Sep 22 1997.

e. RFP #5.    Document(s) submitted to Copyright office to prove, as shown in Section 1 of the registration, that Total Overcomers Anonymous aka T.O.A., Authored as a "work for hire", Seven (7) ½" VT/D "Beyond Human – The Last Call" Video tapes, and/or Document(s) that legally prove Heaven's Gate employed Plaintiffs in the transfer of Authorship Copyrights (the Creators of said works automatically hold), of this Intellectual Property to Plaintiffs, as per registration number: PA 867-224 effective date of Sep 22 1997.

f. RFP #6.    Document(s) submitted to Copyright office to prove, as shown in Section

4 of the registration, that Plaintiffs had "obtained ownership of the copyright" as "pursuant to assignments" to legally Transfer from Author Heaven's Representatives to The Telah Foundation the Book Manuscript entitled, "How and When "Heaven's Gate" (The Door to the Physical Kingdom Level Above Human) May Be Entered – An Anthology of Our Materials", as per registration number: TXu 817-732, effective Sept. 22, 1997.

g. RFP #7.   Document(s) submitted to Copyright office to prove, as shown in Section 1 of the registration, that Heaven's Representatives Authored, as a "work for hire", Book Manuscript Version, aka "Purple Book" entitled, "How and When "Heaven's Gate" (The Door to the Physical Kingdom Level Above Human) May Be Entered – An Anthology of Our Materials," , and/or Document(s) that legally prove Heaven's Gate employed Plaintiffs in the transfer of Authorship Copyrights (the Creators of said works automatically hold), of this Intellectual Property to Plaintiffs, as per registration number: TXu 817-732, effective Sept. 22, 1997.

h. RFP #8.   Document(s) from Heaven's Gate that convey to Plaintiffs any Rights to Transfer and/or to Copyright Book Manuscript Version 1 and/or 2 (aka former member Rkkody's version he received from Heaven's Gate, that former Member of Heaven's Gate, Jhnody, (aka Jhn, Juan, legal name of Francisco Falcon) can prove he was gifted and mailed several copies of directly from Heaven's Gate before their Exit of their physical bodies in March of 1997), aka the "Blue Book," entitled, "How and When "Heaven's Gate" (The Door to the Physical Kingdom Level Above Human) May Be Entered – An Anthology of Our Materials," containing: "©

Common Law Copyright 1996 by Heaven's Representatives Printed in the New Mexico Republic, the united States of America ALL RIGHTS RESERVED, WITHOUT PREJUDICE, U.C.C. 1-207, U.C.C. 1-103.6 ISBN: 0-926524-51-8 This book is protected by Common Law copyright.  Permission is hereby granted to reproduce this book, or portions thereof, as long as the content is unchanged, i.e., nothing added to it or taken away from it as long as it is for non-commercial purposes. No part of this publication may be reproduced or transmitted in any form or by any means, now known or to be invented or adapted, for the purpose of financial gain or profit".

i.   RFP #9.   Document(s) submitted to Copyright office to prove, as shown in Section 4 of the registration, that Claimant(s) (Plaintiffs) had "obtained ownership of the copyright" as "pursuant to assignments" to legally Transfer from Author, Total Overcomers Anonymous aka T.O.A., to The Telah Foundation the C.B.E. (Celestial Being Entity) Lithographic Print as per registration number: VA 877-834 with effective date of registration 09-22-97.

j.   RFP #10.  Documents:  All correspondence, including faxes, emails, documents and in particular All the Letters received from DO (aka Marshall Applewhite) and Students, (signed by "Your Friends" and/or "The Class" and/or "Pursers (SNG, SLV, MLL, GLD)", and/or any other type of signature or without a signature, etc.) by and/or addressed to Mrc/Srf (aka Mrcody/Srfody), and/or addressed to Mark King and/or Sarah King, aka Plaintiffs and/or addressed to any others whose communications have been sent to Plaintiffs, (eg. Chris and Holly), etc.

