UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF INDIANA

SOUTH BEND DIVISION

| | |
|---|---|
| The Evolutionary Level Above Human Foundation d/b/a The Telah Foundation,<br><br>Plaintiff,<br>v.<br><br>Stephen Robert Havel,<br>Cathy JoAnn Weaver,<br>Jason Bartel,<br><br>Defendants. | CASE NO. 3:22 -CV-395-JD-MGG |

**MOTION TO AMEND DEFENDANT WEAVER'S FIRST SET OF INTERROGATORIES (DE 185) TO PLAINTIFF THE EVOLUTIONARY LEVEL ABOVE HUMAN FOUNDATION**

1. History:

   During Judge Frankel's zoom video hearing on August 26, 2025, to resolve remaining discovery disputes, from the subsequent Court Order (DE 208 Page 3): "Weaver notified Plaintiff and the Court that four discovery requests served by her and Defendant Havel on November 20, 2023, had gone without response. [*See* DEs 183-186]."

1

Plaintiff counsel Mr. Isaac Crum replied that Two of the discovery requests were Interrogatories directed to nonparties Mark and Sarah King [*See* DEs 185, 186].

During the hearing Judge Frankel examined the records and wrote in the subsequent Order: "As discussed at the hearing, nonparties are not obligated to respond to interrogatories. *See Ellison v. Runyan*, 147 F.R.D. 186, 188 (S.D. Ind. 1993)("Interrogatories under Fed. R. Civ. P. 33 may be used to obtain information only from other parties, not non-parties.")" (DE 208)

During the Hearing Defendant wasn't prepared for Mr. Crum's reason for not responding to the two Interrogatories. Discovery had been tolled for over a year and Judge Gotsch retired so Defendant thought when the toll was lifted, Defendants would receive requested Interrogatories and Admissions. (DEs 183-186)

2. Defendant Cathy Weaver, appearing pro se, respectfully re-submits corrected and thus Amended Interrogatories as properly addressed to the appropriate Plaintiff entity.

3. Defendant did not change the Interrogatories themselves but struck out references to Mark King and Sarah King as "parties" in the lawsuit, leaving the addressing of the Interrogatories propounded to Plaintiff only and all changes are in red.

2

4. Respectfully, Defendant notes that discovery was tolled by prior Court order (DE 189), thus any delay in discovery cannot be attributed to Defendant. It appears that Toll was lifted by Judge Frankel's Hearing Order of new deadlines for Discovery. (DE 208).

5. Legal Basis for Discovery Rights

Federal Rule of Civil Procedure 33(a)(1) provides that a party may serve up to 25 written interrogatories on any other party. Discovery under the Federal Rules is intended to be broad, ensuring fairness and full development of the case. As the Supreme Court explained in Hickman v. Taylor, 329 U.S. 495 (1947), "mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation."

Similarly, in Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 (1978), the Court reaffirmed that discovery should be construed broadly to permit access to facts necessary for trial preparation. In Herbert v. Lando, 441 U.S. 153 (1979), the Court recognized that relevant discovery cannot be unfairly restricted.

Defendant Weaver has tried very hard to abide by all the Federal Rules and will continue to do so. Defendant asks the court to not penalize Defendant by what another completely independent co-defendant files or says or does. As a pro se litigant Defendant asks the Court to not dismiss filings for procedural technicalities. See Erickson v. Pardus, 551 U.S. 89 (2007).

6. Defendant also wanted to bring to the Courts attention that there might be some precedent for including Mark King as a party, though Defendant is not motioning the Court to include Mr. King in this request. Defendant doesn't know if Mark King's Declaration (see DE 67-1 at 2) does include him as a party to this litigation against me. Here is part of that filing:

> DECLARATION OF MARK KING IN SUPPORT OF PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION (DE 67-1)
>
> I, Mark King, declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the following is true and correct. If called to testify in Court about these matters, I could and would competently testify to the following:
>
> 1. I am over the age of eighteen and am a resident of Maricopa County, Arizona.
>
> **2. I am the President and a director of The Evolutionary Level Above Human, Inc. d/b/a The Telah Foundation (the "Foundation" or "Plaintiff").** (DE 67-1 at 2)

7. Relief Requested

   Defendants respectfully request that the Court:

   a. Accept Weaver's Amended Interrogatories as filed with this motion.

   b. Confirm that Defendants are entitled to full discovery rights under Rule 26 and Rule 33

   c. Direct Plaintiff to respond within the standard timeframe provided by the Federal Rules.

Respectfully submitted,

Dated: 9/8/2025

*Cathy Weaver*

Cathy Weaver

5776 Grape Rd.

Suite 51

PMB# 121

Mishawaka, IN. 46545

sawcat575@gmail.com

Defendant

*Cover*

**FILED**
SEP 11 2025
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

FOUR DOCUMENTS TO FILE

1. Motion to Amend Havel's First Set of Interrogatories

2. Havel's Amended First Set of Interrogatories to Plaintiff

3. Motion to Amend Weaver's First Set of Interrogatories

4. Weaver's Amended First Set of Interrogatories to Plaintiff