UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| The Evolutionary Level Above Human Foundation d/b/a The Telah Foundation,<br><br>Plaintiff,<br>v.<br><br>Stephen Robert Havel,<br>Cathy JoAnn Weaver,<br>Jason Bartel,<br><br>Defendants. | CASE NO. 3:22-CV-395-JD-MGG |

### RESPONSE TO MOTIONS TO AMEND CERTAIN DEFENDANTS' INTERROGATORY REQUESTS

On September 11, 2025 Defendants Stephen Havel and Cathy Weaver filed Motions to "Amend" their "First Set of Interrogatories." *See* DE 214 and 215 (the "Motions"). Plaintiff hereby opposes the Motions because the Motions, just like the original Interrogatory requests, are untimely, were filed in violation of the Scheduling Order, and they seek to delay the resolution of this matter even further.

**I.   ARGUMENT**

As this Court said just a few days ago[1] and the Seventh Circuit has repeatedly held "even pro se litigants must follow procedural rules." *Babis v. Neighborhood Code Enf't*, No. 1:25-CV-394-HAB, 2025 WL 2049301, at *1 (N.D. Ind. July 22, 2025) (citing *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009) ("As we have repeatedly held, even *pro se* litigants must follow procedural rules[.]").)  As explained below, the Motions should be

---

[1] *See* September 15, 2025 Order on *Ex Parte* Communication (DE 217) at 2 ("Moreover, *pro se* parties are held to the same standards as lawyers when litigating before this Court.")

1

denied because when the rules are applied to the instant case, it is clear that these discovery requests are untimely and, alternatively, the instant Motions fail to meet the standard for Motions for Reconsideration.

### A. The Motions and Related Discovery Requests are Untimely

Over two years ago, on June 16, 2023, this Court entered a Scheduling Order in this Matter. *See* DE 117 ("Scheduling Order"). The Scheduling Order set the "last date for the completion of ALL DISCOVERY [as] December 14, 2023." *Id.* at 6 (capitalization in original). The Court then made clear to the parties the following:

> The court views the last months of discovery to be for the purpose of concluding your work, not extending it. Thus, to encourage the speedy resolution of this matter as required by Fed. R. Civ. P. 1, the deadline to file any discovery-related nondispositive motion is **October 16, 2023**. For a motion filed before this deadline, no extension of discovery will be granted without good cause and the court's consent under Fed. R. Civ. P. 16(b)(4). To facilitate a pretrial status conference and a prompt trial date, no motion to extend discovery or to continue other pretrial deadlines will be approved after this nondispositive motion deadline, except for excusable neglect or other extraordinary reasons. Accordingly, after this deadline, good cause alone will not be sufficient to constitute such a reason. The parties are thus advised to complete timely discovery and, if necessary, file any motion to continue pretrial deadlines, motion to compel, or such motions that may impact the schedule well enough in advance of this deadline to permit any necessary briefing and time for the court to rule.

*Id.* at 6 (emphasis in original). The Court's Scheduling Order went on to explain that:

> <u>Time limit for discovery requests</u>. All discovery other than depositions must be initiated at least forty-five days before the discovery deadline.

*Id.* at 9 (emphasis in original).

As explained in Plaintiff's Response to Defendants' Requests for Admission (*see* DE 209 and 210), rather than heed this Court's repeated warnings and timely serve discovery during the 6-month discovery period, Defendants waited until November 20, 2023 to serve the interrogatories at issue in Defendants' Motion. This was *well after* the

45-day deadline (October 30, 2023) set by the Court in its June 2023 Scheduling Order. Furthermore, these discovery requests were so untimely that even under the federal rules' 30-day response time, the response to the interrogatories was not due until *after* the close of discovery. *See* Fed. R. Civ. P. 33(b)(2) (setting 30-day response time). Finally, these interrogatories were also flawed in that they were not addressed to Plaintiffs but instead were addressed to non-parties Mark and Sarah King. Obviously, if Defendant wanted discovery from Mark or Sarah King, it could have taken such discovery under Rule 45 but chose not to do so within the six-month discovery period.

Nevertheless, even if the interrogatories at issue had been properly addressed to Plaintiff, the law in this Court regarding such untimely served discovery is clear: a responding party need not respond to untimely discovery. *See Shadle v. First Fin. Bank, N.A.*, No. 1:09–cv–37, 2009 WL 3787006, at *2 (N.D.Ind. Nov.10, 2009) (citing several cases from this circuit holding that defendants had no obligation to answer discovery from *pro se* plaintiff on the eve of deadline, and concluding even *pro se* plaintiffs should have known that they need to serve discovery requests at least thirty days prior to the close of discovery); *see also Westbrook v. Archey*, No. 1:05–CV–00057, 2006 WL 545008, at *1 (N.D.Ind. Mar.3, 2006) (holding that defendants had no obligation to answer interrogatories served on the eve of the discovery deadline by *pro se* plaintiff); and *Shroyer v. Vaughn*, No. 1:00–CV–256, 2002 WL 32144316, at *1 (N.D.Ind. July 10, 2002) (denying discovery as untimely where it was served by *pro se* plaintiff just before the discovery deadline and called for responses after the close of discovery).

