UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

THE EVOLUTIONARY LEVEL ABOVE
HUMAN FOUNDATION,

Plaintiff,

v.

CASE NO. 3:22-CV-395-DRL-SJF

STEPHEN ROBERT HAVEL, et al.,

Defendants.

**ORDER**

At a hearing on August 26, 2025, the Court addressed several discovery disputes so that this case can proceed to its final stages. During the hearing, the Court reset deadlines for completion of certain outstanding discovery and for filing dispositive motions—deadlines which had been tolled since the end of 2023. Regarding outstanding discovery, Defendant Cathy Weaver notified Plaintiff and the Court that interrogatories and requests for admission served by both her and by Defendant Stephen Havel on November 20, 2023, had gone without response. [*See* DEs 183-186]. In response, Plaintiff explained that because the interrogatories had been directed to Mark King and Sarah King, who are nonparties, it did not respond.[1] [DE 208 at 3-4]. Accordingly, the Court's order from the hearing did not set a deadline for Plaintiff to respond to these interrogatories.

---

[1] Indeed, nonparties are not obligated to respond to interrogatories, which may be used to obtain information only from other parties. [*See* DE 208].

On September 11, 2025, Defendants Havel and Weaver each filed motions to amend their interrogatories so that they would be "properly addressed to the appropriate Plaintiff entity." [DE 214 at 2, ¶2; DE 215 at 2, ¶2]. The Court afforded Plaintiff one week to respond to the instant motions. [DE 216]. Plaintiff timely filed its response in objection on September 18, 2025, making the instant motion ripe for ruling. Plaintiff objects to the motions for two reasons, contending that the motions are: (1) untimely, and (2) an insufficient motion for reconsideration of the Court's order from the discovery hearing. For the reasons explained below, the Court agrees with Plaintiff. Accordingly, Defendants' motions will be denied.

In their motions to amend, Defendants contend that they should be permitted to amend their interrogatories because the interrogatories would be substantively unchanged, as Defendants' only change is addressing them to Plaintiff. Defendants maintain that discovery should be construed broadly and that they should not penalized based on procedural technicalities. In response, Plaintiff contends that the motions should be denied because Defendants' interrogatories were untimely—regardless of whether they are construed identical to the original interrogatories or as new interrogatories.

Regarding timeliness, the Court's Rule 16(b) Scheduling Order set December 14, 2023, as the deadline for completion of all discovery and October 16, 2023, as the deadline for the parties to file any discovery-related nondispositive motions. As to the latter, the Court's order stated that "no motion to extend discovery or to continue other pretrial deadlines will be approved after this nondispositive motion deadline, except for

2

excusable neglect or other extraordinary reasons." [DE 117 at 6]. The Court's order also stated that the "parties are thus advised to complete timely discovery," including an explanation at the end of the order that "[a]ll discovery other than depositions must be initiated at least forty-five days before the discovery deadline." [*Id.* at 9].

Defendants propounded multiple discovery requests, including these interrogatories, on November 20, 2023—only 24 days before the original discovery deadline, and 35 days after the deadline to file any discovery-related nondispositive motions. Moreover, a party responding to interrogatories must serve its answers and any objections within 30 days of being served with interrogatories. Fed. R. Civ. P. 33(a), (b)(2). Thus, Plaintiff's deadline to respond to these interrogatories would have been after the close of the original discovery deadline. Accordingly, the Court agrees that, in addition to being improperly propounded to nonparties, the interrogatories were also untimely on multiple fronts when originally propounded. The interrogatories remain untimely now as the Court did not set a new deadline for nondispositive motions, and the interrogatories were proposed only 15 days before the close of the current discovery period. Such untimeliness warrants denial.

But Defendants explain that they were unaware of their procedural misstep at the time they propounded the interrogatories, and discovery was tolled shortly thereafter. Defendants thus explain that, during the hearing, they were not prepared to respond to Plaintiff's rationale for its non-responsiveness because they believed that they would receive responses after the toll was lifted. [DE 208 at 1]. Construing this argument as a motion for reconsideration of the Court's order, the Court cannot find

3

that Defendants have presented a proper basis for reconsideration. Under Fed. R. Civ. P. 54(b), an order adjudicating "fewer than all the claims or rights and liabilities of fewer than all the parties . . . . may be revised at any time before the entry of a judgment . . . ." Fed. R. Civ. P 54(b). Fed. R. Civ. P 54(b). Thus, courts may reconsider non-final, or interlocutory, orders as justice requires before entry of final judgment. *First Special Ins. Co. v. Supreme Corp.*, No. 3:12-cv-JD, 2018 WL 4680015, at *1 (N.D. Ind. Sept. 28, 2018) (internal citations omitted). Motions for reconsideration serve valuable, but limited functions: correcting manifest errors of law or fact or presenting newly discovered evidence. *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.* 762 F.2d 557, 561 (7th Cir. 1985) (quotation omitted). Thus, reconsideration under Fed. R. Civ. P. 54(b) may be granted where "the court has misunderstood a party; the court has made a decision outside the adversarial issues presented to the court by the parties; the court has made an error of apprehension (not of reasoning); a significant change in the law has occurred; or significant new facts have been discovered." *Cima v. Wellpoint Health Networks, Inc.*, 250 F.R.D. 374, 386 (S. D. Ill. 2008) (internal citation omitted). As such, motions for reconsideration are not to be used to advance arguments that the Court has addressed and decided. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996); *Stodola v. Finley & Co., Inc.*, No. 2:05-CV-464-PRC, 2008 WL 3992237, at *5 (N.D. Ind. Aug. 21, 2008).

It is true that the Court tolled the discovery deadline on December 7, 2023, stating that "[t]he toll will be lifted once the Court enters its rulings on the pending motions in this case, and the parties will thus have one week to complete remaining

4

discovery and 40 days to file dispositive motions." [DE 189 at 3]. This toll was effectively lifted during the hearing on August 26, 2025, when the Court reset remaining deadlines. Indeed, the Court's order set a response deadline for the requests for admissions that Defendants did properly direct to Plaintiff to remain consistent with the parameters of the original tolling order. But Defendants' interrogatories were both tardy and procedurally improper when originally propounded. The interrogatories are even more untimely if considered newly filed after the toll was lifted. Defendants present no manifest error of law or fact, nor do they present newly discovered evidence to support reconsideration of the Court's order.

For these reasons, the Court can only **DENY** both the Motion to Amend Defendant Havel's First Set of Interrogatories (DE 186) to Plaintiff the Evolutionary Level Above Human Foundation **[DE 214]** and the Motion to Amend Defendant Weaver's First Set of Interrogatories (DE 185) to Plaintiff the Evolutionary Level Above Human Foundation **[DE 215].**

**SO ORDERED** this 22nd day of September 2025.

s/Scott J. Frankel
Scott J. Frankel
United States Magistrate Judge