UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF INDIANA

SOUTH BEND DIVISION

-FILED-

SEP 25 2025

Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| The Evolutionary Level Above Human Foundation d/b/a The Telah Foundation, | CASE NO. 3:22 -CV-395-JD-MGG |
| Plaintiff, | |
| v. | |
| Stephen Robert Havel, Cathy JoAnn Weaver, Jason Bartel, | |
| Defendants. | |

# DEFENDANT HAVEL'S MOTION TO DETERMINE THE SUFFICIENCY OF PLAINTIFF'S ANSWERS TO REQUESTS FOR ADMISSION

Pursuant to Federal Rule of Civil Procedure 36(a)(6) Defendant asks the Courts assistance to determine the sufficiency of the Plaintiff's Responses to Havel's Requests for Admission that evidence being blanket evasive denials and objections and avoidance of truthful responses.

**INTRODUCTION**

From the FEDERAL RULES OF CIVIL PROCEDURE Rule 36 (a)(4) re: Admissions Answers:

1

If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

**BACKGROUND**

Here is a brief limited overview of Plaintiff's continuous blanket evasion of responding and/or responding truthfully, while appearing to run out the clock on deadlines of providing most all of Defendant's Discovery of Admissions, Interrogatories and Production of Document Requests.

Pro Se Defendant Stephen Havel served REQUEST for Admissions on the Plaintiff on November 20, 2023 and that Defendant received Plaintiff's response (DE 209) to Defendant Havel's REQUEST FOR ADMISSIONS (DE 183) on September 9, 2025*.

*This large time gap of nearly two years, between the serving of the Request for Admissions and the receipt of a response from Plaintiff, was mostly due to the very unusual circumstances that were out of the control of Defendant Weaver (and co-defendant Havel), when Judge Gotsch tolled Discovery and then soon thereafter retired from the bench and Discovery was resumed by the appointment of Judge Frankel to the case, who during a new Discovery Hearing (DE 207),

when Defendant Cathy Weaver brought up her and Defendant Havel's un-answered Admissions and Interrogatories ordered Plaintiff to respond to Defendants Admissions.

(That is also when Judge Frankel and Defendants' learned from Mr. Crum that Plaintiff didn't respond to Weavers and Havel's Interrogatories at all because Mark King and Sarah King were named as "parties" and Plaintiffs but would not accept the corrected Interrogatory title addressed to "Plaintiff" only – thus Defendants Weaver and Havel would not receive responses to their Interrogatories, actually on different grounds because of Defendants slightly un-timely filing of them that at the time Defendants' filed a request for an extension of, but that Plaintiffs also denied.

However Plaintiffs did respond to Defendant's Admission requests though also objected to the same claim of untimely filing that as said Defendant's sought to correct by requesting an extension due to hardship of the amount of legal work needing to be accomplished in very tight time constraints and because of being Pro Se so misunderstanding of particulars of the deadlines in the "fine print" (after the signature page, so was missed by Defendants) of Judge Gotsch's Discovery deadline Order before his tolling Discovery and Defendant's didn't know whether Defendants could ask the court clerk to clarify, fearing breaking Court Rules by doing so. This was on top of how Plaintiff had fully found ways to object to literally every one of Havel's over 60 Requests for The Production of Documents some of which Havel was using to authenticate (from Plaintiffs past relevant court cases) their being added to the case since Plaintiff had claimed some filed as Exhibits were not authentic. The bulk of those document requests seemed to now

fall by the wayside and it remains to be seen if any are provided by Plaintiffs under the Protective order.)

**ARGUMENT:**

1) Please see attached document: **DEFENDANT HAVEL'S BRIEF IN SUPPORT OF MOTION TO DETERMINE SUFFICIENCY OF PLAINTIFF'S RESPONSES TO REQUESTS FOR ADMISSION**

2) Please see attached document: **Exhibit A - Defendant Havel's 15 (of 25) Admission Requests and Plaintiff's Responses that Defendant hopes to Move the Court to rule Insufficient**

**REQUEST FOR RELIEF:**

Defendant asks the Court to:

1) Order the Plaintiff to serve amended responses to these Admissions and do so with adherence to all the guidelines Defendant has listed from the Federal Rule of Civil Procedure 36(a)(6).

Or

Order that the matters in the requests be deemed admitted.

2) Defendant does not wish at this time to pursue reimbursement of Defendant's hours of work and missed employment missed because of having to ask for and demand Plaintiffs Discovery

through these Admission Requests. But Defendant would like to reserve the right to request that relief at a future time, perhaps after a trial.

Respectfully submitted,

Dated:

_____

Stephen Havel

5776 Grape Rd.

Suite 51

PMB# 121

Mishawaka, IN. 46545

Sawcat575@gmail.com

Pro Se Defendant

**CERTIFICATION OF GOOD FAITH CONFERENCE PURSUANT TO FED. R. CIV. P. 37(a)**

Pro Se Defendant Stephen Havel certifies that it has in good faith conferred with Plaintiff's counsel Mr. Isaac Crum in an effort to resolve the dispute regarding Plaintiff's denials and objections to Requests for Admission, Numbers 3, 5, 7, 9, 10, 11, 12, 15, 16, 18, 19, 20, 23, 24, 25, without court action.

5

Specifically:

On September 16, 2025, the undersigned Pro Se Defendant Havel corresponded by email and emailed a document entitled **"MEET AND CONFER DISPUTES OF PLAINTIFF RESPONSES TO DEFENDANT HAVEL'S REQUESTS FOR ADMISSION NO. 1 (DE 209)"** to Plaintiff's counsel, Mr. Isaac Crum, detailing the insufficiency of Plaintiff's denials to the Requests for Admission. A copy of this correspondence is attached as Exhibit A.

The correspondence explained that Plaintiff's blanket denials and objections and other evasion to providing Discoverable Admissions were contrary to the requirements of Fed. R. Civ. P. 36(a)(4), which requires a party to specify which parts of a request are true and deny only the remainder in good faith and/or to conduct a "reasonable inquiry" to cited relative court documents that by law are supposed to be maintained by Plaintiff especially when Plaintiff references them in the Plaintiffs Complaint and/or to provide evidence of the non-compliant response by claiming Attorney Client Privilege.

On September 18, 2025 at 2:30 pm EDT, Pro Se Defendant Havel and Pro Se Defendant Weaver held a zoom conference with Plaintiff's counsel Mr. Isaac Crum to discuss the deficiencies. During the zoom call, Plaintiff's counsel Mr. Crum maintained that the denials and objections, etc. were sufficient and refused to amend the responses, with one exception of a Plaintiff copy/paste error of the 25 Admission requests (which will likely also entail a blanket denial if/when Plaintiff responds).

Further attempts to resolve the issue informally have proven unsuccessful.

The parties have thus been unable to resolve this discovery dispute despite Defendant's good faith efforts.

Respectfully submitted,

Date: 9-23-2025

Stephen Havel, Pro Se Defendant

5776 Grape Rd.

Suite 51

PMB# 121

Mishawaka, IN. 46545

Sawcat575@gmail.com