# Exhibit A

# Defendant Havel's Admission Requests and Plaintiff's Responses that Defendant hopes to Move the Court to rule Insufficient

This document was sent to Plaintiff's Attorney Mr. Isaac Crum via email as a show of good faith and likely the last attemy7654rpt to solve disputes over Plaintiffs responses or lack of responses to Defendant's Requested Admissions. It was followed by several hours of zoom call:

**MEET AND CONFER DISPUTES OF PLAINTIFF RESPONSES TO DEFENDANT HAVEL'S REQUESTS FOR ADMISSION NO. 1 (DE 209)**

Pursuant to Federal Rule of Civil Procedure 37(a)(1), Pro Se Defendant Havel certifies that he has, in good faith, conferred with counsel for the plaintiff on 9-16-2025, regarding disputes Defendant has with his Requests for Admission No. 1 (DE 183). Hopefully we will be able to reach agreement to resolve the following listed matters.

Since the Discovery deadline is upcoming quickly Defendant hopes Plaintiff will respond quickly to settle these disputes in accordance with Defendants right to a full Discovery of admissible evidence for his Defense and Counter Claims. Any of these Disputes that are not settled will be part of a Motion to Compel.

**Heretofore Defendant's Disputes are as follows:**

1. Re: Defendant Havel's REQUEST FOR ADMISSION NO. 3 shown below, Defendant asks Plaintiff to correct this mistake and file an amended response to this Admission.

Here are the details of the mistake Plaintiff made:

Plaintiff denied Havel's Admission No. 3 citing "Plaintiff does not understand…": (DE 209) :

**RESPONSE TO REQUEST FOR ADMSSION NO. 3:** Plaintiff does not understand this Request for Admission and on that basis it is denied. **(DE 209)**

Below is the Admission No. 3 Plaintiff is referring to as "not understanding". It appears they didn't understand it because when they copied and pasted what Havel submitted in his original Request for Admissions (DE 183) they also added in part of another Admission or from another document, which made the entire Admission hard to understand, but they could have known that and still responded to the first part about the origin of the CBE Image Plaintiff is accusing Havel of Infringing upon their copyright of.

Below is shown what Plaintiff included in their Response (DE 209). Note where Plaintiff joined together the last word of the original Admission Havel Requested with some other text shown as: "EntityDocument(s)…" (Havel bolded for identification below), where the word "Document…" is from some another source or Admission):

**REQUEST FOR ADMISSION NO. 3:** Admit that Ollody, ( aka David Cabot Van Sinderen, OLL, Olliver Odin wood) was the Artist who painted the 14 original Acrylic Paintings he copyrighted in 1982 that included the Older Member picture made into a

2

Lithographic Print Plaintiffs, as The Telah Foundation copyrighted in 1997 as the C.B.E. Celestial Being **EntityDocument(s)** submitted to Copyright office to prove, as shown in Section 4 of the registration, that Plaintiffs had "obtained ownership of the copyright" as "pursuant to assignments" to legally Transfer from Author, Total Overcomers Anonymous aka T.O.A., to The Telah Foundation the Deposit of 486 Audio tapes, referred to as "The Audiotape Library of Heaven's Gate by TI and DO as per copyright registration number: SRu 298-530 effective date of Oct 27, 1997.

Here is the original Admission #3 Havel Requested a response to (DE 183):

**Havel's REQUEST FOR ADMISSION NO. 3:**

Admit that Ollody, (aka David Cabot Van Sinderen, OLL, Olliver Odinwood) was the Artist who painted the 14 original Acrylic Paintings he copyrighted in 1982 that included the Older Member picture made into a Lithographic Print Plaintiffs, as The Telah Foundation copyrighted in 1997 as the C.B.E. Celestial Being Entity.

(note there is no other text following the word "Entity")

2. Defendant Havel Requests Plaintiff respond to the Requested Admission No. 5 shown below with an admission or denial. If parts are admitted and parts are denied, specify which are admitted and which are denied. Also according to rule 36 explain what was Plaintiffs "reasonable inquiry"

   (The context of this Admission Request is within Request for Admission No. 4):

**REQUEST FOR ADMISSION NO. 5**: Admit that Rkkody (aka Charles Chuck Humphrey) gave away CD's with about half of those 486 Audio Tapes he digitized in 1997 on the CD's.

