UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| The Evolutionary Level Above Human Foundation d/b/a The Telah Foundation,<br><br>Plaintiff,<br>v.<br><br>Stephen Robert Havel,<br>Cathy JoAnn Weaver,<br>Jason Bartel,<br><br>Defendants. | CASE NO. 3:22-CV-395-JD-MGG |

**STATUS REPORT**

Pursuant to this Court's September 11, 2025 Order (Dkt. 213), Plaintiff sent a copy of this report to the Defendants on September 29. Plaintiff asked that the Defendants revise or make any necessary additions. Plaintiff also informed Defendants that Plaintiff would be happy to file the final joint report. On September 30, rather than revise this report, Defendants Havel and Weaver sent Plaintiff their own reports. Pursuant to its promise, Plaintiff is concurrently filing those reports on behalf of Defendants Havel and Weaver. Defendant Bartel did not respond to any communications about this report and did not send Plaintiff his own report for filing.

### A. **Status of settlement negotiations, mediation, or other alternative process.**

Plaintiff has been in communication with Ms. Weaver regarding potential settlement, but at this time no settlement has been reached. Defendants Stephen Havel and Jason Bartel have not been interested in engaging in any settlement discussions.

1

**B.      Likelihood and scope of any dispositive motion(s).**

Plaintiff will be filing dispositive motions on October 31, 2025 per the Court's scheduling order. Plaintiff at this time intends to file motions directed to: (1) ownership of the intellectual property at issue in this case, (2) inapplicability of any pleaded affirmative defenses, (3) liability for copyright infringement under Counts I-IV, (4) liability for contributory infringement under Count V, (5) liability for conspiracy to commit copyright infringement under Count VI, and (6) liability for trademark infringement under Count VII. Plaintiff also intends to move for a finding that the infringement was willful and the imposition of certain pleaded remedies which may obviate the need for a trial entirely.

**C.      Need for oral argument on any dispositive motion(s).**

Plaintiff does not believe oral argument is necessary for its dispositive motions but would welcome oral argument if it would assist the Court.

**D.      Claims to be tried absent any dispositive motion ruling.**

Plaintiff intends to try all claims in its First Amended Complaint absent any dispositive motion ruling.

**E.      Need for Court to resolve any choice of law issues.**

Plaintiff does not believe any choice of law issues exist.

**F.      Duration of the anticipated trial.**

Should this matter go to trial, Plaintiff expects that the trial would last 3-4 days.

**G.      Unique issues that may arise for this trial, including for instance bifurcation, special verdict forms, witness accommodations, interpreters, and the like that my impact scheduling.**

The biggest issue that may impact scheduling is the Defendants' *pro se* status. In

2

addition, Plaintiffs will be proposing a special verdict form. Plaintiff also anticipates that it given these complexities and a desire to streamline presentation of whatever issues remain after dispositive motions, Plaintiff would waive its right to a jury trial.

     **H.**    **Number of anticipated experts and a concise precis of anticipated opinion testimony limited to the proposed expert's name, specific area of expertise, and no more than five sentences summarizing anticipated opinions.**

None.

     **I.**    **Likelihood and scope of any anticipated motion under Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), whether that motion may impact summary judgment, and need for any related evidentiary hearing; and**

Plaintiff does not intend to file any *Daubert* motions or motions under Rule 702.

     **J.**    **any other matters that would assist the court in preparing for the conference, final scheduling, and trial.**

None.

Respectfully Submitted September 30, 2025.

                                           **MESSNER REEVES, LLP**

                                           By: */s/ Isaac S. Crum*
                                               MESSNER REEVES LLP
                                               Isaac S. Crum
                                               (Pro Hac Vice)
                                               icrum@messner.com
                                               *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on September 30, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the filing to the parties listed below. A copy of this filing will also be sent via U.S. mail and email.

Cathy Weaver
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

Jason Bartel
N4051 26th Lane
Redgranite, WI 54970-7087
jason_bartel@unioncab.com

Steven Robert Havel
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

By: /s/ *Isaac S. Crum*