# U.S. DISTRICT COURT FOR THE NORTHERN

# DISTRICT OF INDIANA SOUTH BEND DIVISION

| | |
|---|---|
| The Evolutionary Level Above Human Foundation d/b/a The Telah Foundation,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>Stephen Robert Havel,<br>Cathy JoAnn Weaver,<br>Jason Bartel,<br><br>　　　　　　Defendants. | CASE NO. 3:22 -CV-395-JD-MGG |

## DEFENDANT WEAVER'S PRE-TRIAL STATUS REPORT

Pursuant to the Courts Scheduling Order (DE 213) to promote scheduling and an efficient pretrial process and trial Pro Se Defendant responds with this Status Report informing the court of the following:

**A. status of settlement negotiations, mediation, or other alternative process;**

1. Settlement Negotiations:

    This is Havel expressing this on Cathy Weavers behalf because she has been having many nervous breakdowns and isn't able at this time to participate and will be filing a Dispositive Motion to be dismissed from this case. She has tried and tried and tried to have a settlement.

1

The evidence of her attempts to reach a Settlement is overwhelming with text and email communications with Mark King before and during this lawsuit, many shown in her Exhibits for her Answer, Defense and Counter Claim (DE 26) and in the last couple weeks with Mark King and with Plaintiff's council Mr. Isaac Crum.

In the last communication Weaver was told Plaintiff might settle if she left Havel and she never spoke on video's again "about this stuff". Several weeks ago Mark King texted Weaver while Havel was doing a livestream and Mark King said she should settle and avoid paying all the fines. She was ready to talk and then Mark King referred to her previous ideas for a Settlement as a fantasy, if I recall her saying correctly. She has the texts but knows this isn't the place to bring the arguments to the fore.

B. **likelihood and scope of any dispositive motion;**

Defendant plans to find the best Dispositive Motion to either be dismissed from all the Counts against her, as the only one that might not be frivolous is the one re: the T Shirt creation/sale, though even that one was done before having any legal copyrights or trademarks shown to Defendants and only involves about $100 of profit from.

C. **need for oral argument on any dispositive motion**

Defendant doesn't know at this time of a need for an oral argument

D. **claims to be tried absent any dispositive motion ruling**

**Defenses (Affirmative) of Fair Use and Laches and Delay for COUNTS I, II, III, IV and COUNT VII:**

(a) **COUNT I INFRINGEMENT OF U.S. COPYRIGHT REGISTRATION NO. SRU00298530 (Audio Works) 486 Cassettes.**

(b) **COUNT II INFRINGEMENT OF U.S. COPYRIGHT REGISTRATION NO. PA0000867224 (Video Works) "Beyond Human – The Last Call video tape series of seven tapes of 12 sessions.**

(c) **COUNT III INFRINGEMENT OF U.S. COPYRIGHT REGISTRATION NO. TXU000817732 (Literary Work - entitled "How and when 'Heaven's Gate' (The Door to the Physical Kingdom Level Above Human) May Be Entered : An Anthology of Our Materials**

(d) **COUNT IV INFRINGEMENT OF U.S. COPYRIGHT REGISTRATION NO. VA000877834 (Visual Work - C.B.E.** (Celestial Being Entity) aka what an Older Member from the Kingdom of Heaven may look like.

(e) **COUNT VII FEDERAL TRADEMARK INFRINGEMENT** - use of the CBE Visual Work on T shirts for sale.

1. **Defense pertaining to the part of Plaintiff Complaint (DE 1, 132) COUNT 4 – Against the idea of creating plush dolls:**

   This was an idea only that Defendant Weaver and Defendant Havel floated past Mark King and Sarah King. There is no evidence of this because it was just an idea in an original Settlement/Licensing Agreement that Plaintiffs refused to negotiate.

2. **Defense pertaining to Plaintiff Complaint COUNT V the Contributory Infringement claim and to COUNT VI – Conspiracy to commit copyright infringement, again no evidence of as Weaver didn't even know Havel to have any influence on him to infringe upon a copyright let alone engage in some conspiracy to do so.**

3. **Defense pertaining to COUNT VII - FEDERAL TRADEMARK INFRINGEMENT, CBE Image use on T shirts:**

   When Weaver sat in on some of Havel's livestreams, Havel posted pictures and some might have been from the CBE image on Havel's YouTube channel 3spm. This YouTube channel was never monetized. In the least it's display could be considered to be Fair Use and Laches and Delay, Affirmative Defenses since Foundation never said anything about Havel's use of that image for years while being aware of what Havel was doing on his channel.

4. **Defendants Current Counter Claims against Plaintiff:**

   If Defendant's Dispositive Motion, yet to be determined the type doesn't end the case for Defendant, Defendant may seek the Courts permission to Amend Weavers Answer, Defense and Counterclaim.

E. **need for the court to resolve any choice of law issues;**

Defendant is not aware of any applicable "choice of law issues.

F. **duration of the anticipated trial;**

4

Pro Se Defendant Weaver doesn't know how long the trial might be. One of the main time expenditures would be jury selection as to find objective jurors could be difficult given the very public nature of this case.

Another consideration is in the fact that Defendant's alleged infringement is not simple as there are many audio tapes that are not copyrighted unless it can be proven that having the right to copyright them via Court orders gives Plaintiff the right to prosecute their use before having a registration.

**G. unique issues that may arise for this trial, including for instance bifurcation, special verdict forms, witness accommodations, interpreters, and the like that may impact scheduling;**

Defendant is not aware of any unique issues.

**H. number of anticipated experts and a concise précis of anticipated opinion testimony limited to the proposed expert's name, specific area of expertise, and no more than five sentences summarizing anticipated opinions;**

No experts will be called by Defendant

**I. likelihood and scope of any anticipated motion under Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), whether that motion may impact summary judgment, and need for any related evidentiary hearing; and**

Defendant has no need for a forensic study of anything as Defendant hasn't created any new work to compare with the originals..

Defendant isn't aware of any financial negotiations in this case.

J. **any other matters that would assist the court in preparing for the conference, final scheduling, and trial.**

Defendant is not aware of any other matters to assist the court in preparing for the conference.

Respectfully submitted,

Dated: 9/30/2025

*Cathy Weaver*

Pro Se Defendant Cathy Weaver

5776 Grape Rd. Suite 51, PMB# 121

Mishawaka, IN. 46545

Sawcat575@gmail.com

6