**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**



THE EVOLUTIONARY LEVEL ABOVE
HUMAN FOUNDATION,

        Plaintiff,

        v,

STEVEN ROBERT HAVEL, et al.,

        Defendants

CASE NO. 3:22-CV-395-DRL-SJF

## DEFENDANT BARTEL'S MOTION FOR SUMMARY JUDGMENT

Defendant Jason Bartel hereby moves the Court for an Order granting Defendant's

request for a Summary Judgment in favor of Defendants and award of Defendant Bartel's

Counterclaim. Defendant's award of counterclaim is contingent upon Defendant receiving leave

of the Court for a second amended counterclaim. Defendant has filed a Motion for leave to

second amended counterclaim. Defendant contends that Defendant's Motion for Summary

Judgment will present evidence, facts, law and legal arguments that will necessitate Defendant

filing a second amended counterclaim. Defendant contends that Defendant's Motion for

Summary Judgment will dispose of the case and obviate the need for any further Discovery.

In support of Defendant's Motion for Summary Judgment Defendant Bartel presents the

following brief citing facts, evidence, law and legal arguments. Defendant includes a

statement of material facts in support of Defendant's contentions and arguments.

**BRIEF IN SUPPORT OF DEFENDANT BARTEL'S MOTION FOR SUMMARY JUDGMENT**

## 1. Case History

Plaintiff The Evolutionary Level Above Human, Inc. filed a complaint on May 18, 2022 alleging that Defendants Havel, Weaver and Bartel have infringed on the corporation's intellectual property rights[DE 1]. On September 9, 2022 Defendant Bartel filed an Answer to the complaint and a counterclaim against Plaintiff[DE 35]. On July 24, 2023 Plaintiff's Attorney Isaac S. Crum filed an amended complaint on behalf of an unincorporated Plaintiff, The Evolutionary Level Above Human Foundation[DE 132]. Plaintiff states that it owns all of the intellectual property rights that belonged to the Heaven's Gate Group. It is public knowledge that The Heaven's Gate Group (hereinafter the "Group") ended on or before March 26, 1997.

## 2. Supporting Arguments for Defendant's Motion for Summary Judgment

### 1.Plaintiff's true name and identity was in question in the original complaint

Plaintiff's Attorney Isaac S. Crum  filed this case on May 18, 2022 on behalf of an alleged corporation with two allegedly true and legal names, The Evolutionary Level Above Human, or Telah Foundation, Inc.[DE 1, paragraph 4]. Mr. Crum filed a Corporate Disclosure Statement on May 18, 2022 on behalf of The Evolutionary Level Above Human, Inc., an alleged Arizona nonprofit corporation [DE 3]. Plaintiff's Attorney did not file a Corporate Disclosure Statement on behalf of Telah Foundation, Inc. Telah Foundation, Inc. is not the Plaintiff in this case. Plaintiff cannot state that it owns property that was sold and/or conveyed to Telah Foundation, Inc., or The Telah Foundation, Inc. Plaintiff did not state that it was more than one entity in the original complaint, therefore, Plaintiff could not have stated that it was both The Evolutionary Level Above Human, Inc. and Telah Foundation, Inc. as

corporations do not have two, interchangeable true and legal names.

### 2. Plaintiff's identity is in question in the amended complaint

On July 24, 2023 Plaintiff's Attorney filed an amended complaint on behalf of an unincorporated Plaintiff, The Evolutionary Level Above Human Foundation, an Arizona nonprofit corporation [DE 132]. Per paragraph 4 of Plaintiff's amended complaint the unincorporated Plaintiff has two interchangeable names, The Evolutionary Level Above Human Foundation or The Telah Foundation. Plaintiff's Attorneys have not filed a Corporate Disclosure Statement on behalf of The Telah Foundation, therefore, The Telah Foundation cannot be the Plaintiff in this case.

Plaintiff cannot state that it owns intellectual property that has been registered for copyrights in the name of The Telah Foundation nor can Plaintiff claim to own property that was sold and/or conveyed to The Telah Foundation or Telah Foundation. Plaintiff is not stating in the amended complaint that it is more than one unincorporated association with the capacity to sue in this Court, therefore, Plaintiff cannot state in the amended complaint that it is both The Evolutionary Level Above Human Foundation and The Telah Foundation.

### 3. Plaintiff's corporate and/or unincorporated structure has been in question

Plaintiff stated in the original complaint that Plaintiff is an incorporated entity, The Evolutionary Level Above Human, Inc. Plaintiff stated in the amended complaint that it is an unspecified, unincorporated association, The Evolutionary Level Above Human Foundation. Plaintiff stated in paragraph 2 of the original complaint that Plaintiff is an Arizona nonprofit corporation. Plaintiff stated in paragraph 4 of the original complaint that Plaintiff is an incorporated entity that is an Arizona 501(C)(3), Nonprofit Corporation. Plaintiff cannot have

been both an unincorporated Arizona nonprofit corporation and an incorporated Arizona

501(C)(3), Nonprofit Corporation in the original complaint. Plaintiff has not stated that it is more

than one entity or association.

