UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF INDIANA

SOUTH BEND DIVISION

| | |
|---|---|
| The Evolutionary Level Above Human, Inc. d/b/a The Telah Foundation, an Arizona nonprofit corporation,<br><br>                Plaintiff,<br>v.<br><br>Steven Robert Havel,<br>Cathy JoAnn Weaver,<br>Jason Bartel,<br><br>                Defendants. | CASE NO. 3:22-CV-395-JD-MGG |

## DEFENDANT CATHY WEAVER'S MOTION TO DISMISS CLAIMS AGAINST HER INDIVIDUALLY

Defendant Cathy Weaver ("Weaver"), appearing pro se, respectfully moves this Court to dismiss all claims asserted against her individually, pursuant to Fed. R. Civ. P. 12(b)(6), Fed. R. Civ. P. 56, and the Court's inherent authority to ensure fairness and justice.

### A. Bankruptcy Discharge of Pre-Petition Claims

    1. Weaver filed for Chapter 7 bankruptcy protection in the Northern Indiana Bankruptcy Court on 10-27-2022, Case No. 3:2022bk31102.

1

2. Plaintiffs had notice of the bankruptcy and appeared at the meeting of creditors.

3. Plaintiffs did not file an adversary proceeding under 11 U.S.C. § 523 to challenge discharge ability.

4. On 4-23-2023 the case was closed, and the bankruptcy court entered a discharge order under 11 U.S.C. § 727.

5. Under 11 U.S.C. §§ 524(a)(2) and 727(b), all debts and claims arising from conduct prior to the bankruptcy filing were discharged, and creditors are permanently enjoined from collecting.

6. Because Plaintiffs' Complaint primarily addresses alleged conduct that predates the bankruptcy, those claims are barred.

Supporting Authority:

Kawaauhau v. Geiger, 523 U.S. 57 (1998).

In re Kontrick, 295 F.3d 724 (7th Cir. 2002), aff'd 540 U.S. 443 (2004).

In re Hendrix, 986 F.2d 195, 198 (7th Cir. 1993).

B. **Lack of Allegations or Evidence of Post-Bankruptcy Alleged Infringement**

1. Plaintiffs' Complaint improperly lumps "Defendants" together without identifying specific acts by Weaver before or after the discharge.

2

2. Liability under the Copyright Act requires proof of direct infringement by the defendant. Sony Corp. v. Universal City Studios, 464 U.S. 417, 434–35 (1984).

3. Weaver denies committing any infringing acts post-bankruptcy.

4. Without specific factual allegations tied to Weaver individually, Plaintiffs fail to state a claim against her.

Supporting Authority:

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Twombly v. Bell Atlantic, 550 U.S. 544, 555 (2007).

### C. **Plaintiffs' Overbroad Demands and Fair Use Protections**

1. Plaintiffs appear to have demanded, as a possible condition of settlement, that Weaver permanently cease discussing or referencing Heaven's Gate materials in any public forum that involves video commentary. Such demands are not only coercive but also infringe upon Weaver's constitutional rights. (Exhibit A)

2. Under the First Amendment, religious and expressive speech enjoys the highest level of protection. See Snyder v. Phelps, 562 U.S. 443 (2011). Attempts to bar Weaver from discussing religious materials altogether amount to a prior restraint and impermissible gag order.

3. Moreover, the Copyright Act itself recognizes fair use, which permits the use of copyrighted materials for commentary, criticism, teaching, and scholarship. 17 U.S.C. § 107. Weaver's use of Heaven's Gate materials in limited ways for discussion, education, and preservation squarely falls within these protections.

4. Plaintiffs' position seeks not only to enforce their alleged copyrights but to silence Weaver's protected religious expression and academic commentary. Such overreach underscores the absence of valid claims against Weaver individually and further supports dismissal.

Supporting Authority:

Campbell v. Acuff-Rose Music, Inc., 510 U.S. 569 (1994).

Eldred v. Ashcroft, 537 U.S. 186, 219–20 (2003).

