UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| The Evolutionary Level Above Human Foundation d/b/a The Telah Foundation,<br><br>     Plaintiff,<br>v.<br><br>Stephen Robert Havel,<br>Cathy JoAnn Weaver,<br>Jason Bartel,<br><br>     Defendants. | CASE NO. 3:22-CV-395-DRL-SJF |

**RESPONSE TO MOTION TO DETERMINE SUFFICIENCY OF PLAINTIFF'S RESPONSES TO REQUESTS FOR ADMSISION (DE 221 AND 222)**

  Plaintiff submits this response to Defendant Stephen Havel's Motion to Determine the Sufficiency of Plaintiff's Responses to Requests for Admission. (DE 221 and 222; hereafter "Motion"). The underlying requests and Plaintiffs responses thereto may be found at DE 219 ("Plaintiff's Amended Responses to Defendant Havel's Requests for Admission") referred to hereinafter as the "Requests."

**I. INTRODUCTION**

  Plaintiff's counsel cannot make heads or tails of Defendant Havel's multiple filings grouped under the guise of a Motion to Determine the Sufficiency of Plaintiff's Responses to Requests for Admission. Nevertheless, as Defendant Havel states, the Plaintiff's counsel did meet and confer with Mr. Havel over a Zoom call prior to him filing this Motion. *See* DE 222-1 at 1. During that Zoom call, Plaintiff's counsel explained to Mr. Havel why each of the Requests for Admission were denied (or admitted) as shown in Plaintiff's responses. Rather than accept these answers (For example, that Plaintiffs do not have a copy of the

1

"Settlement Agreement" (*see* RFA No. 7) and, therefore, cannot admit to what it says or does not say.), Defendant Havel has filed the instant motion to fight the factual veracity of Plaintiff's responses. This is, of course, improper. *Mayes v. City of Hammond, Indiana*, No. 2:03-CV-379-PRC, 2006 WL 2251877, at *2 (N.D. Ind. Aug. 1, 2006) ("A motion to determine sufficiency is not an appropriate vehicle to litigate the correctness of a response as Rule 36 does not permit the court to determine whether a response is supported by evidence before trial. If a party believes a response to a request to admit is incorrect, the appropriate remedy under Rule 26 is to prove the matter at trial, and then apply to the court for reasonable expenses, including reasonable attorney fees, in making that proof.")

As explained further below, in addition to being properly responded to, these request were served in an untimely manner, which was objected to by Plaintiff and which should resolve Defendant Havel's entire motion. Furthermore, this very Motion is untimely and filed well after the October 16, 2023 deadline for the parties to file any discovery-related nondispositive motions. Plaintiff, thus, requests that the Court deny Defendant Havel's Motion and award Plaintiff its fees pursuant to Fed. R. Civ. P. 36(a)(6) and 37(a)(5)(B).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure states, "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."

This Court further explained what is required for a Rule 36(a) Motion in *Mayes v. City of Hammond, Indiana*, No. 2:03-CV-379-PRC, 2006 WL 2251877, at *2 (N.D. Ind.

Aug. 1, 2006), wherein the Court stated:

> The party challenging the sufficiency of a response to a request for admission has the burden of persuasion to demonstrate that the response is insufficient.
>
> > Typically, the ability to prove sufficiency hinges on the specificity of the response; not the response's accuracy. A motion to determine sufficiency is not an appropriate vehicle to litigate the correctness of a response as Rule 36 does not permit the court to determine whether a response is supported by evidence before trial. If a party believes a response to a request to admit is incorrect, the appropriate remedy under Rule 26 is to prove the matter at trial, and then apply to the court for reasonable expenses, including reasonable attorney fees, in making that proof.
>
> *Climco Coils Co. v. Siemens Energy & Automation, Inc.,* 2006 WL 850969, *1 (N.D.Ill. Mar.28, 2006) (citing *Wanke v. Lynn's Transp. Co.,* 836 F.Supp. 587, 598 (N.D.Ind.1993)).

