UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| The Evolutionary Level Above Human Foundation d/b/a The Telah Foundation, <br><br> Plaintiff, <br> v. <br><br> Stephen Robert Havel, <br> Cathy JoAnn Weaver, <br> Jason Bartel, <br><br> Defendants. | CASE NO. 3:22-CV-395-DRL-SJF |

**OPPOSITION TO MOTIONS FOR JOINDER (DE 228[1] AND 235) AND**

**MOTIONS FOR LEAVE TO AMEND COUNTERCLAIMS (DE 229[2] AND 236)**

On July 16, 2025 this Court benevolently decided not to sanction Mr. Bartel, despite his blatant and repeated meritless motion practice. *See* DE 193, 197, and 205 ("Mr. Bartel's motion practice required the Court to issue multiple warnings and orders, culminating in an order to show cause on February 21, 2024.") Central to this Court's *sua sponte* Order to Show Cause was Mr. Bartel's **repeated** filing of unsupported motions to join Plaintiff's corporate directors, Mark and Sarah King, and arguments that Plaintiff does not exist. *See* DE 205 at 2. This Court, in its Report and Recommendation, laid out the history of Mr.

---

[1] Given the filing of DE 235—in which Mr. Bartel admits that DE 228 was filed without a signature in violation of Rule 11 (*see* DE 235-1)—DE 228 should be denied as moot. *See Scott v. Indiana Developmental Training Ctr. of Lafayette LLC*, No. 4:17 CV 81, 2018 WL 4604153, at *1 (N.D. Ind. Sept. 25, 2018) (denying as moot a previous version of the same motion).

[2] Similarly, given the filing of DE 236—in which Mr. Bartel admits that DE 229 was filed without the required proposed amendment in violation of N.D. Ind. L.R. 15-1(a) (*see* DE 236-1)—DE 229 should be denied as moot. *Id*.

1

Bartel's contumacious motion practice. *See* DE 205 at 1–5. In addressing Mr. Bartel's arguments, the Court stated,

> [d]espite Rule 11's mandate, Mr. Bartel has filed multiple motions raising duplicative unsupported arguments. Mr. Bartel has done this without even affording the Court time [or] an opportunity to address his arguments before he raises it again. What's more, he has done so with a vituperative tone that accuses Plaintiff of filing a frivolous lawsuit when he himself has raised meritless arguments. His motions amount to no more than nitpicking any perceived error made by Plaintiff to claim that it warrants striking or sanctions. . .

DE 193 at 12–13.

Mr. Bartel is, in short, at it again. His Motions, re-raising nonsensical and wholly unsupported arguments that Mark and Sarah King should be joined and that Plaintiff does not exist, must, again, be rejected. Mr. Bartel's years-late Motion seeking to amend his counterclaims to assert these same unsupported arguments must also be denied. It is clear Mr. Bartel will continue to waste this Court's time and Plaintiff's resources by filing these meritless motions and, as suggested in this Court's Report and Recommendation, Plaintiff will be serving Mr. Bartel with a Rule 11 Motion for Sanctions requesting an award of approximately $20,000 in attorneys' fees for responding to this nonsensical argument. (*See* DE 205.)

I.  **ARGUMENT**

Over the past two weeks, Mr. Bartel has filed *two* motions for joinder (DE 228 and 235) and *two* motions to amend his counterclaim (229 and 236), raising the exact same arguments raised—and denied—not once but twice already by this Court. DE 193 at 11; *see also* DE 112. Mr. Bartel continues to argue, without any supporting case law or recognition of this Court's previous orders, that Plaintiff's directors need to be joined in this case and that the Plaintiff entity does not exist. This Court already considered and rejected these unsupported arguments:

