UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

THE EVOLUTIONARY LEVEL ABOVE
HUMAN FOUNDATION,

　　　　Plaintiff,

　　v,

STEVEN ROBERT HAVEL, et al.,

　　　　Defendants

CASE NO. 3:22-CV-395-DRL-SJF

## MOTION TO WAIVE MEET AND CONFER REQUIREMENT

Defendant Bartel hereby moves the Court for an Order granting Defendant's request to waive the Court's requirement for a meet and confer with Plaintiff regarding Defendant's Motion For Summary Judgment. Due to an oversight of the presider's instructions concerning a Summary Judgment Motion Defendant did not meet and confer with Plaintiff prior to Defendant filing a Motion For Summary Judgment. Defendant became aware of the presider's instructions regarding Motions For Summary Judgment on October 25, 2025, after viewing the Court's recent Scheduling Order on PACER[DE 241]. Subsequent to viewing the Court's Scheduling Order Defendant found Judge Leichty's instructions regarding Motions For Summary Judgment.

Defendant is working to rectify this oversight of Judge Leichty's instructions regarding Motions For Summary Judgment. On Monday, October 27, 2025, Defendant sent this Motion To Waive A Meet And Confer Requirement to the Court along with Defendant's Status Report.

Defendant makes this request to waive the meet and confer requirement in part due to

1

Plaintiff's previous bad faith conduct including invoking Federal Rule 26(f) in an attempt to deceive and intimidate Defendants into having a joint status report telephonic conference that was not required by the Court. Furthermore, other than the intellectual property in this case being created by the Heaven's Gate Group, Defendant Bartel and Plaintiff have not agreed on a single aspect of the case since it was filed, including the true name of Plaintiff and whether or not Plaintiff is a corporation.

Defendant contends that a meet and confer conference with Plaintiff will not streamline the issues in this case. Defendant's Motion For Summary Judgment did not require any discovery requests of Plaintiff. Rather, all of the facts and evidence in support of Defendant's Motion For Summary Judgment are in the original and amended complaints, certified evidence from the Arizona Corporation Commission obtained by Defendant and the case files for a Probate case in the California Superior Court, County of San Diego, Case No. PN022228. Case No. PN022228 has been previously referenced in this case by retired Judge Gotsch[DE 194, page 16]. Defendant has obtained certified copies of the Statement of Decision and the Settlement Agreement in Case No. PN022228 and will submit them to the Court if the need arises. Uncertified copies of the Statement Of Decision and the Settlement Agreement from Case No. PN022228 were submitted to the Court by Defendant with a previous Motion[DE 63-1].

### Plaintiff's bad faith conduct

On October 6, 2022 one of Plaintiff's previous Attorneys and a former colleague of Isaac S. Crum, Daniel Marks, emailed Defendants Havel, Weaver and Bartel stating that Defendants needed to 'coordinate a telephonic Rule 26(f) conference, which is mandatory per Rule

26'[Exhibit A]. Mr. Marks stated in the email that,

> if any party refuses to participate in this process, we will need to notify the Court and will request appropriate sanctions, including dismissal of any counterclaims, default judgment, and any other relief that is appropriate[Exhibit A, page 2].

In a follow up email later that day on October 6, 2022, Plaintiff's Attorney Isaac S. Crum reiterated the threat to inform the Court if Defendants did not participate in the telephonic conference.

> Please let us know if you are standing by your previous desire to not talk on the phone and we will let the Court know[Exhibit B].

As per the Court's 9/21/2022 Order the parties were ordered to,

> separately file a brief status report[DE 36, page 1].

Defendants eventually understood what it meant to separately file a brief status report but all three Defendants were initially intimidated by Plaintiff's Attorneys' threats to inform the court and request sanctions including a default judgment.

