UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF INDIANA

SOUTH BEND DIVISION

The Evolutionary Level Above Human Foundation,

    Plaintiff

v.

Stephen Robert Havel,

Cathy Joann Weaver,

Jason Bartel

    Pro Se Defendants

CASE NO. 3:22-CV-395-DRL-SJF

**DEFENDANT CATHY WEAVER'S REPLY TO PLAINTIFFS' OPPOSITION TO HER MOTION TO DISMISS CLAIMS AGAINST HER INDIVIDUALLY**

Defendant Cathy Weaver ("Weaver"), appearing pro se, respectfully submits this Reply in support of her Motion to Dismiss (Doc. 230). Plaintiffs' Opposition fails to rebut the legal and factual grounds set forth in her motion and continues to rely on speculation, mischaracterization, and previously rejected arguments.

1

A. Procedural Compliance and Propriety of Defendant's Motion

Plaintiffs contend that Defendant's motion is procedurally improper or deficient under the Federal Rules. This is incorrect. Defendant's motion is both procedurally proper and timely under Fed. R. Civ. P. 12(b)(6) and Rule 56, which allow dismissal when a plaintiff fails to state a claim or when no genuine issue of material fact exists. See Christensen v. County of Boone, 483 F.3d 454, 458 (7th Cir. 2007).

Because Plaintiffs' Complaint fails to allege any specific post-bankruptcy conduct by Weaver and relies solely on group allegations, dismissal is appropriate under either rule.

Plaintiffs further object that Weaver did not include affidavits or additional evidence. However, the motion relies on judicially noticeable public records—specifically, Weaver's bankruptcy docket and discharge order—sufficient for consideration without additional exhibits. See Opoka v. INS, 94 F.3d 392, 394 (7th Cir. 1996).

Finally, as a pro se litigant, Weaver's filings must be liberally construed and held to less stringent standards than those prepared by counsel. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Her motion fully complies with the substance and purpose of the rules.

B. Plaintiffs' Claims Are Barred by Weaver's Bankruptcy Discharge

Weaver filed for Chapter 7 bankruptcy on October 27, 2022 (Case No. 3:22-bk-31102, N.D. Ind.). Plaintiffs were notified and appeared at the creditors' meeting but did not file an adversary

proceeding to challenge discharge ability under 11 U.S.C. § 523. The Bankruptcy Court entered a discharge on April 23, 2023 under 11 U.S.C. §§ 727 and 524, permanently enjoining all pre-petition claims.

Because Plaintiffs' Complaint primarily concerns alleged acts before October 27, 2022, those claims are discharged. See Kawaauhau v. Geiger, 523 U.S. 57 (1998); In re Hendrix, 986 F.2d 195, 198 (7th Cir. 1993). Plaintiffs offer no evidence of any infringing conduct occurring after discharge.

**C. Plaintiffs Misrepresent Defendant's Role Regarding the YouTube Channel**

Plaintiffs inaccurately describe Defendant as a "co-creator" or "operator" of Defendant Havel's YouTube channel. This is false. The channel was created and operated exclusively by Havel, who has maintained it since approximately 2007—over a decade before Defendant met him in 2021.

Merely appearing on camera or being present while another individual operates a stream does not constitute authorship, publication, or ownership under copyright law. See Aalmuhammed v. Lee, 202 F.3d 1227, 1232 (9th Cir. 2000) ("Authorship requires control over the work as a whole."). Plaintiffs have presented no evidence establishing joint authorship, co-ownership, or direct infringement by Weaver.

3

### D. Plaintiffs Mischaracterize Defendant's Statements and Offer No Evidence of Post-Bankruptcy Infringement

Plaintiffs cite a statement from Defendant's Answer to claim she "admitted" creating audiobook recordings. This mischaracterizes her explanation. Defendant acknowledged only that she privately recorded a small number of Heaven's Gate texts for study and reflection. These were uploaded briefly, for less than two weeks, in a noncommercial context solely to preserve and understand the materials. They were unlisted shortly thereafter and have remained private ever since.

The recordings were created before this lawsuit and each video received an average of 11 views, confirming no meaningful public distribution or harm. Such limited, pre-litigation, noncommercial conduct falls within the protection of Defendant's bankruptcy discharge and fails to meet the elements of "distribution" under 17 U.S.C. § 501(a). See Sony Corp. v. Universal City Studios, 464 U.S. 417, 434–35 (1984).

### E. Plaintiffs' Opposition Ignores Fair Use and First Amendment Protections

Plaintiffs' Opposition again attempts to bar Weaver from any reference to Heaven's Gate materials. Such an overbroad restriction violates the First Amendment's protection of expressive and religious speech. See Snyder v. Phelps, 562 U.S. 443 (2011).

The limited, transformative use of excerpts for commentary, education, or preservation qualifies as fair use under 17 U.S.C. § 107. See Campbell v. Acuff-Rose Music, Inc., 510 U.S. 569

4

(1994); Eldred v. Ashcroft, 537 U.S. 186 (2003). Plaintiffs' position constitutes an impermissible prior restraint and should be rejected.

### F. Minimal Alleged Damages and Overstated Claims

Weaver's alleged involvement is limited to approximately sixty-nine (69) shirts, sold at $32.50 each, totaling about $2,242.50 in gross revenue, with several given as gifts. Plaintiffs have no evidence of further use, sales, or profits. Their conflation of Weaver's actions with other defendants unfairly exaggerates her role. See Bell v. Taylor, 827 F.3d 699, 709 (7th Cir. 2016). Plaintiffs overstate Weavers involvement in the Cincinnati event and provide no factual evidence to support their claims.

### G. Severe Emotional Distress and Abusive Litigation Conduct

Continuing litigation against Weaver, despite her discharge and minimal role, has caused severe emotional distress, anxiety, and health effects. Plaintiffs' coercive settlement demands—including requiring her to sever personal relationships and abstain from religious speech—constitute abusive tactics. Courts have recognized that severe distress may warrant protective action. See Allen v. Calderon, 408 F.3d 1150 (9th Cir. 2005); Chambers v. NASCO, Inc., 501 U.S. 32, 44–45 (1991).

Plaintiffs referred to Judge Gotsch's ruling from 2022. Over the last 2+ years Weaver's mental stresses from this case have escalated significantly.

### H. Plaintiffs Improperly Reassert Previously Denied Injunctive Relief

5

Plaintiffs' Opposition renews their request for injunctive relief previously considered and denied by Judge Gotsch. They identify no new facts or law to justify revisiting that decision. Reasserting a denied injunction is improper under the law-of-the-case doctrine. See Arizona v. California, 460 U.S. 605, 618 (1983); Best v. Shell Oil Co., 107 F.3d 544, 546 (7th Cir. 1997). The prior ruling remains binding, and their renewed request should be denied.

I. Conclusion

For all the reasons above and those previously stated, Defendant Cathy Weaver respectfully requests that this Court:

1. Dismiss with prejudice all claims against her individually;

2. Deny Plaintiffs' improper request for injunctive relief; and

3. Grant any other relief the Court deems just and proper.

Respectfully submitted,

Dated: 10/29/2025

Cathy Weaver, Defendant, *Pro Se*

5776 Grape Rd.

Suite 51

PMB# 121

Mishawaka, IN. 46545

Sawcat575@gmail.com



**FROM:**
Cathy Weaver
5776 Grape Rd
STE 51 PMB #121
Mishawaka, IN 46545

**TO:**
U.S. District Court
Robert Grant Federal Courthouse
204 S. Main St.
South Bend IN 46601