**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF INDIANA**

**SOUTH BEND DIVISION**

The Evolutionary Level Above Human Foundation,

       Plaintiff                                                                CASE NO. 3:22-CV-395-DRL-SJF

          v.

Stephen Robert Havel,

Cathy Joann Weaver,

Jason Bartel

       Pro Se Defendants

**DEFENDANT HAVEL'S PRETRIAL STATUS REPORT**

---

**a) Settlement Status**

No settlement has been reached. While Defendant remains open to good-faith discussion, prior efforts have been unproductive. Plaintiffs have not meaningfully participated in prior mediation or discovery cooperation, and Defendant is not aware of any realistic mediation prospects at this stage. Defendant's preference is to move toward trial rather than prolong the process further. Re: Discovery facts

i.      Plaintiffs responded with nearly complete boiler plate objections to both Havel's First and Second Production of Documents.

ii.      Even though the law requires Plaintiff to maintain previous relative documents to this case as evidenced in their Complaint, Havel received the previous Case Files and finally got plaintiffs to agree they were authentic.

iii.     Still since the Judge Breyer Plaintiffs have referred to in this case had been sealed, one key document referred to 8 times in the Consent Decree that provided the details of what to do with much of the Heaven's Gate Intellectual Property in that case, that included giving it to others freely, Plaintiffs refused to provide that document though Judge Gotsch said the court could get it.

iv.     Because Defendant had so much to do in so short a time and had no law experience and lack of understanding that deadlines weren't final deadlines (like having to file motions to compel Discovery, Defendants Admission Requests and Interrogatories 45 days before the deadline were declared by Plaintiffs as "untimely".

v.      Discovery was tolled and Defendants that at first weren't required to work with Plaintiffs (fearing being manipulated) Defendants were ordered to work with Plaintiff's counsel and did and filed a Joint Status Report and Plaintiffs maintained the same boiler plate objections to Havel's Production of Document Requests and Plaintiffs wanted Havel to come up with a Protective order to provide some of the document requests.

vi.     Judge Gotsch retired and over a year passed and in the Hearing that came after Judge Leichty and Judge Frankel took over the case, responded to a few of Havel's production of document requests and ordered Plaintiff to respond to Defendant's Admissions and when Plaintiff's counsel expressed why they hadn't responded to Defendant Havel and co-defendant Weaver's Interrogatories, Plaintiff said because the names Mark King and

Sarah King were included in the title as "parties" when they are the directors of the Telah Foundation, bringing this case, and Judge Frankel supported that position.

vii.  When Havel and Weaver fixed the title of their Interrogatories and filed the corrected version, Judge Frankel ordered Plaintiffs to respond and Plaintiff Denied Responding and Defendants were ordered by Judge Frankel that they could not reply to Plaintiffs response, thus Defendants received no Interrogatories.

viii.  Plaintiffs responses to both Havel's Admissions included blanket denials Havel filed a **Motion to Determine the Sufficiency of Plaintiff's Answers to Requests for Admission (Dtk 220)** in response.

ix.  The Protective Order after objecting to what was proposed as "overbroad" it was approved by the Court and Plaintiffs included a number of documents that were already public that Defendant showed proof of, some from their own filings. In the online database Plaintiffs labeled as the files proposed Defendant had to weigh through 79 documents that had no labels or references to why they were being proposed but later learned included some responses to Defendants Production of Document requests. And there were well over 200 videos also with generic names with no labels or to what Discovery Request they were in response to. Upon Defendants examination some of the video's were entire 2 hour long streams from Havel's own 3spm Youtube channel livestreams that they were gathering as evidence so I couldn't deny doing what they would accuse me of.

x.  Defendant Havel then filed a **MOTION TO CLARIFY AND PRESERVE RECORD CONCERNING DISCOVERY AND AUTHENTICITY ISSUES (240)**.

**b) Likelihood and Scope of Dispositive Motions**

The dispositive-motion deadline of October 31, 2025, has passed. Defendant does not anticipate filing additional dispositive motions.

**c) Need for Oral Argument**

Defendant does want to participate in oral arguments when the Court deems it helpful.

**d) Claims to Be Tried Absent Dispositive Rulings**

If the pending motions do not dispose of the case, Defendant anticipates trial on Plaintiff's copyright and trademark claims and Defendant's Defenses to include Religious Freedom and Freedom of Speech and Affirmative Defenses of fair use, laches/delay, and estoppel, as well as Defendant's counterclaims concerning the validity of copyrights and trademarks and which of the Heaven's Gate group's Intellectual Property they left behind to many in 1997 belongs to who considering they were all about Common Law ownership.

**e) Choice-of-Law Issues**

None anticipated.

**f) Estimated Trial Length**

Plaintiff previously estimated approximately three (3) days for trial. Defendant anticipates that presentation of the full defense case, including counterclaims and affirmative defenses, may require additional time. Defendant estimates five (5) to seven (7) trial days in total but does not

want to prolong it. For instance, should Plaintiff win, would that include determining what exactly would constitute fair use? Also what kinds of images that are like the images Ollody painted that Defendant has been displaying publicly for over a dozen years can be within the law to make into T shirts, etc. to use to earn help with my living expenses.

**g) Unique Trial Issues**

None currently identified.

**h) Experts**

Defendant does not intend to call expert witnesses.

**i) Anticipated Daubert / FRE 702 Motions**

None anticipated by Defendant.

**j) Other Matters for the Court's Awareness**

The discovery period has concluded. Defendant remains concerned that discovery responses from Plaintiff were incomplete and that certain interrogatories and requests were not handled by either the prior magistrate judge or opposing counsel. These discovery issues may become grounds for later appellate review.

Defendant is proceeding pro se and files this report separately pursuant to the Court's allowance. Defendant intends to be fully prepared for trial and to cooperate with the Court's scheduling directives.

Respectfully submitted,

Date: _11-10-2025_

_Stephen Havel_

Stephen R. Havel, Pro Se

5776 Grape Rd., Suite 51 PMB #121

Mishawaka, IN 46545

Email: Sawcat575@gmail.com