UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF INDIANA

SOUTH BEND DIVISION

The Evolutionary Level Above Human Foundation,

    Plaintiff

        v.

Stephen Robert Havel,

Cathy Joann Weaver,

Jason Bartel

    Pro Se Defendants

CASE NO. 3:22-CV-395-DRL-SJF

-FILED-

NOV 12 2025

At _____ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

**DEFENDANT WEAVER'S REPLY TO PLAINTIFF'S OPPOSITION TO WEAVER'S EMERGENCY MOTION TO STRIKE (Dkt. 251)**

1. Regarding Plaintiffs argument in Dkt 252 at I, Plaintiffs are referring to Weaver's address in question, (that needs redacting, as it was ordered by Judge Gotsch in June of 2023), in several places, as an "old address" it is NOT an "Old address" but a current address that Weaver leased a short time after this lawsuit was filed and did so because the lawsuit was filed and she feared having the address where she was served being on some cult person's radar, and that Weaver in part pays for. (Weaver can supply the gas utility bill to prove this fact, if need be).

2. Regarding Plaintiffs argument in Plaintiffs Opposition to Ms. Weaver's Emergency Motion to Strike (Dkt 252) at II that "This document [Weaver's Bankruptcy has been available

1

for public access since October 27, 2022—for over three years. In that time, Ms. Weaver has taken no steps to try to seal or redact this exact information."

This is not true as Weaver filed a motion to strike that same address from the same document Plaintiffs posted as part of their Motion for a Preliminary Injunction. (See **docket entry 01/30/2023    69    MOTION by Defendant Cathy JoAnn Weaver. (kmt) (Entered: 01/31/2023)** and since that title doesn't convey what the Motion was, here is Plaintiffs response that does show what Weaver's Motion was about:

**Docket entry "02/01/2023    70    RESPONSE to Motion re 69 MOTION to Strike filed by The Evolutionary Level Above Human, Inc.. (Crum PHV, Isaac) (Entered: 02/01/2023)"**

Then in Judge Gotsch's ORDER from **Docket "06/16/2023 No. 117 ORDER: Ms. Weaver's reformed motion is GRANTED 69 . The Clerk is DIRECTED to SEAL Plaintiff's Motion and Brief in Support of Preliminary Injunction 66 , 67 . Plaintiff is ORDERED to refile its motion and brief for preliminary injunction with Ms. Weaver's PII redacted."**

In Weaver's initial Emergency Motion to Strike (Dkt. 251) she admits missing seeing Judge Gotsch being quoted correctly and apologizes to the Court for missing that, but that didn't change the fact that Judge Gotsch did Order the Court Clerk and Plaintiff, in **Dkt. 117** to:

"**1. Defendant Cathy Weaver's Motion to Strike [DE 69]**

On January 30, 2023, Ms. Weaver moved to strike her personal address from Plaintiff's Motion and Brief in Support of Preliminary Injunction. As discussed at the status conference,

2

the Court interpreted Ms. Weaver's motion to strike as a motion to redact her personally identifying information ("PII") from these documents. Although Plaintiff previously opposed Ms. Weaver's request [*see* DE 70], Plaintiff represented at the status conference that it no longer objected to Ms. Weaver's motion as so construed. Accordingly, with good cause shown and no objection, Ms. Weaver's reformed motion is **GRANTED**. [DE 69]. The Clerk is **DIRECTED** to **SEAL** Plaintiff's Motion and Brief in Support of Preliminary Injunction [DE 66, DE 67]. Plaintiff is **ORDERED** to refile its motion and brief for preliminary injunction with Ms. Weaver's PII redacted. Plaintiff must refile these documents no later than **June 30, 2023**. The refiled motion and brief will be **DEEMED** filed on January 23, 2023. "

3. **Also in paragraph 2 of Plaintiffs doc 252, Opposition to Weaver's Emergency Motion to Strike, at the bottom of page 2, they write, "…Here, Ms. Weaver has voluntarily filed this exact document with the United States Bankruptcy Court for the Northern District of Indiana. It is available on Pacer for the entire world to download, in this exact form without any redactions as part of Bankruptcy Petition…"**

Next to no one will take the time and energy to search through Weaver's bankruptcy papers, but there are a number of people who do follow this case and so it could be far more likely they could find IIP in these Court filings. That's why it's very, very important to strike that IIP so no one is harmed by not doing so.

Plaintiffs seem to be totally insensitive to the huge controversy surrounding the Heaven's Gate story that does generate some hate from some deranged people. It didn't seem like coincidence that somehow, about a year after Weaver and Havel moved out (that was because Weaver was frightened for herself and for her teenage daughter, after being served with this lawsuit, a large part of the house where Weaver's bedroom was and the adjacent porch were burned up.

4. Paragraph 2 above addresses Plaintiffs Paragraph III by showing the exact quotes from the Docket and from Judge Gotsch's Order to strike, etc. However, additionally, Plaintiff writes "…The Court also did not hold that Rule 5.2(a) included "full addresses". *Id.* And, finally, the Court did not set any orders as to future filings. *Id.* All of that appears to have been fabricated by Ms. Weaver."

Plaintiff is making totally false and malicious statements to suggest anything Weaver filed was a "fabrication". Like said in Paragraph 2 above, Weaver hadn't checked that quote carefully enough as it was constructed from both docket entries and Judge Gotsch's Order. But why not redact the entire address? Who knew Plaintiffs would drum up that Bankruptcy filing and include all 60 pages in their Exhibit 5 for their Summary Motion. Weaver is hardly at all part of this case but Plaintiffs insist on persecuting her. It begins to seem cruel and even malicious to leave that address in this case record.

5. When Weaver inadvertently misquoted Judge Gotsch in her Emergency Motion to Strike (DE 251), Plaintiff emailed Weaver to ask where that quote came from. Plaintiff includes the timing of these communications in DE 52 footnote 1, writing:

4

"¹ After reviewing Ms. Weaver's motion and reading the alleged quotation, undersigned counsel emailed Ms. Weaver (at 1:49 PM MST on November 6, 2025) asking what document the quotation came from, since undersigned could not find the quotation in DE 117. The next day, at around 9:31 AM MST on November 7, 2025, just before Plaintiff filed this opposition, Ms. Weaver responded to Plaintiff's email with a draft "notice of clarification" which she indicated she intends to file with the Court. The notice attributes the fabricated quotation to the use of artificial intelligence."

Defendant submits as Exhibit A - attached – Weaver and Mr. Crum's email communications and as Exhibit B – attached - Weavers Draft Notice of Clarification (that was never filed but shows Weaver's good faith attempt to fix a simple mistake that was not any kind of "fabrication" as Plaintiffs claim.

Plaintiff then completely ignored Weavers Notice of Clarification and filed their Opposition to Weaver's Emergency Motion to Strike and repeatedly referred to the mistake as a "fabrication" when it did contain language used by Judge Gotsch, just in several locations.

6. **Conclusion**

Plaintiffs have shown no valid reasons to Oppose Weavers Emergency Motion to Strike. Perhaps to save Plaintiff's time and expenses, they could either remove Weavers bankruptcy application

5

document entirely from Exhibit 5 of their Motion for Summary Judgement or just replace Exhibit 5 with a redacted version.

Respectfully submitted,

Dated: 11/10/2025

*Cathy Weaver*

Cathy Weaver, Defendant, *Pro Se*

5776 Grape Rd.

Suite 51

PMB# 121

Mishawaka, IN. 46545

Sawcat575@gmail.com