UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| The Evolutionary Level Above Human Foundation d/b/a The Telah Foundation,<br><br>    Plaintiff,<br>  v.<br><br>Stephen Robert Havel,<br>Cathy JoAnn Weaver,<br>Jason Bartel,<br><br>    Defendants. | CASE NO. 3:22-CV-395-DRL-SJF |

**MOTION FOR RULE 11 SANCTIONS AGAINST DEFENDANT BARTEL**

Mr. Bartel must be sanctioned.  Throughout this case's three-year history, Mr. Bartel's sole involvement has been to push the same baseless and already-rejected arguments over-and-over-and-over-and-over.  This is all done despite the fact that they are unsupported by any law or legal analysis.  These baseless arguments are, of course, the arguments that (1) Plaintiff's Officers, Mark and Sarah King need to be joined in this case, and (2) that Plaintiff does not really exist based on a perceived typographical error.  The latest regurgitation of these arguments are in the five motions, listed below, filed by Mr. Bartel that are currently pending with the Court:

    1. Motion for Required Joinder of Parties [DE 228]

    2. Motion for Required Joinder of Parties [DE 235]

    3. Motion for Leave to Amend Counterclaims [DE 229]

    4. Motion for Leave to Amend Counterclaims [DE 236]

    5. Motion for Summary Judgment [DE 227]

And, while Plaintiff believed that this was the *fifth* time that it has had to respond to these arguments (*see* DE 238 at 6), the reality is much worse. Mr. Bartel has actually raised these legally baseless arguments, and Plaintiff has had to respond to these legally baseless arguments, now on **twenty one** different occasions, including the five pending motions as well as the following motions:

1. Motion to Name Mark and Sarah King as Plaintiffs and Counter Defendants [DE 45].

2. Motion to Name Mark and Sarah King as Plaintiffs and Counter Defendants [DE 61].

3. Motion to Add Evidence Regarding the True and Factual 'Known Place of Business' of the Evolutionary Level Above Human, Inc. [DE 101].

4. Motion to Add Evidence Regarding the True and Factual 'Known Place of Business' of the Evolutionary Level Above Human, Inc. [DE 102].

5. Motion to Amend Counterclaim and Name Mark and Sarah King as Plaintiffs and Counter Defendants [DE 105].

6. Motion to Cancel all of the Telah Foundation's 1997 Registered Copyrights and Trademark Registration Number 5148959 [DE 106].

7. Motion to Add Evidence Regarding Plaintiff's Corporate Disclosure Statement [DE 107].

8. Motion to Add Evidence Regarding Plaintiff's Corporate Disclosure Statement [DE 108].

9. Motion to Amend Defendant's Counterclaim and Motion to Name Mark and Sarah King as Plaintiffs and Counter Defendants [DE109].

10. Motion to Cancel all of the Telah Foundation's 1997 Registered Copyrights and Trademark Registration Number 5148959 [DE 110].

11. Motion to Inform the California Superior Court, San Diego County That the Telah Foundation's Settlement Agreement in Case No. PN222228 Was Induced by Fraud Perpetuated by Mark King and Sarah King [DE 114].

12. Motion to Inform the United States District Court, Northern District of California of Mark King and Sarah King's Consent Decrees Induced by Fraud [DE 115].

13. Motion to Amend the Title of Proceedings as a Response to Plaintiff's Redacted Proposed Order For a Preliminary Injunction [DE 124].

14. Motion to Strike Alleged Plaintiff's Amended Corporate Disclosure statement [DE 157].

15. Motion to Strike the Evolutionary Level Above Human Inc.'s Redacted Proposed Order for a Preliminary Injunction [DE 162].

