# PRIORITY®
## ★ MAIL ★

 **DATE OF DELIVERY SPECIFIED\***

 **USPS TRACKING™ INCLUDED\***

 **INSURANCE INCLUDED\***

 **PICKUP AVAILABLE**

**\* Domestic only**

**WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.**

This envelope is made from post-consumer waste. Please recycle - again.

**FROM:** Jason Bartel
N4051 26th LN.
Redgranite, WI 54970

U.S. District Court



UNITED STATES POSTAL SERVICE.

**P**

**PRIORITY MAIL®**

**Retail**

**US POSTAGE PAID**
**$11.90**

Origin: 54970
11/14/25
5669400951-6

EXPECTED DELIVERY DAY: 11/17/25

0 Lb 5.90 Oz

RDC 03

C005

SHIP
TO:
RM 102
204 S MAIN ST
SOUTH BEND IN 46601-2119

USPS TRACKING® #

9505 5100 0186 5318 2207 19




This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013; All rights reserved.

**VISIT US AT USPS.COM®** 

 **UNITED STATES POSTAL SERVICE**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

THE EVOLUTIONARY LEVEL ABOVE
HUMAN FOUNDATION, INC.

     Plaintiff,

     v,

STEVEN ROBERT HAVEL, et al.,

     Defendants

**-FILED-**

**NOV 17 2025**

At _____ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

CASE NO. 3:22-CV-395-DRL-SJF

## DEFENDANT'S MOTION FOR EXTENSION OF TIME

     Defendant Bartel hereby moves the Court for an extension of time in regards to

Defendant's Replies to Plaintiff's Opposition to Defendant's Motion For Summary Judgment [DE

243] and Plaintiff's Response to Defendant's Statements of Material Facts in Defendant's Motion

For Summary Judgment. [DE 243-1].

**DEFENDANT MADE A GOOD FAITH EFFORT TO TIMELY MAIL THE REPLIES IN ORDER THAT THEY ARRIVE TO THE COURT BEFORE THE 14 DAY DEADLINE**

On Monday, November 10 at 8:45 a.m. Defendant mailed Defendant's Replies to the Court from a local post office. A Priority mailing to the Court from Wisconsin has rarely if ever taken more than 2-3 days previously. However, Defendant's mailing did not leave the local post office for nearly twenty-four hours after Defendant dropped it off in the morning on Monday, November 10 as per the USPS tracking record included as Exhibit A. As of today, Friday, November 14, 2025 Defendant's mailing to the Court has sat in a USPS facility in Indianapolis for close to another twenty-four hours and is not supposed to arrive at the Court until 9:00 p.m. today, November 14, 2025.

Defendant lives in a rural area with the nearest FedEx Office a forty five minute drive away. Defendant is dependent on what appears to be an increasingly unreliable postal service for mailings to and from the Court. Defendant expects an opposition from Plaintiff to this Motion as Plaintiff has been opposed to almost all of Defendant's recent Court filings. Plaintiff has the luxury of filing electronically allowing instant filing while Defendant does not.

Respectfully submitted    11/14/2025

Jason Bartel
N4051 26th LN.
Redgranite, WI 54970

2

# EXHIBIT A

# USPS Tracking®

FAQs ›

**Remove ✕**

Tracking Number:

## 95055100206153314687161

Copy        **Add to Informed Delivery**
**(https://informeddelivery.usps.com/)**

## Expected Delivery on

## FRIDAY

## 14 November 2025 ⓘ

by
## 9:00pm ⓘ

Your item arrived at our USPS facility in INDIANAPOLIS, IN 46219 on November 13, 2025 at 9:36 am. The item is currently in transit to the destination.

---

**Get More Out of USPS Tracking:**

**USPS Tracking Plus®**

Feedback

**Delivered**

**Out for Delivery**

**Preparing for Delivery**

## Moving Through Network
**Arrived at USPS Facility**

INDIANAPOLIS, IN 46219
November 13, 2025, 9:36 am

**In Transit to Next Facility**
November 13, 2025, 7:15 am

USDC IN/ND case 3:22-cv-00395-DRL-SJF      document 260-1      filed 11/17/25      page 6 of 28

