UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

-FILED-

NOV 17 2025

Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| THE EVOLUTIONARY LEVEL ABOVE HUMAN FOUNDATION, INC.<br><br>Plaintiff,<br><br>v,<br><br>STEVEN ROBERT HAVEL, et al.,<br><br>Defendants | CASE NO. 3:22-CV-395-DRL-SJF |

## DEFENDANT BARTEL'S RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendant Bartel hereby responds to Plaintiff The Evolutionary Level Above Human Foundation Inc.'s Statement of Material Facts.[DE 246]. Defendant will provide enumerated answers to Plaintiff's numbered statements of materials facts from docket entry 246.

1

## DEFENDANT BARTEL'S ENUMERATED RESPONSES TO PLAINTIFF'S NUMBERED STATEMENTS OF MATERIAL FACTS.[DE 246].

1. The Heaven's Gate Group ended on or before March 26, 1997 with the suicide of all of the thirty-nine members of the Group.

2. From 1982 to 1997 the Group created over one thousand audio tapes. In 1991/92 The Group created the Beyond Human Series of video tapes. In 1996 the Group created two videos, Last Chance To Evacuate Earth Before It Is Recycled and Planet About To Be Recycled. In 1996 the Group created the literary work How and When Heaven's Gate may Be Entered. At an unknown time to Defendant a member of the Group created the 'C.B.E' visual work.

3. The Heaven's Gate Group did not register any trademarks. The Heaven's Gate Group created the intellectual property that Plaintiff registered for trademarks in 2009 and 2010. [DE 1, Exhibits C & D]. The Heaven's Gate Group created the intellectual property that was registered for a trademark by The Telah Foundation, an alleged 'Arizona Corporation'.[DE 1, Exhibit E].

4. Plaintiff is The Evolutionary Level Above Human Foundation, Inc., not the alleged corporation The Telah Foundation that was a petitioner in the Probate case in the Superior Court of California, Case No. PN022228. Plaintiff did not acquire any intellectual property rights in the Probate case in the California Superior Court as Plaintiff is not the Telah Foundation, Inc. or TELAH FOUNDATION, Plaintiff is The Evolutionary Level Above Human Foundation, Inc.

5. Plaintiff The Evolutionary Level Above Human Foundation, Inc. does not own the copyright registration certificates in Plaintiff's Exhibits A, B, F & G. The copyright claimant

2

in Plaintiff's Exhibits A, B, F & G is the d/b/a name for Plaintiff, The Telah Foundation, and not Plaintiff The Evolutionary Level Above Human Foundation, Inc. It is a matter of law and the policy of the U.S. Copyright Office that a d/b/a name is not a legal entity that may be a copyright claimant. Furthermore, Plaintiff's Exhibits B, F & G were signed by alleged President of The Telah Foundation Mark King on 9/12/97, eleven days before Plaintiff The Evolutionary Level Above Human was incorporated in the state of Arizona.[DE 227, Exhibit A]

6. Plaintiff's statement of material fact number 6 is the statement of material fact number 4 and therefore does not require a second, repeated response.

7. Mark King signed the copyright registrations in Plaintiff's Exhibits A, B, F & G as 'President' of 'The Telah Foundation', not as President of Plaintiff The Evolutionary Level Above Human Foundation, Inc. Mark King signed the copyright registration certificates in Plaintiff's Exhibits B, F & G on 9/12/97, eleven days before Plaintiff The Evolutionary Level Above Human Foundation was incorporated in the state of Arizona.{DE 227, Exhibit A].

8. Plaintiff The Evolutionary Level Above Human Foundation, Inc. owns the trademark registrations in Plaintiff's Exhibits C & D since the trademarks were registered in 2009 and 2010. Plaintiff does not own any other intellectual property created by the Group. Due to the fact that Plaintiff registered the trademarks in Plaintiff's Exhibits C & D in 2009 and 2010 which was over twelve years after the Group's acknowledged end, Defendant questions the circumstances under which Plaintiff acquired the trademark registrations in Plaintiff's Exhibits C & D.

9. Plaintiff The Evolutionary Level Above Human Foundation, Inc. does not own any of the intellectual property created by the Group that was sold and conveyed to TELAH

FOUNDATION by and through Mark King and Sarah King in the Settlement Agreement in the Probate case in the California Superior Court.[DE 63-1, page 17, 20].

10. The 39 members of Heaven's Gate passed away on or before March 26, 1997

11. The masters for the videos tapes Do's Final Exit and Students Of Heaven's Gate Expressing Their Thoughts Before Exit were sent to Chuck Humphrey and not to Mark and Sarah King. Defendant has no way to verify if other 'master copies' of works 'that had been created for Heaven's Gate' were conveyed to Mark and Sarah King.

