

**UNITED STATES POSTAL SERVICE.**

*Retail*

**P**

**US POSTAGE PAID**

**$11.90**

Origin: 54982
11/10/25
5687100990-25

**PRIORITY MAIL®**

0 Lb 4.90 Oz

**RDC 03**

EXPECTED DELIVERY DAY: 11/14/25

C005

SHIP TO:



RM 102
204 S MAIN ST
SOUTH BEND IN 46601-2119

**USPS TRACKING® #**



9505 5100 2061 5314 6871 61

EP14F October 2023
OD: 12 1/2 x 9 1/2

PAPER POUCH .info

UNITED STATES POSTAL SERVICE

- Expected delivery date specifi
- Domestic shipments include $
- USPS Tracking® service inclu
- Limited international insuranc
- When used internationally, a c

*Insurance does not cover certain items.
Domestic Mail Manual at http://pe.usps.
** See International Mail Manual at http:

# FLAT RATE EN
ONE RATE ■ ANY WEIGHT

# TRACKED ■ INS



PS00001000014

This package is made from post-consumer waste. Please recycle - again.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.

**FROM:** Jason Bartel
N4057 26th LN.
Redgranite, WI 54970

**TO:** U.S. District Court
102 Federal Building
Att: Clerk of Court
204 s. Main St.
South Bend, IN
46601

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

THE EVOLUTIONARY LEVEL ABOVE
HUMAN FOUNDATION, INC.

Plaintiff,

v,

STEVEN ROBERT HAVEL, et al.,

Defendants

-FILED-

NOV 17 2025

At _____ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

CASE NO. 3:22-CV-395-DRL-SJF

## DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Bartel hereby replies to Plaintiff's Opposition To Defendant's Motion For Summary Judgment[DE 243].

## CONTENTS OF DEFENDANT'S REPLY BRIEF

Defendant will initially address a procedural defect in Defendant's Motion For Summary Judgment that was raised by Plaintiff in Plaintiff's Opposition To Defendant's Motion For Summary Judgment.[DE 243, page 3]. Defendant will follow with the numbered supporting arguments from Defendant's Motion For Summary Judgment. Defendant's numbered supporting arguments will contain Defendant's replies to each of Plaintiff's numbered responses from Section B of Plaintiff's Opposition To Defendant Bartel's Motion For Summary Judgment. [DE 243, starting at page 5]

1

## 1. THE PROCEDURAL DEFECT IN DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff's Opposition To Defendant's Motion For Summary Judgment has pointed out a procedural defect in Defendant's Motion For Summary Judgment involving Defendant failing to file separately a Motion, a supporting brief and a statement of material facts. Defendant did not 'ignore' this instruction from the local rules but rather misinterpreted it.

Defendant contends that the facts, evidence and matters of law in Defendant's Motion For Summary Judgment will be unaltered and unaffected by this procedural defect. If the Court will allow, Defendant will re-file the Motion For Summary Judgment as a separate Motion as it has already been filed, a separate supporting brief as it has already been filed and a separate statement of material facts as it has already been filed. Defendant understands that the deadline for filing a Summary Judgment Motion has passed, however, Defendant did file the Motion with the procedural defect well before the deadline. The facts, evidence and law presented in Defendant's Motion For Summary Judgment will stand on their merits as filed as Defendant will demonstrate in Defendant's resply to Plaintiff's Opposition to Defendant's Motion For Summary Judgment.

## 2. DEFENDANT'S REPLIES TO PLAINTIFF'S RESPONSES TO DEFENDANT'S SUPPORTING ARGUMENTS FOR DEFENDANT'S MOTION FOR SUMMARY JUDGMENT. DEFENDANT WILL INCLUDE DEFENDANT'S NUMBERED SUPPORTING ARGUMENT FOLLOWED BY A REPLY TO THE RESPONSE GIVEN BY PLAINTIFF IN PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT. [DE 243, starting at page 5].

### 1.Plaintiff's true name and identity was in question in the original complaint

Plaintiff's response does not address the fact that Plaintiff stated in paragraph 4 of the original complaint that Plaintiff had two allegedly interchangeable, corporate names, 'The Evolutionary Level Above Human, or Telah Foundation, Inc.' Plaintiff filed a Corporate Disclosure Statement on May 18, 2022 on behalf of The Evolutionary Level Above Human, Inc., not Telah Foundation, Inc.[DE 3].

