# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| The Evolutionary Level Above Human Foundation d/b/a The Telah Foundation,<br><br>     Plaintiff,<br><br> v.<br><br>Stephen Robert Havel,<br>Cathy JoAnn Weaver,<br>Jason Bartel,<br><br>     Defendants. | CASE NO. 3:22-CV-395-DRL-SJF |

## PLAINTIFF'S REPLY TO DEFENDANT BARTEL'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The Evolutionary Level Above Human Foundation d/b/a The Telah Foundation (the "Foundation" or "Plaintiff") submits this reply brief to Mr. Bartel's Response to Plaintiff's motion for Summary Judgment on its claims for copyright infringement (Counts I, III, IV) and contributory infringement (Count V), and on subsidiary issues of fact related thereto. Mr. Bartel's Response Brief appears to have been filed on November 17, 2025 as pages 20–28 of Docket Entry No. 260-1. This reply, filed 14 days later, is timely pursuant to Local Rule 56-1(c). Mr. Bartel did not submit any Statement of Additional Material Facts, and, thus, Plaintiff is not filing a Reply to a Statement of Additional Material Facts as permitted by Local Rule 56-1(c)(2).

1

## I. INTRODUCTION

Mr. Bartel's Response Brief (ECF pages 22–30 of DE 260-1; hereinafter "Response") is striking with respect to the issues before the Court on summary judgment that are **not contested.** For example, in Plaintiff's Summary Judgement Brief (DE 245; hereinafter "Motion"), Plaintiff presented evidence and argued that Mr. Bartel uploaded the copyrighted Audio and Video Works online. [Motion (DE 245) at 26]. Plaintiff also presented evidence that Mr. Bartel re-uploaded the copyrighted materials and encouraged people to download these materials after his previous copies had been lawfully taken down via use of the DMCA. *Id.* Mr. Bartel does not dispute any of this. Mr. Bartel also refused to substantively respond to the related Statements of Material Facts concerning his copying of Plaintiff's copyrighted works, responding simply that he had already allegedly "proven that Plaintiff does not own Plaintiff's Exhibit A." [*See e.g.,* Response to SOF Nos. 34–47 (DE 260-2) at 8]. That is, Mr. Bartel does not dispute the evidence of his copying or uploading of the Audio works. And, further, Mr. Bartel presents no evidence supporting any contrary factual position, despite being given notice of the requirement to do so on summary judgment. [*See* DE 247 (notice to pro se litigants) at 2].

Since the elements of a copyright infringement claim are "(1) ownership of a valid copyright, and (2) copying of the constituent elements of the work that are original," the only contested issue before the Court is whether Plaintiff is the owner of the copyrights being asserted. *Design Basics, LLC v. Signature Construction, Inc.*, 994 F.3d 879, 886 (7th Cir. 2021) (citation omitted). As explained in the Motion, and below, both of these requirements are met as to Mr. Bartel and the Audio Works and summary judgment on Claim I as to Mr. Bartel is appropriate.

## II. Argument

Mr. Bartel's Response Brief is largely a re-hash of the exact same arguments raised by Mr. Bartel in his Motion for Summary Judgment [DE 227] and already responded to by Plaintiff in its Response to that Motion [DE 243]. As a result, Plaintiff respectfully asks that the Court review the more fulsome treatment of Mr. Bartel's arguments given in Plaintiff's Response [DE 243] and incorporates those arguments herein by reference. Nevertheless, to avoid any potential waiver, Plaintiff responds briefly to Mr. Bartel's ownership arguments below.

