UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF INDIANA

SOUTH BEND DIVISION

CASE NO. 3:22-CV-395-DRL-SJF

The Evolutionary Level Above Human Foundation,

Plaintiff

v.

Stephen Robert Havel,

Cathy Joann Weaver,

Jason Bartel

Pro Se Defendants

-FILED-

DEC 02 2025

Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

**DEFENDANT CATHY WEAVER'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

**(ND Ind. L.R. 56-1(b)(2))**

Defendant Cathy JoAnn Weaver ("Weaver"), pro se, submits the following Statement of Genuine Disputes in response to Plaintiff's Statement of Material Facts ("SOFs"), pursuant to Fed. R. Civ. P. 56 and Local Rule 56-1(b)(2). Weaver disputes the material facts below for the reasons stated, supported by the existing record and exhibits cited.

1

## I. RESPONSES TO PLAINTIFF'S NUMBERED STATEMENTS OF FACT

SOF 1–4:

Undisputed as historical background only.

Weaver lacks personal knowledge of Heaven's Gate's internal history. These facts are not material to whether Plaintiffs possess a valid copyright deposit or complete chain-of-title for the audio works at issue.

SOF 5–7:

Partially Disputed.

While the documents were submitted, Weaver disputes that the registration certificates are "true and accurate" in a legal sense because Plaintiffs' audio deposit does not match the inventory they claim to own. Plaintiffs' own logs (Exhibit H in their Complaint) show substantial gaps, missing tapes, and discrepancies inconsistent with a complete deposit.

SOF 8–21:

Disputed.

These statements claim ownership and chain-of-title but omit material facts, including:

- Plaintiffs' 1999 probate and settlement documents do not identify or inventory the audio tapes,

- Plaintiffs' deposition-quality logs show missing, unavailable, or unlocatable tapes,

- Plaintiffs never produced a complete master copy list despite repeated requests, and

- Plaintiffs' registrations are broad "group" registrations that lack a complete deposit.

2

Authenticity and ownership remain heavily disputed.

SOF 22–25:

Partially Disputed.

Weaver admits she participated in certain livestream discussions in 2021–2022 but disputes that she "broadcast" copyrighted materials knowingly or that such broadcasts involved works Plaintiffs actually registered. Plaintiffs fail to identify tapes by deposit number, registration, or authenticity. Plaintiffs' tape numbering conflicts with the Jhnody and Rkkody logs.

SOF 26–32:

Disputed.

Plaintiffs mischaracterize informal conversations and omit context. Any links mentioned were widely known online for decades and were originally distributed by third parties, including ex-member Rkkody beginning in 1997. No evidence shows that the tapes referenced were within Plaintiffs' registered works.

SOF 33–42:

Not directed at Weaver. Disputed as to her involvement.

These SOFs concern Mr. Bartel's conduct. Plaintiffs provide no evidence that Weaver participated in his archiving or postings.

SOF 43–47:

Partially Disputed.

Weaver disputes the accuracy of Plaintiffs' quotations and the implication that she facilitated mass distribution. Plaintiffs again fail to establish registration coverage for the tapes referenced.

3

SOF 48–53:

Partially Disputed.

Weaver admits she participated in some livestreams but disputes Plaintiffs' characterization, including:

- the number of tapes,
- whether they were copyrighted works properly registered,
- whether they were "public performances," and
- whether any infringement occurred.

    Plaintiffs repeatedly rely on unauthenticated logs and incomplete records.

SOF 54:

Disputed.

Plaintiffs present this as a conclusion, not a fact. Whether Defendants "have no intention of stopping" is speculative and not supported by admissible evidence.

SOF 55–62:

Partially Disputed.

The quoted livestream conversations are taken from videos Plaintiffs do not authenticate and which they acknowledge have been removed or made private. Plaintiffs give incomplete transcripts. Even if said, statements about general philosophy do not establish actionable infringement or that the works referenced were properly registered or deposited.

SOF 63–72:

Disputed.

These SOFs refer primarily to Mr. Bartel's blogging activity and do not involve Weaver. Plaintiffs present screenshots without proper authentication and fail to establish chain-of-custody or date accuracy.

SOF 73–85:

Partially Disputed.

Events described (e.g., "Re-Examined" event) are mischaracterized. Weaver disputes that these activities used copyrighted works Plaintiffs actually own or that they constituted infringement. Plaintiffs provide no authenticated evidence that any works displayed or mentioned were part of Plaintiffs' valid registrations.

SOF 86:

Partially Disputed.

Weaver's Answer acknowledged reading from a public-domain text available worldwide for decades, and Plaintiffs have not shown that the version they reference is identical to any registered version they claim to own.

## II. SUMMARY OF DISPUTED ISSUES OF MATERIAL FACT

1. Plaintiffs have not produced a complete, authenticated tape library matching their copyright deposit SRU 001552631.

2. Multiple tape logs conflict (Plaintiffs' Exhibit H vs. Jhnody vs. Rkkody CDs).

3. Plaintiffs acknowledge missing, unavailable, or unverified tapes, defeating chain-of-title and authenticity.

4. Plaintiffs' registrations do not identify which specific tapes were deposited, if any.

5. Plaintiffs' records show no master inventory from 1975–1997 of "486" tapes they now claim to own.

6. Plaintiffs repeatedly filed documents containing personal information in violation of prior court orders (Dkt. 117).

7. Plaintiffs rely extensively on inadmissible videos, unverified screenshots, and hearsay statements.

8. Plaintiffs' legal conclusions (e.g., infringement, intent, control of a channel) are not facts and remain disputed.

## III. ADDITIONAL MATERIAL FACTS REQUIRING DENIAL OF SUMMARY JUDGMENT

1. Plaintiffs' copyright registration for the Audio Tape Library (SRU 001552631) is defective. Their own logs show hundreds of inconsistent tape numbers, gaps, and missing recordings.

2. Plaintiffs' chain of title is incomplete.

The 1999 probate settlement never identifies any audio tapes.

3. Plaintiffs produced no authenticated master list of tapes.

All lists in the record conflict with each other.

4. Plaintiffs themselves distributed tapes to the public.

Plaintiffs sent Weaver audio links in 2021 and earlier.

5. Plaintiffs failed to comply with redaction orders.

Plaintiffs disclosed Weaver's social security digits and home address in multiple filings, contrary to the court's June 2023 order.

6. No evidence shows that any tape Weaver discussed was part of the copyright registrations.

7. Plaintiffs' own Exhibit H shows at least 250+ "missing," "not available," or blank tapes.

8. Any sharing or discussion by Weaver involved works already publicly distributed for decades by third parties.

9. Plaintiffs' evidence of intent is video clips they fail to authenticate.

## IV. CONCLUSION

Because Plaintiffs' SOFs rely on disputed evidence, unauthenticated materials, and incomplete records, and because numerous genuine disputes exist regarding ownership, deposit adequacy, chain-of-title, authenticity, and factual allegations, summary judgment must be denied.

Respectfully submitted,

Dated: 11/29/2025

*Cathy Weaver* (signature)

Cathy Weaver

5776 Grape Rd.

Suite 51

PMB# 121

Mishawaka, IN. 46545

Sawcat575@gmail.com

Pro Se Defendant

CERTIFICATE OF SERVICE

I certify that on this date I mailed or otherwise served a true and correct copy of this Statement of Genuine Disputes upon all parties of record.

Date: 11/29/2025