UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF INDIANA

SOUTH BEND DIVISION

CASE NO. 3:22-CV-395-DRL-SJF

The Evolutionary Level Above Human Foundation,

    Plaintiff

v.

Stephen Robert Havel,

Cathy Joann Weaver,

Jason Bartel

    Pro Se Defendants

-FILED-

DEC 02 2025

Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

## DECLARATION OF CATHY JOANN WEAVER

I, Cathy JoAnn Weaver, declare and state as follows:

### 1. Background

1. I am a Defendant in this action and make this declaration based on my own personal knowledge unless otherwise stated.

2. I make this declaration in support of my Opposition to Plaintiff's Motion for Summary Judgment and my Statement of Genuine Disputes.

### 2. My Involvement With Heaven's Gate Materials

3. Before this lawsuit, I had never claimed any ownership rights in any Heaven's Gate–related material and did not intend to infringe any rights.

4. My understanding of the audio materials came from publicly available information online that was long before I ever met co-defendant Havel in 2021.

5. I was aware that some audio tapes had been in public circulation for years before this lawsuit without any legal objections from Plaintiffs.

### 3. Plaintiffs' Tape Lists and Registrations Are Incomplete and Inconsistent

6. I have reviewed Plaintiffs' tape logs, including the tape list attached to their Complaint (Exhibit H), which contains entries labeled "missing," or "not available."

7. I have also reviewed a tape log I understood came from Rkkody from CDs I'm told he received from the Group in 1997.

8. I am not aware of Plaintiffs ever producing a complete, authenticated, or verified "master list" of all audio works supposedly owned by the Foundation.

### 4. Plaintiffs Never Showed That Any Specific Tape Played on Livestreams Was Covered by their Registrations

9. Plaintiffs never provided proof that any specific audio file played on a livestream was (a) a registered work, (b) included in a valid copyright deposit.

10. Plaintiffs' claims rely on tape numbers, but tape numbers do not appear on their copyright registrations, and the deposit copy for SRU 001552631 has never been produced.

11. Plaintiffs' Motion repeatedly assumes that all "tapes" are properly registered without clearly identifying which tapes match which registrations.

## 5. Plaintiffs Sent Audio Materials Directly to Me in 2021

12. Before this lawsuit, Plaintiffs themselves sent me links to several audio recordings when I emailed them asking how to hear them.

13. Plaintiffs did not claim these tapes were copyrighted or restricted; they simply told me the materials were for "personal use," which I understood to mean they were already widely available.

## 6. I Never Uploaded Any Audio Tapes to Google Drive or Any Other Platform

14. I have never uploaded any audio files to Google Drive, 4shared, or archive websites.

15. I did not collaborate with Defendant Bartel in anything. I had never met him and hardly knew him.

16. Plaintiffs' paragraphs referring to Mr. Bartel's conduct do not involve me.

## 7. My Limited Participation in Livestreams

17. My participation in livestream discussions was limited to commentary, questions, and reactions.

18. Co-Defendant Havel selected which audio files, if any, were played.

19. I did not control the YouTube channel, did not operate its upload functions, and did not manage any file-sharing links.

3

20. When I mentioned "links" on a livestream, I was referring to online links widely known for years, not links created or uploaded by me.

### 8. The T-Shirts

21. I participated in making a small number of T-shirts with general imagery or wording relating to Heaven's Gate, but I stopped selling the designs immediately when Plaintiffs indicated that certain elements might be trademarked.

22. About nine shirts were sold.

23. I never intended to use any protected design and discontinued all designs as soon as Plaintiffs raised an issue.

### 9. Plaintiffs' Evidence Is Incomplete, Selective, or Improperly Authenticated

24. Many of the videos Plaintiffs rely on have been altered, set to private, or removed, sometimes years before this lawsuit.

25. Plaintiffs did not provide original timestamps, metadata, or authenticated transcripts.

26. Screenshots provided by Plaintiffs do not identify when or by whom they were captured and do not show complete context.

### 10. Redaction Order Violations

27. Plaintiffs repeatedly disclosed my personal identifying information despite the Court's June 16, 2023 Order (Dkt. 117) requiring redaction of such information.

28. Plaintiffs again attached documents showing my private home address and portions of my social security number in a summary judgment exhibit.

29. Plaintiffs' repeated failure to comply with this Order has caused me harm, stress, and fear for my safety.

## 11. No Intent to Infringe

30. At all times, I acted in good faith based on my understanding that the tapes were already widely available from third parties.

31. I did not intend to infringe any copyrights, did not profit from audio materials, and ceased shirt designs immediately upon learning of potential issues.

32. Nothing I have done was intended to harm Plaintiffs or violate the law.

## 12. Plaintiffs' Damages Claims Are Speculative

33. Plaintiffs have not shown any actual losses or harm caused by me.

34. No evidence exists that I caused any decline in sales, licensing, or control.

35. Plaintiffs improperly rely on speculation and conclusions rather than facts.

## 13. Plaintiffs' Statements of Intent Are Mischaracterized

36. Any livestream statements cited by Plaintiffs were informal discussions, often about philosophy or concerns about history being lost.

37. These were not declarations of ongoing infringement or refusal to obey the law.

38. Plaintiffs cite snippets out of context and without authentication.

## 14. Conclusion

39. Based on the above facts, I respectfully state that Plaintiffs have not shown ownership of a complete, authenticated tape library, have not matched any specific tape to a valid registration, and rely heavily on evidence that is incomplete, taken out of context, or not properly authenticated.

40. Significant genuine disputes of material fact exist, and summary judgment should be denied.

## Verification Under 28 U.S.C. § 1746

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 29 day of November, 2025

Savannah, Georgia

Respectfully submitted,

Dated:

*Cathy Weaver*

Cathy Weaver, Pro Se Defendant

5776 Grape Rd., Suite 51

PMB# 121

Mishawaka, IN. 46545

Sawcat575@gmail.com

6