**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| The Evolutionary Level Above Human Foundation d/b/a The Telah Foundation,<br><br>                        Plaintiff,<br>          v.<br><br>Stephen Robert Havel,<br>Cathy JoAnn Weaver,<br>Jason Bartel,<br><br>                        Defendants. | CASE NO. 3:22-CV-395-DRL-SJF |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS**

**AGAINST DEFENDANT BARTEL**

Mr. Bartel's Response [DE 263 ("Response")] completely ignores the heart of Plaintiff's Motion: That Mr. Bartel has repeatedly and needlessly raised baseless arguments that "are unsupported by any law or legal analysis." [DE 258 ("Motion") at 1]. Keeping to form, Mr. Bartel's Response continues this pattern and is **devoid of even a single cite to a case, statute or rule.** Indeed, Mr. Bartel's response is just further regurgitation of the same baseless arguments.

Rule 11 *requires* that arguments being raised "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed.R.Civ.P. 11(b). Mr. Bartel has continued to fail to cite any such law that supports any of his arguments. To the contrary, Mr. Bartel's response merely doubles down on his strategy of identifying times where typographical differences appeared in Plaintiff's documents (*see e.g,* ¶¶ 1–7) and then ***completely making up law that is allegedly violated by these typographical differences.***

For example, after identifying the differences in various filings, Mr. Bartel states "It is a matter of law that a d/b/a name is not a legal entity that may be a copyright claimant and/or own property in the name of the d/b/a." *Id.* at ¶¶ 8. There is ZERO cited authority or law cited by Mr. Bartel supporting this argument and, indeed, he continues to fail to do any inquiry to determine if that is indeed the law as required by Rule 11. *Berwick Grain Co. v. Ill. Dep't of Agric.*, 217 F.3d 502, 504 (7th Cir.2000) (quoting *Independent Lift Truck Builders Union v. NACCO Materials Handling Grp., Inc.*, 202 F.3d 965, 969 (7th Cir.2000)). As stated in Plaintiff's Motion, this is likely,

> . . . because Mr. Bartel actually KNOWS that his arguments are legally unsupported. He admitted in his filing that the law was the exact opposite: "[t]he misnomer of a corporation generally will not be treated by the Courts as material if the identity of the corporation is reasonably clear or can be ascertained by sufficient evidence." DE 124 (citing 19 Am Jur. 2d Corps. § 1907.)

Motion at n. 2.

Mr. Bartel continues this pattern of completely failing to do any legal research throughout the remainder of his Response (just as he did in all of his other filings, including his motion for summary judgment). For example, Mr. Bartel's then boldly proclaims:

> Plaintiff's Exhibits A, B, F & G are registered to Plaintiff's d/b/a name The Telah Foundation and not to Plaintiff The Evolutionary Level Above Human foundation is enough evidence to refute all allegations of copyright infringement against defendants."

Response at 5. Again, however, there is ZERO law supporting this proclamation—indeed it is **wrong**. Mr. Bartel knows this. He has received copies of multiple filings by Plaintiff that explain that the law is the exact opposite—companies have been using d/b/a's for over a hundred years. *See e.g.,* DE 243 at 5–8, 9–10 (citing multiple cases showing use of d/b/a's); *Lee Dev. Co. v. Papp*, 166 Ariz. 471, 476, 803 P.2d 464, 469 (Ariz. Ct. App. 1990) ("Papp argues that the assignment is invalid because there is no 'Lee Company.' We do

not agree. The record shows, and the trial court found, that 'The Lee Company' was a fictitious name used by George Lee for Lee Development Company.").

Mr. Bartels follow up declarations are all similarly wrong and devoid of any case or law or statute cited by Mr. Bartel.  They are merely his (incorrect) pronouncements as to what the law is:

- *It is simply wrong and unsupported* that "[t]he fact that Plaintiff's Exhibit E is registered to 'The Telah Foundation(Arizona Corporation)' and not to Plaintiff The Evolutionary Level Above Human Foundation is enough to prove that Plaintiff's Exhibit E was induced through fraud on the U.S. Patent and Trademark Office. (Response, 5.)

- *It is simply wrong and unsupported* that "the non-existent corporation The Telah Foundation, Inc. was a petitioner in the Probate Case in the California Court, Case NO. PN022228, and not Plaintiff The Evolutionary Level Above Human Foundation, is enough to prove the Settlement Agreement in the Probate case in the California Superior Court was induced through fraud." (Response, 6).

It is not the fact that he is wrong that is the issue here—it is the fact that Mr. Bartel refuses to do any legal research or do any inquiry to see what the law actually is.

As this Court has already held, "Mr. Bartel [was] fil[ing] multiple motions raising duplicative, unsupported arguments", "[d]espite Rule 11's mandate."  [DE 193].  This activity shows, at a bare minimum, reckless indifference to the law, and more likely a brazen disrespect for this Court and its rulings and a disrespect for this Court's and Plaintiff's time.  Despite being told his arguments were unsupported and nothing more than "nitpicking", Mr. Bartel has continued to act in an objectively unreasonable manner by filing new motions, including a summary judgment motion, related to this same arguments

3

which simply have no legal or factual basis. *Jolly Group, Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir.2006).

There must be some accountability for Mr. Bartel's conscious decision to drive up the cost of this litigation by deliberately ***failing to do any legal research with respect to any of his arguments, deliberately ignoring contrary case law provided to him, and his repeated decision to baselessly smear—and accuse of fraud—Plaintiff, its directors, and its counsel.***

For the reasons stated above and in its Motion, Plaintiff requests this Court grant Plaintiff's Motion for Sanctions and for Attorneys' Fees and Order Plaintiff to File an Affidavit of Fees documenting the fees incurred in responding to Mr. Bartel's 21 unsupported and baseless motions.

Respectfully submitted, December 4, 2025.

**MESSNER REEVES, LLP**

By: */s/ Isaac S. Crum*
MESSNER REEVES LLP
Isaac S. Crum
(Pro Hac Vice)
icrum@messner.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the filing to the parties listed below. A copy of this filing will also be sent via U.S. mail and email.

Cathy Weaver
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

Jason Bartel
N4051 26th Lane
Redgranite, WI 54970-7087
jason_bartel@unioncab.com

Steven Robert Havel
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

By: /s/ *Isaac S. Crum*

5