UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| The Evolutionary Level Above Human Foundation d/b/a The Telah Foundation, <br><br> Plaintiff, <br> v. <br><br> Stephen Robert Havel, <br> Cathy JoAnn Weaver, <br> Jason Bartel, <br><br> Defendants. | CASE NO. 3:22-CV-395-DRL-SJF |

**PLAINTIFF'S REPLY TO DEFENDANTS HAVEL AND WEAVER'S STATEMENTS OF ADDITIONAL MATERIAL FACT PURSUANT TO L.R. 56-1**

Pursuant to Local Rule 56-1(c)(2), Plaintiff The Evolutionary Level Above Human Foundation d/b/a The Telah Foundation ("The Foundation") responds to the additional "material facts" submitted by Defendants Weaver [DE 269]. Defendant Havel did not have any separately listed additional material facts, so no response is submitted for Mr. Havel's filing [DE 271].

I.   **RESPONSE TO MS. WEAVER'S STATEMENTS OF ADDDITIONAL MATERIAL FACTS.**

**Weaver Additional Fact No. 1**: "Plaintiffs' copyright registration for the Audio Tape Library (SRU 001552631) is defective. Their own logs show hundreds of inconstant tape numbers, gaps, and missing recordings."

1

**Plaintiff's Response:** This is a legal conclusion not a fact. Ms. Weaver has cited no case law supporting her argument that the copyright registration is "defective" due to inconsistent logs (or for any other reason). Ms. Weaver has also failed to cite to any admissible evidence supporting this alleged fact. Furthermore, as shown in the log produced in this case, there are not "hundreds of inconstant tape numbers, gaps, and missing recordings." [*See* DE 120 at Exhibit 1.]

**Weaver Additional Fact No. 2**: "Plaintiffs' chain of title is incomplete. The 1999 probate settlement never identifies any audio tapes."

**Plaintiff's Response:** This is a legal conclusion not a fact. Ms. Weaver has cited no case law supporting her argument that the "chain of title is incomplete." Ms. Weaver has also failed to cite to any admissible evidence supporting this alleged fact. Plaintiff agrees that the 1999 probate settlement does not identify any audio tapes. As stated repeatedly, this "fact" seems to conflate physical property with intellectual property. The 1999 probate settlement *does* identify all "intellectual property." *See* Plaintiff's SOF 20–24 (citing Exhibit 6-A (February 13, 2023 Decl. of Mark King) at ¶ 14; Exhibit 6-2 at 11:7-8).

**Weaver Additional Fact No. 3**: "Plaintiff produced no authenticated master list of tapes. All lists in the record conflict with each other."

**Plaintiff's Response:** This is a legal conclusion not a fact. Plaintiffs did produce a list of tapes. [*See* DE 120 at Exhibit 1.] Plaintiff does not know what would make a list a "authenticated master list."

**Weaver Additional Fact No. 4**: "Plaintiffs themselves distributed tape to the public.  Plaintiffs sent weaver audio links in 2021 and earlier."

**Plaintiff's Response:**  Plaintiff does not dispute that has and continues to distributed copies of tapes "for personal use".

**Weaver Additional Fact No. 5**: "Plaintiffs [sic] failed to comply with redaction orders.  Plaintiffs disclosed Weaver's social security digits and home address in multiple filings, contrary to the court's June 2023 order."

**Plaintiff's Response:**  This is not a fact, and it is false. The "order" Plaintiff is alleged to have failed to comply with was fabricated.  Plaintiff has briefed this issue in DE 252.

**Weaver Additional Fact No. 6**: "No evidence shows that any tape Weaver discussed was part of the copyright registrations."

**Plaintiff's Response:**  This is false.  Defendants Havel and Weaver have played the following audio tapes jointly on their YouTube channel: Tape Nos. 149, 263, 4, 30, 161, 156, 11, 54, 52, 50, 200, 201, 202, 203, and 204.  *See* SOF 29 (citing [DE 1 at ¶ 51; DE 20 (Answer of Havel) at 24, ¶ 51 ("admit[ting] that these are some of the audio tape[s] played for the public").]

**Weaver Additional Fact No. 7**: "Plaintiffs' [sic] own Exhibit H shows at least 250 + "missing" "not available" or blank tapes."

**Plaintiff's Response:**  Exhibit H to the First Amended Complaint [DE 132-8] is a printout of Mr. Havel's website.  Plaintiff does not dispute that Mr. Havel's websites shows missing tapes.

**Weaver Additional Fact No. 8**: "Any sharing or discussion by weaver involved works already publicly distributed for decades by third parties."

**Plaintiff's Response:**  Plaintiff does not dispute that the audio tapes Ms. Weaver played on her YouTube channel were distributed by others previously.

**Weaver Additional Fact No. 9**: "Plaintiffs' [sic] evidence of intent is video clips they fail to authenticate."

**Plaintiff's Response:**  This is a legal conclusion. There is no intent requirement for copyright infringement. "Copyright infringement is a strict liability offense." *Design Basics, LLC v. Big C Lumber Co. Inc.*, No. 3:16-CV-53-HAB, 2019 WL 3285958, at *9 (N.D. Ind. July 22, 2019) (citing *Boehm v. Zimprich*, 68 F. Supp. 3d 969, 977 (W.D. Wisc. 2014)).

Respectfully Submitted December 16, 2025.

        **MESSNER REEVES, LLP**

        By: /s/ Isaac S. Crum
           MESSNER REEVES LLP
           Isaac S. Crum
           (Pro Hac Vice)
           icrum@messner.com
           *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the filing to the parties listed below. A copy of this filing will also be sent via U.S. mail and email.

Cathy Weaver
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

Jason Bartel
N4051 26th Lane
Redgranite, WI 54970-7087
jason_bartel@unioncab.com

Steven Robert Havel
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

By: /s/ *Isaac S. Crum*