-FILED-
SEP 14 2026
At ____ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

THE EVOLUTIONARY LEVEL ABOVE HUMAN FOUNDATION,

Plaintiff,

V,

STEVEN ROBERT HAVEL, et al.,

Defendants

CASE NO.3:22-CV-395-DRL

**MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**

Defendant Bartel hereby moves the Court for Leave to file a Motion For Reconsideration of the Court's Order granting Plaintiff partial Summary Judgment[DE 276]. In support of the Motion For Leave to file a Motion For Reconsideration Defendant presents the following brief highlighting docketed, judicially referenced evidence from the relevant California Probate case files. As the Court's Order granting Plaintiff partial Summary Judgment is an interlocutory order the Order is subject to revision at any time prior to the entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b).

# BRIEF SUPPORTING DEFENDANT'S REQUEST FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION

The probate case files[DE 63-1]that have been judicially referenced in the case before this Court[DE 194, pages 16,17, 18] clearly demonstrate that Plaintiff was not granted 'all of the intellectual property rights belonging to the Group' 'in litigation with San Diego County' as Plaintiff claimed in paragraph 10 of the complaint. Rather, The Telah Foundation was transferred the intellectual property rights solely to property that had been 'held by the Public Administrator'[DE 63-1, page 16, ¶ 7]. Furthermore, the August 1999 Settlement was not a 'consent decree' as Plaintiff claimed in paragraph 10 of the complaint but an 'agreement…to sell…and to convey trust property'[DE 63-1, page 13].

Moreover, as Defendant demonstrated in Defendant's Status Report Plaintiff's four September and October 1997 copyright registrations, submitted as Exhibits A, B, F and G, cannot be for the same intellectual property that was sold and conveyed to The Telah Foundation in the August of 1999 Settlement in the Probate case in the California Court.

As Plaintiff's complaint contains numerous chronological impossibilities regarding the provenance of the intellectual property in Plaintiff's Exhibits A, B, F and G, Defendant contends that the judicially referenced and docketed evidence presented in Defendant's proposed Motion To Reconsider unequivocally proves Plaintiff's lack of standing and chain of title defects. Furthermore, the proposed Motion will serve judicial economy by eliminating the need for proceeding to a Damages phase, resolve a remaining Count and Defendants' counterclaims as well as eliminating the need for the Court to evaluate Plaintiff's sanctions currently granted against Defendant Bartel.

Due to the indisputable evidence in the Probate case files that are in the existing docket and of which Defendant has obtained certified copies from the Superior Court of California, Defendant requests leave of the Court to file a Motion For Reconsideration under Federal Rule 54(b) attached as Exhibit A.

Respectfully Submitted,

Jason Bartel
N4051 26th LN
Regranite, WI 54970

9/05/2026