-FILED-
SEP 14 2026
At ____ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

THE EVOLUTIONARY LEVEL ABOVE HUMAN FOUNDATION,

Plaintiff,

V,

STEVEN ROBERT HAVEL, et al.,

Defendants

CASE NO.3:22-CV-395-DRL

**MOTION FOR RECONSIDERATION**

In accordance with Fed. Rule of Civ. Procedure 54(b) Defendant Bartel hereby moves the Court for an Order that Reconsiders the Partial Summary Judgment granted to Plaintiff[DE 276]. In support of the Motion For Reconsideration Defendant presents the following brief including evidence from judicially referenced California Probate Court case records that have been in the existing docket since 2022.

## I. INTRODUCTION & RELIEF SOUGHT

Defendant respectfully moves the Court under **Federal Rule of Civil Procedure 54(b)** for reconsideration to vacate the Court's granting of partial Summary Judgment to Plaintiff. As a pro se litigant, Defendant admits to previously raising numerous procedurally defective or largely irrelevant arguments. However, incontrovertible evidence already in the Court's docket for nearly four years reveals a fatal, non-waivable defect: **Plaintiff lacks statutory standing.** Plaintiff's complaint relies on a series of documented chronological impossibilities that constitute a fraud upon this Court, proving Plaintiff never acquired ownership of the intellectual property in Plaintiff's Exhibits A, B, F and G as the property is goods not administered, de bonis non administratis of the estates of the deceased members of theGroup.

Defendant requests that based on Plaintiff's chain of title defects and lack of statutory standing the Court vacate the Partial Summary Judgment granted to Plaintiff in the Court's August 26, 2026 Order[DE 276]. Defendant also requests that Plaintiff's award of sanctions be vacated due to Plaintiff's bad faith conduct and fraud on the Court that caused Defendants to be embroiled in the legal system for well over four years as well as wasting the Court's time and resources on an action that has no merit.

## II. ARGUMENT: THE DOCUMENTED CHRONOLOGICAL IMPOSSIBILITIES

A Federal Court lacks subject-matter jurisdiction to award summary judgment or damages to a party with a broken chain of title. The text of the California Court's Settlement Agreement completely refutes Plaintiff's claims of ownership. The Statement of Decision and Settlement Agreement submitted in DE 63-1 have been judicially referenced in this case by Judge Gotsch[DE 194, pages 16, 17, 18]. If Plaintiff questions the authenticity of the Probate case files submitted in DE 63-1 Defendant has obtained certified copies from Clerk of the Superior Court of California, County of San Diego.

### 1.The Finite Settlement That Was Not A Consent Decree

Paragraph 10 of Plaintiff's complaint claims that the 'litigation with San Diego County.....conveyed...all of the intellectual property rights belonging to the Group' to Plaintiff. In truth, the Settlement Agreement in the California Court specifically stated that it only applied to property that had been 'held by the Public Administrator'.

This agreement affects only the Parties' rights and interests in the intellectual and tangible property held by the Public Administrator. [DE 63-1, page 16, ¶ 7].

Furthermore, Plaintiff stated in paragraph 10 of the complaint that the Settlement in the California Court was a 'consent decree'. In truth the Settlement was an 'Order Approving Agreement To Sell Estate Property And To Convey Trust Property To Trust Beneficiaries'[DE 63-1, page 13].

**2. When the Public Administrator Took Possession Of Group Property**

The Statement of Decision in the California Probate case establishes that on April 24, 1997 The Public Administrator of San Diego County 'took possession' of the Group's property that was transferred in the August 1999 Settlement Agreement[DE 63-1, page 3, lines 22-27].

**3. Petitioners In The Probate Case In The California Court Filed A Claim Solely For The Property In The Public Administrator's Possession**

'On September 24, 1997, Petitioners filed a creditor's claim detailing a claim on decedents' assets in the Public Administrator's possession'[DE 63-1, page 4, lines 1-2]

**4. The Chronological Impossibility of Plaintiff's Exhibit A**

It is chronologically impossible for intellectual property registered on October 27, 1997 to have been 'held by the Public Administrator' as the Public Administrator 'took possession' of the Group's property on April 24, 1997. It is a chronological impossibility that the property conveyed to Plaintiff in the August 1999 Settlement by San Diego County in paragraph 10 of the complaint are the same audio cassettes Plaintiff registered for copyright in October 1997 as stated in paragraphs 13, 14 and 15 of the complaint.

