UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THE EVOLUTIONARY LEVEL ABOVE HUMAN FOUNDATION D/B/A THE TELAH FOUNDATION,<br><br>Plaintiff,<br>v.<br><br>STEPHEN ROBERT HAVEL, CATHY JOANN WEAVER, AND JASON BARTEL<br><br>Defendants. | CAUSE NO. 3:22cv395 DRL-SJF |

PLAINTIFF'S STATUS REPORT

Plaintiff The Evolutionary Level Above Human Foundation d/b/a The Telah Foundation ("TELAH" or "the Foundation"), by and through undersigned counsel, respectfully submits this status report pursuant to the Court's Order dated August 26, 2026.

## I. DEFENDANTS' COUNTERCLAIMS

The Court's August 26, 2026 Order definitively established TELAH's ownership of the copyrighted works as a matter of law. The Court rejected Defendants' ownership arguments, finding that the copyright registrations establish *prima facie* validity under 17 U.S.C. § 410(c); that intellectual property passed to TELAH through the California probate proceeding and court-approved settlement as a transfer "by operation of law" under 17 U.S.C. §§ 201(d)(1) and 204(a); and that Defendants' misnomer and assumed-name arguments do not undermine ownership.

The Court's summary judgment order fully resolved all of Defendants' counterclaims. Both Mr. Bartel and Mr. Havel asserted counterclaims challenging TELAH's ownership of the copyrighted works and seeking declaratory judgments that the copyright and trademark registrations are invalid,

unenforceable, or should be canceled. *See* [150] at 62-72 and [153-1] at 128-160. The counterclaims are therefore moot and should be dismissed with prejudice as a matter of law.

## II. PLAINTIFF'S POSITION ON DAMAGES AND REMAINING CLAIMS

Given the Court's ruling on liability, TELAH respectfully requests that the Court enter a final judgment awarding the following equitable relief. TELAH can submit any required briefing or proposed orders as required by the Court:

**(A) Permanent Injunction (17 U.S.C. § 502).** The Court found that Defendants engaged in willful, ongoing infringement. *See e.g.,* [276] at 6, 23. A permanent injunction prohibiting infringement or facilitating infringement is necessary to prevent continued irreparable harm to TELAH's exclusive rights. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

**(B) Impoundment and Certification (17 U.S.C. § 503).** The Court's findings establish that Defendants made and distributed unauthorized copies of TELAH's works, encouraged others to do the same, and stated without Court intervention, they would never stop. Impoundment of all of TELAH's intellectual property is necessary to prevent further infringement pursuant to 17 U.S.C. § 503(a).

**(C) Third-Party Takedown Order.** An order directing the third-party platforms currently hosting infringing materials uploaded by Defendants to remove such materials, including (a) YouTube; (b) Archive.org (Internet Archive); (c) Google Drive and any related Google storage services; and (d) Any other online platforms, file-sharing services, or websites identified by TELAH as hosting Defendants' infringing uploads.

**(D) Attorneys' Fees and Costs (17 U.S.C. § 505).** TELAH seeks an award of reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505. Section 505 provides that "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." The decision to award fees is discretionary, but "[t]he prevailing party in a copyright case in which the monetary stakes are small should have a presumptive entitlement to an award of attorneys' fees." *Woodhaven Homes &*

*Realty, Inc.*, 396 F.3d 822, 824 (7th Cir. 2005); *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534-35, 114 S. Ct. 1023, 1033 (1994) ("Prevailing plaintiffs and prevailing defendants are to be treated alike").

## III. Waiver of Damages at Law

TELAH is willing to forgo all claims for monetary damages at law and dismiss the remaining unadjudicated counts of the Amended Complaint if the Court awards the requested equitable relief.

## IV. No Jury Trial Required

Because TELAH seeks only equitable relief and waives its right to monetary damages at law, no jury trial is required. The Seventh Amendment guarantees a jury trial only for legal claims, not equitable ones. *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 478 (1962). When a plaintiff seeks injunctive relief under the Copyright Act without monetary damages, the claim is entirely equitable and triable to the court. *Tull v. United States*, 481 U.S. 412, 417-18 (1987).

## V. PROPOSED SCHEDULE

TELAH proposes the following schedule for resolution of the equitable relief issues:

1. Within 21 days: Parties submit proposed forms of permanent injunction;
2. Within 30 days: TELAH submits verified application for attorneys' fees and costs with supporting documentation;
3. Within 21 days thereafter: Defendants' response to fee application;
4. Within 14 days thereafter: TELAH's reply;
5. Hearing (if needed): At the Court's convenience to address any disputed issues regarding the scope of injunctive relief or fee application.

Upon resolution of the fee application, TELAH respectfully requests entry of a final judgment incorporating the permanent injunction, impoundment order, third-party takedown directive, and fee award.

Respectfully Submitted September 16, 2026,

*/s/ Isaac S. Crum*
Isaac S. Crum
Crum IP, LLC
111 E. Dunlap Ave.
Ste. 1-258
Phoenix, AZ 85020
isaac@crumip.com
(602) 888-3383

CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of September 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the filing to the parties listed below. A copy of this filing was also sent via U.S. mail and email.

Cathy Weaver
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

Jason Bartel
N4019 Forest Drive
Hancock, WI 54943
jason_bartel@unioncab.com

Steven Robert Havel
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

*/s/ Isaac S. Crum*