-FILED-
SEP 16 2026
At ________ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

THE EVOLUTIONARY LEVEL ABOVE HUMAN, INC. d/b/a THE TELAH FOUNDATION,
Plaintiff,
v.
STEVEN ROBERT HAVEL; CATHY JOANN WEAVER; and JASON BARTEL,
Defendants.

CAUSE NO. 3:22-CV-00395-DRL-SJF

**DEFENDANT STEPHEN ROBERT HAVEL'S STATUS REPORT AND PROPOSAL REGARDING FURTHER PROCEEDINGS**

Defendant Stephen Robert Havel, appearing pro se, submits this status report pursuant to the Court's August 26, 2026 Opinion and Order, Dkt. 276. The Court directed the parties to address damages and remedies on Counts I, III, IV, and V, any other remaining count, and the Havel and Bartel counterclaims.

**1. COUNTS ADJUDICATED AND RULE 54(b)**

Mr. Havel recognizes the Court's interlocutory rulings and preserves his objections and Rule 54(b) motion. The Court identified disputes concerning TELAH's audio records, missing or unavailable tapes, the absence of a complete master-copy list, and the relationship between those records and the claimed works. Dkt. 276 at 5–6. Mr. Havel proposes that these issues be resolved or preserved before substantial damages proceedings.

**2. DAMAGES AND REMEDIES**

Judge Gotsch's Dkt. 194 preliminary-injunction ruling supports a work-specific damages record. Plaintiff argued actual damages were difficult to quantify because it did not widely distribute or sell the materials for profit, but the Court found actual damages readily determinable as de minimis because Plaintiff had agreed to safeguard, archive, and control the materials rather than sell them. Dkt. 194 at 32–33. The Court also found the magnitude of possible statutory damages speculative where Plaintiff had not addressed the applicable factors. Id. at 38. Mr. Havel does not

treat Dkt. 194 as a final damages ruling; he relies on it to require particularized proof of any amount sought against him.

Before damages discovery, Plaintiff should identify for each claim: (1) the specific copyrighted work; (2) the registration and deposit material relied upon; (3) the act attributed to Mr. Havel; (4) the infringement period; (5) the damages theory and amount; and (6) supporting evidence.

Count I—Audio. The First Amended Complaint identifies recordings by number, including 149, 263, 004, 030, 161, 156, 011, 054, 052, 050, and 200–204. Dkt. 132 ¶ 51. The damages record should tie each numbered recording to the registered work, deposited material, and intellectual-property interest transferred through the 1999 probate settlement. Archive gaps and unavailable tapes make a work-by-work identification important.

TELAH_000045 is relevant to willfulness and remedies. Plaintiff's representatives addressed Havel and Bartel together and stated, concerning the original 200-tape CD and "the videotapes the Group left," that "we let that slide for two decades" before demanding removal. Mr. Havel does not contend this statement created an express license to every work. It is evidence of Plaintiff's prior knowledge, notice, course of dealing, and prior non-enforcement, bearing on enhanced damages and extraordinary relief.

The 4Shared chronology may also bear on notice and willfulness, but Mr. Havel does not contend it alone proves Plaintiff's earlier knowledge.

Count IV—C.B.E. The probate Statement of Decision specifically addressed the C.B.E. painting and found no evidence that intellectual-property rights in the physical painting had been transferred to the petitioners. Plaintiff's discovery response identifies David Cabot Van Sinderen as creator of the older-member artwork. Mr. Havel states that he had publicly used the image on his 3SPM YouTube channel since approximately 2007 and that it was already publicly

disseminated through Right to Know/Rkkody and the Group's former Heaven's Gate website. He and Ms. Weaver used the image on T-shirts before suit and stopped selling it after litigation began. This chronology bears on notice, willfulness, damages, and equitable relief; Plaintiff should identify the particular C.B.E. acts and dates for which damages are sought.

Count V. The Court's detailed ruling grants judgment against Mr. Havel on contributory infringement. Mr. Havel requests that any damages or remedy determination identify the particular underlying works and acts supporting that ruling, rather than an undifferentiated archive-wide theory.

**3. REMAINING CLAIMS AND COUNTERCLAIM**

To the extent any claim other than Counts I, III, IV, and V remains pending after Dkt. 276, Mr. Havel requests identification of the remaining claims and defendants and a schedule for remaining discovery or dispositive motions. Mr. Havel's counterclaim remains pending, and the Court directed the parties to address it. He requests a defined schedule for the counterclaim.

**4. PROPOSED NEXT STEPS**

(1) Decide or clarify the Rule 54(b) issues before substantial damages discovery; (2) require a work-specific damages and remedies statement; (3) permit only targeted discovery concerning work identification, damages, notice, willfulness, and remedies; (4) clarify the defendant-specific effect of Dkt. 276; (5) schedule remaining claims and counterclaims; and (6) thereafter set any remaining dispositive-motion, pretrial, and trial deadlines.

Respectfully submitted,

Stephen Robert Havel

STEPHEN ROBERT HAVEL, Defendant, pro se

Date: September 16, 2026

**Exhibit Index**

Exhibit 32 — TELAH_000045 — Mark and Sarah King Communication to Havel - Plaintiff discovery production containing the Kings' statement concerning the original 200-tape CD and "the videotapes the Group left."

Exhibit 32

TELAH_000045 — Mark and Sarah King Communication to Havel - Plaintiff discovery production containing the Kings' statement concerning the original 200-tape CD and "the videotapes the Group left."