-FILED-
SEP 16 2026
At ____ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

**THE EVOLUTIONARY LEVEL ABOVE HUMAN, INC. d/b/a THE TELAH FOUNDATION,**
Plaintiff,
v.
**STEPHEN ROBERT HAVEL; CATHY JOANN WEAVER; and JASON BARTEL,**
Defendants.
**CAUSE NO. 3:22-CV-00395-DRL-SJF**

# DEFENDANT CATHY JOANN WEAVER'S STATUS REPORT AND PROPOSAL REGARDING FURTHER PROCEEDINGS

Defendant Cathy JoAnn Weaver, appearing pro se, submits this status report pursuant to Dkt. 276. The Court directed the parties to address damages and remedies on Counts I, III, IV, and V, any other remaining count, and the remaining counterclaims.

## 1. COUNTS ADJUDICATED AND SCOPE

Ms. Weaver recognizes the Court's interlocutory rulings and preserves her objections and right to seek reconsideration or appellate review. Dkt. 276 grants judgment against Ms. Weaver on Counts I and IV and addresses Count III as a claim against her. The detailed Count V ruling grants judgment against Mr. Havel. Ms. Weaver requests clarification of the defendant-specific effect of Dkt. 276, particularly whether any Count V claim or remedy remains against her.

## 2. DAMAGES AND REMEDIES

Ms. Weaver disputes unsupported actual damages, lost licensing revenue or sales, willfulness, enhanced or maximum statutory damages, profits not attributable to her conduct, broad injunction or destruction relief, and attorney fees or costs not authorized by law.

Before damages proceedings, Plaintiff should identify for each defendant the specific work, particular act, infringement period, damages theory and amount, and supporting evidence.

**Count I—Audio**. The record contains disputes concerning archive completeness, unavailable tapes, and the absence of a complete master-copy list. Damages should therefore be tied work-by-work to the registered work, deposit, asserted chain of title, and Defendant's particular conduct. TELAH_000045 is relevant to notice, prior non-enforcement, and willfulness; Ms. Weaver does not contend that it created an express license to every work.

**Count III—Book**. The Book and the Group's Heaven's Gate website displayed a reproduction notice permitting reproduction of the Book or portions thereof if the content remained unchanged and the reproduction was noncommercial. Exhibit 17 reproduces that notice. Ms. Weaver relied on it in good faith when she participated in pre-suit, noncommercial recordings of portions of the Book and ceased the challenged activity after Plaintiff commenced this action. The notice is relevant to authorization, scope of any license, willfulness, and damages. Ms. Weaver proposes targeted discovery concerning the notice, the Book versions, and Plaintiff's asserted scope of rights.

**Count IV—C.B.E**. The probate Statement of Decision addressed the C.B.E. painting and found no evidence that intellectual-property rights in the physical painting had been transferred to the petitioners. Plaintiff's discovery responses identify David Cabot Van Sinderen as creator of the older-member artwork. The image had been publicly disseminated before suit, including through Right to Know/Rkkody and the Group's website; T-shirt use stopped after litigation began. This bears on notice, willfulness, damages, and equitable relief.

Ms. Weaver's bankruptcy discharge may affect monetary relief personally recoverable for pre-bankruptcy debts. She does not contend that discharge resolves the claims or bars post-discharge conduct though Plaintiff manufactured evidence of post-discharge conduct.

**3. REMAINING CLAIMS**

To the extent Counts II, VI, VII, or any other claim remains pending after Dkt. 276, Ms. Weaver requests identification of the remaining claims and a limited schedule for discovery or dispositive motions. Her Answer preserves her defenses.

**4. COUNTERCLAIM AND NEXT STEPS**

Ms. Weaver's counterclaim remains preserved. She addresses only her own counterclaim and does not assert or speak for any counterclaim belonging to another defendant.

Ms. Weaver proposes: (1) clarify the defendant-specific scope of Dkt. 276; (2) address the Rule 54(b) issues; (3) require work-specific damages and remedies statements; (4) permit targeted discovery; (5) set deadlines for remaining claims and counterclaims; and (6) thereafter set the remaining dispositive-motion, pretrial, and trial schedule.

Respectfully submitted,

CATHY JOANN WEAVER

Defendant, pro se

cw

Date: September 15 2026

9-15-2026

Cathy Weaver