UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

THE EVOLUTIONARY LEVEL ABOVE HUMAN FOUNDATION D/B/A THE TELAH FOUNDATION,

Plaintiff,

v.

STEPHEN ROBERT HAVEL, CATHY JOANN WEAVER, AND JASON BARTEL

Defendants.

CAUSE NO. 3:22cv395 DRL-SJF

RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS FOR RECONSIDERATION AND/OR FOR LEAVE TO FILE SAME

Plaintiff, The Evolutionary Level Above Human Foundation d/b/a The Telah Foundation ("TELAH"), submits this omnibus response opposing: (1) Defendant Jason Bartel's Motion for Leave to File a Motion for Reconsideration [DE 279] and attached proposed Motion for Reconsideration [DE 279-2]; (2) Defendant Stephen Robert Havel's Motion to Reconsider and Revise the August 26, 2026 Summary Judgment Order [DE 284]; and (3) Defendant Cathy JoAnn Weaver's Motion to Reconsider and Revise the August 26, 2026 Summary Judgment Order [DE 285].

## I. INTRODUCTION

The Court's August 26, 2026 Opinion and Order [DE 276] granted TELAH partial summary judgment as to copyright ownership and Defendants' liability on Counts I, III, IV, and V. The Court reached that decision after reviewing the parties' submissions, the copyright registrations, the California probate materials, the court-approved settlement, and the evidence concerning each Defendant's conduct. *Id.* The Court also considered, and rejected, the same ownership, chain-of-title, work-identification, archive-completeness, authorization, dissemination, and corporate-identity arguments that Defendants now present again.

The pending filings identify no intervening change in controlling law. They present no newly discovered evidence that could not, through reasonable diligence, have been submitted during summary-judgment briefing. And, they establish no manifest error in the Court's analysis. Instead, the motions repackage arguments the Court already decided, add arguments and exhibits that could have been presented earlier, and seek clarification on matters the Order either resolved expressly or left expressly for later proceedings.

Rule 54(b) gives the Court discretion to revise an order, but it does not entitle a disappointed party to a second round of summary-judgment briefing. Defendants were required to present their evidence and arguments when TELAH's motion was pending. Their *pro se* status does not excuse that obligation. All three requests should be denied.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

TELAH moved for partial summary judgment as to liability on Count I against all Defendants, Count III against Ms. Weaver, Count IV against Mr. Havel and Ms. Weaver, and Count V against Mr. Havel. Each Defendant received notice of the summary-judgment requirements, and each filed a response. The Court nevertheless found that Defendants' responses failed to comply with Local Rule 56-1 because they relied on narrative disputes, broad exhibit lists, unsupported assertions, and legal argument rather than properly supported responses to TELAH's statement of material facts.

The Court addressed copyright ownership in detail. It considered Defendants' arguments concerning TELAH's corporate and assumed names, the California probate proceedings, the scope of the probate settlement, chain of title, the absence of written assignments, registration and deposit materials, missing tapes, tape logs, metadata, archive completeness, and prior circulation of the works. It held that the registration evidence established prima facie validity and that Defendants' generalized assertions

concerning logs, numbering, metadata, and deposit descriptions did not identify inaccuracies that undermined ownership of the registered works.[1]

The Court also held that the intellectual property passed through the California probate proceedings and then to TELAH through the Public Administrator's court-approved settlement. *Id* at 13. It rejected Mr. Bartel's challenge based on TELAH's assumed and corporate names, observing that he had already raised those arguments and that the Court had already ruled on them. *Id.* It likewise rejected Defendants' reliance on prior dissemination because possession or circulation of copies did not authorize later reproduction, performance, or distribution. *Id.* at 15.

Turning to infringement, the Court found that Mr. Bartel did not dispute uploading and reuploading the audio works or encouraging others to download them, but instead relied on his rejected ownership arguments. *Id.* at 24. The Court found that the record identified the specific audio tapes Mr. Havel played and that he did not meaningfully dispute his conduct. *Id.* It further found that Ms. Weaver admitted participating in broadcasts and encouraging downloads and that her arguments concerning intent, ownership, and prior dissemination did not defeat liability. *Id.*

On Count III, the Court found that Ms. Weaver admitted recording chapters of the literary work. *Id.* at 18. It rejected her public-domain and fair-use positions because public availability did not relinquish TELAH's exclusive rights and because she presented no support satisfying her burden on fair

---

[1] *See e.g.*, Order at 12, wherein the Court held:

