UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

THE EVOLUTIONARY LEVEL ABOVE HUMAN FOUNDATION D/B/A THE TELAH FOUNDATION,

Plaintiff,

v.

STEPHEN ROBERT HAVEL, CATHY JOANN WEAVER, AND JASON BARTEL

Defendants.

CAUSE NO. 3:22cv395 DRL-SJF

PLAINTIFF'S ANSWER TO DEFENDANT CATHY WEAVER'S COUNTERCLAIMS

Plaintiff, The Evolutionary Level Above Human Foundation, d/b/a The TELAH Foundation ("TELAH"), by counsel, answers the Counterclaim filed by Defendant Cathy JoAnn Weaver ("Weaver") [DE 286] as follows. Any allegation not expressly admitted is denied.

## I. PRELIMINARY STATEMENT

1. On August 26, 2026, the Court granted partial summary judgment in TELAH's favor as to copyright ownership and Weaver's liability under Counts I, III, and IV of TELAH's First Amended Complaint.

2. The Court determined, among other matters, that TELAH owns the intellectual property at issue, including the registered Audio Works, Literary Work, and Visual Work; that prior possession or public circulation of copies did not transfer TELAH's exclusive rights; and that Weaver's challenges to ownership did not create a genuine dispute of material fact.

3. Weaver's Counterclaim seeks declarations concerning issues that the Court has already decided against her. TELAH denies that Weaver is entitled to relitigate those issues or obtain any of the relief requested in the Counterclaim.

4. Plaintiff responds more fully to the statements made in Ms. Weaver's counterclaim beginning on Page 62 of her Answer [DE 286] as follows:

## II. RESPONSES TO COUNTERCLAIM ALLEGATIONS

5. In response to the unnumbered introductory paragraph preceding paragraph 1, TELAH admits that Weaver purports to assert the Counterclaim in her individual capacity and purports not to assert any claim belonging to another person. TELAH denies that Weaver has stated a claim entitling her to relief.

6. In response to paragraph 1, TELAH admits that the Heaven's Gate group created certain works and that TELAH asserts exclusive rights in the intellectual property at issue in this action. TELAH further admits that Weaver seeks declaratory relief concerning the scope and enforceability of TELAH's rights as applied to her. TELAH denies any allegation suggesting that the relevant history defeats, limits, or renders unenforceable TELAH's rights. TELAH further denies that Weaver is entitled to the requested declaration.

7. In response to paragraph 2, TELAH admits only that Weaver purports to seek relief relating to the intellectual property at issue in this action. TELAH denies the remaining allegations and denies that Weaver is entitled to any relief.

8. In response to paragraph 3, TELAH admits only those allegations consistent with the Court's August 26, 2026 Opinion and Order and admits that an early version of the literary work had the copyright notice shown in Exhibit 17, TELAH otherwise denies the allegations. TELAH specifically

denies that Ms. Weaver was ever granted any rights to make any derivative works based on any of TELAH's or the Group's intellectual property. Plaintiff denies, and Ms. Weaver has provided zero evidence, that anyone ever conveyed to her any rights to create a derivative work in the form of an audio book.

9. In response to paragraph 4, TELAH admits only those allegations consistent with the Court's August 26, 2026 Opinion and Order and otherwise denies the allegations. TELAH denies that Weaver is entitled to relitigate issues already resolved on summary judgment.

10. In response to paragraph 5, TELAH admits only those allegations consistent with the Court's August 26, 2026 Opinion and Order and otherwise denies the allegations. TELAH denies that Weaver is entitled to relitigate issues already resolved on summary judgment.

11. In response to paragraph 6, TELAH admits only those allegations consistent with the Court's August 26, 2026 Opinion and Order and otherwise denies the allegations. TELAH denies that Ms. Weaver is entitled to any relief under the Lanham Act.

12. In response to paragraph 7, TELAH admits that Weaver seeks declaratory relief concerning the scope, ownership, validity, and enforceability of TELAH's asserted copyright and trademark rights as applied to her conduct and the works at issue. TELAH further admits that Weaver states that she does not seek to represent any other defendant. TELAH denies that Weaver is entitled to declaratory relief and denies any allegation challenging TELAH's ownership of, or rights in, the intellectual property at issue. TELAH denies that Weaver is entitled to relitigate issues already resolved on summary judgment.