The documents should include but not be limited to:

a)      Letter 1 - (2 pages) from "The Class" to "Mrc/Srf" (Mark King/Sarah King)

b)      Letter 2 - (3 pages) from "Pursers (SNG, SLV, MLL, GLD)" dated "Mar. 22, 1997"

c)      Letter 3 - (1 page) from "The Class" addressed to Mrc/Srf (Mark King and Sarah King)

d)      Letter 4 – (1 page) addressed to Chris and Holly ( ) presumably sent to Mrc/Srf from "Your friends, June, Steele, Sonny, Nick, Evan, Otis, Geoff"

3.  Lists summarizing contents of copyrighted works not being asserted in this case that have been kept confidential and secret from the public; and

a.  RFP #24.  Document – Audio Tape Log from Rkkody's CD's he testifies were constructed by The Class which they were awarded to Plaintiffs in Judge Breyer's Consent Decree in 1999.

Reason: The log includes 196 audio tapes (listed as numbers 1 to 218 but that some 22 are missing). Because Plaintiffs LIST DE 120-1 shows the alleged 486 Audios that they registered with the copyright office, if 22 or more from that List were absent how can there be 486 in that "Deposit" as stated in the registration.

**(Defendant has new evidence to present that ties together why Defendant needs this document).**

4. Sealed court records.

   a. RFP #14. Documents: request all documents from Case No. 3:98-cv-00892 UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA presided over by Judge Charles R Breyer, THE EVOLUTIONARY LEVEL ABOVE HUMAN FOUNDATION, INC. dba THE TELAH FOUNDATION, MARK KING, SARAH KING and WAYNE PARKER, Plaintiffs V RIGHT TO KNOW; The Executor of the Estate of CHARLES HUMPHREY aka CHUCK HUMPHREY, KATHRYN MOREA LANMINDS and IMPSAT MEXICO, Defendants. This should include but not be limited to:

    e) Judge Breyer's  Settlement Agreement referred to a number of times as holding the details of the Settlement in his Consent Decree. (this document seems to have been referenced as "doc" in the Case Docket but perhaps was sealed so needs to be unsealed for the case.

**(Defendant has new evidence that Plaintiff has this document)**

Information or documents that are available to the public may not be designated as Confidential Information.

**III.  Designation of Protected Material.**

   A Producing Party shall designate as "Confidential" only such information or documents or things or portions thereof that it reasonably and in good faith believes constitute or contain information that falls within these definitions. A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"

on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

The designation of a document as Confidential Information is a certification by an attorney or a party appearing *pro se* that the document contains Confidential Information as defined in this order. In addition, any party may move to modify or seek other relief from any of the terms of this Order if it has first tried in writing and in good faith to resolve its needs or disputes with the other party(ies) pursuant to the terms of this Order and N.D. Ind. L.R. 37-1.

## IV.    Protections Afforded Protected Material.

Protected Material shall be maintained in confidence by the persons to whom it is furnished and may be disclosed by such persons only to other persons entitled to have

access to the Protected Material under the provisions of this Order. Any person who makes a disclosure of Protected Material permitted under this Order shall advise the person to whom Protected Material is to be disclosed of the contents of the Order.

**A.    Confidential Information.**

Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons for any purpose whatsoever other than in this litigation, including any appeal thereof. Materials designated "Confidential" shall not be given, shown, made available, communicated, or disclosed to anyone other than, to the extent necessary for this litigation.

The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

1.    **Counsel.** Counsel for the parties and employees of counsel who have responsibility for the  action;

2.    **Parties.** Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

3.    **The Court and its Personnel;**

4.    **Court Reporters and Recorders.** Court reporters and recorders

engaged for depositions;

5.    **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

6.    **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

7.    **Witnesses at depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted

under this Order.

8. **Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation); and

9. Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

10. pro se Defendant Havel's Pro se co-defendants Cathy Weaver and Jason Bartel

**B.     Inadvertent Failure to Designate.**

An inadvertent failure to designate a document as Protected Material does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Protected Material after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

### C.    Filing of Protected Material.

This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file any document, or any portion of a document, designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with N.D. Ind. L.R. 5-3.

### V.    Objections to Designations and Disclosure.

The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

### A.    Meet and Confer.

A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

### B.    Judicial Intervention

A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the

basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

## VI.    Action by the Court

Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

## VII.   Use of Protected Material.

### A.    Purposes for Which Protected Material May Be Used.

Documents designated as Protected Material shall be used solely for the preparation, trial, appeal, mediation and/or settlement of this action. All compilations, notes, copies, electronic images, or databases containing information designated as Protected Material shall be subject to the terms of this Order to the same extent as the Protected Materials themselves.