As in *Westbrook, Shroyer, and Shadle*, Defendants' service of discovery at a date which called for responses after the close of discovery and after the time set by the Court were clearly untimely and did not require any response by Plaintiff. *Id*. On this basis alone, Defendants' Motions should be denied. The untimeliness of the original requests cannot be cured by re-captioning them and re-issuing them as interrogatories to Plaintiff instead of requests to non-parties, Mark and Sarah King.

Furthermore, even if these new interrogatories are divorced from their untimely predecessors and treated as brand new interrogatories, they are similarly untimely. As the Court is aware, it has set a new deadline for the close of all outstanding discovery as September 26, 2025 (*see* DE 208 at 4) and the Court has set an October 7, 2025 pre-trial conference (*see* DE 213 at 1). Treating the interrogatories in Defendants' Motions as newly served would result in responses not being due until October 11, 2025—after both the end of discovery and after the scheduled pre-trial conference. This would necessarily require a modification to the current scheduling order.

Defendants' Motions, however, presents no arguments in support of such an modfication. As a result, and they have not even attempted to show "good cause" for this proposed modification of the schedule, nor have they shown the higher burden imposed by this Court to modify the existing schedule. *See* DE 117 at 6 ("after this deadline, good cause alone will not be sufficient to constitute such a reason"); and DE 213 at 2 ("no motion to extend discovery or to continue other pretrial deadlines will be approved beginning 30 days *before* the close of discovery, except for extraordinary reasons directed to the presiding judge"). Since Defendants have not met the "extraordinary reasons" standard for modifying the current schedule, Defendants' Motions must be denied.

    **B.**    **The Motions are Insufficient Requests for Reconsideration**

Defendants' Motions make clear that they are aware that this Court already ruled on the interrogatories at issue and held that the interrogatories need not be answered as they were directed to non-parties. *See* DE 214 and 215 at 2 (citing the Court's August 27, 2025 Order (DE 208) at 3–4); *Ellison v. Runyan*, 147 F.R.D. 186, 188 (S.D. Ind. 1993)(" Interrogatories under Fed. R. Civ. P. 33 may be used to obtain information only from other parties, not non-parties."). In light of that, and as discussed above, Plaintiff believes that these new "amended" interrogatories should be treated as new (and untimely) requests that run afoul of both the Scheduling Order and this Court's repeated admonitions about discovery served within 30 (or 45) days of the close of discovery.

To the extent, however, that these are viewed not as stand-alone new requests but as a continuation of Defendants' arguments made during the August 26, 2025 conference (and the subsequent August 27, 2025 Order, DE 208), the Motions should also be denied under the standard applicable to Motions for Reconsideration. Under the standard applied in the Seventh Circuit, Rule 59(e) allows a court to amend a judgment only if the movant can "demonstrate a manifest error of law or fact or present newly discovered evidence." *Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 505–06 (7th Cir. 2016) (internal citations omitted). A "manifest error" means "the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Stragapede v. City of Evanston*, 865 F.3d 861, 868 (7th Cir. 2017) (internal quotation omitted). "A manifest error is not demonstrated by the disappointment of the losing party." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations omitted). Relief through a Rule 59(e) motion for reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

Defendants Motions, however, do not point to any misapplication of the law in the Court's decision. Indeed, they seem to agree that the law cited by the Court controls and that the request for a response to these interrogatories was properly ruled on and denied by the Court. Defendants instead argue that (after surprising Plaintiff by raising the issue at the hearing) they themselves were not "prepared for [Plaintiff's] reason for not responding to the two Interrogatories."[2] (DE 214 and 215 at 2.) That, however, does not meet the required showing for reconsideration. As a result, to the extent the Motions are seen as requests for reconsideration, they should also be denied.

---

[2] Defendants' surprise was a function of Defendants' case-long refusal to work with Counsel for Plaintiff to narrow disputes before bringing them to the Court's attention. Indeed, had Defendants reached out to Plaintiff's counsel at any time over the past two years, Defendants would have known that these requests were improper and untimely. Defendants chose not to and have shown no misapplication of law to warrant any reconsideration of the Court's previous ruling.

5

## II. CONCLUSION

Plaintiff respectfully requests that Defendants' Motions be denied for the reasons stated above.

Respectfully Submitted September 18, 2024.

**MESSNER REEVES, LLP**

By: */s/ Isaac S. Crum*
MESSNER REEVES LLP
Isaac S. Crum (Pro Hac Vice)
icrum@messner.com
7250 N. 16th Street, Suite 410
Phoenix, AZ 85020
　　　*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the filing to the parties listed below. A copy of this filing will also be sent via U.S. mail and email.

Cathy Weaver
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

Jason Bartel
N4051 26th Lane
Redgranite, WI 54970-7087
jason_bartel@unioncab.com

Steven Robert Havel
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

By: */s/ Isaac S. Crum*