**RESPONSE TO REQUEST FOR ADMSSION NO. 5**: Upon reasonable inquiry, Plaintiff is unable to admit or deny the requested statement for want of sufficient information to form a belief as to its truth.

3. Many, even most of Plaintiffs denials of Defendant's Admission Requests like this Admission No. 7 shown below could be shown to be evasive (blanket) denials which courts have found violates the specific requirements of Federal Rule of Civil Procedure 36(a).

In federal court in Indiana, a defendant cannot use blanket denials to respond to most requests for admission. The rules prohibit vague, generalized refusals and require a defendant to address the substance of each request.

Defendant recognizes that Plaintiff has the right to deny this Admission but also could show "good faith" by doing a little "reasonable inquiry" by simply reading the referenced documents in their own court case (Case No. CV-98-00892 CRB) that is one of the key factors to support their case as noted in their Complaint (DE 1, 132).

As best Defendant understands from Federal Rule of Civil Procedure 36, in this regard **Plaintiff is expected to retain relevant documents from their own litigation or have a way to access them, such as from their previous attorney's files or court records.**

Plaintiff has a duty to preserve evidence: Parties are obligated to preserve evidence that is relevant to litigation, especially when they know or should know the evidence may be relevant to future litigation. Destroying or failing to maintain documents from a previous, related case would violate this duty.

To assist Plaintiff, the document referenced in this Admission "Settlement Agreement" is referenced at least 7 times in the Cases "Consent Decree" and has been authenticated to exist through the authenticated case files bundle Defendant provided to Plaintiff's council Mr. Crum in the file Mr. Crum acknowledged receiving named: telah v. rtk (98-cv-892), as documented in Havel and Plaintiffs Joint Status Report (DE 198) and in the Discovery Hearing with Judge Frankel (DE 207).

(Admission No. 6 referenced in this Admission No. 7 references Case No. CV-98-00892 CRB though Defendant in that Admission No. 6 mis-recorded the correct name of the Judge who presided over the case: Judge Charles R. Breyer. Also note that Plaintiff in their response to Admission No. 6 knew the name of the Judge that signed the Consent Decree was not listed correctly by Defendant so they are quite familiar with the case. Also Defendant will seek to obtain that Settlement Agreement since Plaintiff has repeatedly not acknowledged it's existence or has said "perhaps it was destroyed") and of late said to Judge Frankel in the Discovery Hearing that the person Mr. Crum asked said they didn't have it.)

**REQUEST FOR ADMISSION NO. 7:** Admit that in the Settlement Agreement

5

referenced in Admission Request NO. 6, parts of the orders were for you to distribute and/or disseminate specific Intellectual Property like the Audio Tapes that were on Rkkody's CD's to "verified former members" of the Group or was said in some equivalent wording.

**RESPONSE TO REQUEST FOR ADMSSION NO. 7:**

Denied.

4. Many, even most of Plaintiffs denials of Defendant's Admission Requests like this Admission No. 9 shown below could be shown to be "evasive (blanket) denials" which courts have found violates the specific requirements of Federal Rule of Civil Procedure 36(a).

In federal court in Indiana, a defendant cannot use blanket denials to respond to most requests for admission. The rules prohibit vague, generalized refusals and require a defendant to address the substance of each request.

**REQUEST FOR ADMISSION NO. 9:** Admit you do not have any legal documentation from the Group to Copyright anything the Group Created.

**RESPONSE TO REQUEST FOR ADMSSION NO. 9:**

Denied.

5. Many, even most of Plaintiffs denials of Defendant's Admission Requests like this Admission No. 10 shown below could be shown to be evasive (blanket) denials which courts have found violates the specific requirements of Federal Rule of Civil Procedure 36(a).