**4.Plaintiff's Attorneys have filed Corporate Disclosure Statements on behalf of**
**both an alleged incorporated entity and an alleged unincorporated association**

On September 21, 2023 Plaintiff's former Attorney Otto E. Hinks filed an amended

Corporate Disclosure Statement on behalf of an alleged unincorporated association,The

Evolutionary Level Above Human Foundation [DE 155]. Plaintiff's Attorney Isaac S. Crum

signed a Corporate Disclosure Statement on May, 18, 2022 on behalf of an alleged incorporated

entity, The Evolutionary Level Above Human, Inc.,[DE 3]. Mr. Crum filed a second amended

Corporate Disclosure Statement on March 20, 2024[DE 196] on behalf of the same alleged

unincorporated Plaintiff that Mr Hinks filed a Corporate Disclosure Statement on behalf of on

September 21, 2023, The Evolutionary Level Above Human Foundation[DE 155].

**5. The Telah Foundation has been identified by Plaintiff as a d/b/a name for Plaintiff**

The Telah Foundation has been identified as the d/b/a name of Plaintiff in Plaintiff's

Corporate Disclosure Statements and the Title of Proceedings in Plaintiff's original and amended

complaints[DE 1, 3, 132, 155, 196]. Defendant can find no Court cases in which a Court of Law

has recognized a d/b/a name as a legal entity unto itself that may own property in the d/b/a's

name, enter into contracts in the d/b/a's name or be a Plaintiff in a Court case in the name of the

d/b/a. A d/b/a name may appear in Court documents but it must be used in reference to the legal

entity or unincorporated association that the d/b/a is an alias for, such as Plaintiff stating in the

Title of Proceedings in the case before this Court that Plaintiff is The Evolutionary Level Above

Human Foundation d/b/a The Telah Foundation. Plaintiff had stated that The Telah Foundation was a d/b/a name for The Evolutionary Level Above Human, Inc. in the original complaint. Plaintiff has stated that The Telah Foundation is a d/b/a name for The Evolutionary Level Above Human Foundation in the amended complaint.

### 6. Plaintiff stated in the original complaint that Telah Foundation is an incorporated entity that is the Plaintiff

Plaintiff had stated that Telah Foundation, Inc. was one of the alleged interchangeable names for Plaintiff in paragraph 4 of the original complaint. No Court has recognized a d/b/a name as the true name of a corporation that may use the term Inc. after the d/b/a's name as an identifier. Therefore, Plaintiff stated in paragraph 4 of the original complaint that Telah Foundation, Inc. is a Plaintiff while simultaneously stating in the Title of Proceedings of the original complaint that The Telah Foundation is a d/b/a name for Plaintiff, The Evolutionary Level Above Human, Inc.[DE 1]

### 7. Plaintiff stated in the amended complaint that The Telah Foundation is both the Plaintiff and a d/b/a name for Plaintiff

Paragraph 4 of the amended complaint states that The Telah Foundation is one of the alleged interchangeable names for Plaintiff while the Title of Proceedings in the amended complaint identifies The Telah Foundation as the d/b/a name for Plaintiff, The Evolutionary Level Above Human Foundation[DE 132]. The Telah Foundation cannot be both the Plaintiff and a d/b/a name for Plaintiff in the amended complaint.

### 8. Plaintiff has provided no proof that Plaintiff exists as an entity that has the capacity to sue in this Court

Plaintiff had not provided this Court or Defendants with any organizing and/or incorporation documents, certificates of good standing or annual reports for the alleged Plaintiff in the original complaint, The Evolutionary Level Above Human, Inc. Plaintiff has not provided the Court or Defendants with any evidence that The Evolutionary Level Above Human Foundation is an Arizona unincorporated association with the capacity to sue in this Court.

**9. Corporate Plaintiff's true identity is The Evolutionary Level Above Human Foundation, Inc., an Arizona Nonprofit Corporation**

Defendant's Exhibit A is a certificate of good standing for The Evolutionary Level Above Human Foundation, Inc., incorporated in the state of Arizona on September 23, 1997. The entity in Exhibit A is referred to by the Arizona Corporation Commission as a corporation. Plaintiff has not filed a Corporate Disclosure Statement on behalf of The Evolutionary Level Above Human Foundation, Inc.

Defendant's Exhibit B is the 2025 Annual Report with the Arizona Corporation Commission for The Evolutionary Level Above Human Foundation, Inc. Exhibit B identifies Plaintiff's Attorney Isaac S Crum as the Statutory Agent for The Evolutionary Level Above Human Foundation, Inc., an Arizona Nonprofit Corporation. Mr. Crum took the position as the Statutory Agent for The Evolutionary Level Above Human Foundation, Inc. on 10/26/2023. The Statutory Agent's physical address is identified in Exhibit B as % Messner Reeves, LLP 7250 N. 16th Street Suite 410, Phoenix, AZ 85020. Exhibit B identifies the Arizona Known Place of Business for The Evolutionary Level Above Human Foundation, Inc. as Att: Isaac S. Crum, 7250 N. 16th Street Suite 410, Phoenix, AZ 85020. Exhibit B is not a certified document, however, Defendant has ordered a certified copy from the Arizona Corporation Commission. If

Plaintiff chooses to dispute the authenticity of Defendant's Exhibit B Defendant will submit the certified copy after it has been received by Defendant.