Snyder v. Phelps, 562 U.S. 443 (2011).

D. **Limited Scope of Alleged Involvement and Damages**

1. To the extent Weaver had any involvement with materials related to Plaintiffs, it was limited and de minimis. Specifically, Weaver arranged to produce sixty-nine (69) shirts, of which a portion were sold at $32.50 each, generating potentially $2,242.50 in total

4

revenue. (Exhibit C) Weaver did not keep sales receipts for each shirt sold so does not have an accurate accounting of specific number of shirts sold but of those 69 shirts that contained Plaintiffs alleged copyrighted material several were given away as gifts.

Plaintiffs have Claimed Seven (7) Counts in their Complaint against Cathy Weaver. Plaintiff has no evidence against Weaver for Counts 2, 3, 5, 6.

Weaver has retained invoices and records confirming this limited scope of activity, which represents the entirety of her gross revenue connected to Plaintiffs' claims. (Exhibit C)

Plaintiffs have not presented evidence of any additional or ongoing infringement by Weaver, and their repeated attempts to conflate Weaver's conduct with that of other defendants unfairly exaggerated her role.

Plaintiffs have not presented evidence of any additional or ongoing alleged infringement by Weaver, and their repeated attempts to conflate Weaver's conduct with that of other defendants unfairly exaggerates her role.

Supporting Authority:

Bell v. Taylor, 827 F.3d 699, 709 (7th Cir. 2016).

Sony Corp., 464 U.S. at 434–35.

5

E. **Severe Emotional Distress, Inability to Continue, and Abusive Litigation Tactics**

1. The continuation of this litigation against Weaver, despite the bankruptcy discharge and absence of personal allegations, has caused her severe emotional and mental distress, including severe anxiety and panic attacks, along with several mental and physical breakdowns over the past three weeks causing significant health impacts.

2. Weaver has reached the point where she can no longer meaningfully participate in this case. She is unable to attend further hearings, respond to filings, or withstand the ongoing demands of litigation without risking serious harm to her health.

3. Courts recognize that mental incapacity and breakdowns can prevent meaningful participation in litigation and require protective action. See Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005); Chambers v. NASCO, Inc., 501 U.S. 32, 44–45 (1991).

4. Plaintiffs' tactics — including coercive settlement demands unrelated to the claims (e.g., requiring Weaver to sever personal relationships and refrain from religious expression) have only magnified this distress.
(See Exhibit A attached for emails between Weaver and Plaintiff's Counsel Isaac Crum).

   a) Plaintiff's counsel said Weaver physically being with co-defendant Stephen Havel would provide a loophole for any infringing Havel may or may not do in the future and therefore the likelihood of a settlement with Weaver that didn't also include Mr.

      Havel was nil. Plaintiff also suggested that if Havel wouldn't agree to any proposed settlement terms Plaintiffs would decide for Weaver that a settlement probably wouldn't work either.

      (Exhibit A).

  b) During a livestream Mark King texted Weaver which began a text conversation spanning some days. King threatened Weaver with legal fees and fines repeatedly and Weaver repeatedly attempted to come to a settlement agreement with Mark King.

      (Exhibit B)

In the interests of justice, and to protect Weaver's health and constitutional rights, dismissal of the claims against her individually is warranted.

## F. **Relief Requested**

WHEREFORE, Defendant Cathy Weaver respectfully requests that this Court:

1. Dismiss with prejudice all claims against her individually;

2. Alternatively, restrict Plaintiffs to alleging only specific acts by Weaver occurring after her bankruptcy discharge, supported by factual evidence;

3. Enter any protective relief necessary to prevent further abusive tactics directed at Weaver; and

4. Grant such further relief as the Court deems just and proper.

Respectfully submitted on:

*Cathy Weaver* 10/3/2025

Cathy Weaver

5776 Grape Rd.

Suite 51

PMB# 121

Mishawaka, IN. 46545

Sawcat575@gmail.com

Pro Se Defendant.

8