*Id.*

## III. <u>ARGUMENT</u>

Defendant's Motion should be denied for three independent reasons. *First*, this motion is untimely given the October 16, 2023 deadline for the parties to file any discovery-related nondispositive motions. As a result the Motion must be denied. *Second,* the Requests at issue were untimely served in violation of this Court's Scheduling Order, and were correctly objected to on that basis. Indeed, this Court has already held that interrogatories served that same day were untimely served. (*See* DE 220 at 2–3.) *Finally*, Plaintiff properly responded to the Requests. Defendant Havel's issue appears to stem from his dislike of the answers, not a concern that his requests went unanswered—since they were all answered. Indeed, the Federal Rules expressly permit denials of requests for admission where appropriate, and expressly state that the recourse, if a request is factually disputed, is to prove the matter at trial and then seek relief under Rule 37(c)(2). That is Defendant Havel's relief for the disputed factual issues his Motion is raising. This is not

3

something to be resolved on pre-trial motion practice and Defendant Havel's Motion should be denied.

### A. **This Motion is Untimely**

The Court's Scheduling Order made clear that October 16, 2023 was the deadline for the parties to file any discovery-related nondispositive motions. This Court's recent ruling confirmed that the October 16, 2023 deadline was still operative. September 22, 2025 Order (DE 220) at 3 (finding certain interrogatories, and motion to amend interrogatories, untimely and stating "the Court did not set a new deadline for nondispositive motions"). Defendant's Motion comes almost two years after the nondispositive motion deadline. As such, it should be denied.

### B. **Defendant's Motion Should Be Denied Pursuant to Plaintiff's Objection to the Requests for Admission**

As stated in its Response, Plaintiff objected to the Requests as they are all clearly untimely and in violation of the Court's Scheduling Order (ECF 117). The close of discovery was set by this Court as December 14, 2023. (ECF 117 at 6.) The Court made clear in the Scheduling Order that:

> A. Discovery.
> 1. Time limit for discovery requests. All discovery other than depositions must be initiated at least forty-five days before the discovery deadline. A deposition commenced at least five days before the discovery deadline may continue beyond the discovery deadline. Notices of deposition shall be served on opposing counsel at least fifteen days before the deposition date.

*See* ECF 117 at 9.

As a result, the last date to serve any discovery requests was 45 days before December 14, 2023 which calculates to Monday, October 30, 2023. The Requests for Admission at issue were served a full 21 days later, on November 20, 2023. As such they are untimely and in violation of the Court's Scheduling Order.

The law in the Court regarding such untimely served discovery is clear. *See Shadle v. First Fin. Bank, N.A.,* No. 1:09–cv–37, 2009 WL 3787006, at *2 (N.D.Ind. Nov.10, 2009) (citing several cases from this circuit holding that defendants had no obligation to answer discovery from pro se plaintiff on the eve of deadline, and concluding even pro se plaintiffs should have known that they need to serve discovery requests at least thirty days prior to the close of discovery). *See also Westbrook v. Archey,* No. 1:05–CV–00057, 2006 WL 545008, at *1 (N.D.Ind. Mar.3, 2006) (holding that defendants had no obligation to answer interrogatories served on the eve of the discovery deadline by *pro se* plaintiff); *Shroyer v. Vaughn,* No. 1:00–CV–256, 2002 WL 32144316, at *1 (N.D.Ind. July 10, 2002) (denying discovery as untimely where it was served by *pro se* plaintiff just before the discovery deadline and called for responses after the close of discovery).