2

> Having discussed the various issues raised in Mr. Bartel's motions, the Court is left to address Mr. Bartel's Emergency Motion for Required Joinder of Parties filed on October 17, 2023. Through this motion, Mr. Bartel initially rehashes his arguments regarding Plaintiff's corporate disclosure statements and contends that, because Plaintiff is not a "legal entity with the capacity to sue" in this case, Mr. Bartel is unable to serve discovery requests or file counterclaims. Accordingly, Mr. Bartel asks that the Court join Plaintiff's corporate directors, Mark King and Sarah King ("the Kings") under Fed. R. Civ. P. 19 so that he can serve them with his discovery requests and counterclaims.
>
> Like his prior motions, he makes these assertions without citation to legal authority. Mr. Bartel's initial arguments—that Plaintiff is not a legal entity or that Plaintiff does not have capacity to file suit—have already been addressed by the Court's analysis ruling on his other motions raising these issues. Had Mr. Bartel demonstrated some patience, the Court would have been able to address these preliminary arguments without Mr. Bartel having to raise them again in his emergency motion.
>
> Like his other assertions that have been addressed above, Mr. Bartel fails to provide any analysis or legal authority under Federal Rule of Civil Procedure 19 to support his argument that the Kings must be joined as parties. This Court has already addressed—and denied—his prior request to add the Kings in its order entered on July 17, 2023. With no basis in law and no legal authority to support this duplicative motion, the Court must again deny it.

DE 193 at 10–11.

As with the previous motions on this topic, Mr. Bartel again presents to the Court direct evidence that his arguments make no sense. In "support" of Mr. Bartel's Motion, which essentially argues that "The Evolutionary Level Above Human Foundation" does not exist, he has submitted a certified copy of the 2025 Annual Report from the Arizona Corporation Commission proving that it has existed, as a "Domestic [Arizona] Nonprofit Corporation" since 1997:

> **2025 ANNUAL REPORT**
>
> **ENTITY INFORMATION**
>
> ENTITY NAME: THE EVOLUTIONARY LEVEL ABOVE HUMAN FOUNDATION
> ENTITY ID: 08194851
> ENTITY TYPE: Domestic Nonprofit Corporation
> CHARACTER OF BUSINESS: Other - Other - Other - RELIGIOUS
> AUTHORIZED SHARES:
> ISSUED SHARES:
>
> **STATUTORY AGENT INFORMATION**
>
> STATUTORY AGENT NAME: Isaac S Crum
> PHYSICAL ADDRESS: c/o Messner Reeves, LLP 7250 N 16th Street Suite 410, PHOENIX, AZ 85020
> MAILING ADDRESS: 7250 N. 16th Street, Suite 410, PHOENIX, AZ 85020
>
> **KNOWN PLACE OF BUSINESS**
>
> Att: Isaac S. Crum, 7250 N. 16th Street, Suite 410, PHOENIX, AZ 85020
>
> **PRINCIPAL OFFICE ADDRESS**
>
> **PRINCIPAL INFORMATION**
>
> Director: MARK KING - P.O. BOX 25098, SCOTTSDALE, AZ, 85255, USA - - Date of Taking Office: 09/23/1997
> Director: SARAH KING - P.O. BOX 25098, SCOTTSDALE, AZ, 85255, USA - - Date of Taking Office: 09/23/1997
> President/CEO: MARK KING - P.O. BOX 25098, SCOTTSDALE, AZ, 85255, USA - - Date of Taking Office: 09/23/1997
> Secretary: SARAH KING - P.O. BOX 25098, SCOTTSDALE, AZ, 85255, USA - - Date of Taking Office: 09/23/1997
>
> **SIGNATURE**
>
> President/CEO: Mark King - 03/24/2025

DE 232.