Defendant avers that Plaintiff's Attorneys willfully attempted to deceive Defendants by invoking Federal Rule of Civ. Procedure 26(f) and stating that a telephonic conference was mandatory per Rule 26(f). Defendant contends that Plaintiff's Attorneys Daniel Marks and Isaac S. Crum conspired to misrepresent to Defendants the Court's Order For Written Status Reports by invoking Rule 26(f) in order to intimidate and deceive Defendants into a telephonic

3

conference that was not Ordered by the Court.

Defendants did not participate in a Rule 26(f) telephonic conference with Plaintiff's Attorneys. Plaintiff's Attorneys did not 'inform the Court' of this despite multiple threats from Plaintiff's Attorneys to do so. Plaintiff's threats had no legal basis. Plaintiff's threats of sanctions and informing the Court were a bullying tool by Plaintiff against three Pro Se Defendants with little to no experience in Court cases. Defendant had no contact outside of the Court with Plaintiff's Attorneys prior to Mr. Marks' and Mr Crum's emails on October 6, 2022. Defendant did not receive any emails or letters from Plaintiff's Attorneys ordering Defendant to cease and Desist prior to this case being filed. For these reasons and others to follow Defendant does not believe that it is possible to have a meet and confer with Plaintiff in good faith.

Plaintiff's Attorney Isaac S. Crum recently filed an Opposition To Motion For Extension Of Time[DE 234]. In the Opposition Mr. Crum stated that Defendant Bartel did not meet and confer with Plaintiff or respond to the draft Status Report circulated by Plaintiff. The Court's Scheduling Order[DE 213] specifically stated that 'Unless a party is proceeding pro se, the parties must meet and confer'. Therefore, Mr. Crum's statement in the Opposition to Defendant's Motion concerning Defendant Bartel failing to meet and confer with Plaintiff is frivolous and without merit. Defendant is proceeding Pro Se and was not required to meet and confer with Plaintiff as per the Court's Scheduling Order. However, Defendant is grateful for the email Defendant received from Mr. Crum on September 29, 2025 as that email alerted Defendant to the Court's Scheduling Order[DE 213] that Defendant had not received via the postal service.

**Plaintiff's continued bad faith conduct and the parties irreconcilable positions**

4

**based on material facts**

On October 20, 2025 Plaintiff's Attorney served Defendant Bartel with a Motion For Sanctions under Federal Rule 11. Plaintiff's Motion For Sanctions deliberately misrepresented Defendant's arguments in Defendant's Motion For Summary Judgment and other Motions by stating that the facts and evidence presented by Defendant conclude that,

'Plaintiff does not really exist based on a perceived typographical error'[Exhibit C].

Defendant has presented certified evidence from the Arizona Corporation Commission in Defendant's Motion For Summary Judgment that demonstrates that The Evolutionary Level Above Human Foundation, Inc. is an Arizona Nonprofit Corporation that was incorporated in the state of Arizona on September 23, 1997. Since October 26, 2023, Plaintiff's Attorney Isaac S. Crum has been the Statutory Agent for The Evolutionary Level Above Human Foundation, Inc.[Exhibit B in Defendant's Motion For Summary Judgment]. Plaintiff's Attorneys have not filed a Corporate Disclosure Statement on behalf of The Evolutionary Level Above Human Foundation, Inc. despite the fact that Plaintiff's Exhibits D and F are two trademark registrations registered to The Evolutionary Level Above Human Foundation(Arizona Corporation). Plaintiff has not submitted any copyright or trademark registrations in the name of the alleged unincorporated Plaintiff, The Evolutionary Level Above Human Foundation. These are are statements of material facts that have nothing to do with a 'perceived typographical error'.

Defendant contends that a meet and confer with Plaintiff will not streamline the fact that The Evolutionary Level Above Human Foundation, Inc exists as an entity incorporated in the state of Arizona. A meet and confer with Plaintiff will not streamline the fact that The

Evolutionary Level Above Human Foundation, Inc. has the exact same name as the alleged Arizona unincorporated association that is the alleged Plaintiff in this case, The Evolutionary Level Above Human Foundation.