16. Emergency Motion for Required Joinder of Parties [DE 171].

Mr. Bartel's previous filings advancing these baseless arguments even encouraged the Court to *sua sponte* issue an order to show cause as to why Mr. Bartel should not be sanctioned and forced to pay Plaintiff's attorney fees. [DE 193]. Earlier this year, however, this Court benevolently decided not to sanction Mr. Bartel, despite his blatant and repeated meritless motion practice. *See* DE 193, 197, and 205 ("Mr. Bartel's motion practice required the Court to issue multiple warnings and orders, culminating in an order to show cause on February 21, 2024.") Part of this Court's decision in determining not to sanction Mr. Bartel was the fact that "Mr. Bartel has refrained from filing any motions or other documents" since the Court's initial show cause order. [DE 205 at 9]. Rather than

3

acknowledging that he narrowly dodged being sanctioned, Mr. Bartel took this Court's decision as license to resume his abusive pattern of filing repeated, duplicative motions voicing the same baseless arguments. Further, he has doubled down on the "vituperative" and offensive language being used in these baseless motions. All of this is being done by Mr. Bartel despite this Court's clear admonition regarding his past filings:

> [d]espite Rule 11's mandate, Mr. Bartel has filed multiple motions raising duplicative unsupported arguments. Mr. Bartel has done this without even affording the Court time [or] an opportunity to address his arguments before he raises it again. What's more, he has done so with a vituperative tone that accuses Plaintiff of filing a frivolous lawsuit when he himself has raised meritless arguments. His motions amount to no more than nitpicking any perceived error made by Plaintiff to claim that it warrants striking or sanctions. . .

DE 193 at 12–13.

Mr. Bartel's resumption of filing motions that re-raising nonsensical and wholly unsupported arguments that Mark and Sarah King should be joined and that Plaintiff does not exist, must be sanctioned. Plaintiff has spent over $20,000 responding to these baseless motions and this abusive litigation behavior cannot continue to be tolerated by the Court. Plaintiff, thus, respectfully requests that Mr. Bartel be sanctioned pursuant to Rule 11 or 28 U.S.C. § 1927[1] and requests an award of approximately $20,000 in attorneys' fees for responding to this nonsensical argument and whatever other relief the Court deems

---

[1] Rule 11(c)(2), provides that a "motion for sanctions must be made separately from any other motion...." But Courts have held that this does not prohibit a Rule 11 motion for sanctions to include a request for sanctions under 285 U.S.C. § 1927. *Ridder v. City of Springfield,* 109 F.3d 288, 294 (6th Cir.1997) (holding that motion for sanctions under Rule 11, 42 U.S.C. § 1988, and 28 U.S.C. § 1927 did not violate separateness requirement); *see also Rodriguez v. Parsons Infrastructure & Tech. Grp., Inc.*, No. 2:08-CV-0273-JMS-WGH, 2010 WL 4175044, at *3 (S.D. Ind. Oct. 19, 2010). As the Court in *Ridder* noted, the Advisory Committee Notes to Rule 11 indicate that the separateness requirement is intended "to highlight the sanctions request by preventing it from being tacked onto or buried in motions on the merits ...." Because the instant motion is not also one on the merits, the separateness requirement is satisfied. To the extent this Court disagrees, Plaintiff withdraws its request for sanctions under 28 U.S.C. § 1927 and only proceeds under Rule 11.

appropriate. Should this motion be granted, Plaintiff is prepared to submit an affidavit of attorneys' fees at whatever time the Court deisres.

I.  **LEGAL STANDARD**

   A.  **Sanctions Under Rule 11**

Rule 11 requires that an attorney or party, certify to the best of his "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that any pleading presented to the court is not presented for an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and that the claims and legal contentions "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed.R.Civ.P. 11(b). "[A] frivolous argument is simply one that is 'baseless or made without a reasonable and competent inquiry.'" *Berwick Grain Co. v. Ill. Dep't of Agric.*, 217 F.3d 502, 504 (7th Cir.2000) (quoting *Independent Lift Truck Builders Union v. NACCO Materials Handling Grp., Inc.*, 202 F.3d 965, 969 (7th Cir.2000)).