**Departed USPS Regional Facility**

OAK CREEK WI DISTRIBUTION CENTER
November 13, 2025, 3:15 am

**Arrived at USPS Regional Origin Facility**

OAK CREEK WI DISTRIBUTION CENTER
November 12, 2025, 12:27 pm

**Arrived at USPS Regional Facility**

OSHKOSH WI DISTRIBUTION CENTER
November 11, 2025, 9:11 am

**Departed USPS Facility**

WAUTOMA, WI 54982
November 11, 2025, 6:16 am

**USPS in possession of item**

WAUTOMA, WI 54982
November 10, 2025, 8:44 am

**Hide Tracking History**

What Do USPS Tracking Statuses Mean? (https://faq.usps.com/s/article/Where-is-my-package)

| Text & Email Updates | ⌄ |
| --- | --- |

| Delivery Instructions | ⌄ |
| --- | --- |

| USPS Tracking Plus® | ⌄ |
| --- | --- |

| Product Information | ⌄ |
| --- | --- |

Feedback

**See Less ⌃**

Track Another Package

Enter tracking or barcode numbers

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

-FILED-

NOV 17 2025

At _____ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

THE EVOLUTIONARY LEVEL ABOVE
HUMAN FOUNDATION, INC.

Plaintiff,

v,

STEVEN ROBERT HAVEL, et al.,

Defendants

CASE NO. 3:22-CV-395-DRL-SJF

## DEFENDANT BARTEL'S RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendant Bartel hereby responds to Plaintiff The Evolutionary Level Above Human Foundation Inc.'s Statement of Material Facts.[DE 246]. Defendant will provide enumerated answers to Plaintiff's numbered statements of materials facts from docket entry 246.

**DEFENDANT BARTEL'S ENUMERATED RESPONSES TO PLAINTIFF'S**

**NUMBERED STATEMENTS OF MATERIAL FACTS.[DE 246].**

**1.** The Heaven's Gate Group ended on or before March 26, 1997 with the suicide of all of the thirty-nine members of the Group.

**2.** From 1982 to 1997 the Group created over one thousand audio tapes. In 1991/92 The Group created the Beyond Human Series of video tapes . In 1996 the Group created two videos, Last Chance To Evacuate Earth Before It Is Recycled and Planet About To Be Recycled. In 1996 the Group created the literary work How and When Heaven's Gate may Be Entered. At an unknown time to Defendant a member of the Group created the 'C.B.E' visual work.

**3.** The Heaven's Gate Group did not register any trademarks. The Heaven's Gate Group created the intellectual property that Plaintiff registered for trademarks in 2009 and 2010. [DE 1, Exhibits C & D]. The Heaven's Gate Group created the intellectual property that was registered for a trademark by The Telah Foundation, an alleged 'Arizona Corporation'.[DE 1, Exhibit E].

**4.** Plaintiff is The Evolutionary Level Above Human Foundation, Inc., not the alleged corporation The Telah Foundation that was a petitioner in the Probate case in the Superior Court of California, Case No. PN022228. Plaintiff did not acquire any intellectual property rights in the Probate case in the California Superior Court as Plaintiff is not the Telah Foundation, Inc. or TELAH FOUNDATION, Plaintiff is The Evolutionary Level Above Human Foundation, Inc.

**5.** Plaintiff The Evolutionary Level Above Human Foundation, Inc. does not own the copyright registration certificates in Plaintiff's Exhibits A, B, F & G. The copyright claimant

2

in Plaintiff's Exhibits A, B, F & G is the d/b/a name for Plaintiff, The Telah Foundation, and not

Plaintiff The Evolutionary Level Above Human Foundation, Inc.  It is a matter of law and the

policy of the U.S. Copyright Office that a d/b/a name is not a legal entity that may be a copyright

claimant.  Furthermore, Plaintiff's Exhibits B, F & G were signed by alleged President of The

Telah Foundation Mark King on 9/12/97, eleven days before Plaintiff The Evolutionary Level

Above Human was incorporated in the state of Arizona.[DE 227, Exhibit A]

      **6.**  Plaintiff's statement of material fact number 6 is the statement of material fact

number 4 and therefore does not require a second, repeated response.

      **7.**  Mark King signed the copyright registrations in Plaintiff's Exhibits A, B, F & G

as 'President' of 'The Telah Foundation', not as President of Plaintiff The Evolutionary Level

Above Human Foundation, Inc. Mark King signed the copyright registration certificates in

Plaintiff's Exhibits B, F & G on 9/12/97, eleven days before Plaintiff The Evolutionary Level

Above Human Foundation was incorporated in the state of Arizona.{DE 227, Exhibit A].