Defendant can verify that Chuck Humphrey and Wayne Parker retrieved 486 audio cassettes created by the Group from a storage locker in San Diego County. Defendant can verify that Mark King and Sarah King did not retrieve any of the Group's property from said storage locker. Defendant can verify that in 1997 Chuck Humphrey gave Mark King over two hundred audio cassettes created by the Group that Mr. Humphrey had retrieved from the storage locker in San Diego County. Defendant can verify that Chuck Humphrey made Mark King promise Mr. Humphrey that the Group's audio tapes were being given to Mark King on the condition that they be made available to anyone who wanted to hear them. Defendant can verify that the 486 audio cassettes in the copyright registration in Plaintiff's Exhibit A are the same audio cassettes retrieved from the storage locker in San Diego by Chuck Humphrey and Wayne Parker.

12. Don Billings was the Special Administrator of the estates of the 39 deceased members of the Group.

13. Plaintiff did not file a creditor's claim with San Diego County for the Probate case in the California Court, Case No. PN022228. Mark KIng signed the creditor's claim in the

Probate case as alleged President of The Telah Foundation on September 19, 1997.[DE 227, Exhibit G]. The creditor's claim signed by Mark King alleged that The Telah Foundation is a 'corporation'. This Court has never recognized Plaintiff's d/b/a name of The Telah Foundation as a Plaintiff in this case. Plaintiff has provided no proof that The Telah Foundation is a corporation.

**14.** Petitioners Mark King, Sarah King and The Telah Foundation lost the Statement of Decision in the Probate case in the California Court. [DE 63-1, page 9]. Petitioners were ruled to have no rights to the intellectual property in seven September and October of 1997 copyright registrations submitted by petitioners in the name of The Telah Foundation.[DE 63-1, page 7].

**15.** Petitioner The Telah Foundation appealed the Statement of Decision in the Probate case in the Superior Court of California.[DE 63-1, page 16, paragraph 6].

**16.** The Settlement Agreement in the Probate case in the California Court sold and conveyed to TELAH FOUNDATION by and through Mark King and Sarah King the Group's property that the Public Administrator had held from April 24, 1997 until the Settlement Agreement was finalized on August 11, 1999.[DE 63-1, page 16, 24]. Plaintiff The Evolutionary Level Above Human Foundation, Inc. was not a petitioner in the Probate case and therefore Plaintiff was not sold and conveyed any of the Group's property in the Settlement Agreement in the Probate case in the California Superior Court.

**17.** Again, Plaintiff was not a petitioner in the Probate case in the California Superior Court.

**18.** The Settlement Agreement sold and conveyed some of the Group's property to TELAH FOUNDATION by and through Mark King and Sarah King and not to Plaintiff The Evolutionary Level Above Human Foundation, Inc.[DE 63-1, page 17, 20].

**19.** The Settlement Agreement was with a non-existent corporation, The Telah Foundation, as Defendant has demonstrated numerous times in Defendant's Motion For Summary Judgment.[DE 227].

**20.** The consent decree in the U.S. District Court for the Northern District of California, Case No 3:98-cv-00892, was induced through fraud. On the page where Plaintiff's Attorneys signed to represent the Plaintiffs, the Attorneys signed to represent a non-existent corporation, The Evolutionary Level Above Heaven Foundation, Inc.[DE 79-1, page 13].

Furthermore, Case No 3:98-cv-00892 was filed on March 6, 1998 while the Probate case regarding the estates of the deceased members of the Group was ongoing.[DE 79-1, page 2]. The California Superior Court for the County of San Diego had jurisdiction over the estates of the deceased members of the Group.[DE 63-1, page 4, lines 8-10, page 9, lines 12-13]. The U.S. District Court for the Northern District of California did not have the jurisdictional authority to convey exclusive rights for ownership of the Group's property that was part of an ongoing Probate dispute in the California Superior Court. The California Court did not sell and convey any of the Group's property to TELAH FOUNDATION until August 11, 1999, after the July 1999 consent decree allegedly conveyed exclusive rights to the Group's property to The Evolutionary Level Above Human Foundation, Inc. in Case No 3:98-cv-00892.[DE 79-1, pages 124-126].

**21.** Plaintiff The Evolutionary Level Above Human Foundation, Inc. owns the trademark registrations in Plaintiff's Exhibits C & D. Plaintiff The Evolutionary Level Above Human Foundation registered a copyright in July of 2023 for audio cassettes that were sold and conveyed to TELAH FOUNDATION in the August of 1999 Settlement Agreement.[Exhibit 1]. Defendant contends that Plaintiff does not own the intellectual property registered for copyright in

6

Defendant's Exhibit 1 as it was sold and conveyed to TELAH FOUNDATION and not to Plaintiff. The copyright claimant in Exhibit 1 is The Evolutionary Level Above Human Foundation d/b/a The Telah Foundation. The 'certification' for Exhibit 1 is listed as 'Mark King'. Unlike Plaintiff's Exhibits A, B, F & G Defendant's Exhibit 1 identifies The Telah Foundation as a d/b/a name for the copyright claimant and not as the copyright claimant. Mark King certified Exhibit 1 with The Evolutionary Level Above Human Foundation d/b/a The Telah Foundation as the copyright claimant and yet the same Mark King signed Plaintiff's Exhibits A, B, F & G as 'President' of TheTelah Foundation. Plaintiff The Evolutionary Level Above Human Foundation does not own any of the seven September and October of 1997 copyright registration certificates registered to The Telah Foundation including Plaintiff's Exhibits A, B, F & G.[DE 63-1, page 7].