Plaintiff would have the Court and Defendants believe that it was 'inadvertent' that this case was filed on behalf of an incorporated entity[DE 243, page 6]. Plaintiff would have this Court believe that it was an 'inadvertent omission' that the word 'Foundation' was missing from the true name of Plaintiff in the original complaint[DE 243, page 6].  Plaintiff has now conceded that Plaintiff is The Evolutionary Level Above Human Foundation, Inc., an Arizona Nonprofit Corporation for which Plaintiff's Attorney has been the statutory agent since 10/26/2023[DE 243-1, pages 2, 3, Exhibit B in Defendant's Motion For Summary Judgment].

### 2. Plaintiff's identity is in question in the amended complaint

Plaintiff states that the certificate of good standing submitted as Defendant's Exhibit A in Defendant's Motion For Summary Judgment shows 'that Plaintiff is indeed an incorporated entity'[DE 243, page 8]. Plaintiff states that Defendant's Exhibit A is 'exactly what was stated in the First Amended Complaint'[DE 243, page 8]. This is not true. The amended complaint removed every reference to Plaintiff being an incorporated entity by removing the term 'Inc.' from every place it appeared in the original complaint. Plaintiff's two amended Corporate Disclosure Statements do not identify The Evolutionary Level Above Human Foundation as a corporation as the term 'Inc.' is not used in connection with the alleged

Plaintiff[DE 155, 196].  Furthermore, Plaintiff changed itself in paragraph 4 of the original complaint from an 'Arizona 501(c)(3), Nonprofit Corporation' into an 'Arizona nonprofit Corporation' in paragraph 4 of the amended complaint[DE 1, 132]

Plaintiff claims that 'Plaintiff is The Telah Foundation' and cites the declaration of Mark King as some kind of proof of this claim[DE 243, page 8]. And yet Plaintiff has not filed a Corporate Disclosure Statement on behalf of The Telah Foundation. It is a matter of law that a d/b/a name is not a legal entity unto itself that may be a Plaintiff in a lawsuit. No amount of declarations by Mark King can change the fact that The Telah Foundation is not a legal entity and therefore is not the Plaintiff in this case.

### 3. Plaintiff's corporate and/or unincorporated structure has been in question

It is a matter of the Court's record that this case was filed on behalf of an alleged corporation, The Evolutionary Level Above Human, Inc.[DE 1, 3]. It is a matter of the Court's record that a First Amended Complaint was filed on behalf of a Plaintiff that did not use the term 'Inc.' as an identifier, The Evolutionary Level Above Human Foundation[DE 132]. Therefore, it is a matter of the Court's record that Plaintiff changed itself from an alleged incorporated entity in the original complaint into an unincorporated Plaintiff that does not use the term 'Inc.' as an identifier even though The Evolutionary Level Above Human Foundation is an incorporated entity.[Exhibit A in Defendant's Motion For Summary Judgment]..

### 4.Plaintiff's Attorneys have filed Corporate Disclosure Statements on behalf of both an alleged incorporated entity and an alleged unincorporated association

Plaintiff states that 'Plaintiff and its attorneys have only ever filed corporate disclosure statements on behalf of the Plaintiff in this case, "The Evolutionary Level Above Human

Foundation" which is an entity incorporated in the state of Arizona'[DE 243, page 9,¶4.]. This statement is directly contradicted by the corporate disclosure statement filed by Isaac S. Crum on May 18, 2022 which was filed on behalf of The Evolutionary Level Above Human, Inc., not The Evolutionary Level Above Human Foundation, Inc.[DE 3]. Plaintiff states that it 'is an entity incorporated in Arizona'[DE 243, page 9,¶.4]. And yet the two amended corporate disclosure statements filed by Plaintiff do not use the term 'Inc.' to identify The Evolutionary Level Human Foundation[DE 155, 196].

**5. The Telah Foundation has been identified by Plaintiff as a d/b/a name for Plaintiff**

Plaintiff cites multiple Court cases in Plaintiff's response to numbered paragraph 5. None of the cases cited by Plaintiff involve a d/b/a name that was a copyright claimant such as The Telah Foundation is the copyright claimant in Plaintiff's Exhibits A, B, F & G. Copyright law and the U.S. Copyright Office require the legal name of the owner for registration purposes. Therefore, if the copyright registrations in Plaintiff's Exhibits A, B, F & G were legitimate the claimant would be Plaintiff The Evolutionary Level Above Human Foundation, not The Telah Foundation.