### A. Evidence of Ownership is Unrebutted

There appears to be no dispute that a true and correct copy of the registration for the copyright of the Audio Works[1], which was signed by and filed by Plaintiff's Director, Mark King, was attached to the Motion for Summary Judgment as Exhibit 1. [*See* SOF (ECF 245) at No. 5; Response to SOF (DE 260-2) at No. 5]. Mr. Bartel likewise does not dispute that this "constitutes prima facie evidence of the validity of a copyright." *Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 507 (7th Cir. 1994) (citing 17 U.S.C. § 410(c)); *ABRO Indus., Inc. v. 1 NEW Trade, Inc.*, No. 3:14-CV-1984-TLS, 2017 WL 4954698, at *4 (N.D. Ind. Oct. 30, 2017). Instead, Mr. Bartel presents four arguments as to why Plaintiff is not the owner of the copyrights at issue. Each of which are legally unsupported and must be rejected:

---

[1] "The Audiotape Library of Heaven's Gate by Ti and Do," Copyright Registration No. SRu 298-530.

3

1. The Evolutionary Level Above Human Foundation, Inc. was not the Alleged Corporation that was Petitioner in the Probate Case in the California Superior Court.

2. The Litigation with San Diego County did not end with a consent decree that conveyed all the group's intellectual property rights to TELAH FOUNDATION by and through Mark King and Sarah King.

3. Plaintiff The Evolutionary Level Above Human Foundation, Inc. does not own the intellectual property in Plaintiff's Exhibits A, B, E, F & G.

4. Mark King has signed multiple documents in this case under penalty of perjury as President of a non-existent corporation, The Evolutionary Level Above Human, Inc.

[Response (DE 260-1) at ECF p. 22–25].

### B. Mr. Bartel's First Argument "That The Evolutionary Level Above Human Foundation, Inc. was not the Alleged Corporation that was Petitioner in the Probate Case in the California Superior Court" is Wrong.

First, Mr. Bartel, citing his own Motion for Summary Judgment at Exhibit G, states that the original creditors claim filed in the Probate case (California Case No. PN022228) was filed by The Telah Foundation by its President Mark King. [Response (DE 261-1) at ECF p. 22, citing DE 227-1 at ECF p. 19]. On this point, the parties agree. As Mr. Bartel correctly points out, this creditors claim was deliberately held and not filed until *the day after* Plaintiff was recognized by the State of Arizona as a corporation. *Compare id.* (identifying the filing date as September 24, 1997) *with* DE 227 at Ex. A (Plaintiff's Certificate of Good Standing from the State of Arizona showing date of incorporation as September 23, 1997). Once Plaintiff was recognized by the State of Arizona, on the very next day, Plaintiff, doing business as "The Telah Foundation," filed the creditor's claim. The evidence

4

on this is unrebutted. [*See e.g.,* SOF Nos. 4–18; Ex. 6-A at ¶ 9, declaration of Mark King stating that it was Plaintiff, "The Foundation [who] filed a creditor's claim in connection with the consolidated and jointly administered probate proceedings for the Decedents, and a three-day trial ensued over the ownership of certain property, including the intellectual property being asserted in this case."].

Mr. Bartel's argument appears to be that since Plaintiff used its d/b/a to file the creditor's claim, Plaintiff was not the party behind that claim. Mr. Bartel asserts, without citation, that "it is a matter of law that a d/b/a name such as the Telah Foundation is not a legal entity that may be a plaintiff in a lawsuit or own property on the name of the d/b/a." But none of this is true, and Mr. Bartel has presented ***no*** evidence or case law that supports this argument. Indeed, Mr. Bartel seems to be raising this argument simply to unnecessarily draw out this litigation, since Plaintiff has responded to this argument many times already and Mr. Bartel keeps raising it without any citation of any supporting case law or statute. As Plaintiff stated in its recent filing, the law across the country is that companies ***can*** use d/b/a's:

> To the extent Mr. Bartel is arguing that the use of a "d/b/a" in place of the full legal name of a legal entity is not permitted. That argument is just wrong. For example, in the recent Seventh Circuit case, *Rock Hemp Corp. v. Dunn*, 51 F.4th 693, 703 (7th Cir. 2022), the Court stated, "[i]n contrast to Rock Hemp's assertion that d/b/as or fictitious entities cannot enter into a contract, Wisconsin law dictates that not only can such an entity enter into a contract, but the real actor behind the fictitious name can enforce the contract, seek remedies, and is responsible for judgments." *Id.* (citing *Howells v. Albert*, 37 Misc.2d 856, 236 N.Y.S.2d 654, 657 (N.Y. App. Div. 1962) ("The use of an assumed name, if not employed for deceitful or dishonest purposes, is legal.")). The use of assumed names or d/b/a's have been allowed in this country for over one hundred years. *See e.g., California Packing Corp. v. Kandarian*, 62 Cal. App. 729, 731, 217 P. 805, 806 (Cal. Ct. App. 1923) ("Without abandoning his real name,

5

> a person may adopt any name, style, or signature wholly different from his own name by which he may transact business, execute contracts, issue negotiable paper, and sue and be sued." (citing *Emery v. Kipp*, 154 Cal. 83, 86, 97 Pac. 17, 19 L. R. A. (N. S.) 983; *Badger Lumber Co. v. Collinson*, 97 Kan. 791, 156 Pac. 724)). The same is true under the law of Arizona. *See e.g.,* Arizona Revised Statutes § 44-1236 (establishing registration scheme for use of fictitious names); *see also Lee Dev. Co. v. Papp*, 166 Ariz. 471, 476, 803 P.2d 464, 469 (Ariz. Ct. App. 1990) ("Papp argues that the assignment is invalid because there is no 'Lee Company.' We do not agree. The record shows, and the trial court found, that 'The Lee Company' was a fictitious name used by George Lee for Lee Development Company."). Indeed, the Arizona Court of Appeals was clear in *Kitchell Corp. v. Hermansen*, 8 Ariz. App. 424, 428, 446 P.2d 934, 938 (1968) that,
>
>> A corporation may do its business under an assumed or trade name. 6 *Fletcher Cyclopedia Corporations*, § 2442.1 (1968); 56 A.L.R. 451 (1928). It may acquire this fictitious name by either use or reputation. *B. Di Medio & Sons, Inc. v. Camden Lumber & Millwork Co.*, 23 N.J.Super 365, 93 A.2d 45 (1952). The validity of a contract entered into by a corporation under a name other than its incorporated name does not depend upon whether the name is known to be fictitious, but upon whether the name is used in good faith by the party adopting it. *William Gilligan Co. v. Casey*, 205 Mass. 26, 91 N.E. 124 (1910); 6 Fletcher, supra, § 2442.1.
>
> *Kitchell*, 8 Ariz. App. at 428, 446 P.2d at 938. As such, Mr. Bartel's argument that Plaintiff cannot do business using the acronym "The Telah Foundation" while being named "The Evolutionary Level Above Human Foundation" is completely wrong and unsupported.

[DE 243 (Plaintiff's Response to Bartel's Motion for Summary Judgment) at 6–8]. Despite having access to this case law and arguments since at least October 30, when Plaintiff filed the above response, Mr. Bartel has raised the same argument without

6

*any* legal support. Mr. Bartel's contention that Plaintiff cannot operate as a d/b/a is simply not true.

Furthermore, to the extent there was any procedural irregularities to using a d/b/a in a California-state creditor's claim in 1997, Mr. Bartel has presented *zero* legal basis or argument that such an irregularity would defeat an otherwise valid consent agreement which was intended to be final and binding as to the *res* being disposed of as to the entire world. *See* Cal. Civ. Proc. Code § 1908 (West) (emphasis added); *Est. of Redfield,* 193 Cal. App. 4th at 1534 (*citing Heiser v. Superior Court,* 88 Cal.App.3d 276, 278, 151 Cal.Rptr. 745 (1979) ("Although the probate court's jurisdiction under section 850 is not exclusive, a final judgment from the probate court is conclusive against "'the whole world' and not just the parties to the litigation")). As a result, this argument must be rejected.