**5. The Chronological Impossibility of Exhibits B, F, and G**

Similarly, Plaintiff's Exhibits B, F, and G were registered for copyright in September 1997. It is chronologically impossible for the intellectual property In Exhibits B, F and G to have been 'held by the Public Administrator' when the Public Administrator 'took possession' of Group property on April 24, 1997. It is chronologically impossible that the property allegedly conveyed to Plaintiff via 'consent decree in 1999' in paragraph 10 is the same property stated to be registered for copyright in paragraphs 17, 22 and 24 of Plaintiff's complaint.

# III. PLAINTIFF'S OWNERSHIP CLAIMS OF EXHIBITS A, B, F AND G ARE EXTINQUISHED BY A BINDING STATE COURT DISMISSAL WITH PREJUDICE

**1. The Petitioners In The Probate Case In The California Court Were Denied Ownership Of The Intellectual Property In The Telah Foundation's September And October Copyright Registrations**

The California Court's February 1999 Decision describes The Telah Foundation's September and October 1997 copyright registrations.

'On September 22, 24 and October 27, 1997, the Petitioner registered the following copyrights and trademarks:

A. The literary work entitled 'How and When Heaven's Gate (The Door to the Physical Kingdom Level Above Human May Be Entered-An Anthology of Our Materials'. ( Submitted as Defendant's Exhibit 4 ).............

D. The audiovisual work entitled, "Beyond Human-The Last Call" ( Submitted as Defendant's Exhibit 2 )

E. The sound recordings entitled, "The Audiotape Library of Heaven's Gate by Ti and Do" ( Submitted as Defendant's Exhibit 1 )

F. The audiovisual work entitled, "The C.B.E. (Celestial Being Entity)" ( Submitted as Defendant's Exhibit 3 ) [DE 63-1, page 4, lines 15-27]

The California Court denied Petitioners' ownership of the intellectual property in the September and October 1997 copyright registrations.

'Although Petitioners presented evidence of post-mortem registrations of the literary work entitled, "How and When Heaven's Gate (The Door to the Physical Kingdom Level Above Human) May Be Entered.............and the sound recordings entitled, "The Audiotape Library of Heaven's Gate by TI and Do."........there is no evidence of any writing which explicitly conveyed or transferred ownership of all this intellectual property to the Petitioners[DE 63-1, page 7, lines 11-21]

The California Court goes on to specifically deny Petitioners' ownership of the intellectual property in 'The Audiotape Library of Heaven's Gate by Ti and Do'.

'There Is no evidence, written or otherwise, transferring ownership of Intellectual property rights in the "The Audiotape Library of Heaven'sGate by TI and Do." [DE 63-1, page 8, lines 11-12]

The California Probate Court ruled that the estates of the deceased members of the Group owned all intellectual property as tenants in common.

'Since there Is no written Instrument transferring ownership of the intellectual property to the petitioners, the estates own all intellectual property as tenants in common'[DE 63-1, page 8, lines 19-21]

**2. The Intellectual Property In Plaintiff's Exhibits A, B, F and G Was Never Legally Sold Or Conveyed To Plaintiff By The Public Administrator**

Defendants Exhibits 1, 2, 3 and 4 are three of the copyright registration certificates and one copyright application submitted by Petitioners to the California Court in the Probate case. Defendant's Exhibits are part of the Probate Court filings sent to Plaintiff by Defendant Havel which Plaintiff stipulated to 'appear to be authentic'[DE 198, page 2],

Comparing Defendant's Exhibits 1, 2, and 4 to Plaintiff's Exhibits A, B and G leaves no doubt that Plaintiff submitted identical copyright registration certificates in the case before this Court to the registration certificates submitted by Petitioners in the Probate case in the California Court. Comparing the copyright application in Defendant's Exhibit 3 leaves no doubt that Defendant's Exhibit 3 is the copyright application used to obtain the copyright registration certificate submitted as Plaintiff's Exhibit F.

Plaintiff submitted registration certificates as Exhibits A, B, F and G that the February 1999 Decision in the California Court denied Petitioners' ownership of the intellectual property therein. As the terms of the August 1999 Settlement did not apply to The Telah Foundation's September and October 1997 copyright registrations, the intellectual property therein was never transferred to Plaintiff by the Public Administrator of San Diego County.