> No defendant disputes the registrations as true and accurate copies. See *Wildlife Express Corp.*, 18 F.3d at 507. Mr. Havel and Ms. Weaver point generally to alleged discrepancies in tape logs, tape numbering, metadata, or deposit descriptions, but none of these arguments establishes that any inaccurate information was contained on the application for copyright registration, nor do Mr. Havel or Ms. Weaver explain how these disputes undermine ownership of the specific registered works. *See* 17 U.S.C. § 411(b); *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 595 U.S. 178, 186-87 (2022) (certificate of registration valid even though it contains inaccurate information so long as copyright holder didn't know of inaccuracies). Such generalized disputes about logging inconsistencies aren't enough to defeat summary judgment, as they don't affect the outcome under the applicable law. *See Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 248 (1986).

use. On Count IV, the Court held that Mr. Havel and Ms. Weaver failed to present evidence disputing their use of the C.B.E. visual work or showing authorization. *Id.* 21-22. On Count V, the Court found that Mr. Havel knowingly and materially contributed to Mr. Bartel's infringement by providing the audio works, coordinating their online distribution, and encouraging downloads. *Id.* at 24.

The Court therefore granted TELAH partial summary judgment as to ownership and liability on Counts I, III, IV, and V, while leaving damages, other remedies, unresolved counts, and Defendants' counterclaims for further proceedings. *Id*. at 42.

Defendants now seek reconsideration. Mr. Bartel relies expressly on probate records that, according to his proposed motion, have been on the docket since 2022. Mr. Havel and Ms. Weaver again invoke the disputed tape logs, missing recordings, archive completeness, probate materials, prior dissemination, and registration scope already addressed in the Order. They also present additional theories and materials concerning reproduction notices, different versions of the literary work, historical artwork, prior communications, video packaging, and a separate settlement agreement.

## **III. LEGAL STANDARD**

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (citations omitted); *see Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008); *Publishers Res. Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (citation omitted). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). And a motion to reconsider is not "an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse*, 90 F.3d at 1270 (citations omitted); *see also Azania v. Goodwill Indus.*, No. 2:24-CV-264-TLS, 2026 U.S. Dist. LEXIS 124767, at *4-5 (N.D. Ind.

June 5, 2026). Reconsideration may not be used to introduce evidence or legal theories that could have been presented earlier or to rehash arguments the Court has rejected. *Caisse*, 90 F.3d at 1269.

Nor may reconsideration be used to repair a party's earlier procedural failures or advance arguments and evidence that could and should have been presented before the challenged ruling. *Bordelon v. Chi. Sch. Reform Bd. of Trs*., 233 F.3d 524, 529 (7th Cir. 2000) (quoting *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013)). A party relying on purportedly new evidence must show both that the evidence was previously unknown and that reasonable diligence would not have uncovered and produced it while the original motion was pending. *Caisse*, 90 F.3d at 1269-70. Reconsideration is not an opportunity for a "second bite" at arguments that should have been raised earlier. *Solis v. Current Dev. Corp*., 557 F.3d 772, 780 (7th Cir. 2009).

## IV. ARGUMENT

### A. Defendants' Motions Improperly Repackage Arguments the Court Already Considered and Rejected.

The central premise of all three motions is that the Court failed to appreciate disputes concerning ownership, chain of title, registration scope, identification of individual recordings, archive completeness, and historical dissemination. But those issues were not overlooked. They were the central subjects of the summary-judgment briefing and the Court's decision.

The Court expressly catalogued Defendants' ownership arguments, including their assertions concerning the probate materials, written assignments, TELAH's corporate identity, registrations, deposit materials, logs, metadata, missing tapes, and chain of title. It then explained why those assertions did not create a material factual dispute: the registrations supported validity; the generalized archive disputes did not undermine ownership of the specific registered works; the probate settlement transferred the intellectual property to TELAH; and circulation of copies did not transfer or authorize exercise of TELAH's exclusive rights.

Mr. Havel and Ms. Weaver now characterize the same archive and tape-number arguments as a narrower particular-work identification issue. Changing the label does not make the argument new. The Court already found that TELAH identified the specific tapes Mr. Havel played and that neither Mr. Havel nor Ms. Weaver connected the alleged log discrepancies to a material dispute concerning their use of the registered works. A motion to reconsider cannot be used merely to recast or clarify arguments already presented and considered. *Atchley v. Heritage Cable Vision Assocs*., 926 F. Supp. 1381, 1384 (N.D. Ind. 1996).