## III. RESPONSE TO PRAYER FOR RELIEF

13. TELAH denies that Weaver is entitled to declaratory relief concerning the scope, ownership, validity, or enforceability of TELAH's intellectual-property rights.

14. TELAH denies that Weaver is entitled to cancellation of any trademark registration or any other relief relating to TELAH's trademarks.

15. TELAH denies that Weaver is entitled to a declaration authorizing her to reproduce, distribute, publicly perform, display, adapt, or otherwise use TELAH's intellectual property without TELAH's authorization.

16. TELAH denies that Weaver is entitled to attorney's fees, damages, interest, costs, or any other relief requested in the Counterclaim.

17. TELAH denies every remaining allegation and request for relief not expressly admitted above.

## IV. AFFIRMATIVE DEFENSES

18. Without assuming any burden that applicable law places on Weaver, TELAH asserts the following defenses:

### First Affirmative Defense

### Failure to State a Claim

19. The Counterclaim fails to allege sufficient facts establishing that Weaver is entitled to declaratory, cancellation, monetary, or other relief.

Second Affirmative Defense

Prior Adjudication

20. The Counterclaim is barred, in whole or in part, because the Court's August 26, 2026 Opinion and Order resolved TELAH's ownership of the intellectual property at issue and Weaver's liability for infringement under Counts I, III, and IV.

21. Weaver may not use the Counterclaim to relitigate issues conclusively resolved by the Court's summary-judgment ruling.

Third Affirmative Defense

Law of the Case

22. The Counterclaim is barred, in whole or in part, by the law-of-the-case doctrine because it challenges determinations made in the Court's August 26, 2026 Opinion and Order, including TELAH's ownership of the intellectual property at issue.

Fourth Affirmative Defense

No Independent Basis for Declaratory Relief

23. The Counterclaim does not identify an unresolved legal controversy supporting the declarations Weaver requests. To the extent it merely restates Weaver's denials and defenses to TELAH's claims, it is duplicative and provides no independent basis for relief.

Fifth Affirmative Defense

No Basis for Trademark Cancellation

24. The Counterclaim does not identify with sufficient particularity the trademark registration Weaver seeks to cancel or allege facts establishing a legally sufficient basis for cancellation.

25. Weaver's generalized disagreement with TELAH's ownership and enforcement of its trademarks does not establish her entitlement to cancellation or other relief concerning any registration.

Sixth Affirmative Defense

No Entitlement to Damages or Attorney's Fees

26. Weaver has not alleged facts establishing that TELAH engaged in actionable conduct causing her legally recoverable damages.

27. Weaver has not alleged facts establishing any basis for an award of attorney's fees, interest, or costs against TELAH.

Seventh Affirmative Defense

Declaratory Relief Would Serve No Proper Purpose

28. The requested declarations would not resolve an unresolved controversy because the Court has already determined TELAH's ownership of the copyrighted works addressed in its summary-judgment ruling and Weaver's liability for infringement under Counts I, III, and IV.

29. To the extent the Counterclaim seeks an advisory declaration concerning unspecified intellectual property, unspecified conduct, or hypothetical future activity, the requested relief is unavailable.

## V. PRAYER FOR RELIEF

WHEREFORE, TELAH respectfully requests that the Court:

1. Enter judgment in TELAH's favor and against Weaver on the Counterclaim;
2. Dismiss the Counterclaim with prejudice;
3. Deny Weaver's requests for declaratory relief, trademark cancellation, damages, attorney's fees, interest, costs, and all other relief;
4. Award TELAH its recoverable costs; and
5. Grant such other relief as the Court deems just and proper.

Respectfully submitted this 5th day of October 2026,

*/s/ Isaac S. Crum*

Isaac S. Crum
Crum IP, LLC
111 E. Dunlap Ave.
Ste. 1-258
Phoenix, AZ 85020
isaac@crumip.com
(602) 888-3383

*Attorney for The Evolutionary Level Above Human Foundation, d/b/a The TELAH Foundation*

CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of October 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the filing to the parties listed below. A copy of this filing was also sent via U.S. mail and email.

Cathy Weaver
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

Jason Bartel
N4019 Forest Drive
Hancock, WI 54943
jason_bartel@unioncab.com

Stephen Robert Havel
5776 Grape Road, Ste 51
PMB #121
Mishawaka, IN 46545
sawcat575@gmail.com

*/s/ Isaac S. Crum*