### B.    Use of Protected Materials in Pleadings or Other Submissions.

This Order does not authorize a party to file or maintain a document under seal. Any party that seeks to file any document, or any portion of a document, under seal, and

any party that opposes its maintenance under seal, must comply with N.D. Ind. L.R. 5-3 and the provision of Section IV(C) of this Order.

### C.    Right to Public Challenge.

Nothing in this Order shall prohibit an interested member of the public from challenging the confidentiality of any document filed under seal with this Court. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal. *See Citizens First National Bank of Princeton v. Cincinnati Insurance Co.*, 178 F.3d 943, 944 (7th Cir. 1999).

### D.    Use of Protected Material at Trial or Hearings.

This Order shall not prevent any Protected Material from being used by the Court or counsel or by Pro Se Defendant Havel and co-defendant's Cathy Weaver and Jason Bartel at any hearing in this action, or from being offered and received into evidence at trial, provided that such use is made only in accordance with such appropriate procedures as may be approved by the Court. The parties shall confer to reach agreement regarding the procedures to be recommended to the Court.

## VIII.   Use by Persons Producing the Protected Material.

Nothing in this Order is intended to limit the rights of any party from which Protected Material has originated to use its own Protected Material in any way such party sees fit.

**IX.    Obligations on Conclusion of Litigation.**

**A.    Order Continues in Force.**

Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**B.    Obligations at Conclusion of Litigation.**

Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

Producing party will provide for all the expenses incurred by the agreed upon destruction of document certification process.

**C.    Retention of Work Product and one set of Filed Documents.**

Notwithstanding the above requirements to return or destroy documents, counsel and/or Pro se Defendant Havel and co-defendant's Cathy Weaver's and Jason Bartel's may retain (1) attorney and/or Pro Se Defendant Havel's and co-defendant's Cathy

Weaver's and Jason Bartel's work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney and/or Pro Se Defendant Havel and co-defendant's Cathy Weaver's and Jason Bartel's may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

## X.    No Prior Judicial Determination.

This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties or by Pro Se Defendant Havel and co-defendant's Cathy Weaver's and Jason Bartel's are entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

## XI.   Modifications.

The terms of this Order are subject to modification, extension, or limitation as agreed to by all parties in writing, provided that all parties join in, and the Court approves, such modification, extension, or limitation.

**XII.    Nature of Order and Jurisdiction.**

This Order shall, absent written consent of the parties hereto, continue to be binding after the conclusion of this action. After the conclusion of this action, the parties may bring an action to enforce this order only in a state or federal court of competent jurisdiction within the Northern District of Indiana.

**SO ORDERED.**

Dated: _____    _____

Scott J. Frankel
U.S. Magistrate Judge

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| **The Evolutionary Level Above Human Foundation d/b/a The Telah Foundation,** | |
| | **CASE NO. 3:22-CV-395-JD-MGG** |
|       **Plaintiff,** | |
| **v.** | |
| **Stephen Robert Havel,** **Cathy JoAnn Weaver,** **Jason Bartel,** | |
|       **Defendants.** | |

**<u>CERTIFICATE OF CONSENT TO BE BOUND BY PROTECTIVE ORDER</u>**

I hereby acknowledge that I have read the Protective Order entered by the Court in the above-captioned action, understand the terms of the Protective Order, and agree to be bound by such terms.

I will hold in confidence and not disclose to anyone not authorized under the Protective Order any Protected Material disclosed to me. I further agree that neither I nor anyone assisting me will use or rely on Protected Material disclosed to me for any purpose not authorized under the Protective Order. Without limiting the generality of this paragraph, I understand that it would be improper to use or rely on Protected

Material in connection with my own research or in connection with any consulting for third parties.

At the conclusion of this case, I will return all Protected Materials which came into my possession, and documents or things which I have prepared relatingthereto, to counsel for the party who provided such Confidential Information to me. As an alternative to returning Protected Material, I will destroy all such materials and certify that all Material has been destroyed.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this case. I understand that violation of the Protective Order may be punishable by contempt of Court.

DATED: 9 - 9 - 2025    _Stephen Havel_
                        Signature

                        _Stephen Havel_
                        Printed
                        Name

                        _South Bend S.H._
                        Address

                        _Mishawaka, Indiana 46545_
                        City, State, Zip Code

{07710045 / 1}