In federal court in Indiana, a defendant cannot use blanket denials to respond to most requests for admission. The rules prohibit vague, generalized refusals and require a defendant to address the substance of each request.

**REQUEST FOR ADMISSION NO. 10:** Admit you do not have any legal or implied "Transfers" of any of the Groups unregistered Copyrights or Trademarks to Plaintiffs under any name.

**RESPONSE TO REQUEST FOR ADMSSION NO. 10:**

Denied.

6. Many, even most of Plaintiffs denials of Defendant's Admission Requests like this Admission No. 11 shown below could be shown to be evasive (blanket) denials which courts have found violates the specific requirements of Federal Rule of Civil Procedure 36(a).

In federal court in Indiana, a defendant cannot use blanket denials to respond to most requests for admission. The rules prohibit vague, generalized refusals and require a defendant to address the substance of each request. "

**REQUEST FOR ADMISSION NO. 11:** Admit you do not have any legal or implied "Assignments" of any of the Groups unregistered or registered Copyrights or Trademarks to Plaintiffs under any name.

**RESPONSE TO REQUEST FOR ADMSSION NO. 11:**

Denied.

7. Many, even most of Plaintiffs denials of Defendant's Admission Requests like this Admission No. 12 shown below could be shown to be evasive (blanket) denials which courts have found violates the specific requirements of Federal Rule of Civil Procedure 36(a).

In federal court in Indiana, a defendant cannot use blanket denials to respond to most requests for admission. The rules prohibit vague, generalized refusals and require a defendant to address the substance of each request.

**REQUEST FOR ADMISSION NO. 12:** Admit that when you registered for Copyrights for any of the Heaven's Gate Intellectual Property in 1997 it was not lawful.

**RESPONSE TO REQUEST FOR ADMSSION NO. 12:**

Denied.

8. Many, even most of Plaintiffs denials of Defendant's Admission Requests like this Admission No. 15 shown below could be shown to be evasive (blanket) denials which courts have found violates the specific requirements of Federal Rule of Civil Procedure 36(a).

8

In federal court in Indiana, a defendant cannot use blanket denials to respond to most requests for admission. The rules prohibit vague, generalized refusals and require a defendant to address the substance of each request

**REQUEST FOR ADMISSION NO. 15:** Admit that the Groups only example of their intended copyright, they put on their first and/or second version of their Book that they also posted on their website Heavens gate.com you still maintain that reads:

© Common Law Copyright

1996 by Heaven's Representatives

Printed in the New Mexico Republic, the United States of America

ALL RIGHTS RESERVED, WITHOUT PREJUDICE,

U.C.C. 1-207, U.C.C. 1-103.6 This book is protected by Common Law copyright. Permission is hereby granted to reproduce this book, or portions thereof, as long as the content is unchanged, i.e., nothing added to it or taken away from it as long as it is for noncommercial purposes.

No part of this publication may be reproduced or transmitted in any form or by any means, now known or to be invented or adapted, for the purpose of financial gain or profit.

**RESPONSE TO REQUEST FOR ADMSSION NO. 15:**

Denied.

9. Many, even most of Plaintiffs denials of Defendant's Admission Requests like this Admission No. 16 shown below could be shown to be evasive (blanket) denials which courts have found violates the specific requirements of Federal Rule of Civil Procedure 36(a).

In federal court in Indiana, a defendant cannot use blanket denials to respond to most requests for admission. The rules prohibit vague, generalized refusals and require a defendant to address the substance of each request

**REQUEST FOR ADMISSION NO. 16** : Admit that per Admission No. 15, Defendant has the right to make available to the public (like on Defendants 3spm Youtube.com Channel) any part of the Heaven's Gate Book since doing so is not for the purpose of financial gain or profit.

**RESPONSE TO REQUEST FOR ADMSSION NO. 16:**

Denied.