### 10. Plaintiff filed this case on behalf of a non-existent corporation

Defendant can find no evidence that the Plaintiff in the original complaint, The Evolutionary Level Above Human, Inc., is an entity incorporated in the state of Arizona as per the publicly available records of the Arizona Corporation Commission. Therefore, Defendant can find no evidence that The Evolutionary Level Above Human, Inc. exists and is a legal entity that may be a Plaintiff in the case before this Court. Unless Plaintiff can provide evidence such as Articles of Incorporation filed with the Arizona Corporation Commission or a certificate of good standing that proves that The Evolutionary Level Above Human, Inc. is an entity incorporated in the state of Arizona, then Plaintiff filed this case on behalf of a non-existent corporation with a similar name to an extant Arizona Corporation, The Evolutionary Level Above Human Foundation, Inc.

### 11. Plaintiff restructured itself from an incorporated entity into an unspecified unincorporated association when Plaintiff filed an amended complaint

Plaintiff has not explained to the Court and Defendants how Plaintiff restructured itself from an alleged incorporated entity, The Evolutionary Level Above Human, Inc., into an alleged Arizona unincorporated association, The Evolutionary Level Above Human Foundation, when the word Foundation was added to the name of the alleged incorporated Plaintiff. The word Foundation does not have a legal meaning. In the case of The Evolutionary Level Above Human Foundation, Inc., the word Foundation is part of the true name of an Arizona Nonprofit Corporation.

7

**12. Neither the Plaintiff in the original complaint nor the Plaintiff in the amended complaint have the same name as the copyright claimant in Plaintiff's Exhibits A, B, F & G**

The copyright claimant in Plaintiff's Exhibits A, B, F & G is The Telah Foundation. Neither The Evolutionary Level Above Human, Inc. nor The Evolutionary Level Above Human Foundation has the same name as The Telah Foundation. Plaintiff has stated that The Telah Foundation is a d/b/a name for Plaintiff. No Court of Law has recognized a d/b/a name such as The Telah Foundation as a copyright claimant that may own intellectual property in the name of the d/b/a.

**13. Plaintiff is not the alleged corporation that was involved in the litigation with San Diego County**

Plaintiff stated in paragraph 10 of the complaint that the litigation with San Diego County conveyed all of the intellectual property rights belonging to the Heaven's Gate Group to Plaintiff. The litigation with San Diego County was addressed by retired Judge Gotsch in an Order on 2/27/24, Probate Case No. PN022228 (hereinafter the Probate case) in the California Superior Court, County of San Diego (hereinafter the California Court)[DE 194, page 16, paragraph 2]. Defendant Bartel submitted the Statement of Decision (hereinafter the Decision) and Settlement Agreement (hereinafter the Agreement) for the Probate case in the California Court with a Motion on 11/03/2022[DE 63-1].Plaintiff later submitted the Decision and Agreement from the Probate case in the California Court[DE 81-1]. In the unlikely event that Plaintiff disputes the authenticity of the Decision and the Agreement in the Probate case Defendant has ordered and is awaiting certified copies from the San Diego County Court.

The Decision in the Probate case identified a petitioner as the Telah Foundation, Inc.

Jillyn Hess-Verdon, Todd Irby, and Clara Mc Alinden, appeared as counsel for petitioner, the Telah Foundation, Inc.[DE 63-1, page 2, lines 19-20].

The Telah Foundation, Inc. is not the Plaintiff in the case before this Court. Plaintiff no longer stated that it was an incorporated entity in Plaintiff's amended complaint. The Evolutionary Level Above Human Foundation has a different name than The Telah Foundation. Whatever alleged corporation was involved as a petitioner in the Probate case in the California Court, it was not the alleged unincorporated Plaintiff, The Evolutionary Level Above Human Foundation.

Defendant would like to note that Probate Case No. PN022228 now appears as Case No. PN22228 in the California Court's County of San Diego Court records. Some documents in the case files for Case No. PN022228 in the California Court use Case No. PN22228.

**14. The audio works in Plaintiff's Exhibit A were not the same audio cassettes sold and conveyed to the Telah Foundation, Inc. by and thorough Mark King and Sarah King in the August of 1999 Settlement Agreement in the Probate case in the California Court.**

Plaintiff states in paragraph 14 of the complaint that hundreds of audio cassettes were transferred to Plaintiff by the County of San Diego. Plaintiff states in paragraph 15 of the complaint that the hundreds of audio cassettes were registered with the U.S. copyright office on October 27, 1997. The Settlement Agreement in the Probate case stated that it only applied to

the Group's property that had been held by the Public Administrator of San Diego County.

This agreement affects only the Parties' rights and interests in the intellectual and tangible property held by the Public Administrator[DE 63-1, page 16, lines 24-26].

The Decision in the Probate case states that the Public Administrator of San Diego County took possession of some of the Group's property on April 24, 1997.

The Public Administrator for the County of San Diego was subsequently appointed Special Administrator on April 24, 1997. In his representative role, the Public Administrator marshaled and took possession of the personal property in the residence and the storage units and also received property that had been removed by the Sheriff's Department from both locations[DE 63-1, page 3, lines 22-27].