As in *Westbrook, Shroyer, and Shadle,* Mr. Havel's service of discovery at a date which called for responses after the close of discovery and after the time set by the Court were clearly untimely and do not require any response by Plaintiff. *Id.*

Indeed, this Court's September 22, 2025 Order (DE 220) regarding similarly untimely served interrogatories—which were served the same day as these Requests for Admission, November 20, 2023—covers the situation of the Requests for Admission at issue in this motion:

> Regarding timeliness, the Court's Rule 16(b) Scheduling Order set December 14, 2023, as the deadline for completion of all discovery and October 16, 2023, as the deadline for the parties to file any discovery-related nondispositive motions. As to the latter, the Court's order stated that "no motion to extend discovery or to continue other pretrial deadlines will be approved after this nondispositive motion deadline, except for excusable neglect or other extraordinary reasons." [DE 117 at 6]. The Court's order also stated that the "parties are thus advised to complete timely discovery," including an explanation at the end of the order that "[a]ll discovery other than depositions must be initiated at least forty-five days before the discovery deadline." [*Id.* at 9].
> 
> Defendants propounded multiple discovery requests, including these interrogatories, on November 20, 2023—only 24 days before the original discovery deadline, and 35 days after the deadline to file any discovery-

related nondispositive motions. Moreover, a party responding to interrogatories must serve its answers and any objections within 30 days of being served with interrogatories. Fed. R. Civ. P. 33(a), (b)(2). Thus, Plaintiff's deadline to respond to these interrogatories would have been after the close of the original discovery deadline. Accordingly, the Court agrees that, in addition to being improperly propounded to nonparties, the interrogatories were also untimely on multiple fronts when originally propounded. The interrogatories remain untimely now as the Court did not set a new deadline for nondispositive motions, and the interrogatories were proposed only 15 days before the close of the current discovery period. Such untimeliness warrants denial.

DE 220 at 2–3. Like with interrogatories, requests for admission are not due until 30 days after they are served. Fed. R. Civ. P. 36(a)(4). Thus, responses to these Requests were not due until after the close of discovery and the Requests were untimely. As a result, and consistent with this Court's clear warning in its scheduling order, and ruling in its previous Order, the instant non-dispositive motion must be denied.

### C. Defendants Motion Should Be Denied Since the Requests Were Properly Answered

Assuming, *arguendo*, that the Requests were timely served and that the Court overrules Plaintiff's timeliness objection articulated above, Defendant's Motion should still be denied because Plaintiff has adequately responded to each of the Requests for Admission. Plaintiff confesses that it had trouble following Defendant Havel's Motion documents. Nevertheless, in an attempt to respond to Defendant Havel, Plaintiff has taken the below list of Requests at issue from "Exhibit A" to Defendant Havel's filing (DE 222-1): Request Nos. 3, 5, 7, 9, 10, 11, 12, 15, 16, 18, 19, 20, 23, 24, and 25. Plaintiff responds to each complaint in turn.

1. Request for Admission No. 3.[1]

Request for Admission No. 3 states and was responded to as follows:

---

[1] The response to Request for Admission NO. 3 was amended in Plaintiff's Amended Response (DE 219) to correct a copy-and-paste typographical misprint of Request No. 3 and to provide the substantive response shown above.

> **REQUEST FOR ADMISSION NO. 3:** Admit that Ollody, (aka David Cabot Van Sinderen, OLL, Olliver Odin wood) was the Artist who painted the 14 original Acrylic Paintings he copyrighted in 1982 that included the Older Member picture made into a Lithographic Print Plaintiffs, as The Telah Foundation copyrighted in 1997 as the C.B.E. Celestial Being Entity
> **RESPONSE TO REQUEST FOR ADMSSION NO. 3:** Plaintiff admits that the Older Member artwork was created by David Cabot Van Sinderen. Plaintiff is without knowledge as to the number of paintings he copyrighted in 1982 and, thus, denies the remainder of this request on that basis.