To make matters worse, Mr. Bartel's latest baseless motions adopt the same "vituperative" tone as his previous filings. Repeatedly, and baselessly, stating that Plaintiff, Plaintiff's Officers, and Plaintiff's Counsel are engaged in "fraud." *See e.g.,* DE 228 and 235 at 3 ("Mark King used his future, and therefore non-existent, position as CEO/President of The Evolutionary Level Above Human Foundation, Inc. to fraudulently register"); 4 ("Mr. King used his present position as CEO/President of The Evolutionary Level Above Human Foundation, Inc. to fraudulently register the intellectual property"); 6 ("the consent decree in the Right To Know case was induced through fraud."); 7–8 ("Mark

4

King and Sarah King have perpetrated fraud on the California Superior Court, County of San Diego, the U.S. Copyright Office, the U.S. Patent and Trademark Office, the U.S. District Court, Northern District of California and now the U.S. District Court, Northern District of Indiana."); 8 ("Mr. and Mrs. King in the King's numerous attempts to fraudulently claim ownership of the intellectual property").

Indeed, Mr. Bartel, without concern for the lives of the individuals, their professional reputation, or the entities that he is slandering, spends most of his Motion for Joinder as simply an attack vehicle to launch outrageous accusations at Plaintiff, Plaintiff's Officers, and Plaintiff's Counsel:

> The Evolutionary Level Above Human Foundation, are all products of the machinations of Mark King, Sarah King and the unethical and unscrupulous Attorneys Mr. and Mrs. King have hired to defraud the Court system, the U.S. Copyright Office and the U.S. Patent and Trademark Office.
>
> * * *
>
> Mark King and Sarah King used the King's positions at The Evolutionary Level Above Human Foundation, Inc. to hire Plaintiff's Attorney Isaac S. Crum to aid Mr. and Mrs. King in filing a lawsuit against Defendants that is wholly based on fraudulent claims, including the name of the Plaintiff as Defendant has demonstrated in Defendant's Motion For Summary Judgment.
>
> * * *
>
> This is clear evidence that Isaac S. Crum, Plaintiff's Attorney and the Statutory Agent for The Evolutionary Level Above Human Foundation, Inc. aided and abetted Mark King and Sarah King, the sole two Officers and Directors of the Evolutionary Level Above Human Foundation, Inc., in a fraudulent scheme to obscure the identity of Plaintiff from this Court and Defendants.

Id. at 6.

This hyperbolic nonsense—apparently based on the typographical omission of

"Foundation" and inclusion of "inc." in the initial Complaint[3]—was the exact reason on February 21, 2024 (DE 193 at 13–14) this Court *sua sponte* issued an Order to Show Cause why Mr. Bartel should not be sanctioned. Mr. Bartel's current filings suffer from all of the same deficiencies this Court pointed out when it denied the motions previously. Mr. Bartel continues to fail to cite a single case that supports his argument that Plaintiff does not exist and Mr. Bartel's Motion does nothing more than re-submit documentation proving that Plaintiff *does* in fact exist.

Plaintiff's counsel is simply at a loss at how to respond at this point, and is not looking forward to having to respond for a *fifth* (!) time to these meritless arguments in Plaintiff's response to Mr. Bartel's Motion for Summary Judgment (DE 227), which regurgitates the same nonsensical arguments without any legal support.

This Court's previous rulings regarding this conduct's violation of Rule 11 are even more underscored now. Based on this Court's previous holding that it cannot sanction Mr. Bartel by requiring him to pay Plaintiff's attorneys fees *sua sponte*, Plaintiff is concurrently serving on Mr. Bartel pursuant to Rule 11 and Rule 5, a motion for sanctions to be filed with the Court after the safe harbor period.

## II.     MOTIONS FOR LEAVE TO AMEND COUNTERCLAIM

The previous arguments apply to both the Motions for Joinder and the Motions for Leave to Amend. None of Mr. Bartel's current filings present a sentence of supporting authority or legal support. Indeed, across the numerous filings raising these ***exact same***

---

[3] Interestingly, the Arizona statutory framework for for-profit corporate entities and non-profit entities diverges on this point. Arizona Revised Statutes §10-401(A), which applies to **for-profit** corporations, requires that the corporate name, "[s]hall contain the word "association", "bank", "company", "corporation", "limited" or "incorporated" or an abbreviation of one of these words or words or abbreviations of like import in another language." A.R.S. § 10-401(A). This is contrasted with Arizona Revised Statutes § 10-3401, dealing with **non-profits**, which has no such requirement and only requires that the corporate name be distinguishable and not misleading as to its purpose. A.R.S. § 10-3401(A).