Plaintiff's Attorney has filed a Corporate Disclosure Statement on behalf of The Evolutionary Level Above Human, Inc.[DE 3]. The difference between the alleged Arizona corporation The Evolutionary Level Above Human, Inc. and The Evolutionary Level Above Human Foundation, Inc., an Arizona Nonprofit Corporation, is not a perceived typographical error, it is the deliberate omission of the word Foundation from the true name of an Arizona Nonprofit Corporation.

It is a matter of the Court's record in this case that Plaintiff's Attorneys have filed multiple Corporate Disclosure Statements on behalf of an alleged Arizona unincorporated association with the exact same name as The Evolutionary Level Above Human Foundation, Inc.[DE 155, 196]. The difference between an incorporated entity and an unincorporated association is not a perceived typographical error, it is a fundamental difference in the corporate structure of Plaintiff, The Evolutionary Level Above Human Foundation.

Plaintiff's Motion For Rule 11 Sanctions Against Defendant Bartel has deliberately misrepresented the facts, evidence and law in Defendant's Motion For Summary Judgment and other Motions as 'baseless arguments' that 'Plaintiff does not really exist based on a perceived typographical error'. This blatant misrepresentation of the facts, evidence and law presented by Defendant in Defendant's Motion For Summary Judgment demonstrates that Defendant cannot meet and confer with Plaintiff in good faith to streamline any perceived issues in Defendant's Summary Judgment Motion.

### Material facts and law not in dispute that cannot be streamlined by a meet and confer with Plaintiff

Plaintiff's exhibits A, B, F & G are four copyright registration certificates in which the copyright claimant is The Telah Foundation. Plaintiff's Corporate Disclosure Statements and the Title Of Proceedings of Plaintiff's complaint identifies The Telah Foundation as a d/b/a name for Plaintiff. It is a matter of law that a d/b/a name is not a legal entity that may own property in its own name, including intellectual property. Therefore, it is a matter of law that The Telah Foundation cannot be a copyright claimant. It is a matter of law that alleged unincorporated Plaintiff The Evolutionary Level Above Human Foundation does not own The Telah Foundation's copyright registration certificates submitted as Plaintiff's Exhibits A, B, F & G. Thus, Plaintiff's complaint alone contains enough evidence to exonerate Defendant Bartel of any and all allegations of copyright infringement by Plaintiff as Plaintiff cannot claim to own intellectual property that was registered for copyright by alleged copyright claimant The Telah Foundation.

It is a material fact that Plaintiff's Exhibit E is a trademark registration registered to The Telah Foundation(Arizona Corporation). It is a material fact that Plaintiff has identified The Telah Foundation as a d/b/a name for Plaintiff. Therefore it is a matter of law that Plaintiff cannot be the owner of a trademark registration in Plaintiff's Exhibit E in the name of The Telah Foundation( Arizona Corporation) as Plaintiff has identified The Telah Foundation as a d/b/a name for Plaintiff and not a corporate name.

This is not the end but the beginning of the facts, evidence and law presented in Defendant's Motion For Summary Judgment. Defendant prays that the Court will grant Defendant's request to waive the Court's requirement for a meet and confer with Plaintiff

regarding Defendant's Summary Judgment Motion. Defendant contends that a meet and confer with Plaintiff would be futile and will not streamline the issues of this case as Defendant has demonstrated herein.

Defendant sincerely apologizes to the Court for not being aware of the presider's instructions regarding Summary Judgment Motions before filing a Motion For Summary Judgment. Defendant asserts that Defendant's Motion For Summary Judgment is meritorious and uses facts, evidence, law and legal arguments to disprove Plaintiff's allegations of copyright infringement against Defendant Bartel. Defendant's Motion For Summary Judgment can stand on its own as filed and will dispose of this case and obviate the need for a costly trial.

Respectfully Submitted, 10/27/2025

Jason Bartel
N4051 26th LN.
Redgranite, WI 54970

*/s/ Jason Bartel*