Under Rule 11(c), a district court may impose sanctions on a party, his counsel, or both for violating Rule 11(b). Fed.R.Civ.P. 11(c). It is undisputed that Rule 11 applies to pro se litigants as well as attorneys. *Wright v. Tackett*, 39 F.3d 155, 158 (7th Cir. 1994). The court undertakes an "objective inquiry into whether the party or his counsel should have known that his position is groundless." *Cuna Mut. Ins. Soc. v. Office and Prof'l Emps. Int'l Union*, 443 F.3d 556, 560 (7th Cir.2006). The inquiry under Rule 11 is objective; there is no need to find that the plaintiff acted in bad faith. *Nat'l Wrecking Co. v. Int'l Broth. of Teamsters, Local 731*, 990 F.2d 957, 963 (7th Cir.1993). The Notes of the Advisory Committee for Rule 11 suggest that in deciding whether Rule 11 has been violated with respect to arguments for extension, modifications, or reversals of existing law or for creation of new law, the court should take into consideration the extent to which plaintiff found some support for his theory, even if only in minority opinions.

### B. Sanctions Under Section 1927

Section 1927 provides that a person "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Carr v. Tillery*, 591 F.3d 909, 919 (7th Cir.2010). The purpose of § 1927 is to deter frivolous litigation and abusive practices and to ensure that those who create unnecessary costs also bear them. *Riddle & Assocs., P.C. v. Kelly*, 414 F.3d 832, 835 (7th Cir.2005). An award under § 1927 is compensatory, not punitive. *Shales v. General Chauffeurs, Sales Drivers & Helpers Local Union No. 330*, 557 F.3d 746, 749 (7th Cir.2009).

Bad faith is required for a § 1927 award, but there is a distinction between subjective and objective bad faith. *Dal Pozzo v. Basic Mach. Co.*, 463 F.3d 609, 614 (7th Cir.2006). Subjective bad faith, which is more difficult to prove, is not always necessary and "must be shown only if the conduct under consideration had an objectively colorable basis." *Id*. Objective bad faith does not require a finding of malice of ill will; instead, reckless indifference to the law will qualify. *Id*. The Court has discretion to impose § 1927 sanctions when an attorney has acted in an objectively unreasonable manner by pursuing a claim that is without a plausible legal or factual basis. *Jolly Group, Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir.2006). Additionally, § 1927 imposes "a continuing duty upon attorneys to dismiss claims that are no longer viable." *Id*.

There is a circuit split regarding whether § 1927 sanctions may be applied against *pro se* litigants, and that the Seventh Circuit has declined to resolve the issue. *See Sassower v. Field*, 973 F.2d 75 (2d Cir. 1992); *Wages v. Internal Revenue Serv.*, 915 F.2d 1230, 1235-36 (9th Cir. 1990); *Alexander v. United States*, 121 F.3d 312, 316 (7th Cir. 1997)).

## II. ARGUMENT

### A. Sanctions Under Rule 11

Over the past two weeks, Mr. Bartel has filed *two* motions for joinder [DE 228 and 235] and *two* motions to amend his counterclaim [DE 229 and 236] and a motion for

6

summary judgment [DE 227], raising the exact same arguments raised by Mr. Bartel in **sixteen other Motions**. Not only that, but those same arguments have been denied by this Court in written orders—not once—but twice already by this Court. [DE 193 at 11; *see also* DE 112]. Not only that, in this Court's last Order denying these arguments, this court ***sua sponte*** informed Mr. Bartel it believed his continued filings regarding these arguments were violations of Rule 11. [DE 193]. Not only that, but this Court informed Mr. Bartel that the timing and volume of his motions violated Rule 11. [DE 205 at 8–9]. Mr. Bartel only escaped punishment because this Court found that it could not sanction him with Plaintiff's attorneys' fees where the issue of sanctions was raised *sua sponte*. [DE 205].

Yet, here we are again, with five new filings for the Court and Plaintiff to deal with. All five of which continue to argue, without any supporting case law or recognition of this Court's previous orders, baseless arguments that Plaintiff's directors need to be joined in this case and that the Plaintiff entity does not exist. The same arguments this Court already considered and rejected:

> Having discussed the various issues raised in Mr. Bartel's motions, the Court is left to address Mr. Bartel's Emergency Motion for Required Joinder of Parties filed on October 17, 2023. Through this motion, Mr. Bartel initially rehashes his arguments regarding Plaintiff's corporate disclosure statements and contends that, because Plaintiff is not a "legal entity with the capacity to sue" in this case, Mr. Bartel is unable to serve discovery requests or file counterclaims. Accordingly, Mr. Bartel asks that the Court join Plaintiff's corporate directors, Mark King and Sarah King ("the Kings") under Fed. R. Civ. P. 19 so that he can serve them with his discovery requests and counterclaims.
>
> Like his prior motions, he makes these assertions without citation to legal authority. Mr. Bartel's initial arguments—that Plaintiff is not a legal entity or that Plaintiff does not have capacity to file suit—have already been addressed by the Court's analysis ruling on his other motions raising these issues. Had Mr. Bartel demonstrated some patience, the Court would have been able to address these preliminary arguments without Mr. Bartel having to raise them again in his emergency motion.

> Like his other assertions that have been addressed above, Mr. Bartel fails to provide any analysis or legal authority under Federal Rule of Civil Procedure 19 to support his argument that the Kings must be joined as parties. This Court has already addressed—and denied—his prior request to add the Kings in its order entered on July 17, 2023. With no basis in law and no legal authority to support this duplicative motion, the Court must again deny it.

[DE 193 at 10–11.]

As with the previous motions on this topic, Mr. Bartel again presents to the Court direct evidence that his arguments make no sense. In "support" of Mr. Bartel's Motions, which essentially argues that "The Evolutionary Level Above Human Foundation" does not exist, he has submitted a certified copy of the 2025 Annual Report from the Arizona Corporation Commission proving that it has existed, as a "Domestic [Arizona] Nonprofit Corporation" since 1997:

```
2025 ANNUAL REPORT

ENTITY INFORMATION

ENTITY NAME:            THE EVOLUTIONARY LEVEL ABOVE HUMAN FOUNDATION
ENTITY ID:              08194851
ENTITY TYPE:            Domestic Nonprofit Corporation
CHARACTER OF BUSINESS:  Other - Other - Other - RELIGIOUS
AUTHORIZED SHARES:
ISSUED SHARES:

STATUTORY AGENT INFORMATION

STATUTORY AGENT NAME:   Isaac S Crum
PHYSICAL ADDRESS:       c/o Messner Reeves, LLP 7250 N 16th Street Suite 410,
                        PHOENIX, AZ 85020
MAILING ADDRESS:        7250 N. 16th Street , Suite 410, PHOENIX, AZ 85020

KNOWN PLACE OF BUSINESS

Att: Isaac S. Crum, 7250 N. 16th Street, Suite 410, PHOENIX, AZ 85020

PRINCIPAL OFFICE ADDRESS


PRINCIPAL INFORMATION

Director: MARK KING - P.O. BOX 25098, SCOTTSDALE, AZ, 85255, USA - - Date of Taking Office: 09/23/1997
Director: SARAH KING - P.O. BOX 25098, SCOTTSDALE, AZ, 85255, USA - - Date of Taking Office: 09/23/1997
President/CEO: MARK KING - P.O. BOX 25098, SCOTTSDALE, AZ, 85255, USA - - Date of Taking Office: 09/23/1997
Secretary: SARAH KING - P.O. BOX 25098, SCOTTSDALE, AZ, 85255, USA - - Date of Taking Office: 09/23/1997

SIGNATURE

President/CEO: Mark King - 03/24/2025
```

[DE 232.]

To make matters worse, Mr. Bartel's latest baseless motions adopt the same "vituperative" tone as his previous filings. Repeatedly, and baselessly, stating that Plaintiff, Plaintiff's Officers, and Plaintiff's Counsel are engaged in "fraud." *See e.g.,* DE 228 and 235 at 3 ("Mark King used his future, and therefore non-existent, position as CEO/President of The Evolutionary Level Above Human Foundation, Inc. to fraudulently register"); 4 ("Mr. King used his present position as CEO/President of The Evolutionary Level Above Human Foundation, Inc. to fraudulently register the intellectual property"); 6 ("the consent decree in the Right To Know case was induced through fraud."); 7–8 ("Mark

9

King and Sarah King have perpetrated fraud on the California Superior Court, County of San Diego, the U.S. Copyright Office, the U.S. Patent and Trademark Office, the U.S. District Court, Northern District of California and now the U.S. District Court, Northern District of Indiana."); 8 ("Mr. and Mrs. King in the King's numerous attempts to fraudulently claim ownership of the intellectual property").