      **8.** Plaintiff The Evolutionary Level Above Human Foundation, Inc. owns the trademark

registrations in Plaintiff's Exhibits C & D since the trademarks were registered in 2009 and 2010.

Plaintiff does not own any other intellectual property created by the Group. Due to the fact that

Plaintiff registered the trademarks in Plaintiff's Exhibits C & D in 2009 and 2010 which

was over twelve years after the Group's acknowledged end, Defendant questions

the circumstances under which Plaintiff acquired the trademark registrations in Plaintiff's

Exhibits C & D.

      **9.** Plaintiff The Evolutionary Level Above Human Foundation, Inc. does not own

any of the intellectual property created by the Group that was sold and conveyed to TELAH

FOUNDATION by and through Mark King and Sarah King in the Settlement Agreement in the Probate case in the California Superior Court.[DE 63-1, page 17, 20].

10. The 39 members of Heaven's Gate passed away on or before March 26, 1997

11. The masters for the videos tapes Do's Final Exit and Students Of Heaven's Gate Expressing Their Thoughts Before Exit were sent to Chuck Humphrey and not to Mark and Sarah King. Defendant has no way to verify if other 'master copies' of works 'that had been created for Heaven's Gate' were conveyed to Mark and Sarah King.

Defendant can verify that Chuck Humphrey and Wayne Parker retrieved 486 audio cassettes created by the Group from a storage locker in San Diego County. Defendant can verify that Mark King and Sarah King did not retrieve any of the Group's property from said storage locker. Defendant can verify that in 1997 Chuck Humphrey gave Mark King over two hundred audio cassettes created by the Group that Mr. Humphrey had retrieved from the storage locker in San Diego County. Defendant can verify that Chuck Humphrey made Mark King promise Mr. Humphrey that the Group's audio tapes were being given to Mark King on the condition that they be made available to anyone who wanted to hear them. Defendant can verify that the 486 audio cassettes in the copyright registration in Plaintiff's Exhibit A are the same audio cassettes retrieved from the storage locker in San Diego by Chuck Humphrey and Wayne Parker.

12. Don Billings was the Special Administrator of the estates of the 39 deceased members of the Group.

13. Plaintiff did not file a creditor's claim with San Diego County for the Probate case in the California Court, Case No. PN022228. Mark KIng signed the creditor's claim in the

4

Probate case as alleged President of The Telah Foundation on September 19, 1997.[DE 227, Exhibit G]. The creditor's claim signed by Mark King alleged that The Telah Foundation is a 'corporation'. This Court has never recognized Plaintiff's d/b/a name of The Telah Foundation as a Plaintiff in this case. Plaintiff has provided no proof that The Telah Foundation is a corporation.

14. Petitioners Mark King, Sarah King and The Telah Foundation lost the Statement of Decision in the Probate case in the California Court. [DE 63-1, page 9]. Petitioners were ruled to have no rights to the intellectual property in seven September and October of 1997 copyright registrations submitted by petitioners in the name of The Telah Foundation.[DE 63-1, page 7].

15. Petitioner The Telah Foundation appealed the Statement of Decision in the Probate case in the Superior Court of California.[DE 63-1, page 16, paragraph 6].

16. The Settlement Agreement in the Probate case in the California Court sold and conveyed to TELAH FOUNDATION by and through Mark King and Sarah King the Group's property that the Public Administrator had held from April 24, 1997 until the Settlement Agreement was finalized on August 11, 1999.[DE 63-1, page 16, 24]. Plaintiff The Evolutionary Level Above Human Foundation, Inc. was not a petitioner in the Probate case and therefore Plaintiff was not sold and conveyed any of the Group's property in the Settlement Agreement in the Probate case in the California Superior Court.

17. Again, Plaintiff was not a petitioner in the Probate case in the California Superior Court.

18. The Settlement Agreement sold and conveyed some of the Group's property to TELAH FOUNDATION by and through Mark King and Sarah King and not to Plaintiff The Evolutionary Level Above Human Foundation, Inc.[DE 63-1, page 17, 20].

5

**19.** The Settlement Agreement was with a non-existent corporation, The Telah Foundation, as Defendant has demonstrated numerous times in Defendant's Motion For Summary Judgment.[DE 227].