22. Does not pertain to Defendant Bartel

23. Does not pertain to Defendant.

24. Does not pertain to Defendant.

25. Does not pertain to Defendant.

26. Does not pertain to Defendant.

27. Does not pertain to Defendant.

28. Does not pertain to Defendant.

29. Does not pertain to Defendant.

30. Does not pertain to Defendant.

31. Does not pertain to Defendant.

32. Does not pertain to Defendant.

33. Defendant has conclusively proven that Plaintiff The Evolutionary Level Above

Human Foundation, Inc. does not own the copyright registration in Plaintiff's Exhibit A that is registered to The Telah Foundation.[DE 227, page 22, paragraph 10]. Therefore, Defendants' activities involving the audio tapes created by the Group have nothing to do with Plaintiff. Most of Plaintiff's remaining statements of material facts are irrelevant to this case.

34. Defendant has proven that Plaintiff does not own the intellectual property in Plaintiff's Exhibit A.

35. Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

36. Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

37. Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

38. Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

39. Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

40. Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

41. Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

42. Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

43. Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

44. Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

45. Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

46. Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

47. Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

48. Does not pertain to Defendant Bartel.

49. Does not pertain to Defendant.

50. Does not pertain to Defendant.

51. Does not pertain to Defendant.

52. Does not pertain to Defendant.

53. Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

54. Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

55. Does not pertain to Defendant.

56. Does not pertain to Defendant.

57. Does not pertain to Defendant.

58. Does not pertain to Defendant.

59. Does not pertain to Defendant.

60. Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

61. Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

62. Does not pertain to Defendant.

63. Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

64. Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

65. Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

66. Does not pertain to Defendant.

67. Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

68. Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

69. Defendant has proven that Plaintiff does not own Plaintiff's Exhibit A.

70. Does not pertain to Defendant.

71. Does not pertain to Defendant.

72. Does not pertain to Defendant.

73. Does not pertain to Defendant.

74. Does not pertain to Defendant.

75. Plaintiff does not own the Final Exit Video. Do's Final Exit video is registered to the d/b/a name The Telah Foundation and not to Plaintiff The Evolutionary Level Above Human Foundation.

76. Does not pertain to Defendant.

77. Does not pertain to Defendant.

78. Does not pertain to Defendant.

79. Does not pertain to Defendant.

80. Does not pertain to Defendant.

81. Does not pertain to Defendant.

82. Plaintiff does not own the Beyond Human Videos. The Beyond Human videos are registered to the d/b/a name The Telah Foundation and not to Plaintiff The Evolutionary Level Above Human Foundation.

83. Does not pertain to Defendant.

84. Does not pertain to Defendant.

85. Does not pertain to Defendant.

86. Does not pertain to Defendant.

Respectfully submitted,     11/14/2025

Jason Bartel
N4051 26th LN.
Redgranite, WI 54970
jason_bartel@unioncab.com

*/s/ Jason Bartel*

# EXHIBIT 1

Registration Number

# SRu 1-552-631

**Effective Date of Registration:**
July 07, 2023
**Registration Decision Date:**
November 29, 2023

## Copyright Registration for a Group of Unpublished Works
Registration issued pursuant to 37 C.F.R. § 202.4(c)

## Title

**Title of Group:** Tape 487 and 9 Other Unpublished Works

**Content Title:** Tape 487
Tape 488
Tape 489-490
Tape 491
Tape 492
Tape 493
Tape 494
Tape 495
Tape 496
Tape 497-498

## Completion/Publication

**Year of Completion:** 1990

## Author

**Author:** Steven Terry McCarter
**Author Created:** Sound Recordings
**Citizen of:** United States
**Year Born:** 1956

## Copyright Claimant

**Copyright Claimant:** The Evolutionary Level Above Human Foundation, dba The Telah Foundation
4757 E. Greenway Road, #103, Phoenix, AZ, 85032, United States
**Transfer statement:** by operation of law

## Rights and Permissions

**Organization Name:** Messner Reeves LLP
**Name:** Rowan Smith
**Email:** rsmith@messner.com
**Address:** 7250 N 16th Street, Suite 410
Phoenix, AZ 85020 United States

## Certification

**Name:** Mark King
**Date:** July 05, 2023
**Applicant's Tracking Number:** 13467.0002

---

**Correspondence:** Yes
**Copyright Office notes:** Regarding group registration: A group of unpublished works may be registered in the same administrative class under 202.4(c) if the following requirements have been met: 1) All the works must be unpublished; 2) the group may include up to ten works; 3) a title must be provided for each work; 4) all the works must be created by the same author or the same joint authors; 5) the authorship claimed in each work must be the same; and 6) the author and claimant for each work must be the same person or organization.

Page 2 of 2