**6. Plaintiff stated in the original complaint that Telah Foundation is an incorporated entity that is the Plaintiff**

Plaintiff's response deliberately omits the fact that in paragraph 4 of the original complaint Plaintiff stated that it is 'The Evolutionary Level Above Human, or Telah Foundation, Inc.'

**7. Plaintiff stated in the amended complaint that The Telah Foundation is both the Plaintiff and a d/b/a name for Plaintiff**

Plaintiff's response attempts to obfuscate the fact that the true party in interest in this

case is not the d/b/a name that is The Telah Foundation but the legal entity that is The Evolutionary Level Above Human Foundation, Inc., an Arizona Nonprofit Corporation. The Telah Foundation, like all d/b/as, does not have the capacity to sue in its own name. Therefore, Plaintiff is not The Telah Foundation despite Plaintiff's statement that 'Plaintiff is The Telah Foundation'[DE 243, page 11, ¶.7]. This Court has never recognized 'The Telah Foundation' as the Plaintiff in this case.

**8. Plaintiff has provided no proof that Plaintiff exists as an entity that has the capacity to sue in this Court**

Plaintiff's response claims that Plaintiff made a 'typographical error' in the original complaint.[DE 243, page 12]. Defendant contends that filing this case on behalf of a non-existent corporation, The Evolutionary Level Above Human, Inc., with a similar name to The Evolutionary Level Above Human Foundation, Inc., is not a typographical error but rather the deliberate omission of the word 'Foundation' from the true name of an Arizona Nonprofit Corporation.

The Evolutionary Level Above Human Foundation, Inc. was a Plaintiff in a copyright and trademark infringement case in the U.S. District Court in the Northern District of California[DE 79-1, page 2]]. Yet Plaintiff expects Defendant and the Court to believe that this case was filed on behalf of a non-existent corporation The Evolutionary Level Above Human, Inc., with a very similar name to Plaintiff due to a 'typographical error'.

Plaintiff's response does not dispute the fact that Plaintiff did not provide the Court and Defendants with any certified evidence that The Evolutionary Level Above Human Foundation, Inc. is an entity with the capacity to sue in this Court. Defendant provided that proof in the form of a certificate of good standing and an annual report from the Arizona Corporation Commission.

[Exhibits A & B in Defendant's Motion For Summary Judgment].

### 9. Corporate Plaintiff's true identity is The Evolutionary Level Above Human Foundation, Inc., an Arizona Nonprofit Corporation

Plaintiff's response does not explain why Plaintiff filed this case on behalf of a non-existent corporation, The Evolutionary Level Above Human, Inc., with a similar name to The Evolutionary Level Above Human Foundation, Inc., an Arizona Nonprofit Corporation.

### 10. Plaintiff filed this case on behalf of a non-existent corporation

Plaintiff's response claims that the use of 'Inc.' in its original complaint was an inadvertent inclusion even though Plaintiff  The Evolutionary Level Above Human Foundation is an incorporated entity. [DE 243, page 6]. Even if the Arizona statutes do not require a nonprofit corporation to include 'Inc.' as an identifier this does not explain why including 'Inc.' was inadvertent in the original complaint as Plaintiff The Evolutionary Level Above Human Foundation is an incorporated entity[Exhibit A in Defendant's Motion For Summary Judgment].

### 11. Plaintiff restructured itself from an incorporated entity into an unspecified unincorporated association when Plaintiff filed an amended complaint

Plaintiff's response does not explain why Plaintiff stated that it was a specific incorporated entity that is an Arizona 501(c)(3) Nonprofit Corporation in paragraph 4 of the original complaint. Plaintiff's response does not explain why Plaintiff removed all references to Plaintiff being an incorporated entity in the amended complaint.

### 12. Neither the Plaintiff in the original complaint nor the Plaintiff in the amended complaint have the same name as the copyright claimant in Plaintiff's Exhibits A, B, F & G

Plaintiff's response does not address the matter of law that a d/b/a name may not be a copyright claimant. Plaintiff did not cite a single case in which a d/b/a name was legally recognized as a copyright claimant. Plaintiff's response does not address the fact that Plaintiff The Evolutionary Level Above Human Foundation was incorporated in the state of Arizona on September 23, 1997[Exhibit A in Defendant's Motion For Summary Judgment] while Plaintiff's Exhibits B, F & G are signed by alleged President of The Telah Foundation Mark King on 9/12/1997, eleven days before the incorporation of Plaintiff.