### C. Mr. Bartel's Second Argument "The Litigation with San Diego County did not end with a consent decree that conveyed all the group's intellectual property rights to TELAH FOUNDATION by and through Mark King and Sarah King" is Wrong.

Next, Mr. Bartel appears to argue that Plaintiffs are not owners of the relevant copyrights because Plaintiff had previously filed copyright registrations and, therefore, (in some unexplained way) the copyrights were not part of the estate being administered. [*See* Response at ECF p. 24 ("the intellectual property created by the Group in The Telah Foundation's seven September and October of 1997 copyright registrations was not a part of the settlement agreement.)].

This same argument was raised, and responded to, in Plaintiff's Opposition to Mr. Bartel's Motion for Summary Judgment. [DE 243 at 18–19]. As stated there,

> Mr. Bartel's arguments appear to simply ignore the history. . . . Plaintiff believed (and continues to believe) it obtained rights to all

> of the intellectual property of the decedents via the execution of "powers of attorneys provided and a clear intent to convey the property." [DE 81-1 (Decl. of Mark King) at 2-4 and Exhibits 1 and 2]. The probate court judge disagreed and Plaintiff appealed. *Id.* at ¶ 12. Plaintiff settled with the Public Administrator while the case was on appeal, and the probate court confirmed the settlement agreement and confirmed the conveyance of intellectual property to Plaintiff. *Id.* While Plaintiff continues to believe it would have prevailed on appeal and is the correct copyright claimant, to the extent that the original clamant should have been the Public Administrator who then assigned the copyrights to Plaintiff, this is exactly what the Safe Harbor provision under § 411 protects. Plaintiff certainly did not know that it was not a proper clamant when it filed the registrations. (It would not have hired attorneys and litigated for years with the Public Administrator if Plaintiff knew it was not the correct owner of the property.) To the extent it turned out to be a mistake as to law or fact as to who had the right to file the registration in the late 1990s, according to the probate judge's initial ruling, such mistakes are protected by *Unicolors, Inc. v. H&M Hennes & Mauritz, L. P.*, 595 U.S. at 186.

[DE 243 at 18–19]. Further, to the extent Mr. Bartel is arguing that the consent decree did not really transfer to Plaintiff the copyrighted material at issue in this case, that issue was also raised and briefed in response to Mr. Bartel's Motion of Summary Judgment wherein Plaintiff, citing this Court's previous Order [DE 194] stated the following:

> Mr. Bartel next wants to re-litigate an issue that has been resolved for both a-year-and-a-half and over 25 years. He raised this exact issue two years ago, and this Court directly considered this argument. In its Order this Court stated:
>
>> [A]s contended by Defendants here, the California Court's decision provides that the Group's estates—not Plaintiff—had ownership over the Group's intellectual property rights. Though this decision mirrors the arguments made by Defendants here,

8

their reliance on this decision is surprising, as both Plaintiff *and* the Defendants have presented the Court with an Order Approving Settlement Agreement entered by the California Court approximately six months later, on August 11, 1999, after Plaintiff appealed the February decision. [*See* DE 63-1 at 13-24; DE 81-1 at 7-16, *in re Estates of John Michael Craig, et al.*, No. PN022228 (Cal. Super. Ct. Aug. 11, 1999)]. This order shows that Plaintiff and the Public Administrator subsequently reached an agreement regarding the disposition of the Group's intellectual property:

> *Don Billings, Public Administrator . . . hereby agrees to transfer and convey to the [Plaintiff] by through and Mark King and Sarah King all right, title, and possession, of the following property, including any intellectual property rights . . .. [T]he [Plaintiff] promises to safeguard, archive and control these items thereby agreeing not to sell them.*

[DE 63-1 at 17; DE 81-1 at 22]. The agreement also provides that "[t]he parties agree that this Agreement shall be binding on all the successors, heirs, administrators, assigns of each of the parties and the beneficiaries of their respective estates." [*Id.*]. The Court then approved the agreement "as to its form and content" and held that "the Parties may execute its terms forthwith." [DE 63-1 at 24; DE 81-1 at 29].