**3. The Settlement Agreement dismissed Telah Foundation's Notice of Appeal with prejudice as to all property issue except the Court's sanctions**

'TELAH FOUNDATION agrees to dismiss with prejudice its Notice of Appeal filed April 21, 1999 as to all property issue except the Court's order that The TELAH FOUNDATION pay the Public Administrator's attorney's fees and costs[DE 63-1, page 23, ¶ 6].

As it is indisputable that the terms of the August 1999 Settlement did not apply to the intellectual property in Plaintiff's Exhibits A, B, F and G, it is incontrovertible that Plaintiff has claimed ownership of intellectual property for which Telah Foundation had all claims of property issue dismissed with prejudice in a binding Order in the Superior Court of California, County of San Diego.

**4. The San Diego County Probate Records Have Been Judicially Noticed And Objectively Prove That The Intellectual Property In Plaintiff's Exhibits A, B, F and G Are Unadministered Assets Of The Estates Of The Group**

There can be no dispute that the August 1999 Settlement was not a 'consent decree...which conveyed...all of the intellectual property rights belonging to the Group' to Plaintiff. There can be no dispute that Plaintiff's Exhibits A, B, F and G were never 'held by the Public Administrator'. Hence, it is a matter of law that the intellectual property in Plaintiff's Exhibits A, B, F and G are unadministered assets, de bonis non administratis, and legally are still part of the estates of the deceased members of the Group. It is not in dispute that the California Probate Court had exclusive jurisdiction over the estates of the deceased members of the Group.

# IV. PLAINTIFF'S CONDUCT: ABUSE OF PROCESS AND OBJECTIVE FRAUD ON THE COURT

## 1.Plaintiff's Fraud On The Court And Weaponization Of The Legal System Against Defendants

Due to the chronological impossibility of Plaintiff's Exhibits A, B, F and G being the same intellectual property that was sold and conveyed in the August 1999 Settlement Agreement in the California Probate Court, Plaintiff committed fraud on the Court in paragraphs 10, 13, 14, 15, 17, 22 and 24 of the complaint. The Telah Foundation was denied ownership of the intellectual property in seven September and October 1997 copyright registrations and Plaintiff submitted four of the same registrations into this case in order to weaponize the legal system against Defendants.

Defendant Bartel never attempted to make any money off of the intellectual property created by the Group and yet Plaintiff filed a suit in this Court when Plaintiff had no statutory standing to sue under **17 U.S.C. § 501(b)** in order to punish Defendant Bartel for creating a freely accessible archive of some of the Group's intellectual property. This is an egregious abuse of process and the legal

system that was facilitated by Plaintiff's Attorney and the Firm of Messner Reeves LLP as two Associates have been used in this case.

**2. Plaintiff, whether it calls itself The Telah Foundation or The Evolutionary Level Above Human Foundation is a vexatious litigant**

The California Probate Court ruled that the Petitioners' action was frivolous and without merit.

'no signed writing of any kind was offered into evidence. For these reasons, this action was frivolous and without merit'[DE 63-1, page 9, lines 27-28].

'By having to defend this frivolous action, the estates now have even fewer assets available to pay toward the creditors' priority claims. An award of sanctions remedies some of the inequity resulting to the creditors'[DE 63-1, page 10, lines 4-6].

'Petitioners are sanctioned and directed to pay attorneys'fees and costs of the Public Administrator'[DE 63-1, page 11, lines 17-18].

# V. CONCLUSION: PLAINTIFF'S PARTIAL SUMMARY JUDGMENT AND SANCTIONS AGAINST DEFENDANT SHOULD BE VACATED

## 1. Defendant Would Not Have Been In This Court Had Plaintiff Not Filed A Complaint Based On Fraud

As there can be no dispute that Plaintiff filed this case against Defendants based on four copyright registrations for which it has defective chains of title, there can be no doubt that Defendant Bartel never should have been sued for placing intellectual property created by the Group on free file sharing sites. Furthermore, Defendants Havel and Weaver would not have been sued under Counts 1, 2, 3, 4 and 5 had Plaintiff not weaponized the legal system by hiring Mr. Crum and Messner Reeves LLP to harass Defendants with a complaint based on copyright registrations with defective chains of title.

As Plaintiff has no statutory standing to be in this Court under **17 U.S.C. § 501(b)** Defendant requests that the Court vacate Plaintiff's partial Summary Judgment that was granted on August 26, 2026. As all claims against Defendant Bartel are based on a fraud on the Court Defendant requests that the Court vacate the sanctions against Defendant that were awarded to Plaintiff.