The same defect applies to the renewed Count IV arguments. Defendants again dispute the provenance and chain of title of the C.B.E. work and rely on prior dissemination of the image. The Order already resolved ownership, rejected the proposition that prior circulation authorized later copying, and found no evidence that TELAH authorized Defendants' use. Reconsideration is not an appropriate vehicle for relitigating issues previously resolved on summary judgment. "A motion to reconsider is not designed to relitigate issues previously decided on summary judgment." *Caraker v. Sandoz Pharm. Corp.*, 172 F. Supp. 2d 1018, 1024 (S.D. Ill. 2001) (*citing Caisse*, 90 F.3d at 1269-70).

Mr. Bartel's proposed motion is even more direct. He again argues that the probate settlement did not convey TELAH's registered works, that TELAH lacks ownership, and that variations in TELAH's name or the description of the California proceedings defeat TELAH's claims. The Court already considered the probate materials, held that the court-approved settlement transferred the intellectual property to TELAH, and rejected Mr. Bartel's repeated corporate-name arguments. His disagreement with those conclusions does not establish manifest error.

B. Arguments and Evidence Available During Summary-Judgment Briefing Cannot Be Raised for the First Time Now.

To the extent Defendants offer theories or materials not previously presented, those matters fare no better. A party opposing summary judgment must present its available arguments and evidence while

the motion is pending. Belated factual or legal attacks, including new theories that could have been offered earlier, are not proper grounds for reconsideration. *Caisse*, 90 F.3d at 1269-70.

Mr. Bartel acknowledges that the probate records supporting his proposed motion have been in the docket since 2022. [Dkt. 279-2 at 1.] Evidence available for years is not newly discovered evidence, and he offers no explanation why his current chronological impossibility, unadministered-assets, or fraud theories could not have been developed in his summary-judgment response. A reconsideration motion cannot be used to undo the movant's failure to present an available argument or supporting evidence before the ruling. *Cincinnati Life Ins*., 722 F.3d at 954 (7th Cir. 2013); *Bordelon*, 233 F.3d at 529 (7th Cir. 2000).

Mr. Havel and Ms. Weaver likewise rely on historical materials and communications that necessarily predate the summary-judgment ruling: alleged reproduction notices, earlier versions of the literary work, decades-old artwork and registrations, 2021 communications, a 1992 video jacket, and the 1999 settlement documents. Neither motion establishes that these materials were discovered only after August 26, 2026, much less that reasonable diligence could not have uncovered and presented them earlier. Evidence that could have been submitted during the summary-judgment proceedings cannot support reconsideration. *Oto*, 224 F.3d at 606.

The Court had already instructed the parties that summary judgment required properly supported facts and record citations, and it supplied Defendants with the applicable notice and local rule. Likewise, the Defendants were aware that any and all arguments they had were required to be presented in the summary judgment briefing. *See* [276 at 1-2] ("Each defendant was provided with a notice consistent with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982), and provided a copy of th[e] local rule."). Their failure to present a properly developed record then does not entitle them to reopen summary judgment now.

C. Defendants Identify No Manifest Error, Intervening Change in Law, or Newly Discovered Evidence.

The motions identify no intervening controlling authority issued after the Order. Nor do they show that the Court disregarded or misapplied controlling precedent. They instead argue that the Court should draw different conclusions from the same probate documents, registrations, tape records, and history.

That is insufficient. A manifest error is not established merely because a losing party objects to the result or reasserts its preferred interpretation of the record. *Oto*, 224 F.3d at 606. Courts ordinarily depart from an earlier decision only for good reason or unusual circumstances, such as substantial new evidence, an intervening change in law, or clear error producing manifest injustice. *Solis*, 557 F.3d at 780 ("Motions to reconsider are granted for "compelling reasons," such as a change in the law which reveals that an earlier ruling was erroneous, *id*., not for addressing arguments that a party should have raised earlier.") None is present here.

Mr. Bartel's assertion that TELAH committed "fraud on the Court" does not alter this conclusion. To the contrary, it is more evidence supporting this Court's decision to sanction Mr. Bartel. Mr. Bartel has been baselessly accusing TELAH and TELAH's counsel of "fraud" for years now and publicly posting that undersigned counsel is a "scumbag."[2] Facts which this Court pointed to as part of its decision to award sanctions against Mr. Bartel:

> [Mr. Bartel's] filings this time even implicated TELAH's counsel, for example by stating that counsel "aided and abetted" TELAH's corporate directors in a "fraudulent scheme to obscure the identity of [TELAH] from this Court and the Defendants" [228].