10. Please respond to the parts of this Admission No. 18 shown below that don't compromise Plaintiff's Attorney Client Privilege. FRCP 36 requires a party denying a request for admission to "state in detail why the answering party cannot truthfully admit or deny it". (For instance, Plaintiff could Admit or Deny that Plaintiff constructed the other parts of the Admission Request as shown below – the two Lists):

**REQUEST FOR ADMISSION NO. 18:** Admit that you ordered your lawyers to construct

10

2 Court Ordered Audio Tape Logs that replaced the descriptions shown in the log you gave Jhnody as described in Request for Admission No. 17 with the description, "Various Discussions".

**RESPONSE TO REQUEST FOR ADMSSION NO. 18:**

Any communications between Plaintiff and its attorneys are protected by the attorneyclient privilege and Plaintiff will not respond to this request.

11. A. Please respond to the exact wording in the Admission No. 19 shown below instead of changing the word "Dissemination" to "disposition". Rule 36 of the Federal Rules of Civil Procedure (FRCP) requires a party to respond to the specific matters presented in the request. Admitting to wording not in the original request is not a response to the request that was made and could be considered an improper admission of a fact that wasn't even asked about.

B. Please Admit or Deny the other parts to this Admission No. 19 shown below and provide reasons for any parts you deny according to FRCP 36 requires a party denying a request for admission to "state in detail why the answering party cannot truthfully admit or deny it".

The Federal Rule of Civil Procedure 36(a)(5)(A) requires a party to "state the grounds for objecting" to a request for admission. Since Plaintiff states the objection is because the request is speculative, Plaintiff is required to provide a specific explanation for why the request is speculative.

11

For example, Plaintiff has admitted their Directors Mark King and Sarah King (as Mrc/Srf) received Letters from The Class and Plaintiff may need to do a minor inquiry into the content of the referenced Letters in relationship to this Admission Request because within them it's expressed in a number of ways their "desire" for former students and/or anyone to "disseminate" their information - get their information out, etc. Here is one quote with the specific use of the word "desire" as shown in Defendant's Admission Request:

"It is our desire that any items of value that are retrievable by you be divided among those who feel inclined to disseminate our information"

**REQUEST FOR ADMISSION NO. 19:** Admit that in the Letters from The Class ( or other ways Group Members signed Letters) sent to former Class members (like you, Rkkody, Oscody, Jhnody, Neody, Flxody and Ablody) it was DO and The Classes "desire"
that these former members would want to participate in the Dissemination of their Intellectual Property.

**RESPONSE TO REQUEST FOR ADMSSION NO. 19:**

Plaintiff admits that former Class members were involved in the disposition of property in 1997–1999. Plaintiff objects to this request as calling for speculation.

12. Many, even most of Plaintiffs denials of Defendant's Admission Requests like this Admission No. 20 shown below could be shown to be evasive (blanket) denials which courts have found violates the specific requirements of Federal Rule of Civil Procedure 36(a).

In federal court in Indiana, a defendant cannot use blanket denials to respond to most requests for admission. The rules prohibit vague, generalized refusals and require a defendant to address the substance of each request

**REQUEST FOR ADMISSION NO. 20:** Admit that a deceased Student Member of the Heaven's Gate Group known as Srrody, (aka legally Steven Terry Mccarter) is not a legitimate Author of any of the Groups audio tapes, the way you have claimed by registering a copyright on July 7, 2023 using a new claimant name of "The Evolutionary Above Human Foundation d.b.a. The Telah Foundation" for the following registration details from the U.S. Copyright office:

Type of Work: Sound Recording

Registration Number / Date: SRu001552631 / 2023-07-07 Application Title: Tape 487 and 9 Other Unpublished Works.

Title: Tape 487 and 9 Other Unpublished Works.

Description: Electronic file (eService)

Copyright Claimant: The Evolutionary Above Human Foundation d.b.a. The Telah Foundation, Transfer: by operation of law. Address: 4757 E. Greenway Road, #103, Phoenix, AZ, 85032, United States.

Date of Creation: 1990

Authorship on Application: Steven Terry Mccarter, 1956- ; Citizenship: United States.

Authorship: Sound Recordings.