Therefore, the audio works registered with the U.S. copyright office on October 27, 1997 by The Telah Foundation could not have been held by the Public Administrator from April 24, 1997 when the Public Administrator took possession of some of the Group's property until August 11, 1999 when the Agreement in the Probate case was finalized in the California Court[DE 63-1, page 24]. The audio works registered by The Telah Foundation on October 27, 1997 were obtained by Plaintiff from some other source than the Public Administrator of San Diego County and therefore were not part of the Agreement in the Probate case in the California Court.

**15. The Heaven's Gate Group did not transfer all of the Group's property to**

**Plaintiff in 1997**

In paragraph 8 of Plaintiff's complaint Plaintiff states that all of the physical and intellectual property belonging to the Group was transferred to representatives of Plaintiff ( the "Foundation" ) or was placed, to be obtained, from a storage locker in San Diego County.

It is public knowledge that the Heaven's Gate Group ended on or before March 26, 1997. Therefore, if The Evolutionary Level Above Human Foundation, Inc. is the corporate Plaintiff in this case as Defendant has demonstrated then it is not possible that all the physical and intellectual property belonging to the Group was transferred to representatives of The Evolutionary Level Above Human Foundation, Inc. prior to the Group's end on or before March 26, 1997. The Evolutionary Level Above Human Foundation, Inc. did not exist prior to its Incorporation on September 23, 1997. If the Group did legally transfer any of the Group's property to any legal person or persons on or before March 26, 1997 it would not have been to representatives of The Evolutionary Level Above Human Foundation, Inc., an Arizona Nonprofit Corporation.

As there is no evidence that the alleged unincorporated Plaintiff, The Evolutionary Level Above Human Foundation, exists as an Arizona unincorporated association that has the capacity to sue in this Court, it is also not possible that the Group transferred all of the Group's physical and intellectual property to representatives of Plaintiff. Unless Plaintiff can provide this Court with evidence that The Evolutionary Level Above Human Foundation is an Arizona unincorporated association with the capacity to sue in this Court, Plaintiff is stating that it filed the amended complaint and amended Corporate Disclosure Statements on behalf of a non-existent unincorporated association that has the exact same name as an

Arizona Nonprofit Corporation that Plaintiff's Attorney became the Statutory Agent for on 10/26/2023, The Evolutionary Level Above Human Foundation, Inc.[Exhibit B].

**16. Mark King and Sarah King were the initial petitioners in the Probate case in the California Court.**

In April 1997, Petitioners contacted the Public Administrator and requested a meeting[DE 63-1, page 3, line 16]

On April 23, 1997, the Public Administrator asked Mark and Sarah King to return items of property they had received just prior to the deaths[DE 63-1, page 3, lines 19-20]

Sarah King testified that, "How and When Heaven's Gate (The Door to the Physical Kingdom Level Above Human) May Be Entered - An Anthology of Our Materials," Last Chance to Evacuate Earth Before It'S Recycled," Plant About to Be Recycled - Your Only Chance to Survive - Leave With US," "Do's Final Exit - Students of Heaven's Gate Expressing Their Thoughts Before Exit," and "Beyond Human - The Last Call," were all given to the petitioners by the group for the express purpose of distributing copies and receiving returned copies. Thus, she and her husband, Mark, were agents or distributors, but no more[DE 63-1, page 7, lines 22-27, page 8, lines 1-2]

**17. Under the law of intestate succession the intellectual property in Plaintiff's Exhibits A, B, F & G is still part of the estates of the deceased members of the Heaven's Gate Group and has yet to be administered by the Public Administrator of San Diego County.**

The Decision in the Probate case in the California Court ruled that petitioners Mark

King, Sarah King and The Telah Foundation, Inc. had no rights to the intellectual property in the post-mortem copyright registrations in the name of The Telah Foundation that were registered on September 22, 24 and October 27, 1997.

Although Petitioners presented evidence of post-mortem registrations of the literary work entitled, "How and When Heaven'S Gate (The Door to the Physical Kingdom Level Above Human) May Be Entered - An Anthology of Our Materials;" the audiovisual works entitled, "Last Chance to Evacuate Earth Before It's Recycled," "Plant About to Be Recycled - Your Only Chance to Survive - Leave With US," "Do's Final Exit - Students of Heaven's Gate Expressing Their Thoughts Before Exit," "Beyond Human - The Last Call," "The C.B.E. (Celestial Being Entltv"); the trade name Heaven's Gate; and the sound recordings entitled, "The Audiotape Library of Heaven's Gate by TI and Do." Nevertheless, there is no evidence of any writing which explicitly conveyed or transferred ownership of all this intellectual property to the Petitioners[DE 63-1, page 7, lines 11-20].

The Decision in the Probate case in the California Court goes on to state that the estates of the deceased members of the Heaven's Gate Group own all intellectual property created by the Group as tenants in common. There was no written instrument transferring ownership of the Group's intellectual property to petitioners Mark King, Sarah King and The Telah Foundation.

Since there is no written Instrument transferring ownership of the intellectual property to the petitioners, the estates own all intellectual property as tenants in common[DE 63-1, page 8, lines 19-21].