Defendant Havel makes no clear argument as to what is wrong with this response and, indeed, it appears that Defendant Havel ignored Plaintiff's Amended Response (DE 219), which was filed before Defendant Havel's Motion and which resolved Defendant Havel's issue with Plaintiff's original response.[2]

2.  Request for Admission No. 5.

Request for Admission No. 5 states and was responded to as follows:

> **REQUEST FOR ADMISSION NO. 5:** Admit that Rkkody (aka Charles Chuck Humphrey) gave away CD's with about half of those 486 Audio Tapes he digitized in 1997 on the CD's.
> **RESPONSE TO REQUEST FOR ADMSSION NO. 5:** Upon reasonable inquiry, Plaintiff is unable to admit or deny the requested statement for want of sufficient information to form a belief as to its truth.

As explained to Defendant Havel (*see* DE 222 at 3) during the Zoom meet-and-confer, Plaintiff does not have a copy of Mr. Humphrey's CDs. Thus, Plaintiff responded as it did. It is unclear how else Plaintiff could have responded.

---

[2] There was a copy-and-paste error in the original response which made Request for Admission No. 3 unintelligible, and Plaintiff responded that it did not understand the request. (*See* DE 209.)

7

3. Request for Admission No. 7.

Request for Admission No. 7 states and was responded to as follows:

> **REQUEST FOR ADMISSION NO. 7:** Admit that in the Settlement Agreement referenced in Admission Request NO. 6, parts of the orders were for you to distribute and/or disseminate specific Intellectual Property like the Audio Tapes that were on Rkkody's CD's to "verified former members" of the Group or was said in some equivalent wording.
> **RESPONSE TO REQUEST FOR ADMSSION NO. 7:**
> Denied.

As Plaintiff has repeatedly stated (*see* DE 208 at 3), Plaintiff does not have a copy of the referenced settlement agreement and cannot admit or deny what was stated therein. As this Judge Gotsch stated over two years ago, Defendants could have obtained that agreement from the Court in that case. Defendants chose not to do so.

4. Request for Admission No. 9.

Request for Admission No. 9 states and was responded to as follows:

> **REQUEST FOR ADMISSION NO. 9:** Admit you do not have any legal documentation from the Group to Copyright anything the Group Created.
> **RESPONSE TO REQUEST FOR ADMSSION NO. 9:**
> Denied.

This was denied as it is factually inaccurate, indeed the Court's Order in the California probate proceeding vests in Plaintiff all rights to all intellectual property from the Group. (*See* DE 90 at 2–4.) Furthermore, even before that ruling, Plaintiff had rights to the intellectual property via the express wishes of the Group that Plaintiff own and control everything belonging to the Group. As Defendant Havel points out, and as Judge Gotsch restated in his ruling (DE 194 at 16–17), there was California probate decision that held that the Statutory Durable Powers of Attorney executed and notarized by the decedents were incapable of transferring rights in intellectual property. That ruling was being appealed, and Plaintiff maintains that it would have prevailed on appeal. Nevertheless, in order to resolve the matter and rather than defend the ruling on appeal, the estates of the

8

decedents (represented by Public Administrator Don Billings), settled the matter and executed a consent decree with the Court, making clear that Plaintiff owns the intellectual property by transferring all rights the estates would otherwise have in the intellectual property to Plaintiff.  (*See* DE 194 at 17–18.)  Again, Plaintiffs argument seems to be a denial is not a permitted response to a request for admission.  That is simply not true. "[Plaintiff] responded to each of [Defendant's] request for admissions with a denial, an admission, or a partial admission or partial denial, thereby complying with Rule 36(a)." *Wilson v. Kautex, Inc.*, No. 1:07-CV-00060, 2007 WL 2406917, at *1 (N.D. Ind. Aug. 20, 2007).  Furthermore, a party cannot be asked to admit a legal conclusion. *Whole Woman's Health All. v. Hill*, 2020 WL 1028040, at *3 (S.D. Ind. Mar. 2, 2020); *Hanley v. Como Inn, Inc.*, No. 99-C-1486, 2003 WL 1989607, at *3 (N.D. Ill. Apr. 28, 2003).