*issues*, the *only* time Mr. Bartel has cited legal authority, that authority proved his argument was meritless. *See* D.E. 124 at 6 (citing 19 Am Jur. 2d Corps. § 1907 as stating "[t]he misnomer of a corporation generally will not be treated by the Courts as material if the identity of the corporation is reasonably clear or can be ascertained by sufficient evidence."). A fact this Court pointed out to Mr. Bartel in its Order. DE 193 at 2–3 ("... Mr. Bartel argues next that Plaintiff's name here is 'sufficiently close to the true name . . such that it is 'reasonably clear' that this is simply an immaterial misnomer. [DE 126 at 6]. Thus, although Mr. Bartel initially appeared to request substantive determinations from the Court on this issue, he then appears to concede this issue's immateriality.")

Despite their legal baselessness, Mr. Bartel's Motions for leave to Amend should also be denied as untimely. As this Court made clear in its June 16, 2023 scheduling order, the last date to amend pleadings, for Defendants, was September 15, 2023. [DE 117]. Over *two years ago*. The standard for amending counterclaims after the scheduling order is governed by Rule 16 and the "good cause" standard. As the Seventh Circuit has stated: Where the deadline in the scheduling order to amend pleadings has passed,

> Fed. R. Civ. P. 16(b)(4) requires a party to modify the schedule before pursuing an amendment. So post-deadline amendments create a "two-step process." *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). First a party seeking amendment must show "good cause for modifying the scheduling order." *Id.* at 720. Only then may we reach the Rule 15 question.

*Sumrall v. LeSea, Inc.,* 104 F.4th 622, 630 (7th Cir. 2024). Like in *Sumrall*, this Court cannot even get to the Rule 15 question, because Rule 16 is dispositive. "On the Rule 16(b) issue, 'the primary consideration for district courts is the diligence of the party seeking amendment.' When a party presents an 'insufficiently robust explanation of why [it] was diligent,' there is no good cause." *Id.* (internal citations omitted). Here, Mr. Bartel has re-raised the same argument that he has been pushing since this case's inception. To the extent Mr. Bartel wanted to include this legally baseless argument in his counterclaims, the record is clear that he was fully aware of the argument on September 13, 2023 when he

7

filed his operative Counterclaim. [DE 150]

Mr. Bartel's Motion for Leave also suggests, without developing the argument, that "false copyright registration numbers" have been submitted. Yet nowhere does Mr. Bartel explain what he means by this allegation, and the copyright registration numbers in the Complaint appear to mirror the numbers in the exhibits Mr. Bartel is now filing with the Court. In any event, Mr. Bartel has been in possession of the Complaint since 2022 and the Copyright office's records have been available that entire time. There simply is no "good cause" to permit amendment based on anything articulated in Mr. Bartel's filing.

### III.   CONCLUSION

Plaintiff respectfully requests that the Court deny Mr. Bartel's Motions. Plaintiff further asks that the Court consider further sanctions against Mr. Bartel and consider granting Plaintiff's Motion for Sanctions and for Attorneys' Fees which will be filed after the safe harbor period expires.

Respectfully Submitted October 16, 2025.

**MESSNER REEVES, LLP**

By: /s/ Isaac S. Crum
MESSNER REEVES LLP
Isaac S. Crum
(Pro Hac Vice)
icrum@messner.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the filing to the parties listed below. A copy of this filing will also be sent via U.S. mail and email.

Cathy Weaver
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

Jason Bartel
N4051 26th Lane
Redgranite, WI 54970-7087
jason_bartel@unioncab.com

Steven Robert Havel
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

By: /s/ *Isaac S. Crum*