Indeed, Mr. Bartel, without concern for the lives of the individuals, their professional reputation, or the entities that he is slandering, spends most of his Motion for Joinder as simply an attack vehicle to launch outrageous accusations at Plaintiff, Plaintiff's Officers, and Plaintiff's Counsel:

> The Evolutionary Level Above Human Foundation, are all products of the machinations of Mark King, Sarah King and the unethical and unscrupulous Attorneys Mr. and Mrs. King have hired to defraud the Court system, the U.S. Copyright Office and the U.S. Patent and Trademark Office.
>
> * * *
>
> Mark King and Sarah King used the King's positions at The Evolutionary Level Above Human Foundation, Inc. to hire Plaintiff's Attorney Isaac S. Crum to aid Mr. and Mrs. King in filing a lawsuit against Defendants that is wholly based on fraudulent claims, including the name of the Plaintiff as Defendant has demonstrated in Defendant's Motion For Summary Judgment.
>
> * * *
>
> This is clear evidence that Isaac S. Crum, Plaintiff's Attorney and the Statutory Agent for The Evolutionary Level Above Human Foundation, Inc. aided and abetted Mark King and Sarah King, the sole two Officers and Directors of the Evolutionary Level Above Human Foundation, Inc., in a fraudulent scheme to obscure the identity of Plaintiff from this Court and Defendants.

Id. at 6.

This hyperbolic nonsense—apparently based on the typographical omission of

"Foundation" and inclusion of "inc." in the initial Complaint[2]—was the exact reason on February 21, 2024 [DE 193 at 13–14] this Court *sua sponte* issued an Order to Show Cause why Mr. Bartel should not be sanctioned. Mr. Bartel's current filings suffer from all of the same deficiencies this Court pointed out when it denied the motions previously. Mr. Bartel continues to fail to cite a single case that supports his argument that Plaintiff does not exist and Mr. Bartel's Motion does nothing more than re-submit documentation proving that Plaintiff *does* in fact exist.

Plaintiff's counsel is simply at a loss at how to respond at this point, having to have spent significant time and resources responding to Mr. Bartel's *twenty-first*[3] (!) time raising these arguments in Plaintiff's Response to Mr. Bartel's Motion for Summary Judgment [DE 227]. It would be one thing if Mr. Bartel read this Court's Order [DE 193 at 12–13] stating that he was guilty of "fil[ing] multiple motions raising duplicative, unsupported arguments," and then found some legal support for his arguments. He chose not to do that. Rather than find a case to show this court his arguments are not "unsupported," as this Court already held, Mr. Bartel, has just filed the same unsupported nonsense. There is not a single authority that has held that a typo in a the name of a party in a complaint means that the entire case needs to be dismissed, as Mr. Bartel argues. There is not a single authority that has held that the omission of "inc." in a corporate name means that the entity has to be an unincorporated entity, as Mr. Bartel argues. There is not a single authority

---

[2] Interestingly, the Arizona statutory framework for for-profit corporate entities and non-profit entities diverges on this point. Arizona Revised Statutes §10-401(A), which applies to **for-profit** corporations, requires that the corporate name, "[s]hall contain the word "association", "bank", "company", "corporation", "limited" or "incorporated" or an abbreviation of one of these words or words or abbreviations of like import in another language." A.R.S. § 10-401(A). This is contrasted with Arizona Revised Statutes § 10-3401, dealing with **non-profits**, which has no such requirement and only requires that the corporate name be distinguishable and not misleading as to its purpose. A.R.S. § 10-3401(A).

[3] Plaintiff's Response to Mr. Bartel's Motions for Joinder and to Amend its Counterclaims [DE 238] incorrectly stated that this was only the fifth time Plaintiff has had to respond to these baseless claims.

that has held that the officers of an entity need to be joined if there is no "inc." in the corporate name, as Mr. Bartel argues.