**20.** The consent decree in the U.S. District Court for the Northern District of California, Case No 3:98-cv-00892, was induced through fraud. On the page where Plaintiff's Attorneys signed to represent the Plaintiffs, the Attorneys signed to represent a non-existent corporation, The Evolutionary Level Above Heaven Foundation, Inc.[DE 79-1, page 13].

Furthermore, Case No 3:98-cv-00892 was filed on March 6, 1998 while the Probate case regarding the estates of the deceased members of the Group was ongoing.[DE 79-1, page 2]. The California Superior Court for the County of San Diego had jurisdiction over the estates of the deceased members of the Group.[DE 63-1, page 4, lines 8-10, page 9, lines 12-13]. The U.S. District Court for the Northern District of California did not have the jurisdictional authority to convey exclusive rights for ownership of the Group's property that was part of an ongoing Probate dispute in the California Superior Court. The California Court did not sell and convey any of the Group's property to TELAH FOUNDATION until August 11, 1999, after the July 1999 consent decree allegedly conveyed exclusive rights to the Group's property to The Evolutionary Level Above Human Foundation, Inc. in Case No 3:98-cv-00892.[DE 79-1, pages 124-126].

**21.** Plaintiff The Evolutionary Level Above Human Foundation, Inc. owns the trademark registrations in Plaintiff's Exhibits C & D. Plaintiff The Evolutionary Level Above Human Foundation registered a copyright in July of 2023 for audio cassettes that were sold and conveyed to TELAH FOUNDATION in the August of 1999 Settlement Agreement.[Exhibit 1]. Defendant contends that Plaintiff does not own the intellectual property registered for copyright in

Defendant's Exhibit 1 as it was sold and conveyed to TELAH FOUNDATION and not to Plaintiff.

The copyright claimant in Exhibit 1 is The Evolutionary Level Above Human Foundation d/b/a

The Telah Foundation. The 'certification' for Exhibit 1 is listed as 'Mark King'. Unlike Plaintiff's

Exhibits A, B, F & G Defendant's Exhibit 1 identifies The Telah Foundation as a d/b/a name for

the copyright claimant and not as the copyright claimant. Mark King certified Exhibit 1 with

The Evolutionary Level Above Human Foundation d/b/a The Telah Foundation as the copyright

claimant and yet the same Mark King signed Plaintiff's Exhibits A, B, F & G as 'President' of

TheTelah Foundation. Plaintiff The Evolutionary Level Above Human Foundation does not own

any of the seven September and October of 1997 copyright registration certificates registered to

The Telah Foundation including Plaintiff's Exhibits A, B, F & G.[DE 63-1, page 7].

22. Does not pertain to Defendant Bartel

23. Does not pertain to Defendant.

24. Does not pertain to Defendant.

25. Does not pertain to Defendant.

26. Does not pertain to Defendant.

27. Does not pertain to Defendant.

28. Does not pertain to Defendant.

29. Does not pertain to Defendant.

30. Does not pertain to Defendant.

31. Does not pertain to Defendant.

32. Does not pertain to Defendant.

33. Defendant has conclusively proven that Plaintiff The Evolutionary Level Above

Human Foundation, Inc. does not own the copyright registration in Plaintiff's Exhibit A that is registered to The Telah Foundation.[DE 227, page 22, paragraph 10]. Therefore, Defendants' activities involving the audio tapes created by the Group have nothing to do with Plaintiff. Most of Plaintiff's remaining statements of material facts are irrelevant to this case.

**34.** Defendant has proven that Plaintiff does not own the intellectual property in Plaintiff's Exhibit A.

**35.** Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

**36.** Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

**37.** Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

**38.** Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

**39.** Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

**40.** Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

**41.** Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

**42.** Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

**43.** Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

**44.** Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

**45.** Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

**46.** Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

**47.** Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

**48.** Does not pertain to Defendant Bartel.

**49.** Does not pertain to Defendant.

**50.** Does not pertain to Defendant.

**51.** Does not pertain to Defendant.

**52.** Does not pertain to Defendant.

**53.** Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

**54.** Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

**55.** Does not pertain to Defendant.

**56.** Does not pertain to Defendant.

**57.** Does not pertain to Defendant.

**58.** Does not pertain to Defendant.

**59.** Does not pertain to Defendant.

**60.** Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

**61.** Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

**62.** Does not pertain to Defendant.

**63.** Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

**64.** Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

**65.** Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

**66.** Does not pertain to Defendant.

**67.** Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

**68.** Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

**69.** Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

**70.** Does not pertain to Defendant.

**71.** Does not pertain to Defendant.

**72.** Does not pertain to Defendant.

**73.** Does not pertain to Defendant.

**74.** Does not pertain to Defendant.

**75.** Plaintiff does not own the Final Exit Video. Do's Final Exit video is registered to the d/b/a name The Telah Foundation and not to Plaintiff The Evolutionary Level Above Human Foundation.