**13. Plaintiff is not the alleged corporation that was involved in the litigation with San Diego County**

Plaintiff's response does not address the fact that the Telah Foundation, Inc. was a petitioner in the Probate case in the California Court and not Plaintiff The Evolutionary Level Above Human Foundation, Inc.[DE 63-1, page 2]. Plaintiff's response does not address the fact that the creditor's claim in the Probate case was signed by alleged President of The Telah Foundation Mark King on September 19, 1997, four days before Plaintiff The Evolutionary Level Above Human Foundation was incorporated in the state of Arizona. Plaintiff's response does not address the fact that the d/b/a name The Telah Foundation was identified as a 'corporation' on said creditor's claim[Exhibit G in Defendant's Motion For Summary Judgment].

**14. The audio works in Plaintiff's Exhibit A were not the same audio cassettes sold and conveyed to the Telah Foundation, Inc. by and thorough Mark King and Sarah King in the August of 1999 Settlement Agreement in the Probate case in the California Court.**

Plaintiff's response addresses none of the facts from the Probate case in the California

8

Court presented in numbered paragraph 14 of the supporting arguments in Defendant's Brief In Support Of Summary Judgment.

**15. The Heaven's Gate Group did not transfer all of the Group's property to Plaintiff in 1997**

Plaintiff's response ignores the fact that the February of 1999 Statement Of Decision in the Probate case ruled that the estates owned all of the intellectual property of the Heaven's Gate Group.[DE 63-1, page 8]. Plaintiff's response ignores the fact that the August of 1999 Settlement Agreement in the Probate case was with Telah Foundation by and through Mark King and Sarah King and not with Plaintiff, The Evolutionary Level Above Human Foundation, Inc..

**16. Mark King and Sarah King were the initial petitioners in the Probate case**

Plaintiff's response deliberately ignores the evidence from the Probate case presented by Defendant.

**17. Under the law of intestate succession the intellectual property in Plaintiff's Exhibits A, B, F & G is still part of the estates of the deceased members of the Heaven's Gate Group and has yet to be administered by the Public Administrator of San Diego County.**

Plaintiff's response citing the statement 'any other intellectual property' from the Settlement Agreement does not change the fact that the Settlement Agreement only applied to the Group's property that had been held by the Public Administrator of San Diego County.

'This agreement affects only the Parties' rights and interests in the intellectual and tangible property held by the Public Administrator'.[DE 63-1, page 16, lines 24-26].

Plaintiff's Exhibits A, B, F & G were never held by the Public Administrator of San Diego

County as Defendant has demonstrated in the Motion For Summary Judgment[DE 227, page 9].

**17(a) The copyright registrations in Plaintiff's Exhibits A, B, F & G are three**

**of the same copyright registrations submitted by Petitioners in the Probate case**

Plaintiff did not respond to Defendant's numbered paragraph 17(a) in Plaintiff's

Opposition to Defendant's Motion For Summary Judgment.

**17(b). Mark King and Sarah King have known since 1999 that the intellectual**

**property in Plaintiff's Exhibits A, B, F & G is still part of the estates of the**

**deceased members of the Heaven's Gate Group**

Plaintiff did not respond to Defendant's numbered paragraph 17(b) in Plaintiff's

Opposition to Defendant's Motion For Summary Judgment.

**18. Mark King, Sarah King and Attorney Isaac S. Crum knowingly attempted to**

**perpetrate fraud on this Court**

Plaintiff's response does not address any of Defendant's statements that are backed

up by facts and evidence that fraud was perpetrated on the U.S. Copyright Office, the California

Court and this Court by Mark King and Sarah King acting as representatives of The Telah

Foundation, The Telah Foundation, Inc., and The Evolutionary Level Above Human, Inc.

Although Plaintiff has conceded that Plaintiff is an entity incorporated in the state of

Arizona with the true name of The Evolutionary Level Above Human Foundation, Plaintiff insists

that it was due to an inadvertent omission that this case was filed on behalf of a non-existent

corporation, The Evolutionary Level Above Human, Inc., with a remarkably similar name to

Plaintiff The Evolutionary Level Above Human Foundation, Inc.