Thus, despite what Defendants contend, evidence presented by both parties demonstrates that the Group's intellectual property rights were transferred to Plaintiff by operation of law, through the Public Administrator's voluntary transfer of intellectual property rights to Plaintiff as part of a settlement agreement approved by the California Court. *See Taylor Corp.*, 403 F.3d at 964 (holding that a bankruptcy court order approving an asset purchase agreement transferring intellectual property rights constituted transfer by operation of law).

> [DE 194 at 17–18.] This Court then went on to address Defendants' misunderstanding of the law concerning the difference between physical property and intellectual property rights. *Id.*
>
> As this Court has already correctly held and as detailed in Mr. King's Declaration [DE 81-1], the issue of whether the Group transferred property to Plaintiff was squarely before the probate court and raised in the creditor's claim filed by Plaintiff. Regardless of the nuances of the initial ruling and the appeal and the settlement (which are explained in more detail in Plaintiff's Reply in Support of Its Preliminary Injunction [DE 87]), the result of the probate proceeding was a settlement agreement whereby Plaintiff was deemed the owner by conveyance of all the "intellectual property" belonging to the Group.

[DE 243 at 19–20]. In short, the documentation is clear, contrary to Mr. Bartel's wishes, the probate proceeding **did** end with a consent decree that conveyed all the group's intellectual property rights to Plaintiff.

### D. Mr. Bartel's Third Argument, that "Plaintiff The Evolutionary Level Above Human Foundation, Inc. does not own the intellectual property in Plaintiff's Exhibits A, B, E, F & G." is Wrong.

Here Mr. Bartel, in large part, makes the same arguments which have been refuted above. Mr. Bartel also argues, without citation of any supporting case law or evidence, that since *some* of the copyright registrations[2] were filed on September 22, 1997—the day before the State of Arizona formally recognized Plaintiff as a corporation—they are somehow invalid.

Again, Mr. Bartel provides no law to support this argument. To the extent it is somehow material, and Plaintiff should have filed the applications one day later, *again*, that does nothing to undermine the legitimacy of the copyright registrations.

---

[2] Not the Copyright Registration for the Audio Tapes at issue in Count I.

The Copyright Act has an explicit safe harbor provision: 17 U.S.C. § 411(b). That Section makes clear that even if there is inaccurate information in the certificate, it does not undermine the legitimacy of the copyright registration. This has been upheld by the Supreme Court in *Unicolors, Inc. v. H&M Hennes & Mauritz, L. P.*, 595 U.S. at 186.

### E. Mr. Bartel's Fourth Argument, that "Mark King has signed multiple documents in this case under penalty of perjury as President of a non-existent corporation, The Evolutionary Level Above Human, Inc." is Wrong.

It is beyond belief the amount of ink has been spent on the inclusion of "inc" in Plaintiff's name in its original complaint and early filings in this case, despite the fact that this Court resolved this issue two years ago. Plaintiff incorporates herein its Motion for Sanctions [DE 258] which directly addresses this issue as well as its response to Mr. Bartel's Motion for Summary Judgment which underscored how Mr. Bartel previously admitted this was a **non-issue:**

> As Mr. Bartel admitted in his previous filings, "[t]he misnomer of a corporation generally will not be treated by the Courts as material if the identity of the corporation is reasonably clear or can be ascertained by sufficient evidence." DE 124 (Bartel's Motion to Amend Title of the Proceeding) (citing 19 Am Jur. 2d Corps. § 1907.) Mr. Bartel, in the same filing admitted that he was well aware that the Plaintiff in this case was: "an Arizona Nonprofit Corporation named 'the Evolutionary Level Above Human Foundation', [i]ncorporated in the state of Arizona on September 23, 1997." *Id.* at 2. Indeed, Mr. Bartel then goes on to state that Plaintiff's name here is "sufficiently close to the true name of 'The Evolutionary Level Above Human Foundation, Inc.'" such that it is "reasonably clear" that this is simply an immaterial misnomer. *Id.* at 6. This led the Court to hold, a year-and-a-half ago, as follows:

> Mr. Bartel then explains that the named Plaintiff here "The Evolutionary Level Above Human, Inc."—cannot be the owner of the copyrights and trademarks at issue. In support, Mr. Bartel points to the trademark and copyright registrations presented here, which list "the Telah Foundation" and "the Evolutionary Level Above Human Foundation." Mr. Bartel also maintains that there is no record of any Arizona nonprofit corporation by the name of "The Evolutionary Level Above Human, Inc." According to Mr. Bartel, because the Evolutionary Level Above Human, Inc. is not the owner of the trademarks and copyrights at issue (and is a "nonexistent entity"), it cannot be the proper Plaintiff to bring this case. [DE 124 at 4].
> 
> Despite this, Mr. Bartel argues next that Plaintiff's name here is "sufficiently close to the true name of 'The Evolutionary Level Above Human Foundation, Inc.'" such that that it is "reasonably clear" that this is simply an immaterial misnomer. [DE 124 at 6]. Thus, although Mr. Bartel initially appeared to request substantive determinations from the Court on this issue, he then appears to concede this issue's immateriality. This interpretation is bolstered by Mr. Bartel's relief requested—only a technical request for an order to amend the case caption or title of the proceedings to show that the Evolutionary Level Above Human Foundation, Inc. is the Plaintiff.

[DE 193 at 2–3.]

As Mr. Bartel admits, the law is clear that this is just an immaterial misnomer. "The misnomer of a corporation generally will not be treated by the Courts as material if the identity of the corporation is reasonably clear or can be ascertained by sufficient evidence." DE 124 (Bartel's Motion to Amend Title of the Proceeding) (citing 19 Am Jur. 2d Corps. § 1907.) Indeed, Plaintiff offered to, and did in July 2023, amend its Complaint to cure the inadvertent omission of "Foundation" and inadvertent inclusion of "inc." in its initial complaint. *See* First Amended Complaint [DE 132]. As a result, any confusion over the name of the Plaintiff has been resolved for over

> two years: Plaintiff is The Evolutionary Level Above Human Foundation which does business as The TELAH Foundation.
>
> It is shocking that Mr. Bartel has again raised this as an issue after having read the Court's previous ruling. Mr. Bartel knows the law and cited it in his previous filings—courts ignore misnomers. Mr. Bartel's decision to re-raise this issue after it was already ruled on, cured by the Amended Complaint, and is an issue Mr. Bartel knows has no legal support, is simply shocking.

[DE 243 at 14–15]. Noticeably missing from Mr. Bartel's argument regarding the name of Plaintiff is *any* explanation of the relevance of this argument to this case or how inadvertently omitting "foundation" or including "inc" have any relevance to the underlying copyright infringement claims.

## III.  CONCLUSION

For the reasons stated above Plaintiff respectfully asks that the Court grant its request for summary judgment as to Count I against Mr. Bartel.

RESPECTFULLY SUBMITTED this 1st day of December 2025.

 /s/ Isaac S. Crum
MESSNER REEVES LLP
Isaac S. Crum (Pro Hac Vice)
icrum@messner.com
7250 N. 16th Street, Suite 410
Phoenix, Arizona 85020
Telephone: (602) 641-6705
Facsimile: (303) 623-0552

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of December 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the filing to the parties listed below. A copy of this filing was also sent via U.S. mail and email.

Cathy Weaver
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

Steven Robert Havel
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

Jason Bartel
N4019 Forest Drive
Hancock, WI 54943
jason_bartel@unioncab.com

*/s/ Isaac S. Crum*