## VI. ANOTHER CASE IN WHICH PLAINTIFF USED THE TELAH FOUNDATION'S 1997 REGISTRATIONS IN BAD FAITH

Plaintiff also used The Telah Foundation's 1997 copyright registrations to obtain standing it lacked in an infringement case filed in 1998 in a U.S, District Court, Northern District of California. The 1998 infringement case was filed while the California Probate case was ongoing in San Diego County regarding the same intellectual property Plaintiff claimed was being infringed upon[DE 79-1]. The 1998 infringement case is referred to as the second lawsuit in paragraph 11 of the complaint. Plaintiff did not inform the U.S. District Court that it was involved in an ongoing Probate case in the Superior Court of California regarding the estates of the deceased members of the Group when it filed the infringement case in 1998 and therefore lacked standing to bring a lawsuit for copyright infringement.

Respectfully Submitted

Jason Bartel
N4051 26th LN
Redgranite, WI 54970

9/5/2026

# INDEX OF EXHIBITS

Exhibit 1. Copyright Registration Certificate For 'The Audiotape Library Of Heaven's Gate By Ti and Do'

Exhibit 2. Copyright Registration Certificate For 'Beyond Human-The Last Call'

Exhibit 3. Copyright Registration Application For 'The C.B.E. ( Celestial Being Entity )'

Exhibit 4. Copyright Registration Certificate for 'How And When "Heaven's Gate" ( The Door To The Physical Kingdom Level Above Human ) May Be Entered-An Anthology Of Our Materials'

# EXHIBIT 1

# CERTIFICATE OF REGISTRATION

FORM SR
For a Sound Recording
UNITED STATES COPYRIGHT OFFICE

UNITED STATES COPYRIGHT OFFICE · LIBRARY OF CONGRESS
OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

Marybeth Peters
REGISTER OF COPYRIGHTS
*United States of America*

REGISTRATION NUMBER
SRu 298-530

EFFECTIVE DATE OF REGISTRATION
10 27 97
Month Day Year

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1** TITLE OF THIS WORK ▼
"THE AUDIOTAPE LIBRARY OF HEAVEN'S GATE BY TI AND DO"

PREVIOUS OR ALTERNATIVE TITLES ▼
None

NATURE OF MATERIAL RECORDED ▼ See instructions
☐ Musical ☐ Musical-Dramatic
☐ Dramatic ☒ Literary
☐ Other

**2** a NAME OF AUTHOR ▼
Total Overcomers Anonymous, a.k.a. T.O.A.

DATES OF BIRTH AND DEATH
Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ United States
Domiciled in ▶ United States

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of the material created by this author in which copyright is claimed. ▼
Entire Work

b NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of country
OR { Citizen of ▶
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of the material created by this author in which copyright is claimed. ▼

c NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of the material created by this author in which copyright is claimed. ▼

(Margin note: ... employer, ... employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.)

**3** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED
1997 ◀ Year
This information must be given in all cases.

**b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK
Complete this information ONLY if this work has been published.
Month ▶ Day ▶ Year ▶
◀ Nation

**4** COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
The Telah Foundation
4757 E. Greenway Road, #103
Phoenix, AZ 85032

(See instructions before completing this space.)

TRANSFER If the claimant(s) named here in space 4 are different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼
pursuant to assignments

DO NOT WRITE HERE — OFFICE USE ONLY
APPLICATION RECEIVED
OCT 27 1997
ONE DEPOSIT RECEIVED
OCT 27 1997
TWO DEPOSITS RECEIVED
REMITTANCE NUMBER AND DATE

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-9) on the reverse side of this page • See detailed instructions • Sign the form at line 8

DO NOT WRITE HERE
Page 1 of 2 pages

# EXHIBIT 2

# CERTIFICATE OF REGISTRATION

**FORM PA**
Work of the Performing Arts
UNITED STATES COPYRIGHT OFFICE

UNITED STATES COPYRIGHT OFFICE • THE LIBRARY OF CONGRESS
OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

Marybeth Peters
REGISTER OF COPYRIGHTS
*United States of America*

REG
PA 867-224

EFFECTIVE DATE OF REGISTRATION
SEP 2 2 1997
Month Day Year

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

TITLE OF THIS WORK ▼
"BEYOND HUMAN - THE LAST CALL"

PREVIOUS OR ALTERNATIVE TITLES ▼
Audiovisual work

NATURE OF THIS WORK ▼ See instructions
*

NAME OF AUTHOR ▼
a Total Overcomers Anonymous, a.k.a. T.O.A.