[2] Last week's online missive threatened that the TELAH foundation had celebrated its "last" birthday and asserted that they had "hired their last scumbag lawyer." (Available at: https://crlody2.wordpress.com/2026/09/23/happy-birthday-to-the-evolutionary-level-above-human-foundation-inc-it-will-be-the-last-one/ (last accessed September 28, 2026)). Mr. Bartel also took the opportunity on September 22, 2026 to **continue to advertise and direct people to download online copies of Plaintiff's copyrighted materials** despite this Court's ruling. (*See* https://crlody2.wordpress.com/2026/09/22/the-only-thing-that-matters-is-what-ti-and-do-had-to-say/ (advertising a link to a torrented copy of Plaintiff's audio tapes) (last accessed September 28, 2026)).

[276 at 39.] Thus, it is clear that despite being sanctioned, Mr. Bartel continues to baselessly malign Plaintiff and its attorneys in his online postings and court filings.

Mr. Havel's and Ms. Weaver's repeated characterization of the record as "undifferentiated" similarly disregards the Court's work-specific findings. The Order identified the registrations at issue, addressed the specific works underlying each count, and connected the liability determinations to each Defendant's conduct. Defendants may disagree with those findings, but disagreement is not a basis for reconsideration.

D. <u>The Requests Concerning Unresolved Claims and Remedies Do Not Justify Revising the Liability Rulings.</u>

Several portions of the motions seek "clarification" concerning matters the Order did not decide. Mr. Havel asks the Court to clarify that Count II remains unresolved. The Order already does so: it grants partial summary judgment only on Counts I, III, IV, and V and directs further proceedings regarding unresolved counts. There is no Count II ruling to reconsider.

Mr. Havel also asks the Court to reconsider or clarify Count III, but the Court granted summary judgment on Count III only against Ms. Weaver, not Mr. Havel. He therefore identifies no Count III liability determination against him requiring revision.

Both Mr. Havel and Ms. Weaver devote substantial portions of their motions to willfulness, enhanced damages, attorney fees, injunctive relief, and other remedies. But the Order decided liability and expressly reserved damages and remedies for later proceedings. Arguments directed only to the amount or scope of relief do not establish an error in the liability ruling. They may be addressed, to the extent otherwise proper, in the proceedings the Court has already ordered.

E. <u>Defendants' Pro Se Status Does Not Lower the Governing Standard.</u>

The Court should construe Defendants' filings liberally, but as this Court has already held *pro se* status does not excuse compliance with procedural rules. [276 at 10]; *McCurry v. Kenco Logistics Servs.*,

LLC, 942 F.3d 783, 787 (7th Cir. 2019); *see Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993) (noting that the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.")). That principle has particular force here because the Court supplied Defendants with notice of the summary-judgment requirements and repeatedly explained the need for properly supported factual submissions.

The Court also considered Defendants' summary-judgment arguments despite their procedural deficiencies. It did not enter judgment merely because their responses were defective; it examined ownership, each asserted count, and the evidence concerning each Defendant's conduct. Defendants' *pro se* status does not now entitle them to supplement that record or brief the same issues again.

F. <u>Mr. Bartel's Motion for Leave Should Be Denied Because the Proposed Motion Does Not Present a Proper Basis for Reconsideration.</u>

Mr. Bartel requests leave to file his proposed reconsideration motion based on probate materials already in the docket and arguments derived from those materials. The proposed motion confirms that its evidence has been available throughout the litigation and that its central purpose is to relitigate TELAH's ownership and chain of title. Because the proposed motion merely repeats rejected positions and advances theories that could have been presented during summary-judgment briefing, granting leave would serve no proper reconsideration function. The Court should deny both the request for leave [DE 279] and, to the extent considered, the proposed motion [DE 279-2].

## V. <u>CONCLUSION</u>

For these reasons, Plaintiff respectfully requests that the Court:

A. DENY Defendant Jason Bartel's Motion for Leave to File a Motion for Reconsideration [DE 279];

B. DENY, to the extent the Court considers it, Defendant Bartel's proposed Motion for Reconsideration [DE 279-2];

C. DENY Defendant Stephen Robert Havel's Motion to Reconsider and Revise the August 26, 2026 Order [DE 284]; and

D. DENY Defendant Cathy JoAnn Weaver's Motion to Reconsider and Revise the August 26, 2026 Order [DE 285].

Respectfully Submitted September 28, 2026,

*/s/ Isaac S. Crum*

Isaac S. Crum
Crum IP, LLC
111 E. Dunlap Ave.
Ste. 1-258
Phoenix, AZ 85020
isaac@crumip.com
(602) 888-3383

CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of September 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the filing to the parties listed below. A copy of this filing was also sent via U.S. mail and email.

Cathy Weaver
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

Jason Bartel
N4019 Forest Drive
Hancock, WI 54943
jason_bartel@unioncab.com

Steven Robert Havel
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

*/s/ Isaac S. Crum*