Rights and Permissions: Rowan Smith, Messner Reeves LLP, 7250 N 16th Street, Suite 410, Phoenix, AZ, 85020, United States, rsmith@messner.com Copyright Note: C.O. correspondence.

Regarding group registration: A group of unpublished works may be registered in the same administrative class under 202.4(c) if the following requirements have been met: 1) All the works must be unpublished; 2) the group may include up to ten works; 3) a title must be provided for each work; 4) all the works must be created by the same author or the same joint authors; 5) the authorship claimed in each work must be the same; and 6) the author and claimant for each work must be the same person or organization. Contents:

Tape 487.

Tape 488.

Tape 489-490.

Tape 491.

Tape 492.

Tape 493.

Tape 494.

Tape 495.

Tape 496.

Tape 497-498.

Names: Mccarter, Steven Terry

Evolutionary Above Human Foundation Telah Foundation

14

**RESPONSE TO REQUEST FOR ADMSSION NO. 20:**

Denied.

13. Many, even most of Plaintiffs denials of Defendant's Admission Requests like this Admission No. 23 shown below could be shown to be evasive (blanket) denials which courts have found violates the specific requirements of Federal Rule of Civil Procedure 36(a).

In federal court in Indiana, a defendant cannot use blanket denials to respond to most requests for admission. The rules prohibit vague, generalized refusals and require a defendant to address the substance of each request.

**REQUEST FOR ADMISSION NO. 23:** Admit that Defendant Stephen Havel and co-Defendant Jason Bartel have never shown any evidence they provided or displayed or performed or disseminated or distributed any of the Heaven's Gate Intellectual Property to make a profit or for any commercial purposes for over 25 years.

**RESPONSE TO REQUEST FOR ADMSSION NO. 23:**

Denied.

14. Many, even most of Plaintiffs denials of Defendant's Admission Requests like this Admission No. 24 shown below could be shown to be evasive (blanket) denials which courts have found violates the specific requirements of Federal Rule of Civil Procedure 36(a).

In federal court in Indiana, a defendant cannot use blanket denials to respond to most requests for admission. The rules prohibit vague, generalized refusals and require a defendant to address the substance of each request.

**REQUEST FOR ADMISSION NO. 24:** Admit that the organizational name; Total Overcomers Anonymous aka T.O.A. that the Group used didn't exist much at all before 1992, (as evidenced on the video tape jackets The Group had made on the original Beyond Human - The Last Call video tape Series), thus could not be a legal Authors name for the Telah Foundations copyright registration of the 486 Audio Tapes that were created by The Group from 1982 to 1989 or so.

**RESPONSE TO REQUEST FOR ADMSSION NO. 24:**

Denied.

15. Many, even most of Plaintiffs denials of Defendant's Admission Requests like this Admission No. 25 shown below could be shown to be evasive (blanket) denials which courts have found violates the specific requirements of Federal Rule of Civil Procedure 36(a).

In federal court in Indiana, a defendant cannot use blanket denials to respond to most requests for admission. The rules prohibit vague, generalized refusals and require a defendant to address the substance of each request.

**REQUEST FOR ADMISSION NO. 25:** Admit since TI (aka Bonnie Lu Truesdale Nettles) and DO (aka Marshall Herf Applewhite) or DO alone are the only true Authors of the 1061 or 1082 or so Heaven's Gate Audio Tapes and/or Video Tapes to include; the Beyond Human - The Last Call Video Tape Series and/or the 4 Video tapes; Last Chance to Evacuate Earth Before Recycling, Planet About to be Recycled - Your Only Chance to Survive is to Leave With Us, DO's Final Exit and Students Expressing Themselves Before Exit, thus using any other Authors name or entity as the Author or as a Work For Hire "Author" in all your Copyright registrations is not legal.

**RESPONSE TO REQUEST FOR ADMSSION NO. 25:**

Denied.

17

Respectfully submitted,

Dated: 9-23-2025

*Stephen Havel*

Stephen Havel

5776 Grape Rd.

Suite 51

PMB# 121

Mishawaka, IN. 46545

Sawcat575@gmail.com

Pro Se Defendant