As the members of the Group died in the state of California and left no wills, under the law of intestate succession the California Court in the Probate case had exclusive jurisdiction over the estates of the deceased members of the Heaven's Gate Group.

these 39 estates are being administered pursuant to Summary Probate Proceedings provided for In Probate Code §7660 et seq.[DE 63-1, page 4, lines 8-10]

The Decision in the Probate elucidates how the Group's property was subject to estate administration and contrary claims by Petitioners were without merit.

The essential facts of this case are not, and have not been, in material dispute. Thirtynine individuals died leaving property subject to estate administration. The estates are insolvent, the creditor's claims for burial and funeral expenses exceed the value of these estates by a margin of two to one. Ownership rights to a substantial portion of the property in the estates was never transferred to the Petitioners. That which was transferred was a gift In view of impending death. Either way, property in the estates was indisputably subject to creditors' claims and the Petitioner's claim to the contrary without merit[DE 63-1, page 9, lines 12-19].

**17(a) The copyright registrations in Plaintiff's Exhibits A, B, F & G are three of the same copyright registrations submitted by Petitioners in the Probate case**

The copyright registration certificates in Plaintiff's Exhibits A, B & G are three of the same registration certificates referred to as the post-mortem registrations submitted by Petitioners in the Probate case in the California Court[DE 63-1, page 7]. Defendant's Exhibits C, D, E & F are part of the Court filings sent to Plaintiff by Defendant Havel which Plaintiff stipulated

14

to appear to be authentic[DE 198, page 2]. If Plaintiff disputes the authenticity of Defendant's Exhibits C, D, E & F Defendant will order certified copies from the California Court to compare to Defendant's Exhibits C through F.

Defendant's Exhibit C is the registration certificate for The Audiotape Library Of Heaven's Gate By Ti and Do submitted by Petitioners to the California Court for the Probate case. Defendant's Exhibit C is the same copyright registration certificate submitted as Plaintiff's Exhibit A. Defendant's Exhibit D is the copyright registration certificate for Beyond Human-The Last Call. Defendant's Exhibit D is the same registration certificate submitted in Plaintiff's Exhibit B. Defendant's Exhibit F is the copyright registration certificate for How And When "Heaven's Gate" ( The Door To The Physical Kingdom Level Above Human ) May Be Entered-An Anthology Of Our Materials. Defendant's Exhibit F is the same registration certificate submitted in Plaintiff's Exhibit G. Defendant's Exhibit E is the copyright registration application for The C.B.E. (Celestial Being Entity). Plaintiff's Exhibit F is the copyright registration certificate for The C.B.E. ( Celestial Being Entity ). The copyright claimant in Defendant's Exhibit E and Plaintiff's Exhibit F is The Telah Foundation.

Defendant's Exhibit E and Plaintiff's Exhibit F were both signed by alleged President of The Telah Foundation Mark King on 9/12/97. Defendant's Exhibit E lacks a registration number as it is an application for a registration certificate, however, lacking the registration number and name of the registrar Defendant's Exhibit E appears to be identical to Plaintiff's Exhibit F.

The September and October 1997 copyright registrations in Plaintiff's Exhibits A, B, F & G are not part of the Group's property that was sold and conveyed in the August of 1999 Settlement Agreement to Mark King and Sarah King on behalf of The Telah

Foundation. The intellectual property in Plaintiff's Exhibits A, B, F & G  had not been held by the Public Administrator of San Diego County since April of 1997 when the Public Administrator took possession of some of the Heaven's Gate Group's property. Therefore, Plaintiff's Exhibits A, B, F & G were not part of the Settlement Agreement in the Probate case and under the law of intestate succession the intellectual property in Plaintiff's Exhibits A, B, F & G is still part of the estates of the deceased members of the Group and has yet to be administered by the Public Administrator of San Diego County.

### 17(b). Mark King and Sarah King have known since 1999 that the intellectual property in Plaintiff's Exhibits A, B, F & G is still part of the estates of the deceased members of the Heaven's Gate Group

There can be no question that the intellectual property in Plaintiff's Exhibits A, B, F & G is still part of the estates of the deceased members of the Group. There can be no question that the intellectual property in Plaintiff's Exhibits A, B, F & G has yet to be administered by the Public Administrator of San Diego County, California. The Public Administrator of San Diego County has not registered any copyrights on any of the Group's property. The Public Administrator of San Diego County has not brought a lawsuit against Defendants.

### 18. Mark King, Sarah King and Attorney Isaac S. Crum knowingly attempted to perpetrate fraud on this Court

Plaintiff is attempting in this case to fraudulently claim ownership of intellectual property that the California Court ruled in the Decision in the Probate case was part of the estates of the deceased members of the Group. Mark King and Sarah King have known since August of 1999 that the intellectual property in the copyright registration certificates in Plaintiff's Exhibits A, B, F

& G was not part of the Settlement Agreement in the Probate case. Mark King and Sarah King have known since February of 1999 that the Decision in the Probate case ruled that Petitioners had been denied any and all rights to the Group's intellectual property in The Telah Foundation's September and October of 1997 copyright registrations.