### 5. Request for Admission No. 10.

Request for Admission No. 10 states and was responded to as follows:

> **REQUEST FOR ADMISSION NO. 10:**  Admit you do not have any legal or implied "Transfers" of any of the Groups unregistered Copyrights or Trademarks to Plaintiffs under any name.
> **RESPONSE TO REQUEST FOR ADMSSION NO. 10:**
> Denied.

Plaintiffs response is the same as for the previous Request for Admission No. 9.

### 6. Request for Admission No. 11.

Request for Admission No. 11 states and was responded to as follows:

> **REQUEST FOR ADMISSION NO. 11:**  Admit you do not have any legal or implied "Assignments" of any of the Groups unregistered or registered Copyrights or Trademarks to Plaintiffs under any name.
> **RESPONSE TO REQUEST FOR ADMSSION NO. 11:**
> Denied.

Plaintiffs response is the same as for the previous Request for Admission Nos. 9–10.

7. Request for Admission No. 12.

Request for Admission No. 12 states and was responded to as follows:

> **REQUEST FOR ADMISSION NO. 12:** Admit that when you registered for Copyrights for any of the Heaven's Gate Intellectual Property in 1997 it was not lawful.
> **RESPONSE TO REQUEST FOR ADMSSION NO. 12:**
> Denied.

Plaintiffs response is the same as for the previous Request for Admission Nos. 9–11.

8. Request for Admission No. 15.

Request for Admission No. 15 states and was responded to as follows:

> **REQUEST FOR ADMISSION NO. 15:** Admit that the Groups only example of their intended copyright, they put on their first and/or second version of their Book that they also posted on their website Heavens gate.com you still maintain that reads:
> © Common Law Copyright
> 1996 by Heaven's Representatives
> Printed in the New Mexico Republic, the United States of America
> ALL RIGHTS RESERVED, WITHOUT PREJUDICE,
> U.C.C. 1-207, U.C.C. 1-103.6 This book is protected by Common Law copyright. Permission is hereby granted to reproduce this book, or portions thereof, as long as the content is unchanged, i.e., nothing added to it or taken away from it as long as it is for noncommercial purposes. No part of this publication may be reproduced or transmitted in any form or by any means, now known or to be invented or adapted, for the purpose of financial gain or profit.
> **RESPONSE TO REQUEST FOR ADMSSION NO. 15:**
> Denied.

Plaintiff believes that the Group published other works with different copyrights and, thus, have denied this request. Again, Plaintiffs argument seems to be a denial is not

10

a permitted response to a request for admission. That is simply not true. "[Plaintiff] responded to each of [Defendant's] request for admissions with a denial, an admission, or a partial admission or partial denial, thereby complying with Rule 36(a)." *Wilson v. Kautex, Inc.*, No. 1:07-CV-00060, 2007 WL 2406917, at *1 (N.D. Ind. Aug. 20, 2007).

9. Request for Admission No. 16.

Request for Admission No. 16 states and was responded to as follows:

> **REQUEST FOR ADMISSION NO. 16** : Admit that per Admission No. 15, Defendant has the right to make available to the public (like on Defendants 3spm Youtube.com Channel) any part of the Heaven's Gate Book since doing so is not for the purpose of financial gain or profit.
> **RESPONSE TO REQUEST FOR ADMSSION NO. 16:**
> Denied.

This is an incorrect assertion of law. Regardless of what earlier printings of the book state, individuals are not permitted to freely make copies of any of Plaintiff's intellectual property. Furthermore, a party cannot be asked to admit a legal conclusion. *Whole Woman's Health All. v. Hill*, 2020 WL 1028040, at *3 (S.D. Ind. Mar. 2, 2020); *Hanley v. Como Inn, Inc.*, No. 99-C-1486, 2003 WL 1989607, at *3 (N.D. Ill. Apr. 28, 2003).