Mr. Bartel is on notice that all of his arguments are "unsupported", Mr. Bartel had an obligation to research *some* case law to support these claims before re-raising them. He chose not to.[4] Instead, this Court and Plaintiff are forced to deal with the same unsupported arguments being regurgitated over twenty times.

This Court's previous rulings regarding this conduct's violation of Rule 11 are even more underscored now. Based on this Court's previous holding that Mr. Bartel's Motion practice violated Rule 11 [DE 203 at 8–9] combined with the fact that this Court has already told informed Mr. Bartel that he cannot simply make up arguments that have no legal basis [DE 193] and Mr. Bartel's decision to file these same unsupported motions, sanctions under Rule 11 are clearly warranted.

### B. <u>Sanctions Under 28 U.S.C. § 1927</u>

The same conduct described above warrants the imposition of sanctions under Section 1927. The very purpose of 28 U.S.C. § 1927 is to deter frivolous litigation and abusive practices, and to ensure that those who create unnecessary costs also bear them. *Riddle & Assocs., P.C. v. Kelly*, 414 F.3d 832, 835 (7th Cir.2005). That is what is described by the text of Section 1927:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

---

[4] Likely because Mr. Bartel actually KNOWS that his arguments are legally unsupported. He admitted in his filing that the law was the exact opposite: "[t]he misnomer of a corporation generally will not be treated by the Courts as material if the identity of the corporation is reasonably clear or can be ascertained by sufficient evidence." DE 124 (citing 19 Am Jur. 2d Corps. § 1907.)

28 U.S.C. § 1927.

Here, there can be no question that Mr. Bartel has engaged in frivolous litigation tactics and has multiplied the proceedings unreasonably—continuing to maintain the same arguments, without any legal support, after being told repeatedly that there is no basis for joining Mark and Sarah King and that his arguments about Plaintiff's name have no legal support. [DE 193 at 12–13.]

The bad faith requirement is also met here because it must *objectively* be stated that this Court's Order [DE 193] which *sua sponte* raised the specter of Rule 11 sanctions, put Mr. Bartel clearly on notice that he was engaging in sanctionable activity. This Court was further clear that the "Mr. Bartel [was] fil[ing] multiple motions raising duplicative, unsupported arguments", "[d]espite Rule 11's mandate." [DE 193]. This activity shows, at a bare minimum, reckless indifference to the law, and more likely a brazen disrespect for this Court and its rulings and a disrespect for this Court's and Plaintiff's time. Despite being told his arguments were unsupported and nothing more than "nitpicking", Mr. Bartel has continued to act in an objectively unreasonable manner by filing five new motions related to this same arguments which simply have no legal or factual basis. *Jolly Group, Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir.2006).

While Plaintiff understands that there is a circuit split regarding whether Section 1927 sanctions may be applied against *pro se* litigants, and that the Seventh Circuit has declined to resolve the issue, should this Court not sanction Mr. Bartel pursuant to Rule 11, Plaintiff respectfully requests that the Court sanction Mr. Bartel pursuant to Section 1927 since, by choosing to represent himself in this matter, he is clearly an "other person" sanctionable under the statute.

### III.     CONCLUSION

For the reasons stated above, Plaintiff requests this Court granting Plaintiff's Motion for Sanctions and for Attorneys' Fees and Order Plaintiff to File an Affidavit of Fees

documenting the fees incurred in responding to Mr. Bartel's 21 unsupported and baseless motions.

Respectfully submitted, November 13, 2025.

**MESSNER REEVES, LLP**

By: /s/ Isaac S. Crum
MESSNER REEVES LLP
Isaac S. Crum
(Pro Hac Vice)
icrum@messner.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the filing to the parties listed below. A copy of this filing will also be sent via U.S. mail and email.

Cathy Weaver
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

Jason Bartel
N4051 26th Lane
Redgranite, WI 54970-7087
jason_bartel@unioncab.com

Steven Robert Havel
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

By: /s/ *Isaac S. Crum*

I hereby certify that on October 20, 2025, a copy of this document was served via mail and email on the following:

Jason Bartel
N4051 26th Lane
Redgranite, WI 54970-7087
jason_bartel@unioncab.com

By: /s/ *Isaac S. Crum*