**76.** Does not pertain to Defendant.

**77.** Does not pertain to Defendant.

**78.** Does not pertain to Defendant.

**79.** Does not pertain to Defendant.

**80.** Does not pertain to Defendant.

**81.** Does not pertain to Defendant.

**82.** Plaintiff does not own the Beyond Human Videos. The Beyond Human videos are registered to the d/b/a name The Telah Foundation and not to Plaintiff The Evolutionary Level Above Human Foundation.

**83.** Does not pertain to Defendant.

**84.** Does not pertain to Defendant.

**85.** Does not pertain to Defendant.

**86.** Does not pertain to Defendant.

Respectfully submitted,     11/14/2025

Jason Bartel
N4051 26th LN.
Redgranite, WI 54970
jason_bartel@unioncab.com

10

# EXHIBIT 1

Registration Number

# SRu 1-552-631

**Effective Date of Registration:**
July 07, 2023
**Registration Decision Date:**
November 29, 2023

## Copyright Registration for a Group of Unpublished Works
Registration issued pursuant to 37 C.F.R. § 202.4(c)

## Title _____

|  |  |
|---|---|
| **Title of Group:** | Tape 487 and 9 Other Unpublished Works |
| **Content Title:** | Tape 487 |
| | Tape 488 |
| | Tape 489-490 |
| | Tape 491 |
| | Tape 492 |
| | Tape 493 |
| | Tape 494 |
| | Tape 495 |
| | Tape 496 |
| | Tape 497-498 |

## Completion/Publication _____

|  |  |
|---|---|
| **Year of Completion:** | 1990 |

## Author _____

|  |  |
|---|---|
| **Author:** | Steven Terry McCarter |
| **Author Created:** | Sound Recordings |
| **Citizen of:** | United States |
| **Year Born:** | 1956 |

## Copyright Claimant _____

|  |  |
|---|---|
| **Copyright Claimant:** | The Evolutionary Level Above Human Foundation, dba The Telah Foundation |
| | 4757 E. Greenway Road, #103, Phoenix, AZ, 85032, United States |
| **Transfer statement:** | by operation of law |

Page 1 of 2

## Rights and Permissions

|  |  |
|---|---|
| **Organization Name:** | Messner Reeves LLP |
| **Name:** | Rowan Smith |
| **Email:** | rsmith@messner.com |
| **Address:** | 7250 N 16th Street, Suite 410 |
|  | Phoenix, AZ 85020 United States |

## Certification

|  |  |
|---|---|
| **Name:** | Mark King |
| **Date:** | July 05, 2023 |
| **Applicant's Tracking Number:** | 13467.0002 |

|  |  |
|---|---|
| **Correspondence:** | Yes |
| **Copyright Office notes:** | Regarding group registration: A group of unpublished works may be registered in the same administrative class under 202.4(c) if the following requirements have been met: 1) All the works must be unpublished; 2) the group may include up to ten works; 3) a title must be provided for each work; 4) all the works must be created by the same author or the same joint authors; 5) the authorship claimed in each work must be the same; and 6) the author and claimant for each work must be the same person or organization. |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

THE EVOLUTIONARY LEVEL ABOVE
HUMAN FOUNDATION, INC.

     Plaintiff,

     v,

STEVEN ROBERT HAVEL, et al.,

     Defendants

**- F I L E D -**

NOV 17 2025

At ——————— M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

CASE NO. 3:22-CV-395-DRL-SJF

## DEFENDANT'S RESPONSE TO PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

     Defendant Bartel hereby responds to Plaintiff's Motion For Summary Judgment[DE 245].