Plaintiff has not explained why it stated that it was an Arizona 501(c)(3), Nonprofit

Corporation in the original complaint but not in the amended complaint. Plaintiff has not explained why the creditor's claim with San Diego County in the Probate case was signed by alleged President of The Telah Foundation Mark King on September 19, 1997, four days before Plaintiff The Evolutionary Level Above Human Foundation was incorporated in the state of Arizona{Exhibit A in Defendant's Motion For Summary Judgment].

Instead of addressing any of these facts, evidence and law of this case Plaintiff has chosen to serve Defendant with a Motion For Sanctions under Rule 11.

**19. Petitioners Mark King, Sarah King and The Telah Foundation lost the Decision in the Probate case, were ruled to have filed a frivolous action and were sanctioned and ordered to pay the attorneys' fees of the Public Administrator of San Diego County.**

Plaintiff's response does not change the fact that petitioners Mark King, Sarah King and Telah Foundation lost the February 22, 1999 Statement Of Decision in the Probate case and were ruled to have filed a frivolous action. The Settlement Agreement still ordered Telah Foundation to 'pay the Public Administrator's attorney's fees and costs'.[DE 63-1, page 23]. The Statement of Decision in the Probate case matters due to the fact that it denied petitioners all rights to the intellectual property in Plaintiff's Exhibits A, B, F & G, four of The Telah Foundation's September and October of 1997 copyright registrations certificates.[DE 63-1, at 7]

Respectfully Submitted,  11/10/2025

Jason Bartel
N4051 26th LN.
Redgranite, WI 54970
jason_bartel@unioncab.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

-FILED-

NOV 17 2025

At _____ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

THE EVOLUTIONARY LEVEL ABOVE
HUMAN FOUNDATION, INC.

Plaintiff,

v,

STEVEN ROBERT HAVEL, et al.,

Defendants

CASE NO. 3:22-CV-395-DRL-SJF

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT BARTEL'S STATEMENT OF MATERIAL FACTS IN DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Bartel hereby replies to Plaintiff's Response To Defendant's Statement Of Material Facts in Defendant's Motion For Summary Judgment[DE 243-1].

## CONTENTS OF DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE

Plaintiff's numbered responses[DE 243-1] to Defendant's numbered statements of material fact in Defendant's Motion For Summary Judgment[DE 227, at 19-26] will be followed by enumerated replies from Defendant Bartel.

1

# PLAINTIFF'S RESPONSES TO DEFENDANT'S STATEMENTS OF MATERIAL FACT FOLLOWED BY DEFENDANT'S REPLIES

**1. The original complaint identifies Plaintiff as "Plaintiff, The Evolutionary Level Above Human, Inc. d/b/a The Telah Foundation ( the 'Foundation')".**

**1. Reply:** Plaintiff's response does not dispute the material fact that in paragraph 4 of the original complaint Plaintiff stated it was The Evolutionary Level Above Human, or Telah Foundation, Inc.

**2. The original complaint states Plaintiff is an Arizona 501(c)(3), Nonprofit Corporation.**

**2. Reply:** Plaintiff's response does not dispute the material fact that in paragraph 2 of the original complaint Plaintiff stated that it is an Arizona nonprofit corporation while simultaneously stating in paragraph 4 of the original complaint that Plaintiff is an Arizona 501(c)(3), Nonprofit Corporation.

**3. As clarified in the First Amended Complaint, Plaintiff is "The Evolutionary Level Above Human Foundation, or The Telah Foundation (the 'Foundation') is an Arizona nonprofit corporation."**

**3. Reply:** Plaintiff's response does not dispute the material fact that Plaintiff filled this case on behalf of an alleged Arizona corporation, The Evolutionary Level Above Human, Inc., that has a similar name to The Evolutionary Level Above Human Foundation, Inc., an Arizona Nonprofit Corporation[DE 1, 3, Exhibits A & B in Defendant's Motion For Summary Judgment]. Plaintiff's response does not include any certified evidence from the Arizona Corporation Commission that The Evolutionary Level Above Human, Inc. was or is an entity incorporated in

2

the state of Arizona. Therefore, Plaintiff's response does not dispute the material fact that Plaintiff filed this case on May 18, 2022 on behalf of a non-existent corporation.

**4. The Telah Foundation is The Evolutionary Level Above Human's d/b/a. See Decl. of Mark King[DE 67-1] at paragraph 2; DE 132 at paragraph 4.**

**4. Reply:** Plaintiff's response does not dispute the material fact that The Telah Foundation is not a legal entity or unincorporated association.