DATES OF BIRTH AND DEATH
Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ United States
Domiciled in ▶ United States

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼
Entire work

NOTE
...r the law.

NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

...for dates ...th and ...blank.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

a YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED
1992 ◀ Year
This information must be given in all cases.

b DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK
Complete this information ONLY if this work has been published.
Month ▶ January Day ▶ 11 Year ▶ 1992
United States of America ◀ Nation

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
The Telah Foundation
4757 E. Greenway Road, #103
Phoenix, Az 85032

...nstructions ...s completing ...pace.

APPLICATION RECEIVED
SEP 22 1997
ONE DEPOSIT RECEIVED
SEP 22 1997 (7) 3/4"VT/D
TWO DEPOSITS RECEIVED
FUNDS RECEIVED
DO NOT WRITE HERE OFFICE USE ONLY

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼
pursuant to assignments

MORE ON BACK ▶
• Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.
• Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of 2 pages

Deposit is a motion picture

EXAMINED BY

CHECKED BY

FORM PA

☐ CORRESPONDENCE Yes

FOR COPYRIGHT OFFICE USE ONLY

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☒ No If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼

☐ This is the first published edition of a work previously registered in unpublished form.

☐ This is the first application submitted by this author as copyright claimant.

☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼ Year of Registration ▼

5

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

N/A

Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

N/A

6

See instructions before completing this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼ Account Number ▼

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Jerome E. Weinstein, Esq.
Weinstein and Hart
9777 Wilshire Blvd., Suite 1009
Beverly Hills, CA 90212-1901

Area Code and Telephone Number ▶ (310) 274-7157

7

Be sure to give your daytime phone ◀ number

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

Check only one ▼

☐ author

☐ other copyright claimant

☐ owner of exclusive right(s)

☐ authorized agent of ________

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

8

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

The Telah Foundation,
by Mark King, President

date ▶ ✓ 9/10/97

Handwritten signature (X) ▼ ✓ Mark King

MAIL CERTIFICATE TO

Certificate will be mailed in window envelope

Name ▼
Jerome E. Weinstein, Esq.
Weinstein and Hart

Number/Street/Apartment Number ▼
9777 Wilshire Blvd., Suite 1009

City/State/ZIP ▼
Beverly Hills, CA 90212-1901

YOU MUST:
• Complete all necessary spaces
• Sign your application in space 8

SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable $20 filing fee in check or money order payable to Register of Copyrights
3. Deposit material

MAIL TO:
Register of Copyrights
Library of Congress
Washington, D.C. 20559-6000

9

The Copyright Office has the authority to adjust fees at 5-year intervals, based on changes in the Consumer Price Index. The next adjustment is due in 1996. Please contact the Copyright Office after July 1995 to determine the actual fee schedule.

17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

# EXHIBIT 3

**FORM VA**
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

VA VAU

EFFECTIVE DATE OF REGISTRATION

(Month) (Day) (Year)

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE CONTINUATION SHEET (FORM VA/CON)

**1 Title**

TITLE OF THIS WORK: THE C. B. E. (CELESTIAL BEING ENTITY)

NATURE OF THIS WORK: (See instructions) Lithographic print

Previous or Alternative Titles

PUBLICATION AS A CONTRIBUTION: (If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.)

Title of Collective Work ... Vol ... No ... Date ... Pages ...

**2 Author(s)**

IMPORTANT: Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). If any part of this work was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates blank.

1

NAME OF AUTHOR: Total Overcomers Anonymous, a.k.a. T.O.A.
Was this author's contribution to the work a "work made for hire"? Yes ..... No ....

DATES OF BIRTH AND DEATH: Born ... (Year) Died ... (Year)

AUTHOR'S NATIONALITY OR DOMICILE: Citizen of United States (Name of Country) or Domiciled in ... (Name of Country)

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK: Anonymous? Yes ... No X Pseudonymous? Yes ... No X
If the answer to either of these questions is "Yes," see detailed instructions attached

AUTHOR OF: (Briefly describe nature of this author's contribution) Entire work

2

NAME OF AUTHOR:
Was this author's contribution to the work a "work made for hire"? Yes ..... No ....