Despite this knowledge the sole two Officers and Directors of The Evolutionary Level Above Human Foundation, Inc., Mark King and Sarah King, used the guise of an Arizona Nonprofit Corporation to file a lawsuit against Defendants in the name of a non-existent corporation, The Evolutionary Level Above Human, Inc. Mark King and Sarah King used the Plaintiff in this case to attempt to get a Preliminary Injunction against Defendants[DE 66]. Mark King and Sarah King used the Plaintiff in this case to draft a Protective Order against Defendants[DE 212].

Mark King and Sarah King perpetrated a fraud on the California Court by submitting multiple copyright registrations in the name of a non-existent corporation, The Telah Foundation. Mark King and Sarah King perpetrated a fraud on this Court when Mr. and Mrs. King employed Isaac S. Crum and Messner Reeves LLP in order to submit some of the same fraudulent copyright registrations registered in the name of The Telah Foundation. Without Isaac S. Crum and Messner Reeves LLP Mark King and Sarah King would not have been able to have this case filed on May 18, 2022 on behalf of a non-existent corporation, The Evolutionary Level Above Human, Inc.

Mark King and Sarah King were not acting on behalf of The Evolutionary Level Above Human Foundation, Inc., an Arizona Nonprofit Corporation, when Mr. and Mrs. King hired Mr. Crum to file this case on May 18, 2022 against Defendants alleging that Defendants had

17

infringed upon the intellectual property rights of a non-existent corporation, The Evolutionary Level Above Human, Inc.

Mr. Crum has a responsibility as an Officer of the Court to be aware if his client is attempting to perpetrate fraud on the Court. Instead of refusing to represent the interests of Mark King and Sarah King Mr. Crum chose to facilitate and enable Mr. and Mrs. King in continuing to perpetuate a fraud that began in 1997 when Mark King and Sarah King used a d/b/a name, The Telah Foundation, to fraudulently register seven copyrights for intellectual property that was created by the Heaven's Gate Group. Mark King and Sarah King used the name of The Telah Foundation to Petition the California Court in the Probate case in order to fraudulently claim ownership of the Group's property.

**19. Petitioners Mark King, Sarah King and The Telah Foundation lost the Decision in the Probate case, were ruled to have filed a frivolous action and were sanctioned and ordered to pay the attorneys' fees of the Public Administrator of San Diego County.**

this action was frivolous and without merit[DE 63-1, page 9, line 27]

By having to defend this frivolous action , the estates now have even fewer assets available to pay toward the creditors' priority claims. An award of sanctions remedies some of the inequity resulting to the creditors[DE 63-1, page 10, lines 4-6].

Petitioners are sanctioned and directed to pay attorneys' fees and costs of the Public Administrator[DE 63-1, page 11, lines 17-18]

### 3. Statement of Material Facts Not In Dispute

**1.** Incorporated Plaintiff The Evolutionary Level Above Human, Inc. stated it had two interchangeable true and legal names in Plaintiff's original complaint.

In paragraph 4 of the original complaint Plaintiff stated it was an Arizona 501(C)(3),Nonprofit Corporation with two interchangeable true and legal names, The Evolutionary Level Above Human, or Telah Foundation, Inc.[DE 1] Plaintiff's Attorney Isaac S. Crum filed a Corporate Disclosure Statement on May 18, 2022 on behalf of The Evolutionary Level Above Human, Inc., an alleged Arizona nonprofit corporation[DE3]. Plaintiff's Attorney did not file a Corporate Disclosure Statement on behalf of Telah Foundation, Inc.

**2.** Plaintiff stated that it was both unincorporated and an incorporated entity in Plaintiff's original complaint.

Plaintiff stated in paragraph 2 of the original complaint that it is an Arizona nonprofit corporation. Plaintiff stated in paragraph 4 of the original complaint that it is an incorporated entity that is an Arizona 501(C)(3), Nonprofit Corporation[DE 1]. The Corporate Disclosure Statement filed on May 18, 2022 referred to the incorporated Plaintiff as an Arizona nonprofit corporation[DE 3]. The Title of Proceedings in the original complaint referred to The Evolutionary Level Above Human, Inc. as an Arizona nonprofit corporation[DE 1].

**3.** Plaintiff filed this case on behalf of a non-existent corporation, The Evolutionary Level Above Human, Inc., with a similar name to an extant Arizona Corporation, The Evolutionary Level Above Human Foundation, Inc.

The Evolutionary Level Above Human Foundation, Inc., was incorporated in the state of Arizona on 9/23/1997[Exhibit A]. The Arizona Corporation Commission has no record for an

1

incorporated entity with the True Name of The Evolutionary Level Above Human. If

Plaintiff wants to dispute this Plaintiff must provide the Court with Articles of Incorporation, a

Certificate of Good Standing or an Annual Report from the Arizona Corporation Commission for

The Evolutionary Level Above Human, Inc.

4. The Telah Foundation is not a legal entity or unincorporated association.

Plaintiff's Attorney stated in a Corporate Disclosure Statement filed on May 18, 2022 that

The Telah Foundation was a d/b/a name for Plaintiff, The Evolutionary Level Above Human,

Inc.[DE 3]. Plaintiff's Attorney stated in an amended Corporate Disclosure Statement filed on

September 21, 2023 that The Telah Foundation is a d/b/a name for unincorporated Plaintiff, The

Evolutionary Level Above Human Foundation[DE 155]. No Court has recognized a d/b/a name

as a legal entity or unincorporated association that has the capacity to sue in a Court of Law.