10. Request for Admission No. 18.

Request for Admission No. 18 states and was responded to as follows:

> **REQUEST FOR ADMISSION NO. 18:** Admit that you ordered your lawyers to construct 2 Court Ordered Audio Tape Logs that replaced the descriptions shown in the log you gave Jhnody as described in Request for Admission No. 17 with the description, "Various Discussions".
> **RESPONSE TO REQUEST FOR ADMSSION NO. 18:**
> Any communications between Plaintiff and its attorneys are protected by the attorney-client privilege and Plaintiff will not respond to this request.

This request clearly calls for the content of communications between Plaintiff and

11

its counsel related to this litigation. Such information is protected by both the attorney-client privilege as well as the work product doctrine.

11. Request for Admission No. 19.

Request for Admission No. 19 states and was responded to as follows:

> **REQUEST FOR ADMISSION NO. 19:** Admit that in the Letters from The Class ( or other ways Group Members signed Letters) sent to former Class members (like you, Rkkody, Oscody, Jhnody, Neody, Flxody and Ablody) it was DO and The Classes "desire" that these former members would want to participate in the Dissemination of their Intellectual Property.
> **RESPONSE TO REQUEST FOR ADMSSION NO. 19:**
> Plaintiff admits that former Class members were involved in the disposition of property in 1997–1999. Plaintiff objects to this request as calling for speculation.

Plaintiff fairly admitted that between 1997 and 1999, Plaintiff did consult with former "Class members" as to how property related to the "Class" should be distributed. Plaintiff objected to the remainder to the extent that it sought for the personal desires of a large number of people who have been deceased for over 25 years.

12. Request for Admission No. 20.

Request for Admission No. 20 states and was responded to as follows:

> **REQUEST FOR ADMISSION NO. 20:** Admit that a deceased Student Member of the Heaven's Gate Group known as Srrody, (aka legally Steven Terry Mccarter) is not a legitimate Author of any of the Groups audio tapes, the way you have claimed by registering a copyright on July 7, 2023 using a new claimant name of "The Evolutionary Above Human Foundation d.b.a. The Telah Foundation" for the following registration details from the U.S. Copyright office:
> Type of Work: Sound Recording
> Registration Number / Date: SRu001552631 / 2023-07-07
> Application Title: Tape 487 and 9 Other Unpublished Works.
> Title: Tape 487 and 9 Other Unpublished Works.
> Description: Electronic file (eService)
> Copyright Claimant: The Evolutionary Above Human Foundation d.b.a. The Telah

12

> Foundation, Transfer: by operation of law. Address: 4757 E. Greenway Road, #103, Phoenix, AZ, 85032, United States.
> Date of Creation: 1990
> Authorship on Application: Steven Terry Mccarter, 1956- ; Citizenship: United States. Authorship: Sound Recordings.
> Rights and Permissions: Rowan Smith, Messner Reeves LLP, 7250 N 16th Street, Suite
> 410, Phoenix, AZ, 85020, United States, rsmith@messner.com
> Copyright Note: C.O. correspondence.
> Regarding group registration: A group of unpublished works may be registered in the same administrative class under 202.4(c) if the following requirements have been met: 1) All the works must be unpublished; 2) the group may include up to ten works; 3) a title must be provided for each work; 4) all the works must be created by the same author or the same joint authors; 5) the authorship claimed in each work must be the same; and 6) the author and claimant for each work must be the same person or organization.
> Contents:
> Tape 487.
> Tape 488.
> Tape 489-490.
> Tape 491.
> Tape 492.
> Tape 493.
> Tape 494.
> Tape 495.
> Tape 496.
> Tape 497-498.
> Names: Mccarter, Steven Terry
> Evolutionary Above Human Foundation Telah Foundation
>
> **RESPONSE TO REQUEST FOR ADMSSION NO. 20:**
> Denied.