Defendant will reiterate many of the facts, evidence and matters of law presented in Defendant's

Motion For Summary Judgment as part of Defendant's response to Plaintiff's Summary

Judgment Motion.[DE 227].

1

**DEFENDANT BARTEL'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT. DEFENDANT WILL INCLUDE A HISTORY OF PLAINTIFF FOLLOWED BY ENUMERATED LEGAL ARGUMENTS, MATERIAL FACTS, EVIDENCE AND MATTERS OF LAW IN OPPOSITION TO PLAINTIFF'S SUMMARY JUDGMENT MOTION.**

1. **PLAINTIFF'S IDENTITY AND HISTORY**

Exhibits A & B in Defendant's Motion For Summary Judgment have established that Plaintiff is The Evolutionary Level Above Human Foundation, Inc., an Arizona Nonprofit Corporation that was incorporated in the state of Arizona on September 23, 1997. [DE 227]. Mark King is the President/CEO and a Director of Plaintiff since Plaintiff's date of incorporation, 9/23/1997. Plaintiff's Attorney Isaac S. Crum is the statutory agent for Plaintiff The Evolutionary Level Above Human Foundation, Inc. since 10/26/2023.[Exhibit B in DE 227].

It is public knowledge that the Heaven's Gate Group ended on or before March 26, 1997. Therefore, it is not possible that 'in 1994 the directors of Plaintiff ( the "Foundation" ) renewed a long-standing relationship with a group known as "Total Overcomers Anonymous", "TOA", or "Heaven's Gate" (the "Group")', as Plaintiff has stated in paragraph 8 of Plaintiff's complaint.[DE 1]. If any legal person or persons did renew a long-standing relationship with the Group in 1994 it would not have been 'the directors' of Plaintiff, The Evolutionary Level Above Human Foundation, Inc. as Plaintiff was not incorporated in 1994.

As Plaintiff was not incorporated until 9/23/1997 and the Group ended on or before March 26, 1997, it is also not possible that 'in 1997, all the physical property and intellectual property belonging to the Group (collectively the "Property") was transferred to representatives of the

Foundation or was placed, to be obtained, from a storage locker in San Diego County' .[DE 1, paragraph 8].

If any of the Group's property was transferred to a legal person or persons in 1997 it would not have been to 'representatives of the Foundation' as Plaintiff ( the "Foundation" ) did not exist until nearly six months after the end of the Group. Plaintiff's sole two Officers and Directors, Mark King and Sarah King, were the initial petitioners in the Probate case in the California Court, Case No. PN 022228. [DE 63-1, page 3, lines 16-19]. Plaintiff referred to Probate Case No. PN022228 as the 'litigation with San Diego County' in paragraph 10 of Plaintiff's complaint. Plaintiff states in paragraph 10 of the complaint that the 'litigation ended with the entry of a consent decree in 1999, which conveyed to the Foundation not only a large amount of physical property, but also all of the intellectual property rights belonging to the Group'.

2. **FACTS, EVIDENCE AND LAW IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

1. **Plaintiff The Evolutionary Level Above Human Foundation, Inc. was not the alleged corporation that was a petitioner in the Probate case in the California Superior Court.**

Exhibit G in Defendant's Motion For Summary Judgment is a creditor's claim with San Diego County that is part of the case files in Probate Case No. PN022228 in the California Court.[DE 227]. Exhibit G was signed by alleged President of The Telah Foundation Mark King on September 19, 1997. Exhibit G identifies 'The Telah Foundation' as a 'corporation'. Plaintiff has stated that The Telah Foundation is not Plaintiff but a d/b/a name for Plaintiff. [DE 3, 155,

196].

Plaintiff was not incorporated until September 23, 1997[Exhbit A in DE 227]. Therefore, Plaintiff The Evolutionary Level Above Human Foundation, Inc. is not the alleged 'corporation' The Telah Foundation that reached a Settlement Agreement in the Probate case in the California Court. Plaintiff did not exist on September 19, 1997 when alleged President of The Telah Foundation Mark King signed the creditor's claim with San Diego County in the Probate case in the California Superior Court.[Exhibit G in DE 227].

It is a matter of law that a d/b/a name such as The Telah Foundation is not a legal entity that may be a Plaintiff in a lawsuit or own property in the name of the d/b/a. Therefore, Plaintiff is not The Telah Foundation. Plaintiff cannot claim to own the Group's property that was sold and conveyed to TELAH FOUNDATION by and through Mark King and Sarah King in the Settlement Agreement in the Probate case in the California Court.[DE 63-1, page 17, 20]].