**5. The Evolutionary Level Above Human Foundation is not an unincorporated Association. [See DE 277-1 at 3]. The Evolutionary Level Above Human Foundation is a nonprofit corporation which Isaac S. Crum is named the statutory agent since 10/26/2023. {DE 227-1 at 5].**

**5. Reply:** Plaintiff cites DE 277-1 in Plaintiff's response. DE 277-1 does not exist in this case. Although Plaintiff's Corporate Disclosure Statement filed on March 20, 2024[DE 196] did not identify Plaintiff as an incorporated entity, Plaintiff The Evolutionary Level Above Human Foundation has now conceded that it is an entity that was incorporated in the state of Arizona on September 23, 1997[DE 243-1, pages 2, 3, 5].

Plaintiff's response states that 'The Evolutionary Level Above Human Foundation is a nonprofit corporation which Isaac S. Crum is named statutory agent since 10/26/2023'. As per Exhibit B in Defendant's Motion For Summary Judgment, as of 10/26/2023 Mr. Crum is the statutory agent for The Evolutionary Level Above Human Foundation, a 'Domestic Nonprofit Corporation' that was incorporated in the state of Arizona on September 23, 1997[Exhibit A in Defendant's Motion For Summary Judgment].

**6. Plaintiff is "The Evolutionary Level Above Human Foundation" which does**

business as "The Telah Foundation" and which owns the intellectual property at
issue in this case. See Dcl. of Mark King [DE 67-1] at paragraphs 2, 9.

   6. **Reply:** Plaintiff's response does not dispute the material fact that the d/b/a name The Telah Foundation is not the Plaintiff in this case. No declarations by Mark King can dispute the matter of law that a d/b/a name such as The Telah Foundation is not a legal entity that can be a Plaintiff in a lawsuit or own intellectual property.

   **7. The Telah Foundation is The Evolutionary Level Above Human's d/b/a. See Decl. of Mark King[DE 67-1] at paragraph 2; DE 132 at paragraph 4.**

   **7. Reply:** Plaintiff provided the incorrect statement of material fact from numbered paragraph 7 of Defendant's Statement Of Material Facts in Defendant's Motion For Summary Judgment. Instead, Plaintiff repeated paragraph 4 of Defendant's statement of material facts with the same repeated answer. Plaintiff did not respond to Defendant's statement of material fact number 7 that Plaintiff is not The Telah Foundation, Inc.

   **8. Plaintiff owns all of the Group's property that was transferred and sold to TELAH FOUNDATION by and through Mark King and Sarah King in the Agreement in the Probate case in the California Court, Case No. PN022228.**

   **8. Reply:** Plaintiff's response does not dispute the material fact that the Settlement Agreement in the Probate case in the California Court sold and transferred some of the Group's property to the d/b/a name Telah Foundation by and through Mark King and Sarah King. Plaintiff's response does not dispute the material fact that Plaintiff The Evolutionary Level Above Human Foundation, Inc. was not sold and conveyed any of the Group's property in the Settlement Agreement in the California Court.

4

**9. The Settlement in the Probate case was not induced through fraud. The Settlement in the probate case occurred as described in the King Declarations [DE 67-1] and as recited by this Court in its February 27, 2024 Order[DE 194].**

**9. Reply** Plaintiff's response does not dispute the material fact that the Telah Foundation, Inc. was a petitioner in the Probate case in the California Court[DE 63-1, page 2]. Plaintiff The Evolutionary Level Above Human Foundation has identified The Telah Foundation as a d/b/a name for Plaintiff. It is a matter of law that a d/b/a name is not the true name of a corporation. Therefore, the Settlement Agreement in the Probate case in the California Court was induced through fraud as a petitioner was the Telah Foundation, Inc. Plaintiff did not provide the Court with any evidence that verifies that the Telah Foundation is a legal, incorporated entity.

**10. Plaintiff owns the intellectual property at issue in this case, including Exhibits A, B, F & G. This is confirmed in the King's declarations and the Settlement Agreement.**

**10. Reply:** Plaintiff's response does not dispute the material fact that the copyright claimant in Plaintiff's Exhibits A, B, F & G is The Telah Foundation. Plaintiff's response does not dispute the material fact that Plaintiff The Evolutionary Level Above Human Foundation has identified The Telah Foundation as a d/b/a name for Plaintiff. Plaintiff's response does not dispute the matter of law that a d/b/a name is not a legal entity unto itself that may own property in its name. Plaintiff's response does not dispute the material fact that Plaintiff The Evolutionary Level Above Human Foundation is not the copyright claimant in Plaintiff's Exhibits A, B, F & G.