DATES OF BIRTH AND DEATH: Born (Year) Died (Year)

AUTHOR'S NATIONALITY OR DOMICILE: Citizen of ... (Name of Country) or Domiciled in ... (Name of Country)

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK: Anonymous? Yes ... No Pseudonymous? Yes No
If the answer to either of these questions is "Yes," see detailed instructions attached

AUTHOR OF: (Briefly describe nature of this author's contribution)

3

NAME OF AUTHOR:
Was this author's contribution to the work a "work made for hire"? Yes ..... No ...

DATES OF BIRTH AND DEATH: Born (Year) Died (Year)

AUTHOR'S NATIONALITY OR DOMICILE: Citizen of ... (Name of Country) or Domiciled in ... (Name of Country)

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK: Anonymous? Yes No Pseudonymous? Yes No
If the answer to either of these questions is "Yes," see detailed instructions attached

AUTHOR OF: (Briefly describe nature of this author's contribution)

**3 Creation and Publication**

YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED: Year 1992
(This information must be given in all cases.)

DATE AND NATION OF FIRST PUBLICATION: Date March 31, 1997 (Month) (Day) (Year)
Nation United States of America (Name of Country)
(Complete this block ONLY if this work has been published.)

**4 Claimant(s)**

NAME(S) AND ADDRESS(ES) OF COPYRIGHT CLAIMANT(S):
The Telah Foundation
4757 E. Greenway Road, #103
Phoenix, AZ 85032

TRANSFER: (If the copyright claimant(s) named here in space 4 are different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright.)
pursuant to assignments

*Complete all applicable spaces (numbers 5-9) on the reverse side of this page*
*Follow detailed instructions attached* • *Sign the form at line 8*

DO NOT WRITE HERE
Page 1 of ... pages

| EXAMINED BY | APPLICATION RECEIVED | |
|---|---|---|
| CHECKED BY | | FOR COPYRIGHT OFFICE USE ONLY |
| CORRESPONDENCE ☐ Yes | DEPOSIT RECEIVED | |
| DEPOSIT ACCOUNT FUNDS USED ☐ | REMITTANCE NUMBER AND DATE: | |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED ADDITIONAL SPACE, USE CONTINUATION SHEET (FORM VA/CON)**

**PREVIOUS REGISTRATION:** — 5 Previous Registration

- Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office? Yes ....... No . X ....
- If your answer is "Yes," why is another registration being sought? (Check appropriate box)
  - ☐ This is the first published edition of a work previously registered in unpublished form.
  - ☐ This is the first application submitted by this author as copyright claimant.
  - ☐ This is a changed version of the work, as shown by line 6 of the application.
- If your answer is "Yes," give: Previous Registration Number........................ Year of Registration........................

**COMPILATION OR DERIVATIVE WORK: (See instructions)** — 6 Compilation or Derivative Work

PREEXISTING MATERIAL: (Identify any preexisting work or works that this work is based on or incorporates.)
......N/A..........

MATERIAL ADDED TO THIS WORK: (Give a brief, general statement of the material that has been added to this work and in which copyright is claimed.)
......N/A..........

**DEPOSIT ACCOUNT:** (If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.)

Name: ..........

Account Number: ..........

**CORRESPONDENCE:** (Give name and address to which correspondence about this application should be sent.) — 7 Fee and Correspondence

Name: Jerome E. Weinstein, Esq.
Weinstein and Hart
Address: 9777 Wilshire Blvd., Suite 1009 (Apt)
Beverly Hills, CA 90212-1901 (City) (State) (Zip)

**CERTIFICATION:** * I, the undersigned, hereby certify that I am the: (Check one) — 8 Certification (Application must be signed)

☐ author ☒ other copyright claimant ☐ owner of exclusive right(s) ☐ authorized agent of

(Name of author or other copyright claimant, or owner of exclusive right(s))

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Handwritten signature: (X) ✓ Mark King

Typed or printed name: The Telah Foundation, by Mark King, President Date: ✓ 9/12/97

**MAIL CERTIFICATE TO** — 9 Address For Return of Certificate

Jerome E. Weinstein, Esq.
WEINSTEIN AND HART
9777 Wilshire Blvd., Suite 1009 (Number, Street and Apartment Number)
Beverly Hills, CA 90212-1901 (City) (State) (ZIP code)