5. Plaintiff's Attorney Isaac S. Crum signed a Corporate Disclosure Statement on March 20,

2024 on behalf of an alleged unincorporated association, The Evolutionary Level Above Human

Foundation, with the exact same name as an extant Arizona Nonprofit Corporation

for which Mr. Crum is the Statutory Agent, The Evolutionary Level Above Human Foundation,

Inc.[DE 196][Defendant's Exhibit B].

Plaintiff's Attorney Isaac S. Crum has been the Statutory Agent for The Evolutionary

Level Above Human Foundation, Inc., an Arizona Nonprofit Corporation, since

10/26/2023[Exhibit B].

6. Plaintiff is not The Telah Foundation.

Plaintiff's Attorneys have not filed a Corporate Disclosure Statement on behalf of The

Telah Foundation. The Telah Foundation is not a legal entity. The Telah Foundation is a d/b/a

name for Plaintiff. No Court of Law has recognized a d/b/a name as a Plaintiff in a case.

7. Plaintiff is not The Telah Foundation, Inc.

Plaintiff's Attorneys have not filed a Corporate Disclosure Statement on behalf of Telah Foundation, Inc. or The Telah Foundation, Inc. A d/b/a name is not the True Name of a corporation. The Telah Foundation is not a corporation. The Telah Foundation, Inc. was identified as a petitioner in the Probate case in the California Court[DE 63-1, page 2, lines 19-21].

8. Plaintiff does not own any of the Group's property that was transferred and sold to TELAH FOUNDATION by and through Mark King and Sarah King in the Agreement in the Probate case in the California Court, Case No. PN022228.

The Agreement in the Probate case sold and conveyed some of the Group's property to TELAH FOUNDATION by and through Mark King and Sarah King[DE 63-1, page 17, lines 17-18, page 20, lines 22-23]. TELAH FOUNDATION or The Telah Foundation, Inc. is not the Plaintiff in this case. According to the Corporate Disclosure Statement filed by Isaac S. Crum on March 20, 2024, Plaintiff, The Evolutionary Level Above Human Foundation, is unincorporated. The Evolutionary Level Above Human Foundation is not TELAH FOUNDATION or The Telah Foundation, Inc.

9. The Settlement in the Probate case in the California Court was induced through fraud.

The Telah Foundation, Inc. does not exist. No property can be legally sold and/or transferred to a non-existent corporation. Plaintiff can dispute this material fact only by submitting to the Court Articles of Incorporation, a Certificate of Good Standing or an Annual Report filed with the Arizona Corporation Commission for the alleged corporation, The Telah Foundation, Inc.

**10.** Plaintiff does not own the intellectual property in Plaintiff's Exhibits A, B, F & G.

The copyright claimant in Plaintiff's Exhibits A, B, F & G is The Telah Foundation. Plaintiff is not The Telah Foundation. The Telah Foundation is not a legal entity.

**11.** Plaintiff has not submitted any copyright or trademark registrations to this Court registered to the unincorporated Plaintiff, The Evolutionary Level Above Human Foundation.

Plaintiff's Exhibit C & D are trademark registrations registered to The Evolutionary Level Above Human Foundation(Arizona Corporation). Plaintiff's Exhibit E is a trademark registration registered to The Telah Foundation(Arizona Corporation). Plaintiff's Exhibits A, B, F & G are four copyright registrations registered to The Telah Foundation.

**12.** The Evolutionary Level Above Human Foundation, Inc., an Arizona Nonprofit Corporation, is a legal entity incorporated in the state of Arizona with the capacity to sue in this Court.

The Evolutionary Level Above Human Foundation, Inc. was incorporated in the state of Arizona on 9/23/1997[Defendant's Exhibit A]. Plaintiff's Attorney Isaac Crum has been the Statutory Agent for The Evolutionary Level Above Human Foundation, Inc. since 10/26/2023, subsequent to Mr. Crum filing this case on behalf of the alleged Arizona incorporated entity, The Evolutionary Level Above Human, Inc.[Exhibit B, DE 1] Plaintiff's Attorney has not filed a Corporate Disclosure Statement on behalf of The Evolutionary Level Above Human Foundation, Inc.

**13.** The Evolutionary Level Above Human Foundation, Inc. is an Arizona Nonprofit Corporation that has two Officers and Directors, Mark King and Sarah King, who took Office on the corporation's date of incorporation.

Mark King and Sarah King took Office at The Evolutionary Level Above Human

4

Foundation, Inc on 9/23/1997[Exhibit B]. Mark King is the President/CEO and a Director of The Evolutionary Level Above Human Foundation, Inc. Sarah King is the Secretary and a Director of The Evolutionary Level Above Human Foundation, Inc., an Arizona Nonprofit Corporation.

**14.** The copyright registration certificates in Plaintiff's Exhibits A, B, F & G were obtained through fraud on the U.S. Copyright Office by alleged President of The Telah Foundation Mark King.