Plaintiff denied this request. As explained to Mr. Havel on the Zoom call, the Copyright office has instructed that the person "who captured" the sounds that appear on a final recording may be the "author." *See* https://www.copyright.gov/eco/gram-sr/author.html. Again, Plaintiffs argument seems to be a denial is not a permitted response to a request for admission. That is simply not true. "[Plaintiff] responded to each of [Defendant's] request for admissions with a denial, an admission, or a partial admission or

13

partial denial, thereby complying with Rule 36(a)." *Wilson v. Kautex, Inc.*, No. 1:07-CV-00060, 2007 WL 2406917, at *1 (N.D. Ind. Aug. 20, 2007). Furthermore, a party cannot be asked to admit a legal conclusion. *Whole Woman's Health All. v. Hill*, 2020 WL 1028040, at *3 (S.D. Ind. Mar. 2, 2020); *Hanley v. Como Inn, Inc.*, No. 99-C-1486, 2003 WL 1989607, at *3 (N.D. Ill. Apr. 28, 2003).

13. Request for Admission No. 23.

Request for Admission No. 23 states and was responded to as follows:

> **REQUEST FOR ADMISSION NO. 23:** Admit that Defendant Stephen Havel and co-Defendant Jason Bartel have never shown any evidence they provided or displayed or performed or disseminated or distributed any of the Heaven's Gate Intellectual Property to make a profit or for any commercial purposes for over 25 years.
> **RESPONSE TO REQUEST FOR ADMSSION NO. 23:**
> Denied.

This was denied because, as Mr. Havel well knows, it is not true. As stated in Plaintiff's Reply to its Motion for a Preliminary Injunction (DE 90 and 90-1):

> For example, on December 17, 2022, Mr. Havel was paid to perform at a "Heaven's Gate Re-Examined" event at a venue in Georgia called the "Lodge of Sorrows," during which time he played "the Final Exit Video." [Declaration of Mark King, attached hereto as Exh. A, at ¶¶ 10, 12; Exh. 3 to Exh. A] Plaintiff is the owner of "the Final Exit Video." [Declaration of Mark King, attached hereto as Exh. A, at 11; Doc. 81-1 at 27:16; *id.* at 28:7]
>
> The "Heaven's Gate Re-Examined" event was live streamed on December 17, 2022, on the 3spm YouTube channel belonging to Mr. Havel that he and Ms. Weaver operate. [Declaration of Mark King, attached hereto as Exh. A, at ¶ 13] The Final Exit Video played for approximately one and one-half hours. [*Id.* at ¶ 14; Exhibits 5-6 to Exh. A]
> In the December 17, 2022, live stream's comment section, Mr. Havel responded to a comment that stated "what a great event…jealous of all who attended" by saying "we are hoping to do more all over the country. This feels like the right thing to do." [Declaration of Mark King, attached hereto as Exh. A, at ¶ 15] Ms. Weaver, through her username "cathysouthwestern,"

14

> also replied that "We are in talks to have another one coming up next May, it will be in Chicago this time!" [*Id.* at ¶ 16]
>
> In the December 17, 2022, live stream's comment section, Mr. Havel wrote, in part, "Wish we would have livestreamed starting at the museum earlier in the day when we had a little meeting around the Heavens Gate part of the museum with DO's voice playing and his face showing from a Beyond Human tape in the background the entire time." [*Id.* at ¶ 17] Beyond Human is a copyrighted work owned by Plaintiff. [*id.* at ¶ 18; *see* Doc. 1-2]
>
> Mr. Havel and Ms. Weaver were both paid for participating in the "Heaven's Gate Re- Examined" event on December 17, 2021. [Declaration of Mark King, attached hereto as Exh. A, at ¶¶ 20-21; Exh. 8 to Exh. A]

DE 90 at 9–10.

14. <u>Request for Admission No. 24.</u>

Request for Admission No. 24 states and was responded to as follows:

> **REQUEST FOR ADMISSION NO. 24:** Admit that the organizational name; Total Overcomers Anonymous aka T.O.A. that the Group used didn't exist much at all before 1992, (as evidenced on the video tape jackets The Group had made on the original Beyond Human - The Last Call video tape Series), thus could not be a legal Authors name for the Telah Foundations copyright registration of the 486 Audio Tapes that were created by The Group from 1982 to 1989 or so.
> **RESPONSE TO REQUEST FOR ADMSSION NO. 24:**
> Denied.