**2. The litigation with San Diego County did not end with a consent decree that conveyed all of the Group's intellectual property rights to TELAH FOUNDATION by and through Mark King and Sarah King.**

The Telah Foundation, Inc., Mark King and Sarah King lost the Statement of Decision in the Probate case, were ruled to have filed a frivolous petition and were ordered to pay the Public Administrator of San Diego County's Attorney's fees. [DE 63-1, page 9, 10, 11]. After appealing the Statement of Decision the petitioners reached a Settlement Agreement with San Diego County that sold and conveyed some of the Group's property to TELAH FOUNDATION by and through Mark King and Sarah King [DE 63-1, page 17, 20]. Again, the Settlement Agreement in the Probate case was not with Plaintiff The Evolutionary Level Above Human

Foundation, Inc. but with TELAH FOUNDATION by and through Mark and Sarah King.

Furthermore, the Settlement Agreement was very specific in that it only applied to the Group's property that had been held by the Public Administrator of San Diego County. [DE 63-1, page 16, paragraph 7]. The Statement Of Decision states that the Public Administrator of San Diego County took possession of some of the Group's property on April 24, 1997.[DE 63-1, at 3]. Petitioners in the Probate case had submitted seven copyright registration certificates in the name of The Telah Foundation that were registered in September and October of 1997. [DE 63-1, page 4]. The California Court ruled that petitioners did not own any of the Group's intellectual property in The Telah Foundation's seven September and October of 1997 copyright registrations.[DE 63-1, page 7].

Therefore, the intellectual property created by the Group in The Telah Foundation's seven September and October of 1997 copyright registrations was not part of the Settlement Agreement as the Public Administrator could not have held the intellectual property in said registrations after taking possession of some of the Group's property on April 24, 1997. The Settlement Agreement was not a consent decree that conveyed all of the intellectual property rights belonging to the Group to petitioners The Telah Foundation, Mark King and Sarah King. Rather, the Settlement Agreement sold and conveyed to petitioners only the intellectual property that had been held by the Public Administrator from April 24, 1997 until the Settlement Agreement was finalized on August 11, 1999.[DE 63-1, page 24]. The Settlement Agreement was not with Plaintiff The Evolutionary Level Above Human Foundation. [DE 63-1 at 17, 20].

3. **Plaintiff The Evolutionary Level Above Human Foundation, Inc. does not own the intellectual property in Plaintiff's Exhibits A, B, E, F & G.**

Plaintiff's Exhibits A, B, F & G are copyrights registered to The Telah Foundation and not to Plaintiff The Evolutionary Level Above Human Foundation. Plaintiff's Exhibits B, F & G were registered by alleged President of The Telah Foundation Mark King on 9/12/1997, eleven days before Mr. King took office as the President/CEO and a Director of The Evolutionary Level Above Human Foundation, Inc.[Exhibit B in DE 227]. Plaintiff's Exhibit A was registered by alleged President of The Telah Foundation Mark King on October 27, 1997, over a month after Mr. King took office as the President/CEO and a Director of The Evolutionary Level Above Human Foundation, Inc. Plaintiff's Exhibit E is a trademark registered to 'The Telah Foundation(Arizona Corporation)' and not to Plaintiff The Evolutionary Level Above Human Foundation, Inc., an Arizona Nonprofit Corporation.

Plaintiff's Exhibits C & D are two trademark registrations registered to Plaintiff, The Evolutionary Level Above Human Foundation (Arizona Corporation ). However, due to Mark King and Sarah King fraudulently registering Plaintiff's Exhibits A, B, E, F & G in the d/b/a name that is The Telah Foundation, Defendant seriously questions the circumstances under which Plaintiff obtained the trademark registrations in Plaintiff's Exhibits C & D.