**11. Two of Plaintiff's trademark registrations list the owner as The Evolutionary Level Above Human Foundation ( Arizona Corporation ) DBA The Telah Foundation.**

Plaintiff's remaining trademark and the copyrights list The Telah Foundation, which is Plaintiff's d/b/a.

11. **Reply:** Plaintiff's response does not dispute the material fact that the copyright registrations in Plaintiff's Exhibits A, B, F & G are registered to the d/b/a name The Telah Foundation and not to Plaintiff, The Evolutionary Level Above Human Foundation. Plaintiff's response does not dispute the material fact that Plaintiff's Exhibit E is registered to The Telah Foundation(Arizona Corporation) and not to Plaintiff, The Evolutionary Level Above Human Foundation. As Plaintiff The Evolutionary Level Above Human Foundation has now stated that it is an Arizona incorporated entity Defendant concedes that Plaintiff owns the trademark registrations in Plaintiff's Exhibits C & D.

12. **Plaintiff's name registered with the Arizona Corporation Commission is "The Evolutionary Level Above Human Foundation", [DE 277-1 at 3] Plaintiff has the capacity to sue in this Court.**

12. **Reply:** Plaintiff's response cites the non-existent Docket Entry 277-1 for a second time in Plaintiff's responses to Defendant's statements of material facts. Plaintiff's response does not identify The Evolutionary Level Above Human Foundation as an entity incorporated in the state of Arizona but rather 'registered with the Arizona Corporation Commission'.

13. **Plaintiff's name registered with the Arizona Corporation Commission is "The Evolutionary Level Above Human Foundation". [DE 277-1 at 3]. Mark King and Sarah King are the Foundation's officers and they took office on the date of incorporation.**

13. **Reply:** Plaintiff's response again cites the non-existent Docket Entry 277-1.

Plaintiff's response identifies Mark King and Sarah King as the 'Foundation's officers' who 'took office on the date of incorporation'. Plaintiff's response does not identify Mark King and Sarah King as the Officers and Directors of The Evolutionary Level Above Human Foundation, Inc., an Arizona Nonprofit Corporation[Exhibit B in Defendant's Motion For Summary Judgment].

**14. The registrations were not obtained through fraud.**

**14. Reply:** Plaintiff's response does not acknowledge the material fact that the copyright claimant in Plaintiff's Exhibits A, B, F & G is The Telah Foundation and not Plaintiff The Evolutionary Level Above Human Foundation. Plaintiff has identified The Telah Foundation as a d/b/a name for Plaintiff. It is a matter of law that a d/b/a name is not a legal entity that may own property in the name of the d/b/a, including the intellectual property in a copyright registration. Therefore, the copyright registrations in Plaintiff's Exhibits A, B, F & G, in which The Telah Foundation is the copyright claimant, were induced through fraud on the U.S. Copyright Office,

**15. Agreed. The Telah Foundation is The Evolutionary Level Above Human's d/b/a. See Decl. of Mark King [DE 67-1} at paragraph 2; [DE 132 at paragraph 4]**

**15. Reply:** Plaintiff's response does not address the fact that The Telah Foundation is not a legal entity but the d/b/a name for Plaintiff The Evolutionary Level Above Human Foundation. Plaintiff's response does not address the material fact that Mark King took office as President/CEO and a Director of Plaintiff The Evolutionary Level Above Human Foundation, Inc. on September 23, 1997[Exhibit B in Defendant's Motion For Summary Judgment] Therefore, Mark King signed the creditor's claim with San Diego County as alleged President of The Telah Foundation four days before Mr. King took office as the President/CEO and Director of Plaintiff

The Evolutionary Level Above Human Foundation, Inc.. [Exhibit B in Defendant's Motion For Summary Judgment]

**16. The registrations were not obtained through fraud.**

**16. Reply:** Plaintiff's response does not address the fact that Plaintiff's Exhibit E is registered to The Telah Foundation(Arizona Corporation) and not to Plaintiff The Evolutionary Level Above Human Foundation, Inc.. Plaintiff's response does not acknowledge the fact that Plaintiff has identified The Telah Foundation as a d/b/a name for Plaintiff. Plaintiff's response does not address the matter of law that a d/b/a name is not the true name of a corporation. Plaintiff's response does not address the matter of law that a d/b/a name is not a legal entity unto itself that may own property in the name of the d/b/a. Plaintiff cannot have it both ways, The Telah Foundation cannot be a d/b/a name for Plaintiff and the name of an 'Arizona Corporation'.