(Certificate will be mailed in window envelope)

# EXHIBIT 4

# C[illegible]RTIFICATE OF REGISTRATION

UNITED STATES COPYRIGHT OFFICE ★ THE LIBRARY OF CONGRESS ★
OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

Marybeth Peters
REGISTER OF COPYRIGHTS
*United States of America*

# FORM TX
For a Literary Work
UNITED STATES COPYRIGHT OFFICE

REG

TXu 817-732

EFFECTIVE DATE OF REGISTRATION

Sept. 22, 1997
Month Day Year

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1**

TITLE OF THIS WORK ▼

HOW AND WHEN "HEAVEN'S GATE" (THE DOOR TO THE PHYSICAL KINGDOM LEVEL ABOVE HUMAN) MAY BE ENTERED - AN ANTHOLOGY OF OUR MATERIALS

PREVIOUS OR ALTERNATIVE TITLES ▼

PUBLICATION AS A CONTRIBUTION If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼ Number ▼ Issue Date ▼ On Pages ▼

**2**

a NAME OF AUTHOR ▼
Heaven's Representatives

DATES OF BIRTH AND DEATH
Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"? ☒ Yes ☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ United States
Domiciled in ▶ United States

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼
Entire work

**NOTE**

b NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"? ☐ Yes ☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

c NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"? ☐ Yes ☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

space for dates of birth and death blank.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

**3**

a YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED
1997 ◀ Year
This information must be given in all cases.

b DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK
Complete this information ONLY if this work has been published.
Month ▶ Day ▶ Year ▶
◀ Nation

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼

The Telah Foundation
4757 E. Greenway Road, #103
Phoenix, AZ 85032

See instructions before completing this space.

APPLICATION RECEIVED
SEP 22 1997
ONE DEPOSIT RECEIVED
SEP 22 1997
TWO DEPOSITS RECEIVED
FUNDS RECEIVED

DO NOT WRITE HERE OFFICE USE ONLY

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

pursuant to assignments

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-11) on the reverse side of this page.
• See detailed instructions. • Sign the form at line 10.

DO NOT WRITE HERE

EXAMINED BY

CHECKED BY

☐ CORRESPONDENCE Yes

FOR COPYRIGHT OFFICE USE ONLY

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☒ No If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▼ Year of Registration ▼

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼
N/A

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼
N/A

See instructions before completing this space.

—space deleted—

**REPRODUCTION FOR USE OF BLIND OR PHYSICALLY HANDICAPPED INDIVIDUALS** A signature on this form at space 10 and a check in one of the boxes here in space 8 constitutes a non-exclusive grant of permission to the Library of Congress to reproduce and distribute solely for the blind and physically handicapped and under the conditions and limitations prescribed by the regulations of the Copyright Office: (1) copies of the work identified in space 1 of this application in Braille (or similar tactile symbols); or (2) phonorecords embodying a fixation of a reading of that work; or (3) both.

a ☐ Copies and Phonorecords b ☐ Copies Only c ☐ Phonorecords Only

See instructions.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼ Account Number ▼

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼
Jerome E. Weinstein, Esq.
Weinstein and Hart
9777 Wilshire Blvd., Suite 1009
Beverly Hills, CA 90212-1901
Area Code and Telephone Number ▶ (310) 274-7157

Be sure to give your daytime phone ◀ number

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
Check only one ▶
☐ author
☒ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of
Name of author or other copyright claimant, or owner of exclusive right(s) ▲
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
The Telah Foundation,
by Mark King, President
date ▶ 9/12/97

Handwritten signature (X) ▼
Mark King

MAIL CERTIFICATE TO

Name ▼
Jerome E. Weinstein, Esq.
Weinstein and Hart
Number/Street/Apartment Number ▼
9777 Wilshire Blvd., Suite 1009
City/State/ZIP ▼
Beverly Hills, CA 90212-1901

Certificate will be mailed in window envelope

YOU MUST:
• Complete all necessary spaces
• Sign your application in space 10
SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable $20 filing fee in check or money order payable to *Register of Copyrights*
3. Deposit material
MAIL TO:
Register of Copyrights
Library of Congress
Washington, D.C. 20559-6000

The Copyright Office has the authority to adjust fees at 5-year intervals, based on changes in the Consumer Price Index. The next adjustment is due in 1996. Please contact the Copyright Office after July 1995 to determine the actual fee schedule.

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

JASON