The copyright claimant in Plaintiff's Exhibits A, B, F & G is The Telah Foundation. The Telah Foundation is not a legal entity. Mark King perpetrated fraud on the U.S. copyright office when Mark King signed the copyright registration certificates in Plaintiff's Exhibits A, B, F & G as President of The Telah Foundation. Mark King is the President/CEO and a Director of The Evolutionary Level Above Human Foundation, Inc., taking office on 9/23/1997[Exhibit B]. Mark King signed the copyright registration certificate in Plaintiff's Exhibit B on 9/12/97 as President of The Telah Foundation. Mark King signed the registration certificate in Plaintiff's Exhibit F on 9/12/97 as President of The Telah Foundation. Mark King signed the registration certificate in Plaintiff's Exhibit G on 9/12/97 as President of The Telah Foundation. The Telah Foundation is not a legal entity that may be a copyright claimant.

**15.** Mark King signed a creditor's claim in the Probate case in the California Court as President of The Telah Foundation on September 19, 1997.

Exhibit G is the creditor's claim from the Probate case in the California Court. Exhibit G is part of the Court filings sent to Plaintiff by Defendant Havel of which Plaintiff stipulated to appear to be authentic[DE 198, page 1]. If Plaintiff attempts to delay the Court proceedings by disputing the authenticity of Defendant's Exhibit G Defendant will order a certified copy from the San Diego County Court in order for the certified copy to be compared to Defendant's Exhibit

5

G. Exhibit G identifies The Telah Foundation as a corporation. The Arizona Corporation Commission has no record of an incorporated entity with the True Name of The Telah Foundation. Mark King took Office as President/CEO and and a Director of The Evolutionary Level Above Human Foundation, Inc. on 9/23/97, four days after Mark King signed the creditor's claim in the California Court as President of The Telah Foundation.

**16.** The trademark registration in Plaintiff's Exhibit E was obtained through fraud on the U.S. Patent and Trademark Office.

Plaintiff's Exhibit E is registered to The Telah Foundation(Arizona Corporation). The Telah Foundation is not an entity incorporated in the state of Arizona.

**17.** Plaintiff filed this case based on four fraudulently obtained copyright registrations and one fraudulently obtained trademark registration while submitting no other evidence with Plaintiff's original and amended complaints other than Plaintiff's Exhibits D & F.

Plaintiff's Exhibits D & F are registered in the name of a legal, incorporated entity, The Evolutionary Level Above Human Foundation(Arizona Corporation). Plaintiff's Attorneys have not filed a Corporate Disclosure Statement on behalf of The Evolutionary Level Above Human Foundation Inc., Arizona Corporation. Plaintiff submitted no other evidence with Plaintiff's complaint other than four copyright registration certificates registered to The Telah Foundation and one trademark registration registered to The Telah Foundation(Arizona Corporation).

**18.** Since this case began on May 18, 2022 Plaintiff has stated that it has four different names.

Plaintiff has stated it is The Evolutionary Level Above Human, Inc., Telah Foundation, Inc., The Evolutionary Level Above Human Foundation and The Telah Foundation[DE 1, paragraph 4, DE 132, paragraph 4]. Plaintiff has not filed Corporate Disclosure Statements on

behalf of Telah Foundation, Inc., or The Telah Foundation.

19. Plaintiff's Attorneys have not filed a Corporate Disclosure Statement on behalf of The Evolutionary Level Above Human Foundation, Inc., an Arizona Nonprofit Corporation.

Plaintiff's Attorneys have filed a Corporate Disclosure Statement on behalf of an alleged corporation, The Evolutionary Level Above Human, Inc., with a similar, yet different, name than The Evolutionary Level Above Human Foundation, Inc.[DE 3]. Plaintiff's Attorneys have filed two amended Corporate Disclosure Statements on behalf of an unspecified, unincorporated Plaintiff, The Evolutionary Level Above Human Foundation, with the exact same name as The Evolutionary Level Above Human Foundation, Inc.[DE 155, 196]

20. There has never been a Court case in which an incorporated Plaintiff restructured itself in an amended complaint into an unincorporated association by adding the word 'Foundation' to the True Name of the incorporated Plaintiff.

Adding the word 'Foundation' to the True Name of an incorporated entity does not restructure the incorporated entity into an unincorporated association. The term 'Foundation' does not have a legal meaning. The word 'Foundation' is a term used by the IRS to classify tax exempt organizations into either Private Foundations or Public Charities.

21. Plaintiff's Attorneys have not filed a Corporate Disclosure Statement on behalf of a legal entity or unincorporated association with the capacity to sue in this Court as Plaintiff.

The Evolutionary Level Above Human, Inc. does not exist as an entity that was incorporated in the state of Arizona. The Evolutionary Level Above Human Foundation is not an Arizona unincorporated association with the capacity to sue in this Court. The Evolutionary Level Above Human Foundation, Inc. is an Arizona Nonprofit Corporation with the capacity to

7

sue in this Court. Plaintiff's Attorneys have refused to file a Corporate Disclosure Statement on behalf of The Evolutionary Level Above Human Foundation, Inc., an Arizona Nonprofit Corporation.

Defendant contends that all facts and evidence presented in Defendant's Motion for Summary Judgment are true and correct.

9/30/2025

Respectfully Submitted,

Jason Bartel
N4051 26th LN.
Redgranite, WI 54970
jason_bartel@unioncab.com

8