Plaintiff denied this request because Total Overcomers Anonymous aka T.O.A. was/is a legitimate author name in connection with the group's intellectual property. Again, Plaintiffs argument seems to be a denial is not a permitted response to a request for admission. That is simply not true. "[Plaintiff] responded to each of [Defendant's] request for admissions with a denial, an admission, or a partial admission or partial denial, thereby complying with Rule 36(a)." *Wilson v. Kautex, Inc.*, No. 1:07-CV-00060, 2007 WL 2406917, at *1 (N.D. Ind. Aug. 20, 2007). Furthermore, a party cannot be asked to admit a legal conclusion. *Whole Woman's Health All. v. Hill*, 2020 WL 1028040, at *3 (S.D. Ind.

15

Mar. 2, 2020); *Hanley v. Como Inn, Inc.*, No. 99-C-1486, 2003 WL 1989607, at *3 (N.D. Ill. Apr. 28, 2003).

        15.    <u>Request for Admission No. 25.</u>

Request for Admission No. 25 states and was responded to as follows:

> **REQUEST FOR ADMISSION NO. 25:** Admit since TI (aka Bonnie Lu Truesdale Nettles) and DO (aka Marshall Herf Applewhite) or DO alone are the only true Authors of the 1061 or 1082 or so Heaven's Gate Audio Tapes and/or Video Tapes to include; the Beyond Human - The Last Call Video Tape Series and/or the 4 Video tapes; Last Chance to Evacuate Earth Before Recycling, Planet About to be Recycled - Your Only Chance to Survive is to Leave With Us, DO's Final Exit and Students Expressing Themselves Before Exit, thus using any other Authors name or entity as the Author or as a Work For Hire "Author" in all your Copyright registrations is not legal.
> **RESPONSE TO REQUEST FOR ADMSSION NO. 25:**
> Denied.

This was denied for the same reason as the previous requests regarding authorship and the legal conclusion that the Copyright registrations are "not legal". This all has no basis in law. Again, Plaintiffs argument seems to be a denial is not a permitted response to a request for admission. That is simply not true. "[Plaintiff] responded to each of [Defendant's] request for admissions with a denial, an admission, or a partial admission or partial denial, thereby complying with Rule 36(a)." *Wilson v. Kautex, Inc.*, No. 1:07-CV-00060, 2007 WL 2406917, at *1 (N.D. Ind. Aug. 20, 2007). Furthermore, a party cannot be asked to admit a legal conclusion. *Whole Woman's Health All. v. Hill*, 2020 WL 1028040, at *3 (S.D. Ind. Mar. 2, 2020); *Hanley v. Como Inn, Inc.*, No. 99-C-1486, 2003 WL 1989607, at *3 (N.D. Ill. Apr. 28, 2003).

### IV.    <u>CONCLUSION</u>

For the reasons stated above, Defendant Havel's Motion should be denied. His

decision to file the instant—untimely—motion to fight over factual issues that are unsupported on his end, and equally unsupported legal conclusions, is not the proper use of Requests for Admission and, in any event, were properly responded to by Plaintiff. Plaintiff, thus, requests that the Court deny Defendant Havel's Motion and award Plaintiff its fees pursuant to Fed. R. Civ. P. 36(a)(6) and 37(a)(5)(B).

Submitted October 9, 2025.

**MESSNER REEVES, LLP**

By: /s/ Isaac S. Crum
MESSNER REEVES LLP
Isaac S. Crum
(Pro Hac Vice)
icrum@messner.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the filing to the parties listed below. A copy of this filing will also be sent via U.S. mail and email.

Cathy Weaver
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

Jason Bartel
N4051 26th Lane
Redgranite, WI 54970-7087
jason_bartel@unioncab.com

Steven Robert Havel
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

By: /s/ *Isaac S. Crum*