**4. Mark King has signed multiple documents in this case under penalty of perjury as President of a non-existent corporation, The Evolutionary Level Above Human, Inc.**

Defendant's Supporting Arguments in Defendant's Motion For Summary Judgment contend that The Evolutionary Level Above Human, Inc. does not exist. [DE 227, page 7 ]. The certified evidence in Exhibit B in Defendant's Motion For Summary Judgment establishes that Mark King has been the President/CEO and a Director of The Evolutionary

Level Above Human Foundation, Inc. since the Arizona Nonprofit Corporation's date of incorporation, September 23, 1997. [DE 227]. And yet Mark King has signed a declaration in this case under penalty of perjury on behalf of The Evolutionary Level Above Human, Inc. and not The Evolutionary Level Above Human Foundation, Inc. [DE 246-6, page 4]. Mark King signed another document submitted to this Court alleging that Mr. King is the 'President' of 'The Evolutionary Level Above Human, Inc.'[DE 246-5, page 13].

This is the same Mark King who signed a creditors claim with San Diego County as the alleged 'President' of The Telah Foundation. [DE 227, Exhibit G]. This is the same Mark King who signed the copyright registration certificates in Plaintiff's Exhibits A, B, F & G as the alleged 'President' of The Telah Foundation. This is the same Mark King who was a Plaintiff alongside The Evolutionary Level Above Human Foundation, Inc. in the 'second lawsuit' mentioned in paragraph 11 of the complaint. [DE 79-1, page 2-Title Of Proceedings].

Therefore it stretches credulity to believe that Mark King inadvertently signed two documents in the case before this Court as 'President' of The Evolutionary Level Above Human, Inc. Mark King had been the President/CEO and Director for Plaintiff The Evolutionary Level Above Human Foundation, Inc. for over twenty-four years when this case was filed on May 18, 2022 on behalf of the non-existent corporation The Evolutionary Level Above Human, Inc. Yet Mark King somehow forgot in the intervening twenty-four plus years that the true name of the Arizona Nonprofit Corporation that Mr. King has been the President/CEO and a Director of since the date of incorporation has the true name of The Evolutionary Level Above Human Foundation rather than The Evolutionary Level Above Human? And yet Isaac S. Crum as an Officer of the Court somehow made an 'inadvertent' omission of the word " Foundation' from the

true name of Plaintiff The Evolutionary Level Above Human Foundation, Inc.? {DE 243, page 6].

### 3. CONCLUSION

Defendant has conclusively proven the following in Defendant's Motion For Summary Judgment: [DE 227]

1. Plaintiff The Evolutionary Level Above Human Foundation, Inc. does not own the copyright registration certificates in Plaintiff's Exhibits A, B, F & G.

2. Plaintiff does not own the trademark registration in Plaintiff's Exhibit E.

3. Plaintiff does not own any of the Group's property that was sold and conveyed to TELAH FOUNDATION by and through Mark King and Sarah King in the Probate case in the California Superior Court, Case No. PN022228.

4. Plaintiff's President/CEO and Director since Plaintiff's date of incorporation Mark King has signed multiple copyright registration certificates as alleged President of Plaintiff's d/b/a name The Telah Foundation. Mr. King signed a creditor's claim as alleged President of Plaintiff's d/b/a name The Telah Foundation alleging that The Telah Foundation is a corporation before Plaintiff was incorporated in the state of Arizona. Mark King signed two documents submitted into the case before this Court as President of the non-existent corporation The Evolutionary Level Above Human, Inc. The Attorneys for Mark King and Sarah King in an infringement case in the U.S. District Court for the Northern District of California signed to represent a non-existent corporation, The Evolutionary Level Above Heaven Foundation, Inc.[DE 79-1, page 13]

Based on all of the evidence presented herein, in Defendant's Motion For Summary

Judgment and Motion For Required Joinder Of Parties there can be only one conclusion, this case has never had any legal basis or merits. This case was filed on behalf of a non-existent corporation just like the petition in the Probate case in the Superior Court of California and the infringement case in the U.S. District Court in Northern California were filed on behalf of non-existent corporations.[DE 63-1 at page 2, DE 79-1 at page 13].

The real actors in these multiple frauds perpetrated on the Superior Court of California, the U.S. District Court of the Northern District of California, the U.S. Copyright Office, The U.S. Patent and Trademark Office and now this Court are the sole two Officers and Directors of Plaintiff The Evolutionary Level Above Human Foundation, Inc., Mark King and Sarah King.

For the reasons stated herein Defendant is opposed to Plaintiff's Motion For Summary Judgment.

Respectfully Submitted        11/14/2025

Jason Bartel
N4051 26th LN.
Redgranite, WI 54970
jason_bartel@unioncab.com