**17. This case was not filed based on fraudulently obtained copyright or trademark Registrations. Plaintiff submitted copies of all of the registrations-Exhibits A through G-in both its original and amended complaints.**

**17. Reply:** Plaintiff's response does not dispute the fact that the copyright claimant in Plaintiff's Exhibits A, B, F & G is The Telah Foundation and not Plaintiff The Evolutionary Level Above Human Foundation. Plaintiff's response does not dispute the fact that Mark King signed the copyright registration certificates in Plaintiff's Exhibits B, F & G as alleged President of The Telah Foundation on 9/12/1997, eleven days before Mr. King took office as President/CEO and a Director of Plaintiff The Evolutionary Level Above Human Foundation, Inc. Plaintiff's response does not dispute the fact that the trademark registration in Plaintiff's Exhibit E is registered to The Telah Foundation(Arizona Corporation) and not to Plaintiff The

8

Evolutionary Level Above Human Foundation, Inc..

**18. Plaintiff is "The Evolutionary Level Above Human Foundation" which does business as "The Telah Foundation" and which owns the intellectual property at issue in this case. Plaintiff's original complaint inadvertently omitted "foundation" and included "inc." in its initial pleading.**

**18. Reply:** Plaintiff's response does not dispute the fact that Plaintiff stated in paragraph 4 of the original complaint that Plaintiff is 'The Evolutionary Level Above Human, or Telah Foundation, Inc.' Plaintiff's response does not dispute the fact that Plaintiff stated in paragraph 4 of the amended complaint that Plaintiff is 'The Evolutionary Level Above Human Foundation or The Telah Foundation'.

Plaintiff's response states that the original complaint 'inadvertently omitted "foundation" and included "inc." in its initial pleading'. Plaintiff The Evolutionary Level Above Human Foundation has now conceded that it is an entity incorporated in the state of Arizona[Exhibit A in Defendant's Motion For Summary Judgment], therefore, Defendant is confused as to why Plaintiff states that it inadvertently included "inc" in the initial pleading ( actually it was "Inc." not "inc.") [DE 3]. Plaintiff The Evolutionary Level Above Human Foundation, Inc. was a Plaintiff in the 'second lawsuit' mentioned in paragraph 11 of the complaint[DE 79-1, page 2]. Therefore, Defendant contends that it stretches credulity to believe that an entity that has previously filed a lawsuit in its true name as an incorporated entity would inadvertently omit the word "foundation" from its true name and inadvertently include "Inc." in its initial pleading.

**19. Plaintiff is "The Evolutionary Level Above Human Foundation" which does business as "The Telah Foundation" and which owns the intellectual property**

9

**in this case. Plaintiff has filed a corporate disclosure statement.[DE 196].**

19. Reply: Plaintiff's response does not dispute the fact that Plaintiff has not filed a Corporate Disclosure Statement on behalf of The Evolutionary Level Above Human Foundation, Inc., an Arizona Nonprofit Corporation.

**20. Plaintiff has no clue as to the veracity of this claim.**

20. Reply: Plaintiff's response does not dispute Defendant's statement.

**21. This is false. Plaintiff is "The Evolutionary Level Above Human Foundation"**
**which does business as "The Telah Foundation" and which owns the intellectual**
**Property at issue in this case. Plaintiff has filed a corporate disclosure statement.**

21. Reply: Plaintiff's response does not dispute the fact that Plaintiff filed this case on behalf of a non-existent corporation, The Evolutionary Level Above Human, Inc., with a similar name to Plaintiff The Evolutionary Level Above Human Foundation, Inc.. Plaintiff's response does not dispute the fact that Plaintiff did not identify itself as an incorporated entity in two Corporate Disclosure Statements despite Plaintiff being a nonprofit corporation. [DE 155, 196, Exhibit A in Defendant's Motion For Summary Judgment].


Respectfully submitted  11/10/2025

Jason Bartel
N4051 26th LN.
Redgranite, WI 54970
jason_bartel@unioncab.com

10